Retaliation ████    _B_    Exhibit (B)/BP-9    Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: PURKEY    Wesley    I.    Reg. No. #14679-045
Unit:

SCU    October 27th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:** This seeks redress for the retaliation being taken against me by CO ████ on third shift. On this date, October 27th, 2009 at approximately 6:45 I was escorted to medical on the SCU for a blood draw by the third shift OIC ████ (misspelled) when being escorted back to my cell I asked him if he could please talk with CO ████ about the continuing incidents at night of shining and holding his flashlight in my face waking me up four or five times a night. We were walking out of the hallway into the officer area where CO ████ was operating the Lower A Range celldoor box. He immediately hollered out, "is your sissy ass still crying about

Continued Next Page

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.    **State what actions you have made to informally resolve your complaint:** Warden ████, Case Worker ████ on numerous occasions, including the filing of different administrative grievances regarding such.

3.    **State what resolution you expect:** _____

Inmate's Signature: _____    Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** _____

Counselor' Signature: _____    Date:
Unit Manager's Review: _____    Date:
Informally Resolved: _____    Date:

|  | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE |  |  |  |  |
| TIME |  |  |  |  |
| COUNSELOR |  |  |  |  |

GR000117

Ex_14-000941

Wesley I. Purkey #14679-045                               BP - 8 Continued
October 27th, 2009                                        Retaliation/███████

that bull shit. You need to fucking grow up you are nothing but a bitch." When I told ███████ that he needed to stop waking me up - shining that flashlight in my face and holding it there four or five times a night he continued to curse me, telling me that I am nothing but a sissy bitch and needed to stop filing those fucking grievances that I could stick up my ass.  When I showed my aggravation over him cursing me he hollered out that I am writing your ass up now.

In the past, including October 26th, 2009 I filed Informal Resolution(s) seeking redress for CO ███████s absuive actions toward me including the tearing up and destroying of my personal pictures of my deceased grand-son, as well as for the continuing harassment in the past several weeks seen rotation of waking me up everynight that he works by shining his flashlight in my eyes and holding it there until I wake up which causes not only sleep deprivation, but severe headackes and anxiety as well. He has and continues to harass me everynight that he works by these tactics, as well as taunting me and provoking me by telling me through my cell door at night that I don't give a fuck about your grievances - I will kick your ass and etc. I have let all that immature crap roll off my back being aware of who ███████ is, but now his retaliatory tactics has reached a point of causing me disciplinary sanctions and acute anxiety, stress and sleep deprivation...

<u>End Of Extra Page BP - 8</u>

Ex_14-000942

Amended Grievance Targeted Retaliatory Shakedown/v/

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Purkey  Wesley I.          Reg. No.  #14679-045
Unit:

SCU                                              September 26th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:** This is in redress of the September 23rd., 2009 targeted retaliatory shake-down and taking of my personal property without due processes owed to me under applicable law and BOP Policy.  I filed an initial grievance regarding the retaliatory shakedown following this incident; September 23rd., 2009, this instant remedy seeks to amend that initial informal resolution with materials collateral and directly relating to such which perspicuously relates to the allegations of the targeted and retaliatory shakedown by OIC [redacted] and C.O. [redacted]  The facts presented through the initial informal resolution will not be reiterated herein as that particular incident is not being grieved herein with exception to the new facts developed since the initial filing

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be     Continued returned with the response to the BP-229(13) responses.))
                                                                          Next Page

2.    **State what actions you have made to informally resolve your complaint:** Discussed the targeted shakedown and taking of property without any processed due to afforded with Case Manager [redacted] who called me a liar regarding my claims presented to him through the initial grievance and told me "now file on that." Spoke with Acting Unit Manager [redacted] who claimed that staff can confiscate property at will and then an inmate is required

3.    **State what resolution you expect:** to file a tort claim because that is their only redress.

Pursuant to 42 U.S.C. § 1997e(a) I must avail myself of all available admin. Remedies prior to seeking redress through the courts.

Inmate's Signature: _____          Date: _____

Correctional Counselor's Comments (Steps to Resolve): _____

_____

Counselor' Signature: _____          Date: _____
Unit Manager's Review: _____          Date: _____
Informally Resolved: _____          Date: _____

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | | | | |
| TIME | | | | |
| COUNSELOR | | | | |

GR000085

Ex_14-000943

<u>Amended Informal Resolution</u>

Wesley I. Purkey #14679-045
September 26th, 2009

BP - 8 Continued/Retaliatory Shakedown/
<u>Taking Personal Property/</u>

1. On the evening of September 25th, 2009 at approximately 3:40 I received evening <u>ice from</u> Officer █████ who at that time handed me my laundry bags. Pressing them through my door slot CO █████ told me, "make sure I don't break something." When I asked him if that was some form of sarcasm about tearing up my cell which I filed a grievance on he told me, "I didn't break your glasses." When I told him that I found my glasses broken lying in my locker that night and if he didn't break them then whoever was with him during the shakedown must of. And I followed up telling him that the shakedown was targeted and retaliatory for the grievance I had submitted to OIC █████ previously that evening. (That grievance is attached hereto and marked as <u>Special Exhibit(A))</u>.

2. At that time officer █████ told me that the shakedown was not retaliatory that it was just a random shakedown. I told CO █████ that the shakedown was retaliatory, as he had been harassing me during the entire legal consult I had with █████ that night and that the shakedown was a direct result of the grievance I filed against Warden Marberry which named OIC █████ as being collateral to the premise of that grievance. █████ again reiterated that the shakedown was not retaliatory, but random. After he again tried to persuade me that the shakedown was not retaliatory I asked him how many of the other four inmates who also had legal consult that same night did he subject to shakedowns and taking of any of their property or otherwise. His reticence to answer spoke volumes within itself.

3. Further' I told CO █████ that he had absolutely no right to confiscate my personal property without providing me with a confiscation slip listing what property was taken. In fact I told him that this was BOP Policy and did not make where the shakedown took place it is mandatory, not discretionary. He responded telling me that the items he took were classified as inconsequential and that he was not required under policy to provide me with a confiscation slip for such. So in other words I told him then you can confiscate whatever property you want from an inmate and then justify it by claiming that it falls into such classification. He did not respond.

4. Returning back on the range a short time later I showed Office █████ the Dick Blick Catalog that I had ordered the rolls of tape that he had confiscated from me. In fact I showed him the exact page and pictures of the tape(s) and then receipted order form for the book tape I had received which is an expensive tape for binding backs of books. He sighed and told me that, "yeah you are right, I did not know whjat you guys (death row) was allowed to order that stuff. I see about getting your stuff back." When I advised him that all he had to do that night was ask me about the source of the numerous items taken I would of been more than happy to of provided receipts for such and/or sufficient letigimate explanations. In fact I told CO █████ that taht was the purpose of the BOP Policy to appropriately handle these types of situations. As I told him that if he had afforded me with a confiscation slip for the items taken then we would not be having this conversation and I could of presented receipts for the items and the items would of been returned to me thereafter under applicable policies promulgation. Officer █████ had nothing else to say after that.

5. Officers █████ and █████ s duties are clearly established by virtue of the Bureau of Prisons regulations and policies which they were legally obligated to perform and comply with in both performing a random shakedown in-lieu of a targeted retaliatory shakedown and the retaliatory taking of my personal without providing me with due process owed to me under those regulations and policies, as well as well established law. See Alexander v. Perrill, 916 F.2d 1392, 1398 (9th Cir. 1990). Both the shakedown and taking of my property were not performed under applicable BOP Policy and/or law, and were targeted and retaliatory for me execising redress through the administrative processes for alleged other retaliatory actions taken against me by Warden Marberry which included acts of a cover-up by OIC █████.

<u>Declaration Under Penalty of Perjury</u>

The undersigned Wesley I. Purkey declares under pains of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of his knowledge and beliefs.

*Wesley I. Purkey/Deponent*
United States Penitentiary
Terre Haute, IN 47808

<u>End Of Extra Page BP - 8</u>

Attachment 1
THX-1330.13J

# FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Purkey Wesley _____ Reg. No. #14679-045 _____
Unit: _____

SCU                                    September 25th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.  **State your complaint:** This is in redress of Case Worker ███████'s complicity in the retaliatory actions being taken against me by OIC ███████ and other second shift personnel which have been delineated and enunicated through other grievances. This date when I tried to no avail to discuss with ███████ the shake-down policy he told me that the new crew who just started working up here since rotation was not aware that they were required to comply with BOP Policy regarding shakedowns. I went on to clarify my question by asking him, "When OIC ███████ ███████ and the red headed officer shook my cell down while I was at a legal consult with Inmate ███████
Continued Next Page

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.  **State what actions you have made to informally resolve your complaint:** Spoke with Warden ███████ September 23rd., 2009 to no avail. Of course have tried to resolve this issue with applicable unt administrative officials as described herein who have and are taking affirmative steps to cover-up the retaliatory actions and nature of September 23rd targeted and retaliaory cell shakedown and confiscation of my property by ███████ ███████ nd the red headed thing.

3.  **State what resolution you expect:** As ███████ told me, "file on that." There is no resolution, because he is, as is ███████ taking active steps to cover-up the retaliation of the shakedown and taking of my property....

Inmate's Signature: _____          Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** _____

_____

Counselor' Signature: _____     Date: ____
Unit Manager's Review: _____     Date: ____
Informally Resolved: _____     Date: ____

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | | | | |
| TIME | | | | |
| COUNSELOR | | | | |

GR000100

Ex_14-000945

Wesley I. Purkey #14679-045
September 25th, 2009

BP - 8 continued
Retaliatory Actions/ █████

on Wednesday Night, September 23rd and confiscated numerous items of my personal property, broke my glasses and destoryed several of my personal pictures if they were required to leave me a shakedown slip or not as mandated by BOP Policy?" Really he said they can shake your cell down anytime they want and take whatever they deem contraband. He continued to evade the question even when I asked him if he was aware of the applicable BOP Policy on shakedown particularly since it is fundamental not some obscured policy that is not often utilized. █████ continued to hem-haw around without providing me with a direct response and after I persisted to ask him if OIC █████ and his crew were required to provide me or any other inmate with a confiscation slip when they take personal items from my cell during shakedowns, and I then named the items that were taken during the September 23rd shakedown he became enraged and with the entire range listening screamed at me, "no one fucking believes a word you say, we can shake your cell down whenever we want and take whatever we want as well. Now write that up," he told me as he stormed off the range.

Shortly thereafter acting Unit Manager █████ came on the range and I discussed this same matter with him regarding both the taking of my personal property during the mSeptember 23rd shakedown, whereas no other cell was shookdown beyond my own, as well as the conversation I had just shared with Mr. Case Manager █████ Again hew-hawing around █████ advised me that, "well' they don't have to give you a confiscation slip right then, but they should sometime after shaking down the cell." When I pressed him for a more definite statement of how soon after the property is taken and/or broken as in this case (prescription glasses broken and numerous personal items taken) he continued to search for an appropriate answer. When I reminded him with █████ at his side that applicable BOP Policy mandates that a confiscation slip be given the inmate upon completion of the cell shakedown he advised me that I might need to file a tort claim. Of course this is this administration's usual antics of telling the wronged inmate to file a tort claim because they are well aware that a tort action is total futile without having a receipt for the taken and/or destroyed property. The confiscation slip would of been the receipt in this instance as I pointed out to Mr. █████ He then shifted gears and advised me that OIC █████ advised him the previous day that I never complained about any property being taken from me that night, although the grievance I filed anent the targeted and retaliatory shakedown and taking of my property certainly debunks this blatant lie. See Special Exhibit (A)(hereto attached). Surely the acting Unit Manager would be familiar with this magnitude of a grievance after receiving a copy of the fax sent the warden by one of my habeas attorney's, Mr. █████ (which will be attached to the corresponding BP-9 to follow). At this point Mr. █████ continued to reiterate the filing of a tort claim for the property that was taken, although now being disputed being taken. I reiterated to Mr. █████ that these types of shakedowns are the norm for SCU which has been well documented throughout the past two years where no confiscation slips are provided and thereby the inmate has no avenue of redress because of the lack of documentation for the confiscated property. In other words what OIC █████ stated and █████ reaffirmed that SCU cops can shake an inmates cell down whenever they want and take whatever they want, when they want!!! And the September 23rd, 2009 targeted retaliatory shakedown exemplifies this tactic practice on death row and is authorized and encouraged by Brain █████ █████ and acting Unit Manager █████ which has also been well established through protracted practice. Mr. █████ was wrong, no tort action will be filed based on its utter futility, but a Bivens Action will be filed delineating and clarifying the campaign of retaliatory actions I am being subject to by his subordinates and applicable security personnel █████ █████ and the reded thing.

### Declaration Under Penalty Of Perjury

The undersigned Wesley I. Purkey does attest under pains of perjury that the foregoing is true and correct to the best of his knowledge and beliefs pursuant to 28 U.S.C. § 1746. Executed this 25th day of september, 2009.

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Deponent

End Of Extra Page BP - 8
GR000101

Ex_14-000946

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Purkey   Wesley   Reg. No. #14679-045

Unit: _____

SCU                             September 24th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. **State your complaint:** This seeks redress for the ongoing harassment by C.O. ████ On September 21st., 2009 I submitted a Phone Call Request to Booker who stood at my cell door telling me that I do not bring inmates the phone when they immediately request such. When I asked him if someone else was using the phone or had a phone request in for that time he advised me that - that doesn't matter. When I advised him that I had placed my phone request in acouple of hours ago he stood at my cell door mocking me and antagonizing me. Sometime later he brought me the phone and after taking it from him - he stood at my cell door again antagonizing me. When I told him to please stop the ignorant b.s. and leave me alone he advised me that I needed to hurry up and make my call and give him back

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation   Continued
page. You must also submit one copy of supporting exhibits. (Exhibits will not be
returned with the response to the BP-229(13) responses.))                    next page

2. **State what actions you have made to informally resolve your complaint:** Spoke OIC ████ OIC ████ and CO ████ about these ongoing harassments with ████ .. to no avail....

3. **State what resolution you expect:** To be provided with ████'s first name, as well as ████'s first name and the red headed cop's first and last name for litigation purposes.   Thank You/

Inmate's Signature: _____         Date: _____

Correctional Counselor's Comments (Steps to Resolve): _____

_____

Counselor' Signature: _____         Date: _____
Unit Manager's Review: _____         Date: _____
Informally Resolved: _____           Date: _____

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | | | | |
| TIME | | | | |
| COUNSELOR | | | | |

GR000096

Ex_14-000947

Wesley I. Purkey #14679-045                                    BP - 8 Continued

the phone. I again asked him to please left me alone and I will give the phone back after I make my call. He persisted to stand at my celldoor and antagonize me, mocking me and smiling at me trying to provoke an incident. He refused to allow me to make a call in private. I brought this harassment to the attention of OIC ▮▮▮ that evening and ▮▮▮ stated that his officers do what they want on his shift and that he was not going to stop ▮▮ from doing what he wants. The following day I brought this behavior to the attention of OIC ▮▮ who advised me that ▮▮ should not be harassing me while I am trying to make my calls. ▮▮ heard me discussing this matter with Mr. ▮▮ and start telling ▮▮ that I was lying that he was only trying to make sure that I had a good connection before he left my cell. Of course this was a pathetic attempt to skew the harasment as seen when ▮▮ walked off the ranger ▮▮ again started to antagonize and provoke, an then began --- laughing at and mocking me through my cell window.

On Tuesday afternoon when passing ice for the evening meal ▮▮ and another officer who I do not know the name of (red headed cop) asked me if I wanted ice and when I told them I did ▮▮ asked me if I was the same asshole today that I was yesterday. When I again told this cop to stop fucking with me, that I had not said a word to him and to leave me alone the red headed cop told ▮▮ "yeah' he's the same asshole today that he was yesterday." As they left me cell with the ice they continue to mack me until the got completely off the range. The following day Wednesday ▮▮ again started harassing me as soon as he came on the range to past ice.

Wednesday evening ▮▮ came to my cell and told me that ▮▮ told him to tell me that I had a legal call at 7 p.m. When I asked him what he was talking about a legal call, and if he meant a legal consult with Inmate ▮▮ than that was fine thank you. He again began the mocking and antagonizing me telling me that you are an asshole no wonder you ahve so many problems. When OIC ▮▮ came to my cell at approximately 7:30 p.m. asking me if I still wanted my legal consult with ▮▮ and I assured him that I did he asked me two more times if I really wanted the legal consult or not. Finally he said that he get the guys down their out and get me and ▮▮ out.

Almost immediately after being taken to the multi purpose area for the legal consult with ▮▮ ▮▮ came back their and stood and began to antagonize me. The nurse was present providing ▮▮ with his medication. ▮▮ asked me what I was such an asshole and simply could not get along with people. When I advised him that I was not back here to get along with him that I was help ▮▮ go over a complaint who his attorneys to file in Court Friday before the visit him - he said that you just think you are really something don't you. Again with ▮▮ hearing every word I asked ▮▮ to leave me and ▮▮ alone so we can discuss what we need to. After leaving the multi purpose area ▮▮ returned two or three more times trying to provoke me which we clearly be seen on the video. I stop CO ▮▮ and advised him what ▮▮ was doing and asked him to ask him to stop the harassment. ▮▮ immediately came to the multipurpose area windons and began laughing at me and mokcing. ▮▮ witnessed this antagonizism as well.

Being returned to my cell by OIC ▮▮ that evening I found it in total disarray (which another grievance has been filed on concerning the retaliatory and targeted shakedown by CO ▮▮ and the reded headed cop). When I asked ▮▮ who shook my cell down (even though I fully knew who had performed the shakedown) he advised me that he couldn't tell me their names. When I advised Mr. ▮▮ that he was in charge and that he had to order this targeted shakedown he advised me again that his staff does whatever they want on his shift. Further' when I told OIC ▮▮ that I wanted a confiscation slip for the property that I knew from the state of my cell had been taken he advised me that he or his staff are not required to give me a confiscation slip, and that they can take whatever they want from me whenever they want. So he was right' under his tactic policy that is, because he allows, if not encourages his staff to run roughsod over inmates when he is working which is demon-strated by the disarray and breakage found in my cell this date which was partially delineated and enunicated through the grievance seeking redress for the targeted and retalaitory shakedown by ▮▮ and the red headed cop.

### Declaration Under Penalty Of Perjury

The undersigned Wesley I. Purkey attest under pains of the perjury that the foregoing is true and correct to the best of his knowledge and beliefs pursuant to 28 U.S.C. § 1746. Executed this 24th day of September, 2009.

_signature_

Wesley I. Purkey #14679-045
United States Penitentiary
Terre Haute, Indiana
Deponent

End Of Extra Page BP - 8                       GR000097

Ex_14-000948

Amended /Special Exhibit (A)/BP-8/Retaliatory Shakedown/Taking Personal Property/Singleton/Booker

P. 1 of 2

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Purkey   Wesley _____ Reg. No. #14679-045

Unit:_____

SCU                                    September 23rd., 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:**  On this date Warden ▓▓▓▓ approved me for ordering the commissiary order that I was retaliatorily denied by commissiary September 21st., 2009 after I sought redress through the administrative remedy procedures for retaliatory disciplinary action given me in reference with the destruction of some of my commisstary the previous week September 15th, 2009.  This approval by Warden ▓▓▓▓ was no less than sham to enspand the ongoing campaign of retaliatory actions being waved against me by administrative and security personnel.  The facts germane to this incident are as follows:

Continued Next Page

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.    **State what actions you have made to informally resolve your complaint:**   There are no other remedies, as this documents the ongoing retaliatory actions being taken against me by the highest ranking official at USP/TH in conjunction with her subordinates....

3.    **State what resolution you expect:**_____

_____

_____

Inmate's Signature: _____      Date:_____

**Correctional Counselor's Comments (Steps to Resolve):**_____

_____

Counselor' Signature:_____      Date:
Unit Manager's Review:_____      Date:
Informally Resolved:_____      Date:

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | | | | |
| TIME | | | | |
| COUNSELOR | | | | |

GR000087

Ex_14-000949

Amended/Special Exhibit(A)/BP-8
P. 2 of 2

Wesley I. Purkey #14679-045                                    BP - 8 Continued
September 23rd., 2009                                          Retaliation/Marberry

1.    After commissary denied me my commissary order Tuesday, September 21st., 2009 I immediately filed a Informal Resolution anent the retaliatory actions being taken, whereas commissary had issued me a disciplinary for allegedly lying after I sought redress through a letter provided Case Worker ████which I had requested copying of from him for my attachment to a grievance and to afford Warden ████ such when she performed administrative rounds that day. Mr. ████ has yet to provide me with this correspondence back and that letter is what spawn the disciplinary action written the 16th September, 2009, whereas that same date I also filed a informal resolution regarding the same retaliatory action of September 21st.

2.    After telling Case Worker ████ September 22nd., 2009 in person that I had personally provided OIC ████ my commissary slip on Sunday evening around 8:30 p.m. when I as well asked him to give Inmate ████ some legal materials. ████ told me that ████ denied that I ever afforded him with my commissary slip. The night of September 21st., 2009 I confront OIC Mr. ████ about providing him with legal materials for Inmate ████ and he immediate responded that, "I gave those to him." When I told Mr. ████ that I had given him my commissary slip at the same time he turned without replying and almost ran down the range. When another inmate ████ asked ████ what was up ████ replied, "you know how it is with that guy."

3.    The following day I explained this incident to Mr. Case Worker ████ as well, and stop Mr. ████ the acting unit manager and explained this situation to him. The following day I stop Ms. ████ and explained the sitation with the commissary and tried to show her the retaliatory disciplinary action that I had been issued for seeking redress of my commissary being destroyed the previous week and as well the informal resolution I had filed anent the retaliatory disciplinary action she adamantly refused to look at these materials and told me that next time I needed to find someone reliable to provide my commissary list to. In other words the fix was in and the good ole boys were trying to cover up the retaliatory actions by commissary. Ms. ████ advised me that she had ordered that I be given another commissary slip to fill out and that I would received my commissary.

4.    OIC ████ brought me a commissary list shortly thereafter and advised me that I needed to get the list filled out A.S.S.P. and sent back to him. I did exactly as Mr. ████ mandated and sent the list back to him with Officer ████ approximately ten minutes later. Almost three hours later I stop Mr. Case Worker ████ on the range and asked him if I was going to receive my commissary or not. Without hesitation he informed me that, "commissary is doing inventory and there computer system has been shut down or froze since yesterday morning." When I confronted him and told him that, "you blatantly lied to me about allowing me to make commissary today and that Warden ████ was aware of the situation." He just smile his usual good ole boy smile and said, "O'well, no big deal I'll see about getting you a typewriter ribbon so you can write this up," as he walked away from my cell.

5.    Warden ████ was thoroughly aware that I would not be receiving commissary today, or for that for two more weeks, but yet she flaunted this farce in retaliation for my filing grievances against the commissary and lawsuits against her. These actions by her and Case Worker ████ constitute retaliation as proscribed under law.

### Declaration Under Penalty Of Perjury

The undersigned Wesley I. Purkey does attest under pains of perjury that the foregoing statement is true and correct to the best of his knowledge and beliefs in accord with 28 U.S.C. § 1746. Executed on this 23rd day of September, 2009.

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Deponent

End Of Extra Page BP - 8

Ex_14-000950

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Purkey  Wesley _____ Reg. No. #14679-045
Unit: _____

SCU                                   September 23rd., 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:** This seeks redress for the retaliatory destruction of my art work which I provided Recreational supervisor ▮▮▮▮ for mailing over two months ago. After waiting over a month to be receipted for the mailing of the two pieces of art – the second set of two pieces of art being mailed my daughter I filed several cop outs and spoke with ▮▮▮▮ about the status of these materials. Finally Recreation Personnel ▮▮▮ came to my cell and told me three weeks ago that ▮▮▮ forgot to sign off on your mailing receipt and the paintings have been sitting in R&D for two months. The previous week ▮▮▮ had clarified to me that I did not have any verification that I ever provided him or anyone else with these paintings for mailing which is absolutely right about.
    (If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.    **State what actions you have made to informally resolve your complaint:** Spoke Case Worker ▮▮▮ on at least a dozen times about this issue, as well as several others collateral to such, including not being afforded a receipt for personal property given to ▮▮▮ and recreation for mailing. To no resolve, whereas ▮▮▮ has shown a complete obstinacy to my legitimate complains which demonstrates the malicious handling and probably

3.    **State what resolution you expect:** _____ destruction of the paintings........

_____ I want my paintings back – not mailed, I want those paintings back..... And I want a system of receipting the handling and picking up of personal property by recreation from death row prisoners........

Inmate's Signature: _____        Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** _____
_____

Counselor' Signature: _____        Date: _____
Unit Manager's Review: _____        Date: _____
Informally Resolved: _____        Date: _____

|  | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE |  |  |  |  |
| TIME |  |  |  |  |
| COUNSELOR |  |  |  |  |

GR000106

Ex_14-000951

Attachment 1
THX-1330.13J

# FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
### INFORMAL RESOLUTION FORM

Inmate Name: Purkey Wesley _____ Reg. No. #14679-045
Unit:_____

SCU                                            September 23rd., 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

    **1.**    **State your complaint:** This seeks redress for Recreational Supervisor ███'s refusing me process of an art order submitted to him August 18th, 2009. In he past I have sought redress against ███ through the administrative procedures anent the mishandling of my art materials for mailing and/or packing, whereas no he is denying me processing of my art order in retaliatory action for utilizing administrative proceedings against him.

_____ Thank You...... _____

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

    **2.**    **State what actions you have made to informally resolve your complaint:** Filed numerous cop outs in reference with the refusal to process my August 18th art order without response from Recreational Supervisor ███. In response by Case Worker ███ has advised me that ███ is truly swamped right now and that he will get to my order when he can, this—includes making administrative rounds to pass out packaging supplies and ectc.....

    **3.**    **State what resolution you expect:** To have my art order immediately processed as it whould of been weeks ago and for ███ to make rounds on the unit as mandated under applicable policy for passing out packaging supplies and picking up packaged art for mailing.......

Inmate's Signature: _____        Date:_____

Correctional Counselor's Comments (Steps to Resolve):_____

_____

Counselor' Signature:_____        Date:_____
Unit Manager's Review:_____        Date:_____
Informally Resolved:_____        Date:_____

|           | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|-----------|-------------|---------------|-------------|---------------|
| DATE      |             |               |             |               |
| TIME      |             |               |             |               |
| COUNSELOR |             |               |             |               |

GR000105

Ex_14-000952

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Purkey  Wesley                     Reg. No. #14679-045
Unit:

SCU                                September 23rd., 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:** This date after filing a grievance naming OIC ▮▮▮▮ in such for his complicity in the retaliatory denying me my commissiary my cell was tore up during my legal counsel with Inmate ▮▮▮ My commissiary in my lockers was destoryed smashed and crumbled, my cardboard boxes which I had for mailing my art work out was taken from underneather my bed and my cell left in total disarray. During the legal counsel with Inmate ▮▮▮ CO ▮▮▮ repeatedly came back to the area harassing me, as he had did everyday since the shift rotation, whereas he denied me the phone his first day on the unit and thermandated that I make my call with him standing at

Continued Next Page

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.    State what actions you have made to informally resolve your complaint:_____
_____
_____

3.    State what resolution you expect:_____
_____
_____

Inmate's Signature: _____          Date:_____

Correctional Counselor's Comments (Steps to Resolve):_____
_____

Counselor' Signature:_____        Date:
Unit Manager's Review:_____        Date:
Informally Resolved:_____        Date:

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | | | | |
| TIME | | | | |
| COUNSELOR | | | | |

GR000091

Ex_14-000953

Wesley I. Purkey #14679-045
September 23rd., 2009

BP - 9 Continued
Retaliatory Action

my cell door, all the while yelling at me to hurry the hell up. This is exactly what occurred this date when I was escorted to the legal consult with ████ that CO ████ immediately came in the consult area and stood over me and ████, and when I asked him what he thought he was doing he told me that, "I have worked behind these walls for fourteen years and that he was tired of my smartass mouth." I called Officer ████ to the consult area and explained to him what was going with CO ████ and he said that he would speak with him, but that he did no have any control over what he was doing.

Upon being escorted back to my cell from the legal consult with ████ and finding my cell left in total disarray asked OIC ████ one who was in my cell and tore it up, he advised me that I needed to get with Mr. ████ tomorrow because he was telling me who was--in my cell and that if I did not want my cell tore up then I needed to stay home. Without a doubt ████ was one of the officers in my cell who confiscated the cardboard that I was given for mailing my art work home with and destroyed my commissiary items in my locker, smashing them. No confiscated slip was left for any lof the property taken. Rubber bands were taken off of law work I had sitting on my lockers, as well as from my personal envelopes containing my family and friends pictures. OCI ████ was in charge and this abusive cell shakedown was spawn by the grievance I afforded him earlier in the evening for placing in Mr. ████ s box. As Mr. ████ clarified upon escorting me back to my cell, "if I do not want cell tore up then stay home."

End of Extra page BP - 8

GR000092

Ex_14-000954

BP-S293.052 **INCIDENT REPORT** CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                              **FEDERAL BUREAU OF PRISONS**

| 1. Name of Institution | FCC Terre Haute In. | | Incident Report Number | |
|---|---|---|---|---|

**Part I - Incident Report**

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| Purkey, W. | 14679-045 | 9-17-09 | 6:20 am |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| S.C.U. Recreation area | Unassigned | Special Confinement Unit |

| 9. Incident | Lying or providing a false statement to a staff member | 10. Code | 313 |
|---|---|---|---|

| 11. Description of Incident | Date: | 9-17-09 | Time: | 6:20 am | Staff became aware of Incident |
|---|---|---|---|---|---|

At approximately 8:10 am on Tuesday September 15 2009, I was issuing commissary items to inmates within the Special Confinement Unit. I delivered inmate Purkey's commissary items to him in the recreation area of the S. C. U., then proceeded to deliver to various other inmates within the recreation area. Upon completion of the delivery of commissary items to the other inmates I was leaving the recreation area when inmate Purkey requested that I move his pepsi products out of the direct sunlight and into the shade next to the wall. I then moved the pepsi and became aware that one of the cans in one of the six packs had became open on the concrete. I said nothing to inmate Purkey and without hesitation I replaced the can with a fresh can of pepsi from the commissary stock. Inmate Purkey saw this and stated that it was busted when I sat them down the first time and said nothing when I replaced the busted can with a fresh one. Inmate Purkey then proceeded to file a grievance (attached) which states exactly "Commissary again slammed my commissary on the concrete busting two pepsi's which ultimately were thrown away – these types of reprisals are getting old" or similar statements as the document is in the inmate's hand writing and is highly illegible. I became aware of these falsifications at approximately 6:20 am on 9-17-09. These statements are false and are evidence of inmate Purkey providing a false statement to a staff member.

Rewrite ~ BMacab
9-21-09

| 12. Signature of Reporting Employee | Date and Time | 13. Name and Title (Printed) |
|---|---|---|
| BMacak | 9/21/09 1500 hrs. | B. Macak Material Handler Supervisor |

| 14. Incident Report Delivered To Above Inmate By: | 15. Date Delivered | 16. Time Delivered |
|---|---|---|
| | 9/23/9 | 11:46 AM |

**Part II - Committee Action**
GR000084

17. Comments Of The Inmate To The Unit Discipline Committee Regarding The Above Incident

Ex_14-000955

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: _Purkey_ Wesley_____ Reg. No. _#14679-045___
Unit:_____
SCU                                    September 10th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.      **State your complaint:** _This seeks redress for the food poisoning and consequences of from being_ forced "again" to eat another uncooked entree the evening of September 9th, 2009. On that date, after making complaints to ▮▮▮ and ▮▮ about problems permeating the religious diets I was served a totally uncooked entree. When I advised CO's ▮▮ and ▮▮▮ about the uncooked entree they asked me what I wanted to them to do about it. I clarified to them that this entree needed to be cooked per the package's instruction - whereas ▮▮ said that we don't have time to cook that entree, although I will warm it up for you and that is what ▮▮ did was warm up the uncooked entree. Shortly after eating the uncooked entree I started experiencing stomach burning and tasting the spoiled

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be  Continued returned with the response to the BP-229(13) responses.))

Next Page

2.      **State what actions you have made to informally resolve your complaint:** _Filed several dozen grievances regarding the serving of uncooked entree for_ almost a two year period whereas I have become extremely sick because of being forced to eat the uncooked spoiled food items.

3.      **State what resolution you expect:** _This is to document the continuing ossify obstinacy_ being shown this protracted issue. For litigation purposes:...

Inmate's Signature: _____          Date:_____

Correctional Counselor's Comments (Steps to Resolve):_____

Counselor' Signature:_____          Date:
Unit Manager's Review:_____          Date:
Informally Resolved:_____          Date:

|           | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|-----------|-------------|---------------|-------------|---------------|
| DATE      | 9-3-09      |               |             |               |
| TIME      | 2:30pm      |               |             |               |
| COUNSELOR |             |               |             |               |

GR000077

Ex_14-000956

Wesley I. Purkey #14679-045
September 10th, 2009

BP - 8 Continued
Uncooked Entree/Extreme sickness

uncooked food items in my throat. Shortly thereafter' I started experiencing stomach cramping and pain which caused me to lay down because of the severity of such. Later in the evening I vomited on several different occasions, followed by diarrhea throughout the night. Stomach continue to burn and cramp as well.

This is one of more than a dozen times that I have been stricten ill because of eating the uncooked, undercooked and/or spoiled and rotten food items served on the commonfare diets. As CO ▆▆▆ said this date that they (security does not have time to cook these entrees, nor will anyone contact food service to force them to properly cook the entrees) and all he is going to do is warm them up for a minute or two in the mircowave. This warming does not constitute cooking, as is mandated per the pachage instructions. See Special Exhibit (A) hereto attached. Because of this deep rooted obstinacy by F/S to properly cook these entrees I have and continue to suffer life threatening consequences because of such, as described and delineated through the foregoing information.

Further' P.A. ▆▆▆ has advised me before that I just as well stop submitting sick call request when I am subject to food bome poisoning because there is nothing that she/medical can or will do for me. Despite this mandate I continue to submit sick call request and request medical help which has and continues to be summarily denied.

End Of Extra Page BP - 8

GR000078

Ex_14-000957



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

*Office of the Warden*

January 8, 2009



Dear Mr. ▇▇▇▇▇

This is in response to your correspondence dated December 30, 2008, concerning Wesley Purkey, Register No. 14679-045, an inmate currently incarcerated at the Federal Correctional Complex (FCC), Terre Haute, IN. In your correspondence, you included copies of informal resolution forms and administrative remedy submissions provided to you by inmate Purkey.

A review of this matter reveals inmate Purkey requested informal resolution forms on Monday, December 22, 2008. The forms were provided to him on Tuesday, December 23, 2008. Inmate Purkey declined the opportunity to informally resolve his issues and may continue with the administrative remedy process if he desires to do so. A review of the computerized tracking of administrative remedies indicates inmate Purkey has filed over 140 administrative remedies and is therefore competent in presenting his grievances to the administration. There is no indication he is being denied access to the administrative remedy program.

In conclusion, inmate Purkey is receiving appropriate access to forms necessary for him to present his grievances. I trust this response addresses your concerns. Please do not hesitate to contact me if I can be of further assistance.

Sincerely,

H. J. ▇▇▇▇▇
Complex Warden

WP929023

Ex_14-000958

Attachment 1
THX-1330.13J

# FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name:___Wesley I. Purkey_____    Reg. No. _#14679-045_____
Unit:____SCU_____
                                                    February 26th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for
Administrative Remedy, BP-2999(13), you **must** attempt to informally resolve your
complaint through your Correctional Counselor. Please follow the steps listed below:

1.      **State your complaint:**__On this date returning from recreation I asked CO ▓▓ if I needed
to put in a Cop Out for the typewriter and he told me that Inmate ▓▓▓ has the typewriter and per order of
Mr. ▓▓▓ that anytime ▓▓▓ has the typewriter that I am not to use it. In fact when I told this CO that I
guess I need to submit a grievance everytime I need to use the typewriter for preparing legal of my own and for
other inmates, whereas he told me that no one gives a fuck about those god damn grievances and to stick my
legal work in my  ass. "So you are telling em that ▓▓▓ has been approved by the unit team to use the type-
writer all day everyday and that when someone actually needs it to prepare legal materials that they are not to
        (If more space is needed, you may use up to one letter size (8 ½ x 11) continuation
        page. You must also submit one copy of supporting exhibits. (Exhibits will not be      Continued
        returned with the response to the BP-229(13) responses.))                              Next
                                                                                               Page

2.      **State what actions you have made to informally resolve your**
        **complaint:**___Spoken with Case Worker ▓▓▓ and Mr. ▓▓▓ many times anent these___
        issues of the continuing malicious hording of the typer and the second shifts continuing
        retaliatory actions - without resolve.........

3.      **State what resolution you expect:**_____
        _____
        _____

Inmate's Signature: _____          Date:_____

**Correctional Counselor's Comments (Steps to**
**Resolve):**_____
_____

**Counselor' Signature:**_____      **Date:**
**Unit Manager's Review:**_____       **Date:**
**Informally Resolved:**_____         **Date:**

|                | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|----------------|-------------|---------------|-------------|---------------|
| DATE           |             |               |             |               |
| TIME           |             |               |             |               |
| COUNSELOR      |             |               |             |               |

GR000021

Ex_14-000959

Wesley I. Purkey #14679-045                                                  BP - 8 Continued
February 26th, 2009                                                          Retaliatory actions

be given the typewriter as long as Inmate ████ is using it. Correctional Officer ██ went on to reiterate that, "No one gives a fuck about your god damn grievances, file as many as you fucking want - no one gives a fuck about them."

Directly after this exchange I ask the other second shift officer(who literally threw my mail on the range yesterday which a grievnace has been filed on requesting his name and which I discussed with Case worker ████ this date) if I could please use the phone, as I had submitted a phone request for 4 p.m. at lunch time. With some smart ass sarcasm he said yeah if I can find your request. When I told him that I am asking if anyone is using the phone right now - he said no - but you aren't either. He and CO ██ walked away from my cell after that sharing a good laugh......

Other inmates on the range heard this exchange as well which I am getting affidvits from for submitting to the Warden's Office through habeas counsel. As CO ██ clarified and as other SCU personnel have clarified as well in the past those fucking grievances aren't shit - I can stick'em in my ass. Unfortunately they are right, as no remedy is every received from the administrative channels on this unit and that is the core impetus why so much litigation is being filed against these abuses.

End of Extra Page BP - 8

The undersigned Wesley I. Purkey #14679-045 does atttest to the foregoing being true and correct to the best of knowledge and beliefs according to 28 U.S.C. § 1746.

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Declarant

p. 2 of 2

GR000022

Ex_14-000960

Retaliation Case Worker ▮

Interferring with my access to the courts

Returned by
CI Benicana
11/07/09    Attachment 1
                    THX-1330.13J
                    3.5 PM

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Wesley I. Purkey _____ Reg. No. #14679-045 _____

Unit: _____

SCU                                    January 5th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:**  This seeks redress for the campaign of retaliation being taken against me by applicable SCU administrative personnel, i.e. Case Worker ▮ In the past two weeks ▮ has consistently dprovided SCU security personnel with the greivances I have filed against them with the deliberate intention to provoke and incite them against me. I have filed previous grievances against him for this unlawful practice which he continues to demonstrate a deep rooted obstinacy to. This date ▮ provided SCU security personnel with two grievance filed against himself and Case Manager ▮ These are attached and marked as Special Exhibit(s) (A) & (B).

                                                            Continued Next Page

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.    **State what actions you have made to informally resolve your complaint:** Case Worker ▮ , Case Manager ▮ and Unit Manager ▮ ...

_____

_____

3.    **State what resolution you expect:** Pursuant to 42 U.S.C. § 1997e(a)....

_____

_____

Inmate's Signature: _____         Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** _____

_____

Counselor' Signature: _____         Date:
Unit Manager's Review: _____         Date:
Informally Resolved: _____         Date:

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | | | | |
| TIME | | | | |
| COUNSELOR | | | | |

GR000009

Ex_14-000961

Wesley I. Purkey #14679-045
January 5th, 2009

█████ is well aware or should in his capacity that breeching the confidentiality of these legal materials, i.e. grievance is proscribed under the First amendment. Here█████ is intentionally giving these grievances directly to SCU security personnel to provoke and incite them against me which in the past have subjected to me to fabricated disciplinary, targeted cell shakedowns whereas my personal property has been taken, destoryed and/or mutilated. Further' as recently demonstrated and grieved as seen through the two attachments that both edwards and █████ continue to deny me access to legal consultation with other inmates I am aiding in preparing and/or prosecuting litigation in the U.S. District for the S.D.Ind. Such retaliatory actions by █████ stands in flagrant violation of well established law. See Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009); Hasan v. U.S. Dept' of Labor, 400 F.3d 1001, 1004 (7th Cir. 2005)(prison officials violated prisoners' First Amendment rights of access to the courts by interferring with thier ability to utilize adminstrative remedies under intimidation of reprisals). Surely Mr. █████ is keenly aware of his actions suppressing my ability to access the administrative processes without fear of reprisals. Here that is exactly █████ intention and purpose for deliberately providing grievances I have filed to the very security personnel I sought redress against in thise legal materials.

Case Worker█████ is showing a deliberate disregard to the confidentiality of grievances filed by me and in-lieu of is intentionally giving those legal materials to the very security personnel I have sought redress against with the blatant reasoning to provoke retaliation against me. This leg of the administrative processs is being availed pursuant to 42 U.S.C. § 1997e(a).

End Of Extra Page BP - 8

Ex_14-000962

Special Exhibit (A)/BP-8

Denial Access To The Courts

████████/████████/SCU

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: _Wesley I. Purkey_    Reg. No. _#14679-045_
Unit:_____

SCU                                    January 4th, 2009

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:** In the past several weeks I have repeatedly submitted Cop Out's requesting legal consultations with different inmates who I am aiding with either pending litigation and/or preparing litigation for filing with the courts. Case Manager ████ and now Case Worker ████ continues to deny these legal consultations without reason given. The following BP-9 will delineate and clarify the flagrant violations of law being ignored to be these administrative personnel who continue to commit such in retaliation for me aiding these other inmates with litigation and filing of grievances. This date Case Worker ████ refused my third cop out request for a legal consult with Inmate ████ ......

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.    **State what actions you have made to informally resolve your complaint:** Repeatedly addressed with each and every unit administrative official, as well as with Warden ████ who it again will be addressed with this week.
_____
_____

3.    **State what resolution you expect:**_____
_____
_____

Inmate's Signature: _____    Date:_____

Correctional Counselor's Comments (Steps to Resolve):_____
_____

Counselor' Signature:_____    Date:
Unit Manager's Review:_____    Date:
Informally Resolved:_____    Date:

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | | | | |
| TIME | | | | |
| COUNSELOR | | | | |

GR000011

Ex_14-000963

Special Exhibit (B) p. 1 of 2

<u>Denial Access To The Courts</u>
███████

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Wesley I. Purkey _____ Reg. No. #14679-045 _____
Unit:_____

SCU                                    January 4th, 2009

<u>NOTICE TO INMATE:</u> You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    **State your complaint:** On this date I sought redress with Case Manager ████ regarding second shifts adamant obstinacy to comply with unit policy of scheduling phase I computer usage in the multipurpose area. This was in reference with OIC ████ refusing to schedule computer use in the multipurpose area between myself and ████ on Friday night, and then again on Saturday night, January 1st and 2nd. OIC ████ and his entire crew advised me that per order of ████ and ████ computer use in the multipurpose room between phase I inmates is only to be scheduled by them. On Sunday Night, January 3rd, 2009 I discussed this issue with OIC ████ who had been advised many times by Case Worker ████ that such scheduling was did by unit security personnel, as was law library scheduling.

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))    Continued Next Page

2.    **State what actions you have made to informally resolve your complaint:** Unit Manager ████ Case Worker ████ and now Warden ████ as of 1/06/10...
_____
_____
_____

3.    **State what resolution you expect:**_____
_____
_____

Inmate's Signature: _____        Date:_____

Correctional Counselor's Comments (Steps to Resolve):_____
_____

Counselor' Signature:_____        Date:_____
Unit Manager's Review:_____        Date:_____
Informally Resolved:_____        Date:_____

|  | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE |  |  |  |  |
| TIME |  |  |  |  |
| COUNSELOR |  |  |  |  |

GR000012

Ex_14-000964

Special Exhibit (B) p. 2 of 2

Wesley I. Purkey #14679-045
Denial Access To The Courts/███████

BP - 8 Continued
Jan. 4th, 2009

told me that he will not intercede and mandate that anyone on his shift comply with this mandate. In other words as OIC ████ indicated on January 1st and 2nd that security personnel working second shift does not have to comply with policy, that policy is for inmates to comply with that staff.

This date, January 4th, I advised Mr. ████████ of the issue of the blatant obstinacy being shown to unit policy for scheduling phase I inmates computer use in the multipurpose area and as well advised him that even though OIC ████████ is well versed in existing policy he refuses to so much as mandate second shift personnel to comply with such promulgation. Mr. ████████ immediately became irate telling me that he is not going to stand here and argue about this matter with me which is his usual response to legitimate issues brought to his attention. Whereas' I was being extremely amendable in manner describing what had occurred over the past three days in efforts to obtain scheduling of computer using in the multipurpose area with other inmates I am aiding in preparing and prosecuting litigation in court. In the past Mr. ████████ has not hidden his animus against me for these endeavors of aiding other inmates with both filing of grievance and lawsuits and in turn has ignored numerous request for legal consult in the multipurpose area which has been addressed as well through administrative channels. When I asked Mr. ████████ for a memorandum clarifying scheduling of phase I inmates computer usage in the mutlipurpose area he merely stormed away from my cell door characterizing my genuine efforts to amendably address this issue as being argumentative. Of course this is the usual self serving characterization of any inmate trying to address legitimate issues on this unit as being difficult and problem makers. Perhaps if ████████ would merely use a common sense approach to these matters of certain staff believing that they can make'm up (rules) as they go these issues would be easily resolved without having to resort to administrative remedies for redress. Here ████████ is condoning unit personnel denying me and the other inmates access to the courts by refusing to rectify the ongoing and protracted issues herein.

End Of Extra Page BP - 8

Ex_14-000965

Attachment 1
THX-1330.13J

**FEDERAL CORRECTIONAL COMPLEX**
**TERRE HAUTE, INDIANA**
**INFORMAL RESOLUTION FORM**

Wedsley I. Purkey

Inmate Name: ~~Xxxxxxxxxxxxx~~ _____ Reg. No. #14679-045
Unit: SCU _____ December 22nd., 2008

Mailed.To Mr. Gary E. Brotherton/Attorney for mailing with the Warden's Office Because B. ▮▮▮ and
Mr. ▮▮▮ refuse to file and process.

**NOTICE TO INMATE**: You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. **State your complaint:** This is the second BP-8 filed regarding this issue whereas the original was given to second shift December 21st, 2008 for placement in Mr. ▮▮▮'s Box which somehow never was placed in his box I am told as of this date, December 22nd., 2008. This administrative Informal Remedy is being filed through the warden's office via Mr. ▮▮▮▮▮▮▮ who reapresents me in my Capital Habeas Prcaceedings. Futrther' because Mr. ▮▮▮, ▮▮▮ and ▮▮▮ have and continuye to deny me access to administrative forms I was required to borow this one from B.. ▮▮▮ this date. The following delineates and enunciates the retaliation taken against me by OIC ▮▮▮ cember 19th & 20th, 2008. Continued Next Page
(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2. **State what actions you have made to informally resolve your complaint:** Repeatedly discussed the ongoing retaliation against me by second shift SCU personnel numerous times with ▮▮▮ and Warden ▮▮▮ without resolve. In fact the last Informal Resolution I filed anent this very material was destoryed which I had provided to second shift for filing with Mr. ▮▮▮ Unit Manager December 21st., 2008.

3. **State what resolution you expect:** There is no resolution at this stratum of administrative processes, because as well established that the good ole boys take care of one another here at USP/IH and the warden condones these practices through her tolerance, if not acquiesce.....

Inmate's Signature: _____ Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** _____

_____

**Counselor' Signature:** _____ Date:
**Unit Manager's Review:** _____ Date:
**Informally Resolved:** _____ Date:

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | 12/18/08 | | | |
| TIME | 12:00PM | | | |
| COUNSELOR | ~~(signature)~~ | | | |

GR000424

Ex_14-000966

Wesley I. Purkey #14679-045
December 22nd., 2008

BP - 8 Continued
Retaliatory Actions/OIC Isom

After being denied numerous times phone usage on second shift having my Cop Out request literally thrown in the trash and then mocked by second shift personnel when I asked if they had received them Cop Out for phone scheduling - I asked OIC Isom on Friday Night during super trays being passed out whether or not he had received my phone request for 9 p.m. In a extreme sarcastic manner he replied that, "if I did you will get the phone." Because my daughter was going through a very difficult time, being the first anniversary of my eight year old grandson's death I again stressed to him that I had placed a Cop Out request in several hours prior to this time and I want to verify if the call had been scheduled or not, and if not then I will resubmit another Cop Out. He remain reticent to this inquiry...

After making round at 9 p.m. whereas I told Officer ████ that I had a Cop Out in to use the phone at 9 p.m. he told me that another inmate was using the phone - in fact he had been using the phone since 8 p.m. When I became adamant that I needed the phone to call my daughter before the system was shut off - he merely shrugged his shoulders and walked off. About ten minutes later OIC ███ returned to the inmate's cell who had the phone and told him that, "Purkey is crying about getting the phone and you know that if I do not give it to him that he is going to cry to the warden again." Shortly thereafter ███ brought me the phone telling em that I needed to hurry up because the inmate he got the phone from needed it right back. I did not bite on ████ proding me whith the statement he used to incite the other inmate against me, because I wanted to speak with my daughter.

The following day I submitted another Phone Request at 2 p.m. for phone usage at 9 p.m. During the passing of supplies I asked Officer ██████ if he had seen my phone request for 9 p.m. He told me that he had, although OIC ███ was actually doing phone calls so it would be up to him when he brought me the phone. Shortly thereafter during the passing of ice and drink at 4 p.m. I asked OIC ███ if he had received my phone request and he provided me with the same sarcasm he had the day before that, "if I did you will geet the pohone." Again I asked Mr. █████ when trays were picked up if he had given my phne request to OIC ███ for scheduling, and he again told me that ███ had my phone request for 9 p.m.

At count time I began holler for the phone, as again another had been given the phone and I was being told that he was not finished with the phone after having it for over an hour. OIC ███ told the inmate with the phone, with Mr. ████ standing at my cell door hearing the exchange - ███ told the inmate that Purkey is crying for the phone for 9:30 - whereas I hollered telling ███ that he knew perfectly well that I had submitted a Cop Out hours ago for the phone at 9p.m. Mr. ████ told him as well that "Purkey put in for 9 o'clock". Again OIC ███ told me when he finally did bring me the phone that I needed to hurry up and use it because the other inmate wanted the phone back. I ignored this proding as well.

After using the phone promptly - ████ came after the phone taking it back to the inmate who he had taken it from prior to affording it to me. On his way back from giving the phone back to the other inmate he came to my cell and started to ridicule me telling me that, "you aren't anything special and I don't give a damn about your complains to the Warden." I interupted him clarifying to him that I had submitted a Phone Request Cop Out that day, as well as the previous day several hours before asking for scheduling, and why he would constitute that as requesting special treatment I had no ideal. Further' I advised him that my daughter as having a very difficult time right now an d I wanted to be sure to speak with her when I told her I would try to call her. Standing at my cell door glaring at me he told me, "I didn't receive a Phone Request from you today or yesterday - you can fuck yourself and your family - he told me - nnd continued to stare at me through my cell window. I told him' to get away from my cell and leave me alone - he continued to stand at my cell door staring at me - which the cameras on the range will clearly verify - but of course as Isom knows that anything he does on this unit will be covered-up by his good ole boy partners....

This documents the ongoing flagrant and malicious retaliation being taken against me by Second Shift personnel which has been well documented to date through numerous administrative remedies. No resolution is requested, because she would be totally futile with respect to the ongoing tolerance shown to such in the past.....

<u>End of Extra Page BP - 8</u>

GR000425

Ex_14-000967

U.S. DEPARTMENT OF JUSTICE                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Purkey  Wesley I.            #14679-045      SCU        USP/TH
_____
LAST NAME, FIRST, MIDDLE INITIAL.      REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**  This administrative remedy follows the December 4th, 2008 response to my December 3rd, 2008 BP-8 filing seeking redress for the retaliatory/targeted cell shakedown by OIC ████ and C.O. ████ (which was misspelled in the original filing of the BP-8 as (████)). The retaliatory shakedown and illegal confiscation of my person property is delineated and enunciated through the attached BP-8 and will not be reiterated absent necessity for clarification of issues being presented for the Warden's review. The BP-8 December 4th Response was not provided to me by Case Worker ████ until the late afternoon of December 5th, whereas the response itself demonstrates the sham nature of the response which is clarified as follows:

The BP-8 prespicuously delineated the maliciousness of the cell shakedown in close proximity with the complaint I made to Warden ████ regarding Case Worker ████s and Case Manager ████s obstinacy to performing their duties under unit policies for scheduling legal calls. Shortly after that time, OIC ████ and CO ████ entered my cell under the pretense of a routine cell shakedown, which in this case was my fourth or fifth shakedown within a weeks period. No confiscate slip was provided for the confiscated items taken or reason given for their seizure, in fact OIC ████ clarified to me that she did not have to justify the taking of anything from my cell that, inter alia, she could take want ever she wanted, when she wanted. In other words the numerous newspapers that she threw in the trash, November 26, 27, 28 and 29th K.C. Stars which had been received by me December 1st and 2nd were illegal contraband to her and she had just cause to destroy this personal property at under BOP Policy. Of course the other commissiary items and other personal items she confiscated and trashed as well supposedly falls under the de jure of law, and Mr. ████ condones such dubious usurp power by his co/worker. Whereas' the response given by

December 5th, 2008            Continued Next Page       XX  *[signature]*
_____        _____      _____
DATE                                                       SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____                    _____
DATE                                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                           CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____         GR000156          _____   BP–229(13)
DATE              PRINTED ON RECYCLED PAPER   RECIPIENT'S SIGNATURE (STAFF MEMBER)     APRIL 1982
USP LVN

Ex_14-000968

Wesley I. Purkey #14679-045
December 5th, 2008

BP-9 Continued
Retaliatory Cell Shakedown/Illegal
Confiscation Property/Cox/Slaton

Mr. ▆ demonstrates the cover-up, playing ostracism to the facts delineated and enunicated through the BP-8, this is typical ▆ who the complaints make to Warden ▆ December 3rd was substantially about. Without so much as a tentative reference to the governing policies in this instance ▆ presence in typical form that "Unit Staff have reviewed the shakedown procedures w/ the officers working within the unit. Based upon the review the issues Mr. Purkey raises hopefully have been (something)(not legible)." The biasness of this response and its obvious good ole boy sham nature demonstrates ▆ not only condoning this usurp of power and flagrant violations of law, but that he orchestrated such and maneuvered the retalitory action in punishment for my complaints made to his superior, i.e. Warden ▆ this same date. The resolution set forth through the attached BP-8 is clear and direct, which ▆ deliberately turns a deaf ear to and provides in-lieu of his typical good ole sham subterfuge to cover-up and advocate on the side of his co/workers.

The attached BP-8 sets forth a coherent and a chronology of the events which the retaliation by ▆, ▆ and ▆ are premised on. These events prespiciously state a viable First Amendment violation. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1997). Prison Officials cannot retaliate against a prisoners for complaints made to supervising personnel. Id. Further prison officials cannot punish an inmate for filing grievances and/or making complaints to administrative officials which is 'protected speech' under the First Amendment. See Purkey v. Green, 28 Fed.Appx. 736, 747-48 (10th Cir. Aug. 17, 2001)(punishing prison for exercising constitutional rights of speech, even where action taken in retaliation would otherwise be permissible states a viable First Amendment claim. Id. at 48. In fact it is well establish law taht destroying an inmates property in retaliation for exercising protected speech is proscribed under the First Amendment. See Purkey v. Corr. Corp. of Am., 2006 U.S. Dist. LEXIS 80376 (D.Kan., Oct. 18th, 2006)*1152. The destruction of my personal property by OIC ▆ was in retaliation for my complaints made to Warden ▆ regarding Case Worker ▆ and Case Manager ▆ clearly proscribed under law. Not only did OIC ▆ and ▆ go so far as to destroy my personal property which is not disputed in the least and thereby admitted, but as well throughout the meal I had just recently and was sitting down to eat. Of course Mr. ▆ performing the prerequisite, investigation concerning allegations levied in the attached BP-8 is pretty much the fox watching the hen house, as he acted in full collusion and concert with ▆ and ▆. Further evidence of this collusion is his adamant refusal to perform the mandated investigation inot the allegation levied under applicable BOP Policy.

Under applicable BOP Policy Program Statement No. 1330.13 specifies that an extensive investigation will be undertaken particularly where staff complaints of retaliation are triggered. See Brown v. Valoff, 422 F.3d 926, 938-39 (9th Cir. 2005). Under the applicable BOP Policy which delineates and dictates Ryherd's duties owed under law, and which he has a legal obligation to perform, Alexander v. Perrill, 916 F.3d 1392, 1398 (9th Cir. 1990), it is mandated that the investigation entails being 'investigated thoroughly', 'by independent personnel', "all records reviewed be readily identified and maintained, including written statements by staff and other members of staff not directly involved in the subject matter, and as well all other statements used and taken in the determination and findings be maintained in the inmate file". This BOP promulgation as well mandates identification of all appicable BOP Policies and Regulations be provided appicable to the subject matter under investigation. See Kikumura v. Vail, 461 F.3d 1269, 1285 (10th Cir. 2006). Case Worker has reiterated to me on copious occasions that he is not required to perform these duties, these investigative duties, in fact he clarified this very date that his own duty required under applicable BOP Policy and Regulation is to contact the staff member being grieved and get their side of the story and that - is the extent of his investigative duties. Contrary to Mr. ▆ contentions he is bound by law to perform and comply with BOP Policies and Regulations. See Demetruis v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996); also see Caldwell v. Miller, 790 F.2d 589, 610 (7th Cir. 1986)("[P]rison Officials are expected to follow their own rules and regulations"). Here Ryherd ossify obstinacy to compy with BOP Policies and Regulation is blazingly obvious whereas, he has not so much as identified any of the so called applicable policies and regulations governing the unalwful seizure of my property, let alone performed a cursory investigation of the allegations presented through the attached BP-8.

Resolution: The resolution persented through the attached material remains the same. Thank you for your attention to this matter.....

End of Extra Page BP-9

GR000157

Ex_14-000969

Attachment 1
THX-1330.13J

## FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
## INFORMAL RESOLUTION FORM

Inmate Name: Wesley I. Purkey _____ Reg. No. #14679-045 _____
Unit: SCU _____

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1. **State your complaint:** On December 3rd., 2008 I spoke with Warden ▮ regarding Mr. ▮ and Mr. ▮'s refusal to schelude a legal call with one of my habeas attorneys - later that same evening I was subjec to a retaliatory cell shakedown by OIC ▮ and CO ▮ Begining to eat my common/fare meal I was ordered by OIC ▮ to cuff up and be escorted from my cell so she and wlaton could shake my cell down. From the cell I was escorted to I have a visual of my cell being shook down. I witnessed several food items being thrown in the trash, as well as my personal newspapers, i.e. K.C. Star. I hollered to OIC ▮ that I wanted a confiscation slip for everything being confiscated from my cell - I heard her and ▮ both laugh and she yelled back to me that, "we will take whatever

(If more space is needed, you may use up to one letter size (8 ½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2. State what actions you have made to informally resolve your complaint: _____
_____
_____

3. State what resolution you expect: _____
_____
_____

Inmate's Signature: _____       Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** Limit Staff have reviewed the Shakedown Procedures w/ the officers working within the Unit. Based upon the review, the issues Mr. Purky raises hopefully has been resolved

Counselor' Signature: _____   Date: _____
Unit Manager's Review: _____   Date: _____
Informally Resolved: _____   Date: _____

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|---|---|---|---|---|
| DATE | 12/3/8 | 12/4/08 | | |
| TIME | 3:00PM | 1:16PM | | |
| COUNSELOR | | | | |

WP_GR000158                     WP_PC000049267

WP_GR100031

Ex_14-000970

Wesley I. Purkey #14679-045
December 4th, 2008

BP-8 Continued
Retaliatory Shakedown/
Unlawful Confiscation of Property

we want and you can do whatever you need to do, but I am not giving you a fucking confiscation slip....
Immediately upon being returned to my cell which had been left in totally upheavalment I seen that four of my K.C. Stars received Monday and Tuesday were missing and began screaming that I wanted my newspapers returned because you had no right to taken those what-so-ever. Finally CO ▇▇▇ came to my cell telling me that he placed them underneather my bunk, which I knew to be a lie, as the papers had been at the very front of my cell underneather my tennis shoe box and that several floor lockers were underneather my bunk. I told him that that was a blanant lie and he then rescind it telling me that he threw the papers out and walked off. I screamed for OIC ▇▇ and asked her why my common fare meal, entree, salad, fruit and bread had been thrown out, in the trash. She told me that you have to have your meals finished by the time trays are picked up or they become contraband after that and she will throw them away. In fact she threw out my commissary items, i.e. donuts purchased last week from the christmas list which are individually wrapped which were on top of my bread, whereas she told me that all commissary items must be keep (by policy) in their original containers or they are considered contra- band. Further' she threw away my dental floss (loops - which are small round rubber rings and not the string floss which is now prohibited on SOU) and refused to provide me with any answer as to why she did that. This is her typical response to issues she creates to shun any reason for doing them, other than that she can because she has do so with total immunity in the past. Further she confiscated the large rubber bands that were hanging on the inside of my locker which Mr. ▇▇▇ approved me to have which are used to bound my legal files and have never been aproblem in the past, let alone confisacated without reason given. She as well confiscated all of the paper clips that were on my table and placed on the side of a folder sitting on the floor next to my locker. Again she refused to give any reason for the taking of these authorized items. She as well confiscated all of my drinking cups, and scotch tape which is authorized as well to possess, whereas again she refuse to provide any tentative reason for the confiscation of these items. She took the jelly which is provided on the common-fare trays and bags of chips which were locate in my locker as well.

After this retaliatory shakedown everytime she made rounds on the range she would stop and shake my cell door three or four time deliberately to irate me and provoke me into an affront so she could issue me disciplinary action. This is her tactics of getting prisoners to go off on her tojustify issuance of dis- ciplinary action, as she earnestly tried to do with me last night.

Resolution: To be provided the policy promulgating the confiscation for the—foregoing listed items, and others during shakedowns. For the items taken from me to be listed on a confiscation slip, and/or reimbursed for such and for OIC ▇▇ to be strenuously reprimanded for these malicious retaliatory shakedown.

End of Extra Page BP - 8

WP_GR000159

WP_PC000049268

WP_GR100032

Ex_14-000971



**U.S. Department of Justice**

Federal Bureau of Prisons

*United States Penitentiary*
*Terre Haute, Indiana*

Date:      February 20, 2007

Reply To
Attn Of:    R. V. Veach, Warden

Subject:    Correspondence to the Warden's Office

To:      Purkey, Wesley
           Reg No.: 14679-045

This is in response to your correspondence to my office received on February 12, 2007.

Your correspondence contained statements but no actual questions. Your correspondence also contained inappropriate language. This is to inform you that I will not respond to correspondence containing inappropriate language. If you wish to submit correspondence containing an actual request or question, leave out the inappropriate language and I will respond.

WP928824

Ex_14-000972



**U.S. Department of Justice**

**Federal Bureau of Prisons**

_United States Penitentiary_
_Terre Haute, Indiana_

Date:   February 14, 2007

Reply To
Attn Of:   B. R. Jett, Warden

Subject:   Inmate Request to Staff Member

To:   Purkey, Wesley
      Reg No.: 14679-045

This is in response to your correspondence to my office received on January 30, 2007. You indicate that Warden Veach told you the administration can selectively comply with Bureau of Prisons' rules and regulations, and you request to know exactly which rules and regulations staff are expected to comply with. You also request clarification of our position on your advancement to Phase II in the Special Confinement Unit because you will not stop filing grievances and lawsuits.

Regarding the first issue, staff are expected to comply with all Bureau of Prisons' rules and regulations.

Regarding the second issue, the filing of grievances or lawsuits has no impact on the decision whether you will be advanced to Phase II. After you completed twelve months of clear conduct at Terre Haute, your unit team recommended you for advancement to Phase II. Your advancement at that time was denied based on information from the Chief Psychologist, who had noted behavior in your interactions with him that led him to believe you may not be able to function in a less restrictive environment. Since that denial, you have received incident reports for Threatening Bodily Harm in October of 2005, Threatening Bodily Harm and Insolence in December of 2005, Insolence in February of 2006, Insolence in April of 2006, and Insolence in August of 2006. Institution Supplement 5566.05, Operation and Security of the Special Confinement Unit, requires that an inmate maintain twelve months of clear conduct before he can be considered for advancement to Phase II. You will be considered again for advancement to Phase II once you have maintained twelve months of clear conduct.

WP928821

Ex_14-000973

S14

Mr. R. V. Veach/Warden
USP Terre Haute

January 23rd., 2007

RE: General Issues/Phase II

Dear Mr. Veach,

Three weeks ago when I approached you during administrative rounds in the unit anent ordering and purchasing of prescription glasses under applicable BOP Policy and Regulations you told me, inter alia, that, this administration can selectively comply with BOP Rules and Regulations, and if I did not like then I could file anent such blatantly violations of BOP Authority. I have come fully to appreciate the double standards and duplicity of promulgated rules and regulations and what is complied with. It is the same behind all penitentiary walls, those who hold the power can make them' up as they go and to hell with those who lay totally vulnerable to such abusive power. All cesspools are predicated with these cesspool values, and as you told me, if I did not like it file on it. Integrity does not come without a high cost, and my word is as good as it gets and file I will, perhaps not on this particular issues at this particular time, but concerning the ongoing malicious acts of your staff will be redressed at a later date and time. My question here is? Exactly which BOP Rules and Regulations do you plan to expect your staff to comply with and which ones do not carry necessary validation for your administration to comply with. At least if you provided this information up front then everyone would be on the same page.

Phase II

Mr. ████ informed me during my last review that he was going to review me for recommednation for Phase II. Case Manager ████ was present during that review, although I suspect a lapse of memory by Mr. ████ if question concerning Mr. ████'s considerati n of that issue now. Yes' I fully concede that I am a serious pain in the ass with the considerable redress I take of issues behind prison walls, and as we both know the pen is mighty than a left hook ever thought about being. With that all said and done, I am not a security threat in any fashion beyond being man enough to stand my ground and articulate legitimate claims for redress through administrative processes and/or the courts. I will continue to exercise those constitutional rights no matter the fires they build under the feet of those that redress is sought of. ████ has

1.

WP928822

consistently shown the inability to local the truth, with exception of a serious distortion of such as self serving. I say as much knowing that such veracity will only cause anamosity toward me, but I really do not care at this point. I am sick and tired of the good ole rules made as we go tactic practices that permeate this unit.    Before I came here I was at the Hutchinson Correctional Facility at Hutchinson, Kansas.  My boss was the Deputy Warden of Program and was far from one of the good ole boys who allowed others to dictate his integrity to him.  He did not play games, nor apprecaited anyone who did.    ████    is a thorough game player and will fall which ever way the wind blows.  Integrity comes at a cost and few behind prison walls are welling to pay it, on either side of the fence.  Perhaps you could step up and merely tell me, Purkey you are not going to phase II because you will not stop with the grievances and law suits - someone should at least show the character to tell it as it is and stop the constant selective application fo rules and regulations predicated on the whims of applicable administrative officials.

    Thank you for your time and attention to these matters.....

Sincerely,

Wesley I. Purkey #14679-045
Death Row/SCU

WP928823

Ex_14-000975





**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

Date:     January 4, 2007

Reply To
Attn Of:     R. V. Veach, Warden

Subject:     Inmate Request to Staff Member

To:     PURKEY, Wesley
Reg. No.  14679-045

This is in response to your Inmate Request to Staff Member, dated December 6, 2006, wherein you allege staff have subjected you to retaliation for filing grievances.

The Federal Bureau of Prisons, as well as the Federal Correctional Complex, Terre Haute, Indiana, is tasked with providing a safe and secure environment. You can be assured that staff are required to adhere to a professional standard of behavior at all times.

All allegations are reviewed and referred to the appropriate office for investigation.

Since this allegation involves staff members, you will not be advised of actions involving the investigation and/or be made aware of disciplinary action any staff member may or may not receive. This is due to the rights of the individual in the employee disciplinary process.

I trust this has been responsive to your request.

CIF

WP928830

Ex_14-000976



**U.S.  partment of Justice**

Federal Bureau of Prisons

*United States Penitentiary*
*Terre Haute, Indiana*

Date:    October 25, 2005

Reply To
Attn Of:   Mark A. Bezy, Warden

Subject:   Inmate Request to Staff Member

To:   Purkey, Wesley
     Reg. No.: 14679-045

This is in response to your correspondence received on October 18, 2005. You state you have not received a response to recent correspondence you sent to my office. You also state that staff have retaliated against you for filing grievances by subjecting you to cell searches, placing you in FRP Refuse status, and taking your job.

A check of our files revealed we did receive correspondence from you on October 6, 2005. That correspondence was answered on October 14, 2005. Your unit team will provide you with another copy of that answer.

Conducting cell searches is a sound correctional practice. The officers are expected to conduct these searches either randomly or when they believe contraband may be present.

You were placed in FRP Refuse status as a result of missing a second consecutive payment on your financial obligation. Special Confinement Unit inmates in FRP Refuse status cannot have work assignments.

The disciplinary report you received has not been heard by the Discipline Hearing Officer. If you are found to have committed a prohibited act, you can appeal that decision via the Administrative Remedy procedure.

Ex_14-000977

1-2

Jan 20, 2002

Dear Fred,

This issue of Jeanette's statement needs to be addressed without further excuses. Now I find out that my 4 wife, Claire who played the dominant role in the terroristic Campaign against me for a fifteen month period was also getting my oldest step son John high and molesting him. He was twelve and thirteen at the time. His reluctancy to reveal this information is deeply appreciated especially after having experienced similar circumstances in my own life — Damn it to hell Fred — this information along with everything else I have told you about needs to come out — Now!

Jeanette told me today that she agreed to subject me to the poisoning and terroristic acts because I slept with a girl name Beth after being on parole about four months. That is when it started by Claire & her.

I am begging you to Please set up these interviews with Jeanette and my step sons now! This same woman has gotten everyone of her children started on Drugs, smoking and using cocaine at the old age of 12! She stabbed her ~~husban~~ husban, Steve with a boning knife several times almost killing him — So she certainly has the m.o. for claims I am now making.

Is there anyone out there who gives a 'it about this information? As I previously

WP PC000025980

2-2

told you - the fucking DEA was involved in what happen to me in Wichita - the magnetude of this case is unbelieveable and I realize as much, but god Dammit, it is the fucking truth!

Fred! I did seventeen years behind the walls of a cesspool - I worked hard to achieve what I did - I did not Deserve to have Did to me what was did by numerous people, allowed by Jeanette and claire in the name of revenge. This information needs to come out - but if you and Laura does not do it - then justice as served will be a huge fucking piece of shit. Don't let me be served the same placebo representation I fell prey to at stinking fucking Wyandotte County. The quality of representation is always determined by the quality of person affording such -

One more item - can we file a motion to obtain all my property held by Wyandotte County police Department?

Sincerely,

Wesly Finley

WP_PC000025981

Exhibit (E)

Wesley Purkey                                          Grievance Continued
LCF 23457                                                        p. #1

On August 18th, 2000 at approximately 3:30 pm officer ████████ stop at my cell and screamed "Get this sack picked up outside your cell." When I told this officer than U.T. ████████ left that sack there he replied, "I don't give a damn who left that sack there, I am giving you a direct order to pick it up and do it now." I had to use a pair of pants to reach across the run and drag the sack back in my cell."

I did tell Sgt. ████████ and U.T. ████████ of this harassment which has been ongoing since Aug 1st. that this same officer denied me clean sheets last Ferday, as he told me tonight after I picked up the sack that, "I am going to show you who runs this jail."

This officer has systematicly harassed me through issuing me improper motived disciplinary report, liter-ally destroying grievance I have filed against him, subjected me to unsanitary condition, denial of lides basic necessities, i.e. water, flush stool and extreme heat, threatening me in reference with my present criminal charges - whereby violating well established rights prescribes of the First, Eighth and Fourteenth Amendments to the United States Constitution.

The Unit Team Management CI is thoroughly aware

GR000398
(1)

Exhibit (E)

Wesley Purkey
LCF 23451

Grievance Continued
08/10/00 p2

of the Continuing harassment and Refuses to take Any initiative to stop it. Although the Unit Team in CT is through their performance And/or non performance of duties is doing everything they can to impede And thwart me from Seeking Redress of these issues through the Grievance process.

GR000399

Ex_14-000981

*Exhibit (E)*

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

**INMATE COMPLAINT**

Inmate's Name _Wesley Purkey_ ᐸ℥³³    Number _23457/_

Facility _LCF MAX_    Housing Unit _C17͞9ϝ_    Work Detail _~_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

*Please See Attached*

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _08/11/00_

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

The situation regarding the store sack was addressed with the officer on the day in question. His initial concern was that you had thrown your store bag onto the run. He was advised that CCII Collins had been the one to put the store bag by your cell door while he was passing out store that day. Your don't offer any evidence to support your allegation that you are being targeted or singled out for harassment. You have never mentioned the allegation that grievances were being destroyed to UT staff, despite the fact that you have contact with them on a daily basis. You also offer absolutely no evidence supporting your allegation that UT staff are aware of **AND** covering up staff misconduct. Every allegation made regarding staff conduct is investigated and appropriate action taken. No further action deemed necessary on this complaint.    Date

Signature _STJa_    _8-24-00_

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

___✓___ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

___✓___ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_Wesley Purkey_    _08/25/00_
Inmate Signature    Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 calendar days.)

Date Received **AUG 2 5 2000**  Date of Final Answer **AUG 3 1 2000**  Date Returned to Inmate _____

_____ )( _____ )
Inmate's Signature    Date    Unit Team Signature    Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

**TO BE COMPLETED BY STAFF ONLY**

Grievance Serial Number    _AA 20010202_

Type of Complaint (Item 4: Code 01-75)    _5_    _4_

Cause of Complaint (Item 5: Code 01-30)    _O_    _/_

Type of Response (Item 6a: Code 01,02,08 or 09)    GR000396    _O_    _/_

Ex_14-000982

*Exhibit (E)*

P-422

# KANSAS DEPARTMENT OF CORRECTIONS
# INTERDEPARTMENTAL MEMORANDUM
*"A Safer Kansas Through Effective Correctional Services"*

**DATE:**      August 28, 2000

**TO:**      Wesley Purkey #23451

**FROM:**      for David R. McKune, Warden

**SUBJECT:**      **Grievance #**AA20010202

**Findings of Fact:.** Your grievance was received and an investigation into your allegations was completed.

**Conclusions Made:** After an investigation by the Grievance Officer, and a complete review of the applicable documentation, it has been determined the response provided by your assigned unit team is correct.

**Action Taken:** No further action is deemed necessary.

DRM:MJI/mi

GR000397

Ex_14-000983