# Exhibit 15

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHER DISTRICT OF INDIANA

Wesley I. Purkey,

        Plaintiff,

vs.                                                Case No. _____

       Barr,/                                  WITH A JURY TRIAL DEMAN
United States Attorney General,

Hugh Hurwitz, Director Bureau Of Prisons,

Jil T. Watson, Warden
United States Penitentiary, Terre Haute, Ind.

        Defendants.

---

## CIVIL RIGHTS COMPLAINT

The Plaintiff Wesley I. Purkey, acting pro se herein, brings this Civil Rights Complain pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971) seeking both redress and remedy through a declaratory judgment, as well as compensatory and punitive damages, as well as injunctive releif for the defendants' violating his rights of equal protrection under the law as guaranteed under the Fifth Amendment of the United States Constitution, when the defendants' arbitrary scheluding his execution date, which was substantially to punish Purkey for his jailhouse lawyering since his designation on the Special Confinement Unit, i.e. death row, whereas such reprisal of the arbitrary scheluding of his execution date runs afoul with rights guaranteed to Purkey under tenets of the First Amendment to the United States Constitution.

### I. JURISDICTION

1.  The Plaintiff brings this civil rights action pursuant to <u>Bivens v. Six Unknown Fed.</u> <u>Nartoctics Agents, supra.</u> This Court has jurisdiction under 28 U.S.C. §§ 1331 & 1332. Plaintiff also seeks a declaratory judgment pursuant to 28 U.SIC. § 2201.

### II. VENUE

2.  The District Court of the Southern District of Indiana is an appropriate venue under 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III. PARTIES

3.  Plaintiff Wesley I. Purkey was at all times relevant to this action a prisoner incarcerated at the United States Penitentiary at Terre Haute, Indiana, which is located in the Southern District of Indiana.

1.

WP_GR100753
Ex_15-000984

4.    Defendant _____ Barr was at all times relevant to this complaint was the
Attorney General of the United States and was acting for all purposes of this action acting under
color of federal law. He is sued in both his individual and officiaal capacities.

5.    Defendant Hugh Hurwitz was at all times relevant to this complaint the Central Office
Director for the BOP and for all purposes of this action was acting under color of federal law. He
is sued as well in both his individual and official capacities.

6.    Defendant J. T. Watson was at all times relevant to this complaint was the
Warden at the United States Penitentiary Complex at Terre Huate, Indiana and was acting for all
purposes of this action under color of federal law. He in turn is sued in both his individual and
official capacities.

IV.    Exhuation Of Administrative Remedies Pursuant to 42 U.S.C. §1997e
7.    ꭗꭗꭗꭗꭗꭗꭗꭗꭗꭗꭗ

VI.  General Facts To Plaintiff's Claims
8.
See Attached = = = =

VI.    CAUSES OF ACTION

COUNT  ONE

The Defendants Have Denied The Plaintiff His Fundmantal Rights Of Equal Protection
Under The Law In Violation Of The Fifth Amendment To The United States Constitution

COUNT  TWO

The Defendants Did Treat The Plaintiff Differently Than Other Prisoners Similar Situated
In Denying Him Equal Protrection Of The Law Because Of His Jailhouse Lawyering Activities
In Violation Of The Fifth Amendment To The United States Constitution In Designating His
His Execution Date And Selection

2.

WP_GR100754
Ex_15-000985

Facts:

1. On August 21st., 2019 Cpt. Taylor and Lt. Parker came to my cell and advised me that I needed to speak with the Psych. in private outside of my cell. After I advised them that I did not need to, nor was I going to speak with the psychin they threaten me with being subject to both disciplinary action and to a force cell extraction. When I confronted them with such threats of retaliatory action for my refusal to speak with the psych. Lt. Parker advised me that, "this is you own fault as a result of issues you have presented to the Unit Team." "So you are taking reprisal against me for presenting complaints either verbally and/or through written communications to given administrative staff," I told both of them. "You need to back up to your cell door and get cuffed up now or be subject to a force cell extraction," Lt. Parker advised me with Cpt. Taylor standing next to him. When I complied with such mandated Parker placed a pair of solid steel braced handcuffs on me with both wrist twisted and directed thumbs outward causing extreme pain. When I complained about the abuses treatment and pain being suffered Parker and Taylor both told me that, "It's you own fault. If you had complied with the first order to be seen by the psych. you wouldn't be going through this now." The following day I submitted a Sick Call Request because of the pain and injury caused from the abusive handcuffing which was retaliatory as both Cpt. Taylor and Lt. Parker clarified verbatim that it was my own fault for "complaints presented to the Unit Team." After being escorted from my cell I was taken to the front enterance holding cell where the psych. was waiting for me to speak with her - which in turn I told her that I did not appreciate the retaliation that I was being subject to because of my refusal to be seen by her and issues that I had presented to the Unit Team anent the issues of my execution confinement." She in turn told me that,"she was sorry about that, but that I needed to allow her to interview me." And again I adamantly refused to do so. When I was escorted back to my cell after being left handcuffed behind my back by Cpt. Taylor and Lt. Parker in reprisal for my refusal to speak with the psych - I found my cell ransacked with my personal property destoryed and legal materials spewed throughout my cell.

2. On this same date when being escorted to the front enterance holding cell the escorting staff were ridiculing me talking among themselves saying, "this is one of the biggest pieces of crap on this Unit and that is why he was one of the five selected to die first. All he does is cause problems on this freaking Unit since he arrived here. He has caused all of his own problems with all of the b.s. filings he does for himself and other inmates and then he cries about the repercussions that he suffers because of such, as he is now. That's why he was one of the first five selected to die first, to get his f——- ass off the unit." I could not see what Officers were ridiculing me because of the steel fitted handcuffs and being escorted with staff lifting up on the handcuffs as I was being escorted to the holding cell. The surveillance cameras on the range can idntify which four staff members were escorting me on this date and time. Staff tried to gloss over the retaliatory nature of this abuse by spurious contending that they escorted everyone from A-Range so their cell's could be shook down.

1.

WP_GR100755

Ex_15-000986

But as the surveillance cameras on the range will demonstrate that each of the other four inmates on A-Range had been taken to be interviewed by the psych. under their own volition and that their cell's had not been subject to shakedown at that time. Whereas' they were not subject to cell shakedowns until I was coerced from my cell under the threat of disciplinary action for refusing to allow Cpt. Taylor and Lt. Parker shakedown my cell, which as seen was nothing more than a shame - pretense to gloss over the reprisal taking place.

3. On August 23rd., 2019 after waging complaints to the escorting staff and Lt. Martin while being taken to Recreation at approximately 7:30a.m. I was again subject to harassment and abusive ridicuke and mocking after addressing the protracted denial of access to the law library. Staff again reiterated that, "all you do is complain. File grievances and all of these damn lawsuits and then you expected preferable treatment. That's why you were one of the first five to get an execution date, because of all of your b.s. filings - everyone is tired of your b.s." Again the staff(s) mocking and ridiculing me were in behind me next to Lt. Martin who stood there listening to the mockery and harass-ment without admonishment.

4. On August 31st., 2019 at approximately 12:50 a.m. Lt. Hanson came to my cell standing outside of such holding a flashlight directly in my face waking me up and then continued to hold such flashlight directly in my face illuminating my concrete cell. It was not until I actually climed out of my bunk and confronted him about his abuse did he relent. When I asked him for his name he told me that, "I'll give you something with my name on it," which is the typical threat of retaliation against an inmate if they write staff up via administrative processes. I then heard Lt. Hanson addressing C.O. Pruitt who was the A-Range Office on this date and telling her, "that guy is the biggest whiner in here - and that is why he is going to be one of the first to take that needle. I hope that I am allowed to watch them kill that whining piece of shit."

5. On August 26th, 2019 C.O. Thracter (misspelled) who was assigned to work A-Range, aka Execution Range as in is known by staff designated to work it on the evening shift became highly irate when I tried to past him my trash after the evening meal by handling itt to him through the exterior of the cell where thel sack broke droping the trash that was in the sack at the exterior of my cell, where he left it laying. Later in the evening on this same date, as Thracter and C.O. Raymond had done the previous week - Thracter brought my laundry bags to my cell, refusing to have Raymond open the exterior box-car cell door to actually afford me with the laundry bags, but instead open up the enterior door slot and dropped all four of the laudry bags containing my sheets, blankets, towels and clothing on top of the trash piled up in the middle of the exterior area of the cell. When I complained to both him and C.O. Raymond who was at the very front of the range which is a short distance from my cell him and thracter started ridulcuing me. Amongst other things Thracter and Raymond clarified that, "that is not the way that we do things with you people (meaning the inmates with scheluded exe-cution dates) - we don't open up the outer exterior doors for you people." Thracter and Raymond went

2.

WP_GR100756
Ex_15-000987

on disparaging me in saying between themselves that, "he is one of the biggest pieces of crap on the Unit and that is why he was one of the five five to get selected from an execution date which everyone here knows. No one likes the piece of crap. All he does is write us up telling lie after lie on us, and filing all that b.s. litigation for himself and other inmates. And that is exactly why he was selected to die in the first three of the executions - and I can't wait for that piece of crap to go." Both Rayomd who I believe was acting OIC on this date and Thracter who was assigned to A-Range went on for a good twenty or thirty minutes disparaging me, which they had also did the week prior to this on laundry day.

6.  On September 11th, 2019 at approximately SCU Staff came on A-Range and started socializing with the desginated A-Range Staff - and when I complained about being waoke up yet again - repeatedly on this date they began to denigrate me saying amongst other things that, "list to that dude, all he does is cry. That's why he is waiting to take that needle now after all the complaints and filings he does. He can't sleep - he should of thought about that before he murdered that poor old lady and that young girl. He is a piece of shit and that is why Barr selected that piece of shit to be one of the first five to take that needle." Again at around 3 a.m. this same date the very same staff came on the range and again began another tirade disparaging me as they had before at 1 a.m. which the surveillance cameras on the range will attest to. And when I was again woke up lsitening to this tirade and complained they continued undaunted.

7.  On Sunday evening, September 9/15/19 2019 after addressing whether staff was going to afford us - inmates on A-Range to turn in our laundry bags because the laundry was suppose to be closed on our regular day - which is Monday evening to be turned in for washing on Tuesday due to a power outage on Tuesday - the Range Office C.O. Johnson became irate telling me that, "Gilem, and Raymond said that they didn't know anything about that and that they were not going to collect laundry bags that evening. When I persisted telling Johnson that if we were not allowed to submit the laudry bags that evening as was posted on Trulircs/bulletin Board which he could verify then we are going tc be screwed out of having our laundry done. "At the front of the range I could hear Gilem and Raymond talking with C.O. Johnson. Gilem told them that, "thank god for Barr selecting that fucking guy to be one of the first to go, and I cannot wait for that to happen. All he does is complain and if he continues with his b.s. I am going write his ass up and he will lose all the privileges he has - no phone, no comissary, no t.v. and then he will be miserable," Gilem said. "All he does is to cause problems, file grievances and law suits the entire time that he was been on death row and without a doubt that is why Barr is sending him to the execution chamber as one of the first five to go," Raymond said. "Fuck that guy, we aren't doing shit for him," Gilem said.

8.  During the initial part of September, 2019 while being escorted to inside recreation by Lt. McKellar and three other staff I complained to to Lt. McKellar about hsi grip deeping into the inside of my bicep. One of the other escorting staff behind me said, "all you do is complain. What are you

WP_GR100757

Ex_15-000988

going to do write that up also - you write up everything else." Ignoring the downgrading from the staff behind me I again addressed the deliberate pain grip in my bicep by Lt. McKellar. McKellar just looked at me and shook his head without saying anything. Another one of the escorting staff behind me started to chuckle and said, "that is the reason Barr choose you a s one of the first to be executed because of all the problems you cause through filing on us. Everyone is tired of that b.s. you continue to file against us - now you are about to die for it." Lt. McKellar literally ignored what was being said, and did not relent on his grip into my bicep until I was actually inside the upper treadmill recreation room.

9. The evening of September 21st., 2019/Sunday C.O. Hasler at approximately 3:45 or thereabout brought me my evening supper meal and went to hand it to me through the exterior solid bos-car cell door - and when I advised him that I was going to reach clearly outside the cell and grab that - and that policy mandates that he has the exterior cell door open - he became irate slamming the exterior door slot and started cussing. When I hollered asked him what the OIC's name was he refused to provide it. Approximately fiftten minutes later Hasler returned with the evening suffer meal and the outside exterior cell door was open allowing him to set the food down on my interior cell door slot. "I hope that this makes you happy," he told me. He then proceeded down the range serving the supper meal to the other four inmates, and he continued to disparage me as he did. "always crying about he said, and keep up the denigration as he passed out the meals to the different inmates. After he picked up trays and trash from the other four inmates on the range I stopped Hasler and asked him if he was going to pick up the trash that I had to set out. He gave me a dirty look and said, "yeah' I'll get to it later." After waiting an hour or so I again hollered out to Hasler and asked him if he was going to pick up the trash that I had. "You picked up everyone elses trash as you are suppose to at the supper meal, when didn't you grab mine," I asked him. "Stick that trash in your ass Purkey. I am sick and tired of listening to you whine and complain about everything." At this time I asked him to bring me the phone so I could call my daughter and he told me, "fuck you I am not bringing you shit." Shortly thereafter C.O. Raymond came on the range and I listen to him and Hasler talking acouple of cells' up from mine. Hasler explained to him weht had just occurred and Raymond told him that, "he is going to write this up, as he does everything else." "If he does write this up I'll write his ass up for lying," Hasler told Raymond. "That's why he was one of the first five to get an execution date, because of the problems that he has caused on this Unit for years upon years and everyone is sick and tired of his b.s.," Raymond told Hasler. This was about 6:10 p.m. sometime thereafter - right after Hasler made one of his fifteen minute rounds on the range - he came back by my cell and stop mumbling something. He repeated it telling me that, "if you write me up for what I told you about the trash and phone I am going to write you up for lying, and the shot will stick," he told me as he walked away from my cell. I sent Mr. Sutton a Cop Out on Monday Morning regarding this incident to document it.

10. On Thursday, Sept. 12th, 2019 I sent a Cop Out to Case Worker Shepherd requesting a copy of

4.

WP_GR100758
Ex_15-000989

regulation, policy and/or statute governing selecting and dssignating execution date's to inmates who have exhausted their appellate remedies. On Wednesday, September 18th, 2019 at 11 a.m. I addressed the status of this Cop Out with Mr. Sutton who was at my cell door hooking me up with a scheluded legal call with Ms. Law. Shepherd, nor I or Ms. Thomas has any idea what the policy ors tatute is setting the criteria for selecting and designating inmates with execution dates. "I forwarded that Cop Out to Ms. Siereveld at the Legal Department for response the same day you sent it to us," Mr Sutton told me. "So when do you expect to hear something back from Ms. Siereveld about what the policy or statute promulgation is setting the criteria for selecting inmates' for designating execution dates," I asked him. "Hopefully soon, but I really can't say for sure," Mr. Sutton said. On September 24th 2019 I received a response back with the original Cop Out afforded to Mr. Shepherd stating, "No Answer as of 9/24/19." That Cop Out is attached with this material.

11.   On September 23rd., 2019/Monday when I was being escorted from My PVS Visit with Ms. Phillips at approximately 2p.m. C.O. Nelson with Lt. Lutz and other SCU Staff members came to the visiting area to escort me back to A/Range. C.O. Nelson after unlocking the visiting room door slot left it remaining closed. As I stood there looking at him through the window - after a brief internal of 10 to 15 seconds he told me, "you need to be handcuffed behind your back, not in front." I kinda looked at him and slightly shook my head and said fine, how else would you do it, but first you need to actually open the door slot." Lt. Lutz stood at the side of the visiting room door with a smile on his face finding this exchange to be amuzing in some fashion. After C.O. Nelson open the door slot I immediately backed up to the door slot and slide my hands out the door slot. Immediately C'O. needlessly grabed my left hand and started to twist it to place the handcuff on causing significant pain in the process, and the grabed the right hand and twisted it clamping the handcuff deep into my wrist bone, as he had done with the left hand as well. He then began to twist and pry - the handcuffs upward causing excruciating pain in both wrist and when I began complaining - Lt. Lutz found my complaints to be humorous asking me in a sarcastic manner, 'What's wrong Purkey, is he hurting you?" At this point C.O. Nelson became more forceful in continuing to twist both handcuffs and at the same time press both of my hands upward in effort to double lock the handcuffs, although because of the manner Nelson had place the handcuff's on the hole for double locking them were at the bottom of the handcuffs on the inside. Another staff member stepped in and took the handcuffs' off, and replaced them on me and deadlocking without a problem, and then placed the leg irons on me. Almost immediately after stepping off the visiting room range Lt. Lutz and other staff started mocking and ridiculing me for acting like a baby. Then someone said, he'll file on you for that harassment. "That's why he's where he is now for filing all that b.s. against us and everyone here knows it. Don't worry, just acouple of more months and all that b.s. filing grievance and lawsuits will be history with that big fucking baby. Write his ass up for lying if he continues to make these stories up on us," C.O. Nelson said. I sent a Cop Out to Mr. Sutton about whether or not to include these threats of being subject to disciplinary action for lying if I included the threats in a grievance or if I should file a grievance at all. No response was afforded back from Mr. Sutton.

5.

WP_GR100759
Ex_15-000990

12. At approximately 8:30 a.m. [July 25th, 2019] after being escorted back to my cell on Upper-B-Range I was informed that the Lieutenant wanted to see and that I needed to get cuffed up and taken downstairs. I was then escorted to the multipurpose area of the SCU and left handcuffed behind my back in one of the front cages. Sometime thereafter I was escorted to another holding cell at the front entrance of the SCU and left handcuffed behind my back. After approximately thirty minutes after this I was escorted into the Unit Office where Warden Watson sit with a dozen or so other administrative staff one either side of him. After asking preliminary questions such as if I knew why I had been called out for this meeting - he went onto tell me that, "the Director of the Central Office of the BCP has selected you for an execution date, and the the Attorney General of the U.S. has scheluded that execution to take place on December 13th, 2019." Warden Watson then went onto explain about filing for clemecy, disposal of the body and/or remains, requesting a last meal and things of that nature. When I asked him what policy, statute or regulation set the criteria for the Central Office Dicector utilizing in making the selection of what inmates' would be scheluded executions first from all the death row inmates who have exhausted their appellate remedies he advised me that, "I have absolutely no idea what the policy or statute is that the Central Office Decetor utilized in mading his decision which inmates were to be executed first.

13. After this pronouncement occurred I was returned to the same holding cell at the front entrance of the Unit and left again handcuffed behind my back. Sometime later several members of the S.O.R.T. with a Lieutentant came to escort me to the Infirmary Area where the full body scanner is located, and relieved me of the handcuffs from behind my back and replaced them with front cuffing and belly chains, plus leg irons. One of the escorting team asked me how I was doing after being given that news. "Really didn't expect it, especially because there are at least a dozen and a half of other death row inmates who ahve exhuasted their appeals years prior to mine," I said. You are to feel that way, because when they executed McVeigh, Jones and Garaz they did the executions in line when appeals had been exhausted or in McVeigh's case when he withdrew his appeals, another escorting staff said. The last inmates to be given execution dates were the first five to have exhuasted their appellate remedies which I remember well. So the reason why they are treating you guys differently is anyone's guess, and if I were in your shoes I'd be pissed about that arbitrary selection also, one of the other escorting staff said.

14. Other SCU Staff told me the following day - July 26th, 2019 that the different news reported stated that, "Barr choice us five because we have the most egregious crimes on the Unit." This claim was repeated acouple of different times to me throughout the week.

6.

WP_GR100760
Ex_15-000991

VII. Injuctive  Relief:

VIII.  Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that the Court:

A.  Declares that the acts and omissions described herein violationed the Plaintiff's rights under the First and Fifth Amendments to the United States Constitute:

B.  Order that the defendants pay compensatory damages in the aount of $25,000 collectively;

C.  Order that the defendants pay punitive damages in the amount of $50,000 collectively;

D.  Order that the defendants provide the injunctive as set forth through the applicable cause of action requesting injunctive relief;

E.  Order the defendants to pay reasonable attorney fees and cost of this action:

F.  Grant other just and equitable relief relief that this Honorable Court deems just and necessary.

WP_GR100761

Ex_15-000992

<u>Signed Under Declaration Of Penalty Of Perjury</u>

The undersigned does attest to the foregoing under pains of perjury pursuant to 28 U.S.C. § 1746 that it is true and correct to the best of his knowledge and beliefs. Signed and executed on this _____ of _____, 2019.

_____
Wesley I. Purkey / declarant

WP_GR100762
Ex_15-000993

Case 2:19-cv-00517-JRS-DLP   Document 1   Filed 10/28/19   Page 1 of 13 PageID #: 1

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,
    Plaintiff,

vs.

WILLIAM BARR,
UNITED STATES ATTORNEY GENERAL,

HUGH HURWITZ,
DIRECTOR OF THE FEDERAL BUREAU OF PRISONS,

J. T. WATSON,
COMPLEX WARDEN / UNITED STATES PENITENTIARY
      TERRE HAUTE, INDIANA

(FIRST NAME UNKNOWN) TAYLOR, Captain
UNITED STATES PENITENTIARY AT TERRE HAUTE, INDIANA

    Defendants.

Case No.# 2:19-CV-00517-JRS-DLP

WITH A JURY TRIAL DEMAND

# FILED

OCT 28 2019

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## C I V I L   R I G H T S   C O M P L A I N T

The Plaintiff, Wesley I. Purkey, acting pro se herein who is currently awaiting Execution at the United States Penitentiary at Terre Haute, Indiana on December 13th, 2019 by Lethal Injection, brings this Civil Rights Complaint pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents,</u> 403 U.S. 388; 91 S.Ct. 1999 (1971) seeking both redress and remedy through Injunctive Relief, as well as through a declaratory judgment, and as well as through compensatory and punitive damages for the defendants egregious violations of his rights of equal protection under the law in violation of tenets under the Fifth Amendment to the United States Constitution by the defendants deliberate arbitrary selection of his execution date, which was substantially motivated by his protracted jailhouse lawyering in violation of his rights set forth through tenets of the First Amendment to the United States Constitution. Further, Purkey seeks redress and remedy, as well as a declaratory judgment and damages for the defendants subjecting him to acute sleep deprivation since he was designated with an execution date which coninues to date undaunted in violation of the Eighth Amendment to the United States Constitution.

1.

PS000001

Ex_15-000994

## I.   JURISDICTION

1.   The Plaintiff brings this action pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents, supra</u>, whereas this Court has jurisdiction under 28 U.S.C. §§ 1331 & 1332. Further' the Court has jurisdiction of the plaintiff's request for a declaratory judgment pursuant to 28 U.S.C. § 2201.

## II.   VENUE

2.   The District Court of the Southern District of Indiana is the appropriate venue under 28 U.S.C. § 1391(b0(2) because a substantial part of the events or omissions giving rise to the claims presented herein occurred within the district of this Court.

## III.   Parties

3.   Plaintiff Wesley I. Purkey was at all times relevant to this action a prisoner incarcerated at the United States Penitentiary at Terre Haute, Indiana, which is located in the Southern District of Indiana.

4.   Defendant William Barr was at all times relevant to this Complaint the Attorney General of the United States, and was acting for all purposes of this action was acting under color of federal law. He is sued in both his individual and official capacities.

5.   Defendant Hugh Hurwitz was at all times relevant to this Complaint the Central Office for the Bureau Of Prisons, and for all purposes of this action was acting under color of federal law. He is also being sued in both his individual and official capacities.

6.   Defendant J. T. Watson was at all times relevant to this Complaint the Complex Warden at the United States Penitentiary at Terre Haute, Indiana, and he was acting for all purposes of this action was acting under color of federal law. He is also being sued in both his individual and official capacities.

7.   Defendant Taylor ( first name unknown) was at all times relevant to this Complaint the Captain of Security at the United States Penitentiary at Terre Haute, Indiana, and for all purposes of this action was acting under color of federal law. He is in turn being sued in both his official and individual capacities.

IV.   <u>Exhuastion Of Administrative Remedies Pursuant To 42 U.S.C. §1997(e)</u>

2.

PS000002

Ex_15-000995

8.    Exhaustion Should Be Excused Herein Because: 1) the plaintiff faces irreparable harm from the delay incident to pursuing administrative remedies; 2) there is substantial doubt whether the defendants within the lower ranking Agency of the BOP are empowered to grant or render relief; 3) the defendants have indicated predetermination of given issues rendering exhaustion futile.

V.    General Facts Related To And Supporting The Plaintiff's Claims

9.    On July 25th, 2019 at approximately 8:30 a.m. the plaintiff was escorted by Captain Taylor to the Special Confinement Unit's (SCU) Unit Team Office where Warden J. T. Watson was positioned with approximately ten or eleven other Executive and/or Administrative Staff. Being seated by Captain Taylor directly in-front of the Warden across the table he advised me that, "the Director of the Central Office has selected you for execution and the Attorney General of the United States has scheluded your execution for December 13th, 2019. Warden Watson then went onto explain and handing me a packet of materials that Purkey had a right to file for clemency, to designated the manner in which he wanted his body to be disposed of, and as well that he had a right to request a last meal from anyone of the menus that he afforded to hi. Warden Watson then asked Purkey if he had anything to say or any questions pertaining to what he had just been told. Yes' I do have Purkey said, "I would appreciate knowing the BOP Policy or Regulation, and/or statutory law that set the criteria for me to be selected for execution, whereas there are at minimun fifteen or more other inmates who have fully exhausted their appellate remedies prior to me." "I have absolutely no idea what policy or regulation was utilized by the Director of the Central Office in selecting you for execution or the policy or regulation utilized by the Attorney General in approving and setting the date of your execution," Warden Watson Responded.

10.    Thereafter' Purkey was escort by a Lieutenant and three other USP/TH Staff Members to the Infirmary Area of the facility for a full body scan to be performed. During the escort one of the staff member's asked me, "why do you think taht you were chosen for execution?" "To tell you the truth," Purkey told him, "I really didn't expect it, but I really am not one of their favorite camper's here, am I." Another one of the escorting staff said that, "this is a little odd isn't it, especially seeing that their are at least a dozen or more death row inmates who have completely exhausted their appellate remedies that I know of and you would think that the selection process would take such death row inmates in some semblence

3.

PS000003

Ex_15-000996

of individuals who had fully exhausted their appeals." Another escorting staff entered the conversation saying that, "when McVeigh, Garaz and Jones were executed they were executed in the order of their appeals being exhausted, although McVeigh did withdraw his appeals." He went to say that, "the last five inmates who were given execution dates when selected in the order of their appeals' being exhausted. Here it is really difficult to fathom why they selected the five individuals, you included who have all exhausted your appeals years after those particular inamtes and several others as well. "One of the other escorting staff remarked on the way returning from the array being performed that, "I don't blame you for being pissed, because I'd definitely be pissed as well at the glaring abbitrary selection that is taking place now."

11. The following day when SCU Staff and a Lieutenant were escorting me to recreation one of the staff members who I have a decent rapport with asked me if I had seen the news report about why the Attorney General Barr had selected the five federal inamtes that he did for execution. In responding and telling him that I had not he went onto tell me that, "Barr said that he had selected th five different inmates that he had to be executed at this time because they are the most despical inmates on the Unit. The other SCU Staff and Lieutentant escorting Purkey to recreationa cknowledge seeing this same news report as well. This same news report was brought to my attention by several different staff members during the week and one particular SCU Staff Members told me that your selection for an execution date to be set by Barr is based on your zealous filings of administrative remedies and filing so much different litigation in the courts against these people. I advised this particular staff member that, "I know that, as does anyone else who has spent anytime on this unit."

12. On the morning of August 21st., 2019 Purkey was taken from his cell, A-313 by Lt. Parker and Captain Taylor for his refusal to be seen by the Psychiatrist. While being escorted from his cell to the holding cell at the front entrance of the SCU staff members escorting Purkey began to ridicule him telling him amongst other things that, "you cause your own problems on this unit with all of the b.s. filings taht you do, causing everyone problems, and then you cry like a baby about the repercussions you suffer because of such," one of the escorting staff members told Purkey. One of the other escorting staff laughed sarcastically saying that, "we won't have to worry about that much longer - thanks to our buddy Barr. And I can't wait for that to happen." When Purkey was utlimately returned to his cell sometime later,

4.

PS000004

Ex_15-000997

it had been ransacked and left in total disrray.

13.   The morning of August 23rd., 2019 after addressing issues with Lieutenant Martin about being constantly awaken by A-Range Staff every fifteen minutes escorting staff taking Purkey to recreation began to ridicule him. "All you do is cry and file f--- grievance and law suits on everyone here. Everyone knows why you were one of the first five to get selected to make your maker and everyone cannot wait until that happens," one of the four member escorting team told Purkey.

14.   On August 31st., 2019 at approximately 12:50 a.m. Purkey was waken by staff standing at the from of his cell holding a glaring flashlight directly in his face, as he laid down in his bunk. This was the third time in approximately a half of an hour that someone/ staff had came to his cell holding a flashlight directly in his face. It was not until Purkey actually climed out of his bunk and confronted the staff who relentless was holding the flashlight directly in his face. "What are you doing?" Purkey asked him. When Purkey asked him for his name he responded that, "I'll give you something with my name on it," he told Purkey in a irate manner. Of course Purkey knew, as everyone does that this remark meant that, 'you write me up - you file a grievance on me then I am writing your a incident/disciplinary report." This staff member then turned and walked away from Purkey's cell telling the A-Range Staff Member, C.O. Pruitt that, "that guy is the biggest piece of shit on the Unit and I cannot wait for his to take that needle for all the b.s. he has caused us with his b.s. filings on us for anything and everything."

15.   On August 26th, 2019 C.O. Slather (misspelled) was assigned to work A-Range or Execution Range as many Stt Members reference it. Working the evening shift Slather became highly agitated when Purkey ± asked him to have the exterior cell door open when he was delivering the supper meal, and again when he returned to pick inmate's trash up. The trash bag Purkey tried to put outside his cell to the outer exterior cell door broke spilling trash in the exterior area of the cell, where C.O. Slather refused to open the cell door to pick up and left lying where it had fallen. Sometime thereafter Slather brought Purkey's laundry bags to his cell, openning the exterior cell door slot and tossed the laundry bags on-top of the trash that was lying in the exterior section of Purkey's cell. When Purkey complained to Slather about his malicious actions and told Purkey amongst other things to "go f --- yourself." He then walked to the front of the range ands tarted talking with SCU Staff, C.O. Raymond. Purkey could easily hear the disparaging comments that Slather and Raymond were making about him saying that, "that guy is one of the biggest pieces of crap on this Unit, and that is why Barr selected him as one of the first three to take that needle," Raymond said. "I have heard about the dozens

5.

PS000005

Ex_15-000998

of grievances that he has filed, as well as lawsuits that are generally always dismissed as being piece of crap just as he is," Slather told Raymond. This little belittling session last a good fifteen to twenty minutes between the two of them This was not the first time that these two SCU staff had ridiculed and scorned Purkey, as they had did the same thing the previous week on laundry day as well.

16. At approximately 1 a.m. on September 11th, 2019 A-Range Staff and SCU Staff started socializing on the Range waking Purkey up, as he had already been repeatedly woke up throughout the night since the morning shift A-Range Staff had arrived at around 11:20 p.m. After making complaints one of the staff member's said to the other, "listen to that guy whine, all he does is cry. That piece of shit killed some young girl and an old lady and now all he does is cry. I can't wait for them to kill his old ass - and everyone loves Barr for selecting him as one of the first to go," Again at around 3 a.m. the same two staff members were at the front of the range having the time of their life's laughing and socializing. After Purkey again addressed the protracted and ongoing noise and asking them to stop and allow him and everyone else on the range to get some sleep they began another tirade of disparaging remarks against Purkey. "The A-Range Staff told the SCU Staff that, "you know that he is going write this up as he does everything else." "yeah' he is good at doing that and filing his b.s. downtown as he is always doing for other inmates," he reponded. "Fuck him," I'll talk with you later the SCU Staff told the A-Range Staff as he left the range.

17. On Sunday Evening, September 15th, 2019 Purkey addressed the picking up of laundry bags with C.O. Johnson who was assigned to work A-Range on that date. As Purkey explained to Johnson who was not familiam with the Unit that this was not their usual laundry date, but as notice was given via Trulincs this date that due to a power outage the SCU's laundry was being done on this date instead of their usual laundry scheluding. C.O. Johnson returned telling Purkey that both Gilem and Raymond said that they didn't know anything about it and that they were not picking laundry up. When Purkey advised C.O. Johnson that all Gilem and Raymond had to do was check the 'Bulletin Board via Trulincs" and verification of the date change would been readily seen. Purkey heard C.O. Johnson at the front of the range telling Gilem and Raymond what he had just related to him. Gilem responded saying, "thank god for Barr selecting that guy as one of the first five to go - everyone is tired of his b.s. If he keeps this b.s. up I am going to write his ass up and he'll lose all the little privileges that he still has remaining. All he does is cause problems, File on this and file on that." "Fuck that guy, Barr is

6.

PS000006

Ex_15-000999

told me, "what's wrong Purkey, is he hurting you." At this point C.O. Nelson became forceful and agitated because he was not able to deadlock the handcuffs, and he began to forcefully lift and press both of my hands upward causing excruciating pain. When I asked him, "what are you doing man, You have the handcuffs on backwards and the key holes are on the inside." At this point another SCU Staff came to the visitation door taking the handcuffs off of me and replaced them easily dead-locking them thereafter. Almost immediately after being taken from the visitation room Lt. Lutz and the other escorting staff began to mock and ridicule me. "One of them said in behind me that, "he'll file on you Nelson wait and see." "That is why our fine Attorney General give him one of the first three slots to be executed, isn't it," Nelson said. "That's O'kay, one of the other SCU Staff said, just afew more weeks and that filing of grievance and lawsuits will be history and that big baby will be in the ground."

18.    On October 5th, 2019 at approximately 4:40 p.m. C.O. Hasler told the Officer In Charge (OIC) Owens who was at the cell lockbox at the front of the A-Range that, "Purkey is complaining about you not openning the outside cell doors for supper trays to be served which he said is how meals are to be served." "Purkey is an asshole; fuck him. I wish to hell Barr had taken that piece of shit to the alittle white house on the corner along time ago. Cannot wait until we kill that piece of shit," Owens said.

19.    After C.O. Hasler continuously shined his flashlight directly in Purkey's face everytime that he made rounds which was every fifteen minutes on the range Purkey turned his cell light on and left it on, whereas Purkey's complaints to C.O. Hasler about the abusive treatment he was told that, "we do whatever we want around here. You won't be here much longer anyway." At approximately 9:20 p.m. Purkey was woke - up by SCU Staff Richie and another C.O. (name unknown) beating on Purkey's cell door. When C.O. Richie and the other C.O. came back up the range Purkey asked them, "why are you pounding on my cell door waking me up when I have my cell light on and you can easily see me lying in bed"? "Die M.F.er - die," the other C.O. said and then both Richie and him started laughing. "So you think that it is funny keeping me awake and harassing me," Purkey asked them as they we're leaving the range. "You'll have time to sleep when you are dead in the near future," C.O. Richie said and they both continued to laugh. Shortly after this OIC Owens came to Purkey's cell and he asked Purkey, "what the f--- is wrong with you?" "I don't appreciate being repeatedly waken up by your staff," Purkey told him. "Also I would appreciate the name of the

7.

PS000007

Ex_15-001000

other officer who was with Richie when they were on the range pounding on my cell door at 9:20 and to know why they are constantly waking me up." "The officers names are Bob and John, and we will wake your fucking ass up whenever we want," OIC Owens told Purkey and then proceeded back off the range. Walking off the range Owens told C.O. Hasler that, "that guy is a real piece of shit can't wait for them to kill his ass."

## VI.   CAUSE OF ACTION   Count   One

Purkey Was Denied Equal Protection Under The Law In Violation Of The Fifth Amendment To The United States Constitution In The Arbitrary And Discriminatory In Both The Selection Processes Utilized By The Defendants In Selecting Him For Execution And Date Scheluded

20.   Plaintiff incorporates paragraphs (9) thr (19) as though they were stated fully herein.

21.   After Purkey was advised by Warden Watson of the date that Defendants Barr and Hurwitz had designated for Purkey's execution to occur he then requested the criteria, policy and/or any other promulgation utiled by the defendants in making their selection of him for execution amongst the many other death row inmates who had fully exhausted their appellate remedies years prior to him. See ¶9. Warden Watson had absolutely no idea what the applicable BOP Policy, statutory prmulgation and/or criteria utilized by defendant Barr or Hurwitz in selecting me per se for execution in-lieu of the dozen or more of other death row prisoners who had fully exhuated their Capital Appellate Remedies years prior to mine being exhausted.

22.   Throughout the month of August, 2019 Purkey diligently requested the policy, statutory provision and/or any other criteria utilized by the defendants in selecting him for execution prior to the irrefutable dozen or more of other federal death row inmates who had fully and completely exhausted their capital appellate remedies before him. Neither Case Worker Sutton, Unit Manager Thomas or Case Manager Shepherd had any idea what-so-ever what policy or other provisions was utilized by Barr and Hurwitz in selecting him for execution. See Appendix (A). On October 1st., 2019 USP/TH Legal Department readily clarified that they was not aware of what if any official promulgation was utilized by defendants' Barr and Hurwitz in selecting me or setting my execution date. See Appx. (B). What USP/TH Legal Department did speciously contend that, "28 CFR sec. 26.1 et seq." was the criteria which I satisfied for an execution date to be scheluded. See Appx (C). Contrary to USP/TH Legal Dept.'s contentions otherwise this given Code of Federal

8.

PS000008

Ex_15-001001

Regulation addresses the Date, Time, Place, and Method of Execution in the most vage clanguage possible, but does not establish and criteria or promulgating for selecting an inamtesor inmates for scheluding execution dates.

23.  Here the defendants cannot deny the glaring arbitrariness of the application of selecting Purkey for execution over the dozen or more inmates who have irrefutably exhausted thier capital appellate remedies years prior to Purkey. Here the defendants cannot confer power on themselves in the selection process of who will selected for execution first and so forth, whereas they must comply with their own policies and regulations in determining the selection process for sechelduing different inmates for execution. The defendants have refused to provide the authority or criteria utilized in such selection process in designating Purkey to die on December 13th, 2019. The defendants Barr and Hurwitz are treating Purkey different than other inmates who are similarly situated who have exhausted their capital appellate remedies years prior to his and such disparate treatment is being done without any legitimate reason.

### Count    Two

#### The Defendants Did Treat The Plaintiff Differently Than Other Inmates Similarly Situated Denying Him Equal Protection Of The Law Because Of His Jailhouse Lawyering Activities In Violation Of The Fifth Amendment To The United States Constitution In Selecting Him For Execution

24.  It is irrefutable that over a dozen or more federal death row inmates have fully exhuasted their capital appellate remedies prior to Purkey doing so, and yet the defendants' have selected Purkey for execution prior to anyone of the other dozen or more death row inmates, and has did so without any legitimate reason what-so-ever. This brings to bear the ultimate reason for the gross dis-parate treatment and that being Purkey's protracted jailhouse lawyering activities, which underscores such arbitrary selection. See pargraphs (9) thr (23) which Purkey incorporates herein as though they were fully stated herein.

### Count    Three

#### The Defendants Have Engaged In "Reverse Discrimination" In Violation Of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981 in selecting And Designating Purkey For Execution Over The Other Other Dozen Or More Inmates Similarly Situated Who Irrefutably Fully Exhausted Their Federal Appellate Remedies Years Prior To Purkey Whereas Such Discrimination Is Based On Race

9.

PS000009

Ex_15-001002

25. The Plaintiff incorporates paragraphs (9) thr (24) as though they were stated fully herein.

26: Prior to Purkey being selected for execution and dsignated an execution date all such similarly situated inmates have been selected for execution and given designated execution dates based "solely" on when that particular death row inamte had exhausted their capital appellate remedies. See ¶10 herein. This was true with the very first three inmates whom were selected for execution and designated with execution dates, whereas such selection and designation occurred in such sequence. id. Whereas' the next five federal death row inmates who were selected and designated with execution dates as well received such in sequence of when they each had fully exhausted their federal appellate remedies. id. At that time in 2005-2006, as well as some years prior to such selection and designated execution dates a cloud of racial discrimination hanged over the federal death penalty and its application itself. All five inmates selected for and given designated execution dates in 2005-06 were black inmates and in each of their litigation spawn from such selection and designation were challenges made to the racial discrimination of the federal death penalty itself. Purkey had yet to avail himself of his federal appellate remedies until 2012 - six or seven years after the other inmates who had been selected and given designate execution dates, whereas at least a dozen or more similaarly situated inmates had exhausted their appellate remedies prior to Purkey in 2012 and yet Purkey was selected and designated with an execution prior to them without an legitimate reason for the gross disparate treatment. The reason for such gross disparate treatment is discriminatory based on race, whereas Purkey being white was choosen to preslude the cries of racial discrimination permeating the federal death penalty itself bringing to bare the "reverse discrimination" that underscores his selection for execution and being designated a execution date prior to those dozen or more inamtes, including the five original inmates selected and designated with execution dates in 2005-06 who are all black.

27. There is no logical reason that the defendants treatment of Purkey who exhausted his appellate remedies at minimu six or seven years after the original five federal death row inmates did their appellate remedies and had been selected for execution and designated with execution dates other than race. Priro to Purkey being selected and designated with an execution date all federal death row inmates were selected and designated with execution dates based on the sequence of exhausting their appellate remedies. Whereas' the defendants Barr and Hurwitz have selected Purkey who is white to obviate allegations and challenges of the kind faced back in 2005-06,

10.

PS000010

Ex_15-001003

based on race discrimination against black's.in application of the federal death penalty. Here it is irrefutable that there are at minimum a dozen or more blacks who had fully and completely exhausted their appellated remedies six or seven years prior to Purkey doing so and not so much as one of them were tentatively selected for execution and designated execution dates by the defendants, whereas all such similarly situated death row inmates had been selected and designated execution dates in sequence of exhuasting such appellate remedies up until now.

### Count    Four

<u>Purkey Has been Subject To Cruel And Unusual Punishment In Violation Of The Eighth Amendment To The United States Constitution By The Defendants By The Defendants Deliberate Subjecting Him To Protracted Sleep Deprivation</u>

28. Plaintiff incorporated paragraphs (9) thr (28) as though they were stated fully herein.

29. The defendants Warden Watson and Cpt. Taylor has established a policy mandating that all inmates with execution dates be accounted for (making such that that are alive an breath) every fifteen minutes since they were designated with execution dates on July 25th, 2019. <u>See Appx. (D).</u> Purkey has and continues to suffer acute sleep deprivation because of this policy mandate of being awaken every fifteen minutes of every day since receiving his December 13th, 2019 Execution date on July 25th, 2019. Purkey has addressed this purported policy/order issued by Warden Watson and carried out by Cpt. Taylor with both of these officials. <u>See Attached Appx. (D) ¶ 1.</u> Warden Watson advised Purkey with Cpt. Taylor present that, "he does not have a problem with staff making sure that are awake and alive every fifteen minutes or so - as long as they are not shaking the cell door's or making noise of one sort or another. Purkey then went onto ask Warden Watson, "so you mean that I am not entitled to sleep because I have an execution date and that you condone your staff needlessly waking me up despite my cell light being left on so they have a vivid view of me lying in bed within this concrete cell." Warden Watson responded unequivocally that, "that is right, as long as they are only waking you up with their flashlight - then they are in compliance with my policy." <u>id.</u>

30. Purkey's cell on A-Range, as with all of the other cell's on the range have camera's at the upper-right corner of the exterior wall, which maintains a clear view of the entire center section of the cell.

31. Because of the constant waking up by staff making fifteen minute rounds on the range, and/or other staff making rounds as well as those fifteen minute rounds

11.

PS000011

Ex_15-001004

Purkey has and continues to suffer acute sleep deprivation suffering acute anxiety, fatigue, severe chest pains, escalated heart rates, severe headackes and disorientation.

### VII.    Preliminary Injunction Relief

#### Purkey Request That The Court Grant Him A Preliminary Injunction Relief In Combination With A Request - To Expeditie Discovery

Pursuant to Federal Rule of Civil Procedure 65(a), Purkey does request that the Court issue a preliminary Injunction ordering that the defendants provide "all aarecords, documents, policies and/or other materials that they utilized in selecting Purkey for Execution prior to the dozen or more other death row inmates who had exhausted all of their appellate remedies years prior to him." Here Purkey has shown that he is likely to prove at trial that the defendants violated his rights; 2) he will likely suffer irreparable harm if the court does not issue the requested preliminary injunction; 3) thje threat of harm that Purkey faces far outweighs any harm that the preliminary injunction could cause the defendants; and 4) the requested preliminary injunction wills erve the public interest. The Supreme Court has clarified that to win an injunction, an inamte such as Purkey must shown that they are under an "actual or imminent injury." Lewis v. Casey, 518 U.S. 343, 349-50, 116 S.Ct. 2174 (1996).Here Purkey is under an "imminent threat of actual ahrm", i.e. execution date of December 13th, 2019, whereas the Injunctive Relief requested has been narrowly drawn and extends no further than necessary to correct the violation of Federal Rights, Hutto v. Finney, 437 U.S. 678, 687, 98 S.Ct. 2565 (1878) and is the least intrusive means necessary to correct those violations of Federal rights. id. Whereas Purkey' respectfully request that the Court grant such injunctive relief requested in "expediting discovery" as requested herein.

### VIII.    Prayer For Relief

WHEREFORE, Plaintiff respectfully prays the Court:

A.  Declare that the acts and omissions described herein violated the Plaintiff's Rights under the First, Fifth and Eighth Amendments to the United States Constitution;

B.  Order that the defendants pay compensatory damages in the amount of $25,000 collectively;

C.  Order that the defendants pay punitive damages in the amount of $50,000 collectively;

D.  Grant Plaintiff's requested Preliminary Injunctive Relief;

E.  Order that the defendants pay reasonable attorney fees and cost of this action;

12.

PS000012

Ex_15-001005

F.    Grant other just and equitable relief that the Court deems just and fair.

## Signed Under declaration of Penalty Of Perjury

The undersigned does attest that the above and foregoing statements, facts and claims are true and correct to the best of his knowledge and beliefs pursuant to 28 U.S.C. § 1746. Executed on this 11th day of October, 2019.

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, INdiana 47808
Plaintiff / pro se

13.

PS000013

Ex_15-001006

Appx. (A) p. 1 of 1    COP OUT

MR. Shepherd

Turkey 14679-045
SCc A-313

Please provile me with either the statutory, Regulatory and/or administration policy promulgating Designation of inmate's execution selection and Rating. As was utilized in my perticular case:    thank you!

9/18/19

cc: Warden J.T. Watson
      MR. George Koudos (off.

Sat to legal
9-17-19  6:15 AM

No Answer as
of 9-24-19 8AM

PS000014

Ex_15-001007

Case 2:19-cv-00512-JRS-DLP   Document 1-2   Filed 10/28/19   Page 1 of 1 PageID #: 15

## TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

-------------------------------------------------------------------------------------------

FROM: 14679045
TO: Legal
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 10/04/2019 08:50:31 AM

To: K. Siereveld
Inmate Work Assignment: ua

So you are telling me that Warden Watson who announced my execution date is not knowledgable of the authority that the BOP Director utilized in designating which dead row inmates - which death row inmates would be eligible for execution dates to be given. Was such selection of myself and the other four (4) death row inmates totally selected at the BOP Director's discretion w/o any promulgated criteria for making such determination(s). Totally random in other words! Please clarify if that was the case! Thank you very much for your attention to this matter!
cc: file; Ms. Michelle Law/Springfield, MO
-----Legal on 10/1/2019 1:42 PM wrote:

>
We do not have any further information outside of the fact that you meet the criteria based on 28 CFR sec. 26.1 et seq.
~K. Siereveld

>>> ~^!"PURKEY, ~^!WESLEY IRA" <14679045@inmatemessage.com> 10/1/2019 11:52 AM >>>
To: K. Siereveld
Inmate Work Assignment: ua

I had sent Mr. Shepherd a Cop Out several weeks back requesting the criteria/policy/statutory promulgation utilized in "selecting inmates' for scheluding them with execution dates, and yet he provided me with a CFR which only dealt with carrying out execution's not the criteria UTILIZED in selecting inmates' for designation with exdecution dates. More than 15 inmates fully exhausted their appellate processes prior to mine and yet I was one of the first five receive a execution without so much as one of those 15 inmates being designated. I am again reqeusting the 'criteria', policy and/or statutory provision setting forth the criteria for selecing inmates for designating them with execution date. If the BOP Director has unfettered discretion is making this determination - in selecting whatever death row prisoner's that he deems appropriate for execution's then please afford me with such authority authorizing such unfettered discretion, and/or the authority setting forth the criteria for such determination to occur. Thank you for your attention to this matter!\
cc: file;Ms. Michelle Law/Springfield, MO

PS000015

Ex_15-001008

*Parker* / Appx. (C)

# 28 CFR Part 26-Death Sentences Procedures

## §26.1   Applicability.

The regulations of this part apply whenever a sentencing hearing conducted in a United States District Court has resulted in a recommendation or determination that a criminal defendant be sentenced to death for commission of an offense described in any federal statute.

## §26.2   Proposed Judgment and Order.

(a) Whenever this part becomes applicable, the attorney for the government shall promptly file with the sentencing court a proposed Judgment and Order. The proposed Judgment and Order shall state, in addition to any other matters required by law or otherwise appropriate, that:

(1) The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

(2) The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

(3) The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons; and

(4) The prisoner under sentence of death shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence.

(b) The attorney for the government shall append to the proposed Judgment and Order a Return by which the designated United States Marshal may inform the court that the sentence of death has been executed.

## §26.3   Date, time, place, and method of execution.

(a) Except to the extent a court orders otherwise, a sentence of death shall be executed:

(1) On a date and at a time designated by the Director of the Federal Bureau of Prisons, which date shall be no sooner than 60 days from the entry of the judgment of death. If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted;

(2) At a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons;

(3) By a United States Marshal designated by the Director of the United States Marshals Service, assisted by additional personnel selected by the Marshal and the Warden of the designated institution and acting at the direction of the Marshal; and

(4) By intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal.

PS000016

Ex_15-001009

(b) Unless the President interposes, the United States Marshal shall not stay execution of the sentence on the basis that the prisoner has filed a petition for executive clemency.

# §26.4  Other execution procedures.

Except to the extent a court orders otherwise:

(a) The Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Warden shall notify the prisoner as soon as possible.

(b) Beginning seven days before the designated date of execution, the prisoner shall have access only to his spiritual advisers (not to exceed two), his defense attorneys, members of his family, and the officers and employees of the institution. Upon approval of the Director of the Federal Bureau of Prisons, the Warden may grant access to such other proper persons as the prisoner may request.

(c) In addition to the Marshal and Warden, the following persons shall be present at the execution:

(1) Necessary personnel selected by the Marshal and Warden;

(2) Those attorneys of the Department of Justice whom the Deputy Attorney General determines are necessary;

(3) Not more than the following numbers of person selected by the prisoner:

(i) One spiritual adviser;

(ii) Two defense attorneys; and

(iii) Three adult friends or relatives; and

(4) Not more than the following numbers of persons selected by the Warden:

(i) Eight citizens; and

(ii) Ten representatives of the press.

(d) No other person shall be present at the execution, unless leave for such person's presence is granted by the Director of the Federal Bureau of Prisons. No person younger than 18 years of age shall witness the execution.

(e) The Warden should notify those individuals described in paragraph (c) of this section as soon as practicable before the designated time of execution.

(f) No photographic or other visual or audio recording of the execution shall be permitted.

(g) After the execution has been carried out, qualified personnel selected by the Warden shall conduct an examination of the body of the prisoner to determine that death has occurred and shall inform the Marshal and Warden of his determination. Upon notification of prisoner's death, the Marshal shall complete and sign the Return described in §26.2(b) or any similar document and shall file such document with the sentencing court.

Ex_15-001010

(h) The remains of the prisoner shall be disposed of according to procedures established by the Director of the Federal Bureau of Prisons.

# §26.5  Attendance at or participation in executions by Department of Justice personnel.

No officer or employee of the Department of Justice shall be required to be in attendance at or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the officer or employee, or if the employee is a medical professional who considers such participation or attendance contrary to medical ethics. For purposes of this section, the term "participation" includes personal preparation of the condemned individual and the apparatus used for execution and supervision of the activities of other personnel in carrying out such activities.

28 CFR Part 26-Death Sentences Procedures Subpart A only goes 26.1-5. Subpart B-Certification Process for State Capital Counsel Systems is 26.20-23. There is no 26.6-10 and consequently would defer any further to your Legal Counsel.

PS000018

Ex_15-001011

Case 2:19-cv-00517-JRS-DLP   Document 1-4   Filed 10/28/19   Page 1 of 1 PageID #: 19

Appx. (D) p 1 of 1

Wesley Ira Purkey #14679-045



Warden J. T. Watson

<u>Facts Underscoring Warden Watson & Cpt. Taylor's Tactic Policy which abuses of Execution Confinement Is Predicated On:</u>

As thoroughly documented in the past since being place on Execution Range / July 25th, 2019 that Warden Watson and Cpt. Taylor has established a tactic written policy mandating that inmates with execution dates be woken up every fifteen minutes to determine that they are still alive. Through several different written commurciations, i.e. Cop Out(s) and email afforded to both Warden Watson and Cpt. Taylor since July 25th, 2019 I have addressed the ongoing, protracted and chronic problem of being denied sleep by both SCU Staff and Staff Assigned to the Execution Ranges, as well as different Lieutenant(s) making rounds on the Range which in the most part have not received responses. On Sept. 5th, 2019 during administrative rds on Execution Range Warden Watson had the exterior door of my box-car cell door(s) open, whereas he entered such exterior of my cell and asked me if I had any issues to be addressed. I immediately addressed both SCU Staff, as well as SCU Staff Assigned to Execution Range constantly waking me up by holding a five battery flashlight in my face when they made rounds which consisted of at minimum every fifteen minutes and/or rounds being made sometimes at brief intervals of "within minutes apart from rounds being made". Warden Watson in response unequivocally clarified that, "I do not have a problem with staff making sure that you are awake and alive every fifteen minutes or so - as long as they are not shaking the cell door's or making noise of one sort or another," he told me. When sought additional clarification asking him, "so you mean that I am not entitled to sleep because I have an execution date and that you condone your staff needlessly wakingme up despite my cell light being elft on so they have a vivid view of me lying in bed within this concrete cell," I asked him. "That is right,d as long as they are only waking you up with their flashlight - then they are inc ampliance with my policy," Warden Watson told me.

This same night C.O. Pruit made her initial rounds on the Range at approximately 11:35 p.m. shining her flashlight directly into my face and holding it there. She made around round at approximately 11:58 p.m. performing the very same tactic that she initially did waking me up yest again. Within a few minutes another SCU Staff member made rounds on the range and with his flashlight illuminating my cell and pointed directly in my face he held it there for several seconds until confronted him with his malicious deliberate actions. Unable to see who it was because of the light directly being held in my face I asked him waht his name was, and he provided me with the typical adolescent response telling me that, "I will give you something with my name on it." Of course this is the typical juvenile threat of reprisal if an inamte seeks redress for such abusive actions by staff. Within seven (7) minutes of this incident occurring C.O. Pruitt was back making yet another round on the range performing her usual abuse of shining her flashlight directly into my face, illuminating the cell and making sure that I $^{(4)}$ awake and alive. These abuses by C.O. Pruitt continued throughout the night, as they do everynight that she works on Execution Range.

On 9/06/19 at approximately 11:35 p.m. after Pruitt made her initial round oddn the range another SCU Staff member came to my cell performing rounds and stood at my cell door for at least two to three minutes holding his flashlight directly in my face until I again confront him about his continuous abusive actions. When I asked C.O. Puritt later who take C.O. was holding his flashlight in my face for a protracted period - she advised me that, "last night that officer was 'Falk'. Whether this was the same staff member performing the same abusive actions on this date I have no way of knowing.

<u>Well Established Authority Demonstrating Violation Of Well Established Law / Sleep Deprivation:</u>

Sleep is critical to maintain physical and mental well being, and conditions that cause inmate(s) to suffer sleep deprivation are held to violate well established law. See Walker v. Schult, 717 F.3d 119, 126 (2d Cir. 2013); see also Obama v. Butl, 477 Appx' 409, 411 (8th Cir. 2012). Inmates allegations of being contantly being subject to sleep deprivation by prison staff, causing them severe headackes, stress and anxiety was sufficient to state a cognizable Eighth Amendment Violation of law. See Melsy v. Schuetzle, 230 F.3d 1363, 1365, 2000 WL at *1 (8th Cir. 2000); see also Gates v. Cook, 376 F.3d 323, 340 (5th Cir. 2004); and also Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999).

The tactic policies created by both Warden Watson and Cpt. Taylor which has created the abuses causing me sever protracted, ongoing and chronic sleep deprivation, and the abuses at the hands of both SCU Staff and SCU Staff Assigned to Execution Range stands in acute violation of well established law, as described aherein.

cc: file



PS000019

Ex_15-001012

Laura Briggs
U.S. Dist. Courthouse
921 OHIO ST
Terre Haute, IN 47807

Re: Purkey v. Barr, # _____

October 21st., 2019

Dear Ms. Briggs,

Please find enclosed a Bivens Action for filing with the Court, whereas I have enclosed the original, plus an additional copy for filing with the Court, as well as a copy for each of the named defendants, totally five (5) copies, plus the original. Also please find a Motion For Appointment of counsel, as well as a Motion To file the Bivens Action Informa Pauperis pursuant to the exception of the three strikes mandated pursuant to 28 U.S.C. §1915g, whereas I have enclosed the original - plus an additional copy of each for filing with the court.

If additional information and/or documentation is needed for filing the listed materials above please advise. Thank you for your attention to these filings.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff / pro se

cc: file
    Attached listing defendants addresses
         for issuance of summons

PS000020

Ex_15-001013

Listing of addresses for Issuances of Summons:

Defendants J.T. Watson & Cpp. Taylor
USP/TH
4700 Bureau Road South
Terre Haute, IN 47802

Defendant Hugh Hurwitz
Fed. Bureau of Prison
320 First Street, NW
Washington, D.C. 20534

William Barr / Attorney General U.S.

U.S.Department of Justice
950 PennsylvaniaAvenue, NW
Washington, DC 20530

PS000021

Ex_15-001014



Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

$ 000.00

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9023 0722 4291 8265 89

L  E  G  A  L
   M  A  I  L

INMATE
IDENTIFICATION
CONFIRMED

⇔14679-045⇔
Laura Briggs
U.S. Dist. Courthouse
921 OHIO ST
Terre Haute, IN 47807
United States

RECEIVED

OCT 25 2019

U.S. CLERK'S OFFICE

LESAl
MAil

PS000022

Ex_15-001015

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

In re: Wesley I. Purkey
      / petitioner,

Case No. #_____
Case No.2:19-cv-00414-JPH-DLP(S.D.Ind.)

### Petition For A Writ Of Mandamus

The Peitioner, Wesley I. Purkey ("Purkey")-doting-prosse therein does request that the Court grant him this Petition For A Writ of Mandamus ordering that the United States District Court for the Southern District of Indiana, Judge James Patrick Hanion accept and grant Purkey's Motion to proceed pro se in his own capital habeas proceedings, and to withdraw such pleadings. In support of such request for the Court to grant him the requested Writ of Mandamus Purkey does state the following:

The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usage usage and principles of law. 28 U.S.C. § 1651£a·. See in re: Campbell, 264 F.3d 730, 731 £7th Cir. 2001·. Further' party seeking issuance of the writ must "have no other adequate means to attain relief he desires. Eisenberg v. United States District Court for the Southern District of Indiana, 910 F.2d 374, 375 (7th Cir. 1990)(petitioner must show "that immediate correction is necessary--without it the petitioner will suffer irreparable and serious injury); quoting In re: Rhone-Poulenc-Rover, 51 F.3d 1293, 1305 (7th cir. 1995). Here Petition will demonstrate that he has a right to the relief requested under the applicable standards of law for issuance the Writ of Mandamus, as well as that he does not have an

1.

PS000027

Ex_15-001016

alternative under law for gaining such releif.

Facts applicable to Petitioner's Request For A Writ of Mandamus

1.   Purkey is awaiting execution at the United States Penitentiary, at Terre Haute, Indiana scheluded for December 13th, 2019. The facts germane to Purkey's scheluded execution are set forth and delineated through Purkey v. Warden of USP/TH, Case No. 2:19-cv-00414-JPL-DLP and will not be reitated herein.

2.   Purkey sought to withdraw a Petition For Habeas Relief filed by his capital habeas counsel after they "coerced him into signing such under the pretense of filing "only the claims" which were actually in the petition that he had filed." Instead' after Purkey filed such petition Purkey's capital habeas attorneys in deceiving him then "rewrote the petition and filed it with the Court despite Purkey's being adamant that such issues were not to be sought via the petition being filed before the Court. Because of this underhanded and unscrupulous beáhvior by his capital counsel Purkey immediately filed a motion before the court to withdraw such petition which he had not approved to be filed with the court, and to the contrary had adamantly told his habeas capital counsel "not to file verbatim." Here the District Court construed Purkey's valid request that such habeas petition be withdraw into one claiming taht Purkey was trying to give "hybrid" representation in his case. See Dkt. 22. Contrary to the District Court's claims otherwise Purkey has both a valid right to represent himself at any stage of his capital proceedings, whereas under well established Supreme Court precedent Purkey's counsel was prohibited from filing with the district court the very petition that they did after Purkey repeatedly and adamantly told them not to file.

2.

PS000028

Ex_15-001017

## Purkey Has A Valid Right Under Well Established Law To Proceed Pro Se In These Capital Proceedings:

Under well established law Purkey has a vest right to represent himself in these capital habeas proceedings. Faretta v. Califorina, 442 U.S. 806, 96 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Further' Purkey's capital habeas counsel stands in acute violation of well established Supreme Court precedent in filing the immediate writ of habeas before the district court after Purkey adamantly prohibited them from doing so. (Citation Omitted). The district court in refusing to recognize his vested right to represent hismelf in this action stands in acute violation of well established law. Whereas' the district court being placed on notice that Purkey's habeas capital counsel had filed such petition, not only against his will, but did so in a unbelievable unscropulous manner should of immediately sought response by Purkey's counsel regarding the allegations being presented by Purkey. Here the district court merely ignored the irrefutable claims being presented by Purkey and utilized vividly inapposite authority to rebuff Purkey motion to withdraw the habeas petition filed by his unscrupulous counsel.

### Conclusion:

Pursuant to 28 USC § 1651(a) Purkey ask the Court to grant him the Requested Writ of Mandamus, ordering the District Court to allow Purkey to proceed pro se in his own capital habeas proceedings and in turn to grant his motion to withdraw such habeas petition.

RESPECTFULLY SUBMITTED:

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808 - petitioner

3.

PS000029

Ex_15-001018

Gino Agnello
219 S Dearborn ST
U.S. Court Of Appeals
Chicago, IL 60604

October 10th, 2019

In re: Purkey v. Warden USP/TH,                  2:19cv-00414-JPH-DLP(S.D.Ind.)

Dear Mr. Agnello,

My find enclosed my Petition For A Writ of Mandamus, whereas I have enclosed
the original, plue three copies for filing with the Court, If additional informa-
tion and/or documentation is necessary for filing and processing the enclosed
Writ of Mandamus please advise.

Thank you for your attention to such filing.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
petitioner / pro se.

cc: file

PS000030

Ex_15-001019

Case: 19-3047    Document: 1-1    Filed: 10/17/2019    Pages: 9    HABEAS (5 of 13)

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00414-JPH-DLP

PURKEY v. UNITED STATES OF AMERICA et al
Assigned to: Judge James Patrick Hanlon
Referred to: Magistrate Judge Doris L. Pryor
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 08/27/2019
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**WESLEY IRA PURKEY**

represented by **Michelle M. Law**
FEDERAL DEFENDER -- WESTERN DISTRICT
OF MISSOURI
901 Saint Louis Street, Suite 801
Springfield, MO 65806
(417) 873-9022
Fax: (417) 873-9038
Email: michelle_law@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Ellen Woodman**
REBECCA E. WOODMAN, ATTORNEY AT LAW,
L.C.
1263 W. 72nd Ter.
Kansas City, MO 64114
(785) 979-3672
Email: rewlaw@outlook.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**UNITED STATES OF AMERICA**

represented by **Brian Patrick Casey**
U.S. ATTORNEY'S OFFICE
400 E. 9th Street
Room 5510
Kansas City, MO 64106
816-426-4138
Email: brian.casey@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Brian L. Reitz**
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: 317-226-6125
Email: brian.reitz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jeffrey E. Valenti**
UNITED STATES ATTORNEY'S OFFICE
400 E. 9th Street
5th Floor
Kansas City, MO 64106
816-426-4262

1 of 5

Ex_15-001020

CM/ECF LIVE                                                 https://ecf.insd.uscourts.gov/cgi-bin/DktRpt.pl?840930237701096-L_1_0-1

Fax: 816-426-4328
Email: jeff.valenti@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kathleen D. Mahoney**
UNITED STATES ATTORNEY'S OFFICE
400 E. 9th Street
Kansas City, MO 64106
816-426-4341
Email: kate.mahoney@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**WARDEN**                                represented by **Brian Patrick Casey**
*USP Terre Haute*                                        (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Brian L. Reitz**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeffrey E. Valenti**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kathleen D. Mahoney**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2019 | 1 | PETITION for Writ of Habeas Corpus , filed by WESLEY IRA PURKEY. (No fee paid with this filing) (Attachments: # 1 Appendix)(Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 2 | CERTIFICATE OF SERVICE by WESLEY IRA PURKEY re 1 Petition for Writ of Habeas Corpus (Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 3 | MOTION for Attorney(s) Michelle M. Law to Appear pro hac vice (No fee paid with this filing), filed by Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 4 | MOTION to Stay re 1 Petition for Writ of Habeas Corpus , filed by Petitioner WESLEY IRA PURKEY. (Attachments: # 1 Appendix)(Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 5 | NOTICE of Appearance by Rebecca Ellen Woodman on behalf of Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 6 | MOTION for Leave to Proceed in forma pauperis , filed by Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 7 | APPENDIX Exhibits 1-10, pp. 1-70 - re 1 Petition for Writ of Habeas Corpus by WESLEY IRA PURKEY. (Attachments: # 1 App. Exs. 11-12(partial), pp. 71-141; # 2 App. Exs. 12(partial)-13(partial), pp. 142-209, # 3 App. Exs. 13(partial)-15, pp. 210-263; # 4 App. Exs. 16-21, pp. 264-343; # 5 App. Exs. 22-25(partial), pp. 344-442, # 6 App. 25(partial)-41, pp. 443-653, # 7 App. Exs. 42-45, pp. 654-672; # 8 App. Ex. 46(partial), pp. 673-682; # 9 App. Ex. 46(partial), pp. 683-690; # 10 App. Exs. 47-53(partial), pp. 691-775; # 11 App. Exs. 53(partial)-73, pp. 776-977; # 12 App. Ex. 74-78(partial), pp. 978-1076; # 13 App. Exs. 78(partial)-86, pp. 1077-1168; # 14 App. Exs. 87-101(partial), pp. 1169-1317; # 15 App. Exs. 101(partial)-125, pp. 1318-1460; # 16 App. Exs. 126-127(partial), pp. 1461-1509; # 17 App. Exs. 127(partial)-130, pp. 1510-1564; # 18 App. Exs. 131-139, pp. 1565-1669; # 19 App. Exs.140-144; pp. 1670-1966; # 20 App. Exs. 145-212, pp. 1967-2838; # 21 App. Exs. 213-215, pp. 2839-2913)(Woodman, Rebecca) Modified on 8/28/2019 - added restricted access (RSF). (Entered: 08/27/2019) |
| 08/29/2019 | 8 | ORDER TO SHOW CAUSE - Petitioner Wesley Ira Purkey filed this habeas action pursuant to 28 U.S.C. § 2241. This action will proceed as follows. The United States has already been notified of the filing of the instant habeas petition. It shall have through September 27, 2019, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by Mr. Purkey should not be granted. Mr. Purkey shall have through October 28, 2019, in which to reply. The Clerk is directed to restrict access to the exhibits (dkt. 7 ) to Case |

PS000032
                                                                                    10/17/2019, 3:27 PM

Ex_15-001021

| | | |
|---|---|---|
| | | Participants Only unless and until ordered otherwise. Mr. Purkey shall file either redacted exhibits or a motion to maintain the exhibits under Case Participants Only restricted access by no later than September 13, 2019. Mr. Purkey's motion for leave to proceed in forma pauperis, dkt. 6, is granted. (See Order.) Signed by Judge James Patrick Hanlon on 8/29/2019.(RSF) (Entered: 08/29/2019) |
| 08/29/2019 | 9 | Order Requiring Supplementation of Habeas Petition - Petitioner's habeas petition does not contain a table of contents. Petitioner shall have through September 5, 2019, to supplement his habeas petition by filing a table of contents that identifies each heading and sub-heading in the habeas petition and the corresponding page on which those headings are located. Signed by Judge James Patrick Hanlon on 8/29/2019. (DMW) (Entered: 08/29/2019) |
| 08/30/2019 | 10 | MOTION to Appoint Counsel , filed by Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/30/2019) |
| 08/30/2019 | 11 | *Supplement to Writ of Habeas Corpus*, filed by Petitioner WESLEY IRA PURKEY. (Attachments: # 1 Supplement Table of Contents)(Woodman, Rebecca) Modified on 9/3/2019 - created link to 1 (RSF). (Entered: 08/30/2019) |
| 09/03/2019 | 12 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Reitz, Brian) (Entered: 09/03/2019) |
| 09/03/2019 | 13 | NOTICE of Appearance by Jeffrey E. Valenti on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Valenti, Jeffrey) (Entered: 09/03/2019) |
| 09/03/2019 | 14 | NOTICE of Appearance by Brian Patrick Casey on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Casey, Brian) (Entered: 09/03/2019) |
| 09/04/2019 | 15 | ORDER granting 10 Motion to Appoint Counsel. The Court appoints Rebecca E. Woodman as counsel to represent Petitioner for all proceedings in this matter. Such appointment shall be deemed effective as of the date this action was filed, August 27, 2019. (See Order.) Signed by Judge James Patrick Hanlon on 9/4/2019. (RSF) (Entered: 09/04/2019) |
| 09/04/2019 | 16 | ORDER - granting 3 Motion to Appear pro hac vice. Attorney Michelle M. Law for WESLEY IRA PURKEY added. Applicant shall register for electronic filing, as required by Local Rule 5-3, within ten (10) days of the entry of this Order. (See Order.) Copy to PHV Applicant via US Mail. Signed by Magistrate Judge Doris L. Pryor on 9/4/2019. (DMW) (Entered: 09/04/2019) |
| 09/06/2019 | 17 | ***PLEASE DISREGARD - CORRECTED DOCUMENT AT 18 ***NOTICE of Appearance (Mahoney, Kathleen) Modified on 9/9/2019 (RSF). (Entered: 09/06/2019) |
| 09/06/2019 | 18 | NOTICE of Appearance by Kathleen D. Mahoney on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Mahoney, Kathleen) (Entered: 09/06/2019) |
| 09/09/2019 | 19 | MOTION to Appoint Counsel , filed by Petitioner WESLEY IRA PURKEY. (Law, Michelle) (Entered: 09/09/2019) |
| 09/09/2019 | 20 | Submission of Proposed Order , re 19 MOTION to Appoint Counsel , filed by Petitioner WESLEY IRA PURKEY. (Law, Michelle) (Entered: 09/09/2019) |
| 09/11/2019 | 22 | ORDER - On September 6, 2019, the Court received a two-page document prepared by Petitioner Wesley Purkey styled, "Motion to Withdraw Petition for Habeas Corpus." The Court does not accept this document for filing because Mr. Purkey is represented by counsel. The document was inadvertently docketed at docket 21 and has since been restricted. The parties should disregard the document. The document will be forwarded to Mr. Purkey's counsel who, consistent with counsel's professional obligations, shall review the document and decide what action, if any, should be taken regarding the issues raised therein. The clerk is directed to send a copy of docket 21 by United States Mail to Mr. Purkey's counsel. Copies distributed pursuant to distribution list. Signed by Judge James Patrick Hanlon on 9/11/2019.(RSF) (Entered: 09/11/2019) |
| 09/12/2019 | 23 | AMENDED PETITION *with redacted appendix* filed by WESLEY IRA PURKEY. (Attachments: # 1 Appendix, # 2 Appendix pp. 1 - 26, # 3 Appendix pp. 27 - 42, # 4 Appendix pp. 43 - 56; # 5 Appendix pp. 57 - 171, # 6 Appendix pp. 172 - 216, # 7 Appendix pp. 217 - 265, # 8 Appendix pp. 266 - 273, # 9 Appendix pp. 274 - 283, # 10 Appendix pp. 284 - 303, # 11 Appendix pp. 304 - 353, # 12 Appendix pp. 354 - 427, # 13 Appendix pp. 428 - 522, # 14 Appendix pp. 523 - 570, # 15 Appendix pp. 571 - 678, # 16 Appendix pp. 679 - 787, # 17 Appendix pp. 788 - 832, # 18 Appendix pp. 833 - 887, # 19 Appendix pp. 888 - 907, # 20 Appendix pp. 908 - 983, # 21 Appendix pp. 984 - 993, # 22 Appendix pp. 994 - 1002, # 23 Appendix pp. 1003 - 1014, # 24 Appendix pp. 1015 - 1020, # 25 Appendix pp. 1021 - 1026, # 26 Appendix pp. 1027 - 1032, # 27 Appendix pp. 1033 - 1038, # 28 Appendix pp. 1039 - 1044, # 29 Appendix pp. 1045 - 1050, # 30 Appendix pp. 1051 - 1056, # 31 Appendix pp. 1057 - 1062, # 32 Appendix pp. 1063 - 1068, # 33 Appendix pp. 1069 - 1074, # 34 Appendix pp. 1075 - 1080, # 35 Appendix pp. 1081 - 1165, # 36 Appendix pp. 1166 - 1439, # 37 Appendix pp. 1440 - 1783, # 38 Appendix pp.1784 - 2097, # 39 Appendix pp. 2098 - 2222, # 40 Appendix pp. 2223 - 2465)(Woodman, Rebecca) Modified on 9/12/2019 (RSF). (Entered: 09/12/2019) |

PS000033

Ex_15-001022

| 09/16/2019 | 24 | ORDER - On September 13, 2019, the Court received a one-page document prepared by Petitioner Wesley Purkey styled, "Motion to Rescind Petitioner's Pro Se Motion to Withdraw Petition(s)." The Court does not accept this document for filing because Mr. Purkey is represented by counsel. The document will be forwarded to Mr. Purkey's counsel who, consistent with counsel's professional obligations, shall review the document and decide what action, if any, should be taken regarding the issues raised therein. The clerk is directed to send a copy of the above referenced document by United States Mail to Mr. Purkey's counsel. Original to Attorney Woodman. Signed by Judge James Patrick Hanlon on 9/16/2019.(RSF) (Entered: 09/16/2019) |
|---|---|---|
| 09/24/2019 | 25 | SEALED *Transcript of Suppression Hearing held October 17, 2002*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 26 | SEALED *Transcript of Suppression Hearing held October 25, 2002*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 27 | SEALED *Transcript of Suppression Hearing held November 15, 2002*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 28 | SEALED *Trial Transcript Volume I*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 29 | SEALED *Trial Transcript Volume II*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 30 | SEALED *Trial Transcript Volume III*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 31 | SEALED *Trial Transcript Volume IV*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 32 | SEALED *Trial Transcript Volume V*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 33 | SEALED *Trial Transcript Volume VI*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 34 | SEALED *Trial Transcript Volume VII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 35 | SEALED *Trial Transcript Volume VIII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 36 | SEALED *Trial Transcript Volume IX*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 37 | SEALED *Trial Transcript Volume X*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 38 | SEALED *Trial Transcript Volume XI*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 39 | SEALED *Trial Transcript Volume XII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 40 | SEALED *Trial Transcript Volume XIII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 41 | SEALED *Trial Transcript Volume XIV*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 42 | SEALED *Trial Transcript Volume XV*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 43 | SEALED *Trial Transcript Volume XVI*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 44 | SEALED *Trial Transcript Volume XVII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 45 | SEALED *Trial Transcript Volume XVIII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |

PS000034

Ex_15-001023

| 09/24/2019 | 46 | SEALED *Sentencing Hearing Transcript*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
|---|---|---|
| 09/25/2019 | 47 | MOTION to Maintain Document Under Seal 34 SEALED Document (Case Participants - doc), 27 SEALED Document (Case Participants - doc), 32 SEALED Document (Case Participants - doc), 25 SEALED Document (Case Participants - doc), 35 SEALED Document (Case Participants - doc), 29 SEALED Document (Case Participants - doc), 31 SEALED Document (Case Participants - doc), 41 SEALED Document (Case Participants - doc), 39 SEALED Document (Case Participants - doc), 26 SEALED Document (Case Participants - doc), 40 SEALED Document (Case Participants - doc), 28 SEALED Document (Case Participants - doc), 45 SEALED Document (Case Participants - doc), 37 SEALED Document (Case Participants - doc), 30 SEALED Document (Case Participants - doc), 46 SEALED Document (Case Participants - doc), 44 SEALED Document (Case Participants - doc), 36 SEALED Document (Case Participants - doc), 38 SEALED Document (Case Participants - doc), 33 SEALED Document (Case Participants - doc), 42 SEALED Document (Case Participants - doc), 43 SEALED Document (Case Participants - doc) , filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Mahoney, Kathleen) (Entered: 09/25/2019) |
| 09/27/2019 | 48 | APPENDIX *Index* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Casey, Brian) Modified on 9/30/2019 - created link to Response 49 (RSF). (Entered: 09/27/2019) |
| 09/27/2019 | 49 | RESPONSE in Opposition re 4 MOTION to Stay re 1 Petition for Writ of Habeas Corpus , filed by Respondents UNITED STATES OF AMERICA, WARDEN. (Casey, Brian) Modified on 9/30/2019 - created link to Amended Petition at 23 (RSF). (Entered: 09/27/2019) |
| 10/01/2019 | 50 | ORDER - granting 19 Motion to Appoint Counsel. The Court appoints Michelle M. Law, Assistant Federal Public Defender, as counsel to represent Petitioner for all proceedings in this matter. Such appointment shall be deemed effective as of the date this action was filed, August 27, 2019. Signed by Judge James Patrick Hanlon on 10/1/2019. (RSF) (Entered: 10/01/2019) |
| 10/04/2019 | 51 | NOTICE of Appearance by Michelle M. Law on behalf of Petitioner WESLEY IRA PURKEY. (Law, Michelle) (Entered: 10/04/2019) |
| 10/11/2019 | 52 | ORDER granting 47 Motion to Maintain Document Under Seal - The suppression hearing, trial, and sentencing hearing transcripts (Dkt. Nos. 25 through 46) will be maintained under seal but be available to the parties and this Court. Signed by Magistrate Judge Doris L. Pryor on 10/11/2019. (JRB) (Entered: 10/11/2019) |

**Case #: 2:19-cv-00414-JPH-DLP**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/17/2019 16:27:10 | | | |
| PACER Login: | us4852us:5699723:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:19-cv-00414-JPH-DLP |
| Billable Pages: | 6 | Cost: | 0.60 |

PS000035

Ex_15-001024

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF CASE OPENING

October 17, 2019

|  | WESLEY I. PURKEY,<br>Petitioner |
|---|---|
| No. 19-3047 | v. |
|  | JAMES P. HANLON,<br>Respondent |
| **Petition for Writ of Mandamus** | |
| District Court No. 2:19-cv-00414-JPH-DLP<br>Clerk/Agency Rep Laura A. Briggs<br>District Judge James P. Hanlon<br><br>Case filed: 10/17/2019<br>Case type: op/npman<br>Fee status: Due | |

The above-captioned appeal has been docketed in the United States Court of Appeals for the Seventh Circuit.

**Deadlines:**

| Appeal No. | Filer | Document | Due Date |
|---|---|---|---|
| 19-3047 | Wesley I. Purkey | Fee Due | 10/31/2019 |

**NOTE:** This notice is issued to counsel of record, in furtherance of the revised *Circuit Rule 3(d)*, to provide necessary information regarding this appeal. Please verify this notice for accuracy. Counsel are encouraged to provide a fax and/or e-mail address to the court. If any corrections are necessary, please indicate those corrections on this notice and return it to the Clerk's Office within ten (10) days.

PS000036

Ex_15-001025

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,

      Petitioner,

vs.                               Case No. #2:19-cv-414

WARDEN OF USP TERRE HAUTE COMPLEX,
UNITED STATES OF AMERICA,

      Respondents.

---

Motion To Rescind Petitioner's Pro Se Motion To Withdraw Petition(s)

The petitioner, acting pro se herein request that the Court rescind his motion filed to withdraw both his habeas corpus petition, filed pursuant to §2241, as well as the collateral Motion Requesting a Stay of Execution.

Dated: September 10th, 2019

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner / pro se

Certificate Of Service

The undersigned does attest that on September 10th, 2019 that he did serve a true and correct copy of the foregoing motion via U.S. Mail, with sufficient first class postage attached and mailed to:

Warden, USP Terre Haute
4700 Bureau Road South
Terre Haute, INdiana 47802

Timothy A. Garrison
United States Attorney'
Charles Evans Whittaker Courthouse
Rm. #5510
400 E. 9th Street
Kansas City, MO 64106

Wesley I. Purkey / declarant

PS000082

Ex_15-001026

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

FILED

SEP 0 6 2019

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

WESLEY I. PURKEY,

    Petitioner,

vs.

    Case No. 2:19-cv-414-JPH-DL

WARDEN J. T. Watson,

    Respondent.

---

## MOTION TO WITHDRAW PETITION FOR HABEAS CORPUS

The Petition, Wesley I. Purkey ("Purkey"), acting pro se herein request that the Court withdraw his Petition For Writ of Habeas Corpus and Motion for a Stay filed August 27th, 2019. Dkt(s)(1)&(4). In support of said request Purkey states the following:

1.    Purkey did not give his permission to either Rebecca E. Woodman or Michelle M. Law (attorneys) for filing either of the Petitions filed on August 27th, 2019.

2.    Under well established United States Supreme Court precedent attorney's are not authorized under law to file any petition into a court on the behalf of their client's without the clients permission. Here because Purkey is under a date of execution and has limited access to the Special Confinement Unit's law library he is not able at this time to provide the applicable citation for such authority. Here this court is mandated to comply with such authority and to grant Purkey's (pro se motion/request) to withdraw the two different interdrelated petitions which he did not afford counsel with permission for filing.

3.    Such coerced filings are contrary to well established law and must be withdrawn.

WHEREFORE' based on the above facts and authority Purkey prays the court to grant his request to withdraw both interrelated petitions.

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045

1.

SCANNED

PS000079

Ex_15-001027

United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/pro se

## Certificate Of Service

The undersigned does attest that he afforded a true and correct copy of the Motion To Withdraw Petition For Habeas Corpus via U.S. Mail First Class Mail with sufficient postage attached on this 29th day of August, 2019 to:

Warden, USP Terre Haute
4700 Bureas Road South
Terre Haute, Ind. 47802

and

Timothy A. Garrison
United States Attorney
Charles Evans Whittaker Courthouse
Rm. 5510
400 E. 9th Street
Kansas City, MO 64106

Wesley I. Purkey / declarant

2.

PS000080

Ex_15-001028

United States District Court for
Southern District of Indiana

Wesley I. Purkey,
Petitioner,

vs.

J. Watson, Warden
USP/TH
Respondent.

Case No.

**FILED**
MAY 13 2019
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

8:19-cv-0230 JPH DLP

Petition To Expedite Execution of
Petitioner's Death Sentence
Pursuant to 28 U.S.C. § 2241

The petitioner Wesley I. Purkey ("Purkey or petitioner") acting pro se here, is a federal death sentenced prisoner housed at the United States Penitentiary (USP) Terre Haute a prison facility located at Terre Haute, Indiana. The petitioner files this petition pursuant to 28 U.S.C. § 2241 Requesting that the court issue an order monitoring the respondent to expedite Purkey's sentence of death as warranted under law.

Introduction:

On January 23, 2004 U.S. District Judge

– 1 –

PS000086

Ex_15-001029

Colton sentenced Turkey to death after a jury found him guilty of kidnapping resulting in death and recommended a sentence of death (WDMO Case No. 01-CR-00208-FJG-DCA 506). Turkey has availed himself of all collateral appeals and post-conviction remedies without success. A copy of the judgment order is attached and marked as exhibit (A).

## Jurisdiction

As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. §2241 and the sentence itself under 28 U.S.C. §2255 Webster v. Daniels 784 F.3d 1123, 1126 (7th Cir. 2015). Here Turkey only challenges the execution of his sentence, not the sentence itself.

## Grounds For Relief

The collateral challenges were completely exhausted in early 2014. Turkey v. U.S. 729 F.3d 860 (8th Cir. 2013) cert Denied 135 S. Ct 355 (2014). No further appellate remedies are available for Turkey to challenge the legality of his death sentence or conviction.

## Other Issues Pertinent

— 2 —

PS000087

Ex_15-001030

To Turkey's § 2241 Petition

1. In 2016 Turkey was diagnosis suffering dementia, whereas He has been denied medical treatment for such.

2. Since early 2014 Turkey has and continues to suffer serious dental problems causing extreme pain, bleeding and infection to his gums because of broken dental plates.

3. Special Confinement Unit (SCU) staff have made clear as C.O. Neiten did this date that you have absolutely no rights on this unit, and if you continue to file grievances and make complaints on us you will be issued disciplinary reports. In fact on this date as in the protected 5 or 6 years subjected Turkey to fabricated disciplinary action denied him access to the law library and subjected him to a plethora of reprisals for Turkey addressing issues of his confinement and assisting other inmates with issues of their Death Row confinement.

4. Other issues of retaliation by SCU staff have been forcing Turkey to reside in feces covered cells and/or inciting other inmates against Turkey.

— 3 —

PS000088

Ex_15-001031

labeling him as a snitch. As SCU Case Manager Shepherd has reiterated, "your self-abuse filing of complaints and helping other inmates with litigation is at the root of your problems.

## Conclusion

The Court should find that Purkey's Petition requesting the Court to issue an order to Warden J. Watson to expedite Purkey's execution is cognizable under 28 U.S.C. §2241 and issue such mandate.

Dated:
May 6th, 2019

Respectfully Submitted,

Wesley I. Purkey 14679-045
USP/TH
P.O. Box 33
Terre Haute, IN 47808
Petitioner/pro se

–21–

PS000089

Ex_15-001032

United States Court of Appeals
For the Eigth Circuit

RE:    Wesley I. Purkey,
Petitioner,

W.D.Mo, K.C.
Case No# 01-00308-01-CR-W-FJG
Eigth Cir. #

Petition For A Writ of Mandamus

The petitioner Wesley I Purkey, pro se
Respectfully request the Court to exercise it's
authority under 28 USC § 1651(a)[28 USCS § 1651(a)]
to compel the United States District Court for the
Western District of Missouri to Rule on and to
grant petitioner's Motion to "Expedite his exe-
cution" for Reasons, facts and authority set
forth through his September 6th 2018 Motion
this filed with that Court. See attached appendese
"A).

Jurisdiction

This Court has jurisdiction to review any
Decision or lack thereof from any United States
District Court in its jurisdiction. See 28 U.S.C.§
§ 1254(1). Here petitioner has satisfied all

CORR000136
- 1 -

Ex_15-001033

Requirements for the Court to issue anorder compelling the lower court to Rule and grant petitioners Motion. See KERR V. U.S., 426 US 394, 403 L.Ed.2d 725 (1976). Further Petitioner presents additional Material to support both his Request to grant this Writ of Mandamces, and in to compel the District Court to grant his Motion to expedite his execution. See attached Oppendece (B). The clauses delienated through appendece (B) continue unbounted.

Wherefore Petitioner Respectfully Request that the Court issue the Writ of Mandamces Compelling the District Court of the Western District of Missouri to Rule on and grant Petitioner with a expeditious execution date.

Respectfully Submitted,

January 28, 2019

Wesley I. Turkey

Wesley I. Turkey #14679-045
United States Penitenrory
P.O. Box 33
Terre Haute Ind 47808
Petitioner Pro Se

CORR000137

Ex_15-001034

Certificate of Service

The undersigned does attest that he mailed a true and correct copy of the foregoing via first class mail on this 28th day of January, 2013 to:

Kathleen D. Mahoney
U.S. Asst Attorney
U.S. States Attorney's Office
Room 5510
400 E. 9th Street
Kansas City, MO 64106

Wesley I. Rickey
Wesley I. Rickey
Declarant

CORR000138

Ex_15-001035

Michael E. Gans/Clerk of Court
United States Court of Appeals
For The Eighth Circuit
Thomas F. Eagleton US Courthouse
111 South 10th Street, Rm 24.329
St. Louis, MO 63102

FILED

FEB 2 8 2017

MICHAEL GANS
CLERK OF COURT

February 23rd., 2017

Re: In re: Wesley I. Purkey
    Case No. 17-1373

Dear Mr. Gans,

This correspondence/pleading is notifying the Court that I am withdrawing the writ of mandamus filed to proceed pro se and for a execution date to be scheluded. Additionally' appointed counsel Rebecca Woodman and I discussed the petition of mandamus since its filing and have resolved issues underscoring it, thereby please withdraw such petition for mandamus at my request. If a formal Motion to withdraw such mandamus with the Court please advise and I will immediately prepare such for filing with the Court.

Thank you for your attention to this matter and if additional information is necessary for processing please advise.

Respectfully,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

cc: Rebecca E. Woodman/Attorney
    12006 W. 82nd Ter
    Lenexa, KS 66215

    Ms. Paige Wymore-Wynn
    U.S. District Court-Western District
    Western District of Missouri Clerk's Office
    Rm. 1510
    400 E. Ninth Street
    Kansas City, MO 64106-0000

RECEIVED

FEB 27 2017

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

PS000110

Ex_15-001036

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRIST OF MISSOURI

Wesley I. Purkey,

     Petitioner,

vs.                                                 Case No. 01-00308-01-CR-W-FJG

United States of America,

     Respondent.

---

PETITION FOR A WRIT OF MANDAMUS TO RELIEVE PURKEY OF COERCED COUNSEL

AND

FOR A EXPEDITIOUS EXECUTION DATE TO BE SCHELUDED

    The Petitioner, Acting Pro Se Wesley I. Purkey ("Purkey") request the Court to grant his Petition For A Writ of Mandamus to relieve him of coerced counsel and to schelude a expeditious execution date, whereas Purkey has exhausted all available post conviction remedies and based on the fact that he was coerced to accept present counsel appointed to him two and a half years ago by the Eighth Ciruit Court of Appeals.

Jurisdiction - This retains original jurisdiction of this case and thereby under applicable statutory authority can grant the requested relief per Purkey's Petition For A Writ Of Mandamus.

Facts In Support: Under well establish law Purkey has the right to represent himself at all stages of his capital proceedings. Faretta v. Califorina, 422 U.S. 806, 819, 96 S.Ct. 2525, 2533 (1973).

    2.   Present counsel was coerced on Purkey by the Eighth Circuit Court of Appeals after he sought to withdraw counsel and proceed pro se under mandates set forth under Faretta.

    3.   Purkey has exhuasted all available Post Conviction Remedies afforded to him under Eighth Circuit Precedent, including a Petition For A Writ Of Certiorari to the United States Supreme Court.

    4.   During Counsels' two and a hald years appointment representing Purkey

1.

RECEIVED

FEB 13 2017

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Ex_15-001037

they have on multiple occasions speciously advised Purkey that other post conviction petitions were being prepared for filing with the court. These multiple claims were specious at best because it claims always assured Purkey that such filing would be perpared and filed within a relative period of six to seven months. Ultimately' they claim that based on their work load that such filings have been put-off indefinitely.

5.   After United States Penitentiary, Terre Haute, Staff literally destroyed Purkey legal correspondence that he ahd provided to them for mailing, as well as being forced over the past two and a half years to destroyed over two-thirds of his legal materials anent his capital proceedings coerced counsel turned a blind eye to such destruction and malicious actions by USP/TH Officials advising Purkey that he needed to deal with these problems himself.

6. Purkey has available himself of all administrative efforts to address these malicious actions by USP/TH Staff and continue to suffer a plight of retaliation for such efforts that coerced counsel has as well turned a deaf ear and blind eye to.

Relief Requested: Based on the above facts and authority Purkey Request that the Court grant him the fundamental right to proceed in his capital proceedings, pro se being relieved of coerced counse, and for the court to schelude a expeditious execution date for him.

February 2nd, 2017

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Pro Se

CERTIFICATE OF SERVICE

The undersigned, Wesley I. Purkey does attest that he mailed a true and correct copies of the foregoing on this 2nd day of February, 2016 to:

Kathleen D. Mahoney
United States Attorney's Office
Room 5510
400 E. 9th Street
Kansas City, MO 64106

Rebecca Woodman
P.O. 14951
Lenexa, KS 66215

Wesley I. Purkey

2.

Ex_15-001038

United States Courthouse
Charles Evans Whittaker
400 E. 9th Street
Rm. 5510
Kansas City, MO 64106

February 2nd., 20017

.U.S. District Court Clerk,

Please find enclosed a Petition of Mandamus for filing with the Court. Because I was not able to obtain copying of such from the Administrative Staff on Death Row I have only been able to afford the court with the Original, and not the two additional copies for filing as mandated by Local Court Rules.

Thank you for your attention to this filing and if additional information and/or documentation is needed for processing please advise.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
. Pro Se

Ex_15-001039

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| WESLEY I PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00310-JMS-WGH |
| | ) | |
| CHARLES A. DANIELS Warden, United States Penitentiary, Terre Haute, Indiana (USP-TH), | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Action Pursuant to 28 U.S.C. § 1915(g)**

Plaintiff Wesley I Purkey is currently confined at the United States Penitentiary-Terre Haute, Indiana. He brings this action *pro se.* Purkey alleges that he has been excluded from participation in the Bureau of Prisons' inmate email program or Trust Fund Limited Inmate Computer System (TRULINCS) program. He asserts that this exclusion violates his constitutional rights.

Purkey did not pay the Four Hundred Dollar Filing Fee along with his complaint. But this action cannot proceed without the prepayment of the filing fee. This bar has been imposed because the plaintiff is a prisoner and has, while a prisoner, filed at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim. He was obligated to inform the court of this fact and failed to do so. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). Specifically Purkey "has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted." *Purkey v. Marberry,* No. 10-2656 (7th Cir. January 15, 2010) (*citing Purkey v. Green*,

Ex_15-001040

No. 5:99-cv-03356-JAR (D. Kan. June 23, 2000); *Purkey v. Simmons*, No. 5:00-]cv-03380-GTV

(D. Kan. Aug. 1, 2001); *Purkey v. Simmons*, No. 01-3269 (10th Cir. Jan. 28, 2002). It can be added,

here, that the narrow exception to the barrier created by § 1915(g)Bwhere a prisoner alleges that

he "is under imminent danger of serious physical injury"Bdoes not apply to the claims or

allegations in the complaint.

In conclusion, this action is dismissed without prejudice under the Prison Litigation Reform

Act's "three-strikes" rule, subject to reopening if Purkey pays the $400 filing fee within 21 days.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   October 9, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY I PURKEY
14679-045
TERRE HAUTE - USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47801

Ex_15-001041

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| WESLEY I PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00310-JMS-WGH |
| | ) | |
| CHARLES A. DANIELS Warden, United | ) | |
| States Penitentiary, Terre Haute, Indiana (USP-TH), | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Action Pursuant to 28 U.S.C. § 1915(g)**

Plaintiff Wesley I Purkey is currently confined at the United States Penitentiary-Terre Haute, Indiana. He brings this action *pro se.* Purkey alleges that he has been excluded from participation in the Bureau of Prisons' inmate email program or Trust Fund Limited Inmate Computer System (TRULINCS) program. He asserts that this exclusion violates his constitutional rights.

Purkey did not pay the Four Hundred Dollar Filing Fee along with his complaint. But this action cannot proceed without the prepayment of the filing fee. This bar has been imposed because the plaintiff is a prisoner and has, while a prisoner, filed at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim. He was obligated to inform the court of this fact and failed to do so. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). Specifically Purkey "has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted." *Purkey v. Marberry,* No. 10-2656 (7th Cir. January 15, 2010) (*citing Purkey v. Green*,

Ex_15-001042

No. 5:99-cv-03356-JAR (D. Kan. June 23, 2000); *Purkey v. Simmons*, No. 5:00-]cv-03380-GTV (D. Kan. Aug. 1, 2001); *Purkey v. Simmons*, No. 01-3269 (10th Cir. Jan. 28, 2002). It can be added, here, that the narrow exception to the barrier created by § 1915(g)Bwhere a prisoner alleges that he "is under imminent danger of serious physical injury"Bdoes not apply to the claims or allegations in the complaint.

In conclusion, this action is dismissed without prejudice under the Prison Litigation Reform Act's "three-strikes" rule, subject to reopening if Purkey pays the $400 filing fee within 21 days.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  October 9, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY I PURKEY
14679-045
TERRE HAUTE - USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47801

Ex_15-001043

⇔14679-045⇔
Michael Gans
U.S. Court of Appeals
111 S 10TH ST
Saint Louis, MO 63102
United States

December 23, 2013

Case # 10-3462

Mr. Cons,

I Recently Filed a Motion to With-
Drew Attorney(s) Sonoli Shahi Ane
Rebecca Woodman From my Capital
Proceeding the Court has ignored this
Motion literally strong Armias this
appointment of Counsel coercing me
to eccept such oppointment!

I have told these attorney's
not to file any pleadings on
my behalf, that My RECEIVED

JAN -2
COURT OF APPEALS
8TH CIRCUIT

Ex_15-001044

proceedings are terminated —
I will file a petition with
the Supreme Court clarifying
these issues, as Welcas this
Court's heavy handed factors
of running rough shod over
my Cepcter proceedings.

Sincerely

Wesley I Purkey 14179090
United States Penitentiary
P.O. Box 33
Terre Haute, IN
47808

Ex_15-001045

10-3462  Wesley Purkey v. United States

### Eighth Circuit Court of Appeals

**PRO SE Notice of Docket Activity**

The following was filed on 01/02/2014

**Case Name:**    Wesley Purkey v. United States
**Case Number:**  10-3462

**Docket Text:**
LETTER from Appellant Mr. Wesley Ira Purkey regarding counsel. w/service 01/08/2014 by
USCA-8. [4112054] [10-3462]

**The following document(s) are associated with this transaction:**
Document Description:  letter regarding counsel

**Notice will be mailed to:**

Mr. Wesley Ira Purkey
U.S. PENITENTIARY
14679-045
P.O. Box 33
Terre Haute, IN  47808-0033

**Notice will be electronically mailed to:**

Mr. David M. Ketchmark: David.Ketchmark@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Kathleen D. Mahoney: Kate.Mahoney@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Sonali Shahi: sshahi@dplclinic.com
Ms. Rebecca E. Woodman: rwoodman@dplclinic.com

Ex_15-001046

**FILED**

SEP **18** 2013

UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

**MICHAEL GANS**
**CLERK OF COURT**

WESLEY I. PURKEY,

Appellant/defendant,

vs.

Case No. #10-3462

UNITED STATES OF AMERICA,

Appellee/respondent.

MOTION FOR AN EXTENTION OF TIME FOR FILING PETITION FOR PANEL REHEARING
AND TO WITHDRAW COUNSEL AND TO PROCEED PRO SE IN THESE PROCEEDINGS

The Appellant Wesley I. Purkey hererafter ("Purkey"), acting pro se in

this matter respectfully request an extention of time of thirty (30) days to

file a Petition for Panel Rehearing pursuant to Rule 40;Fed.R.App.P. and to

be allowed to withdraw appointed counsel and to proceed pro se in these pro-

ceedings. Further' Purkey request pursuant to Rule 41;Fed.R.App.P. that the

court issue a stay in these proceedings if Purkey's request to proceed pro

se is denied, thereby allowing him to file a peremtory mandamus to the United

States Supreme Court seeking an order of enforcement upon this court granting

Purkey his most fundamental right under law that he is entitled to acting in

perpria persona in this capital proceedings. In support of thesé request for an

extension of time, to withdraw court appointed counsel and to be allowed to

proceed pro se in these proceedings Purkey offers the following in support thereof:

Extension Of Time Requested

The mandate was issued in this case on September 6th, 2013 and under the

Rules of Appellate Procedure Purkey has a fourteen (14) day peripd to file a

**RECEIVED**

1.

SEP **18** 2013

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Ex_15-001047

Motion/Petition for Panel Rehearing. Rule 40;Fed.R.App.P. Because of Purkey's circumstances on death row at the United States Penitentiary, Terre Haute, Indiana he has limited access to the facilities law library on the Special Confinement Unit. In regard with the several distinct issues of law to be assayed anent the Mandate issued by the court denying in toto Purkey's request for habeas relief he will require additional time to meaningfully prepare and file such Petition for Panel Rehearing. The government will not be prejudiced in any manner by the court granting this request for an additional thirty days until October 16th, 2013 for filing such Petition for Rehearing by Purkey.

Request To Withdraw Counsel and To Proceed Pro Se

Despite the Panel's denying Purkey's pro se motions filed to withdraw counsel and to proceed pro se in its September 6th, 2013 mandate such ruling effected only that immediate action and does not have collateral application here. As previously noted via proir pro se filings by Purkey there has been and ossified complete breakdown in coomunications between Purkey and counsel of record and such conflicts of interest are irreconcilable. Furthermore, counsel(s) have advised Purkey via phone communications September 9th, 2013 that they did not care what Purkey's wishes were regarding this case because the court appointed them to represented him and that they could not whatever they wanted to in this case and that they was absolutely nothing that he could do about it. In other words both counsel(s) have vividly reiterated to Purkey that they can run rough-shod over his case with absolute impunity. In fact as previously noted via prior filings by Purkey to the Court clarified that Mr. Brotherton enunciated that, "it did not matter whether Purkey lived or died because they (counsel) would be paid." Ms. Norris, lead counsel has echoed these same sentiments advising Purkey during the September 9th, 2013 phone call that, "the court appointed us to your case, we work for the court and the court does not give a damn about your pro se filings.

2.

Ex_15-001048

Brotherton and I will continue to do whatever we choose to do in your case and there is absolutely nothing that you can do about it." The breakdown in communications between Purkey and "court appointed counsel) is prodigious and irreconcilable.

Purkey Has A Fundamental Sixth Amendment Right To Respresented Himself In These Capital Proceedings

A federal criminal defendant has both a constitutional and statutory right to proceed without counsel. See Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); 28 U.S.C. § 1654. The Supreme Court has clearly enunciated that a defendant's right of self-representation is unqualified when the defendant asserts that right. Id. at 819; see also United States v. Young, 287 F.3d 1352, 1353 (11th Cir.2002). The Eleventh Circuit analyzing the Supreme Court's holding in Faretta stated that, "[T]o invoke his Sixth Amendment right, a defendant needs to "clearly and unequivocally" asserted his desire to proceed pro se." Nelson v. Alabama, 292 F.3d 1291, 1295 (11th Cir.2002)(habeas case); see also United States v. LaChance, 817 F.2d 1491, 1498 (11th Cir.1987); and also Dorman v. Wainwright, 798 F.2d 1358, 1366 (11th Cir.1986)(habeas case(s)). Here Purkey has "clearly and unequivocally" asserted his desire to proceed pro se in these capital proceedings which he has a fundamental Sixth Amendment right to do so, id. Faretta, 422 U.S. at 819 and thereby' the court should grant Purkey's request to proceed pro se in this action. Underscoring and driving home the essence of Purkey's request to proceed pro se in this matter could not be of more paramount importance, whereas Purkey's life is at stake and whether or not to grant Purkey's request to represent himself in these proceedings should definitively lie with him - not two court appointed attorneys' who by their own declaration believe that they can run rough-shod over Purkey's case with absolute impunity. Purkey has both a Sixth Amendment right and statutory right to represent himself in these capital proceedings. Id., 422 U.S. at 819.; see also McKaskle v. Wiggins,

3.

Appellate Case: 10-3462    Page: 3    Date Filed: 09/18/2013 Entry ID: 4076837

Ex_15-001049

465 U.S. 168, 177-78, n.8, 104 S.Ct. 944, 950-51, n.8, 79 L.Ed.ed 122, 123, n.8 (1984)("[d]efendant has a fundamental Sixth Amendment right to proceed pro se and absent extraordinary circumstances the court should recognize such con-stitutional entitlement.")

If The Court Should Deny Purkey His Fundamental Right To Represent Himself Then He Request A Stay Of These Proceedings So He Can Seek An Order By The Supreme Court To Enforce Such Sixth Amendment Right

If the Court should deny Purkey's request to proceed in these proceedings pro se then he respectfully request a "Stay" pursuant to Rule 41;Fed.R.App.P. to seek an order from the Supreme Court via a "Peremtory Mandamus" to enforce his Sixth Amendment right for self representation.

WHEREFORE, Purkey prays that the Court will grant him a thirty day extension for filing a "Petition for Panel Rehearing", as well as the fundamental right to proceed pro se in this matter.

Dated: September 16th, 2013

RESPECFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

Declaration Of Mailing

The undersigned does attest under pains of perjury that he did mail the above "Motion For An Extension Of Time For Filing Petition For Panel Rehearing and To Withdraw Counsel And To Proceed Pro Se In These Proceedings" to the United States Court of Appeals for the Eighth Circuit on this 16th day of September, 2013 pursuant to 28 U.S.C. §1746 via United States Mail first class postage prepaid to: Michael Gans/U.S. Court of Appeals, 111 S. 10th St., St. Louis, Mo. 63102.

4.

Ex_15-001050

_____

Wesley I. Purkey
declarant


## Certificate Of Service

The undersigned does attest under pains of perjury and pursuant to 28 U.S.C. §1746 that because administrative personnel, John Edwards refusal to provide him with copying of this pleading that he was unable to serve a copy on the United States.

_____

Wesley I. Purkey
declarant

5.

Appellate Case: 10-3462    Page: 5    Date Filed: 09/18/2013 Entry ID: 4076837

Ex_15-001051

United States Court Of Appeals For The Eighth Circuit

FILED

MAY 16 2012

MICHAEL GANS
CLERK OF COURT

WESLEY I. PUKREY,

        Appellant,

v.

                                   Case No. 10-3462

UNITED STATES OF AMERICA,

        Appellee.

---

MOTION TO WITHDRAW APPELLANT COUNSEL AND FOR LEAVE OF THE COURT
TO PROCEED PRO SE IN THESE APPELLATE PROCEEDINGS AND FOR ORAL ARGUMENTS
TO BE CANCELLED AND FOR SUCH APPEAL TO BE DETERMINED ON THE RECORD

The Appellant Wesley I. Purkey (hereafter "Purkey"), acting pro se in this matter does respectfully request the court to grant him an Order withdrawing appellant counsel(s), Teresa Norris and Gary Brotherton from representing him and to grant him leave to proceed in this matter and thereafter pro se because of existing and protracted irrevocable difference, whereas both Brotherton and Norris have no objections to such action. Further' Purkey request that the court cancel designated oral arguments in this case and that the court render its determination of issues involved soley on the record before it.  In support of these matters Purkey offers the following:

Purkey Has A 6th Amendment Right To Represent Himself In These Capital Proceedings

Under applicable authority Purkey has a constitutional right to represent himself in these appellate proceedings.  See Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998); U.S. v. Treff, 924 F.2d 977 (10th Cir. 1991); see also Moore v. Calderon, 108 F.3d 261 (9th Cir. 1997).  This right could not be more so here

1.

RECEIVED

MAY 1 6 2012

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Ex_15-001052

in light of the seriousness of the issues before the court determining whether Purkey is to live or die. Both Brotherton and Norris have clearly advised Purkey that they have no objections to being taken-relieved of representing him, whereas both counsel's have stated, inter alia, that, based on Purkey's significant violent crimes he shouldn't expect any positive results from these appellate review of issues pending before the court. Here there has been, as previously noted before the court through other pro se filings by Purkey that a irrevocable differences exist between Purkey and appellant counsel, which although counsel guaranteed Purkey that such differences would be alleviated nothing could be farther from the truth - whereas such difference have only been aggravated and enhanced with time. The resurgence of such animus by counsel against Purkey has not been more so than in preparation of both the appellant brief and finally through counsel totally alienation of Purkey in preparing and filing the Reply to the government's appellee brief. Some of the most egregious obstinacy to preparing and filing the Reply are:

1.    As previously stressed in prior pro se filings regarding request to have habeas counsel withdrawn was reiterated both counsel to deep rooted obstinacy to replying to Purkey's correspondence and addressing material issues presented in such correspondence to counsel Norris and Brotherton. Since the incession of habeas counsel(s) appointment they have repelled Purkey to execise his right to assist in these proceedings - other than through making lip service to such. A case in point is seen through the past several weeks prior to the filing of the Reply. In the weeks prior to such Purkey afforded both Brotherton and Norris with detailed and articulated correspondence delineating issues germane to the Reply presenting authority bearing of those issues and yet neither Norris, nor Brotherton affording Purkey with any imput or consideration with such matters. In fact as both Norris and Brotherton both clarified to Purkey on May 2nd, 2012

2.

Ex_15-001053

through a telephone conversation that, "the court has ordered us to file a reply by May 3rd and that is what we are going to do and we do not care what Purkey might think about what we file."  Teresa Norris was driving on the Interstate during this coversation and Mr. Brotherton advised Purkey that he had been out of town for several weeks and had not yet had a chance to actually read the government's response but he would do the best he could to add a little something to the reply before it was filed the next day.  In fact Ms. Norris advised Purkey that she did not have any of the materials before her during her interstate drive to actually discuss the matters Purkey ~~was~~ presented (which will be clarified through subsequent paragraphs) but Brotherton (who at the start of the phone call advised Purkey that he was sorry but he did not have long to talk as he was due in another court hearing shortly) was in his office and could take notes.  Both attorneys rebuffed Purkey for his anxiety shown to these circumstances surrounding discussions to matters dealing with his life but ==both attorneys advised Purkey that, "if he did not appreciate it then they would simply hang up."==  Brotherton who recently went through a divorce and lost of multiple secrtaries and was swamped by state habeas proceedings clearly did not spend any sufficient time in addressing the issues presented through the government's brief - and refused to discuss relevant legal issues and facts with Purkey for presenting in such reply..  Purkey advised both attorneys that he did not want the reply brief filed as was and if they were unwilling to make appropriate revisions then do not file such.  Norris advised Purkey that, "that we do not care what you want we are filing the reply whether you like it or not."  And so the did adamantly against Purkey's request.

Issues Norris and Brotherton Were Obstinate To In Filing Both Appellant Brief and Reply

The government was correct that the court had denied Purkey a COA anent

3.

Ex_15-001054

review of the legal sufficient of Fred Duchardt's affidavit.  Government's Appellee Brief (herafter "Appellee Br.") p.103.  Although a COA is not necessary for the court to reveiw the sufficient of evidentiary matters, which Mr. Duchardt's affidavit attached to the government's answer to Purkey's §2255 Petition constitutes. See Thomson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005)("[t]he Habeas Rules thus view the exhibits contained in a habeas corpus answer to be part of the answer itself, without which a habeas corpuse must be deemed incomplete".)  Both the Habeas Rules and the Federal Rules of Civil Procedure specify that exhibits con- stitute contents of such an answer. Id. 267.  The Civil Rules also make clear that the written instruments made exhibits to any pleading are part of the pleading (such as a habeas corpus answer). Id. 268.  When Purkey advised both attorneys that they needed to step up and advise the court that they were wrong when they misunderstood that a COA was not necessary for the court to review the sufficiency of Mr. Duchardt's affidavit which constitutes evidentiary material, rather than their erroneous belief that it constituted a procedural matter that a COA might or might not be required on depending on the definition of the same.  Ms. Norris vehemently claimed and continues to assert that the rules of civil procedures are not applicable to habeas proceedings and/or the same as summary judgment pro- ceedings, whereas such affidavit attached to the government's answer does not contitute evidentiary material, but is of a procedural nature.  She spent four (4) pages in the initial draft of the reply arguing this point which was absolutely clearly erroneous.  In fact as stressed in previous pro se filings to this court Purkey clarified that Ms. Norris  and Brotherton both reburked Purkey's advise and abundancy of authority that he provided to them stating that the Rules of Civil Procedure 56(e) did not apply to habeas proceedings.  In fact it was not until Purkey demonstrated acute anxiety regarding such obstinacy that Norris and

4.

Ex_15-001055

Brotherton actually obtained the Local Rules of the Court demonstrating the applicability of Rule 56e to all affidavits presented whether through civil litigation and/or habeas proceedings which in reality habeas proceedings are. Thereby in the reply brief Norris cut out her previous four (4) pages of arguments that a COA was not needed regarding this procedural matter, which is vividly a evidentiary matter that a COA is never required on to obtain the court's review of its legality and sufficiency. But rather than readily admit that counsel was wrong for seeking a COA on this matter Norris and Brotherton remain obstinate to advising the court of such and to why such a COA was not necessary.

During this same call, as Purkey had advise both Brotherton and Norris of three weeks previously that he was not able to research the record and evidence presented in this case for assisting in preparation of the reply because Purkey had been forced under threat of disciplinary action by the Special Housing Unit - Unit Team, Mr. Stephens to either mail out or destroy significant amounts of his legal materials. Further' after Purkey advised Mr. Stephens that he did not have funds to mail such materials he was forced to destroy such or be subject to disciplinary action. Thereafter' Purkey provided one (1) large bag of destroyed legal materials to OIC Strains and later three (3) more large trash bags of legal materials to C.O. Johnson for placing in the unit's trash. Both Norris and Brotherton told Purkey that, "we don't care about that. We are tired of hearing you cry about the b.s. on the unit and that you need to start sucking this stuff up." Some of the other issues that Brotherton and Norris has advised Purkey that he needed to such up has been presented to the court through less than coherent and articulated pleadings, although not relevant to the immediate consideration. Warden Lockett has condoned the destruction of inmates legal materials under the mandate of Mr. Stephens and has in the past readily identified his general animus

5.

Ex_15-001056

against death row prisoners advising them through counsel that, "the victim's families need to be consulted about the complaints being waged by death row prisoners regarding the conditions of their confinement on death row. See Appendix (hereafter "Appx")(A)(Correspondence from the ACLU to the Regional Director/BOP).

It is well established law that prisoners have no right to counsel in postconviction proceedings, see Pensylvania v. Finley, 481 U.S. 551, 555 (1987) and that the prisoner bears all errors commented by counsel in such habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 754 (1991). Here the gravity of the mistakes and obstinacy shown by counsel to allow Purkey to assist in these proceedings could not be more so, whereas Purkey is of sound mind and knowingly requesting that this court grant his request to withdraw counsel from representing him ~~Purkey~~ and allow him to proceed pro se in this action.

Both Habeas Counsel Content That The Government Can Deliberately Misconstrue Facts and That The Government Is Not Required To Provide Reference To The Record When Making Such Errneous Claims

Both Norris and Brotherton when confronted by Purkey about the numerous misconstruing of facts asserted by the Government through their Appellee Brief content ~~continued~~ that the government is not required to provide relevant reference to the record in making such claims that the government can interpret claims and facts however they want. Of course such contentions by Norris and Brotherton are not supported by law. See Federal Rule Of Appellate Procedure 28(which states in relevant part: "... contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant/appelle relies must be provided".) Further, references to the parts of the record contained in the appendix filed with the appellant/appellee's brief must be to the pages of the appendix. Id. (e)Reference to the Record. After making this erroneous claim

6.

Appellate Case: 10-3462    Page: 6    Date Filed: 05/16/2012 Entry ID: 3912237

Ex_15-001057

both of Purkey's habeas counsel went on to show unfathomable indifference to some of the more skewing of facts by the government which implied was heard by the jury, but as well used to support Purkey's trial attorney's facts asserted through his 117 page affidavit to debunk claims of ineffectiveness against him by Purkey. Habeas counsel for Purkey illegimately claimed that these issues were not important and that this court would perform a thorough review of the record before it to discern any misrepresentations of facts by the government. Contrary to that disingenuous claim the misrepresentations and blatant deceptions by the government were significant and this is why:

The government claims that the jury was told that after Purkey killed Ms. Bales that he stole $200 from her purse, after which he and a prostitute smoked some more crack cocain and ate food from Ms. Bales kitchen. Appellee Br. 19. The government goes on to claim that the jury heard that Purkey had planned to burn down Ms. Bales home, but was arrested before he could. Id. The government does not off any reference to the trial transcript to support these erroneous claims probably because none exist. First of all Purkey was not partying after he admittedly killed Ms. Bales. In fact he tried to kill himself consuming four or five bottles of Ms. Bales nitroglycerin tablets. See Jt.Appx. 322. He even told the prostitute that he wanted to die as he did later the police. id. Contrary to the government's claim that Purkey robbed Ms. Bales he did not take anything from her, whereas the prostitute took the money and left in Purkey's work van. id. Thereafter, Purkey's wife came after him in a cab. Id at 313. As well contrary to the government Purkey did not plan on burning Ms. Bales home, and did not do so because he was arrested, whereas Purkey was actually arrested three days after killing Ms. Bales and was on his way to the Leavenworth Police Department to turn himself in. Id. at 320. Again the government attempts

7.

Ex_15-001058

to claim that the jury found it appalling that Purkey and the prostitute smoked crack cocaine in Ms. Bales kitchen. Id. at 91. This was mere fabrication because it never happen and the jury never heard such deceptive facts surrounding Ms. Bales murder.

Next the government erroneously skews the fact that the jury heard Mr. Carlberg testify that Purkey had shot him in the back of the head during the 1980 kidnapping and in support of this claim references Mr. Carlberg's testimony. Appellee Br. 20. Although the cited testimony by Mr. Carlberg does not state what the government claims but states that, "I (Carlberg) read that somewhere." Tr. 1253-54. In fact Purkey did not initiate Mr. Carlberg's kidnapping which Carlberg clairifed himself, see Appx. (B), as well as Purkey's wife stated at that time. Discovery document #00416 (Criminal Case Report - Wichita Police Department August 1980. In fact Mr. Carlbery clearly states that Foster shot him with a 25 automatic, whereas Purkey had a 38 ca. Appx. (B)p 1 - 2.

In no less than six (6) times the government reiterates that the juror's failure to designate mitigators found or not found is equivalent to none being found by the jury. Appellee Br. 39, 6, 25, 65, 85-86 & 100. Perhaps the government believes that if it states this claim enough that is will begin to spout substance. Here the court should not allow neither the district court, nor the government to flaunt this claim when both the government and the district court had an opportunity to send the verdict form back to the jury for further clarification to mitigators found or not found. Neither the district court, nor the government held at that time that the juror's failure to show mitigators voted on was the equivalent to none being found they should not be allowed nine years later to make such claim.

Norris and Brotherton claimed that it is not important that the government

8.

Ex_15-001059

misrepresents facts that were never heard by the jury and ~~purported~~ *Purportedly* was utilized

by Purkey's trial attorney not to contact or call Dr. Newton as a mitigating

witness. First of all the government claims that the jury heard that Purkey

was transferred to Oregon State Penitentiary to break-up a racial clique. Appellee

Br. 47. Further they contend that Dr. Newton would of been questioned about

Purkey only participating in three or four sessions in the program and then

quite altogether. That Dr. Newton would of admitted that Purkey's number one

problem was his "criminal personality." Finally that, "given Purkey's record

and history, Dr. Newton . . . would of been questioned about even more matters

damaging to Purkey." Id. First of all these issues were never presented to the

district court for consideration, let alone presented by Duchardt himself as

reasons not to contact Dr. Newton. In fact the government claims that Purkey

never identified sexual abuse on the intake form submitted to Dr. Newton when

he sought mental health treatment. Nothing could be farther from the truth on

any of these issues. Duchardt readily admits that Purkey told Dr. Newton

about suffering sexual abuse when he was a child by his mon in his affidavit.

Jt. App. 667. In fact the sexual abuse was clearly delineated on the intake

application submitted to Dr. Newton. See Jt. App. 271. And contrary to the

government's contentions Purkey did not refuse to participate in the mental

health treatment Dr. Newton had arrange for him - the sessions of individual

treatment and group therapy were discontinued because Purkey was being trans-

ferred to the Forest Camp. Jt. App. 289. And' as far as a "criminal personality"

being listed as Purkey's number one problem - such criminal personality was listed

as a "Problem Area". Jt. App. 288. Again' none of these claims were presented

by the government to support Duchardt's reasoning for not contacting Dr. Newton

in the district court, and Duchardt himself never came within shouting distance

9.

Ex_15-001060

of making such claims to support his failure to contact Dr. Newton.  But Norris and Brotherton did not find these matters worthy of clarifying the reality of there boggishness.

In effort to down-grade Duchardt failing to call Floyd Bose and Dion Leiker to testify on Purkey's behalf in mitigation, both of whom were former law enforcement officers the government illegitimately contends that their testimony would not of had any impact upon the jury because Duchardt had other law enforcement officers to testify.  Appellee Br. 50.  Contrary to Norris and Brotherton's agreement with the government in-so-much-as other law enforcement officers testifying, i.e. Dominic Genuik and Michael Gibbons this simply is not true.  Id. fn. 11.  Mr. Duchardt's affidavit puts such claims to rest that other law enforcement officers testified on Purkey's behalf in mitigation.  See Jt. App. 666.  Mr. Duchardt clarifies that both Genuik and Gibbons was "lay witnesses," not law enforcement as the government and Purkey habeas/appellant counsel would have the court believe.  Id.  The signifiance of these former law enforcement officers, especially describing Purkey's relationship to Flody's son and Dion's brother Duane whom Purkey was friend's with and aided in bringing closure/peace to how and why Duane was murder cannot be overstated despite the government's efforts to again misconstrue the facts before the court.

Although Purkey's appellant counsel through half measures clarified the erroneousness of the government's palable efforts to down-play Duchardt's failure to call Sam Hoffmeier to testify in mitigation, whereas the government mischaract-erized him as being another "jail inmate."  Appellee Br. 51.  Through Appellant's Reply it was stated that, "Hoffmeier is not a jail inmate.  He is a volunteer prison minister who conducted Bible study grounps for inmates."  P.7.  Although this is$^{so}$, this was also the reason Duchardt stated that he did not call Mr. Hoffmeier

10.

Appellate Case: 10-3462    Page: 10    Date Filed: 05/16/2012 Entry ID: 3912237

Ex_15-001061

to testify for Purkey in mitigation because Purkey was in segregation and Hoff-meieer never visited him there. Jt. App. 642. But of course this claim by Duchardt was wrong, but here actually reinforced by appellant counsel's inept-ness and absolutely lack of knowledge of the applicable facts in this case. Mr. Hoffmeier visited Purkey on a weekly basis in segregation after performing Bible study groups in population. Jt. App. 426. Here appellant counsel utterly failed to bring to bear the glaring significance of Mr. Hoffmeier's testimony. The character evidence that would of been provided through Mr. Hoffmeier's testimony is far more compelling of that found by the Supreme Court in William v. Taylor, constituting ineffective assistance of counsel and reversing Williams death sentence. Mr. Hoffmeier would not only of testified to his relationship with Purkey during the protracted time he was in segregation, but as well would of provided significant testimony about visits he shared with Purkey's daughter, Angie and Purkey's grandkids. Id. This would of been extremely moving testimony.

The government contends that since the district court did not rely on Duchardt's affidavit to resolve disputed facts, that there was no need for Duchardt to provide documentation to support claims presented. Appellee Br. 86. This claim is without doubt contrary to well established law that, "[A] supporting or oppos-ing affidavit must be made not only one personal knowledge, but must set out facts and supporting evidence that would be admissible at trial." El Deep v. University of Minnesota, 60 F.3d 423, 429 (8th Cir. 1995). Contrary to the govern-ments contentions that the district court did not rely on Duchardt's affidavit to resolve disputed facts that is absolutely untenable because that is the only document relied on by the court to resolve disputed facts through conclusory form. In reality the record is repleted with material disputed facts that the district court did not resolve on the record or otherwise.

11.

Ex_15-001062

In final analysis the government claims two-fold that the court should not review the legal sufficiency of Duchardt's affidavit, but if it does then it will find that is comports with requirements in accord with Rule 56(e);Fed.R.C.P. Appellee Br. 103-04. First of all the government has utterly failed to hint at some authority that mandates granting of a COA on an evidentiary matter before this court has authority to review it. It is not the job of this court to research the law to support appellee's claims. Molosky v. Principal Mut. Life Ins. Co., 149 F.3d 881, 885 (8th Cir. 1998). Further' Mr. Duchardt's affidavit is no more than a narrative making post hoc claims and arguing authorities of law to support untenable trial strategy falling to satisfy requirements set out under Rule 56(e). Contrary to what appellant counsels recognized until Purkey through acute anxiety stressed was applicable to habeas proceedings.

WHEREFORE Purkey request that this court grant him leave to proceed pro se in this matter, relieving him of present appellant counsel, and to cancel oral arguments scheduling and to decide the merit of such appeal on the record.

May 10th, 2012

RESPECTFULLY SUBMITTED,

_Wesley J. Purkey_

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

12.

Ex_15-001063

Special Exhibit(A)/BP-8/p. 1 of 4                    $Appx(AS) p 16 e$



LEGAL DEPARTMENT
NATIONAL PRISON
PROJECT

**VIA U.S. FIRST CLASS MAIL**

April 19, 2011

Mr. Michael K. Nalley
Regional Director, North Central Region
Bureau of Prisons
400 State Avenue, Suite 800
Kansas City, KS 66101

AMERICAN CIVIL
LIBERTIES UNION FOUNDATION

PLEASE RESPOND TO:
NATIONAL PRISON PROJECT
915 15TH STREET, NW
7TH FLOOR
WASHINGTON, DC 20005-2112
T/202.393.4930
F/202.393.4931
WWW.ACLU.ORG

DAVID C. FATHI
*DIRECTOR*
*ATTORNEY AT LAW\**

NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

ROBERT B. REMAR
*TREASURER*

*\*NOT ADMITTED IN DC;
PRACTICE LIMITED TO
FEDERAL COURTS*

Dear Mr. Nalley:

I read with deep concern the attached letter from Warden Charles Lockett to capital defense attorney Paul Enzinna. In that letter, dated March 1, 2011, Mr. Lockett responded to multiple communications from Attorney Enzinna seeking a meeting to discuss conditions of confinement in the Special Confinement Unit at USP-Terre Haute. Specifically, Attorney Enzinna expressed concern about the ability of death-sentenced prisoners to communicate with their counsel, seemingly arbitrary and possibly retaliatory discipline by staff, and the failure to provide prisoners with constitutionally adequate medical care. As you know, attorneys for the men on death row have consistently raised similar complaints for many years.

Mr. Lockett responded, in part, with the following:

> In the event that you feel these issues still require further attention, I will contact the U.S. Attorney's office and the victim's [sic] families and arrange for them to meet with us as they are also interested parties in the treatment of inmates and their conditions of confinement.

I am aware of no BOP policy or legal precedent that permits the Bureau to consult with victims' families when determining what kind of medical care a prisoner may receive, whether disciplinary actions against that prisoner should be just or unjust, or under what conditions he may communicate with his defense counsel. But if I am mistaken, please identify with specificity the statute, regulation, Bureau of Prisons policy, or legal authority that permits the Bureau to do so.

Regardless of whether such authority exists, Mr. Lockett's proposal to discuss, *inter alia*, prisoners' medical care with victims' families and United States Attorneys raises serious confidentiality concerns and may violate BOP policy and applicable law. *See* Program Statement 1351.05 ("Release of Information"); Program Statement 6090.02 ("Health Information Management").

Appellate Case: 10-3462    Page: 13    Date Filed: 05/16/2012  Entry ID: 3912237

Ex_15-001064

Special Exhixit (A)/BP-8/P. 2 of 4

AppX (A)p 2of 2

I look forward to your reply and thank you for your attention to this matter.

Very truly yours,

Gabriel B. Eber
Staff Counsel

cc:

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

Mr. Paul Enzinna, Esq.
Ms. Ruth Friedman, Esq., Director, Federal Capital Habeas Project
Ms. Miriam Gohara, Esq., Resource Counsel, Federal Capital Habeas Project
Ms. Cynthia A. Schnedar, Acting Inspector General, U.S. Dep't of Justice
Mr. Harley Lappin, Director, Bureau of Prisons

Enclosure

Ex_15-001065

*APPX(R) p 1002*

FD-302 (Rev. 10-6-95)

- 1 -

**FEDERAL BUREAU OF INVESTIGATION**

Date of transcription    05/27/2003

GREGG CARLBERG, was contacted by Special Agent Dirk D. Tarpley of the Federal Bureau of Investigation relative to the ongoing investigation into the kidnaping and murder of Jennifer Long. CARLBERG was specifically contacted regarding an incident on August 03, 1980, where he was robbed and shot by MARTIN FOSTER and WESLEY PURKEY. Present during the interview was Assistant United States Attorney (AUSA), Western District of Missouri, Matt Whitworth. After having been advised of the identity of the agent and the purpose of the interview, CARLBERG provided the following information:

According to CARLBERG, on the evening of August 03, 1980, he went to a local convenient store, the TOWN & COUNTRY, in Wichita, Kansas, for a flashlight. Upon exiting the store he was accosted by a man later identified as MARTIN FOSTER. FOSTER produced a gun and ordered CARLBERG into his 1973 Volvo. After driving a short distance from the convenient store, FOSTER ordered CARLBERG into the trunk. CARLBERG believe's FOSTER drove to a local bar where he picked up another person, later identified as WESLEY PURKEY. While parked at the bar, FOSTER pounded on the trunk and asked if CARLBERG was still inside. CARLBERG could hear some conversation between FOSTER and PURKEY but not its content.

After an extended period of driving the vehicle was stopped and FOSTER opened the trunk. FOSTER was standing over CARLBERG pointing a gun at him and saying, "Time to knock you out." As he was climbing out of the trunk, CARLBERG could hear someone else say, "Yeah, it's time to knock you out now."

Once out of the trunk, CARLBERG was ordered to lie down in an old discarded bathtub and place his hands behind his head. He was shot twice, once in the upper right arm and once near the right ear. The bullet lodged in the base of his skull.

CARLBERG survived his injuries and was able to identify FOSTER and PURKEY as the individuals responsible for his abduction, robbery and assault. CARLBERG later learned that FOSTER was found in possession of a .25 caliber weapon which was used to shoot him and PURKEY was in possession of a .38 caliber. CARLBERG indicated

Investigation on    05/21/2003    at    Wichita, Kansas

File #  7A-KC-80744                                    Date dictated    05/27/2003

by    SA DIRK D. TARPLEY:ddt

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

4260

Ex_15-001066

APPX CRI A 20P2

FD-302a (Rev. 10-6-95)

7A-KC-80744

Continuation of FD-302 of ___GREGG W. CARLBERG_____ , On _05/21/2003_ , Page __2__

FOSTER admitted to authorities he was the shooter. CARLBERG was unable to identify who shot him that night.

As a result of the shooting, CARLBERG was temporarily paralyzed. He continues to suffer in that he has not regained the full strength of his right arm. He has partial paralysis of the face and difficulty with balance and walking.

CARLBERG agreed testify to the events as previously mention and was provided a subpoena for his testimony.

Shot w/ 22 ck
Act 58 ck

4261

Appellate Case: 10-3462    Page: 16    Date Filed: 05/16/2012 Entry ID: 3912237

Ex_15-001067

10-3462  Wesley Purkey v. United States

**Eighth Circuit Court of Appeals**

**PRO SE Notice of Docket Activity**

The following was filed on 05/16/2012

**Case Name:**    Wesley Purkey v. United States
**Case Number:**  10-3462

**Docket Text:**
MOTION to proceed pro se., filed by Appellant Mr. Wesley Ira Purkey w/service 05/16/2012 byUSCA-8. [3912237] [10-3462]

**The following document(s) are associated with this transaction:**
Document Description:  motion filed

**Notice will be mailed to:**

Mr. Wesley Ira Purkey
U.S. PENITENTIARY
14679-045
P.O. Box 33
Terre Haute, IN  47808-0033

**Notice will be electronically mailed to:**

Mr. Gary E. Brotherton I: gebrotherton@legalwritesllc.com, garyebrotherton@aol.com
Mr. David M. Ketchmark: David.Ketchmark@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Kathleen D. Mahoney: Kate.Mahoney@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Teresa L. Norris: teresa@blumelaw.com

Ex_15-001068

United States Court of Appeals
For The Eighth Circuit

**FILED**

MAR 15 2012

**MICHAEL GANS**
CLERK OF COURT

Wesley I. Purkey,
Appellant/Petitioner,

v.

Case No. # 10-3462

United States of America,
Appellee/Respondent.

**RECEIVED**

MAR 15 2012

**U.S. COURT OF APPEALS**
EIGHTH CIRCUIT

Motion To Suspend Appellate Proceeding
Because Purkey Is Being Denied The Right
To Assist IN Such ViA USP/TH Staff Inter-
Ferring with his Ability To Communicate With
HAbeas Counsel

The Appellant Wesley I. Purkey (hereefter
"Purkey"), acting Pro Se in this matter Request
the Court to Suspend these appellate proceed-
ing until issues permeating Purkey's Death Row
Confinement that is interferring with his com-
Municction with both Counsel(s) and the

-1-

Ex_15-001069

Appellate Case: 10-3462    Date Filed: 03/15/2012    Page: 2    Entry ID: 3890540

Court can be Resolved. In Support of this Request Parkey states the following:

1. Parkey suffers debilitating Arthritis in both hands which is documented in his medical file. Not only have Counsel certified, but USP/TFF officials have certified that they cannot decipher Parkey's handwriting. In fact prison official, Michael Stephens, SCU/Unit Manager has repeatedly rejected correspondence and administrative remedies presented to him by Parkey due to alleged illegible. Further, it is extremely painful for Parkey to write, particularly in the significant manner necessary in any meaningful communications with his habeas Counsels, to assist them in these capital appellate proceedings.

2. Under a campaign of retaliation taken against Parkey by SCU staff for his

- 2 -

Ex_15-001070

Challenges being Made to the Conditions of his Death Row confinement and for aiding other Death Row inmates with such Challenges to their conditions of Confinement through the Courts he has and Continues to be Denied access to both A typpewriter and/or access to the Court law library.

3 An example of this Campaign of Retaliation which both of Parker's habeas Counsels are vividly aware of is:

After submitting grievances for being Denied law library access for over a 10Day period Parker was escorted to the law library by C.O. A Johnson, March 6, 2012. Leaving the Range and outside the view of the Cameras on the Range C.O. Johnson began Dressing Parker by the handcuffs behind his back, while C.O. Allen and OFC Newman on each side of Parker began a stream

−3−

Ex_15-001071

Appellate Case: 10-3462    Date Filed: 03/15/2012    Page: 4    Entry ID: 3890540

of malicious derogatory remarks. Newman told Purkey, inter alia, that "you raped and murdered a 16 year old girl, you don't have nothing coming here." OIC Newman as well continued to mock and ridicule Purkey while escorting him to the law library. After a brief time in the law library, OIC Newman told Purkey his time was up, "Pack your stuff up," he told Purkey. Under the threat of disciplinary action Purkey complied with Newman's order. Being escorted back from the law library by C.O. A. Johnson, Allen and OFC Newman, Johnson again began dragging Purkey by the handcuffs behind his back. Purkey seen a letter laying on the officers table that he had given Johnson earlier ear morning. It was tore up in several pieces. When Purkey asked Johnson if

- 4 -

Ex_15-001072

Appellate Case: 10-3462    Page: 5    Date Filed: 03/15/2012    Entry ID: 3890540

that WAS the letter he had given him, Johnson told him, "you want to complain to your attorney about us? Fuck you and them." "Rape another 16 year old girl, you piece of shit," Allen told Parkey. Simultaneously Officer Newman spit in Parkey's face telling him, "you want more of this keep filing your grievance and requesting law library."

4. IN collusion with Clara Edmier's practice officers, John Edwards, case worker and other SCU staff Parkey is denied law library access. On ~~3/6/12~~ March 6, 2012 after being taken to the law library and shortly thereafter, MR. Edwards witnessed Parkey being in the law library told OFC Newman that, "I thought we agreed that he is not to be allowed law library access." OFC

-5-

Ex_15-001073

Appellate Case: 10-3462   Page: 6   Date Filed: 03/15/2012   Entry ID: 3890540

Newman then ORDERED Parkey out of the law library under threat of disciplinary action.

5. On March 7, 2012 Parkey tried to address these issues with Warden Lockett for Resolution. Mr. Lockett cut Parkey off telling Parkey that, "you want special treatment, I'm not giving you special treatment." In the past Mr. Lockett has stated that he needs to address these types of issues with "the victims families." See Exhibit (A) attached!

6 In collusion other SCa staff have denied Parkey Law Library access and in Retaliation of Parkey's complaints library photo copied his legal mail addressed to his habeas Counsel. On March 8, 2012 OFC Singleton picked up legal mail Parkey

- 6 -

Ex_15-001074

was mailing to Ms. Teresa Morris. A few minutes later Parker Realizing that the envelope was not sealed asked for the letter back. OFC Singleton four and a half hours later brought the letter back telling Parker, "We are off fired of your complains." When Parker asked Singleton re he enjoyed Reading the correspondence Singleton Replied, "I made a copy of it."

7. Further Retaliation by Newman and SCA staff include denying Parker Meals as was done on March 8, 2012 at lunch time. Newman told Parker and other staff, "Continue making complaints and you will not be feed at all." This was one of several

- 7 -

Ex_15-001075

Appellate Case: 10-3462    Page: 8    Date Filed: 03/15/2012    Entry ID: 3890540

Meets Newmen and other staff here
Denied Parkey in a 90 day Period.

Therefore, Parkey Request that this
Court Suspend these appellate proceedings
based on the above Reasons Denying him the
Right to assist his habeas Counsel in the
Same.

Respectfully Submitted

Wesley I Parkey #14672075
USP PTH
P.O. Box 33
Terre Haute, Ind    47808
Appellant
Pro Se

Certificate of Service

The undersign did provide a true and
correct copy of the foregoing via U.S. Mail,
postage prepaid and address to:

- 8 -

Ex_15-001076

Kathleen D. Mahoney
Asst U.S. Attorney
Charles Evans Whittaker Courthouse
400 E. 9th St., 5th Floor
K.C., MO 64106

On this 9th Day of March, 2012

_Wesley E. Parker_
Wesley E. Parker

8

Ex_15-001077

Special Exhibit (A)/BP-8/p. 3 of 4



**U.S. Department of Justice**

*Federal Bureau of Prisons*

*Federal Correctional Complex*
*Terre Haute, Indiana*

March 1, 2011

Mr. Paul Enzinna
Brown Rudnick LLP
601 Thirteenth Street NW, Suite 600
Washington, DC 20005

RE:    Conditions at USP Terre Haute

Dear Mr. Enzinna:

I am writing in response to your letter requesting a meeting with me to express concerns regarding conditions in the Special Confinement Unit (SCU) at the Federal Correctional Complex (FCC) in Terre Haute, Indiana. I understand that you have also forwarded general concerns to our legal staff.

I am aware that previous wardens have met with legal counsel for SCU inmates to discuss specific issues regarding policy in that unit. However, I do not believe that such a meeting would be productive at this time. A review of your letter and subsequent email to legal staff reveals that the only complaints that have previously been brought to the attention of staff are the concerns with scheduling of telephone calls and the opening of legal mail. As was previously discussed with individual counsel regarding legal calls, every effort is made to arrange requested legal calls the day that the call is requested. A review of our records in the SCU reveals that, on average, staff schedule over three hundred legal calls per quarter. This is far in excess of the number of legal calls made to or from non-death sentence inmates at FCC Terre Haute. Additionally, with very rare exception the overwhelming majority of legal calls occur within 24 hours of the request from the inmate's counsel.

With regard to concerns over legal mail being opened, our mailroom staff follow the procedure outlined in Program Statement 5265.11, "Correspondence". In the event that mail is not appropriately marked, it is opened by mailroom staff. Once our unit team staff are

1

Ex_15-001078

Special Exhibit (A)/BP-8/p. 4 of 4

alerted by the inmate or inmate's attorney that this was intended to be legal mail, then staff advise the inmate's attorney of the appropriate markings. Again, by policy, if the mail is not properly marked, the mailroom staff will open it.

Many of the other, more generic issues cited in your email and letter have never been brought to the attention of institution staff and we continue to encourage your clients to utilize the informal resolution and administrative remedy processes to bring matters to the attention of appropriate staff. Without this process, the staff are unaware that inmates have concerns and cannot address them.

Again, I do not believe that a meeting would be productive at this time; however, if you believe that your clients still have concerns after utilizing the proper processes set forth in policy, I encourage you to schedule a meeting with our legal department and the unit manager. In the event that you feel these issues still require further attention, I will contact the U.S. Attorney's office and the victim's families and arrange for them to meet with us as they are also interested parties in the treatment of inmates and their conditions of confinement. It is my belief that if such a meeting becomes necessary, it will be best for everyone to share their concerns at the same meeting to reduce the likelihood of any miscommunication.

I trust this response addresses your concerns.

Sincerely,

Charles L. Lockett
Complex Warden

cc:    Rick Winter, Deputy Regional Counsel
       Paul Pepper, CLC Leader
       Katherine Siereveld, Attorney Advisor
       Michael L. Stephens, SCU Unit Manager

2

Ex_15-001079

10-3462  Wesley Purkey v. United States

## Eighth Circuit Court of Appeals

**PRO SE Notice of Docket Activity**

The following was filed on 03/15/2012

**Case Name:**     Wesley Purkey v. United States
**Case Number:**  10-3462

**Docket Text:**
MOTION to hold case in abeyance, filed by Appellant Mr. Wesley Ira Purkey w/service 03/15/2012 by USCA-8. [3890540] [10-3462]

**The following document(s) are associated with this transaction:**
Document Description:  motion filed

**Notice will be mailed to:**

Mr. Wesley Ira Purkey
U.S. PENITENTIARY
14679-045
P.O. Box 33
Terre Haute, IN  47808-0033

**Notice will be electronically mailed to:**

Mr. Gary E. Brotherton I: gebrotherton@legalwritesllc.com, garyebrotherton@aol.com
Mr. David M. Ketchmark: David.Ketchmark@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Kathleen D. Mahoney: Kate.Mahoney@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Teresa L. Norris: teresa@blumelaw.com

Ex_15-001080

**IN THE**
**UNITED STATES COURT of APPEALS**
**EIGHTH CIRCUIT**

No. 10-3462

WESLEY IRA PURKEY,
Appellant,
v.
UNITED STATES OF AMERICA,
Appellee.

**MOTION TO WITHDRAW APPELLANT'S *PRO SE* MOTIONS TO**
**REMOVE COUNSEL, PROCEED *PRO SE* AND DISMISS HIS APPEAL**

COMES NOW the undersigned court-appointed counsel for Mr. Purkey, *with his express consent*, and request that his pro se motions be withdrawn and that the briefing schedule be reinstated.

Specifically, Mr. Purkey filed a "Motion to Withdraw Appeals" on August 10, 2011. On August 22, 2011, he filed a "Motion to Withdraw Counsel To Proceed Pro Se In These Appellate Proceedings and To Withdraw Appellate Proceedings." As ordered by this Court, the undersigned counsel filed a response on September 9, 2011. The government filed a response on September 16, 2011.

The undersigned counsel spoke to Mr. Purkey by telephone this date and obtained his express permission to request that his pro se motions be withdrawn and that the briefing schedule be reinstated. In order to allow sufficient time to complete the briefing and to allow Mr. Purkey to review and communicate with counsel concerning the briefing, counsel request that Appellant's brief be ordered to be filed 45 days from this date. No further extension requests are anticipated.

1

Ex_15-001081

**Conclusion**

Wherefore, undersigned counsel respectfully request that the pro se motions be dismissed as moot and the briefing schedule be reinstated with Appellant's brief due 45 days from today's date.

Respectfully submitted,

Teresa L. Norris, Esq.                     Gary E. Brotherton, Esq.
P.O. Box 11744                             601 W. Nifong Blvd., Ste. 1C
Columbia, SC 29211                         Columbia, Missouri  65203
(803) 765-1044  (Phone)                    (573) 875-1571  Phone
(803) 765-1143  (Fax)                      (573) 875-1572  Fax
teresa@blumelaw.com                        GEBrotherton@LegalWritesLLC.com
Co-counsel to Appellant                    Co-counsel to Appellant

                                           By:    /s/  Gary E. Brotherton
                                           GARY E. BROTHERTON
                                           Co-counsel to Appellant


CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.



                                           /s/ Gary E. Brotherton
                                           Gary E. Brotherton


Dated: Columbia, MO
       September 20, 2011

2

Ex_15-001082

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

FILED

AUG 2 ? 2011

MICHAEL E. GANS
CLERK OF COURT

WESLEY I. PURKEY,

                    Appellant,

vs.                                         Case No. 10-3462

UNITED STATES OF AMERICA,

                    Appellee.

_____

MOTION TO WITHDRAW COUNSEL
TO PROCEED PRO SE IN THESE APPELLATE PROCCEDINGS
AND
TO WITHDRAW APPELLATE PROCEEDINGS

The Appellant Wesley I. Purkey (hereafter "Purkey") acting pro se in this
matter does request that the Court withdraw Purkey's habeas Court Appointment
Counsel Teresa Norris and Gary Brotherton because of irrevocable communication
break-down, thereafter allowing Purkey to proceed pro se in these habeas appellate
proceeding, which thereafter Purkey request these appellate proceedings to be
terminated.  In support of this request Purkey offers the following:

1.   On August 10th, 2011 Purkey docketed his pro se Motion To Withdraw
these appellate proceedings because of alleged proscribed conditions of his
confinement.  On August 12th, 2011 the Court issued an order for appointed habeas
counsel to prepare a response to Purkey's Motion to Withdraw Appellate Pro-
ceedings.  This response is still pending filing by court appointed counsel.

2.   Because of irrevocable break-down in communication between Purkey and

1.

RECEIVED

AUG 22 2011

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Appellate Case: 10-3462    Page: 1    Date Filed: 08/23/2011 Entry ID: 3821377

Ex_15-001083

irrevocable difference Purkey request this Court to withdraw counsel and to allow him to proced pro se in these appellate proceedings. Both Teresa Norris and Gary Brotherton have reiterated many times over that they will not allow Purkey to assist in these habeas appellate proccedings, and have clarified through Gary Brotherton's statement that, "we will run roughshod over your case and that there is absolutely nothing that you can do about it." In fact this declaration has been reiterated many times over the past three and a half years when Purkey has tried to discuss issues of both law and fact predicating his habeas proceedings.

3. Prior to filing Purkey's Petition A Certificate Of Appellability he stres stressed to both court appointed habeas counsel that they needed to obtain necessary authority demonstrating that a COA was not needed for the appellate court to ascertain and review interrelated habeas evidentiary matters such as the affidavit prepared and filed on behalf of the government by his trial counsel, Fred Duchardt. Even though Purkey emphasized to both habeas counsel that Duchardt's afidavit although characterized as 'evidentiary materials' was not synonymous with 'evidentiary material' of trial nature, but is actually a 'interrelated material' to the §2255 filing itself. When Purkey tried to explain to both habeas counsel that the definition of 'interrelated', as here is the same as is interpreted through statutory construction that, "[I]t is a bacis principle of statutory construction that, a specific statute over a general provision of that statute are considered interrelated when closed positioned." Such evidentiary matters of interrelated nature to a §2255 habeas proceedings include affidavits, depositions and documents attached in support or opposition of the petition. See Snelling v. Publisher Cleaning House, 180 Fed.Appx. 609, 611 (8th Cir. 2006). The affidavit itself is not considered an evidentiary matter, but the affidavit

2.

Ex_15-001084

contains evidentiary material. The right to file an affidavit in habeas proceedings is found in the general provisions of 28 U.S.C. §2246. In other words the filing of an affidavit is but one of multiple proceedings within the larger habeas action itself, i.e. interrelated. See Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004).

4.   As both court appointed habeas counsels' have readily proclaimed that they paln to present this issue to the court of Purkey's trial attorney's affidavit utterly failing to satisfy requirements under Rule 56(e);Fed.R.Civ.P., although the court never granted, nor clarified denying a COA regarding this matter through the COA Petition. Both counsel(s) have reiterated that they do not need to mount so much as a cursory research anent authority for this court to review this matter in Purkey's appellate proceedings. In fact they have went so far to contend that they will submit they issue and hope for the best and if the court rejects review -"('O'well)"they tried. Because of both habeas counsel(s) ossify obstinacy in the past to concede that the Fed.R.Civ.P. are applicable to habeas proceedings and they exhaustive efforts Purkey had to mount to disgorge habeas counsel(s) from this untenable position he is thoroughly aware that their obstinacy in this matter will not be resolved, and thereby potentially devastating to Purkey because of the significance of this issue on his appeal. Both counsel claims that they pro forma representation and cursory research anent this issue of law and others is all that is necessary. Mr. Gary Brotherton reiterated and clarified that, "[W]e will decide what issues to present in your habeas apellate proceedings and what research is or is not necessary and that is how it is." For clarification purpose[s] he stated that, "we will and can run roughshod over your case and that there is nothing you can do about it."

5.   Further, both appointed habeas counsel(s) clarified that they are

3.

Ex_15-001085

'sick and tired' of hearing Purkey whine about the conditions of his confinement on death row. They stressed that he had no right to complain over being served uncooked and spoiled food on the so-called religious diet in the past four years, nor being denied medical treatment after suffering food borne poisoning from such. Further clarifying that Purkey did not have a right to practice his relgious beliefs, i.e. Buddhism or to be provided with a religious diet under the tenets of his religious beliefs. Mr. Brotherton clairified that Purkey needed to suck this up and deal with it. That he had other death row inmates as clients and they did not experience any of this issues of their confinement, and further Purkey was the "only inamte on death row that was complaining about the conditions of confinement." Further, Both court appointed habeas counsel with perspecuity clarified that, "Purkey had no right to adequate dental or medical treatment and that he needed to suck that stuff up." They have both reiterated that Purkey needed to stop complaining about the harassment denying him sleep every night by C.O.(s) Buescher, Baker and other such 12-8 staff, he needed to suck it up and deal with. In fact both habeas counsel(s) have advocated on Warden Lockett's behalf in condoning his position that Purkey should of thought about the conditions of his confinement before he started killing people, and that as stated when other inamtes have complained about issues permeating the conditions of their confinement on death row that, "the victim's families needed to be contacted and consulted with such whinny and weak complaints."

WHEREFORE' Purkey prayers this Court to grant his request to withdraw counsel, proceed pro se in these appellate proceedings and to withdraw such appellate proceedings.

DATED: August 18th, 2011                           RESPECTUFLLY SUBMITTED,

4.

Ex_15-001086

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

## Certificate Of Service

The undersigned certifies that on this 18th day of August, 2011 that he served a true and correct copy of the foregoing on the United States via U.S. Mail, sufficient first class postage prepared and attached to:

Kathlenn D. Mahoney
Asst. U.S. Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kanasas City, MO 64106

Wesley I. Purkey
Deponent

5.

Appellate Case: 10-3462    Page: 5    Date Filed: 08/23/2011 Entry ID: 3821377

Ex_15-001087

10-3462  Wesley Purkey v. United States

## Eighth Circuit Court of Appeals

**PRO SE Notice of Docket Activity**

The following was filed on 08/23/2011

**Case Name:**    Wesley Purkey v. United States
**Case Number:**  10-3462

**Docket Text:**
MOTION to withdraw counsel and to proceed pro se., filed pro se by Appellant Mr. Wesley Ira Purkey w/service 08/22/2011. [3821377] [10-3462]

**The following document(s) are associated with this transaction:**
Document Description:  motion filed

**Notice will be mailed to:**

Mr. Wesley Ira Purkey
U.S. PENITENTIARY
14679-045
4700 Bureau Road, S.
Terre Haute, IN  47802

**Notice will be electronically mailed to:**

Mr. Gary E. Brotherton I: gebrotherton@legalwritesllc.com, garyebrotherton@aol.com
Mr. David M. Ketchmark: David.Ketchmark@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Kathleen D. Mahoney: Kate.Mahoney@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Teresa L. Norris: teresa@blumelaw.com

Ex_15-001088

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

FILED

AUG 1 0 2011

MICHAEL GANS
CLERK OF COURT

WESLEY I. PURKEY,

Appellant,

v.                                              Case No. # 10-3462

UNITED STATES OF AMERICA,

Appellee.

---

MOTION TO WITHDRAW APPEALS

COMES NOW Wesley I. Purkey, (hereafter "Purkey") acting pro se in this matter does request the Court to allow him to withdraw his appeals in these habeas proceedings and in support of this request states the following:

1. Because of the protracted, ongoing and chronic constitutionally pro-scribed conditions of my death row confinement on the Special Confinement Unit that Purkey has been subject to for the past seven (7) years without resolve or remedy by law he request to withdraw these habeas proceedings rather than continue to suffer the plights of such conditions of confinement.

2. The alleged proscribed unconstitutional conditions of confinement that Purkey has and continue to be subject to are, inter alia, denial of medical and dental treatment for chronic medical conditions coupled with severe pain and debilitating. Denial of dental treatment for over five years coupled with severe pain, infections and bleeding gums due to the lack of adequate dental treatment based on USP/TH tactic policy of only providing one (1) dentist per four thousand inmates. Because of the deliberate indifference being shown to Purkey's serious dental

RECEIVED

AUG 1 0 2011

1.

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Ex_15-001089

needs the deterioriation of the remaining front teeth have reached a state of contast pain, bleeding and infection.  Unit Administrative Officials, i.e. Unit Manager Michael Stevens and Case Worker Edwards have reiterated many time overs that Purkey should of thought about these issues before he started murdering people.  In seeking redress for these issues these administrative members have not only refused to rpocess such grievances in redress but subject Purkey to different magnitudes of retaliation including but not limited to issuing him boggish disciplinary reports.  In fact Warden Jo Charles Lockett has clarified don many different occasions including this date, August 3rd., 2011 during Administrative rounds that SCU Administrative Staff was not required to process Purkey's grievances, that Purkey did not have receipts for grievances he filed and thereby "Purkey filed no grievances," because he will always take staff's word over that of a murder.  Mr. Lockett has clarified many times over both verbally and in writing that if a death row prisoner wishes to complain about the conditions of his confinement at USP/TH that he will present these grievances to tbeir victim's families for response.  This is the mentality underscoring Purkey's plights of being denied both constitutionally adequate medical and dental care on death row.

2.    For the past four (4) years Purkey has been and continues to be subject to uncooked, spoiled and rotten food items on tbe religious diet he is provided.  In fact he has consistently been denied food items designated on the religious diet and told on numerous occasions but both administrative executive staff and security pe4rsonnel that, "if he did not appreciate the spoiled, uncooked and rotten food items being served then to get the ehll off the religious diet."  Other similarly situated inmates has filed litigation regarding these issues in the United States District Court for the Southern District of Indiana.  See Kadamovas v. Jo Charles Lockett, 11-cv-00015 (S.D.Ind).  Warden Lockett has reiterated that

2.

Ex_15-001090

he is not going to address these issues presented to him both in person by Purkey and through administrative remedies because he is tired of hearing it, and that Purkey needs to continue filing grievances concerning the very same issue presented repeatedly through previous grievances. In other words Warden Lockett continues to show ossify obstinacy to the plight of spoiled, uncooked and rotten food items being served Purkey which have resulted in copious food borne poisoning. After suffering plights of food borne poisoning regarding these issues Purkey was then denied medical treatment, whereas medical merely shrugged these matteers off telling Purkry that, "he needed to simply let the food poisoning run its natural course, and get off the religious diets if he was tired of the same."

3.    In the past numerous years Purkey has and continues to be denied religious service. Both the Supervising Chaplian and applicable administrative officials have advised Purkey that they do not recognize "Buddhism" as a established religion and thereby will not allow him to participate in traditional Buddhist services. Other religious beliefs are allowed religious service in the designated Multi-Purpose area of the Unit, but as Warden Lockett has reiterated, "Buddhist are the same as atheist and do not satisfy requirements to be recognized as a established religion." Based on this same contention Purkey has and continues to be denied a religious diet under the scrupulous of his Buddhist beliefs and has been forced to accept a 'commonfare diet in-lieu of'.

4.    In the past several years Purkey has and continues to be denied access to literature, i.e. newspapaers, magazines and books on death row and has been severely mocked by both unit administrative and executive administrative officials when he sought access to such. Again administrative officials, Case Worker Edwards and educational personnel, Ms. Roberts' clarified that, "Purkey should of thought about newspapers, magazines and books before killing people." In fact Purkey has been subject to multi disciplinary reports by both educational personnel and Warden

3.

Ex_15-001091

Lockett for his sedulous efforts to obtain basic literature.

5.   In the past three and a half years Purkey has and continues to be subject to reprisals for utilzing the administrative remedy for his efforts to redress the foregoing and other issues permeating the conditions of his confinement.  One such reprisal is a ongoing campaign of not allowing Purkey to sleep during the 12 - 8 Shift.  Purkey is constantly harassed, being woke up and/or not allowed to sleep, whereas such sleep deprivation has and continues to cause Purkey extreme anguish, anxiety and physical toture.  A plethora of grievances have been filed regarding such protracted torture without resolve.

6.   In the past several months Purkey food has been tainted.  On several occasions his trays are designated with his name written on them and have had fecal matter mixed in with the breakfast ceral and served by the same SCU personnel who have and continue to harass Purkey during the 12 - 8 shift.  When Purkey complained about fecal matter being mixed in with his food, and other food items being spit on the USP/TH Legal Department contacted Purkey's habeas attorney, i.e. Gary Brotherton and advised him that they would subject Purkey to disciplinary actiobn if he persisted with such complaints.  Because of such threats Purkey is both fearful of eating non-packaged food items and seeking redress for the ongoing tainted food items by the 12 - 8 a.m. shift.

7.   After seeking redress for homsexual activities permeating the SCU by SCU 12 - 8 a.m. staff Purkey has subject to yet further acts of retaliation such as; 1) his correspondence mailed was destoryed by the 12 - 8 shift who processes such for mailing on that shift; 2) had chemicals sprays into bis cell by the 12 - 8 a.m. sbift which cause Purkey extreme distress and breathing problems; and 3) he was yet again threaten with disciplinary action by USP/TH Legal Dep't via Mr. Brotherton if he continued to wage such complaints against staff.

4.

Appellate Case: 10-3462   Page: 4   Date Filed: 08/10/2011 Entry ID: 3817635

Ex_15-001092

8.    Because of the foregoing conditions of confinement that are ongoing, protracted and chronic, and as well as to other such proscribed conditions of Purkey's death row confinement, including being subject to multi assults by SCU staff Purkey request that this Court withdraw Purkey's appeals.

For the foregoing reasons Purkey request that the Court grant the relief requested.

Dated: August 3rd., 2011

RESPECTFULLY SUBMITTED,

_Wesley I. Purkey_

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

## Certificate Of Service

The Undersigned hereby certifies that on the ___ of August, 2011, the foregoing was served on the United States via U.S. Mail, sufficient first class postage prepaid and attached to:

Kathleen D. Mahoney
Assistant U.S. Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
kansas City, MO 64106

_Wesley I. Purkey_

Wesley I. Purkey
Deponent

5.

Ex_15-001093

Mr. Michael E. Gans/Clerk
U.S. Court of Appeals
Thomas F. Engleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

August 8th, 2011

Dear Mr. Gans,

Please find enclosed my pro se Motion to Withdraw My Appeals. I have enclosed the original and three copies of the same for filing with the court.

Thank you for your attention to this matter.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

cc: file

RECEIVED

AUG 10 2011

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Ex_15-001094

10-3462  Wesley Purkey v. United States

## Eighth Circuit Court of Appeals

**PRO SE Notice of Docket Activity**

The following was filed on 08/10/2011

**Case Name:**    Wesley Purkey v. United States
**Case Number:**  10-3462

**Docket Text:**
MOTION to dismiss case filed by Appellant Mr. Wesley Ira Purkey. [3817635] [10-3462]

**The following document(s) are associated with this transaction:**
Document Description:  motion to withdraw apeal

**Notice will be mailed to:**

Mr. Wesley Ira Purkey
U.S. PENITENTIARY
14679-045
4700 Bureau Road, S.
Terre Haute, IN  47802

**Notice will be electronically mailed to:**

Mr. Gary E. Brotherton I: gebrotherton@legalwritesllc.com, garyebrotherton@aol.com
Honorable Fernando J. Gaitan: marylynn.shawver@mow.uscourts.gov,
judy.carter@mow.uscourts.gov,rhonda_enss@mow.uscourts.gov
Mr. David M. Ketchmark: David.Ketchmark@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Kathleen D. Mahoney: Kate.Mahoney@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Teresa L. Norris: teresa@blumelaw.com

Ex_15-001095

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

**FILED**

DEC 3 0 2010

**MICHAEL GANS**
**CLERK OF COURT**

WESLEY I. PURKEY,

           Petitioner,

vs.

                             Case No. 10-3462

                             Dist. Court #06-8001-CV-W-FJG

UNITED STATES OF AMERICA,           (W.D.MO)

           Respondent.

---

### MOTION FOR AN ORDER BY THE COURT WITHDRAWING HABEAS COUNSEL(s) GRANTING PURKEY LEAVE TO PROCEED PRO SE IN THIS ACTION AND/OR IN THE ALTERNATIVE GRANTING PURKEY MOTION TO WITHDRAW THIS APPELLATE REVIEW

The Petitioner Wesley I. Purkey (hereafter ("Purkey"), acting pro se seeks an Order of the Court withdrawing present habeas counsel(s) Tersa Norris and Gary Brotherton from representing him in these capital habeas proceedings because of irrevocable conflicts of interest denying Purkey effective represent-ation in these appellate proceedings, and thereafter granting Purkey the right to proceed pro se as authorized unlaw and/or in the alternative if the Court should deny withdraw of present habeas counsel and for him to proceed pro se in this action then in the alternative grant Purkey's motion to withdraw appellate review of such action. In support of this motion Purkey states the following:

### A Laconic Statement Of Applicable Facts In Support Of The Irrevocable Conflicts Denying Purkey Effective Representation

1.

**RECEIVED**

DEC 3 0 2010

**U.S. COURT OF APPEALS**
**EIGHTH CIRCUIT**

Appellate Case: 10-3462    Page: 1    Date Filed: 12/30/2010 Entry ID: 3741508

Ex_15-001096

1.    In preparation of the § 2255 Ptition lead Counsel Tersa Norris visited Purkey on only two separate dates, whereas the same held true with Mr. Gary Brotherton appointed as second counsel in such habeas representation. In the three years since the filing of an denial of relief requested through the 2255 Petition Ms. Norris has visited Purkey one time which was a collateral visit to the primary legal visitation she traveled to the United States Penitentiary at Terre Haute, Indiana for with a recent appointment of another client on death row.   Time, distance and expense are the reasons given for the absolute absence of visitation for meaningful preparation of drafting appellate materials in the case sub judice.

2.    Through court appointed counsel Purkey asserted numerous claims through is 2255 Petition and the Memorandum in Support of such Motion, which the district court holistically denied across the board relying almost entirely on the 117-page affidavit prepared by Purkey's trial counsel, Mr. Fred Duchardt. The Government in turn after delineating a prolix 32-page factual history of the case through its responsive 2255 pleading "incorporated verbatim Mr. Duchardt's affidavit" as a surrogate for the Government's Brief and Memorandum of Law in support of such opposition to Purkey 2255 Ineffective Assistance of Counsel Claims ("IAC")and alike issues presented.

3.    Mr. Duchardt's 117-page affidavit (Doc. 73) is permeated not only with legal conclusions in-lieu of fact based contentions, but the affidavit is layered with imbued legal arguments in opposition of claims Purkey presented through his 2255 claims.   Court appointed counsel sought to strike Mr. Duchardt's affidavit/government brief anent violation of ethical standards under the applicable ABA Guidelines.   The district court without anaylsis in toto denied such Motion To Strike under ethical challenges presented by habeas counsel.

2.

Appellate Case: 10-3462    Page: 2    Date Filed: 12/30/2010 Entry ID: 3741508

Ex_15-001097

4.      In combination with the alleged ethical violations presented anent Mr. Duchardt's 117-page affidavit Purkey contends that such affidavit imbued with legal arguments and analysis stands in glaring violation of applicable rules of law governing such affidavits, Rule 56(e);Fed.R.Civ.P.- made applicability to Federal Habeas Corpus Proceedings under Rule 81(a);Fed.R.Civ.P.  Both habeas counsel, particularly Tersa Norris demonstrate ossify obstinacy in meaningfully presenting this issue to the court on appeal and because of this unreasonable and unyeilding position Purkey seeks leave of the court to proceed pro se in these proceedings.  Because as well establish law clarifies that no such claims of ineffective assistance of counsel exist in Habeas Proceedings, and based on the capital nature of the appellate proceedings sub judice this claim of Mr. Duchardt's affidavit standing in staunch violation of applicable law governing such needs to be meaningfully and comprehensively presented.

### The Federal Rules Of Civil Procedure Apply In The Context Of Habeas Suits To The Extent That They Are Not Inconsistent With Habeas Corpus Rules

Contrary to appointed counsel Tersa Norris who remains unreasonably obstinate in face of the copious authority clarifying that the Federal Rules of Civil Procedures, including Rule 56(e) are applicable to Habeas Suits under the mandates set forth through Rule 81(a)(2);Fed.R.Civ.P.  The Civil Rules "govern the procedures in the United States district courts in all suits of a civil nature" Mayle v. Flix, 545 U.S. 644, 125 S.Ct. 2562, 2569 (2005); Harvest v. Castro, 531 F.3d 737, 744 (9th Cir. 2008).  This includes "proceedings for Federal Habeas Corpus," Rule 81(a)(2), but only to the extent that the practice is not set forth in statutues of the United States [or] the Rules Governing Sectioln 2254/2255 Cases.  Woodford v. Garceau, 538 U.S. 202, 208, 123 S.Ct. 1398 (2003), and do not contradict or undermine the provisions of the habeas

3.

Appellate Case: 10-3462    Page: 3    Date Filed: 12/30/2010 Entry ID: 3741508

Ex_15-001098

corpus statute.  Gonzales v. Crosby, 545 U.S. ___, ___, 125 S.Ct. 2641 (2005). This Court has clarified that "[t]he Federal Rules of Civil Procedure govern habeas proceedings unless superseded by the rules governing section 2254 or 225.  Fed.R.Civ.P. Rule 81(a)(4); Barnett v. Roper, 541 F.3d 804,807 (8th Cir. 2008).

<u>Applicability Of Rule 56(e) In Habeas Proceedings</u>

Moore's Federal Practice - Criminal [8] Applicability of Federal Rules of Civil Procedure set out the Civil Rules that the courts have held applicable in habeas corpus proceedings which clearly designates Rule 56(e).  Under Rule 56(e) which govern affidavits accompanying motions for summary judgment and/or in this petitions for or in oppositions to 2254 or 255 Petitions "must be based on first hand knowledge . . . and show that the affiant is competent to testify to such matters and that such matters would be admissible at trial."  Ricks v. Xerox Corp., 877 F.Supp. 1468, 1470 n. 1 (D.Kan. 1995), af'd 96 F.3d 1453 (10th Cir. 1996).  However, affidavits and depositions which are not generally admissible at trial, are admissible in summary judgment proceedings/habeas proceedings to establish the truth of what is attested to or deposed, provided that the affiant's or dependent's testimoney would be admissible if he were testifying. Eisenstadt v. Centel Corp., 113 F.3d 738, 742 (7th Cir. 1997).  Where counsel, as in this case is the appropriate affiant, such affidavit still must satisfy requirements under Rule 56(e).  See Sitts v. United States, 811 F.2d 736, 741-42 (2d Cir. 1987).  Mr. Duchardts "117-page affidavit" does not come within shouting distance of satisfying Rule 56(e) requirements and here is why:

<u>Fred Duchardt's Affidavit Does Not Come Within Shouting Distance Of Satisfying Requirements Under Rule 56(e)</u>

This Court recognized over fourty (40) years ago that Rule 81(a)(2) expressly

4.

Ex_15-001099

makes the Civil Rules applicable to Habeas Corpus Proceedings. Stewart v. Bishop, 403 F.2d 674, 678 (8th Cir. 1968). Since that time all the lower courts have consensus gentium held that Rule 81(a)(2) makes the Civil Rules applicable to Habeas Corpus Proceedings and thereby, have affirmatively applied such, including Rule 56(e). See Newman v. Hopkins, 6 F.3d 1111, 1113 (D.C.Neb 1998); Youngbear v. Brewer, 415 F.Supp. 807, 810 (C.D.Iowa 1976); and U.S. v. Papakee, 485 F. Supp.2d 1032, 1036 (N.D.Iowa 2007); see also Alphin v. U.S., 809 F.2d 236, 240 (4th Cir. 1987)(under Rule 81(a)(2),a Rule 56(e) is applicable to Habeas Corpus Proceedings). Here the lion share of Purkey's trial attorney, Fred Duchardt's 117-page affidavit is layered with arguments of law, as well as performing analysis of authority presented against him through Purkey's 2255 Petition which does not come within shouting distance of tentatively satisfying requirements under Rule 56(e) for affidavits accompanying Habeas Corpus Petitions and/or responsive pleadings in opposition. Whereas, the district court, as Purkey will request this Court to do, should of have sua sponte striken Mr. Duchardt's affidavit in whole or either in part that utterly failed to comply with requirements under Rule 56(e).

Under 56(e) requirements affidavits must be made on personal knowledge. Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008). Further, affidavits must also contain specific facts, which, in turn would be admissible at trial. Howard v. Kansas City Police Dpt., 570 F.3d 984, 997 (8th Cir. 2009). Thus, hearsay statements, conclusory averments, unfounded self-serving declarations, admbiguous statements, specualation or conjecture, and inadmissible expert testimoney/opin-ions are generally improper in Rule 56(e) affidavits. Id.; Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir. 1999). Affidavits submitted by attorneys must satisfy requirements of Rule 56(e). Moore v. Fargo Police Dpt., 297 Fed.Appx 569, 571

5.

Ex_15-001100

(8th Cir. 2008). "[T]he policy of Rule 56(e) is to all the affiant to contain all evidentiary matter, which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimoney." 6 Moore's Federal Practice, § 56.22 [1] at 1321-22 (1982). "[H]earsay statements that would not be admissible at trial as exception to the hearsay rule may not be contained in the affidavit...." Id. at 1322. Clearly the legal arguments and analysis presented through Mr. Duchadrt's 117-page affidavit do not fall under any of the hearsay exceptions, nor would they undisputably be admissible at trial while he was testifying on the witness stand, thereby should of been striken by the court without consideration in denying Purkey's 2255 relief and/or in denying his requested COA(s) on applicable issues relied on.

In Moore v. Fargo Police Dep't, the Court clarified that even attorneys affidavits msut satisfy Rule 56(e) requirements and stated that Rule 56(e) clearly indicates that facts stated in an affidavit must do more than present legal conclusions and arguments. Id at 571; Citing Friedel v. City of Madison, 832 F.2d 965, 969-70 (7th Cir. 1987). Because legal argumentation is an expression of legal opinion and is not a recitation of a fact to which an affiant is competent to testify, legal argument in an affidavit may be disregarded. Pfeil v. Rogers, 757 F.2d 850, 862 (7th Cir. 1985). This Court reiterated that excusing an attorney from requirements of Rule 56(e) "is a tactic fraught with peril" and that attorneys affidavits must still satisfy requirements of Rule 56(e)." Moore, 297 Fed.Appx at 570. No authority to Purkey's knowledge has held contrary to this Court's reiterated holdings that attorneys are required to satisfy Rule 56(e) requirements in presenting affidavits in either habeas and/or nor habeas setting of civil nature and more than likely because Habeas Corpus proceedings are civil in nature. See Mayle v. Felix, 545 U.S. at 655 n.4. As previously noted, Civil

6.

Ex_15-001101

Rules are applicable to Habeas Corpus Proceedings pursuant to Rule 81(a)(2); Fed.R.Civ.P.  See Newman v. Hopkins, 6 F.Supp.2d 1111, 1113-14 (D.Neb.1998, rev'd on other grounds, 192 F.3d 1132 (8th Cir. 1999).  Thereby, the lion-share of Purkey's trial attorney's 117-page affidavit which presented legal arguments and conclusions should of been and should be striken, and this case returned to the district court for reassessment of Mr. Duchardt's affidavit and its overall consideration in denying Purkey's 2255 relief.

Additional Reasons Counsel Should Be Withdrawn From Representing Purkey

5.      After the completion of filing Purkey's 2255 Petition both appointed counsel appriased Purkey that his case was dead and that no further research or investigation of issues would be taken.  This characterization has been maintained by counsel to date - almost two years after the case was fully briefed and awaiting judication still no further research or investigation had been taken anent regarding issues germane to Purkey's capital proceedings.  In fact as of December 20th, 2010 both counsel have clarified that they have not had time to actually began to focus on Purkey's appellate proceedings and that they did not  intend to present anything beyond a token arguments of the issue Rule 56(e) presented herein.

6.      Both habeas counsel advised Purkey without providing any governing authority that he was not allowed to present a Rule 59(e) Motion To Alter or Amend The Judgment Order by the district court in denying across the board his request for COA(s) on appeal.  This contention by counsel(s) is clearly not supported under the applicable governing law of Rule 59(e);Fed.R.Civ.P.

7.      Both counsel(s) have assured Purkey that they will not advance any objections to his request to the court for them to be withdrawn from representing him in these capital habeas proceedings, particularly because of the ultimate break-

7.

Ex_15-001102

down in communications and irrevocable difference that have existed for a protracted period of time and that continue to permeate Purkey's ability to assist in these capital habeas proceedings.  Both habeas counsel(s) have reiterated, as in this instant matter over an inordinate period of time that prisoners such as Purkey who do not possess the intelligence, legal discernment and/or have a law degree on their wall does have the knowledge for applicable analytical ability to interpret and disgest tenets of law governing issues presented through various legal litigation, thereby as in this instance Purkey is being denied his funda-mental rights to assist in these capital proceedings.

<u>Contrary To Habeas Counsel A COA Is Not Required On This Procedural Issue</u>

Both Habeas Counsel have reiterated on numerous occasions that they will need to include this issue of Mr. Duchardt's affidavit not satisfying Rule 56(e) requirements through requesting the appellate court for a COA anent such.  Con-tinuing their ossify obstinacy to Purkey's advising both of these learned lic-enced attorneys that a COA is not required on procedural issues in a 2255 pro-ceedings they remain totally unreceptive to hearing such legal mandate.  This Court has clarified that rules governing 28 U.S.C. § 2255 proceedings do not mandate a Certificate of Appealability on procedural issues involved with §2255 proceedings.  <u>Roney v. U.S., 205 F.3d 1061, 1063 8th Cir.2000)</u>; quoting <u>Nichols v. Bowersox, 172 F.3d 1068, 1070 n.2 (8th Cir.1999)</u>.  Thereby, under this court controlling law a COA is not required for the court to entertain this procedural issue of law governing the submission of Mr. Duchardt's affidavit, whether or not it satisfies Rule 56(e) requirements.

Conclusion

For the reasons stated above, this Court should grant Purkey's requested

8.

Ex_15-001103

relief withdrawing Ms. Tersa Norris and Mr. Gary E. Brotherton in representing Purkey in these capital habeas proceedings, allowing Purkey to proceed pro se and/or permit him to withdraw appellate review of his §2255 petition, as denied by the district court.

Dated: December 28th, 2010

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

Certificate Of Service

The Undersigned certifies that he has served copies of the foregoing Motion via U.S. Mail, First Class Postage attached on this 28th day of December, 2010 to:

Tersa Norris, Esq
1247 Sumter, Second Floor
P.O. Box 11744
Columbia, SC 29201

AUSA Matt Whitworth
U.S. Courthouse
400 East 9th Street
Rm. 5510
Kansas City, KS 64106

Wesley I. Purkey
Deponent

19.

Appellate Case: 10-3462    Page: 9    Date Filed: 12/30/2010 Entry ID: 3741508

Ex_15-001104

Mr. Michael E. Gans, Clerk
United States Court of Appeals/8th Cir.
111 S. 10th Street, Rm. 24.329
St. Louis, MO 63102

**FILED**

DEC 3 0 2010

**MICHAEL GANS
CLERK OF COURT**

December 28th, 2010

RE: <u>Purkey v. U.S., Case No. 10-3462/Dist. #06-8001-cv-W-FJG/W.D.Mo</u>

Dear Mr. Gans,

Please find enclosed my Motion for Withdrawing Habeas Counsel and to Proceed Pro Se in this action. I have enclosed the original and three (3) copies of the same for filing with the court. I will be initiating/filing a motion for an extension to prepare briefing, as well as a motion to file a oversized brief in the same.

Thank you for your attention to this matter.

Sincerely,

*Wesley I. Purkey*

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

cc: file

**RECEIVED**

DEC 3 0 2010

**U.S. COURT OF APPEALS
EIGHTH CIRCUIT**

Ex_15-001105

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

WESLEY I PURKEY,                                    )
                                                    )
                         Plaintiff,                 )
          vs.                                       )          2:09-cv-44-WTL-DML
                                                    )
H.J. MARBERRY, Warden, et al.,                      )
                                                    )
                         Defendants.                )

**Entry Denying Motion to Proceed *In
Forma Pauperis* and Directing Payment of Filing Fee**

          Plaintiff Wesley I. Purkey is an inmate at the United State Penitentiary in Terre Haute, Indiana. He filed this civil rights action alleging that he was denied a religious diet consistent with his Buddhist faith, that he has been served spoiled and rotten food items, and that he has been retaliated against for seeking redress through administrative grievance procedures.

          Purkey seeks to proceed in this action *in forma pauperis*. This request must be **denied** because he is not eligible for that status at this time and in the circumstances of this case. A prisoner who has filed at least three suits or appeals that are frivolous, malicious, or fail to state a claim is ineligible to proceed *in forma pauperis* and must prepay all fees unless in imminent physical danger. 28 U.S.C. § 1915(g); *see Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). As both *Ammons* and this case demonstrate, a court does not always have complete information regarding a litigant's prior "strikes" in this regard. Accordingly, "[a] litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Id.* (citing *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999). In that regard, Purkey's complaint did provide a list entitled "Purkey's Prior Civil Litigation History" which lists seven cases. However, the court has discovered that this list is incomplete. Purkey has acquired three or more "strikes" through having litigation to which he was a party in a federal court dismissed for failure to state a claim upon which relief could be granted or as frivolous.

          In order to understand how this rule operates, it must be noted that when a prisoner files a multi-claim or multi-defendant suit, the prisoner will incur a strike when any claim against any of the respondents in the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007); *Shelley v. Lechleitner*, 2008 WL 5263778, *1 (W.D.Wis. 2008)(applying *George* in concluding that "[o]n at least three prior occasions, this court has dismissed at the screening stage at least one claim raised in petitioner's previous complaints for one of the reasons listed in § 1915(g)").

Ex_15-001106

In *Evans v. Illinois Department of Corrections,* 150 F.3d 810 (7th Cir. 1998), it was noted that a prisoner-litigant in these circumstances is entitled to know the cases the court relies on when making the three-strikes determination. For Purkey's reference, the cases on which the court relies in finding three or more "strikes" consist of the following:

*Purkey v. Green*, 28 Fed. Appx. 736, 2001 WL 998057  (10th Cir. Aug. 17,  2001) (affirming district court's dismissal of some of Purkey's claims including: (1) his right to access the courts was unconstitutionally violated, (2) one of his Eighth Amendment claims alleging deliberate indifference to medical needs, and (3) his claim regarding retaliatory segregation, all for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.§ 1915(e) or 1915A(b)(1)).

*Purkey v. Simmons*, 29 Fed. Appx. 546 (10th Cir. 2002) (affirming district court's dismissal of complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted.)

*Purkey v. McKune*, No. 04-3453 (10th Cir. Jan. 10, 2005) (dismissing plaintiff's appeal as premature).

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002), and *Heimermann v. Litscher,* 337 F.3d 781 (7th Cir. 2003). Such allegations are not present in Purkey's complaint. Any view that Purkey will be harmed in the future by the food provided to him is speculative.

Accordingly, Purkey's motion to proceed *in forma pauperis* is **denied**. Purkey shall have **through March 12, 2009**, in which to pay the $350.00 filing fee for this civil action. Failure to do so will result in dismissal of this action.

**IT IS SO ORDERED.**

Date:  2/20/09                                          *William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Wesley I. Purkey, Reg. No. 14670-045, Terre Haute - USP, P.O. Box 33, Terre Haute, IN 47801

Ex_15-001107

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI


WESLEY I. PURKEY,

Petitioner/Pro Se,

vs.                                           Case No. #06-8001-CVW-FJG

UNITED STATES OF AMERICA,

Respondent.

_____

THIRD MOTION TO WITHDRAW HABEAS COUNSEL
AND
FOR LEAVE TO PROCEED EITHER PRO SE AND/OR TO BE APPOINTED AS CO/COUNSEL

Petitioner Wesley I. Purkey, herafter "Purkey" does bring this **Third**
**Motion** for habeas counsel to be withdrawn and for leave to proceed pro se,
and/or in the alternative to be appointed as co/counsel and in support of
said request does state the following:

1.    Since appointment of Ms. Teresa Norris, South Carolina and Mr.
Brotherton, Missouri Purkey has filed pleadings in the case sub judice to
be relieved of both because of irreconcilable difference respectively August
18th, 2007 and September 6th, 2007.  Through those close proximity pleadings
Purkey simultaneously delineated and enunicated reasons his request for relief
were predicated.  The Court without peruse of the claims asserted by Purkey
dismissed the two motions based on supposedly voluntary requesting by Purkey

1.

Ex_15-001108

withdrawing said motions to relieve counsel and to proceed pro se. Such supposedly voluntary withdrawal of said motions were actually given under false pretenses of actions to be taken by both habeas counsel, thereby such withdrawal of the same were coerced, because both counsel have reneged on their agreement to allow Purkey what the constitution guarantees, and that is **for Purkey to be allowed to assistant in his own criminal proceedings.** Both counsels' have paid lip service to this constitutional guarantee, but more so Teresa Norris has and continue to breach this constitutional right through her commandeering, controlling and strong-arm tacits denying Purkey the right to assist in these proceedings, whereas Mr. Brotherton has and continues to show a overwhelming passive resistance to such at Purkey's expense.

2.   Since the appointment of Teresa Norris and Gary Brotherton, Ms. Norris with exception of one (1) time has not responded to the many correspondence Purkey has sent to her addressing issues, authority and germane facts predicating issues to be presented and/or were being requested for presenting through Purkey's § 2255 petition. In fact Ms. Norris has made it perspicuously clear that she did not have time to be answering this **shit,** and that if Purkey expected her to waste time responding to his analysis of claims to be raised and/or were being requested to be raised then he would be waiting a long time, because she was not going to do it. Here she was a person of her word, although she has a habit of selectively being that when convenient. Because of her ossify obstinancy to allowing Purkey to assist in his **own habeas proceedings** and in combination with other detrimental circumstances surrounding both counsels preparation of Purkey's habeas and memorandum in support he filed the dual pleading for thier withdraw. Some but not all are still germane and are aggravating factors stimulating the filing of this instant pleading, as others presented through those two

2.

Ex_15-001109

pleadings are no longer of issue. Those that are, in respect with this motion will be set forth through the subsequent paragraphs.

3. After much controversy and anguish Ms. Norris agreed to allow Purkey a partial amount of the issues he sought for presentation through his 2255 petitition. Further' she agreed to allow Purkey to review drafts of the issues to be presented and analyzed through the simultaneous filing of the memorandum of law in support of the October 16th, 2007 filing of the 2255. Contrary to Ms. Norris's assurances that she would allow Purkey to review drafts of isues being presented through the momorandum of law, only Mr. Brotherton allowed Purkey to do so with issues he was preparing. But' here it is noteworthy that allowing Purkey to review these issues Mr. Brother drafted was only a facade in allowing Purkey to assist with modifications of such, whereas the ensured changes to be made after allowing Purkey meaningful imput were simply left out without advising Purkey of such. Ms. Norris has made it vividly clear that she only tolerates Purkey's involvement with his own habeas petition, and in reality provides him with a placebo of assistance with his own habeas petition that his life literally hinges on. In retrospect' Ms. Norris and Brotherton after assuring Purkey that he would be allowed to assist in preparation of his own habeas petition and memorandum of law in support of filed such leaving him to believe that the modifications he sought and which they had approved were actually left out. This is the type of devious and despicable actions Purkey has had to deal with anent dealing with Ms. Norris, and in the same vein with Mr. Brotherton who does not possess the temerity to answer these devious and sordid deeds of lead counsel, Norris. In fact Mr. Brotherton continues to show absolute and total acquiesce to Norris's heavy handedness and commandeeringness of Purkey's case. In support of the central claim that Mr. Norris is the central problem in denying Purkey the right

3.

Ex_15-001110

to assist in his own habeas proceedings it is noteworthy that Mr. Brotherton is second counsel in two other federal death row cases, one on direct and the other in collateral proceedings, whereas he does not have the same issues bearing with lead counsel in either of thsoe two cases. That is because neither lead counsel in either of those other two death row cases is controlling, commandeering and strong-arming their clients' cases, as Ms. Norris is in Purkey's habeas proceedings.

4. From the on-set of both Mr. Brotherton and Ms. Norris's appointment they assured Purkey that they would petition the court for funds to obtain a polygraph test anent Purkey's adamant denial that he ever kidnap Ms. Long, as the government flaunted to the jury. In fact this claim was to be presented through Purkey's habeas petition and addressed through the supporting memorandum of law, although Teresa without telling Purkey eighty-sixth from both. Purkey requested and Mr. Brotherton approved that this information that Purkey had been trying sedulously from the time of Mr. Duchdart's appointment to be allowed polygraph testing anent the kidnapping claim, and in fact that Purkey was still begging to have an polygraph administered at this date. Further' Purkey is willing to forego these collateral proceedings if he should fail such polygraph testing. Here again, after clearly telling Purkey that they would petition the court for funding to obtain a polygraph examiner and testing laying down sufficient grounds for the same to the court both counsels' have reneged on such, including to include these issues in Purkey Habeas Proceedings which his life depends on. The Eighth Circuit have found just such polygraph testing to be relevant in this type of case. See **U.S. v. Waters,** 194 f.3d 926, 937 (8th Cir. 1999); and **U.S. v. Williams,** 95 F.3d 723 (8th Cir. 1996). Purkey is still willing to take such polygraph examination at this point, and in fact is in reality begging to do so.

4.

Ex_15-001111

5.  Through specious and disingenuous arguments Ms. Norris has and continues to deny issues and arguments to be presented in Purkey's habeas petition and attached memorandum of law in support.  Even though certain issues have been litigated and decided by this Court and the Eight Circuit, only renders them to authority of 'law of the case', not written in stone, as the Eighth Circuit en banc did not review them, or has the Supreme Court granted Cert. for review of the same.  Under Point XX of Purkey's petition and argued through the later filed memorandum of law Ms. Norris again behid Purkey's back deleted that this issue of law was wrongfully decided by this Court and the Eighth Circuit Panel because of the erroneous rule of law it was reviewed under.  Beyond the Hammer anaylsis for the failure to appripriate find 'obvious mitigators', which relies in pertinent part of allowing mitigating factors to not only be considered, but as well as for the jury to constitutional weigh the same.  Here' as Purkey stressed to both habeas counsels' and which they considered would be presented, but was not in the memorandum of law is the fact that this claim of the jury, not only failing to vote on obvious migitating factors but that the jury's failure to memoralize their voting on mitigating factors was in violation of statutory provisions under 18 U.S.C. § 3593(a).  See **U.S. v. Green,** 407 F.3d 434, 442-43 (1st Cir. 2005).  Whether a death penalty jury is required to memorialize their votes on a defendant's migitating factors is vested through the language of the governing statute.  Id.  This is just one of many issues that habeas counsel had originally guaranteed Purkey would be presented through his habeas petition, and then deviously left out after Purkey being advised that they would be presented.

5.  Because of habeas counsels' ineptness and/or plain incompetency Purkey's petition and supporting memorandum has foregone material affidavits in support of germane issues being raised.  Two such affidavits were to be provided by Purkey's

5.

Ex_15-001112

daughter, Angie C. Genial, Basehor, KS and a second affidavit by his counsin, her husband and his aunt.  Although all these individuals have repeatedly tried to afford these materials to habeas counsel they have been totally inept in obtaining them.  When confronted habeas counsel for jsutification for not obtaining these materials they chose to mark significant disparaging remarks toward Purkey's daughter and family in general, in lieu of admitting their own ineptness and incompetency in doing so.  Such disrespect and derogatory comments by counsels toward Purkey's family and especially daughter who plead for her dad's life during trial will not be tolerate in anyway, shape or form from Norris or Brotherton.

<u>Purkey Request That He Be Appointed As Co/Counsel</u>
<u>and/or</u>
<u>Ms. Norris Be Withdrawn From These Habeas Proceedings</u>
<u>and</u>
<u>Mr. Brotherton Be Allowed To Proceed As Habeas Counsel/</u>
<u>and Purkey Appointed As Co/Counsel</u>

6.  Because of the breakdown in communications between habeas counsel and Purkey as delineated and enunicated above, and as well through the other two pleadings requesting relief of habeas counsel, Purkey request to be appointed as co/counsel along with Ms. Norris and Mr. Brotherton.  If the Court should decline to do so which would Purkey would in that case not be allowed to fully assist and review all materials prior to filing with the court, he then request that Ms. Norris be withdrawn as counsel and Mr. Brotherton be allowed to remain.  As well as in that case that Purkey be appointed as Co/counsel along with Mr. Brotherton.  If the Court should deny such request to appoint Purkey counsel in either of the two instances, then Purkey request that the court relief him of both habeas counsel and allow him to proceed pro se in this matter.

6.

Ex_15-001113

CONCLUSION

WHEREFORE' petitioner request for the foregoing reasons and others set forth through the previous two pleading previously filed into the Court that the Court grant the relief requested herein.

Dated: December 11th, 2007

RESEPCTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United State Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/Pro Se

DECLARATION UNDER PENALTY OF PERJURY

The undersiged Wesley I. Purkey does attest under penalty of perjury that the above and foreging information is true and correct to the best of his know-ledge and beliefs pursuant to 28 U.S.C. § 1746.

Wesley I. Purkey
Declarant/Petitioner

CERTIFICATE OF SERVICE

The undersigned Wesley I. Purkey does certify that he mailed a true and correct copy of the foregoing motion via U.S. Mail, First Class Postage Prepaid on this 11th day of December, 2007 to:

7.

Ex_15-001114

Mr. Matt. J. Whitworth
Asst. U.S. Attorney
Charles Eveans Whittaker Courthuose
400 East Ninth Street, 5th Floor
K.C., MO 64106

&

Teresa Norris
Attorney At Law
1247 Sumter Street, Second Floor
Columbia, South Carolina 29201

Wesley I. Purkey
Petitioner/Pro Se

8.

Ex_15-001115

**IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

WESLEY IRA PURKEY,                )
                                  )
                Movant,           )
                                  )
        v.                        )        No. 06-8001-CV-W-FJG
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                Respondent.       )

---

**Motion to Withdraw
Purkey's *Pro Se* Motion Filed February 14, 2007**

---

The undersigned appointed counsel for Wesley Ira Purkey, an indigent death-sentenced inmate, hereby move to withdraw Mr. Purkey's "Motion to Withdraw Habeas Counsel(s) to Waive Habeas Proceedings and For Execution Date to Be Set" filed *pro se* on February 14, 2007. Since the filing of that motion, counsel have discussed this matter with Mr. Purkey and have received from him his further request that this motion be withdrawn and nullified. *See* Attachment.

The undersigned counsel thus request that this motion be withdrawn and that no action be taken on the previous *pro se* requests.

Ex_15-001116

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044  (Phone)
(803) 765-1143  (Fax)
teresa@blumelaw.com
Co-counsel to Movant

Gary E. Brotherton, Esq.
2101 Chapel Plaza Court, Suite 13
Columbia, Missouri  65203
(573) 875-1571  Phone
(573) 875-1572  Fax
GEBrotherton@LegalWritesLLC.com
Co-counsel to Movant

By:    /s/  Gary E. Brotherton
       GARY E. BROTHERTON
       Co-counsel to Movant

Dated:      Columbia, SC
            Columbia, MO
            February 28, 2007

CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

                        /s/ Gary E. Brotherton
                        Gary E. Brotherton

Dated:      Columbia, SC
            Columbia, MO
            February 28, 2007

Ex_15-001117

In The United States District Court
Western District of Missouri

Wesley I. Purkey,

       Petitioner

v.

       Case # 04-00268-01-FJG
       06-8001-CV-W-FJG

United States of America,

       Respondent

Motion To Withdraw Habeas Council(s)
To Waive Habeas Proceeding and
For Execution Date to Be Set

Comes Now Petitioner Wesley I. Purkey
("Purkey") and does hereby Request that this
Court exercise its authority pursuant to applic-
able statutory law and those found in federal
Rules of Civil Procedure, to Relieve Purkey
of appointed Habeas Counsel(s) of Record
because of irreconcilable differences; allow
Purkey to waive his statutory right under

Ex_15-001118

new AEDPA habeas 28 U.S.C. § 2255 proceedings and thereafter set and schedule an expeditious date, for his execution. In support of the above Turkey offers the following:

1., Unlike direct appeal Review which is mandatory in federal capital cases, an application for habeas Review is collateral and discretionally; thereby need not be invoked and can be voluntarily Relinquished and abandon.

2. Appointed habeas counsel, and Turkey have irreconcilable differences and Turkey Request the Court to Withdraw and Relieve Turkey of appointed habeas counsel(s), and allow him to proceed pro se.

3. Proceeding pro se Turkey Request the Court to allow him to voluntarily Relinquish and abandon habeas proceedings as set forth under 2 8 U.S.C. § 2255 (as amended by AEDPA § 105).

4. That Turkey does Request the Court to mercifully provide him with a expeditious date for his execution to be carried out.

5. Further, Turkey advises the Court

Ex_15-001119



that the substance of Reagan predic-
ting his Relinquishment of discretionary
collateral releas proceeding and Request
for en expedious execution is the tort-
uous and aminous conditions of confine-
ment on the Special Security Unit. These
conditions include, but are not limited
to:

(a) being subject to ongoing and
constant bombardment of, incessant noise and
pounding, emenating from both the Special Housing
Unit below the Special Security Unit (SCU) and
the SCU itself. That because of, this excruci-
ating, tortuous he, Purkey has been and continual
to, be subject to enormous sleep deprivation
tremendous physical and mental anguish,
constant headackes elevated blood pressure,
acute anxiety and disstress.

(b) Denial Mental health treatment,
as well as adequate medical, and dental
treatment. Purkey has been forced the
past year to a pair of broken and
inadequate prescription. Whereas the warden
veach told him "if you don't like it file
on us". Purkey continues, to suffer
excruciating headackes burning eyes and
inability to Read because of the Denial

Ex_15-001120

of prescription glasses.

c), Turkey's cell was not only
without heat but subject to cold air
blowing from the ventilation vent where
temperatures outside were in single digits.

d) applically administrative
personnel has told Turkey that he
need to simply man-up and deal
with these conditions. —

e) Turkey continues to be denied
phone calls, move to a lesser restrictive
level and is subject to malicious and
elusive treatment for filing grievances
on his behalf and other DEATH ROW
inmates as well.

f) For the above reasons and
others not delineated in the foregoing
but exist Turkey ask this Court for
the subsequent relief:

Relief Requested

b. That he be relieved of his
present Idless counsel of Record, and

4

Ex_15-001121

that he be allowed to proceed per se,

7. That he be allowed to Relinquish and Voluntarily abandon these habeas proceedings.

8. That thereafter the Court Mercifully expeditiously schedule and set an execution date for Turkey.

Jan 31st 2007

Respectfully Submitted

Wesley I Turkey #4610095
United States Penitentiary
P.O. Box 12015
Terre Haute, In 47801

Certificate of Service

The undersigned Wesley I Turkey does attest mailing the foregoing Motion to

Ex_15-001122

Withdraw Habeas Counsel(s) To Waive Habeas Proceedings and For Execution Date to be set via U.S. Mail first class postage prepaid and attached to:

Matt J. Whitworth
Asst. U.S. Attorney
Charles Evans Whittaker Courthouse
400 East Ninth St. Place 5
Kansas City, MO. 64106

+

Gary Brotherton
Attorney
2101 Chapel Plaza Ct. Ste 13
Columbia, MO 65203

This 31st Day of January, 2007,

Wesley I. Purkey

6

Ex_15-001123

11/6/2019                                           04-1337 Docket

**General Docket**
**Eighth Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 04-1337 | **Docketed:** 02/10/2004 |
| United States v. Wesley Ira Purkey, et al | **Termed:** 11/07/2005 |
| **Appeal From:** U.S. District Court for the Western District of Missouri - Kansas City | |
| **Fee Status:** In Forma Pauperis | |

**Case Type Information:**
    **1)** Criminal
    **2)** conviction & sentence
    **3)** null

**Originating Court Information:**
    **District:** 0866-4 : 4:01-CR-00308-FJG
    **Court Reporter:** Donna Turner, Court Reporter
    **Trial Judge:** Fernando J. Gaitan, Junior, U.S. District Judge
    **Date Filed:** 10/10/2001

| | |
|---|---|
| **Date Order/Judgment:** | **Date NOA Filed:** |
| 01/26/2004 | 02/02/2004 |

**Prior Cases:**
    None

**Current Cases:**
    None

| | |
|---|---|
| United States of America | Matt Jeffrey Whitworth, Assistant U.S. Attorney |
|     Plaintiff - Appellee | [COR LD NTC US Attorney] |
| | U.S. ATTORNEY'S OFFICE |
| | Firm: 816-426-3122 |
| | 5510 Charles Evans Whittaker Courthouse |
| | 400 E. Ninth Street |
| | Kansas City, MO 64106-2149 |
| v. | |
| Wesley Ira Purkey (Federal Prisoner: 14679-045) | Frederick A. Duchardt, Jr. |
|     Defendant - Appellant | Direct: 816-213-0782 |
| | [COR LD NTC CJA Appointment] |
| | P.O. Box 216 |
| | Trimble, MO 64492 |
| | |
| | William C. Odle |
| | Direct: 816-753-5400 |
| | [COR LD NTC CJA Appointment] |
| | MCDOWELL & RICE |
| | Firm: 816-221-5400 |
| | 350 The Skelly Building |
| | 605 W. 47th Street |
| | Kansas City, MO 64112-0000 |
| | |
| | Wesley Ira Purkey |
| | [NTC Pro Se] |
| | U.S. PENITENTIARY |
| | P.O. Box 33 |
| | Terre Haute, IN 47808-0033 |

Ex_15-001124

UNITED STATES OF AMERICA

  Plaintiff - Appellee

 v.

WESLEY IRA PURKEY

  Defendant - Appellant

Ex_15-001125

| | | |
|---|---|---|
| 02/10/2004 | ☐ | Criminal Case Docketed Dist. Ct. Office: Kansas City, Missouri (DLB) [Entered: 02/11/2004 08:49 AM] |
| 02/10/2004 | ☐ | DEATH PENALTY CASE. [04-1337] (DLB) [Entered: 02/11/2004 08:53 AM] |
| 02/10/2004 | ☐ | CERTIFIED copies notice of appeal, docket entries, and judgment dated 1/26/04. [04-1337] [1734910] (DLB) [Entered: 02/11/2004 08:53 AM] |
| 02/10/2004 | ☐ | REMARKS: 18 U.S.C. 1201(a),(g) & 3559(d). Kidnapping for the purpose of rape, resulting in death to the victim. Trial: 15 days. Sentence: Death. Appealing conviction and sentence. INCARCERATED [04-1337] (DLB) [Entered: 02/11/2004 08:54 AM] |
| 02/10/2004 | ☐ | CJA 30 voucher issued for appeal. Frederick A. Duchardt of Kearney, Missouri is hereby appointed under the Criminal Justice Act to represent appellant Voucher # 04133701. Nunc Pro Tunc: 2/2/04 [04-1337] [1734915] (DLB) [Entered: 02/11/2004 08:58 AM] |
| 02/10/2004 | ☐ | CJA 30 voucher issued for appeal. Laura E. O'Sullivan of Kansas City, Missouri is hereby appointed under the Criminal Justice Act to represent appellant Voucher # 04133702. Nunc Pro Tunc: 2/2/04 [04-1337] [1734919] (DLB) [Entered: 02/11/2004 09:03 AM] |
| 02/11/2004 | ☐ | BRIEFING SCHEDULE: [04-1337] Transcript due on 3/15/04 Clerk's Record due on 3/15/04 PSI report due on 3/15/04 , Aplnt brief due on 3/29/04 Aplee brief due on 4/19/04 ; (DLB) [Entered: 02/11/2004 09:10 AM] |
| 02/19/2004 | ☐ | APPEARANCE for appellant, attorney Laura E. O'Sullivan [04-1337] [1737952] (JPP) [Entered: 02/20/2004 02:00 PM] |
| 02/20/2004 | ☐ | APPEARANCE for appellee, attorney Matt Jeffrey Whitworth [04-1337] [1739023] (JPP) [Entered: 02/24/2004 03:02 PM] |
| 03/01/2004 | ☐ | MOTION of court reporter for extension of time to file transcript until 3/31/04 . [04-1337] [1741665] (JPP) [Entered: 03/02/2004 02:33 PM] |
| 03/02/2004 | ☐ | ORDER filed:granting court reporter motion extension of time to file transcript [1741665-1] [1741667] Transcript due on 3/31/04 Aplnt brief due on 4/14/04 Aplee brief due on 5/5/04 Reply brief due on 5/14/04 (JPP) [Entered: 03/02/2004 02:34 PM] |
| 03/16/2004 | ☐ | RECORDS received: Clerk's Record, consisting of 1 Volumes, copies 3. Location: STL [04-1337] (STL) [Entered: 03/17/2004 09:34 AM] |
| 03/16/2004 | ☐ | RECORDS received: PSI report. sealed copies: 3 Location: STL. [04-1337] (STL) [Entered: 03/17/2004 09:35 AM] |
| 03/16/2004 | ☐ | RECORDS received: Transcript, consisting of 11 Volumes. ( 1 vol. of hearing on subpoena returns held on 9/12/2003, 1 vol. of status conference hearing held on 1/15/2002, 1 vol. of hearing on adverse conditions held on 2/1/2002, 1 vol. of status hearing held on 2/11/2002, 1 vol. of motion hearing held on 9/17/2002, 1 vol. of motion hearing held on 9/6/2002, 1 vol. of hearing on motion to quash subpoena held on 5/19/2003, 1 vol. of continuation of suppression hearing held on 10/25/2002, 1 vol. of continuation of suppression hearing held on 11/15/2002, 1 vol. of continuation of suppression hearing held on 12/17/2002, and 1 vol. of hearing on motion to suppress held on 10/17/2002.) Location STL. [04-1337] (STL) [Entered: 03/17/2004 01:47 PM] |
| 03/16/2004 | ☐ | RECORDS received: Miscellaneous Records, consisting of one folder containing dist. ct. documents #172, #189, #253, and #275. [ Return to Dist. Ct. at end of case] [04-1337] (STL) [Entered: 03/17/2004 02:03 PM] |
| 03/19/2004 | ☐ | RECORDS received: Transcript, consisting of 21 Volumes. ( 18 vols. of trial held on 10/28/2003 - 11/19/2003 - vols. I - XVIII, 1 vol. of teleconference held on 10/23/2003, 1 vol. of teleconference held on 10/21/2003, and 1 vol. of sent. held on 1/23/2004.) Location STL. [04-1337] (STL) [Entered: 03/24/2004 11:02 AM] |
| 03/23/2004 | ☐ | RECORDS received: Sealed Record consisting of one folder containing sealed district court documents 24, 32, 33, 56, 57, 58, 63, 127, 139, 144, 167, 180, 204, 205, 258, 260, 262, 264, 266, 281, 283, 285, 301, 304, 307, 310, 313, 359, 360, 361, 419, 420, 421, 438, 440, and 442. [04-1337] (STL) [Entered: 03/23/2004 02:19 PM] |
| 04/14/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 7/14/04 . [04-1337] [1757224] w/service 4/14/04 (JPP) [Entered: 04/15/2004 09:05 AM] |
| 04/15/2004 | ☐ | ORDER filed:granting in part appellant motion for extension of time to file brief [1757227] Aplnt brief now due on 5/14/04 (JPP) [Entered: 04/15/2004 09:06 AM] |
| 05/14/2004 | ☐ | SECOND MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 7/14/04 . [04-1337] [1767920] w/service 5/14/04 (F) [Entered: 05/17/2004 03:38 PM] |
| 05/18/2004 | ☐ | ORDER filed:granting in part appellant motion for extension of time to file brief [1768067] Aplnt brief now due on 6/16/04 (F) [Entered: 05/18/2004 08:48 AM] |

Ex_15-001126

| | | |
|---|---|---|
| 06/16/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 7/14/04 . [04-1337] [1778258] w/service 6/16/04 (JPP) [Entered: 06/17/2004 11:46 AM] |
| 06/17/2004 | ☐ | ORDER filed:granting in part appellant motion for extension of time to file brief [1778260] Aplnt brief now due on 7/9/04 (JPP) [Entered: 06/17/2004 11:47 AM] |
| 06/24/2004 | ☐ | MOTION of aplnt (pro se), Wesley Ira Purkey, to appoint new counsel. [04-1337] [1781862] w/service 6/20/04 (JPP) [Entered: 06/28/2004 11:45 AM] |
| 07/02/2004 | ☐ | JUDGE ORDER: Appellant's motion for appointment of new counsel has been considered by the court and is denied. Appellant's brief is due July 9, 2004. [1781862-1] [04-1337] [1784061] (JPP) [Entered: 07/02/2004 09:08 AM] |
| 07/08/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 8/15/04 . [04-1337] [1785972] w/service 7/7/04 (JPP) [Entered: 07/08/2004 03:14 PM] |
| 07/08/2004 | ☐ | ORDER filed:granting appellant motion for extension of time to file brief [1785972-1] [1785974] NO FURTHER EXTENSIONS. Aplnt brief now due on 8/16/04 . (JPP) [Entered: 07/08/2004 03:15 PM] |
| 08/16/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 9/2/04 . [04-1337] [1800038] w/service 8/16/04 (JPP) [Entered: 08/16/2004 03:25 PM] |
| 08/16/2004 | ☐ | ORDER filed:granting appellant motion for extension of time to file brief [1800038-1] [1800053] NO FURTHER EXTENSIONS. Aplnt brief now due on 9/2/04 . (JPP) [Entered: 08/16/2004 03:38 PM] |
| 08/24/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for relief from denial of necessary medications, impacting on appellant's competence to proceed on appeal. [04-1337] [1811586] w/service 8/24/04 (JPP) [Entered: 09/15/2004 03:27 PM] |
| 09/01/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 9/17/04 . [04-1337] [1806607] w/service 9/1/04 (JPP) [Entered: 09/02/2004 09:41 AM] |
| 09/02/2004 | ☐ | ORDER filed:granting appellant motion for extension of time to file brief [1806607-1] [1806609] NO FURTHER EXTENSIONS. Aplnt brief now due on 9/17/04 . (JPP) [Entered: 09/02/2004 09:42 AM] |
| 09/17/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 10/3/04 . [04-1337] [1812925] w/service 9/17/04 (JPP) [Entered: 09/20/2004 10:58 AM] |
| 09/20/2004 | ☐ | ORDER filed:granting appellant motion for extension of time to file brief [1812925-1] [1812926] Aplnt brief now due on 10/4/04 . (JPP) [Entered: 09/20/2004 10:59 AM] |
| 09/20/2004 | ☐ | ORDER filed: - Appellant has filed a motion seeking an order directing the Warden of the United States Penintentiary at Terre Haute to provide him with certain medications. The United States is directed to file a response to this motion by September 30, 2004. [04-1337] [1812937] (JPP) [Entered: 09/20/2004 11:07 AM] |
| 09/27/2004 | ☐ | MOTION of aplee, USA , for extension of time to file a response until 10/29/04 . [04-1337] [1816076] w/service 9/27/04 (LMT) [Entered: 09/28/2004 10:15 AM] |
| 09/29/2004 | ☐ | ORDER filed:granting appellee motion extension of time to file a response [1816076-1] [04-1337] [1816592] (LMT) [Entered: 09/29/2004 09:18 AM] |
| 10/06/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 10/15/04 . [04-1337] [1819101] w/service 10/4/04 (LMT) [Entered: 10/06/2004 10:30 AM] |
| 10/06/2004 | ☐ | ORDER filed:granting appellant motion for extension of time to file brief [1819101-1] [1819178] NO FURTHER EXTENSIONS. Aplnt brief now due on 10/15/04. (LMT) [Entered: 10/06/2004 11:44 AM] |
| 10/25/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file brief until 10/27/04 . [04-1337] [1825835] w/service 10/25/04 (JPP) [Entered: 10/25/2004 02:36 PM] |
| 10/25/2004 | ☐ | ORDER filed:granting appellant motion for extension of time to file brief [1825835-1] [1825836] Aplnt brief now due on 10/27/04 . (JPP) [Entered: 10/25/2004 02:36 PM] |
| 10/28/2004 | ☐ | BRIEF TENDERED - Brief of Appellant- Wesley Ira Purkey 47,372 words w/addendum 10 copies - w/service 10/25/04 w/diskette . [04-1337] (JPP) [Entered: 10/28/2004 01:46 PM] |
| 10/28/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, to file overlength brief of 47,372 words. [04-1337] [1827549] w/service 10/25/04 (JPP) [Entered: 10/28/2004 01:47 PM] |
| 11/01/2004 | ☐ | RESPONSE of aplee, USA, in opposition to appellant's motion for relief from denial of necessary medications. (SEALED per order of 11/2/04). [1811586-1] [04-1337] [1828988] . (JPP) [Entered: 11/02/2004 09:18 AM] |
| 11/02/2004 | ☐ | MOTION of aplee, USA, to seal its response to appellant's motion for relief from denial of certain medications. [04-1337] [1828997] w/service 10/28/04 (JPP) [Entered: 11/02/2004 09:22 AM] |
| 11/02/2004 | | ORDER filed: Appellee's motion to seal its response to appellant's motion for relief from denial of |

Ex_15-001127

11/6/2019                                                04-1337 Docket

|  |  | necessary medications is hereby granted. [1828997-1] [04-1337] [1829000] (JPP) [Entered: 11/02/2004 09:26 AM] |
| 11/15/2004 | ☐ | JUDGE ORDER: Appellant's untimely motion for leave to file an overlength brief is denied. Appellant is granted to December 15, 2004, to file a brief of up to 28,000 words. Appellant's pro se request for relief from denial of necessary medications is dismissed for lack of jurisdiction. [1827549-1] [04-1337] [1833954] (JPP) [Entered: 11/15/2004 02:02 PM] |
| 11/15/2004 | ☐ | RECORDS received: Joint Appendix, consisting of 1 Volume(s) 3 copies. [04-1337] (JPP) [Entered: 11/15/2004 02:47 PM] |
| 11/16/2004 | ☐ | MOTION of aplee, USA , for extension of time to file brief until 1/18/05 . [04-1337] [1834947], - NO ACTION TAKEN. Appellee brief is now due on 1/14/05 due to judge order dated 11/15/04 extending appellant due date to 12/15/05 and thus making appellee brief due 1/14/05. w/service 11/16/04 (JPP) [Entered: 11/17/2004 10:02 AM] |
| 12/02/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for reconsideration of order of 11/15/04 denying overlength brief of 47,372 words. [04-1337] [1840552] w/service 12/2/04 (JPP) [Entered: 12/02/2004 02:16 PM] |
| 12/13/2004 | ☐ | JUDGE ORDER: Appellant has filed a motion for reconsideration of the court's order denying his motion for leave to file an overlength brief and has requested permission to file a brief of 44,000 words. This motion has been referred to the court, and the motion is denied. [1840552-1] [04-1337] [1843732] (JPP) [Entered: 12/13/2004 09:28 AM] |
| 12/14/2004 | ☐ | MOTION of aplnt, Wesley Ira Purkey, to file overlength brief of 31,656 words. [04-1337] [1844834] w/service 12/14/04 (JPP) [Entered: 12/14/2004 04:33 PM] |
| 12/17/2004 | ☐ | JUDGE ORDER: granting appellant motion to file overlength brief of 28,800 words. Appellant's brief is due December 29, 2004. [1844834-1] [04-1337] [1846146] (JPP) [Entered: 12/17/2004 03:24 PM] |
| 12/20/2004 | ☐ 📄 139 pg, 359.08 KB | BRIEF FILED - Brief of Appellant- Wesley Ira Purkey 28780 words w/addendum 10 copies - w/service 12/15/04 w/diskette . [04-1337] [1846824] (LMT) [Entered: 12/21/2004 09:43 AM] |
| 12/28/2004 | ☐ | TO SCREENING - to mg. [04-1337] (BWB) [Entered: 12/28/2004 08:01 AM] |
| 12/30/2004 | ☐ | RETURNED from Screening (30) [04-1337] (BWB) [Entered: 01/04/2005 10:18 AM] |
| 01/03/2005 | ☐ | MOTION of aplee, USA , for extension of time to file brief until 3/7/05 . [04-1337] [1850508] w/service 1/3/05 (JPP) [Entered: 01/03/2005 02:53 PM] |
| 01/03/2005 | ☐ | ORDER filed:granting in part appellee motion extension of time to file brief [1850510] Aplee brief now due on 2/4/05 (JPP) [Entered: 01/03/2005 02:54 PM] |
| 02/01/2005 | ☐ | MOTION of aplee, USA , for extension of time to file brief until 3/7/05 . [04-1337] [1862721] w/service 2/1/05 (LMT) [Entered: 02/02/2005 02:14 PM] |
| 02/02/2005 | ☐ | ORDER filed:granting appellee motion extension of time to file brief [1862721-1] [1862727] Aplee brief now due on 3/7/05 . (LMT) [Entered: 02/02/2005 02:19 PM] |
| 02/07/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, to file supplemental brief. [04-1337] [1864709] w/service 2/3/05 (LMT) [Entered: 02/08/2005 09:27 AM] |
| 02/16/2005 | ☐ | JUDGE ORDER: Appellant Wesley Purkey has filed a motion for leave to file a pro se supplemental brief. He observes that his counsel was denied leave to file an overlength brief of sufficient length to address all of the arguments that Purkey wishes to advance, and he attributes that denial to counsel's failure to comply with a local rule concerning the timing of motions for leave to file overlength briefs. As a result, Purkey contends that he is "being punished for counsel's ineptness." Counsel's motion to file an overlength brief was denied only in part. The court granted counsel leave to file a brief of 28,800 words, which is more than double the word limit of 14,000 set by Federal Rule of Appellate Procedure 32(a)(7) (B). The court's decision to deny leave to file a brief of more than 28,800 words was not based on the timing of counsel's motion. Accordingly, appellant's motion for leave to file a pro se supplemental brief is denied.[1864709-1] [1868662] (LMT) [Entered: 02/16/2005 04:10 PM] |
| 03/02/2005 | ☐ | MOTION of aplee, USA , for extension of time to file brief until 4/6/05 . [04-1337] [1875549] w/service 3/2/05 (LMT) [Entered: 03/07/2005 02:42 PM] |
| 03/11/2005 | ☐ | ORDER filed:granting appellee motion extension of time to file brief [1875549-1] [1877825] Aplee brief now due on 4/6/05 . (LMT) [Entered: 03/11/2005 11:23 AM] |
| 03/24/2005 | ☐ | ATTORNEY motion, filed by Laura E. O'Sullivan , to withdraw as appointed counsel for appellant . [04-1337] [1884001] (LMT) [Entered: 03/26/2005 12:19 PM] |
| 03/28/2005 | ☐ | ORDER filed:granting attorney Laura E. O'Sullivan's motion to withdraw as appointed counsel [1884001-1] [1884397] (LMT) [Entered: 03/28/2005 03:45 PM] |
| 04/06/2005 | ☐ | MOTION of aplee, USA , for extension of time to file brief until 4/18/05. [04-1337] [1889012], to file overlength brief of 30,000 words [04-1337] [1889012] w/service 4/6/05 (LMT) [Entered: 04/08/2005 03:48 |

Ex_15-001128

11/6/2019                                                04-1337 Docket

| | | PM] |
|---|---|---|
| 04/11/2005 | ☐ | ORDER filed:granting appellee motion extension of time to file brief, granting appellee motion to file overlength brief Motion to file brief in excess of limits set forth in FRAP Rule 32 (a)(7)(A) and (B) is granted. May file brief of 30, 000 words. Aplee brief now due on 4/18/05 . (LMT) [Entered: 04/11/2005 09:35 AM] |
| 04/15/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for appointment of counsel to replace terminated attorney Laura O'Sullivan. [04-1337] [1892475] w/service 4/15/05 (LMT) [Entered: 04/18/2005 02:28 PM] |
| 04/19/2005 | ☐ | ORDER filed: Appellant's motion for appointment of William Odle as counsel for appellant is granted. William Odle of Kansas City, Missouri is hereby appointed to represent the appellant under the Criminal Justice Act as amended. [1892716] (DLB) [Entered: 04/19/2005 09:35 AM] |
| 04/19/2005 | ☐ | CJA 30 voucher issued for appeal. William C. Odle of Kansas City, Missouri is hereby appointed under the Criminal Justice Act to represent appellant Voucher # 04133703. Nunc Pro Tunc: no [04-1337] [1892737] (DLB) [Entered: 04/19/2005 09:58 AM] |
| 04/19/2005 | ☐ | RECORDS received: Appendix filed by Appellee USA consisting of 1 Volume(s), 5 Copies. [04-1337] (LMT) [Entered: 04/25/2005 08:02 AM] |
| 04/19/2005 | ☐ [icon] 166 pg, 407.32 KB | BRIEF FILED - Brief of Appellee - USA. 29285 words - 10 copies - w/service 4/18/05 . w/diskette [04-1337] [1894924] (LMT) [Entered: 04/25/2005 08:42 AM] |
| 05/02/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file reply brief until 6/30/05. [04-1337] [1899152] w/service 4/30/05 (LMT) [Entered: 05/04/2005 02:17 PM] |
| 05/04/2005 | ☐ | ORDER filed:granting in part appellant motion extension of time to file reply brief. [1899153] Reply brief now due on 5/27/05 (LMT) [Entered: 05/04/2005 02:19 PM] |
| 05/10/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file reply brief until 6/30/05, and [04-1337] [1902086] to remove case from calendar. [04-1337] [1902086], TO COURT w/service 5/10/05 (TAB) [Entered: 05/12/2005 11:29 AM] |
| 05/19/2005 | ☐ | Travel authorization issued to William C. Odle . [04-1337] (JMC) [Entered: 05/19/2005 01:56 PM] |
| 05/19/2005 | ☐ | *SET FOR ARGUMENT* - June in St. Louis. (TAB) [Entered: 05/19/2005 02:10 PM] |
| 05/19/2005 | ☐ | Travel authorization issued to William C. Odle . [04-1337] (JMC) [Entered: 05/19/2005 02:21 PM] |
| 05/27/2005 | ☐ | JUDGE ORDER: denying appellant motion extension of time to file reply brief. [1902086-1] filed by Wesley Ira Purkey [1908285], denying appellant motion to remove case from calendar [1902086-2] filed by Wesley Ira Purkey [04-1337] [1908285] (KAS) [Entered: 05/27/2005 09:42 AM] |
| 05/27/2005 | ☐ | Corrected disk rec'd for brief of USA [04-1337] (LMT) [Entered: 05/28/2005 11:22 AM] |
| 05/31/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for additional oral argument time for a total of one hour per side. [04-1337] [1909360], TO COURT w/service 5/29/05 (BWB) [Entered: 05/31/2005 11:35 AM] |
| 05/31/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for extension of time to file reply brief until 6/13/05 . [04-1337] [1909822] w/service 5/29/05 (CK) [Entered: 06/01/2005 10:00 AM] |
| 06/02/2005 | ☐ | JUDGE ORDER:Appellant's motion for extension of time to file reply brief until June 13, 2005 is hereby granted. (CK) [Entered: 06/02/2005 02:46 PM] |
| 06/06/2005 | ☐ | JUDGE ORDER: denying appellant motion additional time for oral argument [1909360-1] filed by Wesley Ira Purkey. [04-1337] [1911621] (BWB) [Entered: 06/06/2005 10:07 AM] |
| 06/15/2005 | ☐ | BRIEF TENDERED - Reply brief - Wesley Ira Purkey . 93 pages (22,070 words) 10 copies - w/service 6/13/05 . Defects: overlength w/diskette [04-1337] (CK) [Entered: 06/15/2005 02:37 PM] |
| 06/17/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, to file overlength brief of 22,100 words [04-1337] [1917261] w/service 6/13/05 (LMT) [Entered: 06/17/2005 03:19 PM] |
| 06/21/2005 | ☐ | JUDGE ORDER: Appellant's motion for leave to file an overlength brief has been considered by the court and is denied. [1917261-1] [04-1337] [1918062] (CK) [Entered: 06/21/2005 09:36 AM] |
| 06/21/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for reconsideration of order of 6/21/05 denying motion to file overlength reply brief. [04-1337] [1918425], TO COURT w/service 6/21/05 (CK) [Entered: 06/21/2005 02:37 PM] |
| 06/23/2005 | ☐ | ARGUED AND SUBMITTED IN ST. LOUIS TO JUDGES Morris S. Arnold, Circuit Judge, Theodore McMillian, Senior Judge, Steven M. Colloton, Circuit Judge . Frederick A. Duchardt for Appellant Wesley Ira Purkey . Matt Jeffrey Whitworth for Appellee USA, Appellee USA . Rebuttal by: Duchardt . RECORDED. [04-1337] (PAW) [Entered: 06/23/2005 09:22 AM] |
| 06/23/2005 | ☐ | Courtroom Material Requested: The court granted leave from the bench for the appellant to file a reply |

Ex_15-001129

brief within 14 days of today's argument. (7000 word limit) [04-1337] (PAW) [Entered: 06/23/2005 02:33 PM]

| 06/30/2005 | ☐ 🗎 37 pg, 73.59 KB | BRIEF FILED - Reply brief - Wesley Ira Purkey . 6,997 words 10 copies - w/service 6/28/05 . w/disk (leave to file reply brief granted from bench during oral argument) [04-1337] [1923280] (DLA) [Entered: 07/01/2005 10:31 AM] |
| --- | --- | --- |
| 08/10/2005 | ☐ | CJA30 voucher #04133701 received from Frederick A. Duchardt. [04-1337] (JMC) [Entered: 08/10/2005 01:41 PM] |
| 09/02/2005 | ☐ | CJA30 and CJA31 vouchers #04133703 received from William C. Odle. [04-1337] (JMC) [Entered: 09/02/2005 02:48 PM] |
| 10/18/2005 | ☐ | CJA voucher received from Laura E. O'Sullivan (#04133702). [04-1337] (DMH) [Entered: 10/18/2005 08:29 AM] |
| 11/07/2005 | ☐ 🗎 34 pg, 86.54 KB | THE COURT: Morris S. Arnold, Theodore McMillian, Steven M. Colloton. OPINION FILED by Morris S. Arnold, Authoring Judge PUBLISHED . [04-1337] [1972132] (MR) [Entered: 11/07/2005 11:26 AM] |
| 11/07/2005 | ☐ | JUDGMENT: Morris S. Arnold, Theodore McMillian, Steven M. Colloton. The judgment of the lower court is AFFIRMED in accordance with the opinion. [04-1337] [1972137] (MR) [Entered: 11/07/2005 11:26 AM] |
| 11/14/2005 | ☐ | MOTION of aplnt, Wesley Ira Purkey, for 30-day extension of time to file petition for rehearing until 12/21/05 ., TO COURT w/service 11/9/05 (MR) [Entered: 11/14/2005 02:21 PM] |
| 11/14/2005 | ☐ | Compensation voucher of appt. counsel William C. Odle filed. [04-1337] (RJW) [Entered: 11/14/2005 02:44 PM] |
| 11/14/2005 | ☐ | Compensation voucher of appt. counsel Laura E. O'Sullivan filed. [04-1337] (RJW) [Entered: 11/14/2005 02:44 PM] |
| 11/14/2005 | ☐ | Compensation voucher of appt. counsel Frederick A. Duchardt filed. [04-1337] (RJW) [Entered: 11/14/2005 02:45 PM] |
| 11/14/2005 | ☐ | Compensation form 31 voucher of appt. counsel William C. Odle filed for legal intern. [04-1337] (RJW) [Entered: 11/14/2005 02:45 PM] |
| 11/16/2005 | ☐ | Payment approved and processed for voucher filed by Frederick A. Duchardt [04-1337] (SRD) [Entered: 11/16/2005 11:05 AM] |
| 11/16/2005 | ☐ | Payment approved and processed for voucher filed by William C. Odle [04-1337] (SRD) [Entered: 11/16/2005 11:06 AM] |
| 11/16/2005 | ☐ | Payment approved and processed for voucher filed by Laura E. O'Sullivan [04-1337] (SRD) [Entered: 11/16/2005 11:07 AM] |
| 11/16/2005 | ☐ | Payment approved and processed for voucher filed by William C. Odle [04-1337] (SRD) [Entered: 11/16/2005 11:09 AM] |
| 11/21/2005 | ☐ | JUDGE ORDER: granting appellant motion for 30-day ext. of time to file rehearing until 12/21/05 [1974378-1] [04-1337] [1977049] (MR) [Entered: 11/21/2005 10:40 AM] |
| 11/30/2005 | ☐ | Supplemental CJA Form 30 voucher sent to Frederick A. Duchardt (SUPL 04133704). [04-1337] [1980335] (DMH) [Entered: 11/30/2005 09:50 AM] |
| 11/30/2005 | ☐ | Supplemental CJA Form 30 voucher sent to William C. Odle (SUPL 04133705). [04-1337] [1980338] (DMH) [Entered: 11/30/2005 09:51 AM] |
| 12/20/2005 | ☐ | PETITION for REHEARING with petition for rehearing en banc. Filed by Appellant Wesley Ira Purkey, w/service 12/20/05 ., TO COURT [04-1337] (MR) [Entered: 12/20/2005 02:23 PM] |
| 01/13/2006 | ☐ | JUDGE ORDER: denying petition for Rehearing with petition for rehearing en banc [1987961-1] filed by Wesley Ira Purkey . Petition for panel Rehearing is also denied. [04-1337] [1997425] - Published Order. (MR) [Entered: 01/13/2006 03:15 PM] |
| 01/24/2006 | ☐ | MANDATE ISSUED [04-1337] (MR) [Entered: 01/24/2006 12:40 PM] |
| 02/03/2006 | ☐ | RECEIPT for Mandate. [04-1337] [2013669] (DKM) [Entered: 02/24/2006 04:18 PM] |
| 02/06/2006 | ☐ | CJA30 voucher #04133704 received from Frederick A. Duchardt. [04-1337] (JMC) [Entered: 02/06/2006 02:52 PM] |
| 02/08/2006 | ☐ | Record Sent out of the office to lower court at the end of appellate proceedings. Records Included: 32 vols. TR; 1 folder of miscellaneous record; 1 folder of sealed record . [04-1337] (JJF) [Entered: 02/08/2006 08:47 AM] |
| 02/27/2006 | ☐ | CJA voucher received from William C. Odle (SUPL 04133705). [04-1337] (DMH) [Entered: 02/27/2006 02:44 PM] |

Ex_15-001130

11/6/2019                                                    04-1337 Docket

| | | |
|---|---|---|
| 03/06/2006 | ☐ | Compensation voucher of appt. counsel Frederick A. Duchardt filed. [04-1337] (JMC) [Entered: 03/06/2006 01:09 PM] |
| 03/06/2006 | ☐ | Compensation voucher of appt. counsel William C. Odle filed. [04-1337] (JMC) [Entered: 03/06/2006 01:10 PM] |
| 03/08/2006 | ☐ | Payment approved and processed for voucher filed by Frederick A. Duchardt [04-1337] (PAW) [Entered: 03/08/2006 08:37 AM] |
| 03/08/2006 | ☐ | Payment approved and processed for voucher filed by William C. Odle [04-1337] (PAW) [Entered: 03/08/2006 08:38 AM] |
| 03/15/2006 | ☐ | Supplemental CJA Form 30 vouchers sent to Frederick A. Duchardt (SUPL 04133706), William C. Odle (SUPL 04133707). [04-1337] [2021022] (DMH) [Entered: 03/15/2006 01:44 PM] |
| 03/20/2006 | ☐ | Supreme Court notice received extending time to file petition for writ of certiorari until 5/15/06 . [04-1337] (MR) [Entered: 03/22/2006 04:25 PM] |
| 05/15/2006 | ☐ | Supreme Court notice received extending time to file petition for writ of certiorari until June 12, 2006 . [04-1337] (MR) [Entered: 06/02/2006 09:49 AM] |
| 06/19/2006 | ☐ | U.S. Supreme Court notice filed. Petition for writ of certiorari filed in the Supreme Court on June 12, 2006 . Supreme Ct. Case No.: 05-11528 [04-1337] [2063111] (MR) [Entered: 06/30/2006 11:27 AM] |
| 10/20/2006 | ☐ | Notification from Supreme Court dated 10/16/06 stating that they had entered an order denying Supreme Court notice for certiorari [2063111-1] filed in Sup. Ct. No. 05-11528 . [04-1337] (MR) [Entered: 11/02/2006 10:33 AM] |
| 11/16/2006 | ☐ | CJA voucher 30 received from William C. Odle. (#04133707) [04-1337] (RJW) [Entered: 11/16/2006 12:51 PM] |
| 02/06/2007 | ☐ | CJA 30 Voucher received from Attorney Mr. Frederick A. Duchardt, Jr. for Appellant Mr. Wesley Ira Purkey. Voucher No. 04133706 [3277830] [04-1337] (RJW) [Entered: 02/12/2007 11:57 AM] |
| 02/27/2007 | ☐ 📄<br>1 pg, 120.7 KB | CJA 30 Voucher filed by Attorney Mr. William C. Odle for Appellant Mr. Wesley Ira Purkey. Voucher No. 04133707 [3282576] [04-1337] (PAW) [Entered: 02/27/2007 12:18 PM] |
| 02/27/2007 | ☐ 📄<br>1 pg, 127.23 KB | CJA 30 Voucher filed by Attorney Mr. Frederick A. Duchardt, Jr. for Appellant Mr. Wesley Ira Purkey. Voucher No. 04133706 [3282580] [04-1337] (PAW) [Entered: 02/27/2007 12:21 PM] |
| 03/07/2007 | ☐ 📄<br>3 pg, 213.18 KB | Supplemental CJA Form 30 vouchers sent to Mr. Frederick A. Duchardt, Jr. (SUPL 04133708) and Mr. William C. Odle (SUPL 04133709) for Mr. Wesley Ira Purkey. [3285856] [04-1337] (DMH) [Entered: 03/07/2007 02:54 PM] |

Ex_15-001131

11/6/2019                                    04-1337 Docket

Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0            **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 8th Circuit Court of Appeals - 11/06/2019 11:57:21 | | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 04-1337 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

Ex_15-001132

11/6/2019                                                           09-1204 Docket

**General Docket**
**Seventh Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 09-1204 | **Docketed:** 01/29/2009 |
| Wesley Purkey v. Richard Young | **Termed:** 02/18/2009 |
| **Appeal From:** Southern District of Indiana, Terre Haute Division | |
| **Fee Status:** Due | |

**Case Type Information:**
   **1)** originalProceeding
   **2)** nonPaidMandamus
   **3)** -

**Originating Court Information:**
   **District:** 0756-2 : 2:08-cv-00170-RLY-WGH
   **Trial Judge:** Richard L. Young, District Court Judge

**Prior Cases:**
  None

**Current Cases:**
  None

| | |
|---|---|
| WESLEY I. PURKEY (Federal Prisoner: #14679-045)<br>    Petitioner | Wesley I. Purkey<br>[NTC Pro Se]<br>FEDERAL CORRECTIONAL INSTITUTION<br>P.O. Box 33<br>Terre Haute, IN 47808-0000 |
| v. | |
| RICHARD L. YOUNG<br>    Respondent | |

Ex_15-001133

09-1204 Docket

IN RE:
WESLEY I. PURKEY,
          Petitioner

Ex_15-001134

11/6/2019                                                    09-1204 Docket

| 01/29/2009 | ☐ 1<br>7 pg, 798.33 KB | Original and 3 copies of Petition for Writ of Mandamus filed. Fee due. Fee or IFP forms due on 02/12/2009 for Petitioner Wesley I. Purkey [1] [09-1204] (MAN) [Entered: 01/29/2009 02:28 PM] |
|---|---|---|
| 02/13/2009 | ☐ 2<br>1 pg, 18.26 KB | Prose motion filed by Petitioner Wesley I. Purkey to dismiss case pursuant to FRAP 42(b). [2] [09-1204] (AD) [Entered: 02/13/2009 04:25 PM] |
| 02/18/2009 | ☐ 3<br>1 pg, 232.16 KB | Order filed GRANTING motion to withdraw case [2]. This petition for a writ of mandamus is DISMISSED pursuant to Federal Rule of Appellate Procedure 42(b). Ilana Diamond Rovner, Circuit Judge. [3] [09-1204] (MAN) [Entered: 02/18/2009 11:00 AM] |
| 02/18/2009 | ☐ | FOR COURT USE ONLY: Certified copy of 02/18/2009 Mandamus Final Order sent to the District Court Clerk. [6098852-2] [09-1204] (MAN) [Entered: 02/18/2009 11:05 AM] |

Ex_15-001135

11/6/2019                                          09-1204 Docket

Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 7th Circuit Court of Appeals - 11/06/2019 14:19:24 | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 09-1204 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Ex_15-001136

11/6/2019                                                                              09-1843 Docket

**General Docket**
**Seventh Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 09-1843 | **Docketed:** 03/31/2009 |
| **Nature of Suit:** 2555 Prison Condition | **Termed:** 02/19/2010 |
| Wesley Purkey v. Helen Marberry, et al | |
| **Appeal From:** Southern District of Indiana, Terre Haute Division | |
| **Fee Status:** PLRA fee due | |

**Case Type Information:**
　　**1)** prisoner
　　**2)** federal
　　**3)** civilRights

**Originating Court Information:**
　　**District:** 0756-2 : 2:09-cv-00044-WTL-DML
　　**Court Reporter:** Laura Howie-Walters, Court Reporter
　　**Trial Judge:** William T. Lawrence, District Court Judge
　　**Date Filed:** 02/09/2009

| | |
|---|---|
| **Date Order/Judgment:** | **Date NOA Filed:** |
| 02/20/2009 | 03/31/2009 |

**Prior Cases:**
　　None

**Current Cases:**
　　None

---

WESLEY I. PURKEY (Federal Prisoner: #14679-045)　　　　Wesley I. Purkey
　　　　Plaintiff - Appellant　　　　　　　　　　　　　　　[NTC Pro Se]
　　　　　　　　　　　　　　　　　　　　　　　　　　　　FEDERAL CORRECTIONAL INSTITUTION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　P.O. Box 33
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Terre Haute, IN 47808-0000

v.

HELEN J. MARBERRY
　　　　Defendant - Appellee

WENDY J. ROAL-WARNER, Warden
　　　　Defendant - Appellee

DAVID YOUNG, Assistant Warden/Food Service
　　　　Defendant - Appellee

STEPHEN JULIAN, Unit Manager/Special Confinement Unit
　　　　Defendant - Appellee

BRUCE RYHERD, Case Worker/Special Confinement Unit
　　　　Defendant - Appellee

Ex_15-001137

11/6/2019                                        09-1843 Docket

WESLEY I. PURKEY,
          Plaintiff - Appellant

v.

HELEN J. MARBERRY, et al.,
          Defendants - Appellees

Ex_15-001138

| 03/31/2009 | ☐ 1<br>15 pg, 1.2 MB | Federal prisoner's civil rights case docketed. IT IS ORDERED that this appeal is subject to the Prison Litigation Reform Act. Proceedings are SUSPENDED pending notification by the district court that any necessary fee has been assessed, and if assessed, paid. PLRA Fee due. Docketing Statement due for Appellant Wesley I. Purkey by 04/07/2009. Fee or IFP forms/memorandum due on 04/30/2009. Transcript information sheet due by 04/14/2009. [1] [09-1843] (MAN) [Entered: 04/01/2009 07:12 AM] |
|---|---|---|
| 03/31/2009 | ☐ | THIS CAUSE CONSISTS OF MORE THAN 5 PARTIES FOR EITHER SIDE. The following are those parties to this cause as reflected on the District Court docket, yet are not reflected on the Appellate docket/caption for administrative purposes: APPELLEE: Craig Coil, Superintendent Food Service. [6113610][6113610-1] [09-1843] (MAN) [Entered: 04/01/2009 07:15 AM] |
| 03/31/2009 | ☐ 2<br>1 pg, 172.12 KB | This is notification that there are no appellees or attorneys to be served in this appeal. This appeal will be submitted without the filing of a brief by the appellee(s). [6113611][2] [09-1843] (MAN) [Entered: 04/01/2009 07:15 AM] |
| 04/10/2009 | ☐ 3<br>0 pg, 0 KB | Prose motion filed by Appellant Wesley I. Purkey to proceed on appeal in forma pauperis. [3] [09-1843] (DS) [Entered: 04/10/2009 02:04 PM] |
| 04/10/2009 | ☐ 4<br>18 pg, 268.98 KB | ORDER: TRANSFERRING the motion for leave to appeal in forma pauperis on appeal to the clerk of the District Court for ruling in the first instance. [6118245] CC [09-1843] (DS) [Entered: 04/10/2009 02:05 PM] |
| 04/10/2009 | ☐ 5<br>10 pg, 217.89 KB | Docketing statement filed by Appellant Wesley I. Purkey. [6118585][5] [09-1843] (MAN) [Entered: 04/13/2009 11:50 AM] |
| 04/17/2009 | ☐ 6 | Filed notice from the District Court that a motion to proceed in forma pauperis is pending. [6120662] [09-1843] (JK) [Entered: 04/17/2009 03:14 PM] |
| 05/05/2009 | ☐ 7<br>3 pg, 139.41 KB | Filed District Court order DENYING Appellant Wesley I. Purkey leave to proceed on appeal in forma pauperis. Date IFP denied: 05/05/2009. [6126833] Fee or IFP forms/memorandum due on 06/05/2009. [09-1843] (JK) [Entered: 05/05/2009 03:03 PM] |
| 05/15/2009 | ☐ 8<br>0 pg, 0 KB | Prose motion filed by Appellant Wesley I. Purkey to proceed on appeal in forma pauperis. [8] [09-1843] (DS) [Entered: 05/15/2009 02:02 PM] |
| 05/18/2009 | ☐ 9<br>14 pg, 313.94 KB | Docketing statement filed by Appellant Wesley I. Purkey. [6130322][9] [09-1843] (MAN) [Entered: 05/18/2009 03:18 PM] |
| 05/19/2009 | ☐ 10<br>0 pg, 0 KB | Prose motion filed by Appellant Wesley I. Purkey to proceed on appeal in forma pauperis. [10] [09-1843] (JK) [Entered: 05/19/2009 10:40 AM] |
| 05/19/2009 | ☐ 11<br>0 pg, 0 KB | Filed Appellant Wesley I. Purkey Memorandum In Support of PLRA Motion for Leave to Proceed on Appeal In Forma Pauperis. [6130513] [09-1843] (JK) [Entered: 05/19/2009 10:43 AM] |
| 05/21/2009 | ☐ 12<br>1 pg, 79.33 KB | Notice to the District Court to transmit the record on appeal. [6131344] Record on Appeal due by 06/22/2009 [09-1843] (SP) [Entered: 05/21/2009 02:21 PM] |
| 05/22/2009 | ☐ 13<br>102 pg, 2.93 MB | Original record on appeal filed. Contents of record : 1 vol. electronic pleading. [13] [09-1843] (BS) [Entered: 05/22/2009 01:34 PM] |
| 08/03/2009 | ☐ 14<br>0 pg, 0 KB | Filed Appellant Wesley I. Purkey Supplemental Memorandum In Support of PLRA Motion for Leave to Proceed on Appeal In Forma Pauperis. Forwarded to S/A. [6149256] [09-1843]--[Edited 08/03/2009 by EF] (EF) [Entered: 08/03/2009 01:34 PM] |
| 08/10/2009 | ☐ 15<br>1 pg, 112.29 KB | ORDER: Upon consideration of the request for leave to proceed as a pauper on appeal, the memorandum in support, the supplemental memorandum, the district court's order certifying that the appellant is not within imminent danger of a serious physical injury under 28 U.S.C. § 1915(g), and the record on appeal, this court has determined that the district court erred in its three-strike determination. See Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). One of the cases which the district court considered as a "strike" is not clearly a strike. In Purkey v. McKune, No. 04-3453 (10th Cir. Jan 10, 2005), the Tenth Circuit dismissed the appeal as premature. That court did not specifically assess a strike when it dismissed the appeal, and, without more, we cannot conclude that the dismissal was on the ground that the appeal was "frivolous, malicious, or fails to state a claim." See 28 U.S.C. § 1915(g). The motion for leave to proceed on appeal in forma pauperis is GRANTED. The district court is instructed to assess an initial partial filing fee for the appeal and to notify this court when the partial fee has been collected. [10] [6150969] JKL [09-1843] (FP) [Entered: 08/10/2009 01:08 PM] |
| 09/03/2009 | ☐ 16<br>10 pg, 411.08 KB | Prose motion filed by Appellant Wesley I. Purkey to compel the district court to comply with this appellate court's mandate to assess partial filing fees. [16] [09-1843] (AD) [Entered: 09/03/2009 03:34 PM] |
| 09/04/2009 | ☐ 17<br>1 pg, 84.97 KB | ORDER re: Motion Before the Panel to Compel the District Court to Comply with this Appellate Court's Mandate to Assess Partial Filing Fees. This court's order requesting that the district court assess an initial partial filing fee only issued on August 10, 2009. To the extent that the appellant is concerned about the status of the assessment, he may inquire with the district court. Any other requested relief is DENIED. [16] [6158196] JKL [09-1843] (AD) [Entered: 09/04/2009 03:54 PM] |

Ex_15-001139

| 10/02/2009 | ☐ 18<br>1 pg, 15.13 KB | Filed district court order dated 09/25/2009: The plaintiff is assessed an initial partial filing fee of $34.60. [6164894] PLRA initial partial filing fee due by 10/26/2009. [09-1843] (JK) [Entered: 10/02/2009 09:22 AM] |
|---|---|---|
| 10/08/2009 | ☐ 19<br>1 pg, 45.17 KB | ***PRISON LITIGATION REFORM ACT PARTIAL FILING FEE. Received: $34.60 from Appellant Wesley I. Purkey on 10/08/2009. [6169582] [09-1843] (JK) [Entered: 10/21/2009 08:57 AM] |
| 10/23/2009 | ☐ 20<br>2 pg, 88.39 KB | ORDER: The District Court GRANTED the appellant leave to proceed on appeal in forma pauperis and has now received the initial partial filing fee. Briefing will proceed as follows: Appellant's brief due on or before 11/23/2009 for Wesley I. Purkey. [6170359] [09-1843] (EF) [Entered: 10/23/2009 09:17 AM] |
| 11/06/2009 | ☐ 21<br>2 pg, 69.97 KB | Pro se motion filed by Appellant Wesley I. Purkey to extend time to file appellant's brief. [21] [09-1843] (AD) [Entered: 11/06/2009 03:20 PM] |
| 11/10/2009 | ☐ 22<br>1 pg, 82.77 KB | Order issued GRANTING motion to extend time to file appellant's brief. [21] Appellant's brief due on or before 12/07/2009 for Wesley I. Purkey. CMD [22] [09-1843] (AD) [Entered: 11/10/2009 10:54 AM] |
| 11/30/2009 | ☐ 23<br>54 pg, 2.09 MB | 10 copies Appellant's brief filed by Appellant Wesley I. Purkey. Disk not required. [6179659] [23] [09-1843] (EF) [Entered: 12/01/2009 05:04 PM] |
| 01/15/2010 | ☐ 24<br>1 pg, 119.19 KB | ORDER: The district court denied the appellant leave to proceed in forma pauperis on appeal on the ground that he had accumulated three strikes. See 28 U.S.C. § 1915(g). This court determined that one of the cases that the district court listed as a strike, Purkey v. McKune, No. 04-3453 (10th Cir. Jan. 10, 2005), should not have been counted because the Tenth Circuit dismissed the appeal as premature. The court therefore granted the appellant leave to proceed in forma pauperis on appeal, and the appellant paid the required initial partial filing fee of $34.60 assessed by the district court. Upon further review of appellant Wesley Purkey's litigation history, it is clear that Purkey has accumulated at least three strikes, not including the McKune case, and he should not have been permitted to proceed on appeal in former pauperis. Accordingly, the grant of leave to proceed in forma pauperis is REVOKED. The appellant has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted. See, e.g., Purkey v. Green, No. 5:99-cv-03356-JAR (D. Kan. June 23, 2000); Purkey v. Simmons, No. 5:00-cv-03380-GTV (D. Kan. Aug. 1, 2001); Purkey v. Simmons, No. 01-3269 (10th Cir. Jan. 28, 2002). The appellant shall pay the remaining appellate filing fees of $420.40 to the clerk of the district court within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b). See Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997). PLRA Fee/Motion/Memorandum due on 01/29/2010. Sent Certified Mail with return receipt requested. Receipt Number: 7008 1140 0001 9428 7329. [6190430] JKL [09-1843] (AD) [Entered: 01/15/2010 10:34 AM] |
| 01/25/2010 | ☐ 25<br>31 pg, 1016.55 KB | Pro se motion filed by Appellant Wesley I. Purkey for reconsideration of Judge Manion's order revoking Purkey's IFP status becuase the court used and relied on erroneous information in such assessment. [25] [09-1843] (AD) [Entered: 01/26/2010 02:44 PM] |
| 02/08/2010 | ☐ 26<br>1 pg, 89.9 KB | ORDER re: "Motion for Reconsideration of Judge Manion's Order Revoking Purkey' IFP Status Because the Court Used and Relied on Erroneous Information in Such Assessment." IT IS ORDERED that the motion is DENIED. See George v. Smith, 507 F.3d 605 (7th Cir. 2007). ("When a prisoner does file a multi-claim, multi-defendant suit, the district court should evaluate each claim for purposes of 1915(g).") The dismissal of certain claims for failure to state a claim in Purkey v. Green, No. 5:99-cv-03356-JAR (D. Kan. June 23, 2000), counts as a strike under 28 U.S.C. 1915(g). The appellant must pay the remaining $424.40 in appellate filing fees to the clerk of the district court within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b). [25]; Sent Certified Mail with return receipt requested. Receipt Number: 70081140000194343223. [6196248] JKL [09-1843] (SM) [Entered: 02/08/2010 11:50 AM] |
| 02/18/2010 | ☐ 27<br>1 pg, 26.29 KB | Pro se motion filed by Appellant Wesley I. Purkey to dismiss case pursuant to FRAP 42(b). [27] [09-1843] (AD) [Entered: 02/19/2010 10:22 AM] |
| 02/19/2010 | ☐ 28<br>3 pg, 160.05 KB | ORDER: GRANTING motion to dismiss and his cause is DISMISSED pursuant to F.R.A.P. 42(b). Mandate issued, record to be returned later. [27] [6199224] [09-1843] (ER) [Entered: 02/19/2010 12:38 PM] |
| 02/19/2010 | ☐ | FOR COURT USE ONLY: Certified copy of 02/19/2010 Final Order with Mandate sent to the District Court Clerk. [6199227-2] [09-1843] (ER) [Entered: 02/19/2010 12:43 PM] |

Ex_15-001140

Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0        **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 7th Circuit Court of Appeals - 11/06/2019 14:20:08 | | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 09-1843 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

Ex_15-001141

11/6/2019                                          09-4072 Docket

**General Docket**
**Seventh Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 09-4072 | **Docketed:** 12/21/2009 |
| **Nature of Suit:** 2555 Prison Condition | **Termed:** 07/13/2010 |
| Wesley Purkey v. H. Marberry, et al | |
| **Appeal From:** Southern District of Indiana, Terre Haute Division | |
| **Fee Status:** PLRA fee paid | |

**Case Type Information:**
   **1)** prisoner
   **2)** federal
   **3)** civilRights

**Originating Court Information:**
   **District:** 0756-2 : 2:08-cv-00170-RLY-WGH
   **Court Reporter:** Judy Farris Mason, Court Reporter
   **Trial Judge:** Richard L. Young, District Court Judge
   **Date Filed:** 04/24/2008
   **Date Order/Judgment:**            **Date NOA Filed:**
   12/02/2009                    12/21/2009

**Prior Cases:**
   None

**Current Cases:**
   None

| | |
|---|---|
| WESLEY I. PURKEY (Federal Prisoner: #14679-045)<br>    Plaintiff - Appellant | Wesley I. Purkey<br>[NTC Pro Se]<br>FEDERAL CORRECTIONAL INSTITUTION<br>P.O. Box 33<br>Terre Haute, IN 47808-0000 |
| v. | |
| HELEN J. MARBERRY<br>    Defendant - Appellee | William L. McCoskey, Attorney<br>Direct: 317-229-2412<br>[COR LD NTC US Attorney]<br>OFFICE OF THE UNITED STATES ATTORNEY<br>Suite 2100<br>Ten W. Market Street<br>Indianapolis, IN 46204-3048 |
| DIANE QUINONES<br>    Defendant - Appellee | William L. McCoskey, Attorney<br>Direct: 317-229-2412<br>[COR LD NTC US Attorney]<br>(see above) |

Ex_15-001142

WESLEY I. PURKEY,
        Plaintiff - Appellant

v.

H. J. MARBERRY and DIANA QUINONES,
        Defendants - Appellees

Ex_15-001143

| | | |
|---|---|---|
| 12/21/2009 | ☐ 1<br>21 pg, 465.54 KB | Federal prisoner's civil rights case docketed. IT IS ORDERED that this appeal is subject to the Prison Litigation Reform Act. Proceedings are SUSPENDED pending notification by the district court that any necessary fee has been assessed, and if assessed, paid. PLRA IFP pending in the District Court. Transcript information sheet due by 01/04/2010. Docketing Statement due for Appellant Wesley I. Purkey by 12/28/2009. [1] [09-4072] (FP) [Entered: 12/21/2009 02:33 PM] |
| 12/28/2009 | ☐ 2<br>3 pg, 112.91 KB | Filed District Court order DENYING Appellant Wesley I. Purkey leave to proceed on appeal in forma pauperis. Date IFP denied: 12/23/2009. [6185547] PLRA Fee/Motion/Memorandum due on 01/25/2010. [09-4072] (JK) [Entered: 12/28/2009 09:13 AM] |
| 01/04/2010 | ☐ 3<br>2 pg, 66.58 KB | Pro se motion filed by Appellant Wesley I. Purkey to extend time to file filing fees. [3] [09-4072] (KH) [Entered: 01/05/2010 09:16 AM] |
| 01/06/2010 | ☐ 4<br>1 pg, 84.07 KB | ORDER issued GRANTING motion to extend time to file to the extent that the appellant shall either file a motion to proceed on appeal in forma pauperis and a PLRA memorandum in support with the clerk of this court or pay the $455.00 in appellate fees by February 1, 2010. [3] [6187738] CMD [09-4072] (KL) [Entered: 01/06/2010 09:28 AM] |
| 02/01/2010 | ☐ 5<br>2 pg, 66.69 KB | FILED NOTICE FROM THE DISTRICT COURT THAT THE $455.00 APPELLATE FEE WAS RECEIVED. [09-4072] (EF) [Entered: 02/01/2010 09:01 AM] |
| 02/03/2010 | ☐ 6<br>2 pg, 83.66 KB | ORDER: Appellant Wesley I. Purkey is directed to file the overdue Docketing Statement within 14 days from the date of this Rule to Show Cause. [6] CC. Docketing statement response due for Appellant Wesley I. Purkey by 02/17/2010. Sent Certified Mail with return receipt requested. Receipt Number: 70081140000194348686. [09-4072] (DS) [Entered: 02/03/2010 04:06 PM] |
| 02/08/2010 | ☐ 7<br>17 pg, 717.17 KB | Docketing statement filed by Appellant Wesley I. Purkey. [6196612][7] [09-4072] (AM) [Entered: 02/09/2010 01:26 PM] |
| 02/11/2010 | ☐ 8<br>2 pg, 83.4 KB | ORDER: This court received notice from the District Court that the appellant paid the required docketing fee. Briefing will proceed as follows: Appellant's brief due on or before 03/15/2010 for Wesley I. Purkey. Appellee's brief due on or before 04/12/2010 for Helen J. Marberry and Diana Quinones. Appellant's reply brief, if any, is due on or before 04/26/2010 for Appellant Wesley I. Purkey. [6197325] [09-4072] (EF) [Entered: 02/11/2010 01:27 PM] |
| 02/26/2010 | ☐ 9<br>3 pg, 74.84 KB | Pro se motion filed by Appellant Wesley I. Purkey to extend time to file appellant's brief. [9] [09-4072] (ER) [Entered: 02/26/2010 03:21 PM] |
| 03/01/2010 | ☐ 10<br>1 pg, 83.29 KB | Order issued GRANTING motion to extend time to file appellant's brief. [9] Appellant's brief due on or before 04/15/2010 for Wesley I. Purkey. Appellees' brief due on or before 05/17/2010 for Helen J. Marberry and Diana Quinones. Appellant's reply brief, if any, is due on or before 06/01/2010 for Appellant Wesley I. Purkey. CMD [10] [09-4072] (SM) [Entered: 03/01/2010 11:59 AM] |
| 04/02/2010 | ☐ 11<br>2 pg, 58.76 KB | Prose motion filed by Appellant Wesley I. Purkey to file oversize brief. [6210572] 5 copies appellant's brief tendered. [09-4072] (MAN) [Entered: 04/05/2010 09:25 AM] |
| 04/08/2010 | ☐ 12<br>1 pg, 79.2 KB | Instanter order issued GRANTING Motion for Leave to File an Overlength Brief. The clerk of this court shall file INSTANTER the tendered briefs. [11] WLK [6212175] [09-4072] (AD) [Entered: 04/09/2010 11:04 AM] |
| 04/08/2010 | ☐ 13<br>81 pg, 3.35 MB | 10 copies Appellant's brief filed by Appellant Wesley I. Purkey, per order. Disk not rerquired. [6212244] [13] [09-4072] (EF) [Entered: 04/09/2010 01:21 PM] |
| 05/18/2010 | ☐ 14<br>52 pg, 152.84 KB | 15 copies Appellee's brief filed by Appellees Helen J. Marberry and Diana Quinones. [6221683] [14] Electronically transmitted. [09-4072]--[Edited 05/25/2010 by JIR] (JIR) [Entered: 05/18/2010 10:29 AM] |
| 05/24/2010 | ☐ 15<br>2 pg, 62.88 KB | Pro se motion filed by Appellant Wesley I. Purkey to extend time to file appellant's reply brief. [15] [09-4072] (AD) [Entered: 05/25/2010 09:47 AM] |
| 05/26/2010 | ☐ 16<br>1 pg, 83.11 KB | Order issued GRANTING motion to extend time to file appellant's reply brief. [15] Appellant's reply brief, if any, is due on or before 06/15/2010 for Appellant Wesley I. Purkey. CMD [16] [09-4072] (SM) [Entered: 05/26/2010 09:25 AM] |
| 06/01/2010 | ☐ 17<br>2 pg, 80.56 KB | Notice to the District Court to transmit the record on appeal. [6225110] Record on Appeal due by 07/01/2010 [09-4072] (SK) [Entered: 06/01/2010 03:53 PM] |
| 06/07/2010 | ☐ 18<br>618 pg, 13.09 MB | Original record on appeal filed electronically. Contents of record : 1 vol. of pleadings. [18] [09-4072] (SK) [Entered: 06/07/2010 11:11 AM] |
| 06/15/2010 | ☐ 19<br>27 pg, 1.04 MB | 10 copies Appellant's reply brief filed by Appellant Wesley I. Purkey. Disk not required. [6228693] [19] [09-4072] (EF) [Entered: 06/15/2010 02:41 PM] |
| 07/13/2010 | ☐ 20<br>5 pg, 80.2 KB | Filed Nonprecedential Disposition PER CURIAM. We VACATE the portion of the judgment relating to Purkey's claims under the Eighth Amendment and REMAND for the sole purpose of excising that discussion. The remainder of the district court's judgment is AFFIRMED. Ilana Diamond Rovner, Circuit Judge; Diane S. Sykes, Circuit Judge and John Daniel Tinder, Circuit Judge. [20] [6235538] [09-4072] (SM) [Entered: 07/13/2010 04:10 PM] |

Ex_15-001144

11/6/2019                                                    09-4072 Docket

| 07/13/2010 | ☐ 21<br>1 pg, 86.43 KB | ORDER: Final judgment filed per nonprecedential disposition. Both parties shall bear their own costs. [21] [6235554] [09-4072] (SM) [Entered: 07/13/2010 04:31 PM] |
|---|---|---|
| 07/26/2010 | ☐ 22<br>20 pg, 983.57 KB | Filed 30c Petition for Rehearing and Petition for Rehearing Enbanc by Appellant Wesley I. Purkey. Dist. [22] [6238842] [09-4072] (ER) [Entered: 07/26/2010 03:00 PM] |
| 08/12/2010 | ☐ 23<br>1 pg, 110.05 KB | ORDER: Appellant Wesley I. Purkey Petition for Rehearing and Petition for Rehearing Enbanc is DENIED. [23] [6243420] [09-4072] (CMD) [Entered: 08/12/2010 02:46 PM] |
| 08/20/2010 | ☐ 24<br>4 pg, 163.68 KB | Mandate issued. No record to be returned. [24] [6245307] [09-4072] (SP) [Entered: 08/20/2010 11:33 AM] |
| 08/20/2010 | ☐ | FOR COURT USE ONLY: Certified copy of 07/13/2010 Final Order with Mandate sent to the District Court Clerk. [6245316-2] [6245316] [09-4072] (SP) [Entered: 08/20/2010 11:42 AM] |

Ex_15-001145

11/6/2019                                    09-4072 Docket

Clear All

○ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 7th Circuit Court of Appeals - 11/06/2019 14:20:43 | | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 09-4072 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Ex_15-001146

11/6/2019                                                   10-2656 Docket

**General Docket**
**Seventh Circuit Court of Appeals**

**Court of Appeals Docket #:** 10-2656                                    **Docketed:** 07/12/2010
**Nature of Suit:** 2555 Prison Condition                                **Termed:** 07/26/2010
Wesley Purkey v. Helen Marberry, et al
**Appeal From:** Southern District of Indiana, Terre Haute Division
**Fee Status:** PLRA fee due

**Case Type Information:**
    **1)** prisoner
    **2)** federal
    **3)** civilRights

**Originating Court Information:**
    **District:** 0756-2 : 2:09-cv-00044-WTL-DML
    **Court Reporter:** Cathy Jones, Court Reporter
    **Trial Judge:** William T. Lawrence, District Court Judge
    **Date Filed:** 02/09/2009
    **Date Order/Judgment:**                         **Date NOA Filed:**
    06/14/2010                                    07/12/2010

**Prior Cases:**
    None

**Current Cases:**
    None

---

WESLEY I. PURKEY (Federal Prisoner: #14679-045)        Wesley I. Purkey
        Plaintiff - Appellant                       [NTC Pro Se]
                                         FEDERAL CORRECTIONAL INSTITUTION
                                         P.O. Box 33
                                         Terre Haute, IN 47808-0000

v.

HELEN J. MARBERRY, Warden
        Defendant - Appellee

WENDY J. ROAL-WARNER, Warden
        Defendant - Appellee

DAVID YOUNG, Assistant Warden, Food Service
        Defendant - Appellee

STEPHEN JULIAN, Unit Manager, Special Confinement Unit
        Defendant - Appellee

BRUCE RYHERD, Case Worker, Special Confinement Unit
        Defendant - Appellee

Ex_15-001147

WESLEY I. PURKEY,
          Plaintiff - Appellant

v.

HELEN J. MARBERRY, et al.,
          Defendants - Appellees

Ex_15-001148

| 07/12/2010 | ☐ 1 13 pg, 282.38 KB | Federal prisoner's civil rights case docketed. Fee Due. IT IS ORDERED that this appeal is subject to the Prison Litigation Reform Act. Proceedings are SUSPENDED pending notification by the district court that any necessary fee has been assessed, and if assessed, paid. Transcript information sheet due by 07/26/2010. Docketing Statement due for Appellant Wesley I. Purkey by 07/19/2010. [1] [6235108] [10-2656] (AD) [Entered: 07/12/2010 03:14 PM] |
|---|---|---|
| 07/12/2010 | ☐ 2 1 pg, 102.76 KB | Pursuant to 28 U.S.C.A. § 1915(g), appellant may not proceed in forma pauperis. Accordingly, IT IS ORDERED that the pro se appellant pay the required $455 fees to the clerk of the district court or this appeal will be dismissed pursuant to Circuit Rule 3(b). Proceedings are SUSPENDED pending resolution of appellant's fee status on appeal. PLRA Fee/Motion/Memorandum due on 07/26/2010. [2] [6235124] [10-2656] (AD) [Entered: 07/12/2010 03:37 PM] |
| 07/12/2010 | ☐ | THIS CAUSE CONSISTS OF MORE THAN 5 PARTIES FOR EITHER SIDE. The following are those parties to this cause as reflected on the District Court docket, yet are not reflected on the Appellate docket/caption for administrative purposes: APPELLEE: Craig Coil. [6235126-2] [6235126] [10-2656] (AD) [Entered: 07/12/2010 03:39 PM] |
| 07/12/2010 | ☐ 3 1 pg, 77.91 KB | This is notification that there are no appellees or attorneys to be served in this appeal. This appeal will be submitted without the filing of a brief by the appellee(s). [3] [6235190] [10-2656] (AD) [Entered: 07/13/2010 09:19 AM] |
| 07/19/2010 | ☐ 4 1 pg, 14.62 KB | Filed District Court order DENYING Appellant Wesley I. Purkey leave to proceed on appeal in forma pauperis. Date IFP denied: 07/13/2010. [4] [6236735] [10-2656] (JK) [Entered: 07/19/2010 10:53 AM] |
| 07/22/2010 | ☐ 5 8 pg, 307.37 KB | Pro se motion filed by Appellant Wesley I. Purkey to dismiss case pursuant to FRAP 42(b). [6238287] [10-2656] (AD) [Entered: 07/23/2010 10:55 AM] |
| 07/26/2010 | ☐ 6 3 pg, 160.13 KB | ORDER: This cause is DISMISSED pursuant to F.R.A.P. 42(b). Mandate issued, no record to be returned. GRANTING motion to dismiss case pursuant to FRAP 42(b) [5] [6] [6238775] [10-2656] (KH) [Entered: 07/26/2010 12:21 PM] |
| 07/26/2010 | ☐ | FOR COURT USE ONLY: Certified copy of 07/26/2010 Final Order with Mandate sent to the District Court Clerk. [6238795-2] [6238795] [10-2656] (KH) [Entered: 07/26/2010 12:47 PM] |

Ex_15-001149

11/6/2019                                    10-2656 Docket

Clear All

◉ **Documents and Docket Summary**
◯ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0        **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 7th Circuit Court of Appeals - 11/06/2019 14:21:11 | | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 10-2656 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Ex_15-001150

11/6/2019                                                        17-1373 Docket

**General Docket**
**Eighth Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 17-1373 | **Docketed:** 02/17/2017 |
| In Re: Wesley Purkey | **Termed:** 02/28/2017 |
| **Appeal From:** U.S. District Court for the Western District of Missouri - Kansas City | |
| **Fee Status:** In Forma Pauperis | |

**Case Type Information:**
   **1)** Original Proceeding
   **2)** Mandamus
   **3)** null

**Originating Court Information:**
   **District:** 0866-4 : 4:01-cr-00308-FJG-1
   **Trial Judge:** Fernando J. Gaitan, Junior, U.S. District Judge
   **Date Rec'd COA:**
   02/13/2017

**Prior Cases:**
   10-3462    **Date Filed:** 11/04/2010    **Date Disposed:** 09/06/2013    **Disposition:** Affirmed

**Current Cases:**
   None

---

| | |
|---|---|
| In re: Wesley Ira Purkey (Federal Prisoner: 14679-045)<br>          Petitioner | Michelle M. Law, Assistant Federal Public Defender<br>Direct: 417-873-9022<br>[NTC For Information Only]<br>FEDERAL PUBLIC DEFENDER'S OFFICE<br>Firm: 417-873-9022<br>Suite 801<br>901 St. Louis Street<br>Springfield, MO 65806-0000<br><br>Wesley Ira Purkey<br>[NTC Pro Se]<br>U.S. PENITENTIARY<br>P.O. Box 33<br>Terre Haute, IN 47808-0033<br><br>Rebecca E. Woodman<br>Direct: 785-979-3672<br>[NTC For Information Only]<br>REBECCA E. WOODMAN, ATTORNEY AT LAW<br>1263 W. 72nd Terrace<br>Kansas City, MO 64114 |

Ex_15-001151

11/6/2019                                                17-1373 Docket

| In re:  Wesley Ira Purkey |
| Petitioner |

Ex_15-001152

11/6/2019                                                    17-1373 Docket

| | | |
|---|---|---|
| 02/17/2017 | ☐ | ORIGINAL PROCEEDING case docketed. [4503078] [17-1373] (LAB) [Entered: 02/17/2017 12:32 PM] |
| 02/17/2017 | ☐ 📄<br>6 pg, 145.39 KB | PETITION for Writ of Mandamus (Rec'd by MAIL) filed by Petitioner Mr. Wesley Ira Purkey w/service 02/17/2017 [4503081] [17-1373] (LAB) [Entered: 02/17/2017 12:34 PM] |
| 02/28/2017 | ☐ 📄<br>2 pg, 57.21 KB | MOTION to dismiss case, filed by Petitioner Mr. Wesley Ira Purkey w/service 02/28/2017. [4506264] [17-1373] (LAB) [Entered: 02/28/2017 10:44 AM] |
| 02/28/2017 | ☐ 📄<br>1 pg, 11.77 KB | **JUDGMENT FILED -** [4506264-2] Granting motion to dismiss case filed by Petitioner Mr. Wesley Ira Purkey.; document terminated [4503081-2] petition for writ of mandamus filed by Petitioner Mr. Wesley Ira Purkey., The case is dismissed in accordance with Rule 42(b), Federal Rules of Appellate Procedure. Mandate shall issue forthwith.. [4506474] [17-1373] (JMM) [Entered: 02/28/2017 02:31 PM] |
| 02/28/2017 | ☐ 📄<br>1 pg, 8.72 KB | MANDATE ISSUED. [4506485] [17-1373] (JMM) [Entered: 02/28/2017 02:40 PM] |

Ex_15-001153

11/6/2019                                            17-1373 Docket

Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0        **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 8th Circuit Court of Appeals - 11/06/2019 14:14:50 | | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 17-1373 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Ex_15-001154

11/6/2019                                                    CM/ECF LIVE

<span style="color:green">HABEAS</span>,<span style="color:red">CLOSED</span>

# U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00230-JPH-DLP

PURKEY v. WETSON                                       Date Filed: 05/13/2019
Assigned to: Judge James Patrick Hanlon             Date Terminated: 06/28/2019
Referred to: Magistrate Judge Doris L. Pryor         Jury Demand: None
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)   Nature of Suit: 535 Death Penalty - Habeas Corpus
                                                     Jurisdiction: Federal Question

### Petitioner

**WESLEY I. PURKEY**                    represented by   **WESLEY I. PURKEY**
                                                         14679-045
                                                         TERRE HAUTE - USP
                                                         TERRE HAUTE U.S. PENITENTIARY
                                                         Inmate Mail/Parcels
                                                         P.O. BOX 33
                                                         TERRE HAUTE, IN 47808
                                                         PRO SE

V.

### Respondent

**J. WETSON**                           represented by   **J. WETSON**
*Warden*                                                 .
                                                         PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2019 | 1 | PETITION to Expedite Execution of Petitioner's Death Sentence Pursuant to 28 USC § 2241, filed by WESLEY I PURKEY. <span style="color:red">(No fee paid with this filing)</span> (Attachments: # 1 Judgment entered by Western District of Missouri, # 2 Cover Letter, # 3 Envelope)(DJH) Modified on 5/14/2019 (to enter title of document into docket text) (DJH). Modified on 5/14/2019 to add restriction to 1-1(DMW). (Entered: 05/13/2019) |
| 05/13/2019 | 2 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 05/13/2019) |
| 05/31/2019 | 3 | ***PLEASE DISREGARD - DOCKETED IN ERROR; Check was payable to Laura Briggs, rather than U.S. District Court Clerk***RECEIPT #IP065285 for Habeas filing fee in the amount of $5.00, paid by Petitioner. (REO) Modified on 5/31/2019 (REO). Modified on 6/3/2019 (RSF). (Entered: 05/31/2019) |
| 06/25/2019 | 4 | MOTION to Withdraw 1 Petition for Writ of Habeas Corpus, filed by Petitioner WESLEY I. PURKEY. (Attachments: # 1 Envelope)(DMW) (Entered: 06/26/2019) |
| 06/28/2019 | 5 | Order Granting Motion to Voluntarily Dismiss - Petitioner's motion to voluntarily dismiss this action, dkt. 4 , is granted to the extent that it is effective as a notice of dismissal pursuant to Rule 41 (a)(1)(A) of the Federal Rules of Civil Procedure. No final judgment is |

Ex_15-001155

|  | required under these circumstances. The clerk is directed to close this action on the docket. Copy to petitioner via US Mail. Signed by Judge James Patrick Hanlon on 6/28/2019.(RSF) (Entered: 06/28/2019) |
|---|---|

**Case #: 2:19-cv-00230-JPH-DLP**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/06/2019 15:27:44 | | | |
| **PACER Login:** | cristinabecker:6032878:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-00230-JPH-DLP |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Ex_15-001156

# U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00355-JMS-DLP

PURKEY v. UNDERWOOD et al                    Date Filed: 07/26/2019
Assigned to: Judge Jane Magnus-Stinson         Jury Demand: Plaintiff
Referred to: Magistrate Judge Doris L. Pryor   Nature of Suit: 555 Prisoner Petitions -
Cause: 28:1331 Federal Question: Bivens Act    Prison Condition
                                               Jurisdiction: Federal Question

**Plaintiff**

**WESLEY I. PURKEY**                represented by   **WESLEY I. PURKEY**
                                                    14679-045
                                                    TERRE HAUTE - USP
                                                    TERRE HAUTE U.S. PENITENTIARY
                                                    Inmate Mail/Parcels
                                                    P.O. BOX 33
                                                    TERRE HAUTE, IN 47808
                                                    PRO SE


V.

**Defendant**

**UNDERWOOD**                       represented by   **UNDERWOOD**
*Assistant Warden*                                  .
                                                    PRO SE


**Defendant**

**WILLIAM E. WILSON**               represented by   **WILLIAM E. WILSON**
*MD/CD*                                             .
                                                    PRO SE


**Defendant**

**CHRISTOPHER MCCOY**               represented by   **CHRISTOPHER MCCOY**
*HSA*                                               .
                                                    PRO SE


**Defendant**

**R.D. SHEPHERD**                   represented by   **R.D. SHEPHERD**
*CDO*                                               .
                                                    PRO SE


**Defendant**

**BUCKLEY**                         represented by   **BUCKLEY**
*DR., Dentist*                                      .
                                                    PRO SE


**Defendant**

**CORTES**                          represented by   **CORTES**
*DR., Dentist*                                      .

Ex_15-001157

CM/ECF LIVE

                                                                  PRO SE

**Defendant**

**J. T. WATSON**                              represented by **J. T. WATSON**
*Warden, USP/TH*                                             .
                                                             **PRO SE**

**Defendant**

**UNITED STATES**                             represented by **UNITED STATES**
*FICA*                                                       .
                                                             **PRO SE**

**Recruited Counsel**

**JOHN R. MALEY**                             represented by **John R. Maley**
*Recruited Counsel for Plaintiff*                            BARNES & THORNBURG, LLP
                                                             (Indianapolis)
                                                             11 South Meridian street
                                                             Indianapolis, IN 46204
                                                             (317) 231-7464
                                                             Fax: (317) 231-7433
                                                             Email: jmaley@btlaw.com
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2019 | 1 | COMPLAINT against BUCKLEY, CORTES, CHRISTOPHER MCCOY, R.D. SHEPHERD, UNDERWOOD, UNITED STATES, J. T. WATSON, WILLIAM E. WILSON, filed by WESLEY I. PURKEY. (Filing fee $400, receipt number IP066003). (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Envelope).(MAC) (Entered: 07/29/2019) |
| 07/29/2019 | 2 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (MAC) (Entered: 07/29/2019) |
| 08/08/2019 | 3 | ***PLEASE DISREGARD. VACATED AT 5 .***NOTICE OF DEFICIENCY - Your civil rights complaint has been received. You shall have through September 5, 2019 in which to correct the deficiencies as follows: You must either pay the $400.00 filing fee for this action or demonstrate that you lack the financial ability to do so by filing a motion for leave to proceed without the prepayment of the filing fee *(in forma pauperis)*. (Copy to plaintiff by US Mail) (MEH) Modified on 8/12/2019 (DMW). (Entered: 08/08/2019) |
| 08/08/2019 | 4 | NOTICE to Pro se Litigant - The following information is provided to pro se litigants to inform them about rules and procedures governing how they communicate with the Court. Copy sent to plaintiff via US mail. (JRT) (Entered: 08/08/2019) |
| 08/12/2019 | 5 | ENTRY REGARDING FILING FEE - The notice of deficiency, dkt. 3 , is vacated. The plaintiff has paid the filing fee in full. Copy to Plaintiff via US Mail. Signed by Judge Jane Magnus-Stinson on 8/12/2019. (DMW) (Entered: 08/12/2019) |
| 08/23/2019 | 6 | MOTION to Appoint Counsel, filed by Plaintiff WESLEY I. PURKEY. (Attachments: # 1 Envelope)(DMW) (Entered: 08/26/2019) |
| 08/23/2019 | 7 | MOTION Seeking Clarification for Counsel to Enter Appearance, filed by Plaintiff WESLEY I. PURKEY. (Attachments: # 1 Cover Letter, # 2 Envelope)(DMW) (Entered: 08/26/2019) |

Ex_15-001158

| 09/04/2019 | 8 | ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS - The action shall proceed with Eighth Amendment claims against the seven individual defendants under the theory recognized in Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The action shall also proceed with a claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. If Mr. Purkey believes the complaint asserted additional claims, he shall have through October 1, 2019, to notify the Court of those claims. Personal service is required in serving Defendants (1) J.T. Watson, (2) Underwood, (3) Christopher McCoy, (4) Dr. Wilson (5) Dr. Shepherd, (6) Dr. Buckley, and (7) Dr. Cortes. Robinson v. Turner, 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his designee shall serve the summons, together with copies of the complaint (dkt. 1 ) and this Entry, on the defendants pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States. (See Entry.) Copy to Plaintiff via US Mail. Signed by Judge Jane Magnus-Stinson on 9/4/2019. (DMW) (Entered: 09/04/2019) |
| --- | --- | --- |
| 09/04/2019 | 9 | Summons Issued as to BUCKLEY, CORTES, CHRISTOPHER MCCOY, R.D. SHEPHERD, UNDERWOOD, UNITED STATES, J. T. WATSON, WILLIAM E. WILSON. (Attachments: # 1 USM 285 Form US Attorney General, # 2 USM 285 Form Office of the US Attorney, # 3 USM 285 Form Christopher McCoy, # 4 USM 285 Form J.T. Watson, # 5 USM 285 Form Underwood, # 6 USM 285 Form Dr. Shepherd, # 7 USM 285 Form Dr. William Wilson, # 8 USM 285 Form Dr. Cortes, # 9 USM 285 Form Dr. Buckley)(DMW) (Entered: 09/04/2019) |
| 09/04/2019 | 10 | Documents for service by USM - re 9 Summons Issued, 8 Entry, 1 Complaint. Electronic notice to USM-C.(DMW) (Entered: 09/04/2019) |
| 09/04/2019 | 11 | ENTRY GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR CLARIFICATION - Plaintiff Wesley Purkey's motion for appointment of counsel, dkt. 6 , is granted insofar as the Court will attempt to recruit counsel to assist Mr. Purkey in this matter. Mr. Purkey's motion for clarification, dkt. 7 , is granted insofar as the Court clarifies that pro bono counsel may enter an appearance for a litigant at any time. (See Entry.) Copy to Plaintiff via US Mail. Signed by Judge Jane Magnus-Stinson on 9/4/2019. (DMW) (Entered: 09/04/2019) |
| 09/04/2019 | 12 | ORDER OF RECRUITMENT OF COUNSEL PURSUANT TO LOCAL RULE 87 - John Maley is appointed to represent the plaintiff in the above action pursuant to Local Rule 87. This representation shall continue until final judgment is entered unless otherwise modified by written order. (See Order.) Copy to Plaintiff via US Mail. Signed by Judge Jane Magnus-Stinson on 9/4/2019. (DMW) (Entered: 09/04/2019) |
| 09/19/2019 | 13 | RETURN of USM Service by WESLEY I. PURKEY. UNITED STATES - Office of the United States Attorney served on 9/18/2019. (TMC) (Entered: 09/19/2019) |
| 09/30/2019 | 14 | RETURN of USM Service by WESLEY I. PURKEY. Dr. BUCKLEY, Dentist served on 9/30/2019. (TMC) (Entered: 09/30/2019) |
| 09/30/2019 | 15 | RETURN of USM Service by WESLEY I. PURKEY. CHRISTOPHER MCCOY served on 9/30/2019. (TMC) (Entered: 09/30/2019) |
| 09/30/2019 | 16 | RETURN of USM Service by WESLEY I. PURKEY. Dr. R.D. SHEPHERD served on 9/30/2019. (TMC) (Entered: 09/30/2019) |
| 09/30/2019 | 17 | RETURN of USM Service by WESLEY I. PURKEY. UNDERWOOD, Assistant Warden served on 9/30/2019. (TMC) (Entered: 09/30/2019) |
| 09/30/2019 | 18 | RETURN of USM Service by WESLEY I. PURKEY. J. T. WATSON served on 9/30/2019. (TMC) (Entered: 09/30/2019) |
| 09/30/2019 | 19 | RETURN of USM Service by WESLEY I. PURKEY. Dr. WILLIAM E. WILSON served |

Ex_15-001159

| | | on 9/30/2019. (TMC) (Entered: 09/30/2019) |
|---|---|---|
| 09/30/2019 | 20 | RETURN of USM Service by WESLEY I. PURKEY. Dr. CORTES served on 9/30/2019. (TMC) (Entered: 09/30/2019) |
| 10/01/2019 | 21 | RETURN of USM Service by USM. UNITED STATES served on 9/26/2019. (JRB) Modified on 10/2/2019 (JRB). (Entered: 10/01/2019) |

**Case #: 2:19-cv-00355-JMS-DLP**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/06/2019 15:24:39 | | | |
| **PACER Login:** | cristinabecker:6032878:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-00355-JMS-DLP |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

Ex_15-001160

11/6/2019                                    CM/ECF LIVE

# U.S. District Court
## Southern District of Indiana (Terre Haute)
### CIVIL DOCKET FOR CASE #: 2:19-cv-00414-JPH-DLP

| | |
|---|---|
| PURKEY v. UNITED STATES OF AMERICA et al | Date Filed: 08/27/2019 |
| Assigned to: Judge James Patrick Hanlon | Jury Demand: None |
| Referred to: Magistrate Judge Doris L. Pryor | Nature of Suit: 535 Death Penalty - Habeas |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Corpus |
| | Jurisdiction: Federal Question |

**Petitioner**

**WESLEY IRA PURKEY**                    represented by **Michelle M. Law**
FEDERAL DEFENDER -- WESTERN
DISTRICT OF MISSOURI
901 Saint Louis Street, Suite 801
Springfield, MO 65806
(417) 873-9022
Fax: (417) 873-9038
Email: michelle_law@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Ellen Woodman**
REBECCA E. WOODMAN, ATTORNEY
AT LAW, L.C.
1263 W. 72nd Ter.
Kansas City, MO 64114
(785) 979-3672
Email: rewlaw@outlook.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**UNITED STATES OF AMERICA**                    represented by **Brian Patrick Casey**
U.S. ATTORNEY'S OFFICE
400 E. 9th Street
Room 5510
Kansas City, MO 64106
816-426-4138
Email: brian.casey@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Brian L. Reitz**
UNITED STATES ATTORNEY'S OFFICE
(Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204

Ex_15-001161

317-226-6333
Fax: 317-226-6125
Email: brian.reitz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jeffrey E. Valenti**
UNITED STATES ATTORNEY'S OFFICE
400 E. 9th Street
5th Floor
Kansas City, MO 64106
816-426-4262
Fax: 816-426-4328
Email: jeff.valenti@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kathleen D. Mahoney**
UNITED STATES ATTORNEY'S OFFICE
400 E. 9th Street
Kansas City, MO 64106
816-426-4341
Email: kate.mahoney@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**WARDEN**                              represented by    **Brian Patrick Casey**
*USP Terre Haute*                                        (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Brian L. Reitz**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeffrey E. Valenti**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Kathleen D. Mahoney**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2019 | 1 | PETITION for Writ of Habeas Corpus , filed by WESLEY IRA PURKEY. (No fee paid with this filing) (Attachments: # 1 Appendix)(Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 2 | CERTIFICATE OF SERVICE by WESLEY IRA PURKEY re 1 Petition for Writ of Habeas Corpus (Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 3 | MOTION for Attorney(s) Michelle M. Law to Appear pro hac vice (No fee paid with this filing), filed by Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 4 | MOTION to Stay re 1 Petition for Writ of Habeas Corpus , filed by Petitioner WESLEY IRA PURKEY. (Attachments: # 1 Appendix)(Woodman, Rebecca) (Entered: 08/27/2019) |

Ex_15-001162

| 08/27/2019 | 5 | NOTICE of Appearance by Rebecca Ellen Woodman on behalf of Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/27/2019) |
|---|---|---|
| 08/27/2019 | 6 | MOTION for Leave to Proceed in forma pauperis , filed by Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/27/2019) |
| 08/27/2019 | 7 | APPENDIX Exhibits 1-10, pp. 1-70 - re 1 Petition for Writ of Habeas Corpus by WESLEY IRA PURKEY. (Attachments: # 1 App. Exs. 11-12(partial), pp. 71-141; # 2 App. Exs. 12(partial)-13(partial), pp. 142-209, # 3 App. Exs. 13(partial)-15, pp. 210-263; # 4 App. Exs. 16-21, pp. 264-343; # 5 App. Exs. 22-25(partial), pp. 344-442, # 6 App. Exs. 25(partial)-41, pp. 443-653, # 7 App. Exs. 42-45, pp. 654-672; # 8 App. Ex. 46(partial), pp. 673-682; # 9 App. Ex. 46(partial), pp. 683-690; # 10 App. Exs. 47-53(partial), pp. 691-775; # 11 App. Exs. 53(partial)-73, pp. 776-977; # 12 App. Ex. 74-78(partial), pp. 978-1076; # 13 App. Exs. 78(partial)-86, pp. 1077-1168; # 14 App. Exs. 87-101(partial), pp. 1169-1317; # 15 App. Exs. 101(partial)-125, pp. 1318-1460; # 16 App. Exs. 126-127(partial), pp. 1461-1509; # 17 App. Exs. 127(partial)-130, pp. 1510-1564; # 18 App. Exs. 131-139, pp. 1565-1669; # 19 App. Exs.140-144; pp. 1670-1966; # 20 App. Exs. 145-212, pp. 1967-2838; # 21 App. Exs. 213-215, pp. 2839-2913)(Woodman, Rebecca) Modified on 8/28/2019 - added restricted access (RSF). (Entered: 08/27/2019) |
| 08/29/2019 | 8 | ORDER TO SHOW CAUSE - Petitioner Wesley Ira Purkey filed this habeas action pursuant to 28 U.S.C. § 2241. This action will proceed as follows. The United States has already been notified of the filing of the instant habeas petition. It shall have through September 27, 2019, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by Mr. Purkey should not be granted. Mr. Purkey shall have through October 28, 2019, in which to reply. The Clerk is directed to restrict access to the exhibits (dkt. 7 ) to Case Participants Only unless and until ordered otherwise. Mr. Purkey shall file either redacted exhibits or a motion to maintain the exhibits under Case Participants Only restricted access by no later than September 13, 2019. Mr. Purkey's motion for leave to proceed in forma pauperis, dkt. 6 , is granted. (See Order.) Signed by Judge James Patrick Hanlon on 8/29/2019.(RSF) (Entered: 08/29/2019) |
| 08/29/2019 | 9 | Order Requiring Supplementation of Habeas Petition - Petitioner's habeas petition does not contain a table of contents. Petitioner shall have through September 5, 2019, to supplement his habeas petition by filing a table of contents that identifies each heading and sub-heading in the habeas petition and the corresponding page on which those headings are located. Signed by Judge James Patrick Hanlon on 8/29/2019. (DMW) (Entered: 08/29/2019) |
| 08/30/2019 | 10 | MOTION to Appoint Counsel , filed by Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 08/30/2019) |
| 08/30/2019 | 11 | *Supplement to Writ of Habeas Corpus*, filed by Petitioner WESLEY IRA PURKEY. (Attachments: # 1 Supplement Table of Contents)(Woodman, Rebecca) Modified on 9/3/2019 - created link to 1 (RSF). (Entered: 08/30/2019) |
| 09/03/2019 | 12 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Reitz, Brian) (Entered: 09/03/2019) |
| 09/03/2019 | 13 | NOTICE of Appearance by Jeffrey E. Valenti on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Valenti, Jeffrey) (Entered: 09/03/2019) |
| 09/03/2019 | 14 | NOTICE of Appearance by Brian Patrick Casey on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Casey, Brian) (Entered: 09/03/2019) |
| 09/04/2019 | 15 | ORDER granting 10 Motion to Appoint Counsel. The Court appoints Rebecca E. Woodman as counsel to represent Petitioner for all proceedings in this matter. Such appointment shall be deemed effective as of the date this action was filed, August 27, |

Ex_15-001163

|  |  |  |
|---|---|---|
|  |  | 2019. (See Order.) Signed by Judge James Patrick Hanlon on 9/4/2019. (RSF) (Entered: 09/04/2019) |
| 09/04/2019 | 16 | ORDER - granting 3 Motion to Appear pro hac vice. Attorney Michelle M. Law for WESLEY IRA PURKEY added. Applicant shall register for electronic filing, as required by Local Rule 5-3, within ten (10) days of the entry of this Order. (See Order.) Copy to PHV Applicant via US Mail. Signed by Magistrate Judge Doris L. Pryor on 9/4/2019. (DMW) (Entered: 09/04/2019) |
| 09/06/2019 | 17 | ***PLEASE DISREGARD - CORRECTED DOCUMENT AT 18 ***NOTICE of Appearance (Mahoney, Kathleen) Modified on 9/9/2019 (RSF). (Entered: 09/06/2019) |
| 09/06/2019 | 18 | NOTICE of Appearance by Kathleen D. Mahoney on behalf of Respondents UNITED STATES OF AMERICA, WARDEN. (Mahoney, Kathleen) (Entered: 09/06/2019) |
| 09/09/2019 | 19 | MOTION to Appoint Counsel , filed by Petitioner WESLEY IRA PURKEY. (Law, Michelle) (Entered: 09/09/2019) |
| 09/09/2019 | 20 | Submission of Proposed Order , re 19 MOTION to Appoint Counsel , filed by Petitioner WESLEY IRA PURKEY. (Law, Michelle) (Entered: 09/09/2019) |
| 09/11/2019 | 22 | ORDER - On September 6, 2019, the Court received a two-page document prepared by Petitioner Wesley Purkey styled, "Motion to Withdraw Petition for Habeas Corpus." The Court does not accept this document for filing because Mr. Purkey is represented by counsel. The document was inadvertently docketed at docket 21 and has since been restricted. The parties should disregard the document. The document will be forwarded to Mr. Purkey's counsel who, consistent with counsel's professional obligations, shall review the document and decide what action, if any, should be taken regarding the issues raised therein. The clerk is directed to send a copy of docket 21 by United States Mail to Mr. Purkey's counsel. Copies distributed pursuant to distribution list. Signed by Judge James Patrick Hanlon on 9/11/2019.(RSF) (Entered: 09/11/2019) |
| 09/12/2019 | 23 | AMENDED PETITION *with redacted appendix* filed by WESLEY IRA PURKEY. (Attachments: # 1 Appendix, # 2 Appendix pp. 1 - 26, # 3 Appendix pp. 27 - 42, # 4 Appendix pp. 43 - 56, # 5 Appendix pp. 57 - 171, # 6 Appendix pp. 172 - 216, # 7 Appendix pp. 217 - 265, # 8 Appendix pp. 266 - 273, # 9 Appendix pp. 274 - 283, # 10 Appendix pp. 284 - 303, # 11 Appendix pp. 304 - 353, # 12 Appendix pp. 354 - 427, # 13 Appendix pp. 428 - 522, # 14 Appendix pp. 523 - 570, # 15 Appendix pp. 571 - 678, # 16 Appendix pp. 679 - 787, # 17 Appendix pp. 788 - 832, # 18 Appendix pp. 833 - 887, # 19 Appendix pp. 888 - 907, # 20 Appendix pp. 908 - 983, # 21 Appendix pp. 984 - 993, # 22 Appendix pp. 994 - 1002, # 23 Appendix pp. 1003 - 1014, # 24 Appendix pp. 1015 - 1020, # 25 Appendix pp. 1021 - 1026, # 26 Appendix pp. 1027 - 1032, # 27 Appendix pp. 1033 - 1038, # 28 Appendix pp. 1039 - 1044, # 29 Appendix pp. 1045 - 1050, # 30 Appendix pp. 1051 - 1056, # 31 Appendix pp. 1057 - 1062, # 32 Appendix pp. 1063 - 1068, # 33 Appendix pp. 1069 - 1074, # 34 Appendix pp. 1075 - 1080, # 35 Appendix pp. 1081 - 1165, # 36 Appendix pp. 1166 - 1439, # 37 Appendix pp. 1440 - 1783, # 38 Appendix pp.1784 - 2097, # 39 Appendix pp. 2098 - 2222, # 40 Appendix pp. 2223 - 2465) (Woodman, Rebecca) Modified on 9/12/2019 (RSF). (Entered: 09/12/2019) |
| 09/16/2019 | 24 | ORDER - On September 13, 2019, the Court received a one-page document prepared by Petitioner Wesley Purkey styled, "Motion to Rescind Petitioner's Pro Se Motion to Withdraw Petition(s)." The Court does not accept this document for filing because Mr. Purkey is represented by counsel. The document will be forwarded to Mr. Purkey's counsel who, consistent with counsel's professional obligations, shall review the document and decide what action, if any, should be taken regarding the issues raised therein. The clerk is directed to send a copy of the above referenced document by United States Mail to Mr. |

Ex_15-001164

| | | |
|---|---|---|
| | | Purkey's counsel. Original to Attorney Woodman. Signed by Judge James Patrick Hanlon on 9/16/2019.(RSF) (Entered: 09/16/2019) |
| 09/24/2019 | 25 | SEALED *Transcript of Suppression Hearing held October 17, 2002*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 26 | SEALED *Transcript of Suppression Hearing held October 25, 2002*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 27 | SEALED *Transcript of Suppression Hearing held November 15, 2002*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 28 | SEALED *Trial Transcript Volume I*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 29 | SEALED *Trial Transcript Volume II*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 30 | SEALED *Trial Transcript Volume III*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 31 | SEALED *Trial Transcript Volume IV*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 32 | SEALED *Trial Transcript Volume V*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 33 | SEALED *Trial Transcript Volume VI*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 34 | SEALED *Trial Transcript Volume VII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 35 | SEALED *Trial Transcript Volume VIII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 36 | SEALED *Trial Transcript Volume IX*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 37 | SEALED *Trial Transcript Volume X*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 38 | SEALED *Trial Transcript Volume XI*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 39 | SEALED *Trial Transcript Volume XII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 40 | SEALED *Trial Transcript Volume XIII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 41 | SEALED *Trial Transcript Volume XIV*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 42 | SEALED *Trial Transcript Volume XV*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 43 | SEALED *Trial Transcript Volume XVI*, filed by Respondent UNITED STATES OF |

Ex_15-001165

CM/ECF LIVE

| | | |
|---|---|---|
| | | AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 44 | SEALED *Trial Transcript Volume XVII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 45 | SEALED *Trial Transcript Volume XVIII*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/24/2019 | 46 | SEALED *Sentencing Hearing Transcript*, filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Transcript)(Casey, Brian) (Entered: 09/24/2019) |
| 09/25/2019 | 47 | MOTION to Maintain Document Under Seal 34 SEALED Document (Case Participants - doc), 27 SEALED Document (Case Participants - doc), 32 SEALED Document (Case Participants - doc), 25 SEALED Document (Case Participants - doc), 35 SEALED Document (Case Participants - doc), 29 SEALED Document (Case Participants - doc), 31 SEALED Document (Case Participants - doc), 41 SEALED Document (Case Participants - doc), 39 SEALED Document (Case Participants - doc), 26 SEALED Document (Case Participants - doc), 40 SEALED Document (Case Participants - doc), 28 SEALED Document (Case Participants - doc), 45 SEALED Document (Case Participants - doc), 37 SEALED Document (Case Participants - doc), 30 SEALED Document (Case Participants - doc), 46 SEALED Document (Case Participants - doc), 44 SEALED Document (Case Participants - doc), 36 SEALED Document (Case Participants - doc), 38 SEALED Document (Case Participants - doc), 33 SEALED Document (Case Participants - doc), 42 SEALED Document (Case Participants - doc), 43 SEALED Document (Case Participants - doc) , filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Mahoney, Kathleen) (Entered: 09/25/2019) |
| 09/27/2019 | 48 | APPENDIX *Index* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Casey, Brian) Modified on 9/30/2019 - created link to Response 49 (RSF). (Entered: 09/27/2019) |
| 09/27/2019 | 49 | RESPONSE in Opposition re 4 MOTION to Stay re 1 Petition for Writ of Habeas Corpus , filed by Respondents UNITED STATES OF AMERICA, WARDEN. (Casey, Brian) Modified on 9/30/2019 - created link to Amended Petition at 23 (RSF). (Entered: 09/27/2019) |
| 10/01/2019 | 50 | ORDER - granting 19 Motion to Appoint Counsel. The Court appoints Michelle M. Law, Assistant Federal Public Defender, as counsel to represent Petitioner for all proceedings in this matter. Such appointment shall be deemed effective as of the date this action was filed, August 27, 2019. Signed by Judge James Patrick Hanlon on 10/1/2019. (RSF) (Entered: 10/01/2019) |
| 10/04/2019 | 51 | NOTICE of Appearance by Michelle M. Law on behalf of Petitioner WESLEY IRA PURKEY. (Law, Michelle) (Entered: 10/04/2019) |
| 10/11/2019 | 52 | ORDER granting 47 Motion to Maintain Document Under Seal - The suppression hearing, trial, and sentencing hearing transcripts (Dkt. Nos. 25 through 46) will be maintained under seal but be available to the parties and this Court. Signed by Magistrate Judge Doris L. Pryor on 10/11/2019. (JRB) (Entered: 10/11/2019) |
| 10/17/2019 | 53 | Notice of Docketing from 7th Circuit Court of Appeals - Case No. 19-3047 assigned to Writ of Mandamus filed with the 7th Circuit by Wesley I. Purkey. (Attachments: # 1 Circuit Rule 3(b) Notice)(RSF) (Entered: 10/17/2019) |
| 10/21/2019 | 54 | Order Directing Response to Petitioner's Pro Se Filing and Writ of Mandamus - On September 6, 2019, the Court received a two-page document prepared by Petitioner |

Ex_15-001166

| | | |
|---|---|---|
| | | Wesley Purkey styled, "Motion to Withdraw Petition for Habeas Corpus." On October 17, 2019, the Court received notification that Mr. Purkey filed a writ of mandamus with the United States Court of Appeals for the Seventh Circuit. Mr. Purkey's counsel shall file a status report by October 25, 2019 responding to the allegations in Mr. Purkey's "Motion to Withdraw Petition for Habeas Corpus" and his writ of mandamus filed with the Seventh Circuit. The status report may be filed ex parte if deemed necessary by counsel to preserve client confidences and attorney-client privileged communications. (See Order.) Signed by Judge James Patrick Hanlon on 10/21/2019.(RSF) (Entered: 10/21/2019) |
| 10/28/2019 | 57 | Order Directing Supplemental Response to Petitioner's Pro Se Filing and Writ of Mandamus - On October 21, 2019, the Court instructed Petitioner Wesley Purkey's counsel to "respond[] to the allegations in Mr. Purkey's 'Motion to Withdraw Petition for Habeas Corpus' and his writ of mandamus filed with the Seventh Circuit." Dkt. 54 at 1-2. Mr. Purkey's counsel filed a response on October 25, 2019. The response raises several issues, but does not "respond[] to the allegations" in Mr. Purkey's filings. Mr. Purkey's counsel shall file a supplemental response no later than October 30, 2019. The supplemental response must respond to the following factual allegations. (See Order.) Signed by Judge James Patrick Hanlon on 10/28/2019.(RSF) (Entered: 10/28/2019) |
| 10/28/2019 | 58 | Brief *Reply to Government's Response* re 23 Amended Petition by WESLEY IRA PURKEY. (Woodman, Rebecca) Modified on 10/29/2019 (RSF). (Entered: 10/28/2019) |
| 11/05/2019 | 67 | MOTION *to Correct Clerical Error*, filed by Petitioner WESLEY IRA PURKEY. (Attachments: # 1 Appendix)(Woodman, Rebecca) (Entered: 11/05/2019) |
| 11/05/2019 | 69 | Submission of Proposed Order , re 67 MOTION *to Correct Clerical Error*, filed by Petitioner WESLEY IRA PURKEY. (Woodman, Rebecca) (Entered: 11/05/2019) |

**Case #: 2:19-cv-00414-JPH-DLP**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/06/2019 15:26:22 | | | |
| **PACER Login:** | cristinabecker:6032878:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-00414-JPH-DLP |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

Ex_15-001167

11/6/2019                                                                 19-1232 Docket

**General Docket**
**Eighth Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 19-1232 | **Docketed:** 02/01/2019 |
| In Re: Wesley Purkey | **Termed:** 02/26/2019 |
| **Appeal From:** U.S. District Court for the Western District of Missouri - Kansas City | |
| **Fee Status:** In Forma Pauperis | |

**Case Type Information:**
   **1)** Original Proceeding
   **2)** Mandamus
   **3)** null

**Originating Court Information:**
   **District:** 0866-4 : 4:01-cr-00308-FJG-1
   **Trial Judge:** Fernando J. Gaitan, Junior, U.S. District Judge
   **Date Rec'd COA:**
   02/01/2019

**Prior Cases:**

| | | | |
|---|---|---|---|
| 04-1337 | **Date Filed:** 02/10/2004 | **Date Disposed:** 11/07/2005 | **Disposition:** Affirmed |
| 10-3462 | **Date Filed:** 11/04/2010 | **Date Disposed:** 09/06/2013 | **Disposition:** Affirmed |
| 17-1373 | **Date Filed:** 02/17/2017 | **Date Disposed:** 02/28/2017 | **Disposition:** Dismiss Case FRAP42 (Procedural) |

**Current Cases:**
   None

| | |
|---|---|
| In re: Wesley Ira Purkey (Federal Prisoner: 14679-045)<br>       Petitioner | Michelle M. Law, Assistant Federal Public Defender<br>Direct: 417-873-9022<br>[NTC For Information Only]<br>FEDERAL PUBLIC DEFENDER'S OFFICE<br>Firm: 417-873-9022<br>Suite 801<br>901 St. Louis Street<br>Springfield, MO 65806-0000<br><br>Wesley Ira Purkey<br>[NTC Pro Se]<br>U.S. PENITENTIARY<br>P.O. Box 33<br>Terre Haute, IN 47808-0033<br><br>Rebecca E. Woodman<br>Direct: 785-979-3672<br>[NTC For Information Only]<br>REBECCA E. WOODMAN, ATTORNEY AT LAW<br>1263 W. 72nd Terrace<br>Kansas City, MO 64114 |

Ex_15-001168

19-1232 Docket

In re:  Wesley Ira Purkey

Petitioner

Ex_15-001169

11/6/2019                                                        19-1232 Docket

| | | |
|---|---|---|
| 02/04/2019 | ☐ | ORIGINAL PROCEEDING case docketed. [4752673] [19-1232] (AEV) [Entered: 02/04/2019 10:22 AM] |
| 02/04/2019 | ☐ 🗎 13 pg, 700.04 KB | PETITION for Writ of Mandamus (Rec'd by MAIL) filed by Petitioner Mr. Wesley Ira Purkey w/service 01/28/2019 [4752676] [19-1232] (AEV) [Entered: 02/04/2019 10:24 AM] |
| 02/05/2019 | ☐ 🗎 5 pg, 206.04 KB | MOTION Extension of Time to File Response to Petitioner's Writ of Mandamus to March 1, 2019, filed by Attorney Ms. Michelle M. Law for Petitioner Mr. Wesley Ira Purkey w/service 02/05/2019. [4753334] [19-1232] (MML) [Entered: 02/05/2019 02:08 PM] |
| 02/06/2019 | ☐ 🗎 1 pg, 8.88 KB | CLERK ORDER:Granting [4753334-2] motion for an extension of time to file a response until March 1, 2019, filed by Ms. Michelle M. Law. [4753553] [19-1232] (AEV) [Entered: 02/06/2019 08:29 AM] |
| 02/25/2019 | ☐ 🗎 5 pg, 536.01 KB | MOTION to dismiss case, filed by Attorney Ms. Michelle M. Law for Petitioner Mr. Wesley Ira Purkey w/service 02/25/2019. [4759655] [19-1232] (MML) [Entered: 02/25/2019 02:33 PM] |
| 02/26/2019 | ☐ 🗎 2 pg, 104.31 KB | **JUDGMENT FILED -** The petition for writ of mandamus is dismissed in accordance with Rule 42(b), Federal Rules of Appellate Procedure. Mandate shall issue forthwith.; Granting [4759655-2] motion to dismiss the petition for writ of mandamus filed by Ms. Michelle M. Law for petitioner. Adp Jan 2019 [4760100] [19-1232]--[Edited 02/26/2019 by LMT] (LMT) [Entered: 02/26/2019 11:31 AM] |
| 02/26/2019 | ☐ 🗎 1 pg, 8.75 KB | MANDATE ISSUED. [4760116] [19-1232] (LMT) [Entered: 02/26/2019 11:44 AM] |

Ex_15-001170

11/6/2019                                                    19-1232 Docket

Clear All

◉ **Documents and Docket Summary**
◯ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

---

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 8th Circuit Court of Appeals - 11/06/2019 14:15:29 | | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 19-1232 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Ex_15-001171

**General Docket**
**Seventh Circuit Court of Appeals**

**Court of Appeals Docket #:** 19-3047                                    **Docketed:** 10/17/2019
Wesley Purkey v. James Hanlon
**Appeal From:** Southern District of Indiana, Indianapolis Division
**Fee Status:** Due

**Case Type Information:**
   **1)** originalProceeding
   **2)** nonPaidMandamus
   **3)** deathPenalty

**Originating Court Information:**
   **District:** 0756-1 : 2:19-cv-00414-JPH-DLP
   **Trial Judge:** James P. Hanlon, District Court Judge

**Prior Cases:**
   None

**Current Cases:**
   None

---

WESLEY I. PURKEY (Federal Prisoner: #14679-045)          Wesley I. Purkey
          Petitioner                                     [NTC Pro Se]
                                                         FEDERAL CORRECTIONAL INSTITUTION
                                                         P.O. Box 33
                                                         Terre Haute, IN 47808-0000

v.

JAMES P. HANLON
          Respondent

Ex_15-001172

11/6/2019                                        19-3047 Docket

| |
|---|
| WESLEY I. PURKEY,<br>        Petitioner<br><br>v.<br><br>JAMES P. HANLON,<br>         Respondent |

Ex_15-001173

| 10/17/2019 | ☐ 1<br>13 pg, 539.59 KB | Petition for Writ of Mandamus filed. Fee due. Fee or IFP forms due on 10/31/2019 for Petitioner Wesley I. Purkey [1] [7037480] [19-3047] (AG) [Entered: 10/17/2019 03:48 PM] |

Ex_15-001174

11/6/2019                    19-3047 Docket

[ Clear All ]

◉ **Documents and Docket Summary**
◯ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0      **Selected Size:** 0 KB

[ View Selected ]

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 7th Circuit Court of Appeals - 11/06/2019 14:17:55 | | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 19-3047 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Ex_15-001175

CLOSED,PHV

# U.S. District Court
## Western District of Missouri (Kansas City)
### CIVIL DOCKET FOR CASE #: 4:06-cv-08001-FJG

Purkey v. United States of America
Assigned to: Chief District Judge Fernando J. Gaitan, Jr
Case in other court: 8th Circuit Court of Appeals, 10-03462
                    8th Circuit Court of Appeals, 10-03462
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 11/25/2006
Date Terminated: 09/29/2009
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: U.S. Government Defendant

**Movant**

**Wesley Ira Purkey**
                          represented by   **Frederick A Duchardt , Jr.**
P O Box 216
Trimble, MO 64492
(816) 213-0782
Fax: (816) 635-5155
Email: fduchardt@yahoo.com
*TERMINATED: 07/10/2007*
*LEAD ATTORNEY*

**Gary E. Brotherton**
Legal Writes, LLC
503 E Nifong Blvd.
#377
Columbia, MO 65201
(573) 303-5150
Fax: 573-303-5151
Email:
gebrotherton@legalwritesllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa L. Norris**
Blume, Weyble & Norris, LLC
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044
Fax: (803) 765-1143
Email: teresa@blumelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**interested party**

Ex_15-001176

**Frederick A. Duchardt, Jr.**                    represented by   **Frederick A Duchardt , Jr.**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Respondent**

**United States of America**                      represented by   **Kathleen D Mahoney**
                                                                  United States Attorney's Office-KCMO
                                                                  400 E 9th Street
                                                                  Suite 5510
                                                                  Kansas City, MO 64106
                                                                  (816) 426-3122
                                                                  Fax: (816) 426-4328
                                                                  Email: kate.mahoney@usdoj.gov
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Matt Jeffrey Whitworth**
                                                                  United States Attorney's Office
                                                                  400 E. 9th Street
                                                                  5th Floor
                                                                  Kansas City, MO 64106
                                                                  (816)426-4122
                                                                  Fax: (816)426-4210
                                                                  Email: gene.porter@usdoj.gov
                                                                  *TERMINATED: 02/10/2010*
                                                                  *LEAD ATTORNEY*

                                                                  **David M Ketchmark**
                                                                  United States Attorney's Office-KCMO
                                                                  400 E 9th Street
                                                                  Suite 5510
                                                                  Kansas City, MO 64106
                                                                  816-426-4102
                                                                  Fax: 816-426-7080
                                                                  Email: david.ketchmark@usdoj.gov
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/25/2006 | 1 | MOTION to appoint counsel *for proceedings pursuant to 28 U.S.C. 2255 and 18 U.S.C. 3599(a)(2)* filed by Frederick A Duchardt, Jr. on behalf of Wesley Ira Purkey. (Please note that this document was originally filed in criminal case 01-308-01-CR-W-FJG on November 25, 2006.) (Jones, Robin) (Entered: 12/12/2006) |
| 12/18/2006 | 2 | ORDER granting 1 movant's motion to appoint counsel - Appointed Gary E. Brotherton for Wesley Ira Purkey and Teresa L. Norris of Columbia, South |

Ex_15-001177

| | | Carolnia. Signed by Judge Fernando J. Gaitan Jr. on 12/18/06. (Enss, Rhonda) (Entered: 12/18/2006) |
|---|---|---|
| 12/18/2006 | 3 | MOTION for attorney fees *and for interim billing* filed by Gary E. Brotherton on behalf of Wesley Ira PurkeySuggestions in opposition/response due by 1/2/2007 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 12/18/2006) |
| 12/18/2006 | 4 | Motion to allow Teresa Norris to appear pro hac vice (Pro Hac fee $50 receipt number 1410547) filed by Gary E. Brotherton on behalf of Wesley Ira Purkey (Brotherton, Gary) (Entered: 12/18/2006) |
| 12/19/2006 | 5 | ORDER granting 4 motion to appear pro hac vice approved by Clerk of Court. Attorney Teresa L Norris for Wesley Ira Purkey allowed to appear pro hac vice. This is a text only entry and will serve as authorization for the pro hac participation by the attorney. No document is attached. (Jones, Robin) (Entered: 12/19/2006) |
| 01/22/2007 | 6 | ORDER granting 3 movant's motion regarding billing procedures, setting hourly rate and to permit billing to commence as of 10/16/06, and for interim billing. Signed by Judge Fernando J. Gaitan Jr. on 1/22/07. (Enss, Rhonda) (Entered: 01/22/2007) |
| 02/14/2007 | 7 | PRO SE MOTION to withdraw attorney and PRO SE MOTION for order *for execution date to be set* filed by Wesley Ira Purkey. Suggestions in opposition/response due by 3/1/2007 unless otherwise directed by the court. (Jones, Robin) (Entered: 02/16/2007) |
| 03/01/2007 | 8 | MOTION to withdraw document 7 MOTION to withdraw as attorney MOTION for order for execution date to be set. filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 3/16/2007 unless otherwise directed by the court. (Attachments: # 1 Affidavit Pro Se Declaration)(Related document(s) 7 ) (Brotherton, Gary) (Entered: 03/01/2007) |
| 04/30/2007 | 11 | ORDER granting 8 movant's motion to withdraw 7 movant's pro se motion to withdraw habeas counsel and for execution date to be set. Signed by Judge Fernando J. Gaitan Jr. on 4/30/07. (Enss, Rhonda) (Entered: 04/30/2007) |
| 07/30/2007 | 22 | MOTION for discovery filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 8/16/2007 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 07/30/2007) |
| 08/09/2007 | 23 | SUGGESTIONS in opposition re 22 MOTION for discovery filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 8/24/2007 unless otherwise directed by the court (Related document(s) 22 ) (Whitworth, Matt) (Entered: 08/09/2007) |
| 08/22/2007 | 26 | REPLY SUGGESTIONS re 22 MOTION for discovery *Reply Suggestions in Support of Motion for Discovery* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. (Brotherton, Gary) Modified on 8/23/2007 to correct event title and remove response deadline (Jones, Robin). (Entered: 08/22/2007) |
| 08/23/2007 | | |

Ex_15-001178

| | | |
|---|---|---|
| | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on August 22, 2007 as Document No. 26, Reply MOTION for discovery. The docket text was correct to REPLY SUGGESTIONS re 22 Motion for Discovery. The response deadline was removed from the entry. (Related Document 26 ) This is a text entry only - no document is attached. (Jones, Robin) (Entered: 08/23/2007) |
| 08/24/2007 | 28 | **WITHDRAWN PER ORDER 38 FILED ON 9/19/2007.** MOTION for Order to withdraw habeas counsel(s) and seeking leave of the Court to proceed pro se (SEALED) filed by Wesley Ira Purkey. Suggestions in opposition/response due by 9/10/2007 unless otherwise directed by the court. (Kee, Georgia) Modified on 9/6/2007 to correct date of filing and deadline due date (Kee, Georgia). Modified on 9/20/2007 to reflect motion was withdrawn (Jones, Robin). (Entered: 09/06/2007) |
| 09/06/2007 | 29 | ORDER granting in part and denying in part 22 movant's motion for leave to conduct discovery. Signed by Judge Fernando J. Gaitan Jr. on 9/6/07. (Enss, Rhonda) (Entered: 09/06/2007) |
| 09/10/2007 | 31 | MOTION for extension of time *to File Response to Movant's Pro Se Motion to Remove Habeas Counsel and to Proceed Pro Se* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 9/27/2007 unless otherwise directed by the court. (Brotherton, Gary) Modified on 9/19/2007 to reflect motion moot (see #33 & #38) (Enss, Rhonda). (Entered: 09/10/2007) |
| 09/11/2007 | 32 | **WITHDRAWN PER ORDER 38 FILED ON 9/19/2007.** PRO SE MOTION to withdraw habeas attorneys and for leave to proceed pro se filed by Wesley Ira Purkey. Suggestions in opposition/response due by 9/27/2007 unless otherwise directed by the court. (Jones, Robin) Modified on 9/20/2007 to reflect motion was withdrawn (Jones, Robin). (Entered: 09/12/2007) |
| 09/17/2007 | 33 | SUGGESTIONS in opposition re 32 MOTION to withdraw as attorney, 28 MOTION for Order (SEALED) MOTION for Order (SEALED) filed by Teresa L. Norris on behalf of Movant Wesley Ira Purkey. Reply suggestions due by 10/4/2007 unless otherwise directed by the court (Attachments: # 1 Exhibit Report of Stephen Peterson, M.D., June 29, 2007)(Related document(s) 32 , 28 ) (Norris, Teresa) (Entered: 09/17/2007) |
| 09/18/2007 | 34 | MOTION to withdraw document *28 and document 32* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/4/2007 unless otherwise directed by the court. (Attachments: # 1 Exhibit Movant's Motion to Witdraw Pro Se Motions to Remove Counsel) (Brotherton, Gary) (Entered: 09/18/2007) |
| 09/19/2007 | 38 | ORDER granting 34 motion to withdraw documents and withdrawing 28 and 32 movant's motions to withdraw habeas counsel and seeking leave to proceed pro se. Signed by Judge Fernando J. Gaitan Jr. on 9/19/07. (Enss, Rhonda) (Entered: 09/19/2007) |
| 09/28/2007 | 41 | MOTION to compel *discovery* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/15/2007 |

Ex_15-001179

| | | unless otherwise directed by the court. (Brotherton, Gary) (Entered: 09/28/2007) |
|---|---|---|
| 10/01/2007 | 42 | RESPONSE to motion re 41 MOTION to compel *discovery* filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 10/18/2007 unless otherwise directed by the court (Related document(s) 41 ) (Whitworth, Matt) (Entered: 10/01/2007) |
| 10/01/2007 | 44 | MOTION to compel *Necessary and Essential Psychiatric Treatment* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/18/2007 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 Dr Peterson's CV# 2 Exhibit 2 Treatment Recommendations of Dr Peterson# 3 Exhibit 3 ACLU letter to BOP# 4 Exhibit 4 7-5-07 Letter to Dr Webster# 5 Exhibit 5 Purkey - Medical Request# 6 Exhibit 6 Telepsychiatry Consultation Report (October 12, 2004))(Brotherton, Gary) (Entered: 10/01/2007) |
| 10/02/2007 | 45 | ORDER granting in part and denying in part 41 movant's motion to compel. The Court will DENY the Motion to Compel. However, if the documents are not produced in time for counsel to make meaningful use of them, counsel may file a Motion to Amend the § 2255 petition to include any necessary facts or issues obtained after the discovery is produced. Signed by Judge Fernando J. Gaitan Jr. on 10/2/07. (Enss, Rhonda) (Entered: 10/02/2007) |
| 10/16/2007 | 47 | MOTION to vacate, set aside or correct sentence (2255) filed by Teresa L. Norris on behalf of Wesley Ira Purkey. (Attachments: # 1 Exhibit Laura O'Sullivan Declaration# 2 Exhibit Speakman 302 (11/28/01)# 3 Exhibit Speakman Letter (11/25/02)# 4 Exhibit Consolidated Witness List# 5 Exhibit O'Sullivan Notes# 6 Exhibit Proposed Budget# 7 Exhibit Ex Parte Request #3 (Cunningham)# 8 Exhibit Duchardt Summary of Records# 9 Exhibit To Do List# 10 Exhibit Letter from Cunningham (12-19-02)# 11 Exhibit Mark Cunningham, Ph.D., Declaration# 12 Exhibit Ex Parte Motion (Armstrong)# 13 Exhibit Ex Parte Motion (Peterson)# 14 Exhibit Ex Parte Motion (Cunningham)# 15 Exhibit Stephen Peterson, M.D., Declaration# 16 Exhibit Gary Hamilton Declaration# 17 Exhibit Oregon Dep't of Corrections Records# 18 Exhibit Rex Newton, Ph.D., Declaration# 19 Exhibit Wes Purkey Letter (8-7-03)# 20 Exhibit Floyd Bose Declaration# 21 Exhibit Dion Leiker Declaration# 22 Exhibit Peterson Report (4-19-00)# 23 Exhibit Peterson Report (8-13-03)# 24 Exhibit Brunell Notes of Speakman (11-2-01)# 25 Exhibit Sam Hoffmeier Declaration)(Norris, Teresa) (Entered: 10/16/2007) |
| 10/16/2007 | 48 | MOTION for leave to file *a Memorandum of Law in Support of the 2255 Motion* filed by Teresa L. Norris on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 11/1/2007 unless otherwise directed by the court. (Norris, Teresa) (Entered: 10/16/2007) |
| 11/02/2007 | 49 | ORDER granting 48 movant's motion for leave to file memorandum of law in support of his 2255 motion. Movant shall file his Memorandum of Law on or before Friday November 30, 2007. The Government shall file Suggestions in Opposition on or before Friday, January 4, 2008 and Movant shall file Reply Suggestions on or before Monday February 4, 2008. Signed by Judge Fernando J. Gaitan Jr. on 11/2/07. (Enss, Rhonda) (Entered: 11/02/2007) |

Ex_15-001180

| 11/30/2007 | 52 | SUGGESTIONS in support re 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Teresa L. Norris on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit Cornelius Peoples Declaration# 2 Exhibit Melvin Lister Declaration# 3 Exhibit Margaret Noe Declaration# 4 Exhibit Evette Noe Declaration)(Related document(s) 47 ) (Norris, Teresa) (Entered: 11/30/2007) |
|---|---|---|
| 12/04/2007 | 53 | ORDER re 44 MOTION to compel *Necessary and Essential Psychiatric Treatment* filed by Wesley Ira Purkey. Government to file response to motion by by 12/10/2007. Signed by Judge Fernando J. Gaitan Jr. on 12/4/07. (Enss, Rhonda) (Entered: 12/04/2007) |
| 12/07/2007 | 54 | SUGGESTIONS in opposition re 44 MOTION to compel *Necessary and Essential Psychiatric Treatment* filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 12/24/2007 unless otherwise directed by the court (Attachments: # 1)(Related document(s) 44 ) (Whitworth, Matt) (Entered: 12/07/2007) |
| 12/14/2007 | 57 | THIRD PRO SE MOTION to withdraw habeas counsel and for leave to proceed either pro se and/or to be appointed as co-counsel filed by Wesley Ira Purkey. Suggestions in opposition/response due by 12/31/2007 unless otherwise directed by the court. (Jones, Robin) (Entered: 12/18/2007) |
| 12/19/2007 | 58 | MOTION for extension of time to file response/reply as to 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 1/3/2008 unless otherwise directed by the court. (Related document(s) 47 ) (Whitworth, Matt) (Entered: 12/19/2007) |
| 12/20/2007 | 59 | MOTION to withdraw document 57 MOTION to withdraw as attorney filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 1/7/2008 unless otherwise directed by the court. (Attachments: # 1 Exhibit Pro se request to nullify Doc 57)(Related document(s) 57 ) (Brotherton, Gary) (Entered: 12/20/2007) |
| 01/03/2008 | 60 | MOTION for order Requiring Trial Consel, Mr. Fred Duchardt, to Prepare an Affidavit in Response to Purkey's Allegations of Ineffective Assistance of Counsel Filed Pursuant to Title 28, U.S. Code Section 2255 filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 1/18/2008 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Whitworth, Matt) (Entered: 01/03/2008) |
| 02/01/2008 | 62 | ORDER denying 44 motion to compel BOP to provide Purkey w/necessary and essential psychiatric treatment; striking 57 pro se motion to withdraw habeas counsel; granting 58 government's motion for extension of time to 3/4/08 to file response to 2255 motion (unless otherwise ordered by the court; granting 59 motion to withdraw pro se motion to withdraw habeas counsel; and granting |

Ex_15-001181

| | | |
|---|---|---|
| | | 60 motion for order requiring trial counsel to prepare affidavit. Court orders Mr. Duchardt to prepare an affidavit in response to Purkey's allegations of ineffective assistance of counsel. Signed by Chief District Judge Fernando J. Gaitan, Jr on 2/1/08. (Enss, Rhonda) (Entered: 02/01/2008) |
| 03/03/2008 | 64 | MOTION for extension of time to file response/reply as to 52 Suggestions in Support of Motion,, filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 3/18/2008 unless otherwise directed by the court. (Related document(s) 52 ) (Whitworth, Matt) (Entered: 03/03/2008) |
| 03/05/2008 | 65 | ORDER granting 64 government's second motion for extension of time to file response to 2255 motion. Suggestions in opposition/response due 4/18/2008 unless otherwise directed by the court. (TEXT ENTRY ONLY - NO DOCUMENT ATTACHED.) Signed by Chief District Judge Fernando J. Gaitan, Jr on 3/5/08. (Enss, Rhonda) (Entered: 03/05/2008) |
| 03/20/2008 | 66 | MOTION for discovery *pursuant to 9/6/2007 Court Order* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 4/4/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 03/20/2008) |
| 03/24/2008 | 67 | SUGGESTIONS in opposition re 66 MOTION for discovery *pursuant to 9/6/2007 Court Order* filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 4/8/2008 unless otherwise directed by the court (Related document(s) 66 ) (Whitworth, Matt) (Entered: 03/24/2008) |
| 04/11/2008 | 68 | MOTION for extension of time to file response/reply as to 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 4/28/2008 unless otherwise directed by the court. (Related document(s) 52 , 47 ) (Whitworth, Matt) (Entered: 04/11/2008) |
| 04/18/2008 | 69 | ORDER granting 68 government's third motion for extension of time to file response to 47 movant's Motion to Vacate/Set Aside/Correct Sentence (2255).Suggestions in opposition/response due 5/19/2008 unless otherwise directed by the court. **NO FURTHER EXTENSION OF THIS DEADLINE WILL BE GRANTED.** (TEXT ENTRY ONLY - NO DOCUMENT ATTACHED.) Signed by Chief District Judge Fernando J. Gaitan, Jr on 4/18/08. (Enss, Rhonda) (Entered: 04/18/2008) |
| 05/12/2008 | 70 | ORDER denying 66 movant's motion to compel. Signed by Chief District Judge Fernando J. Gaitan, Jr on 5/12/08. (Enss, Rhonda) (Entered: 05/12/2008) |
| 05/19/2008 | 71 | MOTION for Order (SEALED) filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 6/3/2008 unless otherwise directed by the court. (Whitworth, Matt) (Entered: 05/19/2008) |
| | | |

Ex_15-001182

| 05/19/2008 | 72 | ORDER granting 71 government's Motion to File the Government's Response under seal. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 5/19/08. (Enss, Rhonda) (Entered: 05/19/2008) |
| 05/20/2008 | 73 | SUGGESTIONS in opposition (SEALED) re 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 6/4/2008 unless otherwise directed by the court (Attachments: # 1 Exhibit A)(Related document(s) 47 ) (Whitworth, Matt) (Entered: 05/20/2008) |
| 05/23/2008 | 74 | MOTION for extension of time to file response/reply filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 6/9/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 05/23/2008) |
| 05/27/2008 | 75 | MOTION to seal document filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 6/11/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 05/27/2008) |
| 05/29/2008 | 76 | ORDER granting 74 movant's motion for extension of time until 8/15/08 to file reply to movant's 2255 motion unless otherwise directed by the court; and granting 75 movant's motion to seal objections to Exhibit A to government's opposition to 2255 motion. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 5/29/08. (Enss, Rhonda) (Entered: 05/29/2008) |
| 05/29/2008 | 77 | NOTICE (SEALED) by Wesley Ira Purkey re 73 Suggestions in Opposition to Motion (Sealed), Suggestions in Opposition to Motion (Sealed), Suggestions in Opposition to Motion (Sealed) *Notice of Objections to Ex. A* (Brotherton, Gary) (Entered: 05/29/2008) |
| 08/06/2008 | 78 | MOTION for extension of time to file response/reply filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 8/21/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 08/06/2008) |
| 08/07/2008 | 79 | ORDER granting 78 movant's motion for extension of time to file reply to motion to vacate. Reply suggestions due 9/15/2008 unless otherwise directed by the court. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 8/7/08. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 08/07/2008) |
| 09/10/2008 | 80 | MOTION to seal document *Movant's Reply and Movant's Motion to Strike* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 9/25/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 09/10/2008) |
| 09/11/2008 | 81 | ORDER granting 80 movant's motion to file reply to movant's 2255 motion and a motion to strike under seal. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 9/11/08. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 09/11/2008) |

Ex_15-001183

| 09/15/2008 | 82 | REPLY SUGGESTIONS to motion (Sealed) re 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) *Reply to Government's Response to Movant's 2255 Motion* filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Related document(s) 47 ) (Brotherton, Gary) (Entered: 09/15/2008) |
| --- | --- | --- |
| 09/15/2008 | 83 | MOTION for Order (SEALED) *Strike Statement of Frederick A. Duchardt, Jr.* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 9/30/2008 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Brotherton, Gary) (Entered: 09/15/2008) |
| 10/07/2008 | 84 | MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/22/2008 unless otherwise directed by the court. (Related document(s) 82 , 52 , 47 ) (Brotherton, Gary) (Entered: 10/07/2008) |
| 10/16/2008 | 85 | SUGGESTIONS in opposition re 84 MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 10/31/2008 unless otherwise directed by the court (Related document(s) 84 ) (Whitworth, Matt) (Entered: 10/16/2008) |
| 10/27/2008 | 86 | REPLY SUGGESTIONS to motion re 84 MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to |

Ex_15-001184

| | | |
|---|---|---|
| | | Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit 1 Opinon in Nelson v USA, # 2 Exhibit 2 Email from AUSA)(Related document(s) 84 ) (Brotherton, Gary) (Entered: 10/27/2008) |
| 12/01/2008 | 87 | MOTION for leave to file *a late response to Purkey's motion to strike statement of Frederick A. Duchardt Jr.* filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 12/16/2008 unless otherwise directed by the court. (Whitworth, Matt) (Entered: 12/01/2008) |
| 12/01/2008 | 88 | SUGGESTIONS in opposition re 87 MOTION for leave to file *a late response to Purkey's motion to strike statement of Frederick A. Duchardt Jr.* filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. Reply suggestions due by 12/16/2008 unless otherwise directed by the court (Brotherton, Gary) (Entered: 12/01/2008) |
| 09/29/2009 | 89 | ORDER DENYING movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 47 ; DENYING the Motion to Strike the Statement of Frederick A. Duchardt, Jr. 83 ; DENYING the Motion to Set Matter for an Evidentiary Hearing 84 ; and DENYING AS MOOT the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. 87 .Signed by Chief District Judge Fernando J. Gaitan, Jr. on 9/29/09. (Enss, Rhonda) (Entered: 09/29/2009) |
| 09/29/2009 | 90 | CLERK'S JUDGMENT (Enss, Rhonda). (Entered: 09/29/2009) |
| 10/13/2009 | 91 | MOTION to alter judgment filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/28/2009 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 10/13/2009) |
| 10/28/2009 | 92 | MOTION for extension of time to file response/reply *to Motion to Alter or Amend Judgment 91* filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 11/12/2009 unless otherwise directed by the court. (Whitworth, Matt) Modified on 10/29/2009 to add link (Rowland, Bonnie). (Entered: 10/28/2009) |
| 10/29/2009 | 93 | ORDER granting 92 government's motion for extension of time to file response to 91 movant's motion to alter judgment. Suggestions in opposition/response now due 11/12/2009 unless otherwise directed by the court. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 10/29/09. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 10/29/2009) |
| 11/12/2009 | 94 | SUGGESTIONS in opposition re 91 MOTION to alter judgment filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 11/27/2009 unless otherwise directed by the court (Related document(s) 91 ) (Whitworth, Matt) (Entered: 11/12/2009) |
| 11/13/2009 | 95 | |

Ex_15-001185

| | | NOTICE of appearance by Kathleen D Mahoney on behalf of United States of America (Mahoney, Kathleen) (Entered: 11/13/2009) |
|---|---|---|
| 11/13/2009 | 96 | NOTICE of appearance by David M Ketchmark on behalf of United States of America (Ketchmark, David) (Entered: 11/13/2009) |
| 11/19/2009 | 97 | MOTION for extension of time to file response/reply as to 94 Suggestions in Opposition to Motion, filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 12/4/2009 unless otherwise directed by the court. (Related document(s) 94 ) (Brotherton, Gary) (Entered: 11/19/2009) |
| 11/20/2009 | 98 | ORDER granting 97 movant's motion for extension of time to file reply to 91 movant's MOTION to alter judgment. Reply suggestions now due 12/14/2009 unless otherwise directed by the court. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 11/20/09. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 11/20/2009) |
| 12/02/2009 | 99 | MOTION for order to withdraw Habeas proceedings and for the Court to set an expedious execution date filed by Wesley Ira Purkey. Suggestions in opposition/response due by 12/21/2009 unless otherwise directed by the court. (Beard, Melanie) (Entered: 12/07/2009) |
| 12/07/2009 | 100 | SUGGESTIONS in opposition re 99 MOTION for order to withdraw Habeas proceedings and for the Court to set an expedious execution date filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. Reply suggestions due by 12/24/2009 unless otherwise directed by the court (Related document(s) 99 ) (Brotherton, Gary) (Entered: 12/07/2009) |
| 12/14/2009 | 101 | REPLY SUGGESTIONS to motion re 91 MOTION to alter judgment filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit Nelson v. USA)(Related document(s) 91 ) (Brotherton, Gary) (Entered: 12/14/2009) |
| 12/22/2009 | 102 | ORDER denying 91 movant's motion to alter judgment and granting movant's Motion to Withdraw 100 and movant's Pro Se Motion 99 is WITHDRAWN. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 12/22/09. (Enss, Rhonda) (Entered: 12/22/2009) |
| 01/27/2010 | 103 | MOTION to withdraw as attorney *Matt J. Whitworth* filed by Phillip Eugene Porter on behalf of United States of America. Suggestions in opposition/response due by 2/16/2010 unless otherwise directed by the court. (Porter, Phillip) (Entered: 01/27/2010) |
| 02/10/2010 | 104 | ORDER granting 103 motion to withdraw as attorney. Attorney Matt Jeffrey Whitworth terminated as counsel for respondent. Signed on 2/10/10 by Chief District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 02/10/2010) |
| 02/11/2010 | 105 | MOTION for extension of time *to file Notice of Appeal and Certificate of Appealability* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 3/1/2010 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 02/11/2010) |

Ex_15-001186

| 02/19/2010 | 106 | ORDER granting 105 movant's motion for extension of time to 03/24/10 to file notice of appeal and certificate of appealability. Signed on 2/19/10 by Chief District Judge Fernando J. Gaitan, Jr. (Enss, Rhonda) (Entered: 02/19/2010) |
|---|---|---|
| 03/24/2010 | 107 | MOTION for certificate of appealability filed by Teresa L. Norris on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 4/12/2010 unless otherwise directed by the court. (Attachments: # 1 Appendix)(Norris, Teresa) (Entered: 03/24/2010) |
| 03/24/2010 | 108 | NOTICE OF APPEAL as to 102 Order on Motion to Alter Judgment, Order on Motion for Miscellaneous Relief, 89 Order, by Wesley Ira Purkey. (Norris, Teresa) (Entered: 03/24/2010) |
| 03/31/2010 | 109 | MOTION for extension of time to file response/reply as to 107 MOTION for certificate of appealability filed by Kathleen D Mahoney on behalf of United States of America. Suggestions in opposition/response due by 4/19/2010 unless otherwise directed by the court. (Related document(s) 107 ) (Mahoney, Kathleen) (Entered: 03/31/2010) |
| 04/02/2010 | 110 | ORDER granting 109 respondent's motion for extension of time to file response to 107 movant's MOTION for certificate of appealability. Suggestions in opposition/response now due 5/12/2010 unless otherwise directed by the court. Signed on 4/2/10 by Chief District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 04/02/2010) |
| 05/11/2010 | 111 | SUGGESTIONS in opposition re 107 MOTION for certificate of appealability filed by Kathleen D Mahoney on behalf of Respondent United States of America. Reply suggestions due by 5/28/2010 unless otherwise directed by the court (Related document(s) 107 ) (Mahoney, Kathleen) (Entered: 05/11/2010) |
| 05/25/2010 | 112 | MOTION for extension of time filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 6/11/2010 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 05/25/2010) |
| 05/26/2010 | 113 | ORDER granting 112 movant's unopposed motion for extension of time to file reply to motion for certificate of appealabilty. Reply suggestions now due 6/18/2010 unless otherwise directed by the court. Signed on 5/26/10 by Chief District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 05/26/2010) |
| 06/18/2010 | 114 | REPLY SUGGESTIONS to motion re 107 MOTION for certificate of appealability filed by Teresa L. Norris on behalf of Movant Wesley Ira Purkey. (Related document(s) 107 ) (Norris, Teresa) (Entered: 06/18/2010) |
| 10/28/2010 | 115 | ORDER denying 107 Purkey's motion for certificate of appealability. Signed on 10/28/10 by Chief District Judge Fernando J. Gaitan, Jr. (Enss, Rhonda) (Entered: 10/28/2010) |
| 10/28/2010 | 116 | CLERK'S JUDGMENT (Enss, Rhonda). (Entered: 10/28/2010) |
| 11/01/2010 | 117 | |

Ex_15-001187

| | | |
|---|---|---|
| | | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 108 Notice of Appeal, 107 MOTION for certificate of appealability. (Crespo, Wil) (Entered: 11/01/2010) |
| 11/05/2010 | 118 | USCA Case Number from 8th Circuit Court of Appeals is 10-3462 for 108 Notice of Appeal filed by Wesley Ira Purkey, 107 MOTION for certificate of appealability filed by Wesley Ira Purkey. (Crespo, Wil) (Entered: 11/05/2010) |
| 09/06/2013 | 120 | USCA Judgment and/or Opinion as to 108 Notice of Appeal filed by Wesley Ira Purkey, 107 MOTION for certificate of appealability filed by Wesley Ira Purkey **This is a preliminary judgment and/or opinion of U.S. Court of Appeals; jurisdiction is not recovered until the Mandate is issued by the U.S Court of Appeals. It is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in accordance with the opinion of this Court.** (Attachments: # 1 Opinion)(Crespo, Wil) (Entered: 09/06/2013) |
| 12/26/2013 | 121 | MANDATE of US COURT OF APPEALS as to 108 Notice of Appeal filed by Wesley Ira Purkey, 107 MOTION for certificate of appealability filed by Wesley Ira Purkey with mandate issued on 12/26/13. (Crespo, Wil) (Entered: 12/26/2013) |
| 06/09/2014 | | WRIT OF CERTIORARI Petition filed on 4/16/14. 8th Circuit Court of Appeals Case Number: 10-3462. This is a text entry only. There is no document attached. (Crespo, Wil) (Entered: 06/09/2014) |
| 12/17/2014 | | WRIT OF CERTIORARI Denied. 8th Circuit Court of Appeals Case Number: 10-3462. Supreme Court Case Number: 13-9783. Order dated 10/14/14. (Crespo, Wil) (Entered: 12/17/2014) |
| 01/21/2015 | 122 | MOTION to clarify *order to seal (Doc. 72)* filed by Frederick A Duchardt, Jr on behalf of Frederick A. Duchardt, Jr. Suggestions in opposition/response due by 2/9/2015 unless otherwise directed by the court. (Attorney Frederick A Duchardt, Jr added to party Frederick A. Duchardt, Jr(pty:intp))(Duchardt, Frederick) (Entered: 01/21/2015) |
| 01/22/2015 | 123 | ORDER granting 122 motion for clarification. Clerk to mail copy of #72 and this order to Arthur Benson. (Copy of this order and #72 sent by regular mail to Arthur Benson at address indicated in order.) Signed on 1/22/15 by District Judge Fernando J. Gaitan, Jr. (Enss, Rhonda) (Entered: 01/22/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/04/2015 07:37:08 | | |
| **PACER Login:** | pd0045:2612486:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:06-cv-08001-FJG |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

Ex_15-001188

| Date of Filing | Bates | Title of Pleading | Where Filed | Nature of Claims | Disposition |
|---|---|---|---|---|---|
| 4/8/96 | | Wesley I. Purkey vs. Charles Simmons (KS Sec'y of Corr) et al (3:96-cv-3175) - docket report | U.S. District Court for the District of Kansas | unavailable | IFP motion granted; motion by plaintiff for TRO filed (no apparent ruling); dismissed w/o prejudice 4/16/96 |
| 11/15/1996 | | Wesley I. Purkey vs. Charles Simmons et al (3:96-cv-3548) - docket report | U.S. District Court for the District of Kansas | unavailable | IFP motion denied, Plaintiff req'd to pay $120 filing fee; plaintiff's mot for TRO denied; dismissed for failure to comply with court order to pay filing fee |
| 11/9/1999 | | Wesley I. Purkey vs. LeRoy Green (Sheriff Wyandotte County, KS) et al (5:99-cv-3356) (handwritten) | U.S. District Court for the District of Kansas | Section 1983 civil rights complaint alleging constitutional violations while in custody awaiting trial for Bales homicide<br><br>Claim that on "11/1/98" "While being held pretrial detention plaintiff alleged that a sheriff officer/deputy did assault him, whereas the sought medical treatment. Medical treatment was perfunctory and in essence was denied. The following day the officer who allegedly assaulted the plaintiff did incite other inmates (black) against the plaintiff in retaliation for plaintiff's redress of the Dec 1st 1998 alleged assault."<br><br>After initiating grievances, "Plaintiff was summarily placed in disciplinary segregation after the incitement of other inmate by Officer Davis and remained there for approximately (45) days. Thereafter, plaintiff was transferred to Larned State Hospital, for a court ordered competency evaluation. Certain medications and medical recommendations were ordered by a resident physician, whereas Wynco refused to comply with said recommendation for a 'Tumor Biopsy' and did cancel medication perscribed for the plaintiff by LSH medical staff shortly after his transfer back."<br><br>"Further denial of medical treatment was afforded when a Wynco nurse refused to comply with Dr. Gambles order's to provide the plaintiff with orthopedic shoes that he was given at LSH."<br><br>". . . the plaintiff was reviewing the s 1983 Civil Complaint and | IFP motion granted; complaint dismissed 6/23/2000 for failure to state a claim for relief; remanded by 10th Cir. on appeal (Case No. 00-3218) 9/12/2001 on claims of deliberate indifference to serious medical needs; 8th Amendment excessive force claim; First Amendment retaliation claims<br><br>On remand, case consolidated with 5:01-cv-3134 (see below) - Wes represented by attorney at one point; attorney allowed to withdraw 12/1/2004; summary judgment granted to defendants |

Ex_15-001189

| | | | | | |
|---|---|---|---|---|---|
| | | | | did leave it on his desk along with all exhibits and other attachments laying on his desk. Plaintiff did leave his cell - E-Pod, 5th floor to attend Bible study on the 3rd floor from 7-8 a.m. Returning to E-Pod-1 after bible study at approximately 8:10 a.m. plaintiff did find his Civil Right Complaint and attachments, toren up in pieces lying on his cell floor."<br><br>"The Plaintiff has repeatedly and consistently been denied legal materials and/or has been threatened by Defendant(s) . . . with disciplinary for allegedly for abuse of the legal procedures to secure legal materials." | |
| 6/14/2000 | | Wesley I. Purkey vs. David McKune (Warden, Lansing Corr Facility) et al (5:00-cv-3218) | U.S. District Court for the District of Kansas | 1983 civil rights complaint<br><br>"That contrary to the contentions by Defendant McKune in his response to plaintiff's grievance, "plaintiff was not give a bed/roll upon arriving at LCF. Defendant McKune cites' a institutional tacit policy stating that the plaintiff had received a hygience packet along with his bed/roll when arriving at LCF. . . Defendant McKune did not address the denial of plaintiff's eyeglasses in disciplinary segregation in this response." | Court grants plaintiff's motion to dismiss case w/o prejudice on 9/5/2000 (Wes filed both a motion to dismiss and a motion to withdraw the action before the court order of dismissal) |
| 10/10/2000 | | Wesley I. Purkey vs. Charles Simmons et al (5:00-cv-3380) | U.S. District Court for the District of Kansas | unavailable | Court granted IFP motion; denied Wes's motion for appt of counsel; dismissed on 8/1/2001 for failure to state a claim on which relief can be granted; Judgment affirmed on appeal to 10th Cir. (No. 01-3269) 1/30/2002 |
| 1/16/2001 | | Wesley I. Purkey vs. David McKune et al (5:01-cv-3019) | U.S. District Court for the District of Kansas | 1983 civil rights complaint<br><br>alleging "'unnecessary and wanton infliction of pain and suffering' through serious deprivation of minimal civilized measures of lifes' necessities and for being subjct to degrading, unsanitary, abusive and life threatening conditions while confined in the Segregation Unit at Lansing Correctional Facility in violation of the Eighth Amendment to the United States Constitution; for issuance of 'improper motive' disciplinary action in effort to conceal Eighth Amendment violations, and for being deprived of all property in | (NOTE: Wes was transferred to CCA in Leavenworth; and also went to Springfield and Rochester for competency and MH evaluations in his capital case during the pendency of this lawsuit)<br><br>On 6/3/2003, Court dismissed Wes's claims alleging denial of access to the courts, failure to provide adequate cleaning supplies, clean clothing and bedding in the segregation unit, but ordered responsive pleading regarding conditions of confinement constitutional claims; Wes's motion to alter judgment was granted on |

Ex_15-001190

| Date | | Case | Court | Complaint | Status |
|---|---|---|---|---|---|
| | | | | the segregation unit in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and that defendants deliberately and maliciously denied plaintiff access to the courts' through denying him legal materials in the segregation unit, including law books from the prison law library, and to purchase law books at his own expense while in the segregation unit in violation of the First, Sixth and Fourteenth Amendments to the United States Constitution."<br><br>"Plaintiff contends that the defendants acted maliciously and sadistically for the very purpose of causing harm when forcing plaintiff to dwell for three (3) days in a **flooded, isolated Boxcar Cell, without ventilation, where temperatures reached over one hundred and twenty degrees, without water to drink or to wash with, or for flushing the cell's toilet which omitted strong over powering foul odors in the stagnate conditions.** The plaintiffs request for water to drink, for cleaning supplies, for cups and toilet paper, and to be allowed some fresh air went **totally ignored by the defendants.**" | 12/24/2003; attorney entered on Wes's behalf on 3/8/2004; Motion to Appoint Counsel filed by Wes on 7/26/2004, granted 9/16/2004; Court granted in part and denied in part defendants motion to dismiss on 10/26/2004 (see *Purkey v. McKune*, 2004 WL 2413455 (D.Kan. 2004)<br><br>Rule 59(e) motion for reconsideration filed by Wes 11/10/2004; counsel appointed 12/23/04 (Scott Schactman from Sly James' office); motion for reconsideration denied 1/11/2005 (see *Purkey v. McKune*, 2005 WL 61497 (D. Kan. 2005). |
| 4/11/2001 | | Wesley I. Purkey v. LeRoy Green et al (5:01-cv-3134) (consolidated with 5:99-cv-3356 on 2/10/2004) | U.S. District Court for the District of Kansas | 1983 civil rights complaint<br><br>"arbitrarily placing him in solitary confinement without affording him procedural due process requirements under law; and that he suffered 'unnecessary and wanton infliction of pain and suffering' when forced to dwell under inhumane, unsanitary, degrading and filthy conditions, and that he suffered serious deprivations of minimal civilized measures of life's necessities, denied means of personal cleanliness and basic elements of personal hygiene, and that he was forced to shower while in restraints of handcuffs showing deliberate indifference to his personal safety in conjunction with solitary confinement in violation of the Fourteenth Amendment to the United States Constitution." | Summary judgment granted to defendants, cross-motion for summary judgment by plaintiff denied on 2/24/2005 (Wes had a lawyer appointed to represent him at one point in this lawsuit, but the lawyer was allowed to withdraw 12/1/2004)<br><br>Judgment affirmed on appeal (10th Cir. No. 05-3126) 2/27/2006 |

Ex_15-001191

| | | | | | |
|---|---|---|---|---|---|
| | | | | "Furthermore, the plaintiff avers that while in solitary confinement that jail officials censored his privileged mail to ABC 20/20, refused to mail said correspondence, destroying numerous irreplaceable and did so to eliminate unflattering and unwelcome criticism; and that jail officials denied him access to photocopying legal documents, to legal materials and law books in retaliation for his filing of administrative grievances and law suits in violation of First, Sixth and Fourteenth Amendments to the United States Constitution" | |
| 12/26/2006 | | Wesley I. Purkey v. State of Kansas (Petition for Writ of Habeas Corpus) (5:06-cv-3356) | U.S. District Court for the District of Kansas | Centers on poisoning issue and relevance to his mental state at time of Bales homicide and the failure of his prior attorneys (Albert Grauberger, Aline Pryor, and John Duma) to investigate the issue and hire toxicologist<br><br>"Because of a breakdown in communication between petitioner and Mr. Grauberger he was permitted to withdraw, and Aline Pryor was appointed to represent Purkey"<br><br>"Because Ms. Pryor would not pursue questioning of Mrs. Purkey's contradictions and incoherent statements during the taking of the deposition, refused to depose petitioner's ex-wife, although evidence had been submitted that she and perhaps others with her had in fact subject petitioner to mind altering drugs she refused to depose her. Based on these irreconcilable differences, Ms. Pryor was allowed to withdraw and John Duma was appointed" | Dismissed as time-barred under 2244(d)(1) 11/19/2007 |
| 4/19/2007 | | Wesley I. Purkey v. Herre Watts (BOP Administrator), et al (2:07-cv-80) | U.S. District Court for the Southern District of Indiana | 1983 civil rights complaint, includes Kenneth Barrett and Lezmond Mitchell<br><br>"The plaintiffs' seek both declaratory judgment, and money damages to redress and remedy those constitutional proscriptions which include but are not limited to: 1) being denied access to courts' through a total meat ax abridgment of state law materials; 2) being denied religious worship services based on the pro capital | Court made finding of misjoinder of Barrett and Mitchell on 12/17/2007; order on 1/2/2008 modifying docket to reflect that Mr. Purkey is sole remaining plaintiff in this case<br><br>Wes filed motion to dismiss 1/25/2008; court dismissed w/o prejudice 1/28/2008 |

| | | | | | |
|---|---|---|---|---|---|
| | | | | punishment dogma of the Suprevising Chaplain; 3) being denied access to reading materials and other forms of information solely because of the plaintiffs' classification status; 4) being subject to a myriad of retaliatory actions including retaliatory disciplinary action on several different occasions, being subject to malicious' shakedowns of both cells' and library lockers, as well as having personal property illegally and unauthorized confiscated, and being subject to different implied threats of their meals being tainted for filing grievances and seeking redress of ligitimate issues through administrative processes, as well as for making complaints to different prison officials through correspondence and/or through person contact; 5) being subject to incessant and torturous noise which the defendants have and continue to show a deliberate indifference to; 6) being subject to arbitrary and selective enforcement of policies and regulations where all the plaintiff's have and continue to suffer sanctions of punitive nature for their alleged non/compliance with sub rosa policies created and geared toward death row prisoners." | |
| 4/24/2008 | | Wesley I. Purkey v. H.J. Marberry (Warden) et al. (2:08-cv-170) | U.S. District Court for the Southern District of Indiana | Bivens action<br><br>"(1) denial of access to the courts' through both the denial of access to State Law legal Materials, and through the unlawful confiscation of State Law Legal Materials by the defendants; (2) being subject to 'cruel and unusual punishment predicated on the conditions of confinement in Purkey's Special Confinement Unit ('SCU') housing in the Special Housing Unit ('SHU') building; and (3) being subject to a myriad of retaliatory actions taken against Purkey by the specific named defendants for utilization of redress through both BOP Administrative remedies, and for filing lawsuits on the behalf of other death row prisoners, as well as on his own behalf." | Dismissed on summary judgment against plaintiff 12/2/2009<br><br>affirmed on appeal by 7th Cir. 8/20/2010 (Appeal No. 09-4072) (Wes required to and paid $455 appellate fee) |
| 2/9/2009 | | Wesley I. Purkey v. H.J. Marberry et al. (2:09-cv- | U.S. District Court for the | Bivens action | Court denied IFP motion and requires Wes to pay $350 filing |

| | | | | | |
|---|---|---|---|---|---|
| | | 44) | Southern District of Indiana | "Purkey seeks redress and remedy through prospective relief, damages in the nature of both compensatory and punitive damages for denying him a religious diet consistent with his Buddhist faith, as well as through a protracted period serving him spoiled and rotten food items through a superfluous religious diet and then subjecting him to retaliatory actions for him seeking redress through the administrative grievance procedures for the denial of being provided a certified religious diet by punishing him with his punitive action for his fasting." | fee or case will be dismissed<br><br>Case dismissed on 3/26/09 for failure to prosecute<br><br>7th Cir. dismissed appeal on 2/19/2010 on Wes's motion to dismiss (Appeal No. 09-1843) |
| 10/6/2015 | | Wesley I. Purkey v. Charles A. Daniels (Warden) (2:15-cv-310) | U.S. District Court for the District of Indiana | Motion for Injunctive Relief (28 U.S.C. § 1331)<br><br>Alleging arbitrary exclusion of Wes from TRULINCS email system | Dismissed 10/9/2015 under 3 strikes (filing frivolous pleadings, abuse of process) |
| 11/12/2019 | | Wesley I. Purkey v. J.T. Watson (Warden) (2:19-cv-541) | U.S. District Court for the District of Indiana | IFP Motion for Purkey v. Barr (2:19-cv-517) | pending |
| 2/17/2017 | PS000106-108 | Wesley I. Purkey, Petitioner vs. United States of America, Respondent - Petition For A Writ of Mandamus To Relieve Purkey Of Coerced Counsel And For A Expeditious Execution Date To Be Scheluded (8th Cir. Case No. 17-1373) | Eighth Circuit Court of Appeals (Wes's petition captioned in U.S. District Court for the Western District of Missouri) | " 2. Present counsel was coerced on Purkey by the Eighth Circuit Court of Appeals after he sought to withdraw counsel and proceed prose under mandates set forth under Faretta."<br><br>"4. During Counsels' two and a hald years .appointment representing Purkey they have on multiple occasions speciously advised Purkey that other post con-viction petitions were being prepared for filing with the court. These multiple claims were specious at best because it claims always assured Purkey that such filing would be perpared and filed within a relative period of six to seven months. Ultimately' they claim that based on their work load that such filings have been put-off indefinitely.<br><br>"5. After United States Penitentiary, Terre Haute, Staff literally destroyed Purkey legal correspondence that he ahd provided to them for mailing, as well as being forced over the past two and a half years to destroyed over two-thirds of his legal materials anent his capital proceedings coerced counsel | Wes filed motion to dismiss 2/28/2017; dismissed 2/28/2017 |

| | | | | turned a blind eye to such destruction and malicious actions by USP/1H Officials advising Purkey that he needed to deal with these problems himself.<br><br>"6. Purkey has available himself of all administrative efforts to address these malicious actions by USP/TH Staff and continue to suffer a plight of retaliation for such efforts that coerced counsel has as well turned a deaf ear and blind eye to.<br><br>"Relief Requested: Based on the above facts and authority Purkey Request that the Court grant him the fundamental right to proceed in his capital proceedings, pro se being relieved of coerced counse, and for the court to schelude a expeditious execution date for him." | |
| 1/28/2019 | CORR000136-138 | Wesley I. Purkey, Petitioner - Petition for a Writ of Mandamus (handwritten) (appears to be unfiled) | United States Court of Appeals for the Eighth Circuit | " . . . to compel the United States District Court for the Western District of Missouri to Rule on and to grant Petitioner's Motion to "Expedite his Execution 'for reasons facts and authority set forth through his September 6th 2018 Motion filed with that Court"<br><br>Refers to "attached appendese [illegible] B" but no attachment | |
| 2/4/2019 | PS000092-99 | Letter to Michael Gans (Clerk of Eighth Circuit COA) enclosing handwritten Petition for a Writ of Mandamus dated 1/28/2019 (with attachments) (Case No. 19-1232) | United States Court of Appeals for the Eighth Circuit (filed) | Same as above, except there are two attachments: A "MOTION FOR THE COURT TO SET AN EXPEDITIOUS EXECUTIONS DATE" dated 9/6/2018 and a "Declaration Of Wesley I. Purkey Under Pains Of Perjury"<br><br>The declaration is focused on claims of BOP interference with legal calls with attorneys Woodman and Law; retaliation by BOP staff "because of my sedulous and assiduous filing of administrative remedies" and assisting other inmates in their filings; claims denial of Phase II status, messing with his laundry and moving him into feces-covered cell | Wes filed motion to withdraw 6/25/2019; voluntary dismissal granted 6/28/2019 |
| 5/13/2019 | PS000086-89 | Wesley I. Purkey, Petitioner vs J Watson, Warden, Respondent - Petition To Expedite Execution of Petitioner's Death Sentence Pursuant | United States District Court for the Southern District of Indiana | "requesting that the Court issue an order mandating the Respondent to expedite Purkey's sentence of death as warranted under law"<br><br>"no further appellate remedies are | Wes filed motion to withdraw 6/25/2019; dismissed by court 6/28/2019 (Judge Hanlon) |

| | | | | | |
|---|---|---|---|---|---|
| | | to 28 U.S.C. $ 2241(handwritten) (2:19-cv-230) | | available for Purkey to challenge the legality of his death sentence or conviction"<br><br>Under "Other Issues Germane" - lists denial of treatment for dementia, serious dental problems and broken dental plates, retaliation for filing grievances, denial of law library, and "a plethora of reprisals for Purkey addressing issues of his confinement and assisting other inmates with issues of their death row confinement"<br><br>"Other issues of Retaliation by SCU staff have been forcing Purkey to reside in feces covered cells' and/or inciting other inmates against Purkey, labeling him as a snitch." | |
| 7/26/2019 | PS000037-70 | Wesley I. Purkey v. Underwood (Asst. Warden) (2:19-cv-355) | U.S. District Court for the District of Indiana | Bivens action<br><br>Alleging 8th Amendment violations and under Federal Tort Claims Act (Wes had lawyer assistance in preparing this lawsuit - re dental care at BOP Terre Haute) | $400 filing fee paid; order appointing recruited counsel on 9/4/2019;<br><br>pending |
| 8/23/2019 | PS000073-75 | Wesley I. Purkey, Plaintiff vs. Underwood, Et Al. - Motion for Appointment of Counsel (2:19-cv-355) | United States District Court for the Southern District of Indiana | "4. The plaintiff has made sedulous efforts to obtain counsel on his own prior to filing this motion for appointment of counsel and such assiduous efforts ahve not found any counsel to represent him in this action. Attached to this motion are the names and addresses of attorneys' whom the plaintiff has contacted requested their representation in this action. Such affidavit is signed under declaration of perjury." (Declaration lists Rebecca Woodman, Michelle Law, George Kouros, Ruth Friedman, Gabe Eber/National Prison Project) | See above |
| 10/17/2019 | PS000027-36 | In re: Wesley I. Purkey/petitioner - Petition For A Writ Of Mandamus (19-3047) | United States Court of Appeals for the Seventh Circuit | asking the Court to "grant him this Petition For a Writ of Mandamus ordering that the United States District Court for the Southern District of Indiana, Judge James Patrick Hanlon accept and grant Purkey's Motion to proceed pro se in his own capital habeas proceedings, and to withdraw such pleadings." | Dismissed after telephonic hearing with district court 11/6/2019 where Wes indicated he wanted to proceed with counsel and his petition |
| 10/28/2019 | PS000001-21 | Wesley I. Purkey v. William Barr et al (2:19-cv-517) | United States District Court for the | Bivens action<br><br>" . . . for the defendants egregious | Mot for IFP filed by Wes 10/28/2019 asking for exception to three strikes rule; |

| | | | | Southern District of Indiana | violations of his rights of equal protection under the law in violation of tenets under the Fifth Amendment to the United States Constitution by the defendants deliberate arbitrary selection of his execution date, which was substantially motivated by his protracted jailhouse lawyering in violation of his rights set forth through tenets of the First Amendment to the United States Constitution. Further, Purkey seeks redress and remedy, as well as declaratory judgment and damages for the defendants subjecting him to acute sleep deprivation since he was designated with an execution date which coninues to date undaunted in violation of the Eighth Amendment to the United States Constitution." | denied as presented on 11/12/2019; Wes has until 11/29/2019 to renew motion by attaching inmate trust acct for last 6 mos |
| | | | | | | Case reassigned from Judge Sweeney to Judge Magnus-Stinson on 11/13/2019 |
| | | | | | | pending |
| | | | | | "During the escort one of the staff member's asked me, 'why do you think taht that you were chosen for execution?' 'To tell you the truth, ' Purkey told him, 'I really didn't expect it, but I really am not one of their favorite camper's here, am I.' Another one of the escorting staff said that, 'this is a little odd isn't it, especially seeing that there are at least a dozen or more death row inmates who have completely exhausted their appellate remedies that I know of and you would think that the selection process would take such death row inmates in some semblence of individuals who had fully exhausted their appeals.'" | |
| | | | | | " . . . one particular SCU Staff Members told me that your selection for an execution date to be set by Barr is based on your zealous filings of administrative remedies and filing so much different litigation in the courts against these people. I advised this particular staff member that, 'I know that, as does anyone else who has spent anytime on this unit.'" | |
| | | | | | "One of the other escorting staff laughed sarcastically saying that, 'we won't have to worry about that much longer - thanks to our buddy Barr. And I can't wait for | |

that to happen.' When Purkey was ultimately returned to his cell sometime later, it had been ransacked and left in total disarray"

"13. The morning of August 23rd., 2019 after addressing issues with Lieutenant Martin about being constantly awaken by A-Range Staff every fifteen minutes escorting staff taking Purkey to recreation began to ridicule him. 'All you do is cry and file f--- grievance and law suits on everyone here. Everyone knows why you were one of the first five to get selected to make your maker and everyone cannot wait until that happens,' one of the four member escorting team told Purkey."

"Purkey could easily hear the disparaging comments Slather and Raymond were making about him saying that, 'that guy is one of the biggest pieces of crap on this Unit, and that is why Barr selected him as one of the first three to take that needle,' Raymond said. 'I have heard about the dozens of grievances that he has filed, as well as lawsuits that are generally always dismissed as being piece of crap just as he is,' Slather told Raymond."

"Purkey heard C.O. Johnson at the front of the range telling Gilem and Raymond what he had just related to him. Gilem responded saying, 'thank god for Barr selecting that guy as one of the first five to go -- everyone is tired of his b.s. If he keeps this b.s. up I am going to write his ass up and he'll lose all the little privileges that he still has remaining. All he does is cause problems, File on this, file on that.' 'Fuck that guy . . .'"

Ex_15-001198

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

CLOSED

# U.S. District Court
## Western District of Missouri (Kansas City)
## CRIMINAL DOCKET FOR CASE #: 4:01-cr-00308-FJG All Defendants

Case title: USA v. Purkey, et al                        Date Filed: 10/10/2001

Assigned to: Chief District Judge Fernando
J. Gaitan, Jr

**Defendant (1)**

**Wesley Ira Purkey**                     represented by   **Frederick A Duchardt , Jr.**
*TERMINATED: 01/26/2004*                                  P O Box 216
                                                          Trimble, MO 64492
                                                          (816) 213-0782
                                                          Fax: (816) 635-5155
                                                          Email: fduchardt@yahoo.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: CJA Appointment*

                                                          **Gary E. Brotherton**
                                                          Legal Writes, LLC
                                                          503 E Nifong Blvd.
                                                          #377
                                                          Columbia, MO 65201
                                                          (573) 303-5150
                                                          Fax: 573-303-5151
                                                          Email: gebrotherton@legalwritesllc.com
                                                          *TERMINATED: 07/29/2019*
                                                          *LEAD ATTORNEY*
                                                          *Designation: CJA Appointment*

                                                          **Laura E. O'Sullivan**
                                                          University of Missouri Kansas City
                                                          500 E. 52nd Street
                                                          D39 Law School
                                                          Kansas City, MO 64110
                                                          816-633-2353
                                                          Email: laura.o'sullivan@mspd.mo.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: CJA Appointment*

**Pending Counts**                        **Disposition**
18:1201.F KIDNAPPING                      The defendant was found guilty on Count 1

Ex_15-001199

(1s)

of the Superseding Indictment on November 5, 2003. IMPRISONMENT: The defendant is hereby committed to the custody of the Attorney General for the United States to be imprisoned for a total term of DEATH. The defendant is committed to the custody of the Attorney General of the United States until the exhaustion of procedures for appeal and review of this sentence, and thereafter to the custody of the United States Marshal for the implementation of the death penalty. CRIMINAL MONETARY PENALTIES: MSA due immediately.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1201.F KIDNAPPING (1) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Miscellaneous**

**CJA Clerk**

---

| **interested party** | | |
| --- | --- | --- |
| **Kansas Department of Corrections** | represented by | **Lisa A Mendoza** Kansas Department of Corrections 900 SW Jackson 401N Topeka, KS 66612 785-296-4508 *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

---

| **interested party** | | |
| --- | --- | --- |
| **Steven Gillespie** | represented by | **Lisa A Mendoza** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

Ex_15-001200

**interested party**

**Corrections Corporation of America**    represented by **Michael P Crow**
                                                        Crow & Associates
                                                        302 Shawnee Street
                                                        P.O. Box 707
                                                        Leavenworth, KS 66048
                                                        (913) 682-0166
                                                        Fax: 913-682-2130
                                                        Email: mikecrow@crowlegal.com
                                                        *ATTORNEY TO BE NOTICED*

**interested party**

**Missouri Division of Family Services**    represented by **John Robert Mollenkamp**
                                                          Missouri Department of Revenue
                                                          301 W. High St., Room 670
                                                          P.O. Box 311
                                                          Jefferson City, MO 65105-311
                                                          (573) 751-2992
                                                          Email: john.mollenkamp@dor.mo.gov

**Plaintiff**

**USA**                                    represented by **Kathleen D Mahoney**
                                                          United States Attorney's Office-KCMO
                                                          400 E 9th Street
                                                          Suite 5510
                                                          Kansas City, MO 64106
                                                          (816) 426-3122
                                                          Fax: (816) 426-4328
                                                          Email: kate.mahoney@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Matt Jeffrey Whitworth**
                                                          United States Attorney's Office
                                                          400 E. 9th Street
                                                          5th Floor
                                                          Kansas City, MO 64106
                                                          (816)426-4122
                                                          Fax: (816)426-4210
                                                          Email: gene.porter@usdoj.gov
                                                          *TERMINATED: 02/10/2010*
                                                          *LEAD ATTORNEY*

                                                          **David M Ketchmark**
                                                          United States Attorney's Office-KCMO
                                                          400 E 9th Street
                                                          Suite 5510

Ex_15-001201

Kansas City, MO 64106
816-426-4102
Fax: 816-426-7080
Email: david.ketchmark@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/10/2001 | 1 | INDICTMENT assigned to Judge Fernando J. Gaitan Jr. Counts filed against Wesley Ira Purkey (1) count(s) 1 (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. (Entered: 10/11/2001) |
| 10/10/2001 | 2 | ORDER for writ of habeas corpus ad prosequendum by Magistrate Sarah W. Hays issued and delivered to U.S. Marshal (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/11/2001) |
| 10/24/2001 | 3 | MINUTE ENTRY as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding first appearance of Wesley Ira Purkey , here on writ, custody assumed, dft is not eligible for bond at this time. When an attorney enters into the case and request for a hearing is needed court will set hearing Court Reporter: JoRita Gicinto (Michelle Kendall) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/25/2001) |
| 10/24/2001 | 4 | AFFIDAVIT of financial status by defendant Wesley Ira Purkey (Michelle Kendall) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/25/2001) |
| 10/24/2001 | 5 | ORDER by Judge Fernando J. Gaitan Jr. referring motions to Magistrate Sarah W. Hays (Michelle Kendall) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/25/2001) |
| 10/26/2001 | 6 | CJA Form 30 (CR Appointment of Counsel-Death Penalty) as to defendant Wesley Ira Purkey appointing Frederick A. Duchardt Jr. (Michelle Kendall) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/02/2001) |
| 11/09/2001 | 7 | NOTICE of pretrial conference as to defendant Wesley Ira Purkey . Pretrial conference set for 5:40 11/27/01 for Wesley Ira Purkey as ordered by Magistrate Sarah W. Hays (Michelle Kendall) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/09/2001) |
| 11/09/2001 | 8 | OMNIBUS hearing report for defendant Wesley Ira Purkey (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in |

Ex_15-001202

| | | |
|---|---|---|
| | | paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/13/2001) |
| 11/09/2001 | 9 | MINUTE ENTRY as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding dft Wesley Ira Purkey arraigned; Atty Fred Duchardt present; Dft ordered committed back to custody of USM; Court Reporter: Bonnie Rowland (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/13/2001) |
| 11/19/2001 | 11 | CJA Form 30 (CR Appointment of Counsel-Death Penalty) as to defendant Wesley Ira Purkey appointing Laura E. O'Sullivan (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/30/2001) |
| 11/28/2001 | 10 | MOTION by Wesley Ira Purkey to continue trial (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/29/2001) |
| 12/06/2001 | 12 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to continue trial [10-1] accelerated docket 1/7/02 as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 12/06/2001) |
| 12/06/2001 | 13 | NOTICE of pretrial conference as to defendant Wesley Ira Purkey . Pretrial conference set for 3:40 12/18/01 for Wesley Ira Purkey as ordered by Magistrate Sarah W. Hays (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 12/07/2001) |
| 12/18/2001 | 14 | MOTION by Wesley Ira Purkey for billing procedures, for setting of compensation limits and for authorization to make interim payments for appointed counsel (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 12/20/2001) |
| 12/18/2001 | 15 | MOTION by Wesley Ira Purkey to continue trial (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 12/20/2001) |
| 12/18/2001 | 16 | MINUTE ENTRY of status conference as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Court Reporter: B. Rowland (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 12/20/2001) |
| 01/02/2002 | 17 | MOTION by Wesley Ira Purkey for order correcting unreasonable adverse conditions of pretrial detention (Sealed Case User) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has |

Ex_15-001203

| | | |
|---|---|---|
| | | been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/02/2002) |
| 01/02/2002 | 18 | MOTION by Wesley Ira Purkey to allow the dft to marry (Sealed Case User) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/02/2002) |
| 01/02/2002 | 19 | MOTION by Wesley Ira Purkey to suppress statements to FBI agents and Police, due to lack of knowing, voluntary and intelligent waiver of rights, in light of inducement of false promises evoking siad statements, with suggestions in support thereof (Sealed Case User) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/02/2002) |
| 01/02/2002 | 20 | MOTION by Wesley Ira Purkey for notice of intention to use evidence subject to motion made (Sealed Case User) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/02/2002) |
| 01/02/2002 | 21 | ORDER by Judge Fernando J. Gaitan Jr. granting motion to continue trial [15-1] accelerated docket to be set as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/03/2002) |
| 01/02/2002 | 23 | MOTION by Wesley Ira Purkey for order to file under seal dft's ex parte request #1 made 12/21/01 (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/07/2002) |
| 01/02/2002 | 31 | MOTION by Wesley Ira Purkey for live to file, under seal, dft's appendix related to Motion to Supress (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/24/2002) |
| 01/03/2002 | 22 | ORDER by Magistrate Sarah W. Hays granting motion to allow the dft to marry [18-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/04/2002) |
| 01/03/2002 | 24 | ORDER by Magistrate Sarah W. Hays granting motion for order to file under seal dft's ex parte request #1 made 12/21/01 [23-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/07/2002) |
| 01/07/2002 | 25 | ORDER by Judge Fernando J. Gaitan Jr. granting motion for billing procedures, for setting of compensation limits and for authorization to make interim payments for appointed counsel [14-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra |

Ex_15-001204

| | | |
|---|---|---|
| | | Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/08/2002) |
| 01/15/2002 | 26 | MINUTE ENTRY of Request Order Correcting Unreasonable Adverse Conditions of Pretrial Detention as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Court Reporter: J. Gicinto (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/17/2002) |
| 01/16/2002 | 27 | RESPONSE by plaintiff USA as to defendant Wesley Ira Purkey motion for notice of intention to use evidence subject to motion made [20-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/17/2002) |
| 01/16/2002 | 28 | RESPONSE by plaintiff USA as to defendant Wesley Ira Purkey Motion for request to Marry (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/17/2002) |
| 01/18/2002 | 29 | RESPONSE by plaintiff USA as to defendant Wesley Ira Purkey motion to suppress statements to FBI agents and Police, due to lack of knowing, voluntary and intelligent waiver of rights, in light of inducement of false promises evoking siad statements, with suggestions in support thereof [19-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/18/2002) |
| 01/22/2002 | 30 | TRANSCRIPT of status conference held on 01/15/02 before Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey (Michelle Kendall) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 01/23/2002) |
| 01/23/2002 | 32 | ORDER by Magistrate Sarah W. Hays granting motion for live to file, under seal, dft's appendix related to Motion to Supress [31-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 01/24/2002) |
| 01/25/2002 | 33 | ORDER placing under seal dft's Second Appendix of Material related to his Motion to Supress by Magistrate Sarah W. Hays as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 01/28/2002) |
| 01/25/2002 | 34 | MOTION by Wesley Ira Purkey for leave to file under seal, dft's second appendix related to Motion to supress (Cassaundra Honeycutt) Modified on 01/28/2002 (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/28/2002) |
| 01/25/2002 | 35 | MOTION by Wesley Ira Purkey for funds to hire investigator, and for approval to exced 21 U.S.C. 848(g)(10)(B) funding limits (Cassaundra Honeycutt) Modified on 6/6/2003 (Gicinto, JoRita). TERMED MOTION - ruled by sealed order filed 4/4/02 (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in |

Ex_15-001205

| | | |
|---|---|---|
| | | paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/28/2002) |
| 01/25/2002 | 36 | SUGGESTION by defendant Wesley Ira Purkey in support motion for order correcting unreasonable adverse conditions of pretrial detention [17-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/28/2002) |
| 01/25/2002 | 37 | SUGGESTION by defendant Wesley Ira Purkey in support motion for order correcting unreasonable adverse conditions of pretrial detention [17-1] - failure to respond to grievances (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/28/2002) |
| 01/25/2002 | 38 | Supplement by defendant Wesley Ira Purkey to motion to suppress statements to FBI agents and Police, due to lack of knowing, voluntary and intelligent waiver of rights, in light of inducement of false promises evoking siad statements, with suggestions in support thereof [19-1], response [29-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 01/28/2002) |
| 01/29/2002 | 39 | MOTION by Wesley Ira Purkey for funds to obtain dna/luminol blood testing expert assistance for development of evidence regarding issues pertaining to first phase of trial (Cassaundra Honeycutt) Modified on 6/6/2003 (Gicinto, JoRita). TERMED MOTION - ruled by sealed order filed 2/21/02 (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/04/2002) |
| 01/29/2002 | 40 | MOTION by Wesley Ira Purkey for funds to obtain chemical testing of hair and blood samples (Cassaundra Honeycutt) Modified on 6/6/2003 (Gicinto, JoRita). TERMED MOTION - ruled by a seal order filed 2/21/02 (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/04/2002) |
| 01/29/2002 | 62 | MOTION by Wesley Ira Purkey for order to file Under SEAL, dft's ex parte request #2, made 1/29/02 (Cassaundra Honeycutt) Modified on 12/3/2002 (Gicinto, JoRita).This motion was termed as of 4/4/02 relates to Order (doc # 63) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 04/08/2002) |
| 02/01/2002 | 41 | MINUTE ENTRY of continuation of hearing to request Order correcting unreasonable adverse conditions of pretrial detention as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Court Reporter: B. Rowland (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/05/2002) |
| 02/06/2002 | 42 | SUPPLEMENTAL SUGGESTION by defendant Wesley Ira Purkey in support motion for order correcting unreasonable adverse conditions of pretrial detention [17-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main |

Ex_15-001206

| | | |
|---|---|---|
| | | document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/08/2002) |
| 02/06/2002 | 43 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the records custodian of the wyandotte county, kansas Sherriff's dpt, and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/08/2002) |
| 02/06/2002 | 44 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the records custodian of the wyandotte county, kansas Sherriff's dpt, and for payment of witness fees and expenses, with suggestions in support [43-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/08/2002) |
| 02/06/2002 | 45 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the property room custodian of the wyandotte county, KS sheriff's dept and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/08/2002) |
| 02/06/2002 | 46 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the property room custodian of the wyandotte county, KS sheriff's dept and for payment of witness fees and expenses, with suggestions in support [45-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/08/2002) |
| 02/06/2002 | 47 | MOTION by Wesley Ira Purkey for issuance of subpoena and for subpoena duces tecum to Gary Fuller, Attorney working on behalf of the corrections corporation of America facility, Leavenworth, KS and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/08/2002) |
| 02/06/2002 | 48 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the records custodian of the corrections corporation of America facility at Leavenworth, KS and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/08/2002) |
| 02/07/2002 | 49 | TRANSCRIPT of hearing on adverse conditions of incarceration held on 2/1/02 before Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 02/11/2002) |
| 02/08/2002 | 50 | MEMORANDUM and Brief in response by plaintiff USA to [40-1], to [39-1], to [35-1] |

Ex_15-001207

| | | |
|---|---|---|
| | | to requests to the Court of dft in criminal proceeding (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/11/2002) |
| 02/08/2002 | 51 | MOTION by USA to quash subpoean duces tecum requested by dft on 2/4/02 against assistant warden Roger Moore, Records Custodian, CCA, Leavenworht detention center as to Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/11/2002) |
| 02/11/2002 | 52 | SUGGESTION by defendant Wesley Ira Purkey in support motion for order correcting unreasonable adverse conditions of pretrial detention [17-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/11/2002) |
| 02/11/2002 | 53 | MINUTE ENTRY of continution of Hearing on Request Order correcting Unreasonable adverse conditions of pretrial detention as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Court Reporter: J. Gicinto (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/12/2002) |
| 02/12/2002 | 54 | ORDER by Magistrate Sarah W. Hays psychiatric examination ordered for Wesley Ira Purkey , as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 02/13/2002) |
| 02/19/2002 | 55 | TRANSCRIPT of status hearing held on 2/11/02 before Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 02/20/2002) |
| 02/21/2002 | 56 | ORDER FILED UNDER SEAL by Magistrate Sarah W. Hays as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/26/2002) |
| 02/21/2002 | 57 | ORDER FILED UNDER SEAL by Magistrate Sarah W. Hays as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/26/2002) |
| 02/21/2002 | 58 | ORDER FILED UNDER SEAL by Magistrate Sarah W. Hays as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 02/26/2002) |
| 02/27/2002 | 60 | MINUTE ENTRY for telephone conference as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding. Court advised parties that dft was in Springfield per the court order regarding issues raised about medical conditions and medication. Court advised that the facility where dft is at raised the question if a competency exam was to be given. By agreement of parties the Court will modify order or issue additional order asking that dft have a competency exam. Court Reporter: JoRita Gicinto (Michelle Kendall) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 03/01/2002) |

Ex_15-001208

| | | |
|---|---|---|
| 02/28/2002 | 59 | ORDER by Magistrate Sarah W. Hays as to Wesley Ira Purkey re psychological examination (cc:all counsel) (Susan Larson) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 03/01/2002) |
| 03/05/2002 | 61 | RETURN OF SERVICE as to defendant Wesley Ira Purkey of dft to MCI, Springfield, MOf (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 03/06/2002) |
| 04/04/2002 | 63 | ORDER filed under seal for request #2 for funds be filed and considered ex parte under seal by Magistrate Sarah W. Hays as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 04/09/2002) |
| 04/18/2002 | 64 | MOTION by Wesley Ira Purkey for order correcting unreasonably adverse condtions of pretrial detention (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 04/19/2002) |
| 04/25/2002 | 65 | MINUTE ENTRY of second request for order correcting unreasonably adverse conditions of pretiral detention as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Court Reporter: J. Gicinto (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 04/26/2002) |
| 05/03/2002 | 66 | ORDER by Magistrate Sarah W. Hays psychiatric examination ordered for Wesley Ira Purkey , as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 05/06/2002) |
| 05/08/2002 | 67 | MOTION by Wesley Ira Purkey for order for issuance of subpoena duces tecum to the records custodian of the KS department of corrections, Hutchinson, KS and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 05/09/2002) |
| 05/23/2002 | 68 | RETURN OF SERVICE as to defendant Wesley Ira Purkey of delivery to FMC Rochester, MN on 5/16/02 by USM (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 05/29/2002) |
| 07/02/2002 | 69 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the Records Custodian of St. John's Hospital, Leavenworth, KS and for payment of witness fees and expenses w/suggs in support (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/03/2002) |
| 07/02/2002 | 70 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the Records |

Ex_15-001209

| | | |
|---|---|---|
| | | Custodian of Oregon Dept of Corrections and for pymt of witness fees and expenses w/suggs in support (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/03/2002) |
| 07/02/2002 | 71 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecm to the Records Custodian of the Anamosa State Penitentiary and for pymt of witness fees and expenses w/suggs in support (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/03/2002) |
| 07/02/2002 | 72 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the Records Custodian of St. Francis Hospital and for pymt of witness fees and expenses w/suggs in support (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/03/2002) |
| 07/02/2002 | 73 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the Records Custodian of the Kansas Dept of Corrections and for witness fees and expenses w/suggs in support (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/03/2002) |
| 07/02/2002 | 74 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the Records Custodian of the Arizona Dept of Corrections and for pymt of witness fees and expenses w/suggs in support (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/03/2002) |
| 07/15/2002 | 75 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the Records Custodian of St. John's Hospital, Leavenworth, KS and for payment of witness fees and expenses [69-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/16/2002) |
| 07/15/2002 | 76 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the Records Custodian of Oregon Dept of Corrections and for pymt of witness fees and expenses [70-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/16/2002) |
| 07/15/2002 | 77 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecm to the Records Custodian of the Anamosa State Penitentiary and for pymt of witness fees and expenses [71-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/16/2002) |

Ex_15-001210

| 07/15/2002 | 78 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the Records Custodian of St. Francis Hospital and for pymt of witness fees and expenses [72-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/16/2002) |
|---|---|---|
| 07/15/2002 | 79 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the Records Custodian of the Kansas Dept of Corrections and for witness fees and expenses [73-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/16/2002) |
| 07/15/2002 | 80 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the Records Custodian of the Arizona Dept of Corrections and for pymt of witness fees and expenses [74-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/16/2002) |
| 07/17/2002 | 81 | ORDER by Judge Fernando J. Gaitan Jr. accelerated docket set for 1/21/03 as to Wesley Ira Purkey (cc:all counsel) (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 07/18/2002) |
| 07/31/2002 | 82 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the records custodian of St. Joseph Hospital, Wichita, KS and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/07/2002) |
| 08/05/2002 | 83 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the records custodian of St. Joseph Hospital, Wichita, KS and for payment of witness fees and expenses, with suggestions in support [82-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/07/2002) |
| 08/21/2002 | 84 | MOTION by Wesley Ira Purkey to dismiss case due to destruction of defense evidence by detention staff at CCA Leavenworth (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/21/2002) |
| 08/21/2002 | 85 | NOTICE of hearing by Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey pretrial conference set for 12/17/02 accelerated docket set for 1/13/03 (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry |

Ex_15-001211

| | | |
|---|---|---|
| | | on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/22/2002) |
| 08/21/2002 | 86 | ORDER by Magistrate Sarah W. Hays for issuance of subpoena duces tecum to Records Custodian for St. John's Hospital and for payment of witness fees as to Wesley Ira Purkey (cc:all counsel) (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/23/2002) |
| 08/21/2002 | 87 | ORDER by Magistrate Sarah W. Hays for issuance of supboena duces tecum for Records Custodian for the Kansas Dept of Corr and for payment of witness fees as to Wesley Ira Purkey (cc:all counsel) (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/23/2002) |
| 08/21/2002 | 88 | ORDER by Magistrate Sarah W. Hays for issuance of subpoena duces tecum to the Records Custodian for the Arizona Sate Prison Complex and for payment of witness fees as to Wesley Ira Purkey (cc:all counsel) (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/23/2002) |
| 08/21/2002 | 89 | ORDER by Magistrate Sarah W. Hays for issuance of subpoena duces tecum to Records Custodian for Anamosa State Penitentiary and for payment of witness fees as to Wesley Ira Purkey (cc:all counsel) (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/23/2002) |
| 08/21/2002 | 90 | ORDER by Magistrate Sarah W. Hays for issuance of subpoena duces tecum to Records Custodian for the Oregon Dept of Corrections and for payment of witness fees as to Wesley Ira Purkey (cc:all counsel) (Georgia Kee) (Crespo, Wil). Modified on 2/18/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/18/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/23/2002) |
| 08/21/2002 | 91 | MOTION by Wesley Ira Purkey to dismiss case (Melanie Beard) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/23/2002) |
| 08/21/2002 | 92 | MOTION by Wesley Ira Purkey to withdraw attorney (Melanie Beard) Modified on 09/18/2002 (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 08/23/2002) |
| 09/03/2002 | 93 | MOTION by Wesley Ira Purkey for order correcting unreasonably adverse conditions of pretrial detention (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/04/2002) |
| 09/04/2002 | 94 | ORDER by Magistrate Sarah W. Hays denying motion to dismiss case [91-1] as to Wesley Ira Purkey (cc:all counsel) (Michelle Kendall) (Crespo, Wil). Modified on |

Ex_15-001212

| | | |
|---|---|---|
| | | 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/05/2002) |
| 09/06/2002 | 95 | MINUTE ENTRY as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Hearing for motion to suppress is set for 10/17/02 Court Reporter: JoRita Gicinto (Michelle Kendall) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/09/2002) |
| 09/12/2002 | 96 | RESPONSE by plaintiff USA as to defendant Wesley Ira Purkey motion to dismiss case due to destruction of defense evidence by detention staff at CCA Leavenworth [84-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/16/2002) |
| 09/13/2002 | 97 | TRANSCRIPT of Motion hearing held on 9/6/02 before Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 09/16/2002) |
| 09/13/2002 | 98 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to the records custodian of the corrections corporation of amrica facility at Leavenworth, KS and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/16/2002) |
| 09/13/2002 | 99 | REPLY by defendant Wesley Ira Purkey re [84-1] (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/16/2002) |
| 09/13/2002 | 100 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the records custodian of the corrections corporation of amrica facility at Leavenworth, KS and for payment of witness fees and expenses, with suggestions in support [98-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/16/2002) |
| 09/16/2002 | 101 | RESPONSE by plaintiff USA as to defendant Wesley Ira Purkey motion for order correcting unreasonably adverse conditions of pretrial detention [93-1] (Michelle Kendall) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/18/2002) |
| 09/17/2002 | 102 | REPLY by defendant Wesley Ira Purkey re [93-1] to gov't response to purkey's 3rd request for order correcting unreasonably adverse conditions of pretrial detention (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and |

Ex_15-001213

| | | |
|---|---|---|
| | | attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/18/2002) |
| 09/17/2002 | 103 | NOTICE OF FILING subpoena in a Criminal Case to Barbara Schneider, Records Custodian, KDC (Michelle Kendall) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/19/2002) |
| 09/17/2002 | 104 | JUDGMENT and Commitment returned executed as to defendant Wesley Ira Purkey 9/3/02 delivered to FCI Greenville, IL (Michelle Kendall) (Entered: 09/19/2002) |
| 09/17/2002 | 105 | MINUTE ENTRY of continuation of competency hearing and hearing on motions as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Court Reporter: J. Gicinto (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/19/2002) |
| 09/17/2002 | 106 | EXHIBIT INDEX by plaintiff USA (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/19/2002) |
| 09/20/2002 | 108 | MOTION by Wesley Ira Purkey for autorization to travel out-of-state #1 made exparte (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/25/2002) |
| 09/23/2002 | 107 | TRANSCRIPT of motion hearing held on 9/17/02 before Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 09/24/2002) |
| 09/25/2002 | 109 | ORDER by Magistrate Sarah W. Hays granting motion for autorization to travel out-of-state #1 made exparte [108-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/25/2002) |
| 09/27/2002 | 110 | MOTION by Wesley Ira Purkey for disclosure (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/30/2002) |
| 09/27/2002 | 111 | MOTION by Wesley Ira Purkey for pretrial disclosure, and preliminary hearing upon admissibility, of coconspirator statements which will be offered by the gov't at trial pursuant to FRE 801(d)(2)(E), with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/30/2002) |
| 09/27/2002 | 112 | MOTION by Wesley Ira Purkey for pretrial disclosure, and preliminary hearing upon admissibility of evidence to be offered by the gov't at trial pursuant to FRE 404(b) and |

Ex_15-001214

| | | |
|---|---|---|
| | | 807 (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/30/2002) |
| 09/27/2002 | 113 | MOTION by Wesley Ira Purkey for disclosure of exculpatory evidence (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/30/2002) |
| 09/27/2002 | 114 | MOTION by Wesley Ira Purkey for witness list, with suggestions in support thereof (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/30/2002) |
| 09/27/2002 | 115 | MOTION by Wesley Ira Purkey for witness statements pursuant to 18 USC 3500 (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 09/30/2002) |
| 10/11/2002 | 116 | MOTION by Wesley Ira Purkey for issuance of subpoena to witness Marteto Willingham regarding allegations contained in Purkey's motion to dismiss, and for payment of witness fees and expenses (Cassaundra Honeycutt) Modified on 12/3/2002 (Gicinto, JoRita). The motion termed as of 10/11/02 per Order (doc #123). (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/11/2002) |
| 10/11/2002 | 117 | MOTION by Wesley Ira Purkey for issuance of subopena duces tecum to the records custodian of the corrections corporation of america facility at Leavenworth, KS and for payment of witness fees and expenses, with suggestions in support (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/11/2002) |
| 10/11/2002 | 118 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to witness Dr. Kent Nowlin for hearing upon issues of conditions of Pretrial confinement, and for payment of witness fees and expenses (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/11/2002) |
| 10/11/2002 | 119 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to witness Dr. Linda McCandles for hearing upon issues condtions of pretiral confinement, and for payment of witness fees and expenses (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/11/2002) |
| 10/11/2002 | 120 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subopena duces tecum to the records custodian of the corrections corporation of america facility at Leavenworth, KS and for payment of witness fees and expenses, with suggestions in support [117-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, |

Ex_15-001215

| | | |
|---|---|---|
| | | Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/15/2002) |
| 10/11/2002 | 121 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to witness Dr. Kent Nowlin for hearing upon issues of conditions of Pretrial confienment, and for payment of witness fees and expenses [118-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/11/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/15/2002) |
| 10/11/2002 | 122 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to witness Dr. Linda McCandles for hearing upon issues condtions of pretiral confinement, and for payment of witness fees and expenses [119-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/15/2002) |
| 10/11/2002 | 123 | ORDER by Magistrate Sarah W. Hays granting motion for issuance of subpoena duces tecum to the records custodian of the corrections corporation of America facility at Leavenworth, KS and for payment of witness fees and expenses, with suggestions in support [48-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) Modified on 12/20/2002 Changed document number from 3082301 to 123(AOTTSD, ). (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/15/2002) |
| 10/11/2002 | 126 | MOTION by Wesley Ira Purkey for order to file, under seal, dft's ex parte request # 3, made 4/11/02 (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/16/2002) |
| 10/15/2002 | 125 | MOTION by Wesley Ira Purkey for issuance of subpoena to CCA witnesses regarding allegations contained in Purkey's Motion to Dismiss, and for payment of witness fees and expenses (Cassaundra Honeycutt) Modified on 10/15/2002 (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/15/2002) |
| 10/15/2002 | 127 | ORDER by Magistrate Sarah W. Hays granting motion for order to file, under seal, dft's ex parte request # 3, made 4/11/02 [126-1] as to Wesley Ira Purkey; Request #3 for funds is attached and sealed with this Order (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/16/2002) |
| 10/16/2002 | 128 | ORDER #2 by Magistrate Sarah W. Hays granting motion for issuance of subpoena to CCA witnesses regarding allegations contained in Purkey's Motion to Dismiss, and for payment of witness fees and expenses [125-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/17/2002) |
| 10/17/2002 | 129 | MINUTE ENTRY of suppression hearing as to defendant Wesley Ira Purkey; Hearing continued to 10/23/02 @ 9:30 Magistrate Sarah W. Hays presiding Court Reporter: J. |

Ex_15-001216

11/16/2019                           CM/ECF Western District of Missouri

| | | |
|---|---|---|
| | | Gicinto (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/18/2002) |
| 10/17/2002 | 130 | EXHIBIT INDEX by plaintiff USA (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/18/2002) |
| 10/17/2002 | 131 | EXHIBIT INDEX by defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/18/2002) |
| 10/23/2002 | 132 | MOTION by Wesley Ira Purkey for issuance of Writ of Habeas Corpus Ad Testificandum to witness Michael Speakman (Robin Jones) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/23/2002) |
| 10/23/2002 | 133 | MINUTE ENTRY of suppression hearing as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Court Reporter: D. Cavallo (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/25/2002) |
| 10/23/2002 | 134 | EXHIBIT INDEX by defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/25/2002) |
| 10/23/2002 | 135 | EXHIBIT INDEX by plaintiff USA (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/25/2002) |
| 10/25/2002 | 136 | TRANSCRIPT of of Hearing on Motion to Suppress held on 10/17/02 before Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey (Georgia Kee) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 10/28/2002) |
| 10/25/2002 | 137 | MINUTE ENTRY as to defendant Wesley Ira Purkey Magistrate Sarah W. Hays presiding Telephone scheduling conference held; Dft not present per his request; Possible dates for jury questionnaire, etc. as discussed; Counsel have prepared a tentative schedule and will bring it to chambers Court Reporter: Bonnie J. Rowland (Robin Jones) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 10/28/2002) |
| 10/25/2002 | 138 | Final PROPOSED Voir Dire by defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Entered: 10/29/2002) |
| 10/28/2002 | 139 | Sealed document ORDER by Magistrate Sarah W. Hays as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 10/29/2002) |
| 10/30/2002 | 140 | Continuation of TRANSCRIPT of hearing on Motion to Supress held on 10/25/02 before |

Ex_15-001217

| | | |
|---|---|---|
| | | Magistrate Sarah W. Hays as to defendant Wesley Ira Purkey (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 10/31/2002) |
| 10/31/2002 | 141 | MOTION by Wesley Ira Purkey for issuance of subpoena duces tecum to Steven Gillespie, REcords Custodian of the Intelligence and Investigations Divison of the KS Department of Corrections, and for payment of witness fees and expenses, with suggestions in support. (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/02/2002) |
| 10/31/2002 | 142 | ORDER by Magistrate Robert E. Larsen granting motion for issuance of subpoena duces tecum to Steven Gillespie, REcords Custodian of the Intelligence and Investigations Divison of the KS Department of Corrections, and for payment of witness fees and expenses, with suggestions in support. [141-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/02/2002) |
| 10/31/2002 | 143 | MOTION by Wesley Ira Purkey for leave to file, under seal, dft's request for authorization to travel out of state #2 (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. There is no document to this filing being kept in the Clerk's Office. (Entered: 11/02/2002) |
| 10/31/2002 | 144 | ORDER by Magistrate Sarah W. Hays granting motion for leave to file, under seal, dft's request for authorization to travel out of state #2 [143-1] as to Wesley Ira Purkey (cc:all counsel) (Cassaundra Honeycutt) (Entered: 11/02/2002) |
| 11/07/2002 | 145 | SUPERSEDING indictment Wesley Ira Purkey (1) count(s) 1s (Cassaundra Honeycutt) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The main document, which was originally filed in paper in the Clerks Office has been scanned and attached to the entry on 2/12/15. (Entered: 11/07/2002) |
| 11/08/2002 | 147 | MOTION to continue trial to 2/24/02 by Wesley Ira Purkey. Suggestions in opposition/response due by 11/25/2002 (Honeycutt, Cassaundra) (Entered: 11/13/2002) |
| 11/12/2002 | 146 | MOTION to quash subpoena or in the alternative for In Camera inspection of Condifential KDOC records pertaining to Wesley Purkey by Steven Gillespie, Kansas Department of Corrections as to Wesley Ira Purkey. Suggestions in opposition/response due by 11/27/2002 (Honeycutt, Cassaundra) (Entered: 11/13/2002) |
| 11/15/2002 | 148 | Minute Entry for proceedings held before Judge Sarah W. Hays :Arraignment as to Wesley Ira Purkey (1) Count 1s held on 11/15/2002. (Court Reporter Dorothy Cavallo.) (Gicinto, JoRita) (Entered: 11/15/2002) |
| 11/15/2002 | 149 | Minute Entry for proceedings held before Judge Sarah W. Hays :Continuation of SUPPRESSION HEARING as to Wesley Ira Purkey held on 11/15/2002 SUPPRESSION Hearing continued to 12/17/2002 09:30 AM in Courtroom 6E, Kansas City (SWH) before Sarah Hays. (Court Reporter Dorothy Cavallo.) (Gicinto, JoRita) (Entered: 11/15/2002) |
| 11/15/2002 | 151 | Defendant's EXHIBIT INDEX (Kee, Georgia) (Entered: 11/22/2002) |
| 11/21/2002 | 150 | NOTICE *of Intent to Seek the Death Penalty* by USA as to Wesley Ira Purkey (Miller, Mark) (Entered: 11/21/2002) |

Ex_15-001218

11/16/2019                                CM/ECF Western District of Missouri

| | | |
|---|---|---|
| 11/21/2002 | 152 | TRANSCRIPT of Motion to Suppress Hearing as to Wesley Ira Purkey held on November 15, 2002 before Judge Sarah W. Hays. Court Reporter: Dorothy Cavallo. (Beard, Melanie) (Additional attachment(s) added on 2/11/2015: # 1 Main document) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 11/23/2002) |
| 11/24/2002 | 153 | MOTION to produce *Records* by Wesley Ira Purkey. Suggestions in opposition/response due by 12/9/2002 (Duchardt, Frederick) (Entered: 11/24/2002) |
| 11/24/2002 | 154 | MOTION to produce *Records Via Christi* by Wesley Ira Purkey. Suggestions in opposition/response due by 12/9/2002 (Duchardt, Frederick) (Entered: 11/24/2002) |
| 11/26/2002 | 155 | ORDER granting 147 motion to continue as to Wesley Ira Purkey (1) Jury Trial continued from date of 1/21/2003 and is now set for 2/24/2003 08:30 AM before Fernando Gaitan.. Signed by Judge Fernando J. Gaitan Jr. on 11/26/2002. (McIlvain, Kelly) (Entered: 11/26/2002) |
| 12/03/2002 | 156 | ORDER finding as moot 110 Wesley Ira Purkey's Disclosure Request Pursuant to F.R.Cr.P 16 (1); finding as moot 111 Wesley Ira Purkey's Request for Pretrial Disclosure, and Preliminary Hearing Upon Admissiblity, of Coconspirator Statements Which Will be Offered by the Government at Trial Pursuant to F.R.E. 801(d)(E) (1); finding as moot 112 Wesley Ira Purkey's Request for Pretrial Disclosure, and Preliminary Hearing Upon Admissibilty, of Evidence to Be Offered by the Government at Trial Pursuant to F.R.E. 404(b) and 807 (1); finding as moot 113 Wesley Ira Purkey's Request for Witness List (1); finding as moot 114 Wesley Ira Purkey's Request for Witness Statement Pursuant to 18 U.S.C. 3500 (1); finding as moot 115 . Signed by Judge Sarah W. Hays on December 3, 2002. (Gicinto, JoRita) (Entered: 12/03/2002) |
| 12/03/2002 | 157 | ORDER 153 motion to produce as to Wesley Ira Purkey (1)Ordered that Larry Vernon, Chief Legal Counsel for the Kansas Department of Social and Rehabilitative Services, produce to this Court, on or before December 13, 2002, verified copies of records pertaining to Wesley Purkey and Velma Purkey. Signed by Judge Sarah W. Hays on December 3, 2002. (Gicinto, JoRita) (Entered: 12/03/2002) |
| 12/03/2002 | 158 | ORDER 154 motion to produce as to Wesley Ira Purkey (1) oRDERED that Julie Bignell, Information Management Director for the Via Christi Regional Medical Center, Wichita, Kansas, produce to this Court on or before December 13, 2002, verified copies of records pertaining to the hospitalization of Velma Purkey, admission date May 31, 1980.Signed by Judge Sarah W. Hays on December 3, 2002. (Gicinto, JoRita) (Entered: 12/03/2002) |
| 12/06/2002 | 159 | MOTION to continue by Wesley Ira Purkey. Suggestions in opposition/response due by 12/23/2002 (Duchardt, Frederick) (Entered: 12/06/2002) |
| 12/09/2002 | 160 | MOTION Subpoenas for CCA Witnesses by Wesley Ira Purkey. Suggestions in opposition/response due by 12/24/2002 (Duchardt, Frederick) (Entered: 12/09/2002) |
| 12/09/2002 | 161 | APPLICATION FOR WRIT of Habeas Corpus ad Testificandum *for Xavier Lightfoot* by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 12/09/2002) |
| 12/09/2002 | 162 | APPLICATION FOR WRIT of Habeas Corpus ad Testificandum *for Cornelius Peoples* by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 12/09/2002) |
| 12/09/2002 | 163 | MOTION Subpoena for Witness Bell by Wesley Ira Purkey. Suggestions in opposition/response due by 12/24/2002 (Duchardt, Frederick) (Entered: 12/09/2002) |
| 12/10/2002 | 164 | MOTION to quash by Corrections Corporation of America as to Wesley Ira Purkey. Suggestions in opposition/response due by 12/26/2002 (Crow, Michael) (Entered: 12/10/2002) |

Ex_15-001219

| Date | Doc | Description |
|---|---|---|
| 12/11/2002 | 167 | MOTION to File, Under seal Defendant's Ex Parte Request # 3 for Authorization to Travel, Made December 10, 2002 by Wesley Ira Purkey. Suggestions in opposition/response due by 12/26/2002 (Beard, Melanie). (Entered: 12/16/2002) |
| 12/11/2002 | 168 | ORDER granting 167 motion to seal document as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 12/11/02. (Beard, Melanie) (Entered: 12/16/2002) |
| 12/12/2002 | 165 | ORDER granting in part and denying in part 160 Request as to Wesley Ira Purkey, Pursuant to F.R.Cr.P. 17(a), for Issuance of Subpoena to CCA Witnesses Regarding Allegations Contained in Purkey's Motion to Dismiss and for Payment of Witness Fees and Expenses - The Request is granted with respect to the issuance of subpoena directing Clayton Spears to appear before this Court on Decmber 17, 2002 at 9:30 a.m. The remainder of the Request is denied. ORDERED that the Government, through the United States Marshal's Service, pay the costs, including all necessary travel and expenses, attendant to securing the presence of Clayton Spears.ORDERED that the Request by Wesley Purkey, Pursuant to 28 U.S.C. 2241 and F.R.Cr.P. 17(a), for Issuance of Writ of Habeas Corpus ad Testificandum to Witness Xavier Lightfoot (doc #161) is granted. ORDERED that the Request by Wesley Purkey, Pursuant to 28 U.S.C. 2241 and F.R.Cr.P. 17(a)and (b), for Issuance of Writ of Habeas Corpus ad Testificandum to Witness Cornelius Peoples (doc #162) is deemed withdrawn. ORDERED 163 Requestby Wesley Purkey, Pursuant to F.R.Cr.P. 17(a) and (b), for Issuance of Subpoena to CCA Witness Nydia Bell Regarding Allegations Contained in Purkey's Motion to Dismiss, and for Payment of Witness Fees and Expenses is denied. (1). Signed by Judge Sarah W. Hays on December 12, 2002. (Gicinto, JoRita) (Entered: 12/12/2002) |
| 12/12/2002 | 166 | WRIT of Habeas Corpus ad Testificandum issued by Judge Sarah W. Hays as to Xavier Lightfoot for December 17, 2002 at 9:30 am in case as to Wesley Ira Purkey (Gicinto, JoRita) (Entered: 12/12/2002) |
| 12/16/2002 | 169 | MOTION Request to Reconsider Denial of CCA Subpoenas by Wesley Ira Purkey. Suggestions in opposition/response due by 12/31/2002 (Duchardt, Frederick) (Entered: 12/16/2002) |
| 12/16/2002 | 170 | MOTION Request for Order to Show Cause to CCA Warden Frederick Lawrence by Wesley Ira Purkey. Suggestions in opposition/response due by 12/31/2002 (Duchardt, Frederick) (Entered: 12/16/2002) |
| 12/16/2002 | 171 | MOTION Fourth Request to Relieve Adverse Conditions of Confinement by Wesley Ira Purkey. Suggestions in opposition/response due by 12/31/2002 (Duchardt, Frederick) (Entered: 12/16/2002) |
| 12/17/2002 | 172 | SUGGESTIONS IN SUPPORT OF MOTION to dismiss case re 84 *Grievance Policy Issues* by Wesley Ira Purkey. (Duchardt, Frederick) Modified on 12/17/2002 to correct event title and attach Notice Regarding Exhibit Attachment, previously filed as document #173 (Jones, Robin). Modified on 12/18/2002 to reflect receipt of exhibits in Clerk's Office (Jones, Robin). (Additional attachment(s) added on 2/12/2015: # 2 Exhibit A thru G part 1, # 3 Exhibit A thru G part 2) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The exhibits, which were originally referred to in the Notice of Exhibit Attachment, were scanned and attached to the filing on 2/12/15. There are no exhibits to this filing being kept in the Clerk's Office. (Entered: 12/17/2002) |
| 12/17/2002 | | The document originally filed as document #173, MOTION to dismiss case *Notice of Filing Appendix re Grievance Procedures*, has been deleted. The Notice Regarding Exhibit Attachment has been attached to document #172 to which it is an attachment. Modified on 12/17/2002 (Jones, Robin). (Entered: 12/17/2002) |
| 12/17/2002 | 173 | ORDER granting in part and denying in part 164 motion to quash as to Wesley Ira Purkey |

Ex_15-001220

| | | |
|---|---|---|
| | | (1). The Motion is granted to the extent that, but for a two page document entitled CCA Employee Problem Solving Notice dated July 11, 2002, Officer Willingham's personnel file need not be produced. The remainder of the Motion is denied. Signed by Judge Sarah W. Hays on December 17, 2002. (Gicinto, JoRita) Modified on 12/20/2002 changed document number from 3082302 to 173 (AOTTSD, ). (Entered: 12/17/2002) |
| 12/17/2002 | 174 | Defendant's EXHIBIT INDEX (Kee, Georgia) (Entered: 12/30/2002) |
| 12/27/2002 | 175 | TRANSCRIPT of Continuation of Hearing on Motion to Suppress and Motion to Dismiss proceedings as to Wesley Ira Purkey held on 12/17/02 before Judge Sarah W. Hays. (Kee, Georgia) (Additional attachment(s) added on 2/11/2015: # 1 Main document) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 12/31/2002) |
| 01/03/2003 | 176 | ORDER granting 159 motion to continue as to Wesley Ira Purkey (1). Signed by Judge Fernando J. Gaitan Jr. on 1/3/2003. This trial shall be reset after further consultation between the parties and the Court. (McIlvain, Kelly) (Entered: 01/03/2003) |
| 01/03/2003 | 177 | RESPONSE to motion by Corrections Corporation of America as to Wesley Ira Purkey re 170 MOTION Request for Order to Show Cause to CCA Warden Frederick Lawrence (Crow, Michael) (Entered: 01/03/2003) |
| 01/03/2003 | 178 | RESPONSE to motion by USA as to Wesley Ira Purkey re 171 MOTION Fourth Request to Relieve Adverse Conditions of Confinement (Attachments: # 1 Affidavit# 2 Transcript)(Whitworth, Matt) (Entered: 01/03/2003) |
| 01/30/2003 | | ***Remark as to Wesley Ira Purkey : Parties are to file respnses by February 14, 2003. (Gicinto, JoRita) (Entered: 01/30/2003) |
| 02/03/2003 | 181 | MOTION to produce *documents to Independence Police Department* by Wesley Ira Purkey. Suggestions in opposition/response due by 2/18/2003 (O'Sullivan, Laura) (Entered: 02/03/2003) |
| 02/03/2003 | 182 | MOTION to produce *documents to records custodian for Juvenile Court* by Wesley Ira Purkey. Suggestions in opposition/response due by 2/18/2003 (O'Sullivan, Laura) (Entered: 02/03/2003) |
| 02/03/2003 | 183 | MOTION to produce *documents to Records Custodian for Kansas City Board of Education* by Wesley Ira Purkey. Suggestions in opposition/response due by 2/18/2003 (O'Sullivan, Laura) (Entered: 02/03/2003) |
| 02/03/2003 | 184 | MOTION to produce *documents to Records Custodian of Kansas City Police Department* by Wesley Ira Purkey. Suggestions in opposition/response due by 2/18/2003 (O'Sullivan, Laura) (Entered: 02/03/2003) |
| 02/03/2003 | 185 | MOTION to produce *documents to Records Custodian for Wichita Police Department* by Wesley Ira Purkey. Suggestions in opposition/response due by 2/18/2003 (O'Sullivan, Laura) (Entered: 02/03/2003) |
| 02/13/2003 | | ***Remark as to Wesley Ira Purkey : Telephone Conference has been scheduled for Friday, February 21, 2003 at 2:30 before Judge Sarah W. Hays. (Gicinto, JoRita) (Entered: 02/13/2003) |
| 02/13/2003 | 186 | ORDER granting 185 motion to produce all records, reports, memoranda, letters or any other documents pertaining to Wesley Ira Purkey (1). In addition, the U.S. Marshal, Western District of Missouri, is ORDERED, pursuant to 28 U.S.C. Section 19159c) and Rules 17(b) and(e)(1), Fed.R.Crim.p. to pay witness fees in accordance with 28 U.S.C. |

Ex_15-001221

| | | |
|---|---|---|
| | | Sections 1821 and 1825.Signed by Judge Sarah W. Hays on February 13, 2003. (Gicinto, JoRita) (Entered: 02/13/2003) |
| 02/13/2003 | 187 | SUGGESTIONS in support by Wesley Ira Purkey re 170 MOTION Request for Order to Show Cause to CCA Warden Frederick Lawrence *Reply to CCA Suggestions (177)* (Duchardt, Frederick) (Entered: 02/13/2003) |
| 02/18/2003 | 188 | RESPONSE to motion by USA as to Wesley Ira Purkey re 84 Motion to Dismiss Case *Due to Destruction of Evidence by Detention Staff at CCA-Leavenworth* (Attachments: # 1 Exhibit statement# 2 Exhibit letter)(Whitworth, Matt) (Entered: 02/18/2003) |
| 02/18/2003 | 189 | SUGGESTIONS in opposition by USA as to Wesley Ira Purkey re 19 Motion to Suppress *Statements to FBI Agents and Police* Reply Suggestions due by 3/5/2003. (Whitworth, Matt) Additional attachment(s) added on 2/19/2003 (Honeycutt, Cassaundra). Modified on 2/19/2003 to reflect exhibits received in Clerks Office(Honeycutt, Cassaundra). (Additional attachment(s) added on 2/12/2015: # 2 Exhibit A thru O) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The exhibits, which were originally referred to in the Notice of Exhibit Attachment, were scanned and attached to the filing on 2/12/15. There are no exhibits to this filing being kept in the Clerk's Office. (Entered: 02/18/2003) |
| 02/18/2003 | | THIS DOCUMENT HAS BEEN REMOVED AND ATTACHED TO DOCUMENT #189: NOTICE *Regarding Attachments* by USA as to Wesley Ira Purkey (Whitworth, Matt) Modified on 2/19/2003 (Honeycutt, Cassaundra). (Entered: 02/18/2003) |
| 02/21/2003 | 190 | Minute Entry for proceedings held before Judge Sarah W. Hays :TELEPHONE CONFERENCE/Status Conference as to Wesley Ira Purkey held on 2/21/2003, discussions were held as to when this case may be ready for trial and pending motions. (Court Reporter Dorothy Cavallo.) (Cavallo, Dorothy) Modified on 2/21/2003 to correct spelling (Cavallo, Dorothy). (Entered: 02/21/2003) |
| 02/24/2003 | 191 | SUGGESTIONS in support by Wesley Ira Purkey re 19 Motion to Suppress *Post Hearing Suggestions* (Duchardt, Frederick) (Entered: 02/24/2003) |
| 02/24/2003 | 192 | MOTION Subpoena Duces Tecum for Medical Records and Procedure Manual CCA by Wesley Ira Purkey. Suggestions in opposition/response due by 3/11/2003 (Duchardt, Frederick) (Entered: 02/24/2003) |
| 02/24/2003 | 193 | SUGGESTIONS in support by Wesley Ira Purkey re 91 Motion to Dismiss Case (Duchardt, Frederick) (Entered: 02/24/2003) |
| 02/24/2003 | 194 | SUGGESTIONS in support by Wesley Ira Purkey re 171 MOTION Fourth Request to Relieve Adverse Conditions of Confinement *Reply to Government Suggestions 178* (Duchardt, Frederick) (Entered: 02/24/2003) |
| 02/24/2003 | 195 | MOTION to appoint expert *Dr. Joseph Evans, DDS* by Wesley Ira Purkey. Suggestions in opposition/response due by 3/11/2003 (Duchardt, Frederick) (Entered: 02/24/2003) |
| 02/25/2003 | 196 | ORDER granting 192 motion as to Wesley Ira Purkey (1). ORDERED, pursuant to Rules 17(a), (b) and (c), Fed. R. Crim. P., to issue a subpoena duces tecum to Warden Frederick Lawrence, Records Custodian, CCA, Leavenworth, Kansas to appear before this Court on or before 3/10/03 at 9:00 a.m., and produce all medical and dental records maintained by CCA pertaining to Purkey and the policy and procedures manual for CCA, particularly including, but not limited to Chapter 5, and any other portion where in there is a reference to preservation of videotapes. The USM is ORDERED to pay witness fees and ORDERED to serve the subpoena duces tecum upon Fredrick Lawrence. Signed by Judge Sarah W. Hays on 2/25/03. (O'Connor, Stacy) (Entered: 02/25/2003) |
| 02/25/2003 | 197 | REPLY SUGGESTIONS to motion by Corrections Corporation of America as to Wesley Ira Purkey re 170 MOTION Request for Order to Show Cause to CCA Warden Frederick |

Ex_15-001222

| | | Lawrence (Crow, Michael) (Entered: 02/25/2003) |
|---|---|---|
| 02/28/2003 | 198 | REPLY SUGGESTIONS in support by Wesley Ira Purkey re 170 MOTION Request for Order to Show Cause to CCA Warden Frederick Lawrence *Response to Second Suggestions by Warden Lawrence 197* (Duchardt, Frederick) Modified on 3/3/2003 (Honeycutt, Cassaundra). (Entered: 02/28/2003) |
| 03/02/2003 | 199 | MOTION to travel *for Investigator* by Wesley Ira Purkey. Suggestions in opposition/response due by 3/17/2003 (Duchardt, Frederick) (Entered: 03/02/2003) |
| 03/03/2003 | 200 | ORDER granting 199 motion to travel as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on March 3, 2003. (Gicinto, JoRita) (Entered: 03/03/2003) |
| 03/10/2003 | 201 | Minute Entry for proceedings held before Judge Sarah W. Hays :STATUS CONFERENCE/Subpoena Return as to Wesley Ira Purkey held on 3/10/2003; items submitted, video tape of 4/15/02, medical records, and procedures manual. (Court Reporter Dorothy Cavallo.) (Cavallo, Dorothy) (Entered: 03/10/2003) |
| 04/03/2003 | 202 | MOTION for order to file under seal, dft's ex parte motion request #5 for authorization to travel, made 4/2/03 by Wesley Ira Purkey. Suggestions in opposition/response due by 4/18/2003 (Kee, Georgia) (Entered: 04/04/2003) |
| 04/03/2003 | 203 | MOTION for order to file, under seal, dft's ex parte request #6 for authorization to travel, made 4/2/03 by Wesley Ira Purkey. Suggestions in opposition/response due by 4/18/2003 (Kee, Georgia) (Entered: 04/04/2003) |
| 04/03/2003 | 204 | ORDER granting 202 dft's motion for order as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 4/3/03. (Kee, Georgia) (Entered: 04/04/2003) |
| 04/03/2003 | 205 | ORDER granting 203 dft's motion for order as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 4/3/03. (Kee, Georgia) (Entered: 04/04/2003) |
| 05/02/2003 | 206 | MOTION Subpoena Duces Tecum to Fredrick Lawrence, CCA by Wesley Ira Purkey. Suggestions in opposition/response due by 5/19/2003 (Duchardt, Frederick) (Entered: 05/02/2003) |
| 05/09/2003 | 207 | ORDER granting 206 motion Issue Subpoena Duces Tecum to Fredrick Lawrence, Custodian of Records,CCA as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 5/9/03. (Cavallo, Dorothy) (Entered: 05/09/2003) |
| 05/09/2003 | 208 | MOTION to quash *parts of Defendant Purkey's Subpoena Duces Tecum* by Corrections Corporation of America as to Wesley Ira Purkey. Suggestions in opposition/response due by 5/27/2003 (Crow, Michael) (Entered: 05/09/2003) |
| 05/15/2003 | 209 | REPLY SUGGESTIONS to motion by Wesley Ira Purkey re 206 MOTION Subpoena Duces Tecum to Fredrick Lawrence, CCA, 208 MOTION to quash *parts of Defendant Purkey's Subpoena Duces Tecum* (Duchardt, Frederick) (Entered: 05/15/2003) |
| 05/19/2003 | 210 | Minute Entry for proceedings held before Judge Sarah W. Hays :MOTION HEARING as to Wesley Ira Purkey held on 5/19/2003 re 206 MOTION Subpoena Duces Tecum to Fredrick Lawrence, CCA filed by Wesley Ira Purkey, 208 MOTION to quash *parts of Defendant Purkey's Subpoena Duces Tecum* filed by Corrections Corporation of America; defendant's counsel called to the stand: Warden Lawrence and Chief of Security A. Ford. Exhibits A519 and B519 wee admitted for purposes of this hearing. At the close of testimony the parties agreed that the Court needs to rule on items #1 and #1. The Court took the matter under advisement. (Court Reporter 5/19/03.) (Cavallo, Dorothy) (Entered: 05/19/2003) |
| 05/21/2003 | 211 | MOTION Issuance of Subpoena *for Velma Purkey's records from Wichita Police* |

Ex_15-001223

| | | |
|---|---|---|
| | | *Department* by Wesley Ira Purkey. Suggestions in opposition/response due by 6/5/2003 (O'Sullivan, Laura) (Entered: 05/21/2003) |
| 05/21/2003 | 212 | MOTION Subpoena Duces Tecum *to Wichita Police Department for Wesley Purkey's records* by Wesley Ira Purkey. Suggestions in opposition/response due by 6/5/2003 (O'Sullivan, Laura) (Entered: 05/21/2003) |
| 05/21/2003 | 213 | MOTION Subpoena Duces Tecum *to Wyandotte County Jail* by Wesley Ira Purkey. Suggestions in opposition/response due by 6/5/2003 (O'Sullivan, Laura) (Entered: 05/21/2003) |
| 05/22/2003 | 214 | TRANSCRIPT of Motion to Quash Subpoena as to Wesley Ira Purkey held on 5/19/03 before Judge Hays. Court Reporter: Dorothy Cavallo. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 05/22/2003) |
| 05/29/2003 | 215 | ORDER granting 211 motion as to Wesley Ira Purkey for Issuance of Subpoenea Duec Tecum to the Records Custodian of the Whichita, Kansas Police Department, 455 N. Main, Wichita, Kansas and for Payment of Witness Fees and Expenses with Suggestions in Support. (1) Signed by Judge Sarah W. Hays on May 29, 2003. (Gicinto, JoRita) (Entered: 05/29/2003) |
| 05/29/2003 | 216 | ORDER granting 212 motion as to Wesley Ira Purkey (1) for Issuance of Subpoena Duces Tecum to the Records Custodian of the Wichita, Kansas Police Department and for Payment of Witness Fees and Expenses with Suggesions in Support. Signed by Judge Sarah W. Hays on May 29, 2003. (Gicinto, JoRita) (Entered: 05/29/2003) |
| 05/29/2003 | 217 | ORDER granting 213 motion as to Wesley Ira Purkey (1) for Issuance of Subpoena Duces Tecum to the Records Custodian of the Wyandotte County Jail, 710 N. 7th Street, Kansas City, Kansas and for Payment of Witness and Expenses, with Suggestions in Support. Signed by Judge Sarah W. Hays on May 29, 2003. (Gicinto, JoRita) (Entered: 05/29/2003) |
| 06/05/2003 | 218 | ORDER finding as moot 17 motion as to Wesley Ira Purkey requesting for order correcting unreasonably adverse conditions of pretrial detention (1); finding as moot 47 motion as to Wesley Ira Purkey, pursuant to F.R.Cr.P. 17(a) and (c), for issuance of subpoena and for subpoena duces tecum to Gary Fuller (1); finding as moot 64 motion for order as to Wesley Ira Purkey second request for order correcting unreasonably adverse conditions of pretrial detention (1); finding as moot 93 motion for order as to Wesley Ira Purkey third request for order correction unreasonably adverse conditions of pretrial detention (1); finding as moot 171 motion as to Wesley Ira Purkey fourth request for order correcting unreasonably adverse conditions of pretrial detention (1); finding as moot 195 motion to appoint expert as to Wesley Ira Purkey ex parte for funds to obtain dental expert assistance for development of evidence (1). Signed by Judge Sarah W. Hays on June 5, 2003. (Gicinto, JoRita) (Entered: 06/05/2003) |
| 06/06/2003 | 219 | REPORT AND RECOMMENDATIONS ON COMPETENCY as to Wesley Ira Purkey. RECOMMEND that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Wesley I. Purkey is competent. Objections to R&R due by 6/16/2003. Signed by Judge Sarah W. Hays on June 6, 2003. (Gicinto, JoRita) (Entered: 06/06/2003) |
| 06/18/2003 | 220 | ORDER as to Wesley Ira Purkey re 213 MOTION Subpoena Duces Tecum *to Wyandotte County Jail* filed by Wesley Ira Purkey. Signed by Judge Sarah W. Hays on June 18, |

Ex_15-001224

| | | |
|---|---|---|
| | | 2003. (Gicinto, JoRita) (Entered: 06/18/2003) |
| 07/09/2003 | 221 | ORDER finding as moot 20 Request for Notice of Intention to Use Evidence Subject to Motion Made Pursuant to F.R.Cr.P 12(d)(2) as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on July 9, 2003. (Gicinto, JoRita) (Entered: 07/09/2003) |
| 07/09/2003 | 222 | ORDER denying 169 Request that the Court Reconsider Its Denial of Request for Subpoenas as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on July 9, 2003. (Gicinto, JoRita) (Entered: 07/09/2003) |
| 07/09/2003 | 223 | ORDER finding as moot 132 Request by Wesley Ira Purkey(1), Pursuant to 28 U.S.C 2241 and F.R.Cr.P 17(a) and (b), for Issuance of Writ of Habeas Corpus ad Restificandum to Witness MIchael Speakman. Signed by Judge Sarah W. Hays on July 9, 2003. (Gicinto, JoRita) (Entered: 07/09/2003) |
| 07/09/2003 | 224 | ORDER denying 170 Request by Wesley Ira Purkey (1), Pursuant to F.R.Cr.P. 17(c) and (g), That Court Issue Order to Frederick Lawrence, Warden and Records Custodian for the Corrections Corportation of America Facility at Leavenworth, Kansas, to Show Cause Why He Should Not be Held in Contempt of Court for Failure to Comply with Subpoena Duces Tecum. Signed by Judge Sarah W. Hays on July 9, 2003. (Gicinto, JoRita) (Entered: 07/09/2003) |
| 07/09/2003 | 225 | SCHEDULING AND TRIAL ORDER as to Wesley Ira Purkey Pretrial Conference set for 10/01/03 at 9:30 a.m. before Sarah Hays. FINAL Pretrial Conference set for 10/20/2003 09:30 AM before Fernando Gaitan. Special Setting- Jury Trial set for 10/27/2003 09:00 AM before Fernando Gaitan.Pretrial motions shall be filed on or before July 25, 2003. Suggestions in opposition shall be filed on or before August 15, 2003. See Order for details. Signed by Judge Sarah W. Hays on July 9, 2003. (Gicinto, JoRita) (Entered: 07/09/2003) |
| 07/10/2003 | 226 | ORDER finding as moot 67 Request by Wesley Ira Purkey (1), Pursuant to F.R.Cr.P 17(c), for Issuance of Subpoena Duces Tecum to the Records Custodian of the Kansas Department of Corrections, Hutchinson, Kansas, and for Payment of Witness Fees and Expenses. Signed by Judge Sarah W. Hays on July 10, 2003. (Gicinto, JoRita) (Entered: 07/10/2003) |
| 07/10/2003 | 227 | ORDER finding as moot 51 Motion to QuashSubpoena Duces Tecum Requested By Defendant on February 4, 2002, Against Assistant Warden Roger Moore, Records Custodian, Corrections Corportation of America, Leavenworth Detention Center as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on July 10, 2003. (Gicinto, JoRita) (Entered: 07/10/2003) |
| 07/10/2003 | 228 | ORDER granting in part and denying in part 146 Motion to Quash Subpoena or in the Alternative for in Camera Inspection of Confidential KDOC Records Pertaining as to Wesley Ira Purkey (1) -ORDERED the prtion of the motion which requests that the Court quash the subpoena is denied. The portion of the motion which seeks an in camera inspection of the records is granted. It is further ORDERED that by providing copies of all records for in camera inspection, any obligation for movant Steven Gillespie to personally appear with the requested records is moot and the subpoena duces tecum is deemed satisfied. Signed by Judge Sarah W. Hays on July 10, 2003. (Gicinto, JoRita) (Entered: 07/10/2003) |
| 07/10/2003 | 229 | ORDER denying in part 208 Corrections Corporation of America's Motion to Quash Parts of Defendant Purkey's Subpoena Duces Tecum, File Date Unknown, Hearing Set for May 16, 2003 and Certain Parts of Subsequent Requests of Defendant Purkey in Regard Thereto. The portion of the motion which requests that the Court quash the subpoena for the videotapes and written logging sheest is denied. The remainder of the |

Ex_15-001225

| | | |
|---|---|---|
| | | motion is moot. It is further ORDERED that Corrections Corportation of America shall either review all the videotapes recorded in Pod A between April 15, 2002 and April 30, 2003 and all of the written logging sheets prepared with respect to these videotapes for instances where defendant Purkey is either pictured or his voice is heard on the tapes and report the results of the review to defense counsel by August 8, 2003, or give defense counsel access to the videotapes recorded in Pod A between Apri 15, 2002 and April 30, 2003 and all written logging sheets prepared with respect to these videotapes on or before August 8, 2003.. Signed by Judge Sarah W. Hays on July 10, 2003. (Gicinto, JoRita) (Entered: 07/10/2003) |
| 07/11/2003 | 230 | REPORT AND RECOMMENDATIONS as to Wesley Ira Purkey Objections to R&R due by 7/24/200; it is Recommended that the Court enter an Order denying Defendant's Purkey's Motion to Dismiss Due to Destruction of Defense Evidence by DetentionStaff at CCA Leavenworth (Doc.#84).. Signed by Judge Sarah W. Hays on 7/11/03. (Cavallo, Dorothy) (Entered: 07/11/2003) |
| 07/11/2003 | 231 | REPORT AND RECOMMENDATIONS as to Wesley Ira Purkey Objections to R&R due by 7/24/2003; It is recommended that the Court enter an Order denying defendant's Purkey's Motion to Suppress Statements to FBI Agents and Police, Due to Lack of Knowing, Voluntary and Intelligent Waiver of Rights, in Light of Inducement of False promises Evoking Said Statements (doc. #19).. Signed by Judge Sarah W. Hays on 7/11/03. (Cavallo, Dorothy) (Entered: 07/11/2003) |
| 07/23/2003 | 232 | MOTION Use of Jury Questionnaire by Wesley Ira Purkey. Suggestions in opposition/response due by 8/7/2003 (Duchardt, Frederick) (Entered: 07/23/2003) |
| 07/24/2003 | 235 | OBJECTION TO REPORT AND RECOMMENDATIONS 230 regarding motion to dismiss by Wesley Ira Purkey. (Beard, Melanie) (Entered: 07/29/2003) |
| 07/24/2003 | 236 | OBJECTION TO REPORT AND RECOMMENDATIONS 231 regarding motion to suppress by Wesley Ira Purkey (Beard, Melanie) (Entered: 07/29/2003) |
| 07/24/2003 | | ***Remark as to Wesley Ira Purkey : DELETED DOCUMENTS 233(Objections to Report and Recommendations filed as a motion) and 234( Objections to Report and Recommendations filed as a motion) are deleted and have been filed as documents#235 and #236 by the Clerk's Office. This case will no longer have a document #233 and #234. (Beard, Melanie) (Entered: 07/29/2003) |
| 07/29/2003 | 237 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 219 Report and Recommendations. Signed by Judge Fernando J. Gaitan Jr. on 7/29/03. (Beard, Melanie) (Entered: 07/29/2003) |
| 07/30/2003 | 238 | MOTION Issuance of Subpoena Duces Tecum *to SBC, Inc.* by Wesley Ira Purkey. Suggestions in opposition/response due by 8/14/2003 (O'Sullivan, Laura) (Entered: 07/30/2003) |
| 07/30/2003 | 239 | MOTION Issuance of Subpoena Duces Tecum *to Kansas State Historical Society* by Wesley Ira Purkey. Suggestions in opposition/response due by 8/14/2003 (O'Sullivan, Laura) (Entered: 07/30/2003) |
| 07/31/2003 | 240 | MOTION Issuance of Subpoena Duces Tecum *to Boeing* by Wesley Ira Purkey. Suggestions in opposition/response due by 8/15/2003 (O'Sullivan, Laura) (Entered: 07/31/2003) |
| 08/01/2003 | 241 | NOTICE *of Intent to Rely upon Mental Defense* by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 08/01/2003) |
| 08/01/2003 | 242 | MOTION Prohibit Seeking Death Penalty *in Light of Government Representations* by Wesley Ira Purkey. Suggestions in opposition/response due by 8/18/2003 (Duchardt, |

Ex_15-001226

| | | Frederick) (Entered: 08/01/2003) |
|---|---|---|
| 08/01/2003 | 243 | ORDER granting 238 motion for issuance of Subpoena Duces Tecum as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on August 1, 2003. (Gicinto, JoRita) (Entered: 08/01/2003) |
| 08/01/2003 | 244 | ORDER granting 239 motion for issuance of subponea as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on August 1, 2003. (Gicinto, JoRita) (Entered: 08/01/2003) |
| 08/01/2003 | 245 | ORDER granting 240 motion for issuance of subponea as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on August 1, 2003. (Gicinto, JoRita) (Entered: 08/01/2003) |
| 08/08/2003 | 246 | AMENDED ORDER as to Wesley Ira Purkey re 243 Order on Motion for Miscellaneous Relief, 238 MOTION Issuance of Subpoena Duces Tecum *to SBC, Inc.* filed by Wesley Ira Purkey. Signed by Judge Sarah W. Hays on August 8, 2003. (Gicinto, JoRita) (Entered: 08/08/2003) |
| 08/08/2003 | 247 | AMENDED ORDER as to Wesley Ira Purkey re 244 Order on Motion for Miscellaneous Relief, 239 MOTION Issuance of Subpoena Duces Tecum *to Kansas State Historical Society* filed by Wesley Ira Purkey. Signed by Judge Sarah W. Hays on August 8, 2003. (Gicinto, JoRita) (Entered: 08/08/2003) |
| 08/08/2003 | 248 | AMENDED ORDER as to Wesley Ira Purkey re 240 MOTION Issuance of Subpoena Duces Tecum *to Boeing* filed by Wesley Ira Purkey, 245 Order on Motion for Miscellaneous Relief. Signed by Judge Sarah W. Hays on August 8, 2003. (Gicinto, JoRita) (Entered: 08/08/2003) |
| 08/11/2003 | 249 | MOTION Prohibit Seeking Death Penalty, FDPA Unconstitutional by Wesley Ira Purkey. Suggestions in opposition/response due by 8/26/2003 (Duchardt, Frederick) (Entered: 08/11/2003) |
| 08/11/2003 | 250 | MOTION Strike Duplicative Aggravating Factors by Wesley Ira Purkey. Suggestions in opposition/response due by 8/26/2003 (Duchardt, Frederick) (Entered: 08/11/2003) |
| 08/16/2003 | 251 | Second MOTION to appoint expert *Regarding Blood Testing (Doc. 39)* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/2/2003 (Duchardt, Frederick) (Entered: 08/16/2003) |
| 08/16/2003 | 252 | MOTION Declare FDPA Unconstitutional Due to Risk of Execution of the Innocent by Wesley Ira Purkey. Suggestions in opposition/response due by 9/2/2003 (Duchardt, Frederick) (Entered: 08/16/2003) |
| 08/20/2003 | 253 | NOTICE *of Expert Witnesses* by USA as to Wesley Ira Purkey (Attachments: # 1 Notice of Exhibit Attachment)(Whitworth, Matt) Modified on 8/25/2003 to reflect exhibits received in Clerk's Office.(Honeycutt, Cassaundra). (Additional attachment(s) added on 2/12/2015: # 2 Exhibit 1 thru 19) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The exhibits, which were originally referred to in the Notice of Exhibit Attachment, were scanned and attached to the filing on 2/12/15. There are no exhibits to this filing being kept in the Clerk's Office. (Entered: 08/20/2003) |
| 08/20/2003 | 257 | MOTION for leave to file, under seal, Mr. Purkey's Motion #1 to Strike Aggrvating circumstance allegation by Wesley Ira Purkey. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/20/2003 | 258 | ORDER granting 257 motion for leave to file, under seal, MR. Purkey's Motion #1 to strike aggravating circumstance allegation as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 8/20/03. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |

Ex_15-001227

| 08/20/2003 | 259 | MOTION for leave to file, under seal, Mr. Purkey's Motion #2 to strike Aggravating circumstance allegation by Wesley Ira Purkey. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| --- | --- | --- |
| 08/20/2003 | 260 | ORDER granting 259 motion for leave to file, under seal, MR. Purkey's Motion #2 to strike aggravating circumstance allegation as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 8/20/03. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/20/2003 | 261 | MOTION for leave to file, under seal, Mr. Purkey's Motion #3 to strike aggravating circumstance allegation by Wesley Ira Purkey. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/20/2003 | 262 | ORDER granting 261 motion for leave to file, under seal, Mr. Purkey's Motion #3 to Strike Aggravating Factor Allegation as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 8/20/03. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/20/2003 | 263 | MOTION for leave to file, under seal, MR. PUrkey's Motion to supplement funds for investigator by Wesley Ira Purkey. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/20/2003 | 264 | ORDER granting 263 motion for leave to file, under seal, to supplement funds for investigator as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 8/20/03. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/20/2003 | 265 | MOTION for leave to file, under seal, Mr. Purkey's Motion to supplement previous request #1 by Wesley Ira Purkey. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/20/2003 | 266 | ORDER granting 265 motion for leave to file as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 8/20/03. (Honeycutt, Cassaundra) (Entered: 08/26/2003) |
| 08/22/2003 | 254 | MOTION Request for Disclosure of and Limitation on Victim Impact Evidence by Wesley Ira Purkey. Suggestions in opposition/response due by 9/8/2003 (Duchardt, Frederick) (Entered: 08/22/2003) |
| 08/26/2003 | 255 | MOTION to appoint expert *for Hair Analysis Issues* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/10/2003 (Duchardt, Frederick) (Entered: 08/26/2003) |
| 08/26/2003 | 256 | MOTION to appoint expert *for Tool Mark Analysis Issues* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/10/2003 (Duchardt, Frederick) (Entered: 08/26/2003) |
| 08/26/2003 | 267 | ORDER denying 181 motion to produce as to Wesley Ira Purkey (1); denying 182 motion to produce as to Wesley Ira Purkey (1); denying 183 motion to produce as to Wesley Ira Purkey (1); denying 184 motion to produce as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on August 26, 2003. (Gicinto, JoRita) (Entered: 08/26/2003) |
| 08/27/2003 | 268 | RESPONSE to motion by USA as to Wesley Ira Purkey re 250 MOTION Strike Duplicative Aggravating Factors (Whitworth, Matt) (Entered: 08/27/2003) |
| 08/28/2003 | 269 | MOTION to Issue Subpoenas Duces Tecum to Witnesses Jeanette Purkey, Donna Wiley and Edward Wiley by Wesley Ira Purkey. Suggestions in opposition/response due by 9/12/2003 (Duchardt, Frederick) Modified on 9/2/2003 (Gicinto, JoRita).Termed motion - document 273 (Entered: 08/28/2003) |
| 08/28/2003 | 270 | RESPONSE to motion by USA as to Wesley Ira Purkey re 242 MOTION Prohibit Seeking Death Penalty *in Light of Government Representations* (Whitworth, Matt) (Entered: 08/28/2003) |
| 08/28/2003 | 271 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of St. John Hospital* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/12/2003 (O'Sullivan, |

Ex_15-001228

| | | |
|---|---|---|
| | | Laura) Modified on 9/2/2003 (Gicinto, JoRita).Untermed this motion as it has not been ruled (Entered: 08/28/2003) |
| 08/28/2003 | 272 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Wyandotte County Jail* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/12/2003 (O'Sullivan, Laura) (Entered: 08/28/2003) |
| 08/28/2003 | 273 | ORDER granting 269 motion for issuance of subpoena as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on August 28, 2003. (Gicinto, JoRita) Modified on 9/2/2003 (Gicinto, JoRita).Corrected the motion related to this order. (Entered: 08/28/2003) |
| 08/28/2003 | 274 | RESPONSE to motion by USA as to Wesley Ira Purkey re 252 MOTION Declare FDPA Unconstitutional Due to Risk of Execution of the Innocent (Whitworth, Matt) (Entered: 08/28/2003) |
| 08/28/2003 | 280 | MOTION to file under seal, Mr. Purkey's Motion #4 to strike aggravating FActor allegation by Wesley Ira Purkey. Suggestions in opposition/response due by 9/12/2003 (Honeycutt, Cassaundra) (Entered: 09/03/2003) |
| 08/28/2003 | 281 | SEALED ORDER granting 280 motion to strike as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 8/28/03. (Honeycutt, Cassaundra) (Entered: 09/03/2003) |
| 08/28/2003 | 282 | MOTION to file under seal, Mr. Purkey's Motion in Liminie pertaining to closing argument by Wesley Ira Purkey. Suggestions in opposition/response due by 9/12/2003 (Honeycutt, Cassaundra) (Entered: 09/03/2003) |
| 08/28/2003 | 283 | SEALED ORDER granting 282 motion for order as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 8/28/03. (Honeycutt, Cassaundra) (Entered: 09/03/2003) |
| 08/29/2003 | 275 | NOTICE *of Rebuttal Expert Witnesses Relating to Defendant's Alleged Mental Condition* by USA as to Wesley Ira Purkey (Attachments: # 1 Notice of Exhibit Attachment) (Whitworth, Matt) Modified on 9/3/2003 to reflect exhibits received in Clerk's Office. (Honeycutt, Cassaundra). (Additional attachment(s) added on 2/12/2015: # 2 Exhibit 1 thru 5) (Crespo, Wil). Modified on 2/12/2015 (Crespo, Wil). The exhibits, which were originally referred to in the Notice of Exhibit Attachment, were scanned and attached to the filing on 2/12/15. There are no exhibits to this filing being kept in the Clerk's Office. (Entered: 08/29/2003) |
| 09/02/2003 | 276 | RESPONSE to motion by USA as to Wesley Ira Purkey re 254 MOTION Request for Disclosure of and Limitation on Victim Impact Evidence (Whitworth, Matt) (Entered: 09/02/2003) |
| 09/02/2003 | 277 | RESPONSE to motion by USA as to Wesley Ira Purkey re 249 MOTION Prohibit Seeking Death Penalty, FDPA Unconstitutional (Attachments: # 1 Notice of Intent to Seek the Death Penalty)(Whitworth, Matt) (Entered: 09/02/2003) |
| 09/02/2003 | 278 | ORDER granting 271 motion for issuance of subpoena as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on September 2, 2003. (Gicinto, JoRita) (Entered: 09/02/2003) |
| 09/02/2003 | 284 | MOTION to seal document by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 9/17/2003 (Honeycutt, Cassaundra) (Entered: 09/04/2003) |
| 09/02/2003 | 285 | ORDER granting 284 motion to seal document as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 9/2/03. (Honeycutt, Cassaundra) (Entered: 09/04/2003) |
| 09/03/2003 | 279 | Amended MOTION Issuance of Subpoena Duces Tecum *to Custodian of Records for Wyandotte County Jail* by Wesley Ira Purkey. Suggestions in opposition/response due by |

Ex_15-001229

| | | 9/18/2003 (O'Sullivan, Laura) (Entered: 09/03/2003) |
|---|---|---|
| 09/04/2003 | 286 | ORDER denying [#19] defendant's motion to suppress as to Wesley Ira Purkey (1) and adopting Report and Recommendations re 231 Report and Recommendations as to Wesley Ira Purkey (1) (Enss, Rhonda). (Entered: 09/04/2003) |
| 09/04/2003 | 287 | ORDER denying [#84] defendant's motion to dismiss case as to Wesley Ira Purkey (1) and adopting Report and Recommendation [#230]. (Enss, Rhonda) (Entered: 09/04/2003) |
| 09/04/2003 | 288 | NOTICE *of Expert Witness Relating to Aggravating Factor of Future Dangerousness* by USA as to Wesley Ira Purkey (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3)(Whitworth, Matt) (Entered: 09/04/2003) |
| 09/05/2003 | 299 | MOTION to seal document(Gov't Response to Dft's Motion No. 1 to Strike Agravating Factor Allegation and Motion in Liminie) by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 9/22/2003 (Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/08/2003 | 289 | MOTION in limine *Prohibit Testimony by Expert Witness Cadigan on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 290 | MOTION in limine *Prohibit Testimony by Expert Witness Callahan on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 291 | MOTION in limine *Prohibit Testimony and Evidence Regarding Bone Fragments, and Testimony by Expert Witness Finnigan, on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 292 | MOTION in limine *Prohibit Testimony by Expert Witness Fram on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 293 | MOTION in limine *Prohibit Testimony by Expert Witness Isenberg on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 294 | MOTION in limine *Prohibit Expert Testimony from Witnesses Melton and Nelson on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 295 | MOTION in limine *Prohibit Expert Testimony from Witness Netzel on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 296 | MOTION in limine *Prohibit Expert Testimony from Witness Ubelaker on Daubert Grounds* by Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Duchardt, Frederick) (Entered: 09/08/2003) |
| 09/08/2003 | 300 | ORDER granting 299 motion to seal document as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 9/8/03. (Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/08/2003 | 301 | SEALED RESPONSE to motion by USA as to Wesley Ira Purkey re 257 MOTION No. 1 to Strike Aggravating Factor Allegation and Motion in Liminie. (Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/08/2003 | 302 | MOTION to seal document (Motion No. 2 to Strike aggravating Circumstance Allegation) by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 9/23/2003 (Honeycutt, Cassaundra) (Entered: 09/10/2003) |

Ex_15-001230

| 09/08/2003 | 304 | RESPONSE to motion by USA as to Wesley Ira Purkey re 259 MOTION No. 2 to Strike Aggravating Circumstance Allegation. (Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/09/2003 | 297 | MOTION that Defense Counsel be Permitted to be Present During Government Mental Health Examination of Defendant by Wesley Ira Purkey. Suggestions in opposition/response due by 9/24/2003 (Duchardt, Frederick) (Entered: 09/09/2003) |
| 09/09/2003 | 305 | MOTION to seal document (Motion No. 3 to STrike Aggravating Circumstance Allegation) by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 9/24/2003 (Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/09/2003 | 306 | ORDER granting 305 motion to seal document as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 9/9/03. (Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/09/2003 | 307 | RESPONSE to motion by USA as to Wesley Ira Purkey re 261 MOTION No 3 to Strike Aggravating Circumstance Allegation.(Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/09/2003 | 308 | MOTION to seal document - (Gov't response to dft's motion in limine to prevent prosecution argument referring to infamous other persons)by USA as to Wesley Ira Purkey. (Travers, Phyllis) (Entered: 09/11/2003) |
| 09/09/2003 | 309 | ORDER granting 308 motion to seal document as to Wesley Ira Purkey (1) of Gov't response to dft's motion in limine to prevent prosecution argument referring to infamous other person. Signed by Judge Sarah W. Hays on September 9, 2003. (Travers, Phyllis) (Entered: 09/11/2003) |
| 09/09/2003 | 310 | SEALED DOCUMENT (Gov't Response to dft's motion in limine to prevent prosecution argument referring to infamous other persons) FILED UNDER SEAL & SHALL NOT BE OPENED EXCEPT ON THE FURTHER ORDER OF THE COURT. (Travers, Phyllis) (Entered: 09/11/2003) |
| 09/10/2003 | 298 | RESPONSE to motion by USA as to Wesley Ira Purkey re 297 MOTION that Defense Counsel be Permitted to be Present During Government Mental Health Examination of Defendant (Whitworth, Matt) (Entered: 09/10/2003) |
| 09/10/2003 | 303 | ORDER granting 302 motion to seal document as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 9/8/03. (Honeycutt, Cassaundra) (Entered: 09/10/2003) |
| 09/10/2003 | 311 | MOTION to seal document (Gov't response to motion No. 4 to strike aggravating factor allegation)by USA as to Wesley Ira Purkey. (Travers, Phyllis) (Entered: 09/11/2003) |
| 09/10/2003 | 312 | ORDER granting 311 motion to seal document as to Wesley Ira Purkey (1) (Gov't respone of to dft motion no. 4 to strike aggravating factor allegation). Signed by Judge Sarah W. Hays on September 10, 2003. (Travers, Phyllis) (Entered: 09/11/2003) |
| 09/10/2003 | 313 | SEALED DOCUMENT (Gov't response to dft motion no. 4 to strike aggravating factor allegation) FILED UNDER SEAL & SHALL NOT BE OPENED EXCEPT ON THE FURTHER ORDER OF THE COURT. (Travers, Phyllis) (Entered: 09/11/2003) |
| 09/12/2003 | 314 | Minute Entry for proceedings held before Judge Sarah W. Hays :EVIDENTIARY HEARING as to Wesley Ira Purkey held on 9/12/2003: Government counsel present in person; defendant present in person in custody with counsel ready to proceed on hearing regarding subpoena issued on August 28, 2003. Defense counsel calls three witnesses: Jeanette Purkey, Donna Wiley and Ed Wiley. Direct examination conducted. No further explanation or evidence as to why the items subpoenaed were not returned is presented. The Court holds a short discussion regarding defendant's document #241 for clarification purposes. (Court Reporter B. Rowland.) (Rowland, Bonnie) (Entered: 09/12/2003) |
| 09/12/2003 | 317 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:MOTION |

Ex_15-001231

| | | |
|---|---|---|
| | | HEARING as to Wesley Ira Purkey held on 9/12/2003 orally ruling [#297] MOTION that Defense Counsel be Permitted to be Present During Government Mental Health Examination of Defendant filed by Wesley Ira Purkey, ***Motions terminated as to Wesley Ira Purkey : 297 MOTION that Defense Counsel be Permitted to be Present During Government Mental Health Examination of Defendant filed by Wesley Ira Purkey. (Court Reporter John Bowen.) (Enss, Rhonda) Modified on 9/17/2003 to reflect correct date of hearing of 9/12/03 (Enss, Rhonda). (Entered: 09/15/2003) |
| 09/15/2003 | 315 | PROPOSED WITNESS LIST by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 09/15/2003) |
| 09/15/2003 | 316 | PROPOSED EXHIBIT LIST by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 09/15/2003) |
| 09/15/2003 | 318 | PROPOSED WITNESS LIST by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 09/15/2003) |
| 09/15/2003 | 319 | NOTICE *of Intent to Rely Upon Defense of Mental Disease or Defect, Amended* by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 09/15/2003) |
| 09/17/2003 | 320 | ORDER SETTING PRETRIAL CONFERENCE as to Wesley Ira Purkey Initial pretrial conference set for 10/1/2003 09:30 AM in Courtroom 6E, Kansas City (SWH) before Sarah Hays. Signed by Judge Sarah W. Hays on September 17, 2003. (Gicinto, JoRita) (Entered: 09/17/2003) |
| 09/17/2003 | 321 | ORDER granting 279 amended motion for issuance of subpoena duces tecum to the Records Custodian of Wyandotte County Jail, Kansas City, Kansas as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on September 17, 2003. (Gicinto, JoRita) Additional attachment(s) added on 9/17/2003 (Gicinto, JoRita). (Entered: 09/17/2003) |
| 09/18/2003 | 322 | AMENDED ORDER Pursusant to F.R.Cr.P. 17(c), for Issuance of Subpoena Duces Tecum to Jeanette Purkey, Donna Wiley and Edward Wiley, and for Payment of Witness Fees as to Wesley Ira Purkey. Signed by Judge Sarah W. Hays on September 18, 2003. (Gicinto, JoRita) (Entered: 09/18/2003) |
| 09/19/2003 | 323 | RESPONSE to motion by USA as to Wesley Ira Purkey re 291 MOTION in limine *Prohibit Testimony and Evidence Regarding Bone Fragments, and Testimony by Expert Witness Finnigan, on Daubert Grounds* (Whitworth, Matt) (Entered: 09/19/2003) |
| 09/19/2003 | 324 | RESPONSE to motion by USA as to Wesley Ira Purkey re 290 MOTION in limine *Prohibit Testimony by Expert Witness Callahan on Daubert Grounds* (Whitworth, Matt) (Entered: 09/19/2003) |
| 09/19/2003 | 325 | RESPONSE to motion by USA as to Wesley Ira Purkey re 294 MOTION in limine *Prohibit Expert Testimony from Witnesses Melton and Nelson on Daubert Grounds* (Whitworth, Matt) (Entered: 09/19/2003) |
| 09/19/2003 | 326 | RESPONSE to motion by USA as to Wesley Ira Purkey re 295 MOTION in limine *Prohibit Expert Testimony from Witness Netzel on Daubert Grounds* (Whitworth, Matt) (Entered: 09/19/2003) |
| 09/19/2003 | 327 | RESPONSE to motion by USA as to Wesley Ira Purkey re 289 MOTION in limine *Prohibit Testimony by Expert Witness Cadigan on Daubert Grounds* (Whitworth, Matt) (Entered: 09/19/2003) |
| 09/19/2003 | 328 | RESPONSE to motion by USA as to Wesley Ira Purkey re 292 MOTION in limine *Prohibit Testimony by Expert Witness Fram on Daubert Grounds* (Whitworth, Matt) (Entered: 09/19/2003) |
| | | |

Ex_15-001232

11/16/2019                          CM/ECF Western District of Missouri

| 09/23/2003 | 329 | MOTION Issuance of Subpoena Duces Tecum *to Custodian of Records of Corrections Corporation of America* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/8/2003 (O'Sullivan, Laura) (Entered: 09/23/2003) |
|---|---|---|
| 09/23/2003 | 330 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of th Office of the Secretary of Corrections* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/8/2003 (O'Sullivan, Laura) (Entered: 09/23/2003) |
| 09/24/2003 | 331 | REPLY SUGGESTIONS to motion by Wesley Ira Purkey re 289 MOTION in limine *Prohibit Testimony by Expert Witness Cadigan on Daubert Grounds Reply to Government Response (327)* (Duchardt, Frederick) (Entered: 09/24/2003) |
| 09/24/2003 | 332 | SUGGESTIONS in support by Wesley Ira Purkey re 290 MOTION in limine *Prohibit Testimony by Expert Witness Callahan on Daubert Grounds Reply to Government Response (324)* (Duchardt, Frederick) (Entered: 09/24/2003) |
| 09/24/2003 | 333 | SUGGESTIONS in support by Wesley Ira Purkey re 295 MOTION in limine *Prohibit Expert Testimony from Witness Netzel on Daubert Grounds Reply to Government's Response (326)* (Duchardt, Frederick) (Entered: 09/24/2003) |
| 09/24/2003 | 334 | SUGGESTIONS in support by Wesley Ira Purkey re 292 MOTION in limine *Prohibit Testimony by Expert Witness Fram on Daubert Grounds Reply to Government's Response (328)* (Duchardt, Frederick) (Entered: 09/24/2003) |
| 09/24/2003 | 335 | SUGGESTIONS in support by Wesley Ira Purkey re 294 MOTION in limine *Prohibit Expert Testimony from Witnesses Melton and Nelson on Daubert Grounds Reply to government's response (325)* (Duchardt, Frederick) (Entered: 09/24/2003) |
| 09/25/2003 | 336 | PROPOSED VOIR DIRE by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 09/25/2003) |
| 09/25/2003 | 337 | MOTION in limine *to Prohibit Defendant from Eliciting Testimony from Defense Psychiatrist Regarding Defendant's Self-Serving Hearsay Statements* by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 10/10/2003 (Whitworth, Matt) Modified on 1/22/2004 to reflect motion termed on 10/27/03 per #440 (Enss, Rhonda). (Entered: 09/25/2003) |
| 09/26/2003 | 338 | ORDER granting 329 Motion for Issuance of Subopena Duces Tecum to the Records Custodian of the Corrections Corporation of America, Leavenworth, KS and for payment of witness fees and expenses. as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on September 26, 2003. (Gicinto, JoRita) (Entered: 09/26/2003) |
| 09/26/2003 | 339 | ORDER granting 330 Motion for Issuance of Subpoena Duces Tecum to the Records Custodian to the Office of the Secretary of Corrections, Topeka, Kansas, and for payment of witness fees and expenses as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on September 26, 2003. (Gicinto, JoRita) (Entered: 09/26/2003) |
| 09/27/2003 | 340 | SUGGESTIONS in support by Wesley Ira Purkey re 291 MOTION in limine *Prohibit Testimony and Evidence Regarding Bone Fragments, and Testimony by Expert Witness Finnigan, on Daubert Grounds Reply Regarding Government Response 323* (Duchardt, Frederick) (Entered: 09/27/2003) |
| 09/29/2003 | 341 | MOTION for Order Directing Marshal to Arrange and Deliver Purkey for MRI and PET Testing by Wesley Ira Purkey. Suggestions in opposition/response due by 10/14/2003 (Duchardt, Frederick) (Entered: 09/29/2003) |
| 09/29/2003 | 342 | SUGGESTIONS in support by Wesley Ira Purkey re 252 MOTION Declare FDPA Unconstitutional Due to Risk of Execution of the Innocent *Reply to Government Response 274* (Duchardt, Frederick) (Entered: 09/29/2003) |

Ex_15-001233

| | | |
|---|---|---|
| 09/29/2003 | 343 | SUGGESTIONS in support by Wesley Ira Purkey re 249 MOTION Prohibit Seeking Death Penalty, FDPA Unconstitutional *Reply to Government Response 277* (Duchardt, Frederick) (Entered: 09/29/2003) |
| 09/30/2003 | 344 | ORDER granting 341 motion as to Wesley Ira Purkey (1); ORDERED that the United States Marshal's Office for the Western District of Missouri is directed to arrange for defendant Wesley Purkey to undergo MRI and PET Scan testing at the University of Kansas and further arrange for the defendant to betransported to the University of Kansas Medical Center, 3900Rainbow Blvd., Kansas City, Kansas so that Mr. Purkey may undergothese procedures. It is furtherORDERED that the United States Marshal's Office makeappropriate arrangements so that said testing can be completed onor before October 15, 2003.. Signed by Judge Sarah W. Hays on 9/30/03. (Cavallo, Dorothy) (Entered: 09/30/2003) |
| 09/30/2003 | 345 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Hilton Airport* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/15/2003 (O'Sullivan, Laura) (Entered: 09/30/2003) |
| 09/30/2003 | 346 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Larned State Hospital* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/15/2003 (O'Sullivan, Laura) (Entered: 09/30/2003) |
| 09/30/2003 | 347 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Shawnee County Sheriff's Department* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/15/2003 (O'Sullivan, Laura) (Entered: 09/30/2003) |
| 10/01/2003 | 348 | SUGGESTIONS in support by Wesley Ira Purkey re 292 MOTION in limine *Prohibit Testimony by Expert Witness Fram on Daubert Grounds Supplemental Grounds and Suggestions in Support* (Duchardt, Frederick) (Entered: 10/01/2003) |
| 10/01/2003 | 349 | SUGGESTIONS in support by Wesley Ira Purkey re 291 MOTION in limine *Prohibit Testimony and Evidence Regarding Bone Fragments, and Testimony by Expert Witness Finnigan, on Daubert Grounds Supplemental Grounds and Suggestions in Support* (Duchardt, Frederick) (Entered: 10/01/2003) |
| 10/01/2003 | 350 | REPORT AND RECOMMENDATIONS as to Wesley Ira Purkey re 249 MOTION Prohibit Seeking Death Penalty, FDPA Unconstitutional; It is RECOMMENDED that the Court,after making an independent review of the record and applicable law, enter an order DENYING Defendant Purkey's Motion to Prohibit the Government From Seeking the Death Penalty Due to Unconstitutionality of Provisions of the Federal Death Penalty Act. Objections to R&R due by 10/15/2003. Signed by Judge Sarah W. Hays on 10/1/03. (Cavallo, Dorothy) (Entered: 10/01/2003) |
| 10/01/2003 | 351 | REPORT AND RECOMMENDATIONS as to Wesley Ira Purkey re 252 MOTION Declare FDPA Unconstitutional Due to Risk of Execution of the Innocent; it is RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant Purkey's Motion for Order Declaring Federal Death Penalty Act Unconstitutional Due to Risk of Execution of Innocent. Objections to R&R due by 10/15/2003. Signed by Judge Sarah W. Hays on 10/1/03. (Cavallo, Dorothy) (Entered: 10/01/2003) |
| 10/01/2003 | 352 | REPORT AND RECOMMENDATIONS as to Wesley Ira Purkey re 242 MOTION Prohibit Seeking Death Penalty *in Light of Government Representations*; it is Recommended that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant Purkey's Motion to Prohibit the Government from Seeking the Death Penalty, in Light of Representations made by Government Agents Evoking Statements from Purkey. Objections to R&R due by |

Ex_15-001234

| | | 10/15/2003. Signed by Judge Sarah W. Hays on 10/1/03. (Cavallo, Dorothy) (Entered: 10/01/2003) |
|---|---|---|
| 10/01/2003 | 353 | Minute Entry for proceedings held before Judge Sarah W. Hays :PRETRIAL CONFERENCE as to Wesley Ira Purkey held on 10/1/2003. Government counsel present in person; defendant present in person in custody with counsel. Pretrial conference held. Defense counsel is given additional time until Monday, October 6, 2003 to respond to government's latest motions in limine and reply suggestions to government's objections. Discussion is held regarding the hearings that are set before Judge Gaitan on Oct. 16th and 21st. Counsel are to get together and come up with an agenda for the hearings to aid in scheduling of expert testimony if needed. Defense counsel requests that the Court consider entering an order that the defendant need not appear in person for some of the upcoming hearings. The Court advises that a discussion with Judge Gaitan on that subject was held prior to this hearing. Judge Gaitan will make time today to rule on this issue. (Court Reporter B. Rowland.) (Rowland, Bonnie) (Entered: 10/01/2003) |
| 10/02/2003 | 354 | ORDER finding as moot 232 Wesley Ira Purkey 's Request for Court to Accet and Use Purkey's Final Proposed Jury Questionnarie (1). Signed by Judge Sarah W. Hays on Ocotber 2, 2003. (Gicinto, JoRita) (Entered: 10/02/2003) |
| 10/02/2003 | 355 | MOTION for leave to file, under seal, Mr. Purkey's Request #5 for Funds by Wesley Ira Purkey. Suggestions in opposition/response due by 10/17/2003 (Honeycutt, Cassaundra) (Entered: 10/02/2003) |
| 10/02/2003 | 356 | ORDER granting 355 motion for leave to file as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 10/2/03. (Honeycutt, Cassaundra) (Entered: 10/02/2003) |
| 10/02/2003 | 357 | MOTION for leave to file under seal, Mr. Purkey's Motion to Supplement Request for Funds #3 by Wesley Ira Purkey. Suggestions in opposition/response due by 10/17/2003 (Honeycutt, Cassaundra) (Entered: 10/02/2003) |
| 10/02/2003 | 358 | ORDER granting 357 motion for leave to file as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 10/2/03. (Honeycutt, Cassaundra) (Entered: 10/02/2003) |
| 10/02/2003 | 359 | EX Parte MOTION to supplement request filed under seal by Wesley Ira Purkey. (Honeycutt, Cassaundra) (Entered: 10/02/2003) |
| 10/02/2003 | 360 | MOTION to Supplement request Ex Parte and Under Seal #5 by Wesley Ira Purkey. Suggestions in opposition/response due by 10/17/2003 (Honeycutt, Cassaundra) (Entered: 10/02/2003) |
| 10/02/2003 | 361 | Sealed ORDER granting 251 motion to appoint expert as to Wesley Ira Purkey (1); granting 255 motion to appoint expert as to Wesley Ira Purkey (1); granting 256 motion to appoint expert as to Wesley Ira Purkey (1); granting 359 motion for order as to Wesley Ira Purkey (1); granting 360 motion for order as to Wesley Ira Purkey (1) and relating to Doc #264 and #266.. Signed by Judge Sarah W. Hays on 10/2/03. (Honeycutt, Cassaundra) Modified on 10/9/2003 (Honeycutt, Cassaundra). (Entered: 10/02/2003) |
| 10/03/2003 | 362 | ORDER granting 345 motion for issuance of subponea as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on Ocotober 3, 2003. (Gicinto, JoRita) (Entered: 10/03/2003) |
| 10/03/2003 | 363 | ORDER granting 346 motion for issuance of subponea as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on October 3, 2003. (Gicinto, JoRita) (Entered: 10/03/2003) |
| 10/03/2003 | 364 | ORDER granting 347 motion for issuance of subpoena as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on October 3, 2003. (Gicinto, JoRita) (Entered: 10/03/2003) |

Ex_15-001235

| 10/04/2003 | 365 | PROPOSED VOIR DIRE by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 10/04/2003) |
| 10/04/2003 | 366 | MOTION Proposed Format and Procedures for Small Group Voir Dire Examination by Wesley Ira Purkey. Suggestions in opposition/response due by 10/20/2003 (Duchardt, Frederick) (Entered: 10/04/2003) |
| 10/04/2003 | 367 | Objections to Government's Proposed Voir Dire 336 by Wesley Ira Purkey. Suggestions in opposition/response due by 10/20/2003 (Duchardt, Frederick) Modified on 10/9/2003 to correct document type. (Honeycutt, Cassaundra). (Entered: 10/04/2003) |
| 10/06/2003 | 368 | RESPONSE to motion by USA as to Wesley Ira Purkey re 291 MOTION in limine *Prohibit Testimony and Evidence Regarding Bone Fragments, and Testimony by Expert Witness Finnigan, on Daubert Grounds* (Attachments: # 1 Exhibit A# 2 Exhibit B) (Whitworth, Matt) (Entered: 10/06/2003) |
| 10/07/2003 | 369 | NOTICE of execution of order by USM on 10/3/03 re 344 Order on Motion for Miscellaneous Relief,, (Honeycutt, Cassaundra) (Entered: 10/08/2003) |
| 10/10/2003 | 370 | MOTION Summary of Challenges for Cause By Parties by Wesley Ira Purkey. Suggestions in opposition/response due by 10/27/2003 (Duchardt, Frederick) (Entered: 10/10/2003) |
| 10/10/2003 | 371 | MOTION for Court to Sustain Challenges for Cause, over Government Objections, Against Certain Venirepersons *with Suggestions in Support* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/27/2003 (Duchardt, Frederick) (Entered: 10/10/2003) |
| 10/10/2003 | 372 | MOTION to Reject Certain Government Challenges for Cause based on Questionnaire *with Suggestions in Support* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/27/2003 (Duchardt, Frederick) (Entered: 10/10/2003) |
| 10/11/2003 | 373 | PROPOSED WITNESS LIST by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 10/11/2003) |
| 10/13/2003 | 374 | MOTION for Order to Jeanette Purkey to Show Cause why she should not be Held in Contempt of Court *with Suggestions in Support* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/28/2003 (Duchardt, Frederick) (Entered: 10/13/2003) |
| 10/14/2003 | 375 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Time Warner* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/29/2003 (O'Sullivan, Laura) (Entered: 10/14/2003) |
| 10/14/2003 | 376 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Leavenworth County Jail* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/29/2003 (O'Sullivan, Laura) (Entered: 10/14/2003) |
| 10/14/2003 | 377 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Iowa State Penitentiary* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/29/2003 (O'Sullivan, Laura) (Entered: 10/14/2003) |
| 10/14/2003 | 378 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Corrections Corporation of America Regarding Michael Speakman* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/29/2003 (O'Sullivan, Laura) (Entered: 10/14/2003) |
| 10/14/2003 | 379 | MOTION Issuance of Subpoena Duces Tecum *to Records Custodian of Corrections Corporation of America Regarding Grievances* by Wesley Ira Purkey. Suggestions in opposition/response due by 10/29/2003 (O'Sullivan, Laura) (Entered: 10/14/2003) |

Ex_15-001236

| 10/14/2003 | 380 | RESPONSE to motion by USA as to Wesley Ira Purkey re 292 MOTION in limine *Prohibit Testimony by Expert Witness Fram on Daubert Grounds* (Attachments: # 1 Fram Report)(Whitworth, Matt) (Entered: 10/14/2003) |
|---|---|---|
| 10/14/2003 | 381 | TRANSCRIPT of on Subpoena Returns as to Wesley Ira Purkey held on 09/12/03 before Judge Sarah W. Hays. Court Reporter: Bonnie Rowland. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Kendall, Shelly) (Crespo, Wil). Modified on 2/11/2015 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 2/11/15. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 10/14/2003) |
| 10/14/2003 | 382 | RESPONSE to motion by USA as to Wesley Ira Purkey re 371 MOTION for Court to Sustain Challenges for Cause, over Government Objections, Against Certain Venirepersons *with Suggestions in Support* (Whitworth, Matt) (Entered: 10/14/2003) |
| 10/14/2003 | 383 | RESPONSE to motion by USA as to Wesley Ira Purkey re 374 MOTION for Order to Jeanette Purkey to Show Cause why she should not be Held in Contempt of Court *with Suggestions in Support* (Whitworth, Matt) (Entered: 10/14/2003) |
| 10/14/2003 | 384 | RESPONSE to motion by USA as to Wesley Ira Purkey re 372 MOTION to Reject Certain Government Challenges for Cause based on Questionnaire *with Suggestions in Support* (Whitworth, Matt) (Entered: 10/14/2003) |
| 10/14/2003 | 385 | OBJECTION TO REPORT AND RECOMMENDATIONS 350 by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 10/14/2003) |
| 10/14/2003 | 386 | OBJECTION TO REPORT AND RECOMMENDATIONS 352 by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 10/14/2003) |
| 10/14/2003 | 387 | OBJECTION TO REPORT AND RECOMMENDATIONS 351 by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 10/14/2003) |
| 10/15/2003 | 388 | SUGGESTIONS in support by Wesley Ira Purkey re 374 MOTION for Order to Jeanette Purkey to Show Cause why she should not be Held in Contempt of Court *with Suggestions in Support Reply to Government Response 383* (Duchardt, Frederick) (Entered: 10/15/2003) |
| 10/15/2003 | 389 | ORDER granting 375 motion as to Wesley Ira Purkey (1)-Issuance of Subpoena Duces Tecum to Records Custodian Kolete Rife, Time Warner Cable, KCMO. Signed by Judge Sarah W. Hays on October 15, 2003. (Gicinto, JoRita) (Entered: 10/15/2003) |
| 10/15/2003 | 390 | ORDER granting 376 motion as to Wesley Ira Purkey (1) -Issuance of Subpoena Duces Tecum to Records Custodian Lula Johnson, Leavenworth County Jail, Leavenworth, Kansas. Signed by Judge Sarah W. Hays on Octobr 15, 2003. (Gicinto, JoRita) (Entered: 10/15/2003) |
| 10/15/2003 | 391 | ORDER granting 377 motion as to Wesley Ira Purkey (1) -Issuance of Subpoena Duces Tecum to Records Custodian Warden John Mathes, Records Custodian of Iowa State Penitentiary, Fort Madison, Iowa. Signed by Judge Sarah W. Hays on October 15, 2003. (Gicinto, JoRita) (Entered: 10/15/2003) |
| 10/15/2003 | 392 | ORDER granting 378 motion as to Wesley Ira Purkey (1)-Issuance of Subpoena Duces Tecum to Records Custodian Warden Frederick Lawrence, Corrections Corporation of America, Levenworth, Kansas pertaining to Michael Speakman. Signed by Judge Sarah W. Hays on October 15, 2003. (Gicinto, JoRita) (Entered: 10/15/2003) |
| 10/15/2003 | 393 | ORDER granting 379 motion as to Wesley Ira Purkey (1) -Issuance of Subpoena Duces Tecum to Records Custodian Warden Frederick Lawrence, Corrections Corporation of |

Ex_15-001237

| | | |
|---|---|---|
| | | America, Leavenwoth, Kansas regarding grievances. Signed by Judge Sarah W. Hays on October 15, 2003. (Gicinto, JoRita) (Entered: 10/15/2003) |
| 10/15/2003 | 541 | SEALED DOCUMENT-Sealed Exparte Motion to Issue Subpoena Decus Tecum (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 542 | SEALED Order Granting Motion to Issue Subpoena Decus Tecum (# 541). Signed by Judge Sarah Hays on October 15, 2003 (Beard, Melanie) Modified on 7/26/2004 to add judge information (Beard, Melanie). (Entered: 07/26/2004) |
| 10/15/2003 | 546 | SEALED DOCUMENT: Motion to File, Under Seal, Ex Parte Motion to Issue Subpoena Duces Tecum. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 547 | SEALED Order Granting Motion to Issue Subpoena Duces Tecum (#546). Signed by Judge Sarah Hays on October 15, 2003. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 550 | SEALED Motion to Issue Subpoena Decus Tecum. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 551 | SEALED Order Granting Sealed motion to Issue Subpoena Decus Tecum (#549). By Judge Sarah Hays on 10/15/03. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 554 | SEALED Motion to Issue Subpoena Decus Tecum. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 555 | SEALED Order Granting Motion to Issue Subpoena Decus Tecum (#554). Signed by Judge Sarah Hays on 10/15/03. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 558 | SEALED Motion to Issue Subpoena Decus Tecum. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/15/2003 | 559 | SEALED Order Granting Sealed Motion to Issue Subpoena Decus Tecum (#558). Signed by Judge Sarah Hays on 10/15/03. (Beard, Melanie) (Entered: 07/26/2004) |
| 10/16/2003 | 394 | ORDER pertaining to various motions filed under seal and not under seal. Defendant's motion in limine No. 1 is denied. Defendant's motion in limine No. 2 is denied. Defendant's motion in limine No. 3 is denied. Defendant's motion in limine No. 4 is denied. (Docs. 280, 281) Defendant's motion in limine is sustained. (Docs. 282, 283) Government's motion in limine under seal is provisionally denied, subject to the defendant submitting to the Court in camera an offer of proof showing that the alleged activity took place at or near the time of the crime charged. The defendant shall submit his offer of proof to the Court at least one day before the evidence is offered. (Docs. 284, 285) Defendant's motion to strike aggravating circumstances as unconstitutionally duplicative is denied. 250 Defendant's request for detailed disclosure of proposed victim impact evidence, for pretrial hearing regarding admissibility of said evidence, and for implementation of certain safeguards pertaining to presentation of such evidence is denied. Plaintiff shall submit to the Court at least eight days before the penalty phase commences, proposed questions and anticipated responses of each victimm impact witness. 254 Signed by Judge Fernando J. Gaitan, Jr. on 10/16/03. (Duer, Tina) (Entered: 10/16/2003) |
| 10/16/2003 | 395 | ORDER provisionally denying 289 motion in limine as to Wesley Ira Purkey - testimony of James Cadigan; provisionally denying 290 motion in limine as to Wesley Ira Purkey - testimony of Thomas Callaghan; provisionally denying 291 motion in limine as to Wesley Ira Purkey - testimony of Michael Finnigan; provisionally denying 292 motion in limine as to Wesley Ira Purkey - testimony of Robert Fram; provisionally denying 293 motion in limine as to Wesley Ira Purkey - testimony of Alice Isenberg; provisionally denying 294 motion in limine as to Wesley Ira Purkey - testimony of Terry Melton and Kimberly Nelson; provisionally denying 295 motion in limine as to Wesley Ira Purkey - |

Ex_15-001238

| | | |
|---|---|---|
| | | testimony of Linda Netzel; provisionally denying 296 motion in limine as to Wesley Ira Purkey - testimony of Douglas Ubelaker. The Court reserves ruling on the admissibility of the evidence until the testimony is offered at trial. Signed by Judge Fernando J. Gaitan, Jr. on 10/16/03. (Duer, Tina) (Entered: 10/16/2003) |
| 10/16/2003 | 396 | ORDER denying 374 defendant's motion pursuant to Fed.R.Cr.P. 17(c) and (g) that the Court issue order to Jeanette Purkey to show cause why she should not be held in contempt of court for failure to comply with subpoena duces tecum. Signed by Judge Fernando J. Gaitan, Jr. on 10/16/03. (Duer, Tina) (Entered: 10/16/2003) |
| 10/16/2003 | 397 | ORDER regarding the challenges for cause to the venire based upon responses to the questionnaires. [See order for details.] Signed by Judge Fernando J. Gaitan, Jr. on 10/16/03. (Duer, Tina) (Entered: 10/16/2003) |
| 10/16/2003 | 398 | ORDER denying 249 defendant's motion to prohibit the government from seeking the death penalty due to unconstitutionality of provisions of the federal death penalty act; adopting Report and Recommendation 350 as to Wesley Ira Purkey. Signed by Judge Fernando J. Gaitan, Jr. on 10/16/03. (Duer, Tina) (Entered: 10/16/2003) |
| 10/16/2003 | 399 | ORDER denying 242 defendant's motion to prohibit the government from seeking the death penalty, in light of representations made by government agents evoking statements from Purkey; adopting Report and Recommendation re 352 as to Wesley Ira Purkey. Signed by Judge Fernando J. Gaitan, Jr. on 10/16/03. (Duer, Tina) (Entered: 10/16/2003) |
| 10/16/2003 | 400 | ORDER denying 252 defendant's motion for order declaring federal death penalty act unconstitutional due to risk of execution of innocent; adopting Report and Recommendation as to Wesley Ira Purkey. Signed by Judge Fernando J. Gaitan, Jr. on 10/16/03. (Duer, Tina) (Entered: 10/16/2003) |
| 10/16/2003 | 401 | STIPULATION *Regarding Audio and Video Recordings* by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/16/2003) |
| 10/16/2003 | 402 | STIPULATION *Regarding Chain of Custody* by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/16/2003) |
| 10/16/2003 | 403 | STIPULATION *Concerning Business Records* by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/16/2003) |
| 10/16/2003 | 417 | MOTION for leave to file, under seal, Mr. Purkey's reply to governtment's motion in limine (doc #285) by Wesley Ira Purkey. Suggestions in opposition/response due by 10/31/2003 (Honeycutt, Cassaundra) (Entered: 10/23/2003) |
| 10/16/2003 | 418 | MOTION for leave to file, under seal, Mr. Purkey's Suggestions in Support of his moiton #1 (doc 257) to strike aggravating factor allegation by Wesley Ira Purkey. Suggestions in opposition/response due by 10/31/2003 (Honeycutt, Cassaundra) (Entered: 10/23/2003) |
| 10/16/2003 | 419 | ORDER granting 417 motion for leave to file as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 10/16/03. (Honeycutt, Cassaundra) (Entered: 10/23/2003) |
| 10/16/2003 | 420 | ORDER granting 418 motion for leave to file as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 10/16/03. (Honeycutt, Cassaundra) (Entered: 10/23/2003) |
| 10/16/2003 | 421 | ORDER as to Wesley Ira Purkey regarding request #5. Signed by Judge Sarah W. Hays on 10/16/03. (Honeycutt, Cassaundra) (Entered: 10/23/2003) |
| 10/16/2003 | 444 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: HEARING as to Wesley Ira Purkey held on 10/16/2003 regarding challenges for cause and voir dire process. (Court Reporter Donna Turner.) (Enss, Rhonda) (Entered: 11/03/2003) |
| 10/17/2003 | 404 | LETTER as to Wesley Ira Purkey - Case is set on the joint criminal jury trial docket for |

Ex_15-001239

| | | Tuesday, October 28, 2003 before Judge Gaitan. (Gicinto, JoRita) (Entered: 10/17/2003) |
|---|---|---|
| 10/20/2003 | 405 | MOTION for Order to Take Deposition of Marguerite Hotchkiss to Preserve Testimony with suggestions by Wesley Ira Purkey. Suggestions in opposition/response due by 11/4/2003 (Duchardt, Frederick) Modified on 1/22/2004 to reflect motion termed as ruled by Magistrate Hays (Enss, Rhonda). (Entered: 10/20/2003) |
| 10/20/2003 | 406 | MOTION for Issuance of Trial Subpoenas Without Service by Marshal by Wesley Ira Purkey. Suggestions in opposition/response due by 11/4/2003 (Duchardt, Frederick) (Entered: 10/20/2003) |
| 10/20/2003 | 407 | MOTION for Issuance of Trial Subpoenas with Service by Marshal by Wesley Ira Purkey. Suggestions in opposition/response due by 11/4/2003 (Duchardt, Frederick) (Entered: 10/20/2003) |
| 10/21/2003 | 408 | MOTION Supplementary Request for Subpoenas by Wesley Ira Purkey. Suggestions in opposition/response due by 11/5/2003 (Duchardt, Frederick) (Entered: 10/21/2003) |
| 10/22/2003 | 409 | SUGGESTIONS in support by Wesley Ira Purkey re 406 MOTION for Issuance of Trial Subpoenas Without Service by Marshal, 408 MOTION Supplementary Request for Subpoenas (Duchardt, Frederick) (Entered: 10/22/2003) |
| 10/22/2003 | 410 | SUGGESTIONS in support by Wesley Ira Purkey re 407 MOTION for Issuance of Trial Subpoenas with Service by Marshal (Duchardt, Frederick) (Entered: 10/22/2003) |
| 10/22/2003 | 411 | PROPOSED JURY INSTRUCTIONS by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/22/2003) |
| 10/22/2003 | 412 | MOTION to quash *parts of defendant Purkey's two subpoena duces tecums dated 10/15/03* by Corrections Corporation of America as to Wesley Ira Purkey. Suggestions in opposition/response due by 11/6/2003 (Crow, Michael) Modified on 1/22/2004 to reflect motion termed as ruled by Magistrate Hays (Enss, Rhonda). (Entered: 10/22/2003) |
| 10/22/2003 | 413 | NOTICE *of Filing Suggestions of United States in Opposition to Defendant's Proposed Voir Dire Questions and Memorandum of Regarding Jury Selection in Capital Litigation* by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/22/2003) |
| 10/22/2003 | 414 | MOTION to quash *subpoena to Charlotte Ketchum, custodian of records,* by Missouri Division of Family Services as to Wesley Ira Purkey. Suggestions in opposition/response due by 11/6/2003 (Attachments: # 1 Exhibit A--Computer printouts)(Mollenkamp, John) Modified on 1/23/2004 toreflect motion termed as ruled by Magistrate Hays (Enss, Rhonda). (Entered: 10/22/2003) |
| 10/22/2003 | 415 | ORDER granting 407 motion as to Wesley Ira Purkey (1)for issuace of subpoenas for service of process by the USM Service, and for payment of witness fees. Signed by Judge Sarah W. Hays on October 22, 2003. (Gicinto, JoRita) Additional attachment(s) added on 10/22/2003 (Gicinto, JoRita). (Entered: 10/22/2003) |
| 10/22/2003 | 416 | ORDER granting 406 motion as to Wesley Ira Purkey (1); granting 408 motion as to Wesley Ira Purkey (1) for issuance of subpoenas and for payment witness fees. Signed by Judge Sarah W. Hays on October 22, 2003. (Gicinto, JoRita) Additional attachment(s) added on 10/22/2003 (Gicinto, JoRita). (Entered: 10/22/2003) |
| 10/23/2003 | 445 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:CONFERENCE as to Wesley Ira Purkey held on 10/23/2003 (Court Reporter Donna Turner.) (Enss, Rhonda) (Entered: 11/03/2003) |
| 10/24/2003 | 422 | REPLY SUGGESTIONS TO MOTION for Acceptance of Proposed Voir Dire 365 Suggestions in Support by Wesley Ira Purkey. (Duchardt, Frederick) Modified on |

Ex_15-001240

| | | |
|---|---|---|
| | | 10/27/2003 to correct document type and terminate pending motion deadline.(Honeycutt, Cassaundra). (Entered: 10/24/2003) |
| 10/24/2003 | 423 | Government's Proposed Supplemental VOIR DIRE by USA as to Wesley Ira Purkey (Whitworth, Matt) Modified on 10/24/2003 to correct document title information (Beard, Melanie). (Entered: 10/24/2003) |
| 10/24/2003 | 424 | Objections to Government's Supplemental Voir Dire Questions 423 by Wesley Ira Purkey. (Duchardt, Frederick) Modified on 10/27/2003 to correct document type.(Honeycutt, Cassaundra). (Entered: 10/24/2003) |
| 10/24/2003 | 437 | MOTION to seal trial briefby USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 11/10/2003 (Honeycutt, Cassaundra) (Entered: 10/31/2003) |
| 10/24/2003 | 438 | ORDER granting 437 motion to seal document as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 10-24-03. (Honeycutt, Cassaundra) (Entered: 10/31/2003) |
| 10/26/2003 | 425 | PROPOSED JURY INSTRUCTIONS by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 10/26/2003) |
| 10/27/2003 | 426 | NOTICE *of Government's Proposed Victim Impact Questions* by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/27/2003) |
| 10/27/2003 | 427 | ORDER ruling (#413) USA's opposition to defendant's proposed voir dire questions; [#366] defendant's motion re proposed procedure for attorney-conducted small group voir dire upon penalty-phase issues; and [#424] defendant's objections to govnerment's proposed supplemental voir dire. (Enss, Rhonda) (Entered: 10/27/2003) |
| 10/27/2003 | 428 | PROPOSED EXHIBIT LIST by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/27/2003) |
| 10/27/2003 | 429 | PROPOSED WITNESS LIST by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/27/2003) |
| 10/27/2003 | 430 | PROPOSED JURY INSTRUCTIONS by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 10/27/2003) |
| 10/27/2003 | 440 | SEALED ORDER regarding docs #337, 348, 349, 284 & 285 as to Wesley Ira Purkey. Signed by Judge Fernando J. Gaitan Jr. on 10/27/03. (Honeycutt, Cassaundra) (Entered: 11/03/2003) |
| 10/27/2003 | 441 | MOTION to seal Government's Response to Dft's Offer of Proof, Under Seal, Regarding Issue ofPoisoning Committed Against Him by Jeanette Purkey and Othersby USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 11/12/2003 (Honeycutt, Cassaundra) (Entered: 11/03/2003) |
| 10/27/2003 | 442 | ORDER granting 441 motion for order as to Wesley Ira Purkey (1). Signed by Judge Sarah W. Hays on 10/27/03. (Honeycutt, Cassaundra) (Entered: 11/03/2003) |
| 10/28/2003 | 433 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:JURY TRIAL as to Wesley Ira Purkey held on 10/28/2003, VOIR DIRE begun on 10/28/2003. Wesley Ira Purkey (1) on Count 1,1s (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) Additional attachment(s) added on 11/26/2003 (Honeycutt, Cassaundra). (Entered: 10/31/2003) |
| 10/28/2003 | 451 | JURY LIST as to Wesley Ira Purkey for 10/28 and 10/29. (Honeycutt, Cassaundra) (Entered: 11/05/2003) |
| 10/29/2003 | 434 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:JURY SELECTION as to Wesley Ira Purkey held on 10/29/2003, JURY TRIAL as to Wesley Ira |

Ex_15-001241

| | | |
|---|---|---|
| | | Purkey held on 10/29/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 10/31/2003) |
| 10/30/2003 | 431 | PROPOSED EXHIBIT LIST by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 10/30/2003) |
| 10/30/2003 | 435 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:3rd day of JURY TRIAL as to Wesley Ira Purkey held on 10/30/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 10/31/2003) |
| 10/31/2003 | 432 | MOTION for Subpoena Service upon witness Mortensen by Wesley Ira Purkey. Suggestions in opposition/response due by 11/17/2003 (Duchardt, Frederick) (Entered: 10/31/2003) |
| 10/31/2003 | 436 | ORDER granting 432 motion as to Wesley Ira Purkey (1) - for issuance of subpoena for service of process by the USM service and for payment of witness fees. Signed by Judge Sarah W. Hays on October 31, 2003. (Gicinto, JoRita) (Entered: 10/31/2003) |
| 10/31/2003 | 443 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:JURY TRIAL - Day 4 as to Wesley Ira Purkey held on 10/31/2003 (Court Reporter Fonns Turner.) (Honeycutt, Cassaundra) (Entered: 11/03/2003) |
| 11/03/2003 | 439 | MOTION to Permit Testimony of Dr. David Preston during First Phase of Trial, with Suggestions by Wesley Ira Purkey. Suggestions in opposition/response due by 11/18/2003 (Duchardt, Frederick) (Entered: 11/03/2003) |
| 11/03/2003 | 446 | ORDER denying [#439] defendant's motion as to Wesley Ira Purkey (1) to utilize the testimony of Dr. David Preston. (Enss, Rhonda) (Entered: 11/03/2003) |
| 11/03/2003 | 449 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 5th day of JURY TRIAL as to Wesley Ira Purkey held on 11/3/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/05/2003) |
| 11/04/2003 | 447 | MOTION to Reconsider Disallowance of Preston Testimony and Further Offer of Proof *with suggestions* by Wesley Ira Purkey. Suggestions in opposition/response due by 11/19/2003 (Duchardt, Frederick) Modified on 1/22/2004 to reflect motion termed as it was ruled on record (Enss, Rhonda). (Entered: 11/04/2003) |
| 11/04/2003 | 450 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:6th day of JURY TRIAL as to Wesley Ira Purkey held on 11/4/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/05/2003) |
| 11/04/2003 | 457 | JURY INSTRUCTIONS refused. (Honeycutt, Cassaundra) (Entered: 11/07/2003) |
| 11/05/2003 | 448 | MOTION for Judgment of Acquittal at the Close of all of the Evidence by Wesley Ira Purkey. Suggestions in opposition/response due by 11/20/2003 (Duchardt, Frederick) Modified on 12/2/2003 - termed as defendant was found guilty 11/5/03 (Enss, Rhonda). (Entered: 11/05/2003) |
| 11/05/2003 | 458 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 7th Day of JURY TRIAL as to Wesley Ira Purkey held on 11/5/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/07/2003) |
| 11/05/2003 | 459 | JURY INSTRUCTIONS given. (Honeycutt, Cassaundra) (Entered: 11/07/2003) |
| 11/05/2003 | 460 | JURY NOTES as to Wesley Ira Purkey (Honeycutt, Cassaundra) (Entered: 11/07/2003) |
| 11/05/2003 | 461 | JURY VERDICT as to Wesley Ira Purkey (1) Guilty on Count 1s. (Honeycutt, Cassaundra) (Entered: 11/07/2003) |
| 11/07/2003 | 452 | MOTION for Subpoena for Witness Dennis Messoline by Wesley Ira Purkey. |

Ex_15-001242

| | | |
|---|---|---|
| | | Suggestions in opposition/response due by 11/24/2003 (Duchardt, Frederick) (Entered: 11/07/2003) |
| 11/07/2003 | 453 | ORDER granting 452 motion as to Wesley Ira Purkey (1) -for issuance of subopena to witness Dennis Messoline and or payment of witness fees. Signed by Judge Sarah W. Hays on November 7, 2003. (Gicinto, JoRita) (Entered: 11/07/2003) |
| 11/07/2003 | 454 | Second PROPOSED JURY INSTRUCTIONS by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 11/07/2003) |
| 11/07/2003 | 456 | Amended PROPOSED EXHIBIT LIST by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 11/07/2003) |
| 11/09/2003 | 462 | APPLICATION FOR WRIT of Habeas Corpus ad Testificandum *for Witness Robert E. Lopez* by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 11/09/2003) |
| 11/10/2003 | 463 | TRIAL BRIEF by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 11/10/2003) |
| 11/10/2003 | 464 | MOTION Providing Initial List of Mitigating Factors to be Relied upon at Trial by Wesley Ira Purkey. Suggestions in opposition/response due by 11/25/2003 (Duchardt, Frederick) Modified on 12/2/2003 to reflect document moot - should not have been filed as a motion (Enss, Rhonda). (Entered: 11/10/2003) |
| 11/10/2003 | 465 | Amended PROPOSED EXHIBIT LIST by USA as to Wesley Ira Purkey (Whitworth, Matt) (Entered: 11/10/2003) |
| 11/10/2003 | 469 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 8th day of JURY TRIAL as to Wesley Ira Purkey held on 11/10/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/12/2003) |
| 11/10/2003 | 470 | ORDER granting issuance of writ of Habeas corpus as to Wesley Ira Purkey. Signed by Judge Sarah W. Hays on 11/10/03. Writ delivered to USM on 11/10/03 (Honeycutt, Cassaundra) (Entered: 11/12/2003) |
| 11/12/2003 | 466 | Third PROPOSED WITNESS LIST by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 11/12/2003) |
| 11/12/2003 | 467 | MOTION for Authorization to Travel by Dr. Mark Cunningham, Ph.D. by Wesley Ira Purkey. Suggestions in opposition/response due by 11/28/2003 (Duchardt, Frederick) (Entered: 11/12/2003) |
| 11/12/2003 | 468 | ORDER granting 467 request for authorization to travel for defense expert, Dr. Mark Cunningham, Ph.D. Signed by Judge Sarah W. Hays on 11/12/03. (O'Connor, Stacy) (Entered: 11/12/2003) |
| 11/12/2003 | 474 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 9th day of JURY TRIAL as to Wesley Ira Purkey held on 11/12/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/13/2003) |
| 11/13/2003 | 471 | MOTION for Amended Order Regarding Appearance of Witnesses by Wesley Ira Purkey. Suggestions in opposition/response due by 11/28/2003 (Duchardt, Frederick) (Entered: 11/13/2003) |
| 11/13/2003 | 473 | AMENDED ORDER granting 471 amended motion as to Wesley Ira Purkey (1) - Regarding appearance of witnessess and payment of witness fees. Signed by Judge Sarah W. Hays on November 13, 2003. (Gicinto, JoRita) (Entered: 11/13/2003) |
| 11/13/2003 | 481 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 10th day of JURY TRIAL as to Wesley Ira Purkey held on 11/13/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/19/2003) |

Ex_15-001243

| | | |
|---|---|---|
| 11/14/2003 | 475 | MOTION Allocution by Defendant in the Presence of the Jury by Wesley Ira Purkey. Suggestions in opposition/response due by 12/1/2003 (O'Sullivan, Laura) Modified on 12/3/2003 to reflect motion terminated (Enss, Rhonda). (Entered: 11/14/2003) |
| 11/14/2003 | 477 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 11th day of JURY TRIAL as to Wesley Ira Purkey held on 11/14/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/17/2003) |
| 11/17/2003 | 476 | Third PROPOSED JURY INSTRUCTIONS by Wesley Ira Purkey (Duchardt, Frederick) (Entered: 11/17/2003) |
| 11/17/2003 | 479 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 12th day of JURY TRIAL as to Wesley Ira Purkey held on 11/17/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/18/2003) |
| 11/18/2003 | 478 | Offer of Proof of Dr. Mark Cunningham Testimony Regarding Fetal Alcohol Exposure by Wesley Ira Purkey. Suggestions in opposition/response due by 12/3/2003 (Duchardt, Frederick) Modified on 11/19/2003 to correct document type.(Honeycutt, Cassaundra). (Entered: 11/18/2003) |
| 11/18/2003 | 480 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 13th day of JURY TRIAL as to Wesley Ira Purkey held on 11/18/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/19/2003) |
| 11/19/2003 | 482 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.: 14th day of JURY TRIAL as to Wesley Ira Purkey held on 11/19/2003 (Court Reporter Donna Turner.) (Honeycutt, Cassaundra) (Entered: 11/20/2003) |
| 11/19/2003 | 483 | JURY INSTRUCTIONS refused - penalty phase. (Honeycutt, Cassaundra) (Entered: 11/20/2003) |
| 11/19/2003 | 484 | JURY INSTRUCTIONS given - penalty phase. (Honeycutt, Cassaundra) (Entered: 11/20/2003) |
| 11/19/2003 | 485 | EXHIBIT INDEX by USA. (Honeycutt, Cassaundra) (Entered: 11/20/2003) |
| 11/19/2003 | 486 | EXHIBIT INDEX of Defendant (Honeycutt, Cassaundra) (Entered: 11/20/2003) |
| 11/19/2003 | 487 | SPECIAL VERDICT FORM: Death Sentence imposed. (Honeycutt, Cassaundra) (Entered: 11/20/2003) |
| 11/25/2003 | 488 | MOTION for extension of time to file *Motion for New Trial* by Wesley Ira Purkey. Suggestions in opposition/response due by 12/10/2003 (Duchardt, Frederick) (Entered: 11/25/2003) |
| 11/25/2003 | 489 | ORDER granting [#488] defendant's motion for extension of time to file motion for new trial until 12/12/03 as to Wesley Ira Purkey (1) (Enss, Rhonda). (Entered: 11/25/2003) |
| 12/12/2003 | 490 | MOTION for new trial by Wesley Ira Purkey. Suggestions in opposition/response due by 12/29/2003 (Duchardt, Frederick) (Entered: 12/12/2003) |
| 12/12/2003 | 491 | WRIT of Habeas Corpus ad Testificandum returned executed for Robert E. Lopez on 11/18/03. in case as to Wesley Ira Purkey (Honeycutt, Cassaundra) (Entered: 12/22/2003) |
| 12/29/2003 | 492 | MOTION for extension of time to file response/reply as to 490 MOTION for new trial *Government's Request for Extension of Time to Reply to Defendant's Motion for New Trial* by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 1/13/2004 (Whitworth, Matt) (Entered: 12/29/2003) |
| 12/31/2003 | 493 | Supplemental MOTION for new trial by Wesley Ira Purkey. Suggestions in opposition/response due by 1/15/2004 (Duchardt, Frederick) (Entered: 12/31/2003) |

Ex_15-001244

| 01/09/2004 | 494 | ORDER granting [#492] plaintiff's motion for extension of time to file response as to Wesley Ira Purkey (1) to defendant's motion for new trial. (Enss, Rhonda) (Entered: 01/09/2004) |
| 01/12/2004 | 495 | MOTION for extension of time to file response/reply as to 490 MOTION for new trial, 493 Supplemental MOTION for new trial *Government's Second Request for Extension of Time to Reply to Defendant's Motion for New Trial and Supplemental Motion for New Trial* by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 1/27/2004 (Whitworth, Matt) (Entered: 01/12/2004) |
| 01/13/2004 | 496 | ORDER granting [#495] plaintiff's second motion for extension of time to file response to defendant's motion for new trial and supplemental motion for new trial until 1/15/04. (Enss, Rhonda) (Entered: 01/13/2004) |
| 01/14/2004 | 497 | RESPONSE to motion by USA as to Wesley Ira Purkey re 493 Supplemental MOTION for new trial *Response of the United States to Defendant Wesley Purkey's Supplemental Motion for New Trial* (Whitworth, Matt) (Entered: 01/14/2004) |
| 01/15/2004 | 498 | RESPONSE to motion by USA as to Wesley Ira Purkey re 490 MOTION for new trial *Response of United States to Defendant's Motion for New Trial* (Whitworth, Matt) (Entered: 01/15/2004) |
| 01/20/2004 | 499 | SUGGESTIONS in support by Wesley Ira Purkey re 490 MOTION for new trial *Reply to Government Response (Doc. 498)* (Duchardt, Frederick) (Entered: 01/20/2004) |
| 01/21/2004 | 500 | SUGGESTIONS in support by Wesley Ira Purkey re 493 Supplemental MOTION for new trial *Reply to Government's Response (Doc. 497)* (Duchardt, Frederick) (Entered: 01/21/2004) |
| 01/21/2004 | 501 | MOTION for new trial *Second Supplementary* by Wesley Ira Purkey. Suggestions in opposition/response due by 2/5/2004 (Duchardt, Frederick) (Entered: 01/21/2004) |
| 01/22/2004 | 502 | MOTION for Order that Purkey be Returned to State of Kansas after Sentencing in this Case by Wesley Ira Purkey. Suggestions in opposition/response due by 2/6/2004 (Duchardt, Frederick) (Entered: 01/22/2004) |
| 01/22/2004 | 503 | ORDER denying [#490] defendant's motion for new trial; denying [#493] defendant's supplemental motion for new trial; and denying [#501] defendant's second supplemental motion for new trial (Enss, Rhonda). (Entered: 01/22/2004) |
| 01/22/2004 | 504 | RESPONSE to motion by USA as to Wesley Ira Purkey re 502 MOTION for Order that Purkey be Returned to State of Kansas after Sentencing in this Case *Response of the United States to Defendant Purkey's Request for Order to Marshal Directing that Purkey be Returned to Kansas Per Terms of Writ of Habeas Corpus Ad Prosequendum* (Whitworth, Matt) (Entered: 01/22/2004) |
| 01/23/2004 | 505 | Minute Entry for proceedings held before Judge Fernando J. Gaitan Jr.:SENTENCING held on 1/23/2004 for Wesley Ira Purkey (1). The defendant was found guilty on Count 1 of the Superseding Indictment on November 5, 2003. IMPRISONMENT: The defendant is hereby committed to the custody of the Attorney General for the United States to be imprisoned for a total term of DEATH. The defendant is committed to the custody of the Attorney General of the United States until the exhaustion of procedures for appeal and review of this sentence, and thereafter to the custody of the United States Marshal for the implementation of the death penalty. CRIMINAL MONETARY PENALTIES: MSA $100 due immediately. (Court Reporter Donna Turner.) (Jones, Robin) (Entered: 01/26/2004) |
| 01/26/2004 | 506 | JUDGMENT and COMMITMENT as to Wesley Ira Purkey (1). The defendant was |

Ex_15-001245

| | | |
|---|---|---|
| | | found guilty on Count 1 of the Superseding Indictment on November 5, 2003. Date of imposition of sentence was January 23, 2004. IMPRISONMENT: The defendant is hereby committed to the custody of the Attorney General for the United States to be imprisoned for a total term of DEATH. The defendant is committed to the custody of the Attorney General of the United States until the exhaustion of procedures for appeal and review of this sentence, and thereafter to the custody of the United States Marshal for the implementation of the death penalty. CRIMINAL MONETARY PENALTIES: MSA $100 due immediately. Signed by Judge Fernando J. Gaitan Jr. on January 26, 2004. (Jones, Robin) (Entered: 01/26/2004) |
| 01/27/2004 | 507 | MOTION to dismiss count(s) by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 2/11/2004 (Whitworth, Matt) (Entered: 01/27/2004) |
| 01/30/2004 | 508 | MOTION for Leave to appeal in forma pauperis by Wesley Ira Purkey. Suggestions in opposition/response due by 2/17/2004 (Duchardt, Frederick) (Entered: 01/30/2004) |
| 01/30/2004 | 509 | ORDER granting [#508] defendant's motion for leave to appeal in forma pauperis as to Wesley Ira Purkey (1). (Enss, Rhonda) (Entered: 01/30/2004) |
| 02/02/2004 | | ***Motions terminated as to Wesley Ira Purkey : granting [#507] government's MOTION to dismiss Indictment filed 10/10/01. (Enss, Rhonda) (Entered: 02/02/2004) |
| 02/02/2004 | 510 | ORDER granting motion to dismiss count(s) as to Wesley Ira Purkey. Plaintiff's motion to dismiss, filed January 27, 2004, is sustained. It is hereby ordered that the Indictment filed October 10, 2001, is dismissed. Signed by Judge Fernando J. Gaitan Jr. on February 2, 2004. (Jones, Robin) (Entered: 02/02/2004) |
| 02/02/2004 | 511 | NOTICE OF APPEAL by Wesley Ira Purkey Filing fee $ 255. (Duchardt, Frederick) (Entered: 02/02/2004) |
| 02/03/2004 | | Electronic notification of Notice of Appeal and docket sheet as to Wesley Ira Purkey to US Court of Appeals re 511 Notice of Appeal - Final Judgment (Brogan, Shannon) (Entered: 02/04/2004) |
| 02/04/2004 | 512 | AMENDED NOTICE OF APPEAL (amended to improve legibility only) by Wesley Ira Purkey re 506 Judgment and commitment Filing fee $ 0.00, receipt number CJA. (Brogan, Shannon) (Entered: 02/04/2004) |
| 02/04/2004 | | Transmission of AMENDED Notice of Appeal as to Wesley Ira Purkey to US Court of Appeals re 512 AMENDED Notice of Appeal - Final Judgment (Brogan, Shannon) (Entered: 02/04/2004) |
| 02/09/2004 | 513 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Wesley Ira Purkey (Brogan, Shannon) (Entered: 02/09/2004) |
| 02/12/2004 | | USCA Case Number as to Wesley Ira Purkey 8TH CIRCUIT CASE NUMBER 04-1337 for 511 Notice of Appeal - Final Judgment filed by Wesley Ira Purkey, 512 Notice of Appeal - Final Judgment filed by Wesley Ira Purkey. Appeal Record due by 3/15/2004. Transcript due by 3/15/2004. (Brogan, Shannon) (Entered: 02/12/2004) |
| 02/17/2004 | 514 | JUDGMENT RETURNED executed as to Wesley Ira Purkey on 2/9/04 to Terre Haute, IN. This is a text entry only - the document contains original signatures of non attorneys and is being maintained in a paper file at the court. (Honeycutt, Cassaundra) (Entered: 02/18/2004) |
| 03/15/2004 | 515 | Certified and transmitted record on Appeal w/three copies presentence report (sealed), 11 volumes transcripts and one red folder of exhibits as to Wesley Ira Purkey to US Court of Appeals re 511 Notice of Appeal - Final Judgment, 512 Notice of Appeal - Final Judgment (Brogan, Shannon) (Entered: 03/15/2004) |

Ex_15-001246

| 03/16/2004 | 517 | TRANSCRIPT of Trial as to Wesley Ira Purkey held on 10/28/03, Vol I before Judge Fernando J Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
|---|---|---|
| 03/16/2004 | 524 | TRANSCRIPT of Trial, Vol III as to Wesley Ira Purkey held on 11/5/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/16/2004 | 525 | TRANSCRIPT of Trial, Vol IX as to Wesley Ira Purkey held on 11/10/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 516 | ORDER as to Wesley Ira Purkey - Clerk to forward all sealed documents to Court of Appeals. Documents shall remain sealed for all other intents and purposes and shall not be further released. (Enss, Rhonda) (Entered: 03/17/2004) |
| 03/17/2004 | 518 | TRANSCRIPT of Trial, Vol II as to Wesley Ira Purkey held on 10/28/03 before Judge Fernando J Gaitan. Court Reporter: Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 519 | TRANSCRIPT of trial, Vol III as to Wesley Ira Purkey held on 10/29/03 before Judge Fernando J Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 520 | TRANSCRIPT of Trial, Vol IV as to Wesley Ira Purkey held on 10/30/03 before Judge Fernando J Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 521 | TRANSCRIPT of Trial, Vol V as to Wesley Ira Purkey held on 10/31/04 before Judge Fernando J. Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in |

Ex_15-001247

| | | |
|---|---|---|
| | | the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 522 | TRANSCRIPT of Trial, Vol VI as to Wesley Ira Purkey held on 11/3/03 before Judge Fernando J Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 523 | TRANSCRIPT of Trial, Vol VII as to Wesley Ira Purkey held on 11/4/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 526 | TRANSCRIPT of Trial, Vol X as to Wesley Ira Purkey held on 11/10/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 527 | TRANSCRIPT of Trial, Vol XI as to Wesley Ira Purkey held on 11/12/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 528 | TRANSCRIPT of Trial, Vol XII as to Wesley Ira Purkey held on 11/12/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 529 | TRANSCRIPT of Vol XVI as to Wesley Ira Purkey held on 11/14/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 530 | TRANSCRIPT of Trial, Vol XV as to Wesley Ira Purkey held on 11/14/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the |

Ex_15-001248

| | | docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
|---|---|---|
| 03/17/2004 | 531 | TRANSCRIPT of Trial, Vol XIV as to Wesley Ira Purkey held on 11/13/2003 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 532 | TRANSCRIPT of Trial, Vol XIII as to Wesley Ira Purkey held on 11/13/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 533 | TRANSCRIPT of Teleconference as to Wesley Ira Purkey held on 10/23/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 534 | TRANSCRIPT of teleconference as to Wesley Ira Purkey held on 10/21/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 535 | TRANSCRIPT of Sentencing Hearing as to Wesley Ira Purkey held on 1/23/04 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 536 | TRANSCRIPT of Trial, Vol XVIII as to Wesley Ira Purkey held on 11/18&19/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/17/2004 | 537 | TRANSCRIPT of Trial, Vol XVII as to Wesley Ira Purkey held on 11/17/03 before Judge Fernando Gaitan. Court Reporter: Donna Turner. This is a text entry only - no document is attached. The transcript is available for review in the Clerk's Office. Please contact the court reporter listed above for copies. (Honeycutt, Cassaundra) (Crespo, Wil). Modified on 12/29/2014 (Crespo, Wil). The transcript, which was originally referred to in the |

Ex_15-001249

| | | |
|---|---|---|
| | | docket entry, was scanned and attached to the filing on 12/29/14. There is no transcript to this filing being kept in the Clerk's Office. (Entered: 03/17/2004) |
| 03/18/2004 | | Transmitted record on Appeal as to Wesley Ira Purkey to US Court of Appeals re 511 Notice of Appeal - Final Judgment, 512 Notice of Appeal - Final Judgment: Twenty volumes transcripts on appeal, Documents #s 517 - 537. (Brogan, Shannon) (Entered: 03/18/2004) |
| 03/22/2004 | 538 | Transmitted record on Appeal containing sealed documents as to Wesley Ira Purkey to US Court of Appeals re 511 Notice of Appeal - Final Judgment, 512 Notice of Appeal - Final Judgment (McDowell, Shelly) (Entered: 03/22/2004) |
| 08/04/2004 | 560 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $26,280.16, Voucher # 02MOW093. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 18, 2002. (Jones, Robin) Modified on 8/6/2004 to correct event title and to include date signed by judge (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 561 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $11,369.17, Voucher # 02MOW308. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on August 19, 2002. (Jones, Robin) Modified on 8/6/2004 to correct event title and date filed (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 562 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $23,825.18, Voucher #03MOW015. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on October 8, 2002. (Jones, Robin) Modified on 8/6/2004 to correct event title (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 563 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $53,771.71, Voucher #03MOW164. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on February 17, 2003. (Jones, Robin) Modified on 8/6/2004 to correct event title (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 564 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $18,516.39, Voucher #03MOW328. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on May 3, 2002. (Jones, Robin) Modified on 8/6/2004 to correct event title (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 565 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $13,769.66, Voucher #03MOW433. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on July 17, 2003. (Jones, Robin) Modified on 8/6/2004 to correct event title (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 566 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $38,569.97, Voucher #03MOW526. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on September 15, 2003. (Jones, Robin) Modified on 8/6/2004 to correct event title (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 567 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $26,009.89, Voucher #04MOW103. This is a text entry only - the document is being maintained in the finance office at the court. Signed by |

Ex_15-001250

| | | |
|---|---|---|
| | | Judge Fernando J. Gaitan Jr. on December 3, 2003. (Jones, Robin) Modified on 8/6/2004 to correct event type (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 568 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $52,150.92, Voucher #04MOW104. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 3, 2003. (Jones, Robin) Modified on 8/6/2004 to correct event title (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 569 | CJA 30 Authorization to Pay Frederick A. Duchardt, Jr. in death penalty proceedings as to Wesley Ira Purkey. Amount: $141,836.58, Voucher #04MOW212. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on February 13, 2004. (Jones, Robin) Modified on 8/6/2004 to correct event title (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 570 | CJA 30 Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $2,638.14, Voucher #02MOW149. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on May 5, 2002. (Jones, Robin) Modified on 8/6/2004 to correct event type (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 571 | CJA 30 Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $3,363.86, Voucher #03MOW092. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 13, 2002. (Jones, Robin) Modified on 8/6/2004 to correct event type (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 572 | CJA 30 Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $10,042.97, Voucher # 03MOW174. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on February 21, 2002. (Jones, Robin) Modified on 8/6/2004 to correct event type (Jones, Robin). (Entered: 08/06/2004) |
| 08/04/2004 | 573 | CJA 30: Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $7,797.80, Voucher #03MOW379. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on June 4, 2003. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 574 | CJA 30: Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $15,306.16, Voucher #03MOW547. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on September 26, 2003. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 575 | CJA 30: Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $22,156.16, Voucher #04MOW264. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 12, 2004. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 576 | CJA 30: Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $23,228.50, Voucher #04MOW270. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 12, 2004. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 577 | CJA 30: Authorization to Pay Laura E. O'Sullivan in death penalty proceedings as to Wesley Ira Purkey. Amount: $19,554.03, Voucher #04MOW271. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 12, 2004. (Jones, Robin) (Entered: 08/06/2004) |

Ex_15-001251

| 08/04/2004 | 578 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $2,852.00 for Expert Services, Voucher #02MOW309. This is a text entry only - the document is being maintained in the finance office at the court.. Signed by Judge Fernando J. Gaitan Jr. on August 19, 2002. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 579 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $3,703.85 for Expert Services, Voucher #03MOW075. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on November 6, 2002. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 580 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $6,804.19 for Expert Services, Voucher #03MOW356. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on April 25, 2003. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 581 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $4,085.08 for Expert Services, Voucher #03MOW450. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on July 31, 2003. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 582 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $3,329.32 for Expert Services, Voucher #04MOW008. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on September 22, 2003. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 583 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $7,823.57 for Expert Services, Voucher #04MOW108. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 3, 2003. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 584 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $4,046.58 for Expert Services, Voucher #04MOW174. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on January 6, 2004. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 585 | CJA 31: Authorization to Pay Michael Armstrong in death penalty proceedings as to Wesley Ira Purkey. Amount: $482.83 for Expert Services, Voucher #04MOW298. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 29, 2004. (Jones, Robin) (Entered: 08/06/2004) |
| 08/04/2004 | 586 | CJA 31: Authorization to Pay Stephen Peterson, MD in death penalty proceedings as to Wesley Ira Purkey. Amount: $950.50 for Expert Services, Voucher #02MOW239. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on July 17, 2002. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 587 | CJA 31: Authorization to Pay Stephen Peterson, MD in death penalty proceedings as to Wesley Ira Purkey. Amount: $4,945.50 for Expert Services, Voucher #03MOW462. This is a text entry only - the document is being maintained in the finance office at the court. |

Ex_15-001252

| | | |
|---|---|---|
| | | Signed by Judge Fernando J. Gaitan Jr. on August 1, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 588 | CJA 31: Authorization to Pay Stephen Peterson, MD in death penalty proceedings as to Wesley Ira Purkey. Amount: $787.50 for Expert Services, Voucher #03MOW538. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on August 21, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 589 | CJA 31: Authorization to Pay Stephen Peterson, MD in death penalty proceedings as to Wesley Ira Purkey. Amount: $720.00 for Expert Services, Voucher #04MOW105. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 3, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 590 | CJA 31: Authorization to Pay Stephen Peterson, MD in death penalty proceedings as to Wesley Ira Purkey. Amount: $5,850.50 for Expert Services, Voucher #04MOW106. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 3, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 591 | CJA 31: Authorization to Pay Mark D. Cunningham, PhD in death penalty proceedings as to Wesley Ira Purkey. Amount: $11,040.00 for Expert Services, Voucher #03MOW208. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on February 17, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 592 | CJA 31: Authorization to Pay Mark D. Cunningham, PhD in death penalty proceedings as to Wesley Ira Purkey. Amount: $2,898.75 for Expert Services, Voucher #03MOW311. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on April 11, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 593 | CJA 31: Authorization to Pay Mark D. Cunningham, PhD in death penalty proceedings as to Wesley Ira Purkey. Amount: $2,459.45 for Expert Services, Voucher #03MOW369. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on May 14, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 595 | CJA 31: Authorization to Pay Mark D. Cunningham, PhD in death penalty proceedings as to Wesley Ira Purkey. Amount: $8,785.28 for Expert Services, Voucher #04MOW318. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 29, 2004. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 596 | CJA 31: Authorization to Pay David F. Preston, MD in death penalty proceedings as to Wesley Ira Purkey. Amount: $1,400.00 for Expert Services, Voucher #04MOW184. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on January 27, 2004. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 597 | CJA 31: Authorization to Pay David F. Preston, MD in death penalty proceedings as to Wesley Ira Purkey. Amount: $2,200.00 for Expert Services, Voucher #04MOW185. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on January 27, 2004. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 598 | CJA 31: Authorization to Pay Bruce A. Leeson, PhD in death penalty proceedings as to |

Ex_15-001253

| | | |
|---|---|---|
| | | Wesley Ira Purkey. Amount: $5,000.00 for Expert Services, Voucher #04MOW109. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 3, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 599 | CJA 31: Authorization to Pay Bruce Leeson, PhD in death penalty proceedings as to Wesley Ira Purkey. Amount: $3,000.00 for Expert Services, Voucher #04MOW344. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on April 12, 2004. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 600 | CJA 31: Authorization to Pay Bruce Leeson, PhD in death penalty proceedings as to Wesley Ira Purkey. Amount: $300.00 for Expert Services, Voucher #04MOW354. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on April 12, 2004. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 601 | CJA 31: Authorization to Pay Walter F. Rowe in death penalty proceedings as to Wesley Ira Purkey. Amount: $1,000.00 for Expert Services, Voucher #04MOW107. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 3, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 602 | CJA 31: Authorization to Pay University of Kansas Hospital in death penalty proceedings as to Wesley Ira Purkey. Amount: $5,819.40 for Expert Services, Voucher #04MOW280. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 12, 2004. (Jones, Robin) (Entered: 08/09/2004) |
| 08/04/2004 | 603 | CJA 31: Authorization to Pay David J. Lamagna in death penalty proceedings as to Wesley Ira Purkey. Amount: $1,125.00 for Expert Services, Voucher #04MOW279. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on March 12, 2004. (Jones, Robin) (Entered: 08/09/2004) |
| 08/09/2004 | 594 | CJA 31: Authorization to Pay Mark D. Cunningham, PhD in death penalty proceedings as to Wesley Ira Purkey. Amount: $8,995.41 for Expert Services, Voucher #04MOW317. This is a text entry only - the document is being maintained in the finance office at the court. Signed by Judge Fernando J. Gaitan Jr. on December 9, 2003. (Jones, Robin) (Entered: 08/09/2004) |
| 01/03/2005 | 604 | CJA 31: Authorization to Pay Anthony Falsetti, Ph.D in death penalty proceedings as to Wesley Ira Purkey. Amount: $4500.00 for Expert Services approved by Judge Fernando J. Gaitan Jr on 10/22/04, amount reduced to $4000.00 on 11/26/04 by Chief Judge of the Eight Circuit Court of Appeals James B. Loken. Voucher # 05MOW073. This is a text entry only - the document is being maintained in the finance office at the court. (Sullivan, Tanya) (Entered: 01/06/2005) |
| 02/01/2006 | 605 | USCA JUDGMENT AND MANDATE as to 511 Notice of Appeal - Final Judgment filed by Wesley Ira Purkey,, 512 Notice of Appeal - Final Judgment filed by Wesley Ira Purkey, with mandate issued on January 24, 2006. The judgment of the district court in this cause is affirmed. (Attachments: # 1 Opinion)(Jones, Robin) (Entered: 02/01/2006) |
| 02/01/2006 | 606 | LETTER from Clerk of Court to United States Marshal as to Wesley Ira Purkey. (Jones, Robin) (Entered: 02/01/2006) |
| 02/10/2006 | | ***Appeal Remark as to Wesley Ira Purkey: Received today from the 8th Circuit Court of Appeals the following transcripts #30, 49, 55, 97, 107, 136, 140, 152, 175, 214, 381, and 517-537. (Crespo, Wil) (Entered: 02/10/2006) |

Ex_15-001254

| | | |
|---|---|---|
| 07/06/2006 | | WRIT OF CERTIORARI FILED by US Supreme Court as to Wesley Ira Purkey re 512 Notice of Appeal - Final Judgment U.S. Supreme Court Case Number 05-11528, filed on 6/15/06. (Crespo, Wil) (Entered: 07/06/2006) |
| 11/07/2006 | | WRIT OF CERTIORARI DENIED by US Supreme Court as to Wesley Ira Purkey re 511 Notice of Appeal - Final Judgment, 512 Notice of Appeal - Final Judgment U. S. Supreme Court Case Number 05-11528 (Crespo, Wil) (Entered: 11/07/2006) |
| 11/25/2006 | | The document originally filed as Document #607, MOTION to appoint counsel *for 2255 proceedings, with suggestions* has been deleted. The document has been refiled as the initiating document in Case No. 06-8001-CV-W-FJG. Modified on 12/12/2006 (Jones, Robin). (Entered: 11/25/2006) |
| 12/12/2006 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on November 25, 2006 as Document No. 607, MOTION to appoint counsel *for 2255 proceedings, with suggestions.* The document has been refiled as the initiating document in case no. 06-8001-CV-W-FJG. This is a text entry only - no document is attached. (Jones, Robin) (Entered: 12/12/2006) |
| 09/29/2009 | 607 | ORDER DENYING movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 47 in Civil Case No. 06-8001; DENYING the Motion to Strike the Statement of Frederick A. Duchardt, Jr. 83 ; DENYING the Motion to Set Matter for an Evidentiary Hearing 84 ; and DENYING AS MOOT the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. 87 .Signed by Chief District Judge Fernando J. Gaitan, Jr. on 9/29/09.(Enss, Rhonda) (Entered: 09/29/2009) |
| 11/13/2009 | 608 | NOTICE OF ATTORNEY APPEARANCE Kathleen D Mahoney appearing for USA. (Mahoney, Kathleen) (Entered: 11/13/2009) |
| 11/13/2009 | 609 | NOTICE OF ATTORNEY APPEARANCE David M Ketchmark appearing for USA. (Ketchmark, David) (Entered: 11/13/2009) |
| 01/27/2010 | 610 | MOTION to withdraw as attorney by Matt J. Whitworth. by USA as to Wesley Ira Purkey. Suggestions in opposition/response due by 2/16/2010 unless otherwise directed by the court. (Porter, Phillip) (Entered: 01/27/2010) |
| 02/10/2010 | 611 | ORDER granting 610 motion to withdraw as attorney. Matt Jeffrey Whitworth withdrawn from case as to Wesley Ira Purkey (1). Signed on 2/10/10 by Chief District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 02/10/2010) |
| 07/25/2019 | 615 | LETTER from U.S. Department of Justice advising that date of execution has been set for December 13, 2019 as to Wesley Ira Purkey. (Anderson, Christy) (Entered: 07/25/2019) |
| 10/18/2019 | 616 | NOTICE of filing of Copy of Order entered by Southern District of Indiana - Terra Haute re: maintaining transcripts under seal. (Moore, Terri) (Entered: 10/18/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/16/2019 16:24:54 | | |
| **PACER Login:** | cristinabecker | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:01-cr-00308-FJG |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

Ex_15-001255

## CM/ECF Mobile - KSD

Case Number or Last, First

| | 25 Docket Entries for Case 5:06-cv-03356-SAC |
|---|---|
| **1** | *12/26/2006* PETITION for Writ of Habeas Corpus filed by Wesley I. Purkey (Attachments: #(1) Exhibits A-P) (smnd) |
| **2** | *12/26/2006* MOTION for Leave to Proceed in forma pauperis by Petitioner Wesley I. Purkey (smnd) |
| **3** | *12/26/2006* SECOND MOTION for Leave to Proceed in forma pauperis by Petitioner Wesley I. Purkey (smnd) |
| **4** | *12/26/2006* AFFIDAVIT IN SUPPORT of **3** SECOND MOTION for Leave to Proceed in forma pauperis by Wesley I. Purkey (smnd) |
| **5** | *12/26/2006* MOTION to Appoint Counsel by Petitioner Wesley I. Purkey (smnd) |
| **6** | *01/05/2007* MEMORANDUM AND ORDER ENTERED: Petitioner is granted thirty (30) days to show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1). Petitioner's motions **2** & **3** for leave to proceed in forma pauperis are granted and his motion **5** to appoint counsel is denied without prejudice. Signed by Senior Judge Sam A. Crow on 01/05/07. (smnd) |
| **7** | *01/24/2007* MOTION for Extension of Time to File Response as to **6** Memorandum and Order by Petitioner Wesley I. Purkey (Attachments: #(1) Exhibit A) (smnd) |
| **8** | *01/29/2007* ORDER ENTERED: The time in which petitioner must respond to the court's show cause order entered on January 5, 2007, is extended to and includes February 25, 2007. Signed by Senior Judge Sam A. Crow on 01/29/07. (smnd) |
| **9** | *02/26/2007* RESPONSE by Petitioner Wesley I. Purkey re **6** Memorandum and Order (Attachments: #(1) Exhibit A) (smnd) |
| **10** | *08/20/2007* MOTION to Expedite Ruling by Petitioner Wesley I. Purkey (smnd) |
| **11** | *09/12/2007* NOTICE of Change of Address by Wesley I. Purkey, #14679-045, now at USP-Terre Haute, P.O. Box 33, Terre Haute, Indiana 47801 (smnd) |
| **12** | *11/19/2007* MEMORANDUM AND ORDER ENTERED: This petition for writ of habeas corpus is dismissed as time-bared under 28 U.S.C. 2244(d)(1) and all relief is denied. Petitioner's motion **10** to expedite ruling is denied as moot. Signed by Senior District Judge Sam A. Crow on 11/19/07. (smnd) |
| **13** | *11/19/2007* JUDGMENT regarding Memorandum and Order **12** dismissing petition for writ of habeas corpus and denying all relief. Case Closed. ***Terminating Case. Signed by Deputy Clerk on 11/19/07. (smnd) |
| **14** | *12/03/2007* NOTICE OF APPEAL as to **12** Memorandum and Order and **13** Judgment by Petitioner Wesley I. Purkey (smnd) |

Pages: 2, Cost: 0.20                                                Full Site

Ex_15-001256

11/16/2019                                          Mobile Query

| 16 | *12/03/2007* MOTION to Appoint Counsel by Petitioner Wesley I. Purkey (smnd) |
| 17 | *12/04/2007* PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re **14** Notice of Appeal - Final Judgment (smnd) |
| 18 | *12/06/2007* APPEAL DOCKETED in 10CCA on December 6, 2007, and assigned Appeal No. 07-3349 re **14** Notice of Appeal - Final Judgment filed by Wesley I. Purkey (smnd) |
| 19 | *12/10/2007* RECEIPT FROM 10CCA of Preliminary Record on Appeal re **14** Notice of Appeal - Final Judgment (Appeal No. 07-3349) (smnd) |
| 20 | *12/31/2007* MOTION for Extension of Time for a Certificate of Appealability by Petitioner Wesley I. Purkey (smnd) |
| 21 | *01/08/2008* ORDER ENTERED: Petitioner's motion **15** to proceed in forma pauperis on appeal is granted. Petitioner's motion **16** to appoint counsel on appeal is denied without prejudice. Petitioner's motion **20** for extension of time in which to file a brief in support of his application for certificate of appealability is granted to and including January 28, 2008. Signed by Senior District Judge Sam A. Crow on 01/08/08. (smnd) |
| 22 | *01/31/2008* MOTION for Certificate of Appealability by Petitioner Wesley I. Purkey (smnd) |
| 23 | *02/06/2008* ORDER ENTERED: Petitioner's application **22** for certificate of appealability is denied. Signed by Senior District Judge Sam A. Crow on 02/06/08. (smnd) |
| 24 | *03/03/2008* RECORD ON APPEAL transmitted to 10CCA re **14** Notice of Appeal - Final Judgment (Appeal No. 07-3349) (smnd) |
| 25 | *06/13/2008* ORDER of 10CCA DISMISSING APPEAL as to **14** Notice of Appeal - Final Judgment filed by Wesley I. Purkey (Appeal No. 07-3349) (smnd) |

Pages: 2, Cost: 0.20                                                    Full Site

Ex_15-001257

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,

      Petitioner,

vs.                                             Case No. #2:19-cv-414

WARDEN OF USP TERRE HAUTE COMPLEX,
UNITED STATES OF AMERICA,

      Respondents.

---

Motion To Rescind Petitioner's Pro Se Motion To Withdraw Petition(s)

    The petitioner, acting pro se herein request that the Court rescind his motion filed to withdraw both his habeas corpus petition, filed pursuant to §2241, as well as the collateral Motion Requesting a Stay of Execution.

Dated: September 10th, 2019

                     RESPECTFULLY SUBMITTED,

                     Wesley I. Purkey #14679-045
                     United States Penitentiary
                     P.O. Box 33
                     Terre Haute, IN 47808
                     Petitioner / pro se

Certificate Of Service

    The undersigned does attest that on September 10th, 2019 that he did serve a true and correct copy of the foregoing motion via U.S. Mail, with sufficient first class postage attached and mailed to:

Warden, USP Terre Haute          Timothy A. Garrison
4700 Bureau Road South           United States Attorney'
Terre Haute, INdiana 47802       Charles Evans Whittaker Courthouse
                             Rm. #5510
                             400 E. 9th Street
                             Kansas City, MO 64106

                             Wesley I. Purkey / declarant

PS000082

Ex_15-001258

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

**FILED**

WESLEY I. PURKEY,

    Plaintiff,

vs.

UNDERWOOD, Et Al.,

    Defendants.

AUG **2 3** 2019

**U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA**

Case No. 2:19-cv-00355-JMS-DLP

### MOTION SEEKING CLARIFICATION FOR COUNSEL TO ENTER APPEARANCE ON THE DOCKET WITH THE DISTRICT COURT CLERK'S OFFICE

    The Plaintiff Wesley I. Purkey (acting pro se herein (hereinafter "Plaintiff") has filed a Motion pursuant to 28 U.S.C. §1915(e)(1) requesting appointment of counsel, see dkt ( ), whereas he now seeks clarification from the Court for the mandate, provision of law and/or criteria for counsel to enter an appearance on the docket with the district court's office to represent him im this litigation before the court. The basis of Purkey's request for clarification regarding such entry by potential counsel because there is confusion surrounding such notice being given to the U.S. District Court's Clerk's Office, i.e. Ms. Laura Briggs and such confusion has 'perhaps' curtailed such entery being given and here is why:

    1.  Different 'Licensed Attorneys' have advised Purkey that an attorney cannot make an appearance on behalf of a pro prisoner litigant until; a) the district court has performed its initial review of the complaint and found it to have satisfied Rule 8;Fed.R.Civ.P. requirements; b) that the district court has made its entry judgment; c) summons have been served; d) that the defendants' have served their answer to the complaint on the plaintiff, e) and/or the defendants have filed a Motion to Dismiss on the Pleadings, and/or a Motion to Dismiss under Rule 12(b)(6); Fed.R.Civ.P.

    2.  Further' the 'Licensed Attorneys' have in turned stated that no outside counsel can enter appearance on the record via the U.S.District Court's Office until the pro se prisoner litigant has filed a Motion Requesting Appointment of Counsel with the Court' and delienated different attorneys which they have sought to represent them in their pending litigation. This claim is difficult to reconcile with the fact that, if one of the different counsel the pro se litigatnt prisoner had contacted was willing to represent him pro bono then all that they would of had to do was contact the district court's office requesting appearance on the record.

1.

PS000077

Ex_15-001259

3.    Here Purkey has thoroughly scrutinized the applicable Local Rule of the Court, Rule 87;S.D.Ind. regarding Respresentation of Indigent Litigants and has not found any governing provision and/or actually promulgation setting a criteria bringing to bear exactly when counsel may request entry in such pro se litigation, via contacting the U.S.District Court Clerk's Office.

Based on the foregoing considerations Purkey is seeking clarification from the court verbatim at what stage of a pro se litigant's litigation, such as in the instant case can counsel seek entry on the record to represent the pro se litigant? Here Purkey has been advised by "Licensed Attorneys'" that he must wait until late in said litigation before an actually appearance on the record by willing pro bono counsel will be allowed such entry by the Clerk's Office. As noted previously that such contention is contraintuitive, whereas after a pro se litigant such as Purkey has sought and taken efforts of their own to find counsel to represent them only to have the district court clerk prohibit them giving appearance on the record if they are willing to take on said litigation. Here Purkey seeks clarification from the coyrt verbatim when pro bono counsel may seek entry in a pro se litigation.

Respectfully Submitted,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/pro se

Dated: August 18th, 2019

### Certificate Of Service

The undersigned does attest that he will amend the Ceritificate of Service and afford the defendants with a true arc correct copy of the foregoing Motion Seeking Clarification when such designation of counsel for the defendants' occur.

Wesley I. Purkey/declarant

2.

PS000078

Ex_15-001260

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2019 JUL 26 PM 3: 42
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

WESLEY I. PURKEY,

    Plaintiff,

vs.

UNDERWOOD/Assistant Warden
WILLIAMS WILSON/MD/CD
CHRISTOPHER MCCOY/HSA
R.D. SHEPHERD/CDO
Dr. BUCKLEY/Dentist
Dr. CORIES/Dentist
J.T. Watson/Warden USP/TH
UNITED STATES/FTCA,

    Defendants.

Case No. _____

CIVIL RIGHTS COMPLAINT
WITH A JURY TRIAL
DEMAND

# 2 : 1 9 -cv- 0 3 5 5 JMS
DLP

---

## BIVENS ACTION

The Plaintiff, Wesley I. Purkey ("Purkey or Plaintiff") hereafter, acting pro se herein is a Death Row Inmate being housed on the Special Confinement Unit ("SCU") at the United States Penitentiary, Terre Haute, Indiana (USP/TH). All issues being presented in Purkey's Complaint took place at the USP/TH, whereas such action is being taken pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Investigation, infra and seeks redress as well through the Federal Tort Claims Act (FTCA). Purkey seeks both redress and remedy for the acute, protracted and ongoing deliberate indifference shown to his serious dental needs, whereas he seeks declaratory relief for the ossify Eighth Amendment violation, as well as compensatory and punitive damages in compensation for such protracted and ongoing constitutional violations.

### I.   Jurisdiction, Venue And Causes Of Action

1.   This court has jurisdiction of this case pursuant to 28 U.S.C. §133, inasmuch that all issues herein arise under the Constitution of the United States, and pursuant to 28 U.S.C. §1343(a)(3), because this action seeks redress for deprivations under federal authority, and of civil rights.

2.   Venue is proper in this district court pursuant to 28 U.S.C. §1391.

3.   Declaratory relief is authorized pursuant to Rule 57 of the Federal Rules of Civil Procedures and 28 U.S.C. §§2201, 2202.

4.   The Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation, 403 U.S. 388 (1971) to redress the deprivations, under federal

1.

PS000037

Ex_15-001261

authority, of rights secured by the Constitution of the United States.

5.   The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680 is being invoked authorizing the substitution of the United States as a defendant in this action, as Dr. Shepherd cannot be sued in his individual capacity being a Public Health Service Worker. Hui v. Castaneda, 559 U.S. 799, 801-802 (2010).

## II.   Identification Of Parties

6.   Defendant Underwood / first name unknown, is the Assistant Warden with oversight of USP/TH Health Services and is being sued in both his individual and official capacities.

7.   William E. Wilson, is a Physician and Medical Director at the USP/TH Complex, and is being sued in both his individual and official capacities.

8.   Christopher McCoy, is the Health Service Administrator at the USP/TH Complex and is being sued in both his official and individual capacities.

9.   R. D. Shepherd, is the Chief Dental Officer at the USP/TH and is being sued in both his official and individual capacities.

10. Defendant Buckley, is a part time Regional Dentist at the USP/TH and is being sued in his individual capacity.

11. Defendant Cortes, was a full time Dentist at the USP/TH and is being sued in his individual capacity.

12. J. T. Watson, is the Complex Warden at the USP/TH and he is being sued in both his individual and official capacities.

13. All the named defendants with exception of Defendant Cortes (who has now retired) can be served summons at: United States Penitentiary, 4700 Bureau Rd., Terre Haute, Indian 47801.

## III.   Factual Allegations / First Cause of Action

The Defendants Did Individually and/or Collectively Show Acute Deliberate Indifference To Purkey's Serious Dental Needs By Systemic Deficiencies In Both Staffing And In Procedural Tactic Policy Practices

In Denying Him Adequate Dental Care For Over A Three Year Period

General Facts:

14.   In December 2011 I received a set of partial plates, Dr. Cortes was the dentist who ahd taken impressions and then adjusted the new partial plates after they were provided. At that time Dr. Cortes with his nurse present advised me that, "these plates are made of really fragile material, so be extremely careful with such when handling the.

15.   In November 2014 the Upper Partial Plate broke, whereas Dr. Cortes had the plate mailed out for repair. When the plate was received back after being repaired it was ill fitted and Dr. Cortes did the best he could to adjust the ill fitting plate, although they remained loose and ill fitted. He

2.

PS000038

Ex_15-001262

reiterated to me again that the material these plates are made of are of low quality and that I needed to be extremely careful with them because they will easily be broken.

16.   The same upper-partial-plate was broken again in April 2016, whereas Dr. Cortes advised me that he was going to repair the broken plate's the best he could 'in-house' and get'em back to me as quickly as possible. After the repairs were done the plate caused pain when eating and continued to become more ill fitted as time went by after Dr. Cortes returned them to me May 2016.

17.   In July 2016 I had a dental examine and Dr. Cortes attempted to adjust the upp-ill-fitting plate the best that he could. He clarified that these junk plates need to be replated and at the end part of the year after I have had both my teeth cleaned and needed dental work completed that he was going to take new molds for new plates. He advised me then that the BOP has now started utilizing higher quality materials (cast mental) for constructing inmates' partial plates. He went to clarify that the new cast-mental plates are extremely durable and fit significantly better than the plates that I have dealt with for the past five years. He noted during this examination the gum swelling and bleeding that was being caused by the ill fitting plates.

18.   After filing a BP-8 (Informal Resolution) regarding the broken ill fitting partial plates that were causing significant pain, gum swelling and bleeding I was told that I was scheluded to be seen by dental and fitted for new partial plates. This BP-8 after being filed, copies were afforded to Dr. Shepherd, Dr. Cortes, Dr. Buckley, as well as A.W. Cox who is A.W. Underwoods predecessor. I agreed to sign off on the BP-8 under the promise of new plates being afforded within the immediate future. Contrary to the promises made no such examination and fitting for new plates occurred.

19.   Almost seven years after receiving the ill fitted partial plates I was advised by Dr. Buckley on August 18th, 2018 that, he could not guarantee when I would receive fitting for the new partial plates. He clarified that, "we are short of staff right now and I am the only dentist at the USP/TH and of course based on my part time status of being a Regional Director I simply do not have the time to do the work that you need done prior to the fitting for new plates. I will get you lined up to see the dental hygenist for teeth clearing and xray and we will take it from there.

20.   Shortly thereafter I spoke with Defendant McCoy about the dentist shortage and the dental problems that I was experiencing because of the ill fitted plates that my gums were bleeding, swelling and when eating significant pain was being suffered. He told me then that, "nothing much that I can do about that, as we are short a dentist - Dr. Cortes is at the FCI, Dr. Shepherd doesn't come over to the USP/TH so that means that Dr. Buckley is the only dentist providing dental treatment for the entire Compound and he is of course a part time Regional Dentist." He went on to retierate that, "I am sorry, I am doing the best I can to locate anoter full time dentist, but to date no success has been found."

21.   After filing another BP-8 on November 16th, 2018 seeking redress for the ongoing pain and suffering being experienced because of the ill fitting partial plates, whereas now the low partial plate

3.

PS000039

Ex_15-001263

was broken as well, and Dr. Buckley several months earlier advised me that there was no possible repair for such and that I simply had to deal with the new dental issue, Dr. Cortes came to my cell on Upper C-Range on November 21st., 2018 regarding the filed BP-8. He readily clarified that the dental problems that I was suffering was obviously due in partial part to the broekn ill fitting partial plates, but the lack of dental staff underscores the problems tenfold. He told me that he was sorry, but there was absolutely nothing that he could about the dental problems that I was suffering, and went onto clarify that, "things are going to get worse before they get better." Why is that I asked him and he told me that, "I am retiting next week and Dr. Shepherd, nor McCoy has a replacement in line for my absence." He went onto clarify that, "the BOP has a policy not to look for additional medical staff until the staff's position is actually vacant." Dr. Cortes advised me that he was sorry that there was nothing that he could do about the pain and suffering that I was experiencing and that – was that. I thanked him for his honesty and advised him that I would go on and file a BP-9. See Appx. (A)/ BP-9.

22.    Through the past three and more years I have sent both emails, as well as copies of my dental sick call request delineating and clarifying the dental problems being experienced to Warden Watson, A.W. Cox and Underwood, as well as to Dr. Shepher and Dr. Wilson, as well as Dr.(s) Cortes and Buckley. Further' I have repeatedly addressed these dental protracted. chronic and going problems with these individuals during their administrative rounds in the SCU which are generally amde every Wednesday and/or Thursday of the week. Generally' each individual advised me that, "they will look into the matter." Defendant McCoy has advised me in the past few months that a new dentist was recently hired, Dr. Van Wagner and was to start at the Federal Correctional Facility sometime in June of this year.

23.    On May 6th, 2019 Dr. Buckley advised me that, "it is going to be another 18 months to two years before I am going to be able to actually repair the teeth needed for fitting you with new partial plates because even with the hiring of the new dentist, Dr. Shepherd is retiring and McCoy has not even found a dentist yet to work full time at the USP. So until a new full time dentist is found the dental work that you need for fitting you for the new plates is going to have to wait and it is going to be around two more years.

### IV.   Second   Cause   Of   Action

The Defendants Actions Individually and Collectively Showed To My Serious Dental Needs, i.e. Broken Upper Right Eye Tooth For Over A Five Month Period Causing Extreme Pain, Swelling And Infection States A Constitutional Violation Under The Eighth Amendment.

24.    In early December 2018 my lower partial plate's broke at the right side, as well as my upper right hand eye tooth was broekn as well. Because of the pain being suffered from the broken eye tooth, and needing the lower plate repaired I submitted a Dental Sick Call Request via the medication nurse making rounds in the SCU the following day. Waiting a week without response I submitted additional Dental Sick

4.

PS000040

Ex_15-001264

Call Request and was ultimately advised by Ms. Wells/Medical Records that I was scheluded to be seen by Dr. Buckley on 12/13/18. After not being seen by Dr. Buckley on that date I filed A BP-8 seeking redress and remedy for being denied treatment for the broken eye tooth and for the ever increasing pain being suffered because of such. See Appx.(B)/BP-8. This BP-8 was filed December 18th, 2018.

25.   On 12/26/18 Nurse Nimz brought the BP-8 to my cell on Upper G-Range with a response attached to it from A. Booth/Acting AHSA stating that, inter alia, "the pain being suffered from the cracked tooth did not constitute an emergency situation and that I needed to wait my turn on the dental list." id./BP-9. The response acknowledged that due to dental staff shortage - only having a part time Regional Dentist for seeing all the inmates' at the USP that the waiting period for my treatment could be entensive." id.

26.   Between the date that the lower plate and eye tooth were broken, the tooth cracked I filed more than a dozen Dental Sick Call Request, contacted Warden J. Watson, Assistant Warden(s) Cox and Underwood, Dentist Shepherd, HSA McCoy and Dr. Buckley w/o response. The pain was clarified through these materials that I was suffering because of the cracked tooth and ignored.

27.   On April 23, 2019 defendant McCoy advised me at my cell door on Upper G-Range at around 3p.m. during his rounds in the SCU as Duty Officer.he told me that, "the problem with the dentist shortage is verbatim the government and its lackadaisical mentality of addressing a foreseeable problem before it takes root.such as with Dr. Cortes retiring. The applicable government department knew full well when Dr. Cortes was retiring but did nothing to address the foreseeable problems such retirement was bound to cause until after Dr. Cortes retired and the problems began to proliferate. This type of incompetency would not be tolerated for a minute in the private sector, but it is simply run of the mill for the government," HSA McCoy clarified to me.

28.   ARound this same time while I was at Recreation and HSA McCoy was making Administrative Rounds in the SCU he advised me that, "we have a new dentist coming, a Van Wagner, although that will not cure the problems being experienced at the USP, because she will be taking Dr. Shepherd's spot at the FCI doing dental work, and we still will not have a full time dentist at the USP. So trying to get you in for treatment might still be awhile off despite you having already waiting several months to be treated.""

29.   On Thursday, April 25th, 2019 at approximately 9p.m. when being escorted to a Legal Visit with Ms. Michelle Law by C.O. Booker I seen Dr. Buckley in the Dental Room and I told him that I have sent you, Shepherd, Underwood, McCoy and the Warden written request asking for dental treatment in the past several months without response.and my upper eye tooth is killing me. Yes' I have received all of those correspondences which were turned over by those individuals, as well as the numerous Dental Sick Calls submitted since December, but as you know that I am the only dentist at the USP and working only part time and I am sorry but your broken tooth or lower cracked partial plates are not priorities. Entering the visiting room imendiately advised Ms. Law of the conversation with C.O. Booker present. In fact C.O. Booker after hearing the conversation between myself and Dr. Buckley asked me, "you mean that you have

5.

PS000041

Ex_15-001265

been waiting to be seen by a dentist since the first part of December for that broken tooth and no one will see you - that is straight-up b.s. I am going to go and talk with Dr. Buckley about this - because this is wrong."

30. On May 5th, 2019 after suffering five months with the broken/cracked right eye tooth, as well as the infection and swelling I was seen by Dr. Buckley at 12:05 p.m. in the SCU Dental Room. After examining the cracked tooth and taking an xray of such he advised me that, "the problem here is the fact that when I fixed this particular tooth sometime back that I only did a 'partial restoration' of the tooth as required by BOP Policy." Dr. Buckley went onto clarify that when I was seen before any complained about pain being experienced because of this tooth I was seen after I submitted a Dental Sick Call Request and based on BOP internal policy we are only allowed to perform a partial restoration when seeing an inmate through an emergency situation. We can only perform full restoration's when seeing an inmate through regular dental visits. What I am going to do today is actually perform a full restoration on this tooth actually going against internal policy, but the tooth is in bad shape and if I do not perform a full restoration then I will have to pull it. The other lower tooth that you are complaining about is going to have to wait until another day to be fixed. In fact before we can even start to take molds for the new partial plates we will need to go back in an perform full restorations on several of the teeth that only had partial restorations did." Dr. Buckley's nurse acknowledged that what he is telling you about Bop Policy and performing only partial restorations is true, and that is something that we have no control over," she said. "I will do a full restoration today on this upper eye tooth and that will be a permanent fix for it," Dr. Buckley advised me.

31. After performing the full restoration on the upper eye tooth, Dr. Buckley went onto clarify that, "it is still going to be anyway from 18 to 24 more months before we can start dealing with repair of the teeth that need to be dealt with before we can start to take molds and fitting you for the new cast/mental partial plates. Based on me being only a Regional part time dentist you need to stop submitting all of these Dental Sick Call Request, because they are not going to help you get the partial plates repaired, let alone new ones made. So please stop submitting all of these dental sick call request." Dr. Buckley's nurse witnessed him advising me of this directive first hand.

## V.    Third Cause Of Action

A Claim Of Negligence Is Taken Against The Defendants Individually And Collectively, As Well As Against The United States Pursuant To The Federal Tort Claim Act (FTCA); 28 U.S.C. § 1346(b), Which Is Being Substituted For Defendant Shepherd Who Is A Public Health Service Employee.

32.    Plaintiff incorporates paragraphs (14) through (31) as though they were stated fully herein.

## VI.   Plaintiff Has Exhausted All Administrative Remedies

Plaintiff has availed himself off all administrative remedies pursuant to 42 U.S.C. §1997(e) before

6.

PS000042

Ex_15-001266

bringing this action to court.

## VI.   Prayer For Relief

A.   Issue a Declaratory Judgment as against each Defendant, jointly and severally, that each defendant did, in their personal and professional capacity, while under color of law, deny Plaintiff his civil rights, and show deliberate indifference to his serious dental needs in violation of the Eighth Amendment to the United States Constitution as stated in paragraphs (14) through (32) herein.

B.   Issue a Declaratory Judgment Defendant R. D. Shepherd as the Chief Dental Officer responsible for providing dental services to inmates such as Purkey and showed deliberate indifference to such responsibility for a protracted number of years; 2) that the BOP had a duty to provide both routine and emergency dental care that Purkey did not receive; and 3) as a result, Purkey's teeth deteriorated, causing extreme protracted pain and suffering, as well as tooth lost because of both their deliberate indifference to such, as well as gross negligence to provide adequate dental care.

C.   That the United States owed a duty to Purkey; 2) that the United States breached that duty; and 3) that breach proximately caused the plaintiff's injuries, pain and suffering. Siner v. Kindred Hosp.Ltd. P'ship, 51 N.E.3d 1184, 1187 (Ind. 2016).

D.   Award compensatory damages against the defendants jointly and severally in the amount of Twenty-Five Thousand Dollars ($25,000.00); and

E.   Award exemplary (punitive) damages againt all defendants, jointly and severally in the amount for Fifty Thousand Dollars ($50,000.00) for the protracted and flagrant deliberate indifference shown to the Plaintiff's seriosu dental needs; and

G.   Award attorney fees, cost of suit and necessary expenses, and such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/pro se

### Signed Under Declaration Of Perjury

The undersigned does attest under pains of perjury that the above and foregoing information is true and correct to the best of his knowledge and beliefs pursuant to 28 U.S.C. §1746. Executed on this   10   day of July, 2019.

Wesley I. Purkey / declarant

7.

PS000043

Ex_15-001267

Appx. (A) (p. (5) (1) thR (12)

PS000044

Ex_15-001268

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

APPX(A)(P1 OF 12)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _Purkey    Wesley    I._    _#14679-045_    _SCU_    _USP/TH_
         LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

Part A - REASON FOR APPEAL This BP-11 timely follows the March 5th, 2019 Response to the attached BP-10 which delineated and clarified the facts and issues permeating the protracted denial replacing the partial plates that have been broken on three different occasions and remain broken to date. Contrary to the Regional Director's evasiveness to the issues and facts involved the plates were to be replaced almost two years ago, whereas both Dr. Cortes and Dr. Buckley reiterated and clarified that the problem for the protracted delay in performing the necessary work and molding for the new plates is based on shortage of dental staff, i.e. that no full time dentist is at the USP/TH since Dr. Cortes retired and Dr. Buckely clarified that, despite the broken dentures were to be replaced sometime ago that' replacing them more than likely would not occur for at least another year or perhaps even longer. This material readily clarifies the acute problem permeating the deliberate indifference to my serious dental needs which Ms. Krueger demonstrated acute ostracism to through his February 3rd., 2019 response received by me March 5th, 2019. See attached Sp.Ex.(A). Thank you for your attention to this matter.

_3/16/19_
         DATE

_Wesley Purkey_
         SIGNATURE OF REQUESTER

Part B - RESPONSE

_____                                    GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

Part C - RECEIPT
                                                    CASE NUMBER: _____

Return to: _____    _____    _____    _____
         LAST NAME, FIRST, MIDDLE INITIAL                REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE

UPN LVN                                                                          BP-231(13)
                                                                                JUNE 2002

PS009045

Ex_15-001269

Case 1:19-cv-03570-TSC    Document 1-18    Filed 11/26/19    Page 288 of 471

Case 2:19-cv-00355-JMS-DLP   Document 1-1   Filed 07/26/19   Page 3 of 13 PageID #: 10

Sp.Ex.(A)/BP-10

**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

Appx (A) (p2 of 6)

☐ Institution   ☒ Region   ☐ Central

SCU _____ Unit

## Receipt of
## Administrative Remedy

Inmate Name: Wesley Purkey    Reg. No.: 14679-045

Administrative Remedy No.: 961018-R1

Received on this 5th day of March, 2019.

_____ Console _____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

**Inmate Copy**

PS000046

Ex_15-001270

**U. S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

ADDX(A)(A30PB)

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number: 961018-R1**

This is in response to your Regional Administrative Remedy Appeal received on January 10, 2019. You allege you are being denied dental treatment. For relief, you request to have dental work completed.

We have reviewed the documentation related to your appeal. Based on this review, we concur with the Warden's response. Program Statement 6400.03, Dental Services, dated June 10, 2016, provides guidance for the provision of prosthodontic treatment. Specifically, "Prosthetics (transitional, temporary, cast, or acrylic) or therapeutic splints are initiated only after periodontal, surgical, and restorative treatment is completed, and the patient maintains a periodontally healthy environment that will help improve clinical outcomes." A review of your dental record reveals that you are currently in the process of completion of the comprehensive treatment plan established for you. There are still restorations pending completion. Once the fillings are completed, your treating dentist must submit your case for review. If you meet the qualifying criteria, the Regional Chief Dentist will approve the request. If approved, the dentist may begin the fabrication of the partial dentures which are currently listed as "Deferred" in your treatment plan.

Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

02/13/19
Date

J.E. Krueger, Regional Director

PS000047

Ex_15-001271

**U.S. Department of Justice**

Federal Bureau of Prisons

ADDX(A)(P.4 of (2)

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Purkey    Wesley    I.
LAST NAME, FIRST, MIDDLE INITIAL    #14679-045    SCU    USP/IH
REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** This Regional Appeal timely follows the Warden's Response of 12/20/18 afforded to me on 12/26/18. See Sp.Ex.(A)/BP-10 attached. The attached BP-9 and attached materials sought both redress and remedy for the protracted denial for both replacement of twice broken dentures, as well as a more recent breaking of the lower partial plate, whereas it has aggravated existing dental problems, i.e. the breaking of a tooth which now is causing significant pain. The broken dentures are also causing significant swelling to mu gums and bleeding as well. The Warden speciously and palpably contend that replacement of broken dentures is of low priority, although he showed ossify ostracism to the delineated facts that I have been waiting several years for replacement of such partial plates to occur. In addition he showed deep rooted ostracism to the very fact that the denial of replacing the broken dentures is based on the irrefutable fact that such deliberate indifference to my serious dental needs is based on having only one part time dentist, Dr. Buckley to care for the entire USP/IH Compound which is clarified through the attached material. In fact Dr. Cortes three days prior to his retirement advised me that this was the problem preventing me from being seen and replacement molds taken for the new plates. Dr. Cortes brought with him a Response to the attached BP-8 which clarified the problem preventing me from b eing seen for such taking of molds and other work needed for ordering the new partial plates, although when the BP-8 was returned to me such response given by Medical Staff Booth was missing. Contrary to the Warden's contentions that the replacement of my partial plates is lower on the dental priority list - I have been waiting since 12-17-2015 for new partials to be given. See Sp.Ex.(B)/attached. Dr. Buckley assured me that the new partial plates would be molded for ordering at minimum in July/2018. id. Contrary to the Warden, as the cited authority clarifies that denying an inmate needed partial plates and dentures for a protracted period as seen here which

January 20th, 2018
DATE    Continued Next Page    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE

REGIONAL DIRECTOR

CASE NUMBER:

**Part C - RECEIPT**

CASE NUMBER:

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT:

DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002
USP LVN    PS000048

Appx (A) (p. 5 of 12)

Wesley I. Purkey #14679-045
January 20th, 2019

BP - 10 Continued
Dental/Shepard/McCoy

aggravates and causes deterioration of other dental problems demonstrates deliberate indifference to a prisoner's serious medical needs. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003)(and other cases). As the attached BP-9 and its attachments bring to bear that the denial by Dr. Shepard and HSA McCoy to afford me with new denture/partial plates which were previously broken, and broken yet again recently has caused aggravation of other dental problems such as bleeding to the gum, and swelling - and now teeth to crack and break causing extreme pain and inability to eat. The Warden apparently and deliberately failed to explain why after years of waiting for replacement of the broken partial plates and the deterioration of gums and other teeth that the reason for such deliberate indifference is based on shortage of dental staff. Of course Warden Watson did so for obvious reasons which such shortage of dental staff to provide adequate dental treatment states a cognizable claim of deliberate indifference to my serious dental needs under the given circumstances. The remedy requested is straight forward and obvious - to be seen by dental and afforded the necessary dental treatment for the now protracted dental problems that exist. Thank you for your attention to this matter.

End Of BP-10

PS000049

Ex_15-001273

Sp.Ex.(A)/BP-10



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

Appx (A) (P.6 of (2)

☒ Institution    ☐ Region    ☐ Central

SCU _____ Unit

# Receipt of
# Administrative Remedy

Inmate Name: _PURKEY, Wesley_    Reg. No.: _14679-045_

Administrative Remedy No.: _961018-F2_

Received on this _26_ day of _December_, 2018.

_____ LSW

Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff
member by _____, 2018.

Edits received by Unit Team on this _____ day of _____, 2018.

_____

Signature/Title of Staff

Inmate Copy

PS000050

Ex_15-001274

$App \times [A] (p. 7 of B)$

Remedy No.: 961018-F2                              FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 4, 2018, in which you allege your dental needs are not being addressed, and you are not being provided a new partial. For relief, you request for a new partial to be made immediately.

A review of your request reveals you had your teeth cleaned on October 18, 2018, and a treatment plan completed by the treating dentist which evaluated your dental needs. Program Statement 6400.03, Dental Services, states, "The replacement of teeth is a lower priority than relief of pain and treatment of active dental/oral disease and should be initiated only after all active disease has been treated and risk is managed." You currently have other dental issues needing addressed prior to an evaluation for possible partials. When time and resources are available, your treatment needs will be addressed and an evaluation will be done in regards to your request for partials.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____                              _____
Date                                            T. J. Watson, Complex Warden

PS000051

Ex_15-001275

Sp.Ex.(B)/BP-10

APPX (A)(p 8 of 13)

12-6-2011 Partial plates delivered

12-17-2014  Repair Partial

1-30-2015  Repair Partial

5-11-2016  Repair Partial

7-16-2016 Comprehensive Exam Mentioned Reline P/ (not long enough time for new partial not 5 years)

7-11-2017 BP-8 to explain the list

10-10-2017 New request to be on the waiting list again

8-16-2018  New comprehensive exam ( fillings and new partials )

10-18-2018 Hygiene appointment

PS000052

Ex_15-001276

Appx (A)(p. 9 of 17)

**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Federal Correctional Complex*
*Terre Haute, Indiana*

☒ Institution  ☐ Region  ☐ Central

SCU _____ Unit

# Receipt of
# Administrative Remedy

Inmate Name: _PURKEY, Wesley_ Reg. No.: _14679-045_

Administrative Remedy No.: _961018-F1_

Received on this ___4th___ day of ___December___, 2018.

_____/ Counselor

Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by ___12-9___, 2018.

Edits received by Unit Team on this _____ day of _____, 2018.

_____

Signature/Title of Staff

Inmate Copy

RECEIVED
USP Terre Haute

DEC 0 4 2018

Administrative
Remedy Clerk

PS000053

Ex_15-001277

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons    Appx (A) (p. 16 of 17)

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Purkey    Wesley    I.**              #14679-045       SCU        USP/TH
LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.         UNIT       INSTITUTION

**Part A– INMATE REQUEST** This administrative remedy timely follows the November 21st, 2018 Response by Dr. Cortes to the attached BP-8 afforded to me on November 25th, 2018. The facts underlying my claim of dental, Dr. Shepherd and Hospital Admin. McCoy demonstrating deliberate in differnece to my serious dental needs are delineated and enunciated through the attched material, whereas Dr. Cortes spuriously contends that I consider the matter resolved based on him claiming that dental cannot provide a definite date for necessary treatment to take place is clearly inveracity at its best. On November 21st, 2018 Dr. Cortes advised me at 10:30 a.m. at my cell door, 411-C that the protracted delay in affording me with necessary dental treatment for the fitting of my new partial plates, both upper and lower plates was due to the shortage of dental staff whereas he was the only dentist designated for the FCI and working also at the USP, with Dr. Buckley who was only working part time. In fact Dr. Cortes advised me that, "things are going to get worse before they get better because he was retiring next week." In fact Dr. Cortes showed me a sheet of paper delineating such a response, although this respose was not afforded with the return of the BP-8. The facts bring to bear these facts underscoring dental's refuse to afford me with necessary treatment to enable fitting to occur for the new plates to take place. The plates have been busted since December/14 - whereas the original plates were afforded to me in 2011/ December. The denial by Shepherd and McCoy to afford me with the necessary dental treatment for the fitting of the new plates for well over two years to date states a cognizable Eithth Amendment claim under well established law. See Farrow v. West, 320 F.3d 135, 1239 (11th Cir. 2003)(thirteen month delay in affording inmate with partial plates states a cognizable constitutional claim under the tenets of the Eighth Amendment); see also Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001)(prison who requires partial plates to proper eat and suffers dental problems such as gum bleeding and infection states a constitutional claim of deliberate indifference), as is the case here.

~~December 27th, 2018~~  November 27, 2018                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

**RECEIVED**
**USP Terre Haute**

NOV 27 2018

Administrative
Remedy Clerk

_____                              WARDEN OR REGIONAL DIRECTOR
DATE
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                CASE NUMBER: 76/018-F1

                                              CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____   _____    _____    _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.   UNIT       INSTITUTION

SUBJECT: _____

_____                              RECIPIENT'S SIGNATURE (STAFF MEMBER)         BP–229(13)
DATE                                                                                      APRIL 1982
USP LVN

PS000054

Ex_15-001278

Appx (A) (p. 11 of 12)

Attachment 1

FCC Terre Haute

Administrative Remedy – Informal Resolution

#592

| Inmate Name: Wesley T. Purkey | Register #: 14679-045 |
| Unit: SLP C | Date Submitted: 11/15/18 |

Section 1: NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: This Informal Resolution seeks redress and remedy for the protracted, costly and chronic deliberate indifference being shown to my serious dental needs. In the past three years I have repeatedly tried to have my ill-fitting partial plates replace because of significant deterioration of my teeth, eating difficulties, gums bleeding and causing significant headaches as well. Dr. Buckley has repeated assured me that I would be seen and fitted for new partial plates, but each of his so-called assurances were and continue to be w/o veracity of any substance. In fact the initial BP-8 filed regarding the acute deliberate indifference being shown by him and dental was signed off on under the assurance that such new fitting and plates would be afford by August/2018. The deliberate indifference by Dr. Buckley and dental is based on shortage of dentist, having one (1) full time dentist and one part time dentist to address over three (3) thousand inmates dental concerns. Continued Next Page

Section 1b: Briefly state the resolution you request: To be immediate seen and appropriate treatment be given affording me with fitting for new partial plates. Thank you!

Inmate Signature: _____
Counselor Printed Name/Signature: _____

Section 2: Department Assigned

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☒ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

Section 3: Department Head Response

Issue Resolved Comments:

Issue Un-resolved Comments: This staff (Dr Cortes - Dentist) is unable to provide difinitive DATE for procedure and MR Purkey requires that to consider the matter Resolved

Unable to Address Issue Comments:

Inmate Signature if Resolved: _____        Date: _____
Staff Signature: _____

RECEIVED
USP Terre Haute
NOV 27 2018
Administrative
Remedy Clerk

Section 4: Tracking

| | BP-8 issued to Inmate | BP-8 returned to Counselor | BP-9 issued to Inmate | BP-9 returned to Unit Team | Trust/USP Remedy Clerk | as Rejected |
|---|---|---|---|---|---|---|
| Date | 11/15/18 | 11/16/18 | | | | |
| Time | | | | | | |
| Staff | | | | | | |

THX-1330.18C

Page 7

PS000055

Ex_15-001279

Appx (A) (p. 12 of 12)

Wesley I. Purkey #14679-045                                          BP-8 / Dental

Such systematic problems of mental/dental staff to meaningful address inmates serious dental/medical needs runs afoul with 8th Amendment protections. See Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001). Whereas denying an inmate with necessary dentures/partial plates and/or proper fitting dentures/partial plates that cause teeth to deteriorate, bleeding gums, pain and infection state's a cognizable constitutional claim for deliberate indifference. Id.; see also Metzer v. Herr, 748 F.2d 1142, 1148 (7th Cir. 1984).

That reclaim the case here whereas Dr. Buckley concedes that he is under-staffed and does not have the time to appropriately address the refitting of my denture plates, and because of such protracted, ongoing and chronic indifference shown to such serious dental needs I am and continue to suffer the dental plights as described herein.

Thank You!

PS000056

Ex_15-001280

Appx. (B)(p.(s)(1) thR (13)

PS000057

Ex_15-001281

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

**Federal Bureau of Prisons**

ADM/(B)/P:LSP 13)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Buckey    Wesley    T.            #14679-045        SCI        USP/TH
       LAST NAME FIRST, MIDDLE INITIAL      REG. NO.        UNIT       INSTITUTION

**Part A - REASON FOR APPEAL** This BP-11 timely follows the Regional Director's February 12, 2019 Response received by me on the 5th day of March, 2019. See Sp.Ex.(A)/hereto attached. The facts germane to the issues presented through the attached BP-10 and its attachments will not be reiterated here through subsequent paragraphs with exception for clarification purposes. Here Mr. Krueger in palpable evasiveness contends that I am on the waiting list for restoration of my partial plates which is collateral to the central issue being presented in the attached materials. See Sp.Ex.(B)/hereto attached. As both this exhibit and the core body of the attached materials bring to bear is the deterioration, pain and acute other problems taking place because of the acute indifference to my partial plates being broken on three different occasions, whereas they now remain broken as well. What Mr. Krueger shows palpable ossify-ostracism to underscores the dental problems being experienced and that is that USP/TH does not have a full time dentist to afford inmates such as myself with needed dental treatment. In fact Mr. Krueger's deep rooted deliberate and convenient ostracism to this problem is vividly seen in the very fact that the only dentist that performs dental treatment at the USP/TH is Dr. Buckley who is the Regional Dentist. With this fact in mind Mr. Krueger is extremely aware of the systemic dental problems permeating the USP/TH and chooses to turn a blind eye and deaf ear to such rather than actually admit that the shortage of dental staff since Dr. Cortes retired is at the root of the pain and suffering that I am experiencing because of the deterioration of my teeth because of the broken partial plates that were to be replaced two years ago. Mr. Krueger's convenient blindness to such systemic problems permeating from the absence of a full time dentist at the USP/TH is a mutual aggravating factor at the core of the deliberate indifference being shown to my serious dental needs. Thank you for your attention to these interrelated matters.

March 16th - 2019
      DATE                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____    _____
      DATE                      GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C - RECEIPT**
                                          CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
      DATE

UPN LVN                                                    BP-231(13)
                                                           JUNE 2002

PS000058

Ex_15-001282

Sp.Ex.(A)/BP-11

Appx (B)(p.2 of 3)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution  ☒ Region  ☐ Central

_____SCW_____ Unit

# Receipt of
## Administrative Remedy

Inmate Name: Wesley Purkey          Reg. No.: 14679-045

Administrative Remedy No.: 964090-R1

Received on this  5ᵗʰ  day of  March , 2019.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

**Inmate Copy**

PS000059

Ex_15-001283

Sp.Ex.(A)/BP-11 p.1of2   APPX (B)(P. 3 of 13)

TRULINCS  14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

---------------------------------------------------------------------------------------------------------

FROM: 14679045
TO: USP AW Operations/Programs
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 03/02/2019 08:52:41 AM

To: AW Cox
Inmate Work Assignment: ua

AW Underwood I have been waiting over three years to have my broken partial plates replaced and becaused of the state my partial plates have been in over two years now "broken" deterioration of other teeth have occurred - as was the case with recently repaired broken tooth that had been causing excruciating pain, infection, bleeding swelling for several weeks. Dr. Buckley clarified several months ago that additional work needed to be done but because he is the only part-time (Regional Dentist) that such work needed to wait and whatever suffering occurred I simply needed to deal with - which sir your response brings to bear as well. Now because of the absence of sufficient dental staff you are showing ossify indifference to my serious dental needs telling me to deal with the pain of infected teeth that have needed repair for months, as well as clarifiying that I am not entitled to receive the partial plates that were to be afforded to me over two years ago, whereas Dr. Buckley advise me that I may have to wait another year or two to receive because of the shortage of adquate dental staff to provide treatment. I definitely thank you Mr. Underwood for clarifying these matters for me - whereas both the pain, suffering and deterioration of my teeth are the result of the broken and ill fitting partial plates that Dr. Buckley and Dr. Cortes assured me two years ago would be replated at the latest in April 2018. Thank you sir for that clarification!
cc: file Mr. George Kouros
-----USP AW Operations/Programs on 3/1/2019 3:07 PM wrote:

>
This is in response to your Electronic Inmate Request to Staff.

A review of your request reveals this issue has been discussed with you several times, including in a BP-9 in December 2018.  You had your teeth cleaned on October 18, 2018, and a treatment plan done by the treating dentist to evaluate your dental needs.  Per BOP policy, P6400.02, Pg. 16, sec 5, "The replacement of teeth is a lower priority than relief of pain and treatment of active dental/oral disease and should be initiated only after all active disease has been treated and risk is managed." You currently have other dental issues that need to be addressed prior to any evaluation for possible partials. There are other patients who are currently on the waiting list for these same needs. Also, infection takes priority over all routine treatment, which includes partials. When time and resources are available, your treatment will be addressed and an evaluation will be done in regards to your request for partials.

I trust this response adequately addresses your concerns.

M. Underwood
Associate Warden

>>> ~^!"PURKEY, ~^!WESLEY IRA" <14679045@inmatemessage.com> 2/22/2019 9:11 AM >>>
To: AW Cox
Inmate Work Assignment: ua

This is my second email in combination with a half dozen or more written communications sent to you, Dr. Wilson. HSA McCoy and Dr. Shepherd in the past two and more years regarding the protracted dental problems permeating the indifference being shown in affording me with replacement partial plates, both upper and lower that have been broken and repaired on different occasions. Because of such broken and ill fiting partials I have experienced and continue to experience swollen, bleeding gums, and as well broken teeth. The new partial plates were to be replaced by April of last year, and as Dr. Buckley advised me last

PS000060

Ex_15-001284

Sp.Ex.(B)/BP-11 p. 1 of 2    Appx(B)(P.4 of 13)

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

---------------------------------------------------------------------------------------------------------------

month or the initial part of this month that, "it may be another year or
two before we can start to fix you for the new partial plates." Whereas'
he clarified as has HSA McCoy and Nurse Smith that because Dr. Cortes
retired recently that the USP/Th Compound only has a part time Regional
Dentist, Dr. Buckley to take care of the two thousand or more inmates
by-himself. Dr. Cortes advised me three days prior to his retirement
that Dr. Wilson did not have a dentist to replace him despite knowing of
his retirement for the past two years, whereas Dr. Buskley clarified
when I last was seen by him to ahve a broekn tooth replaced because of
the problems permeating the ill fitted broken partial plates that', "we
all knew of Dr. Cortes retirement, but no efforts were taken to replace
him until after he actually retired, because that is simply how the BOP
works - meaning how Dr. Wilson and yourself "works"." Mr. Cox I given
medical via he sick call nurses, including Nurse May, Nurse Smith and
Nurse Nimz numeerous written Dental Sick Call request through the past
year delineating the dental problems being suffered including pain
because of the broken partial plates w/o once ever receiving a response
by either Dr. Wilson, HSA McCoy, Dr. Shepherd or yourself. Medical has
readily advised me that they do not maintain inmates 'written
communications' no matter the medical or dental issues being addressed.
That is absolutely ridiculous, as it the protracted deliberate
indifference being shown to my serious dental needs by you and
medical/dental staff. Thank you for your attention to these protrcted
problems.
cc: file

PS000061

Ex_15-001285

Appx(B)(p.5 of 13)

**U. S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number**: 964090-R1

This is in response to your Regional Administrative Remedy Appeal received on January 10, 2019. You allege you are being denied dental treatment.   For relief, you request to have dental work completed.

We have reviewed the documentation related to your appeal.   Based on this review, we concur with the Warden's response.   Program Statement 6400.03, Dental Services, dated June 10, 2016, provides guidance for the provision of prosthodontic treatment.   Specifically, "Prosthetics (transitional, temporary, cast, or acrylic) or therapeutic splints are initiated only after periodontal, surgical, and restorative treatment is completed, and the patient maintains a periodontally healthy environment that will help improve clinical outcomes."   A review of your dental record reveals that you are currently in the process of completion of the comprehensive treatment plan established for you.  There are still restorations pending completion.   Once the fillings are completed, your treating dentist must submit your case for review.   If you meet the qualifying criteria, the Regional Chief Dentist will approve the request.   If approved the dentist may begin the fabrication of the partial dentures which are currently listed as "Deferred" in your treatment plan.

Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

6/12/19
Date

J.E. Krueger, Regional Director

PS000062

Ex_15-001286

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

ADAX (B)(P. 60P 13)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Purkey    Wesley    T.    #14679-045    SCU    USP/TH
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** This Regional Appeal timely follows the January 4th, 2019 rejection by the Admin.Rd. Clerk based on the specious claim of such issues presented being repetitious, whereas such rejection notification was received by me on January 15th, 2019. See Sp.Ex.(A)/BP-10 attached. Contrary to the admin.rd. clerk's specious rejection of such admin.rd. based on it being repetitious the dental problem is one of a ongoing nature and not of a isolated incident, whereas the dental problem presented through the attached BP-9, i.e. a broken upper right eye tooth causing significant chronic pain is the result of the broken lower partial plate that is at the root of causing such problem. As seen by the Admin.Rd. Clerk reasons for rejection is based on it being premised regarding redress being taken for (Braces, Bridges, Crowns, and Etc.)/see rejection notice hereto attached. Contrary to these specious claims of the issue/problem presented through the attached BP-9 and its attachments is not the broken lower partial plate that was to be replaced several years ago, but is the aggravation of other dental problems resulting from such broken lower plate such as the broken upper right hand eye tooth, as well as the chronic bleeding of the gums and swelling, as well as - infection being suffered. Here' as previously noted the broken dental plates' designates a ongoing dental problem that is causing significant other dental problems including the deterioration of other teeth as seen by the extremely painful broken upper right hand eye tooth - which Dr. Shepard and HSA McCoy claims does not constitute a serious dental problem no matter the pain being suffered. The underlying problem demonstrating deliberate indifference to this obvious serious dental problem(s) is that the Compound at USP/TH has only one part time dentist, Dr. Buckley providing some two thousand or more inmates with dental treatment - which Nurse Smith clarified to me on 1/14/19. See Sp.Ex.(B)/BP-10. The dental issues here in are not repetitious for the above reasons and facts stated.

January 20th, 2019    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____

DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 964090-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN    PRINTED ON RECYCLED PAPER    PS000063

Ex_15-001287

Appx (B)(p. 7 ol 13)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 4, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
        TERRE HAUTE USP

TO   : WESLEY IRA PURKEY, 14679-045
        TERRE HAUTE USP     UNT: SCU     QTR: X03-411L
        4700 BUREAU ROAD SOUTH
        TERRE HAUTE,   IN 47802


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 964090-F1        ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED    : JANUARY 4, 2019
SUBJECT 1        : DENTAL APPLIANCES (BRACES, BRIDGES, CROWNS, ETC.)
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS      ·   : REPETITIVE TO 961018-F2

PS000064

Ex_15-001288

Sp. Ex. (A)/BP-10

Appx (B) (p. 8 of 13)

**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Federal Correctional Complex*
*Terre Haute, Indiana*

☑ Institution   ☐ Region   ☐ Central

SCU _____ Unit

# Receipt of
## Administrative Remedy

Inmate Name: PURKEY, Wesley _____ Reg. No.: 14679-045

Administrative Remedy No.: 964090-F1

Received on this 1/15ᵗʰ day of Jan., 2019.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

Inmate Copy

PS000065

Ex_15-001289

Sp.Ex.(B)/BP-10          Appx (B) (p. 9 of 13)

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

---------------------------------------------------------------------------------------------

FROM: 14679045
TO: USP Health Services
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 01/14/2019 08:50:18 AM

To: HSA McCoy
Inmate Work Assignment: ua

After half a dozen Sick Call Request clarifying to you my dental problems of both my lower partial plate being broken, as well as a upper right hand eye tooth being broken and suffering acute pain - Nurse Smith asked me to send you yet another email regarding these dental issues after showing her both the broken tooth and lower partial plate. Thank you!
cc: file

PS000066

Ex_15-001290

Case 2:19-cv-00355-JMS-DLP   Document 1-2   Filed 07/26/19   Page 11 of 14 PageID #: 31

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Apdx (B)(A. 10 of 13)

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Burkey, Wesley, T.        #14679-045        SCU        USP/TH
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT        INSTITUTION

**Part A- INMATE REQUEST** This administrative remedy timely follows the attached BP-8 - 12/18/18 response received by me on 12/26/18. The attached BP-8 sought both redress and remedy for the deliberate indifference being shown to my serious dental needs, i.e. upper right hand cracked eye tooth causing significant pain which was the result of my lower partial plate being broken. When the nurse brought the BP-8 to my cell to discuss the issues presented through the attached BP-8 he afforded me with a unsigned response which stated, inter alia, that, "the pain being suffered from the cracked tooth did not constitute a emergency situation and that I needed to wait my turn on the dental list." Further, the response conceded that based on USP/TH Complex-only having one part time dentist that the waiting period would be extended. When SCU Case Manager Shepherd returned the BP-8 to me the response afforded for my reading by the nurse was not attached. After addressing this matter with the nurse who had brought the attached BP-8 and the response to me for discussion he advised me that, "I had absolutely no idea what 'they' did with the response, because I gave it back to 'them'." Confronting the nurse about who "they were" and who he continued to reference that he gave the response back to he advised me that, "I gave the response and BP-8 back to 'Booth's people'," When I reiterated the fact that the response was missing, and that I needed that response to address in the following BP-9 and grievance procedures/processes he became irate and reticent refusing to discuss the matter any further. Later I revisited the missing response with Mr. Shepherd who advised me that he had afforded me everything that medical had returned to him addressing the BP-8 dental complaint, and as well in person refused to contact dental/Booth about the missing response. See Sp.Ex. (A). Contrary to the nurse who discussed the BP-8 with me - I did not refuse to give contents regarding the issues presented in the BP-8, whereas I reiterated to him exactly what I had stated in the BP-8 and emphasized the

12/31/18        Continued Next Page                    SIGNATURE OF REQUESTER
DATE

**Part B- RESPONSE**

RECEIVED
USP Terre Haute

JAN 04 2019

Administrative
Remedy Clerk

DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER:

                            CASE NUMBER:

**Part C- RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT:

DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)        BP-229(13)
                                                APRIL 1982
USP.LVN                                            PS000067

Ex_15-001291

Appx (B)(p. 11 of 13)

Wesley I. Purkey #14679-045                                    BP - 9 Continued / Dental

pain being suffered from the cracked tooth and the problems being experienced by the cracked/broken lower partial plate which caused the upper right hand eye tooth to be cracked. He acknowledged what I said - and after handing me the written unsigned response I asked him who wrote the response which he clarified that he had no idea who had written it and all he knew was that they "unidentified who they were" told him to bring me the BP-8 and let me read the response. Whereas' I told the nurse that I would address the response through a BP-9. He told me that, "I will write that down." With that said he left my cell.

The law is clear that the systemic dental staff deciencies as identified here, whereas based on Dr. Buckley being only a part time dentist for caring for over three thousand inmates - that I was advised several months ago in July that my partial plates would be replaced - after being broken three years prior to such - and now that I am experiencing extreme deterioration of my teeth because of the indifference shown to replacing the broken plates, including the crack upper right hand eye tooth as described through the attached material that the systemic dental staff shortages are effectively denying me adequate dental care. See Wellman v. Faulkner, 715 F.2d 269, 272 (7th Cir. 1983). Such faulty systemic treatment predictably demonstrates deliberate indifference to a prisoners' serious dental needs stating a 8th amendment violation under well established law. See Holmes v. Sheahan, 930 F.2d 1196, 1200 (7th Cir. 1991).

Here it is clear that forcing an inmate to wait for over three years for replacement of broken partial plates which then leads to deterioration of other teeth as I am suffering and then not affording them with dental treatment for the acute dental problem causing significant pain and deterioration of teeth because of systemic dental staff deficiencies constitutes deliberate indifference to their serious dental needs. In fact the missing response rescinded by Both and staff demonstrates the efforts taken to cover-up the deep rooted deficiencies at root of the deliberate indifference being shown. Thank you for your attention this matter.

End Of BP - 9

PS000068

Appx (BS) (p. 12 of 13)

Cop OGK

Sp.Ex.)(A)/BP-9

MR. Shepherd

Turkey

When NURSE Booth brought the
dental BP-8 to me for comment
12/21/18 a Response was attached
to it — the BP-8 you brought
back signed by him — on 12/26/18
the Response was missing — I need
that Response to prepare the
BP-9 —
Thank you!
12/27/18

12/28/18
(Copies) your complaint as received and sent
for process and the response as
received which you were provided
copy. That it's, nothing further.
BP9 also attached for your process.

PS000069

Ex_15-001293

Appx(B)(p.12 of 13)

Attachment 1

**FCC Terre Haute**

**Administrative Remedy – Informal Resolution**

Inmate Name: Wesley Purkey    Register #: _____
Unit: _____    Date Submitted: _____

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: Two weeks after breaking my lower partial Nota and breaking on upper right eye tooth I was told by Ms. Neile that I was scheduled to be seen by Dr. Binckley 12/13/18. That appointment never occurred and to bring on having only a part time dentist for 3,000 and a broke in mates that being seen for the Dental needs suppose may be protracted –

Section 1b: Briefly state the resolution you request: To be allowed immediate dental care – and to be advised of the BOP Standard for the number of Dentist per 1,000 inmates to be staffed – Thank you !

Inmate Signature: _____
Counselor Printed Name/Signature: _____

**Section 2: Department Assigned** : Medical
Date Assigned: 12-18-18    Date Due: 12-26-18

| Department | | | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☒ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Unresolved Comments: Met with inmate and refused to resolve.

Unable to Address Issue Comments: Nurse Nimz - brought the BP-8 to my cell with Booth's response which has now been rescind by Booth!

Inmate Signature if Resolved: _____    Date: _____
Staff Signature: Booth SCW/Acting AHSA S. Booth    Date: 12/1/18

**Section 4: Tracking**

| BP-8 Issued to inmate | BP-8 returned to Counselor. | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|
| Date | 12-18-18 | 12-21-18 | | | |
| Time | 8:10 | B3W | | | |
| Staff | B | CM | | | |

TRD-1530.18C

RECEIVED
USP Terre Haute
JAN 04 2019
Page 7
Administrative Remedy Clerk

✶ your response as received 1 of 1.

PS000070

Ex_15-001294

Laura Briggs
U.S. Dist. Courthouse
921 OHIO ST
Terre Haute, IN 47807
United States

FILED
DISTRICT COURT
IAPOLIS DIVISIO

2019 JUN 25 PM 4: 52

June 19th, 2019    DISTRICT
INDIANA

Re: Purkey v. Watson, # _____

2:19-CV-230-JPH.DCP

Dear Ms. Briggs,

This correspodence request withdraw of the 28 U.S.C. § 2241 filed recently, i.e. caption was designated as Purkey v. Wetson, whereas the filing fee was recently returned. If I need to file a formal motion to the court for such rescinding of such § 2241 Petition please advise.

Thank you for your attention to this matter.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/pro se

cc: file

PS000090

Michael Gans/
U.S. Court of Appeals
For the Eigth Circuit

FILED

FEB 04 2019

MICHAEL GANS
CLERK OF COURT

January 29, 2019

Dear MR. Gans –

Please find enclosed my Petition
For A Writ of Mandemus, whereas I have
enclosed the original and 3 Copies for filing
With the Court.

Sincerely,

Wesley I. Purkey 14679-045
United States Penitentiary
P.O. Box 33
Terre Haute Ind 47808
Petitioner pro se

cc: file

RECEIVED

FEB 1 2019

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

PS000092

Ex_15-001296

United States Court of Appeals
For the Eigth Circuit

FILED

FEB 04 2019

MICHAEL GANS
OVERNAME COURTS
CLERK OF COURT

RE:    Wesley J. Turkey,
       Petitioner

       W.D. Mo. K.C.
       Case No.# 01-00308-01-CR-W-FJG
       Eigth Cir.#

Petition For A Writ of Mandomus

The petitioner, Wesley I Turkey, pro se
Respectfully Request the Court to exercise it's
authority under 28 USC § 1651(a)[28 USCS § 1651(a)]
to compel the United States District Court for the
Western District of Missouri to Rule on one to
grant petitioner's Motion to "Expedite his exe-
cution" for Reasons, pacts one authority Set
forth through his September 6th, 2018 Motion
that filed with that Court. See attached appendage
(A).

        Jurisdiction

        This Court has jurisdiction to Review any
Decision or lack thereof from any United States
District Court in its jurisdiction. See 28 U.S.C.S
§ 1254(1). Here petitioner has satisfied off

PS000093

Ex_15-001297

Requirements for the Court to issue an order compelling the lower court to Rule and grant petitioners Motion. See KERR v. U.S. 426 US 394, 403, L.ED2D 725 (1976). Further Petitioner presents additional material to support both his Request to grant this Writ of Mandamus and in to compel the District Court to grant his Motion to expedite his execution. See attached Appendege (A). The clauses delineated through Appendece (A) continue uncounted.

Wherefore Petitioner Respectfully Request that the Court issue the Writ of Mandamus Compelling the District Court of the Western District of Missouri to Rule on and Grant Petitioner with a expeditious execution Date.

January 28, 2019

Respectfully Submitted,

Wesley I. Turkey

Wesley I. Turkey #14679-045
United States Penitentiary
PO Box 33
Terre Haute Ind 47808
Petitioner Pro Se

Ex_15-001298

Certificate of Service

The undersigned does attest that he mailed a true and correct copy of the foregoing via first class mail on this 28th day of January, 2019 to:

Kathleen D. Mahoney
U.S. Asst Attorney
U.S. States Attorney's Office
Room 5510
400 E. 9th Street
Kansas City, MO 64106

Wesley I. Tuckey
Wesley I. Tuckey
Declarant

Ex_15-001299

Acc Exhibit (A) p.(1) of (2)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI


WESLEY I. PURKEY,

     Petitioner,

vs.                        Case No. 01-00308-01-CR-W-FJG

UNITED STATES OF AMERICA,

     Respondent.

---

### MOTION FOR THE COURT TO SET AN EXPEDITIONS EXECUTIONS DATE

Petitioner, Wesley I. Purkey hereafter (Purkey), action pro se in this matter pursuant to Faretta v. Califorina, 442 U.S. 806, 96 S.Ct. 1525 (1975) and seeks an order by the Court setting an expeditious execution date in Purkey's capital conviction. In support of such request Purkey states the following:

This court is the court of original jurisdiction and thereby it is the only and proper court of jurisdiction to set a expeditious execution date. Whereby' Purkey has exhausted all appellate remedies available to him including review by the United States Supreme Court. See Purkey v. United States, (190 L.Ed2d 250) 2014 US LEXIS 6896/Oct. 14th, 2014); 729 F.2d 860 (8th Cir. 2014). No other available appellate remedies exist for Purkey to seek review of his capital convictions. Thereby, no delay will occur in the Court granting Purkey's request for an expeditious execution date to be set, whereas such request by Purkey is being made both "voluntarily and intelligently".

Wherefore' based on the facts set forth Purkey does request that the Court grant him with an expeditious execution date.

1.

PS000096

Ex_15-001300

ACPL Exhibit (Ap.(2) of (2)

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner / pro se

Certificate Of Mailing

The undersigned does declare that he mailed a true and correct copy of the foregoing on this 6th day of September, 2018 by U.S. Mail with sufficient first class postage attached to:

Kathleen D. Mahoney
U.S. Asst. Attorney
U.S. Attorney's Office
Room 5510
400 E. 9th Street
Kansas City, Missouri 64106

Wesley I. Purkey ' declarant

2.

PS000097

Ex_15-001301

App. (B) p.1 of 2

Declaration Of Wesley I. Purkey Under Pains Of Perjury

Wesley I Purkey, being competent to make this declaration and having personal knowledge of the matters stated therein, declares under pains of perjury pursuant to 28 U.S.C. §1746 that:

1.  In the past two years Special Confinement Unit (SCU) Case Worker Sutton has continuously interferred with my access to the court anent my capital habeas proceedings by deliberately inter- ferring with my legal calls to my capital habeas attorneys. In fact when contacted by Mr. Law or Ms. Woodman for scheduling legal calls Sutton has malicious advised them that the requested time for the calls are not available and then when a call is scheduled limiting it to just one hour. Because of such deliberate interference with my legal calls, which is motivated by Sutton retaliatory animus against me for exercising my rights for seeking redress regarding conditions of my death row confine- ment, and as well as for assisting other inmates with both grievance and litigation seeking redress for abuses regarding their death row confinement my habeas attorneys' have stopped trying to schedule legal calls in the past two months all together.

2.  In the past year and a half or more both SCU Unit Manager Thomas and Case Worker Sutton have reiterated and clarified that because of my sedulous and assiduous filing of administrative remedies, and as well as for assisting other inmates in filing of such in turn and aiding other inmates in pre- paring and filing litigation naming Thomas as a named defendant in such litigation that any and all visitors that I request visitation with will be denied, and they have maintained this tactic policy on different occasions denying requested visitors without reason given.

3.  Because of the ossify animus against me by both Thomas and Sutton for my sedulous filing of administrative redress for issues anent my death row confinement and aiding other inmates with issues of their death row confinement they have clarified that I will not be afforded Phase II placement - period.

4. Because of the ongoing retaliation being taken against me by Sutton and Thomas I have filed a motion with the court for a expeditious execution date to be scheduled. See Attachment (A).

5.  Being moved from cell C-419 to cell 403-C in September, 2018 I found a significant sized piece of iron/weapon stashed underneather the corner of my bunk. The following day I turned this over to OIC Shanon. Sometime later after an inmate who had lived on Upper C-Range was returned from Upper B-Range - the orderly who Sutton had designated came to my cell and told me that, "ole boy wants to get that piece of iron that is in the back side of your bunk, in between the wall and the leg of the bunk." When I told him that nothing was there he became irate. The following day when all four of my laundry bags came up missing - ultimately the Unit Orderly found them laying in a empty laundry cart where the range orderly had thrown them. Two of the four bags had piss poured on them, one of the other two bags had been open and personal items taken out of. The following two laundry

1.

Ex_15-001302

App (B) p 2 of 2

days my laundry bags came up missing again - and were later found in an empty laundry cart thrown there by the range orderly. Suttona and Thomas were made aware of such abuse taking place and told me - we will look into it.

6.    On November 2nd., 2018 I was forced to move to cell C-411 under threat of disciplinary action. Entering the call I smelled what seemed like rotten apples and I asked C.O. Gard who had just moved out of 411 and he said Bourgeois. I then asked him if he smelled that ordor and he said no. Later I found feces smeared under the cell bunk and table as well as in between the bunk and table as well. I sent Sutton a Cop Out regarding such which to date he has refused to respond to. See Attachment B.

7.    Inmate Bourgeois is the same inmate that the rotation prior to this one had caked his cell in fecal matter  forcing the entierety range to live in the fecal fumes for days. When Sutton and Thomas asked him why he had caked his cell with feces the told them that, "I didn't want anyone else to move into my cell." Based on this action Sutton and Thomas did not issue Bourgeois disciplinary action, but rewarded him by allowing him to move back to and maintain that cell for himself. See Exhibit (C).

8.    Despite having available several open cells on the range including 409 and 414 Sutton deliberately moved me to 411, whereas the range orderly and Bourgeois has schemed to have me moved to 411 and force me to deal with the caked feces underneather the bunk and table. When I asked the orderly on Monday while he was out working that evening why he listed me to move to 411 when I had requested to be moved to 419 he told me that, "Sutton told me that I could move you where-ever I wanted and so I did." He went onto clarified that, "Sutton thinks you're a piece of shit anyway, and I will do what I want on this range."

The undersigned does declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the above and foregoing is true and correct to the best of his knowledge and beliefs. Executed on this 7th day of November, 2018.

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Delarant

2.

PS000099

Ex_15-001303

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

WESLEY I. PURKEY,

    Plaintiff,

vs.                                                          Case No. 2:19-CV-00517-JRS-DLP

WILLIAM BARR/
UNITED STATES ATTORNEY GENERAL, et al.,

    Defendants.

---

## MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff Wesley I. Purkey (hereafter 'Purkey') acting pro se herein moves the Court for appointment of counsel to reaapresent him in this cas pursuant to 28 U.S.C. § 1915(e)(1). In support of this motion requesting appintment for counsel, Purkey states the following:

1.    Purkey is not able to retain, nor afford counsel on his own.

2.    Purkey has made efforts to obtain counsel to represent him in this Civil Rights Action such as through the following without success:

| Rebbecca E Woodman | George G Kouros | Michelle M Law |
|---|---|---|
| 1263 W. 72nd Terr | Fed.Public Defender Off. | 901 St. Louis Street |
| Kansas CITY, MO 64114 | 55 E Monroe ST | Suite 801 |
| | Suite 2800 | Springfield, MO 65806 |
| | Chicago, IL 60603 | |

3.    Because of Purkey's imminent execution date of December 13th, 2019 he is requesting that the court appoint counsel to afford him with an opportunity to present arguments in support of the requested Injunctive Relief Requested, and to take and expedite the requested discovery to support his claims presented via the action filed.

WHEREFORE' Purkey respectuflly request that the Court will appoint him Counsel to represent him in this case.

Dated: October 11th, 2019

Respectfully Submitted,

Wesley J Purkey

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff / pro se

PS000025

Ex_15-001304

Case 2:19-cv-00355-JMS-DLP   Document 6   Filed 08/23/19   Page 1 of 3 PageID #: 40

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

**FILED**

WESLEY I. PURKEY,

Plaintiff

**AUG 2 3 2019**

**U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA**

vs.

Case No. 2:19-cv-00355-JMS-DLP

UNDERWOOD, Et Al.,

Defendants.

Motion For Appointment Of Counsel

Comes Now the plaintiff, Wesley I. Purkey ("Purkey or Plaintiff"), acting pro se herein request the Court appointment counsel to represented here in the above caption action, and in support of such request for appointment of counsel he states the following:

1.   Plaintiff is without funds for obtaining counsel, whereas he is confinement on the Special Confinement Unit (SCU) which is Death Row and he does not have access to any tentative jobs on such segregation lockdown Unit. Whereas' the plaintiff has a pending December 12th, 2019 scheluded execution date.

2.   Plaintiff's segregation lockdown Unit status significantly limits his availability to investigative and/or prepare discovery in this case. Further' because of plaintiff's scheluded execution date his availability to the law library is extremely curtailed, and counsel will be needed to give response to any potential motions to dismiss by the defendants and or any entery by the court dismissing different claims and/or defendants named in this action.

3.   Because the plaintiff has a Federal Tort Claim Act Issue presented through the Complaint such issue of law is premised on the State Law where the Federal Tort Claim is being presented. Based on this consideration the plaintiff does not have the State of Indiana's law available to him and will need counsel to provide such research and authority in preparing and litigating such Federal Tort Claim.

4.   The plaintiff has made sedulous efforts to obtain counsel on his own prior to filing this motion for appointment of counsel and such assiduous efforts ahve not found any counsel to represent him in this action. Attached to this motion are the names and addresses of attorneys' whom the plaintiff has contacted requested their representation in this action. Such affidavit is signed under declaration of perjury.

1.

PS000073

Ex_15-001305

WHEREFORE, the plaintiff request that the Court appoint counsel to represent him in this action.

Dated: August 16th, 2019

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/pro se

Certificate  of  Mailing

The undersigned does attest that he will amend the Certificate of Mailing and afford the defendants with a true and correct copy of the foregoing Motion For Appointment of Counsel when such desgination of counsel takes place.

Wesley I. Purkey/declarant

2.

PS000074

Ex_15-001306

## Declaration Under Pains Of Perjury by Wesley I. Purkey

The declarant, Wesley I. Purkey being competent to make this declaration and having first hand knowledge of the matters stated herein, declares pursuant to 28 U.S.C.l§ 1746 that he has contacted the following attorneys for recruitment for representation this the instant action and has did so without success:

Rebecca E. Woodman
1263 WII 72nd Terr
Kansas City, MO 64114

George G. Kouros
265 Church St.
New Haven, CT 06510

Michelle M. Law
901 St. Louis St.
Suite 801
Springfield, MO 65806

Ruth Friedman
6411 Ivy LN
Suite 710
Greenbelt, MD 20770-4510

Gabe Eber/National Priosn Project
915 15th St. N.W.
7th Floor
Washington, DC 2005-2112

The undersigned does attest under pains of perjury that the information above is true and correct to the best of his knowledge and beliefs pursuant to 28 UISIC. § 1746. Executed on this 16th day of August, 2019.

Wesley I. Purkey/declarant

3.

PS000075

Ex_15-001307

Michael Gans/
U.S. Court of Appeals
    For the Eigth Circuit

FILED

FEB 04 2019

MICHAEL GANS
CLERK OF COURT

January 29, 2019

Dear Mr. Gans –

    Please find enclosed my Petition
For A Writ of Mandemus, whereas I have
enclosed the original and 3 copies for filing
with the Court.

                    Sincerely,

                    Wesley I. Purkey

                    Wesley I. Purkey 14679-045
                    United States Penitentiary
                    P.O. Box 33
                    Terre Haute Ind 47808
                    Petitioner pro se

cc: file

RECEIVED

FEB - 1 2019

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

PS000092

Ex_15-001308

United States Court of Appeals **FILED**
For the Eigth Circuit

FEB 04 2019
MICHAEL GANS

CLERK OF COURT

RE:    Wesley J. Purkey,
       Petitioner

                W.D.Mo., K.C.
                Case No.#01-00308-01-CR-W-FJG
                Eigth Cir.#

Petition For A Writ of Mandamus

The petitioner, Wesley J. Purkey, pro se
Respectfully Request the Court to exercise it's
authority under 28 USC § 1651(a)[28 USCS § 1651(a)]
to compel the United States District Court for the
Western District of Missouri to Rule on and to
grant petitioner's Motion to "Expedite his exe-
cution" for Reasons, facts and authority set
forth through his September 6th, 2018 Motion
that filed with that Court. See attached appendixe
(A).

                Jurisdiction

This Court has jurisdiction to Review any
Decision or lack thereof from any United States
District Court in its jurisdiction. See 28 U.S.C.S
§ 1254(1). Here petitioner has satisfied all

PS000093

Ex_15-001309

Requirements for the Court to issue on order compelling the lower court to Rule and grant petitioners Motion. See KERR V. U.S. 426 US 394, 403, L.ED2D 725 (1976). Further Petitioner presents additional Material to support both his Request to grant this Writ of Mandamus and in to compel the District Court to grant his Motion to expedite his execution. See attached Appendage (A). The clauses delineated through Appendage (A) continue unrelented.

Wherefore Petitioner Respectfully Request that the Court issue the Writ of Mandamus Compelling the District Court of the Western District of Missouri to Rule on and Grant Petitioner with a expeditious execution date.

Respectfully Submitted,

January 28, 2019

Wesley I. Turkey
Wesley I. Turkey #14679-045
United States Penitentiary
PO Box 33
Terre Haute Ind 47808
Petitioner Pro Se

PS000094

Ex_15-001310

Certificate of Service

The undersigned does attest that he mailed a true and correct copy of the foregoing via first class mail on this 28th day of January, 2019 to:

Kathleen D. Mahoney
U.S. Asst Attorney
U.S. States Attorney's office
Room 5510
400 E. 9th Street
Kansas City, MO 64106

Wesley I. Tukey
Wesley I. Tukey
Declarant

—3—

PS000095

Ex_15-001311

Acc Exhibit (A) p.(1) of (2)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

WESLEY I. PURKEY,

    Petitioner,

vs.                                    Case No. 01-00308-01-CR-W-FJG

UNITED STATES OF AMERICA,

    Respondent.

---

MOTION FOR THE COURT TO SET AN EXPEDITIOUS EXECUTIONS DATE

Petitioner, Wesley I. Purkey hereafter (Purkey), action pro se in this matter pursuant to Faretta v. Califorina, 442 U.S. 806, 96 S.Ct. 1525 (1975) and seeks an order by the Court setting an expeditious execution date in Purkey's capital conviction. In support of such request Purkey states the following:

This court is the court of original jurisdiction and thereby it is the only and proper court of jurisdiction to set a expeditious execution date. Whereby' Purkey has exhausted all appellate remedies available to him including review by the United States Supreme Court. See Purkey v. United States, (190 L.Ed2d 250) 2014 US LEXIS 6896/Oct. 14th, 2014); 729 F.2d 860 (8th Cir. 2014). No other available appellate remedies exist for Purkey to seek review of his capital convictions. Thereby, no delay will occur in the Court granting Purkey's request for an expeditious execution date to be set, whereas such request by Purkey is being made both "voluntarily and intelligently".

Wherefore' based on the facts set forth Purkey does request that the Court grant him with an expeditious execution date.

1.

Ex_15-001312

ACPL Exhibit (Ap.(2) of (2)

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner / pro se

Certificate Of Mailing

The undersigned does declare that he mailed a true and correct copy of the foregoing on this 6th day of September, 2018 by U.S. Mail with sufficient first class postage attached to:

Kathleen D. Mahoney
U.S. Asst. Attorney
U.S. Attorney's Office
Room 5510
400 E. 9th Street
Kansas City, Missouri 64106

Wesley I. Purkey ' declarant

2.

PS000097

Ex_15-001313

App. (B) p.1 of 2

Declaration Of Wesley I. Purkey Under Pains Of Perjury

Wesley I Purkey, being competent to make this declaration and having personal knowledge of the matters stated therein, declares under pains of perjury pursuant to 28 U.S.C. §1746 that:

1. In the past two years Special Confinement Unit (SCU) Case Worker Sutton has continuously interferred with my access to the court anent my capital habeas proceedings by deliberately inter-ferring with my legal calls to my capital habeas attorneys. In fact when contacted by Mr. Law or Ms. Woodman for scheluding legal calls Sutton has malicious advised them that the requested time for the calls are not available and then when a call is scheluded limiting it to just one hour. Because of such deliberate interference with my legal calls, which is motivated by Sutton retaliatory animus against me for exercising my rights for seeking redress regarding conditions of my death row confine-ment, and as well as for assisting other inmates with both grievance and litigation seeking redress for abuses regarding their death row confinement my habeas attorneys' have stopped trying to schelude legal calls in the past two months all together.

2. In the past year and a half or more both SCU Unit Manager Thomas and Case Worker Sutton have reiterated and clarified that because of my sedulous and assiduous filing of administrative remedies, and as well as for assisting other inmates in filing of such in turn and aiding other inmates in pre-paring and filing litigation naming Thomas as a named defendant in such litigation that any and all visitors that I request visitation with will be denied, and they have maintained this tactic policy on different occasions denying requested visitors without reason given.

3. Because of the ossify animus against me by both Thomas and Sutton for my sedulous filing of administrative redress for issues anent my death row confinement and aiding other inmates with issues of their death row confinement they have clarified that I will not be afforded Phase II placement - period.

4. Because of the ongoing retaliation being taken against me by Sutton and Thomas I have filed a motion with the court for a expeditious execution date to be scheluded. See Attachment (A).

5. Being moved from cell C-419 to cell 403-C in September, 2018 I found a significant sized piece of iron/weapon stashed underneather the corner of my bunk. The following day I turned this over to OIC Shanon. Sometime later after an inmate who had lived on Upper C-Range was returned from Upper B-Range - the orderly who Sutton had designated came to my cell and told me that, "ole boy wants to get that piece of iron that is in the back side of your bunk, in between the wall and the leg of the bunk." When I told him that nothing was there he became irate. The following day when all four of my laundry bags came up missing - ultimately the Unit Orderly found them laying in a empty laundry cart where the range orderly had thrown them. Two of the four bags had piss poured on them, one of the other two bags had been open and personal items taken out of. The following two laundry

1.

PS000098

Ex_15-001314

App (B) p 2 of 2

days my laundry bags came up missing again - and were later found in an empty laundry cart thrown there by the range orderly. Suttona and Thomas were made aware of such abuse taking place and told me - we will look into it.

6.    On November 2nd., 2018 I was forced to move to cell C-411 under threat of disciplinary action. Entering the call I smelled what seemed like rotten apples and I asked C.O. Gard who had just moved out of 411 and he said Bourgeois. I then asked him if he smelled that ordor and he said no. Later I found feces smeared under the cell bunk and table as well as in between the bunk and table as well. I sent Sutton a Cop Out regarding such which to date he has refused to respond to. See Attachment B.

7.    Inmate Bourgeois is the same inmate that the rotation prior to this one had caked his cell in fecal matter  forcing the entierety range to live in the fecal fumes for days. When Sutton and Thomas asked him why he had caked his cell with feces the told them that, "I didn't want anyone else to move into my cell." Based on this action Sutton and Thomas did not issue Bourgeois disciplinary action, but rewarded him by allowing him to move back to and maintain that cell for himself. See Exhibit (C).

8.    Despite having available several open cells on the range including 409 and 414 Sutton deliberately moved me to 411, whereas the range orderly and Bourgeois has schemed to have me moved to 411 and force me to deal with the caked feces underneather the bunk and table. When I asked the orderly on Monday while he was out working that evening why he listed me to move to 411 when I had requested to be moved to 419 he told me that, "Sutton told me that I could move you where-ever I wanted and so I did." He went onto clarified that, "Sutton thinks you're a piece of shit anyway, and I will do what I want on this range."

The undersigned does declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the above and foregoing is true and correct to the best of his knowledge and beliefs. Executed on this 7th day of November, 2018.

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Delarant

2.

PS000099

Ex_15-001315

United States Court of Appeals
For the Eigth Circuit

RE:    Wesley I. Purkey,
        Petitioner,

                W.D. Mo., K.C.
        Case No# 01-00308-01-CR-W-FJG
        Eigth Cir. #

        Petition For A Writ of Mandamus

        The petitioner Wesley I. Purkey, pro se
Respectfully Request the Court to exercise it's
authority under 28 USC § 1651(a) [28 USCS § 1651(a)]
to compel the United States District Court for the
Western District of Missouri to Rule on and to
grant petitioner's Motion to "Expedite his exe-
cution" For Reasons, facts and authority set
forth through his September 6th 2018 Motion
this filed with that Court. See attached appendece
"A).

                Jurisdiction

        This Court has jurisdiction to Review any
Decision or lack thereof from any United States
District Court in its jurisdiction. See 28 U.S.C.
§ 1254(1). Here petitioner has satisfied all

CORR000136
- 1 -

Ex_15-001316

Requirements for the Court to issue an order compelling the lower court to Rule and grant Petitioners Motion. See KERR v. U.S., 426 US 394, 403 L.Ed.2d 725 (1976). Further Petitioner presents additional material to support both his Request to grant this Writ of Mandamus, and in to compel the District Court to grant his Motion to expedite his execution. See attached Appendege (B). The clauses delineated through appendece (B) continue unabated.

Wherefore Petitioner Respectfully Request that the Court issue the Writ of Mandamus Compelling the District Court of the Western District of Missouri to Rule on and grant Petitioner with a expeditious execution date.

Respectfully Submitted,

January 28, 2019

Wesley I. Purkey
Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, Ind 47808
Petitioner Pro Se

CORR000137

Certificate of Service

The undersigned does attest that he mailed a true and correct copy of the foregoing via first class Mail on this 28th day of January, 2019 to:

Kathleen D. Mahoney
U.S. Asst Attorney
U.S. States Attorney's Office
Room 5510
400 E. 9th Street
Kansas City, MO 64106

Wesley I. Purkey
Wesley I. Purkey
Declarant

CORR000138

Ex_15-001318

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

WESLEY I PURKEY,                            )
                                           )
                Plaintiff,                )
                                           )
           v.                      )    Case No. 2:15-cv-00310-JMS-WGH
                                           )
CHARLES A. DANIELS Warden, United          )
States Penitentiary, Terre Haute, Indiana (USP-  )
TH),                                       )
                                           )
              Defendant.                )

**Entry Dismissing Action Pursuant to 28 U.S.C. § 1915(g)**

Plaintiff Wesley I Purkey is currently confined at the United States Penitentiary-Terre Haute, Indiana. He brings this action *pro se.* Purkey alleges that he has been excluded from participation in the Bureau of Prisons' inmate email program or Trust Fund Limited Inmate Computer System (TRULINCS) program. He asserts that this exclusion violates his constitutional rights.

Purkey did not pay the Four Hundred Dollar Filing Fee along with his complaint. But this action cannot proceed without the prepayment of the filing fee. This bar has been imposed because the plaintiff is a prisoner and has, while a prisoner, filed at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim. He was obligated to inform the court of this fact and failed to do so. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). Specifically Purkey "has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief may be granted." *Purkey v. Marberry,* No. 10-2656 (7th Cir. January 15, 2010) (*citing Purkey v. Green*,

PSP-000350

Ex_15-001319

No. 5:99-cv-03356-JAR (D. Kan. June 23, 2000); *Purkey v. Simmons*, No. 5:00-]cv-03380-GTV (D. Kan. Aug. 1, 2001); *Purkey v. Simmons*, No. 01-3269 (10th Cir. Jan. 28, 2002). It can be added, here, that the narrow exception to the barrier created by § 1915(g)Bwhere a prisoner alleges that he "is under imminent danger of serious physical injury"Bdoes not apply to the claims or allegations in the complaint.

In conclusion, this action is dismissed without prejudice under the Prison Litigation Reform Act's "three-strikes" rule, subject to reopening if Purkey pays the $400 filing fee within 21 days.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  October 9, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY I PURKEY
14679-045
TERRE HAUTE - USP
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47801

PSP-000351

Ex_15-001320

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

2015 OCT -6 PM 4: 11

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

|   |   |   |
|---|---|---|
| WESLEY I. PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | **∎:15-cv-0310 JMS -WGH** |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| CHARLES A. DANIELS, Warden, | ) | |
| United States Penitentiary, Terre Haute, | ) | |
| Indiana (USP-TH), | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR INJUCTIVE RELIEF PURSUANT TO THE COURT'S
## ORIGINAL JURISDICTION OVER CONSTITUTIONAL CLAIMS
## (28 U.S.C. § 1331)

Plaintiff Wesley I. Purkey, pro se, hereby complains and alleges the

following:

### INTRODUCTION

1. Wesley I. Purkey ("Purkey") is a prisoner at the United States

Penitentiary in Terre Haute, Indiana ("USP-TH").

2. Defendant Charles A. Daniels, is an employee of the Federal Bureau of

Prisons ("BOP"), a federal law enforcement agency subdivision of the United

States Department of Justice responsible for the administration of federal prisons,

including USP-TH. As Warden, he is the final authority on all matters within

USP-TH.

3. In February of 2009, the BOP implemented electronic messaging for

inmates through the Trust Fund Limited Inmate Computer System (TRULINCS)

1

PS000112

Ex_15-001321

program. *See generally* BOP Program Statement P5265.13, p. 1 (Feb. 19, 2009), attached hereto as Exhibit D1. Objectives of the TRULINCS messaging are: (1) to provide inmates with an alternative means of written communication with the public; (2) to provide the BOP with a more efficient, cost-effective, and secure method of managing and monitoring inmate communication services; and (3) to reduce the opportunities for illegal drugs or contraband to be introduced into BOP facilities through inmate mail. *Id.* Inmates participating in TRULINCS do not have access to the Internet. *Id.*

4. Use of TRULINCS is considered a privilege and the Warden of a BOP institution is authorized to limit or deny the privilege to a particular inmate. Inmates are excluded from electronic messaging when it is determined that the inmate's use of TRULINCS messaging would "threaten the safety, security, or orderly running of the institution or the protection of the public and staff." *Id.* at 3. Specific rules apply to sex offenders, and inmates with a personal history of using the Internet to solicit minors for sexual activity or to possess or distribute child pornography are excluded from TRULINCS participation. *Id.*

Significantly, if an inmate's personal history does not involve use of the Internet to commit a sex offense, the existence of a Public Safety Factor – Sex Offender does not automatically exclude an inmate from TRULINCS participation. *Id.* The policy reads:

> For example, inmates with a personal history of, or prior conduct or conviction for, soliciting minors for sexual activity, or

2

PS000113

Ex_15-001322

possession/distribution of child pornography *through the Internet or other means*, are excluded from program participation based on their history. Likewise, an inmate with a personal history or special skills or knowledge of using computers/email/Internet or other communication methods as a conduit for committing illegal activities will be excluded.

The existence of a Public Safety Factor – Sex Offender indicates the inmate should be reviewed for underlying conduct that would exclude him/her from TRULINCS program participation. However, inmates generally classified with a Public Safety Factor – Sex Offender, are not automatically excluded from participation, as their personal history may not have involved the specific examples cited above.

*Id.* (emphasis added). Mr. Purkey's underlying offense, interstate kidnapping resulting in death, did not involve use of a computer, the Internet or email, but the Warden has nevertheless excluded Mr. Purkey from the TRULINCS email program, based on this policy statement, due to the nature Mr. Purkey's underlying offense. *See generally infra*. pp. 7 – 11 *and* Judgment in a Criminal Case, attached hereto as Exhibit D2.

5. On January 29, 2013, the Warden approved the Institutional Supplement regarding the TRULINCS inmate communication system. *See* Institutional Supplement, THX-5265.13, "Trust Fund Limited Inmate Communication

3

PS000114

Ex_15-001323

System," (January 29, 2013), attached hereto as Exhibit D3. The Institutional Supplement sets the specific rules for using the TRULINCS email communication system within the institution. *Id.* The Institutional Supplement clearly prohibits the automatic exclusion of an inmate from TRULINCS participation based on the existence of a Public Safety Factor (PSF). *Id.* at 5. The Institutional Supplement indicates that inmate participation "must be determined on an individual basis and not on a standardized history of past convictions." *Id.* Rather, each case "should be reviewed for underlying conduct that would prohibit them from having TRULINCS access, such as protection of the public and/or staff, threat to security, or interferes with the safe, orderly operation of the institution." *Id.*

6. Mr. Purkey contends that the Warden has improperly and arbitrarily automatically excluded him from TRULINCS participation based on the existence of a Public Safety Factor –Sex Offender in violation of his equal protection rights.

7. Mr. Purkey exhausted all available administrative remedies pursuant to 42 U.S.C. § 1997e.

8. Mr. Purkey seeks injunctive and declaratory relief requiring Defendant to comply with the BOP TRULINCS policy in a non-arbitrary manner and in compliance with Mr. Purkey's equal protection rights by allowing him access to the TRULINCS email program.

9. Mr. Purkey's claim arises from Defendant's ongoing actions in denying him access to the TRULINCS messaging program. Consequently, he reserves the right to amend this Petition as new developments arise.

4

PS000115

Ex_15-001324

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that Mr. Purkey asserts a cause of action, and seeks equitable relief, for the violation of his equal protection and due process rights under the Fifth Amendment to the United States Constitution. *See Bolden v. Federal Bureau of Prisons*, 2015 WL 74080 (S.D. Ind. Jan. 6, 2015)(No. 2:14-CV-103-WTL-MJD at DCD 63)(finding the district court has original jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an Eighth Amendment violation claim seeking equitable relief). Mr. Purkey asserts that he is not required to assert his claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because this Court has original jurisdiction under 28 U.S.C. § 1331 to resolve the constitutional issue raised in this Petition. *See Bolden* at 2-3.

11. Mr. Purkey brings his claim for declaratory relief pursuant to 28 U.S.C. § 2201, in that an actual controversy exists between Mr. Purkey and Defendant concerning whether Defendant's decision to exclude Mr. Purkey from the TRULINCS email system violates Mr. Purkey's right to equal protection, as guaranteed by the Fifth Amendment through the due process clause, because other similarly situation SCU inmates have been granted permission to use the TRULINCS email system. Mr. Purkey contends the Warden violated his equal protection rights when he made the decision to exclude Mr. Purkey from

5

PS000116

Ex_15-001325

participation in the TRULINCS messaging program for reasons not excluding other similarly situated SCU inmates.

12. The Southern District of Indiana is the proper venue for this action because all of the actions giving rise to Mr. Purkey's claim occurred in the Southern District of Indiana. *See* 28 U.S.C. § 1391(b).

## PARTIES

13. Plaintiff Wesley I. Purkey is a sixty-three year-old prisoner, housed at USP-TH following his conviction and sentence in the Western District of Missouri in Kansas City, Missouri. On November 5, 2003, a jury sitting in the Western District of Missouri returned a verdict finding Purkey guilty of violating 18 U.S.C. § 1201, the crime of interstate kidnapping resulting in death. On November 19, 2003, the jury returned a special verdict form recommending a sentence of death. On January 23, 2004, the Honorable Judge Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sentenced Purkey to death. Since that time, Purkey has been housed at the USP-TH in the Special Confinement Unit ("SCU"), otherwise known as Death Row.

14. Defendant Charles A. Daniels is the Warden at USP-TH. His duties as Warden include deciding who among the inmates housed at USP-TH have the privilege of using the TRULINCS messaging system.

6

PS000117

Ex_15-001326

## FACTUAL ALLEGATIONS

I. **The Warden arbitrarily excluded Mr. Purkey from the TRULINCS email program, as demonstrated by the wide variety of explanations given for his exclusion over the past five years.**

15. Mr. Purkey's underlying offense of conviction, interstate kidnapping resulting in death, did not involve use of the Internet or email. Further, Mr. Purkey has no history of using computers, the Internet or email to commit crimes.

16. Without Mr. Purkey's knowledge, TRULINCS Trust Fund staff officially excluded him from participating in the TRULINCS email program on August 11, 2010. Although Mr. Purkey generally knew he was restricted from the email program, he did not know the reason for his exclusion. Mr. Purkey did not find out about this official exclusion until December 4, 2014, when he was notified that "based on information in SENTRY regarding your conviction, you have a Walsh Act restriction (dated back to 08/11/10)." *See* Inmate Message Dated December 4, 2014, attached hereto as Exhibit D4.

17. Prior to December 4, 2014, Mr. Purkey sought an explanation for his exclusion from the email program, but was never told of the automatic exclusion applied on August 11, 2010. For example, on January 24, 2012, Mr. Purkey sent Unit Manager Stephens a letter requesting an explanation for why he no longer qualified for participation in the TRULINCS email program. *See* Purkey Letter to Stephens Dated January 24, 2012, attached hereto as Exhibit D5. Mr. Stephens replied that he had "no knowledge of any email restrictions or orders to prohibit

7

PS000118

Ex_15-001327

your electronic messaging." *Id.* (handwritten response).  Mr. Purkey complained again to Mr. Stephens writing that "all of my Emails have been removed and the system will not allow access to listing emails." *See* Purkey "Cop Out" Letter to Stephens, attached hereto as Exhibit D6.  Mr. Stephens replied, writing that the issue needed to be addressed by the Trust Fund staff, and promising to "forward your complaint to the appropriate department." *Id.* (handwritten response).  On January 27, 2012, trust fund staff responded writing:

> Your account is flagged with a restriction.  Your unit team can review your central file and upon approval from them only, can your account be updated.

*Id.* (handwritten response of Ms. Havens, Trust Fund Staff).

18.  Further, on February 6, 2012, Counsel Edwards advised Mr. Purkey that the Trust Fund Department flagged his email account with a Walsh Act restriction, but that his unit team could review his central file and recommend a change to the flagged status if warranted. *See* BP-8 *and* Edwards response, attached hereto as Exhibit D7.

19.  On July 5, 2013, Mr. Purkey requested reinstatement of his email access by sending Unit Manager Bayless an inmate message concerning the matter. *See* Inmate Message Dated July 5, 2013, attached hereto as Exhibit D8.  In his message, Mr. Purkey asked for TRULINCS email reinstatement noting that other inmates with convictions similar to his were allowed access to the TRULINCS email system. *Id.*  On August 2, 2013, Unit Manager Bayless, in a

8

PS000119

Ex_15-001328

one sentence reply, wrote "[y]our case was reviewed and determined that you would continue to be precluded from TRULINCS use." *Id.* Mr. Purkey pressed for the specific reason for his exclusion under "applicable BOP policy." *Id.* Unit Manager Bayless, without mentioning the automatic exclusion applied on August 11, 2010, replied by writing "[y]ou were precluded due to your instant offense conduct and its relation to solicitation of a minor." *Id.*

20. On August 24, 2013, Mr. Purkey sent an inmate message to the legal department asking for clarification of how his offense related to the solicitation of a minor, citing BOP Policy Statement 5365.13 which prohibits exclusion from the TRULINCS email program based on a "general categorization of previous conduct." *See* Inmate Message Dated August 24, 2013, as Exhibit D9. On November 25, 2013, Mr. Purkey wrote the legal department again asking for clarification of the email restriction. *See* Inmate Message to R. Schalburg, Supervising Attorney, attached hereto as Exhibit D10. He wrote:

Both SCU Unit Manager Bayless and Warden Caraway have prohibited my e/mail usage based supposedly on my charge and conviction, whereas I have requested to be provided with the specific charge and conviction relied on in suspending my e/mail usage by these administrative officials and have yet to be provided such requisite information for such total ban placed on my e/mail usage by them. Please provide me with the specific charge and conviction

9

PS000120

Ex_15-001329

> relied on by these administrative officials in justifying the total ban
> on my email usage.

*Id.* The next day, BOP Attorney Siereveld responded to Mr. Purkey's message, writing that based on his "instant offense," he is excluded from participation in the TRULINCS program. *Id.* Mr. Purkey then asked for clarification of the specific offense and Attorney Siereveld replied that the excluding offense is kidnapping resulting in death, Mr. Purkey's offense of conviction. *Id.*

21. On January 15, 2014, Mr. Purkey's attorneys wrote a letter to Unit Manager Bayless requesting the reinstatement of Mr. Purkey's access to the TRULINCS email system, citing the compelling policy reasons for allowing email access. *See* Letter to Unit Manager Bayless Dated January 15, 2014, attached hereto as Exhibit D11. In the letter, Mr. Purkey's attorneys noted that the TRULINCS email system is heavily monitored and controlled by the BOP in such a way that only people approved by the BOP can receive an inmate's email and the email correspondence is monitored and retained by BOP staff. *Id.* at 2. Mr. Purkey's attorneys emphasized that his offense of conviction was not solicitation of a minor, but kidnapping resulting in death, an offense not warranting automatic exclusion under BOP policy. *Id.* Most importantly, Mr. Purkey's attorneys emphasized that allowing email access would allow Mr. Purkey to communicate more easily with his daughter, a situation which would further the BOP's penological interests according to its own policy statements. *Id.* In response, Unit Manager Bayless reiterated her previous position, writing:

10

PS000121

Ex_15-001330

Program Statement 5265.13, Trust Fund Limited Inmate Computer System (TRULINCS) – Electronic Messaging, states, "The existence of a Public Safety Factor – Sex Offender indicates the inmate should be reviewed for underlying conduct that would exclude him/her from TRULINCS program participation." Additionally, "For example, inmates with a personal history of, or prior offense conduct or conviction for, soliciting minors for sexual activity." A review of his personal history, offense conduct and convictions was completed. Based on this review, he was precluded from participation based upon offense conduct."

*See* Bayless Letter Dated January 24, 2014, attached hereto as Exhibit D12.

22. Even after Mr. Purkey learned of the automatic exclusion placed on his TRULINCS email account by Trust Fund Staff in August of 2011, he pressed for an explanation of the varied reasons given for his exclusion. On December 29, 2014, Mr. Purkey sent an inmate message to Ms. Huebner asking for clarification of the Walsh Act designation. *See* Inmate Message Dated December 29, 2014, attached hereto as Exhibit D13. In the message, Mr. Purkey questioned the explanation that he was denied TRULINCS access due to a Walsh Act restriction, noting that nothing in his judgment of conviction noted such a designation and that the was not restricted from TRULINCS email access for a period of time shortly after the implementation of TRULINCS. *Id.* In response, Ms. Huebner wrote that "[t]hese assignments are determined by the courts and assigned to you in Sentry

11

PS000122

Ex_15-001331

upon entering the BOP . . . Walsh assignments pull from Sentry directly into TRULINCS, restricting your access." *Id.* Ms. Huebner also directed Mr. Purkey to address further questions regarding the issue to Unit Team staff. *Id.*

23. On March 11, 2015, Mr. Purkey addressed the issue again with his Unit Team. *See* Inmate Message Dated March 11, 2015, attached hereto as Exhibit D14. In his message, Mr. Purkey asked for clarification about how the Walsh Act assignment was made. *Id.* The Unit Team replied, writing:

A review of your request reveals Program Statement 5265.13, Trust Fund Limited Inmate Computer System (TRULINCS) Electronic Messaging, states, "An inmate's exclusion from participation must be based on his/her individual history of behavior that could jeopardize the legitimate penal interest." A review of your personal history, prior offense conduct and conviction was completed. Based on your offense of conviction, you have been precluded from TRULINCS program participation.

*Id.* In following inmate messages, Mr. Purkey expressed frustration with the Unit Team's response and asked again for clarification regarding how the Walsh Act assignment was made. *See* Inmate Messages Dated March 17, 2015, attached hereto as Exhibit D15.

24. On March 12, 2015, Mr. Purkey sent an inmate message to Warden Daniels asking for clarification of the Walsh Act assignment. *See* Inmate Message

12

PS000123

Ex_15-001332

Dated March 12, 2015, attached hereto as Exhibit D16.  On April 2, 2015, Warden Daniels replied, writing:

> A review of your request reveals you want to be informed as to if a "Walsh Assignment" is listed in an inmate's journal entry.  The Bureau of Prisons does not maintain journal entries specific to inmates.  However, we do maintain documentation regarding inmate criminal history and prison adjustment, to include Inmate Skills Development Plans and Inmate Profile.  Your Inmate Skills Development Plan does not specifically address the Walsh Act.  However, it does note your criminal history which entails a sex offense conviction.  Your Inmate Profile has been noted regarding your categorization of the Adam Walsh Act.

*Id.*

25.  On May 8, 2015, Inmate Purkey replied to Warden Daniels, asking him to "reconsider your initial finding based on the applicable BOP Policy promulgation and the facts germane to such." *See* Inmate Message Dated May 8, 2015, attached hereto as Exhibit D17.  On May 27, 2015, Warden Daniels replied that "[s]taff, utilizing sound correctional judgment in accordance with PS 4500.11, Trust Fund/Deposit Fund Manual, have determined you are not appropriate for use of the TRULINCS electronic messaging program due to your criminal history and institutional adjustment." *Id.*

13

PS000124

Ex_15-001333

**II.  Warden Daniels excluded Mr. Purkey from participation in the TRULINCS email program for reasons not excluding other similarly situated SCU inmates.**

26.  Mr. Purkey's underlying offense of conviction is interstate kidnapping resulting in death, a violation of 18 U.S.C. § 1201.  Mr. Purkey believes that by excluding him from TRULINCS email program participation based on this offense, the Warden is treating him differently from other SCU inmates convicted of the same statutory offense, but who are nevertheless allowed to participate in the TRULINCS email program. These inmates include Chadrick Fulks and Brandon Basham, both convicted in the District of South Carolina of the offense of interstate kidnapping resulting in death, a violation of 18 U.S.C. § 1201, and Orlando Hall and Bruce Webster, both convicted in the Northern District of Texas of the offense of interstate kidnapping resulting in death, also a violation of 18 U.S.C. § 1201.  *See* District of South Carolina Case No. 02-CR-00992-JFA and Northern District of Texas Case No. 94-CR-00121.

## VIOLATION OF EQUAL PROTECTION UNDER FIFTH AMENDMENT

27.  Even though the Fifth Amendment contains no equal protection clause, as does the Fourteenth Amendment, the Fifth Amendment's due process clause prohibits the federal government from engaging in unjustifiable discrimination. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 (1975)(citing *Schneider v. Rusk*, 377

14

PS000125

Ex_15-001334

U.S. 163, 168 (1964) and *Boiling v. Sharpe*, 347 U.S. 497, 499 (1954)). The governing legal standards under either the Fourteenth Amendment equal protection clause or the Fifth Amendment's equal protection component are the same. *Schweiker v. Wilson*, 450 U.S. 221, 226 n.6 (1981).

28. Warden Daniels committed a "class of one" equal protection violation under the Fifth Amendment by intentionally excluding Mr. Purkey from the TRULINCS email program for reasons not excluding other similarly situated SCU inmates. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(writing "our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment").

29. Warden Daniels purposefully and intentionally excluded Mr. Purkey from the TRULINCS email programs based upon the nature of his underlying conviction, interstate kidnapping resulting in death, even though four other SCU inmates convicted of the same offense nevertheless have access to the TRULINCS email system. Defendant's decision to exclude Mr. Purkey has no rational basis because the concerns raised by the nature of Mr. Purkey's conviction are sufficiently controlled by the safeguards built into the TRULINCS email program, safeguards sufficient enough to allow other SCU inmates with the same conviction to participate in the email program. *See Village of Willowbrook* at 565 (specific allegations of "class of one" discrimination including a specific claim that there is

15

PS000126

Ex_15-001335

no rational basis for the discrimination are sufficient to state a claim of relief under traditional equal protection analysis) *and* Inmate Agreement for Participating in TRULINCS Electronic Messaging Program, attached hereto at Exhibit D17.

## PRAYER FOR RELIEF

30. Mr. Purkey respectfully requests that this Court grant the following equitable relief:

31. A declaration that Defendant's intentional acts as set forth above violated the Fifth Amendment of the United States Constitution in that Mr. Purkey's equal protection rights were violated by Defendant.

32. An order directing Defendant to allow Mr. Purkey access to the TRULINCS email system.

33. Any other relief as this Court deems just and proper.

Respectfully Submitted,

Wesley I. Purkey, # 14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Dated: Sept. 25, 2015

16

PS000127

Ex_15-001336

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing Petition on the

defendant/respondent by a mailing a true and correct copy of the same via first

class postage to:

Josh Minkler
US Attorney, Southern District of Indiana
United States Attorney's Office
10 W Market Street, Suite 2100
Indianapolis, IN 46204
(314) 226-6333
**Counsel for Defendant**

Charles A. Daniels, Warden
United States Penitentiary
USP-Terre Haute
4700 Bureau Road South
Terre Haute, IN 47802
(812) 244-4400
**Defendant**

on this 2⁵day of September 2015.

Wesley I. Purkey

17

PS000128

Ex_15-001337

September 25 2015

Clerk of Court
United States District Court for Southern District of Indiana
Terre Haute Division
104 U.S. Courthouse
921 Ohio Street
Terre Haute, IN 47807

Re: Filing of *Pro Se* Petition

Dear Clerk:

Please find enclosed a *pro se* **Petition for Injunctive Relief Pursuant to the Court's Original Jurisdiction Over Constitutional Claims**, a petition filed pursuant to 28 U.S.C. § 1331. I've also enclosed the applicable filing fee.

Sincerely,

Wesley I. Purkey
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/*Pro Se*

Enclosures

PS000129

Ex_15-001338



Wesley Turkey 14679045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

$ 002.960

RECEIVED

OCT 0 5 2015

U.S. CLERK'S OFFICE
TERRE HAUTE, INDIANA

⇔14679-045⇔
Laura Briggs
U.S. Dist. Courthouse
921 OHIO ST
Terre Haute, IN 47807
United States

PS000130

Ex_15-001339

 **U.S. Department of Justice**
Federal Bureau of Prisons

PROGRAM STATEMENT
OPI:      CPD/CPB
NUMBER:   P5265.13
DATE:     2/19/2009

# Trust Fund Limited Inmate Computer System (TRULINCS) - Electronic Messaging

/s/
*Approved*: Harley G. Lappin
Director, Federal Bureau of Prisons

## 1. PURPOSE AND SCOPE

This policy describes the operation of the Trust Fund Limited Inmate Computer System (TRULINCS) - Electronic Messaging. Through TRULINCS, inmates may send electronic messages to securely, efficiently, and economically maintain contact with persons in the community. Both inmates and electronic message recipients must adhere to the rules of this policy, and must not use TRULINCS for any purpose which would jeopardize the safety, security, or orderly operation of the correctional facility, or the protection of the public and staff. Inmates participating in TRULINCS will not have access to the Internet.

a. **Program Objectives.** The objectives of the TRULINCS program are:

- To provide inmates with an alternative means of written communication with the public.
- To provide the Bureau with a more efficient, cost-effective, and secure method of managing and monitoring inmate communication services.
- To reduce the opportunities for illegal drugs or contraband to be introduced into Bureau facilities through inmate mail.

b. **Summary of Changes**

*Policy Rescinded:* P5265.12 Trust Fund Limited Inmate Communication System (TRULINCS) - Electronic Messaging (3/12/08)

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____D1
                    PS000131

Ex_15-001340

The following changes were made to this Program Statement:

■ TRULINCS name changed to "Trust Fund Limited Inmate Computer System" vs. "Trust Fund Limited Inmate Communication System."
■ Policy now requires an institution supplement.
■ Paragraphs were added regarding the use of outgoing mail labels.

c. **Institution Supplements**. Each institution must develop an Institution Supplement for the local procedures necessary to operate TRULINCS.

d. **Pretrial, Holdover, or Detainee Inmates**. This policy applies to pretrial, holdover, or detainee inmates designated to Bureau facilities where TRULINCS is activated.

e. **Definitions.**

■ "Electronic message" means any electronic, computer-based, written communication composed by an inmate or received from an authorized person using TRULINCS.
■ "Electronic message contact list" means a list of authorized persons with whom the inmate may correspond using TRULINCS.
■ "Written correspondence" means traditional mail sent or received via the U.S. Postal Service.

## 2. AUTHORITY

The Bureau's authority to implement TRULINCS is found in 18 U.S.C. § 4042, which authorizes the Bureau to provide for the safekeeping, care, and subsistence of Federal prisoners. Pursuant to that authority, the CEO prohibits or discontinues its operation, or individual inmates' participation, whenever it is determined to jeopardize the safety, security, or orderly operation of the correctional facility, or the protection of the public and staff.

Use of the TRULINCS is a privilege; therefore, the Warden or an authorized representative may limit or deny the privilege of a particular inmate (see Section 3 for restrictions).

Individual inmates may be excluded from program participation as part of classification procedures (see Section 3). Information supporting the exclusion is forwarded to the Warden for final determination.

By participating in the TRULINCS program, inmates, and the persons in the community with whom they correspond, voluntarily consent to having all incoming and outgoing electronic messages, including transactional data, message contents, and other activities, monitored and retained by Bureau staff. This authority includes rejecting individual messages sent to or from inmates using TRULINCS that jeopardize the above-mentioned interests.

P5265.13        2/19/2009                                                    Page 2

PS000132

Ex_15-001341

An inmate's participation in TRULINCS is conditioned on his/her notice, acknowledgment, and voluntary consent to the Warden's authority, as indicated above. Each inmate's notice, acknowledgment, and voluntary consent must be documented on the Inmate Agreement for Participation in TRULINCS Electronic Messaging Program Form (BP-0934). As a reminder to inmates, a warning banner appears each time an inmate participant accesses the system, indicating his/her consent to monitoring.

Community persons' consent to Bureau staff monitoring of all TRULINCS messages and activity is obtained when a community person accepts the initial system-generated message notifying him/her the inmate wants to add him/her to their contact list, and with each subsequent message(s) from inmate participants.

## 3. TRULINCS RESTRICTIONS

Inmates are excluded from electronic messaging when it is determined that their use would threaten the safety, security, or orderly running of the institution or the protection of the public and staff.

Inmates excluded from program participation under this section are notified of the specific reason(s) by a written explanation of the decision, unless possessing such written information would threaten the safety of the inmate, or other legitimate penological interest(s). If prohibited from possessing a copy of the written explanation, inmates remain entitled under the Freedom of Information Act (FOIA) to access this information from their Central Files, and must be provided reasonable opportunities to access and review such documents. At the inmate's request, expense, and preparation of an envelope, staff may photocopy and mail the documents.

a. **Classification.** An inmate's exclusion from program participation must be based on his/her individual history of behavior that could jeopardize the legitimate penological interests listed above. Inmates must not be excluded from program participation based on general categorizations of previous conduct.

For example, inmates with a personal history of, or prior offense conduct or conviction for, soliciting minors for sexual activity, or possession/distribution of child pornography through the Internet or other means, are excluded from program participation based on their history. Likewise, an inmate with a personal history or special skills or knowledge of using computers/email/Internet or other communication methods as a conduit for committing illegal activities will be excluded.

The existence of a Public Safety Factor - Sex Offender indicates the inmate should be reviewed for underlying conduct that would exclude him/her from TRULINCS program participation. However, inmates generally classified with a Public Safety Factor - Sex Offender, are not automatically excluded from participation, as their personal history may not have involved the specific examples cited above.

PS000133

Ex_15-001342

b. **Pending Investigation or Disciplinary Action for Possible Messaging (TRULINCS) Abuse or Misuse**. If an inmate is pending either investigation or disciplinary action for possible abuse or misuse, a partial or total TRULINCS restriction is authorized by the CEO or designee. A messaging restriction in this situation is discretionary to ensure the institution's safety, security, and orderly operation, or the protection of the public and staff. When deemed necessary, ordinarily the SIS office recommends this type of restriction. Any TRULINCS restriction recommended by the SIS office may only be imposed with the Warden's approval, in accordance with the procedures outlined in this section.

Initial electronic message restrictions, imposed pending an investigation or pending disciplinary action for possible TRULINCS abuse or misuse, are limited to 30 days. If additional 30-day periods are required to complete either the investigation or disciplinary process, the Warden must reauthorize the restriction in writing using these procedures. Trust Fund staff obtain the Warden's approval for reinstatement or continued restrictions every 30 days.

c. **Inmate Discipline/Criminal Prosecution**. Inmate use of the program in violation of the procedures subjects the inmate to disciplinary action or criminal prosecution. In addition, inmates who abuse, circumvent, or tamper with the TRULINCS program (equipment, application, furniture) or violate program procedures are subject to disciplinary action or criminal prosecution.

The DHO or UDC may impose the sanction of loss of TRULINCS privileges for inmates found guilty of committing prohibited acts.

d. **Administrative Remedy Program**. Any issue related to the program may be raised through the Bureau's Administrative Remedy program.

e. **Special Housing Unit**. Inmates in the SHU will not have access to TRULINCS electronic messaging.

4. **CONTACT LIST**

a. **Inmate to Persons in the Community Communication**. Inmates may only exchange electronic messages with persons in the community who have accepted the inmate's request to communicate. The Warden may deny electronic messaging if it is determined that there is a threat to institution security or good order, or a threat to the public and staff. Inmates may not exchange electronic messages with unauthorized contacts including, but not limited to, victims, witnesses, other persons connected with the inmate's criminal history, and law enforcement officers, contractors, or volunteers.

**NOTE:** Inmates may place attorneys, "special mail" recipients, or other legal representatives on their electronic message contact list, with the acknowledgment that electronic messages exchanged with such individuals will not be treated as privileged communications and will be subject to monitoring.

PS000134

Ex_15-001343

b. **Inmate to Inmate Communication.** An inmate may be permitted to correspond via electronic messaging with an inmate confined in any BOP facility if the other inmate is either a member of the immediate family, or is a party or witness in a legal action in which both inmates are involved. The following additional limitations apply:

■ The appropriate Unit Manager at each institution must approve in writing the correspondence if both inmates are members of the same immediate family or are a party or witness in a legal action in which both inmates are involved.

■ The Warden will be informed of any unusual circumstances pertaining to a request to correspond electronically for members of the same immediate family or for inmates who are a party or witness in the same legal action. When denying an inmate's request to correspond electronically, the Unit Manager documents the reason(s) for the denial. The approval of such electronic correspondence privileges for both inmates ordinarily remains in effect if either inmate is transferred.

■ Such electronic correspondence may be approved in other exceptional circumstances, with particular regard to the security level of the institution, the nature of the relationship between the two inmates, and whether the inmate has other regular correspondence.

c. **Outgoing Mail Labels.** Ordinarily, inmates are required to place a TRULINCS-generated mailing label on all outgoing postal mail. The Warden may exempt inmates from this requirement if he/she determines that an inmate has a physical or mental incapacity, or other extraordinary circumstances that prevents him/her from using the TRULINCS terminal, or the inmate poses special security concerns prohibiting access to TRULINCS terminals.

The Warden may exempt inmates housed in SHU or other areas of the institution in which there are special security concerns that limit regular access to TRULINCS.

If an inmate fails to place the TRULINCS-generated label on outgoing postal mail, the mail is returned to the inmate for proper preparation, in the same way outgoing mail is returned for failure to follow other processing requirements, e.g. lack of return address, etc.

Mailing labels are only placed on outgoing postal mail. Inmates who use mailing labels for other than their intended purpose may be subject to disciplinary action for misuse of Government property.

Ordinarily, inmates are limited to printing no more than 10 labels per day. An inmate may be authorized to print labels in excess of these limits only upon approval of the Warden or designee.

## 5. PROCEDURES FOR EXCHANGING ELECTRONIC MESSAGES

Inmates and persons in the community may exchange electronic messages in the following manner.

PS000135

Ex_15-001344

a. **Contact List.** It is an inmate's responsibility to maintain his/her own contact list. An inmate requests to exchange electronic messages with a person in the community by placing that person on the inmate's contact list.

b. **Notice.** Upon receiving the system generated message, the person in the community is notified that:

■ The Federal inmate identified seeks to add the person in the community to his/her authorized electronic message contact list.
■ The person in the community may approve the inmate for electronic message exchanges, refuse the request for electronic message exchanges, or refuse the current and all future Federal inmates' requests for electronic message exchanges.
■ By approving, the person in the community consents to have Bureau staff monitor the content of all electronic messages and agrees to comply with program rules and procedures.
■ If the person in the community sends an attachment with an electronic message to a Federal inmate, the attachment will be stripped from the message and will not be delivered to the inmate.

c. **Consent.** If the person in the community consents to receive electronic messages, that person is added to the inmate's electronic message contact list.

d. **Later Notices.** Every subsequent electronic message to a person in the community on the inmate's electronic message contact list will:

(1) Allow the person in the community to take no action, in which case the person remains on the inmate's electronic message contact list, remove himself/herself from this inmate's electronic message contact list for all future exchanges, or remove himself/herself from all inmates' electronic message contact lists for all future exchanges.

(2) Notify the person that by taking no action, the person in the community consents to have Bureau staff monitor the content of all electronic messages and agrees to comply with program rules and procedures.

(3) Notify the person in the community that if he/she sends an attachment with an electronic message to a Federal inmate, the attachment will be stripped from the message and will not be delivered to the inmate.

e. **Removal of TRULINCS Block.** When an email address is blocked by the contact via the system-generated message, the System Administrator removes the block by placing the contact's status to pending contact approval when a written request from the contact is received. Copies of all requests are scanned into TRUFACS using the document imaging process.

P5265.13        2/19/2009                                                    Page 6

PS000136

Ex_15-001345

## 6. ELECTRONIC MESSAGE MONITORING - GENERAL

Electronic messages sent or received by inmates at all security levels are subject to monitoring for content by trained staff. If it is determined that workload permits, all staff may be assigned to monitor electronic messages.

## 7. ELECTRONIC MESSAGE MONITORING - SIS-DESIGNATED ELECTRONIC MESSAGE MONITORED INMATES

Inmates identified as requiring communications monitoring will also have their electronic messages monitored and reviewed.

## 8. REJECTION OF ELECTRONIC MESSAGES

a. **Reasons for Rejection.** Electronic messages that would jeopardize the safety, security, or orderly operation of the correctional facility or the protection of the public and staff may be rejected for reasons that include, but are not limited to:

(1) The message is detrimental to the security, good order, or discipline of the institution, or a threat to the public and staff, or it might facilitate criminal activity, including any message that:

- Depicts, describes, or encourages activities that may lead to the use of physical violence or group disruption.
- Depicts or describes procedures for the construction or use of weapons, ammunition, bombs, or incendiary devices.
- Depicts, encourages, or describes methods of escape from Bureau facilities, diagrams, drawings, or similar descriptions of prisons.
- Encourages, instructs, or may facilitate criminal activity.
- Constitutes unauthorized direction of an inmate's business (see 28 CFR Part 541, subpart B, regarding Inmate Discipline).
- Contains threats, extortion, or obscenity.
- Is written in, or otherwise contains, a code.
- Constitutes sexually explicit material that, by its nature or content, poses a threat to the safety, security, and orderly operation of Bureau facilities, or protection of the public and staff.
- Depicts or describes procedures for the manufacture of alcoholic beverages or drugs.

(2) The electronic message otherwise violates the established parameters of the TRULINCS program.

b. **Authority to Reject.** The authority to manually reject messages is not delegated below the Associate Warden.

P5265.13      2/19/2009                                                    Page 7

PS000137

Ex_15-001346

c. **Notification of Rejection.** When an electronic message is rejected, the sender is notified that his/her electronic message will not be delivered and the reason(s) for the rejection. The intended recipient is not informed of the rejection.

## 9.  RESPONSIBILITY FOR MISUSE OF TRULINCS

If either an inmate or a person in the community attempts to send messages that are rejected, forward inmate electronic messages to an unauthorized address, or otherwise violate this policy, the Warden or designee may remove the individual from participation in this program. Both parties are notified of the removal by the Warden.

## 10.  EXPENSES OF INMATE TRULINCS USE

The Chief of the Trust Fund Branch, with the concurrence of the Executive Staff, sets all program fees, including user fees and printing fees. The inmate pays all required program fees. By participating in the program, the inmate consents to have the Bureau withdraw program fees directly from his/her Deposit Fund account.

## 11.  LAW ENFORCEMENT REQUESTS FOR ELECTRONIC MESSAGES

The Bureau's TRULINCS System of Records, and the Privacy Act of 1974, allow disclosure of TRULINCS transactional data and message content for law enforcement purposes, as defined therein. Subpoenas for these are not required, as compared to recorded telephone conversations. Upon receipt of a properly submitted written request from a law enforcement agency, BOP staff are authorized to release both transactional data (e.g., date, time, electronic message address, electronic message recipient and sender, and length of the message) and copies of the electronic messages.

Any inquiries can be referred to the FOIA Office, or seek regional counsel, or consolidated legal center assistance.

## REFERENCES

*Program Statements*
P1237.13    Information Security Programs (3/31/06)
P1315.07    Legal Activities, Inmate (11/5/99)
P1330.16    Administrative Remedy Program (12/31/07)
P4500.06    Trust Fund/Deposit Fund Manual (2/19/09)
P5264.08    Inmate Telephone Regulations (1/24/08)
P5265.11    Correspondence (7/9/99)
P5267.08    Visiting Regulations (5/11/06)
P5270.07    Inmate Discipline and Special Housing Units (12/29/87)

P5265.13    2/19/2009                                                    Page 8

PS000138

Ex_15-001347

*ACA Standards*
None.

*Records Retention Requirements*
Requirements and retention guidance for records and information applicable to this program are available in the Records and Information Disposition Schedule (RIDS) system in BOPDOCS and Sallyport.

P5265.13        2/19/2009                                                          Page 9

PS000139

Ex_15-001348

Case 2:15-cv-00310-JMS-WGH   Document 2-4   Filed 10/06/15   Page 1 of 3 PageID #: 30

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D _____ D2_____

Page 1 of 3

Appendix (A)(p. 1 of 3

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA

-vs-                                                          01-00308-01-CR-W-FJG

WESLEY IRA PURKEY

Frederick A. Duchardt and Laura E. O'Sullivan, CJA
P.O. Box 349, 110 East Sixth Street
Kearney, MO 64060

### JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant was found guilty on Count 1 on 11/05/03 of the Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1201(a),(g), & 3559(d) | Kidnapping for the Purpose of Rape, Resulting in Death to the Victim | January 22, 1998 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:      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
Defendant's Date of Birth:      01/06/52
Deft's U.S. Marshal No.:        14679-045

Defendant's Mailing Address:
USP Leavenworth Special Housing Unit, 1300 Metropolitan
Leavenworth, KS 66048

Defendant's Residence Address:
Kansas Department of Corrections, 900 S.W. Jackson
Topeka, KS 66612

Date of Imposition of Sentence:
January 23, 2004

_/s/ FERNANDO J. GAITAN, JR._____
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

January __26_____,2004

AO 245D (Rev. 3/01) Judgment in a Criminal Case
Case 4:01-cr-00308-FJG   Document 506   Filed 01/26/04   Page 1 of 3

PS000140

Ex_15-001349

Appendix (A)(p. 2 of 3)

WESLEY IRA PURKEY                                                                     Page 2 of 3
01-00308-01-CR-W-FJG

## IMPRISONMENT

The defendant is hereby committed to the custody of the Attorney General for the United States to be imprisoned for a total term of **Death**.

The defendant is committed to the custody of the Attorney General of the United States until the exhaustion of procedures for appeal and review of this sentence, and thereafter to the custody of the United States Marshal for the implementation of the death penalty.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245D (Rev. 3/01) Judgment in a Criminal Case

PS000141

Ex_15-001350

Case 2:15-cv-00310-JMS-WGH   Document 2-4   Filed 10/06/15   Page 3 of 3 PageID #: 32

Appendix (A)(p. 3 of 3)

**WESLEY IRA PURKEY**                                                                                              Page 3 of 3
01-00308-01-CR-W-FJG

### CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 due immediately | $ | $ |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245D (Rev. 3/01) Judgment in a Criminal Case
Case 4:01-cr-00308-FJG   Document 506   Filed 01/26/04   Page 3 of 3

PS000142

Ex_15-001351

Case 2:15-cv-00310-JMS-WGH    Document 2-5    Filed 10/06/15    Page 1 of 4 PageID #: 33

 **U.S. Department of Justice**
Federal Bureau of Prisons

## INSTITUTION SUPPLEMENT

OPI:         Trust Fund
NUMBER:      THX- 5265.13
DATE:        January 29, 2013

**SUBJECT:**     **Trust Fund Limited Inmate Communication System**

**(TRULINCS)**

*Approved:*     *J. F. Caraway*
                *Complex Warden, FCC Terre Haute*

                *J. Oliver*
                *Warden, FCI Terre Haute*

I. **PURPOSE AND SCOPE.**  The purpose of this Institution Supplement is to establish
regulations which govern the operation of TRULINCS, at the Federal Correctional
Complex (FCC), Terre Haute, Indiana.

### II. DIRECTIVES AFFECTED

**A. Directives Rescinded**
   None

**B. Directives Referenced**

| | |
|---|---|
| PS 1237.13 | Information Security Programs (03/31/06) |
| PS 1315.07 | Legal Activities, Inmate (11/05/99) |
| PS 1330.17 | Administrative Remedy Program (08/20/12) |
| PS 4500.08 | Trust Fund/Deposit Fund Manual (05/04/12) |

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____D_____D3_____

PS000143

Ex_15-001352

Case 2:15-cv-00310-JMS-WGH    Document 2-5    Filed 10/06/15    Page 2 of 4 PageID #: 34

PS 5264.08    Telephone Regulations Inmate Pay Phones
PS 5265.13    TRULINCS (02/19/09)
PS 5265.14    Correspondence (04/05/11)
PS 5267.08    Visiting Regulations (05/11/06)
PS 5270.09    Inmate Discipline (07/08/11)
PS 5270.10    Special Housing Units (07/29/11)

## III. STANDARDS REFERENCED

None

## IV. PROCEDURES

A. Inmates at FCC Terre Haute may utilize TRULINCS to send and receive correspondence electronically with authorized family, friends, and relatives in the community. Inmates participating in the program do not have access to the internet. Dedicated TRULINCS workstations located in the housing units are utilized to perform various functions such as contact list management, public messaging, account transaction viewing, and MP3 Music Program management. Messages received and/or sent will not contain attachments. Inmates who elect to participate in the program will pay all required programming fees, and consent to the Bureau withdrawing all required fees directly from the inmate's Deposit Fund account.

B. Contact List  Each inmate assumes responsibility for establishing and maintaining their own contact list. Messaging can only take place when a person consents to the correspondence. Inmates are authorized 30 active contacts on their list. Creating a contact list consists of a Notice and Consent process for each person the inmate requests an exchange. A system generated message is received by the individual notifying them that a federal prisoner, who is identified, seeks to add them to their contact list. The person may then approve or refuse the exchange. By approving, the person agrees to comply with program rules and to all Bureau monitoring procedures. Once consent is given to receive electronic messages, the individual is then added to the inmate's electronic message contact list. Every subsequent electronic message to that person will commence with a prompt that will allow them to either continue the contact or be removed from the list, disallowing future contact. Inmates arriving at FCC Terre Haute from another federal institution will be able to utilize the TRULINCS program within 24 hours of arrival at FCC Terre Haute using their existing contact list.

PS000144

Ex_15-001353

FCI/CMU and USP/SCU. Each inmate will be allowed a maximum TRULINCS session of 60 minutes per day and 120 minutes for the Electronic Law Library access. An automatic logout will occur after those time periods have been reached.

    a. Inmate use is conducted on a first come, first serve basis.

    b. Only one inmate will be permitted on a workstation at any one time. Inmates will not be permitted to congregate near the TRULINCS area unless they are engaged in a session. The use of another inmate's email/contact list is prohibited.

    c. A banner notifying the participant of consent appears on the screen to remind the inmate of the voluntary use of the system, acknowledging the Bureau has full access to all content. In a likewise manner, all outside recipients of messaging are informed that by being active on the contact list, they are consenting to Bureau monitoring and compliance to program rules, regulations and procedures.

    d. Inmates are responsible for their usage of TRULINCS. They are expected to conduct themselves in a responsible manner and respect other inmates. Each inmate is responsible for the content of his messaging mail.

    e. The use of TRULINCS is a privilege and must not interfere with the institution's schedule, programs, work assignments, or count. When a count or census is conducted, all inmates using a workstation will immediately terminate their session. During institution emergencies, use of TRULINCS will be limited or terminated.

    f. Inmates may access any correspondence sent or received within a 31 day increment period for the previous 180 days. Once a message is 180 days old, it will immediately be purged from view of the system.

    g. Inmates may view their financial transactions (commissary/telephone/TRULINCS) as far back as the activation of TRUFACS for the institution, in 31 day increments.

    h. Inmates will be limited to a maximum of 10,000 TRU-Units ($500) on deposit in TRULINCS at any given time.

    i. Inmates are not permitted to place contract staff, victims, witnesses, other persons connected with the inmate's criminal history, volunteers, or law enforcement officers on their contact list.

PS000145

Ex_15-001354

H. Legal   Attorneys, "Special Mail" recipients, or other legal contacts may be placed on an inmate's contact list with the acknowledgment that all exchanges with these individuals will be subject to monitoring.

I. Inmates in Special Housing Units   Inmates assigned to administrative detention or disciplinary segregation status will only have Electronic Law Library access on TRULINCS. Inmates in the Special Housing Units will not have access to, or be able to obtain printed copies of received messages within the system.

J. Classification & Public Safety Factor   An inmate's exclusion from program participation must be determined on an individual basis and not on a standardized history of past convictions. Nor does the existence of a PSF automatically exempt an inmate from electronic messaging. Each case should be reviewed for underlying conduct that would prohibit them from having TRULINCS access, such as protection of the public and/or staff, threat to security, or interferes with the safe, orderly operation of the institution.

K. Prohibited Acts/Suspensions   Violation of any of the rules regarding the use of TRULILNCS is cause for disciplinary action and the possible revocation or restriction of messaging privileges imposed by the DHO or UDC. Correspondence concerning illegal activities, either inside or outside the institution, may lead to criminal prosecution and/or disciplinary action pursuant to the Inmate Discipline and Special Housing Unit Program Statements.

V.   **RESPONSIBLE DEPARTMENT:**   Trust Fund

**DISTRIBUTION:**

Warden
Division Heads
Department Heads
President AFGE

PS000146

Ex_15-001355

Case 2:15-cv-00310-JMS-WGH   Document 2-6   Filed 10/06/15   Page 1 of 3 PageID #: 37

Appendix (B)

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

-------------------------------------------------------------------------------------------------

FROM: 14679045
TO: Trust Fund
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 12/05/2014 04:37:01 PM

To: Ms. Hooper
Inmate Work Assignment: ua

You stated that this SENTRY entered restriction was not manually entered, but was automatically entered? Automatically entered by SENTRY Programing? And if so this is hard to reconcile with the implementation of the email program in Oct.2009 and the purported Walsh Assignment restriction taking place 'automatically on 8/11/10' well over a year from the time the email program was implemented. Further dubious contention is seen in the fact that Ms. Havens advised me in 'writing' that I could seek review of these restrictions by the SCU Unit Team and when I did Mr. Stephens stated unequivocally that he seen no reason for the restrictions to be imposed. Putting insult to injury so-to-speak you stated that Ms. Bayless as late as March 2013 provided additional documentation to continue the Walsh Assignment based on my conviction. Please clarified exactly which conviction you are referencing utilized by Ms. Bayless to 'continue the Walsh Assignment purported prohibition as imposed either by Ms. Havens on 8/11/10 and/or the claim of it being automatically imposed? Further' under what BOP Promulgation does the purported automatic restriction take place - whereas I was never notified of such restrictions when imposed on 8/11/10, and prior to that as I have contended all along that I had access to the email program when it was implemented in Oct. 2009. Thank you for your attention and addressing the same. I appreciate it!
-----Trust Fund on 12/5/2014 8:22 AM wrote:

>

Based on information in SENTRY regarding your conviction, you have a Walsh Assignment restriction (dated back to 08/11/10). This was an automatic restriction, not manually entered in TRULINCS. On March 7, 2013, Unit Manager M. Bayless provided support documentation to Trust Fund to continue the Walsh Assignment based on your conviction.

K. Hooper

>>> ~^|"PURKEY, ~^|WESLEY IRA" <14679045@inmatemessage.com> 12/4/2014 6:23 PM >>>
To: Ms. Hooper
Inmate Work Assignment: ua

Previously you advised me that the BOP implementation of the email program occurred in Oct. - Nov. 2009. Would you be kind enough to advise me on what date Ms. Havens prohibited my email use and identify any documentation notifying me of such. Also if any actual official or otherwise promulgation exist for notifying an inmate of such prohibition being placed on their email access and if any procedures exist for challenging the reason for such prohibition? Thank you for your attention to these matters which are of course all interconnected.

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____ D4_____
                                    PS000147

Ex_15-001356

Sp. Ex (A)

Jan. 24th, 2012

Mr. Stephens,

This correspondence regards the erroneous exclusion of me from utilizing E/Mail based on the specious contention that I fall within the language of PS 5265.12 "Electronic Messaging"(a). Prior to Mr. Royer making this assessment sometime back I had not been designated as being prohibited from E/Mail usage by the previous unit team and had utilized E/Mail without issue. I have no history of soliciting minors for sexual activities, . . . as designated language under the applicable regulation prohibits inmates from Trulins Mesaging.

I think this issue can be resolved without in-depth resolve being taken. Thank you for your attention to such.

Sincerely,

Wesley I. Purkey #14679-045
SCU C-306

*I have NO knowledge of any email restrictions or orders to prohibit your electronic messaging.*

1/25/2012

REC

    2 8 2012

i

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____ D5_____

PS000148

Ex_15-001357

Case 2:15-cv-00310-JMS-WGH    Document 2-6    Filed 10/06/15    Page 3 of 3 PageID #: 39

Sp. EX (B)

Cop Out

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____ D6_____

MR. Stephens

Turkey 14679-045

As previously noted all my Emails
have been Removed and the system will
not allow access to listing Email.
Thank you.

1/27/12                                    C 306

This need to be addressed
with the Trust Fund staff.
I will forward your complaint
to the appropriate department.

Your account is flagged with a restriction, your
Unit team can review your central file, and
upon an approval from them only, can your
account be updated.

1/27/2012

RECEIVED
JAN 27 2012
BY_____

PS000149

Ex_15-001358

Attachment 1
THX-1330.13J

# FEDERAL CORRECTIONAL COMPLEX
## TERRE HAUTE, INDIANA
### INFORMAL RESOLUTION FORM

Inmate Name: Wesley I. Purkey                    #14679-045
Unit:                                      Reg. No.

SOU

**NOTICE TO INMATE:** You are advised normally prior to filing a Request for Administrative Remedy, BP-2999(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Please follow the steps listed below:

1.    State your complaint: This seeks remedy and redress for being denied access to E/Mail access in the past five month period, whereas I am not able to access my E/Mail link.

(If more space is needed, you may use up to one letter size (8-½ x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to the BP-229(13) responses.))

2.    State what actions you have made to informally resolve your complaint: I have discussed this issue with Case Worker Edwards on several different occasions in the past five month period; sent the Business Office several Cop-Outs spent this matter in the past month period without response, and spoken with Unit Manager Stephens regarding the same denial of E/Mail access which he stated he contacted the Bus Office concerning w/o response.

3.    State what resolution you expect: To be afforded E/Mail access or to be informed why I am being denied such.

Inmate's Signature:                               Date: Jan. 31st., 2012

Correctional Counselor's Comments (Steps to Resolve): _Please See Attached Response from the ITS Department_

Counselor' Signature:                    Date: 2/6/12
Unit Manager's Review:                   Date: 2/8/2012
Informally Resolved:                     Date:

|          | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED |
|----------|-------------|---------------|-------------|---------------|
| DATE     |             |               |             |               |
| TIME     |             |               |             |               |
| COUNSELOR |            |               |             |               |

FEB 2 8 2012

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____    D____    D7_____

PS000150

Ex_15-001359

I'm sending inmate Purkey a response. But for your information. . . . he is flagged with Walsh Act in Trulincs. We did not erase his e-mail addresses, he was never able to use e-mail and currently can't use e-m,ail with his account flagged.

1.



FEB-2

PS000151

Ex_15-001360

TRULINCS  14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

--------------------------------------------------------------------------------------------------------------

FROM: USP SCU Unit
TO: 14679045
SUBJECT: RE:***Inmate to Staff Message***
DATE: 08/23/2013 02:52:02 PM

Mr. Purkey,
You were precluded due to your instant offense conduct and it's relation to solicitation of a minor.

--M. Bayless

>>> ~^!"PURKEY, ~^!WESLEY IRA" <14679045@inmatemessage.com> 8/6/2013 8:58 AM >>>
To: Ms. Bayless/Unit Manager
Inmate Work Assignment: ua

Please provide the specific reason under applicable BOP Policy prohibiting my email usage. Identify not with a general reference but to exact policy promulation that prohibits my email usage - whereas to date you have yet to do specifically that and in-lieu of have only made the most general reference to policy........ Provide me with specific language of the policy that I fall under prohibiting my email use...  Thank you!!!
------USP SCU Unit on 8/2/2013 8:32 AM wrote:

>
Mr. Purkey,
Your case was reviewed and determined that you would continue to be precluded from TRULINCS use.

--M. Bayless

>>> ~^!"PURKEY, ~^!WESLEY IRA" <14679045@inmatemessage.com> 7/5/2013 11:58 AM >>>
To: Ms. Bayless/Unit Manager
Inmate Work Assignment: ua

On July 3rd., 2013 I sent you a cop out anent my email rescission and the reinstatement of similar situated SCU inmates email usage that you had previously rescinded based on identical reasoning that my email usage have been rescinded, whereas my email rescission had not be lifted. As I clarified through that material that I drafted the administrative remedy for Inmate Hall which was utilized in providing resolution of his and other similar situated inmates email prohibitions being implemented on their email usage, i.e. contending that it would be "inappropriate" to allow them such email usage based on their related sex offenses to their capital cases. Of course the governing BOP authority is not germane to this consideration and in consideration to that acknowledgement you reinstated each of the previous inmate's rescinding of email usage with exception of mine. I am requesting reinstatement of my email usage beyond the blanket reference to the applicable policy used for rescinding such in the first place. Thank you for your attention to this matter.......

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____ D8 _____
PS000152

Ex_15-001361

Case 2:15-cv-00310-JMS-WGH   Document 2-7   Filed 10/06/15   Page 4 of 5 PageID #: 43

TRULINCS  14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

-----------------------------------------------------------------------------------------

FROM: 14679045
TO: Legal
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 08/24/2013 12:51:06 PM          *** Refused Response as of September 9th, 2013

To: R. Schalbury
Inmate Work Assignment: ua

SCU Unit Manager Ms. Bayless has advised me per her 8/23/13 2:52 p.m. response to my "Inmate to Staff Message" that I am prohibited email usage based on "my instant offense conduct and it's relationship to solicitation of a minor." id. Based on governing BOP Policy PS  5365.13 "[I]nmates must not be excluded from program participation based on general categorization of previous conduct." id.(a)Classification. I have never been charged with solicitation of a minor, let alone convicted of such. Please advise me if such statutory provision exist equating an element of a capital charge that includes a intertwined sex offense is equated with solicitation of a minor under the interpretation of this policy's promulgation? Thank you for your attention to this matter....
cc: Teresa Norris/Attorney
    Columbia, SC
&
    George Kouros/Attorney
    New Haven, CT

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____D_____D9____

PS000153

Ex_15-001362

Case 2:15-cv-00310-JMS-WGH    Document 2-7    Filed 10/06/15    Page 5 of 5 PageID #: 44

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____ D10_____

TRULINCS  14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

---

FROM: Legal
TO: 14679045
SUBJECT: RE:***Inmate to Staff Message***
DATE: 12/04/2013 11:12:03 AM

Mr. Purkey,

While I have every faith you are well-versed in the details of your conviction, for the sake of finality, according to a review of available records you were convicted in the Western District of Missouri of kidnapping for the purpose of rape resulting in the death of the victim and sentenced to death on January 23, 2004.  This is all the information available to provide you.

K. Siereveld

>>> ~^!"PURKEY, ~^IWESLEY IRA" <14679045@inmatemessage.com> 12/3/2013 12:25 PM >>>
To: R. Schalburg, Supervisory Attorney
Inmate Work Assignment: u.a.

No it has not. I request verbatim what offense and conviction you are making reference to that justifies my email prohibition, whereas I have never been charged, let alone convicted of solicitation of a minor, and that is the premise of the narrowly construction of the BOP Policy prohibiting an inmate's email access. So please stop the palpable evasive tacits and with specificity tell me exactly what charges and/or convictions are being relied on in denying me email access....
    Thank you....
-----Legal on 12/2/2013 2:02 PM wrote:

>
Please see pages 3 and 4 of PS P5265.13, Trust Fund Limited Inmate Computer System (TRULINCS)-Electronic Messaging. Specifically, paragraph 3. Trulincs Restrictions.  Your instant offense refers to the offense for which you are incarcerated.

I trust this response addresses your concerns.

K. Siereveld

>>> ~^!"PURKEY, ~^IWESLEY IRA" <14679045@inmatemessage.com> 11/27/2013 9:57 AM >>>
To: R. Schalburg, Supervisory Attorney
Inmate Work Assignment: u.a.

Please clarify with specificity the "offense" relied on by both Warden Caraway and SCU Unit Manager Bayless prohibiting my e/mail use - and the exact BOP Promuglation relied on in such prohibition, not merely referencing the policy itself and claiming that "the offense" I am charged with warrants such prohibition. Be specific - not deliberaely evasive which is palpable here.
    Thank You!!!!
-----Legal on 11/26/2013 9:47 AM wrote:

>
Mr. Purkey,

Based upon your instant offense, you are excluded from participation in the TRULINCS program.  Please refer to PS P5265.13, Trust Fund Limited Inmate Computer System (TRULINCS)-Electronic Messaging.

K. Siereveld

>>> ~^!"PURKEY, ~^IWESLEY IRA" <14679045@inmatemessage.com> 11/25/2013 8:39 AM >>>
To: R. Schalburg, Supervisory Attorney
Inmate Work Assignment: u.a.

Both SCU Unit Manager Bayless and Warden Caraway have prohibited my e/mail usage based supposedly on my charge and conviction, whereas I have requested to be provided with the specific charge and conviction relied on in suspending my e/mail usage by these administrative officials and have yet to be provided such requisite information for such total ban placed on my e/mail usage by them. Please provide me with the specific charge and conviction relied on by these administrative officials in justifying the total ban on my e/mail usage.

Ex_15-001363

Sp.Ex.(A)p.1 of 3

# DEATH PENALTY LITIGATION CLINIC

### 6155 Oak Street, Suite C
### Kansas City, MO 64113

(816) 363-2795
(816) 363-2799 Fax

dplc@dplclinic.com
http://www.dplclinic.com

**Attorneys**

*Rebecca E. Woodman, Executive Director*
*Joseph W. Luby*
*Sonali Shahi*
*Jessica E. Sutton*

January 15, 2014

Ms. Bayless, Unit Manager
USP Terre Haute
U.S. Penitentiary
4700 Bureau Road South
Terre Haute, IN 47802

      Re: Wesley Purkey #14679-045

Dear Ms. Bayless,

      We are writing to you regarding Terre Haute's prohibition on Mr. Purkey's access to the prison e-mail system, TRULINCS (or CORRLINKS), and request that Mr. Purkey's privileges be reinstated so that he can communicate with his adult daughter, Angela Genail.

      In January 2012, Mr. Purkey brought the matter to the attention of Unit Manager Stephens, in a letter stating that the rescission of his privileges was issued by Todd Royer, and that, prior to the rescission notice, "I had not been designated as being prohibited from email usage by the previous unit team and had utilized E/Mail without issue." (See Enclosed Docs, p. 2). Mr. Stephens responded: "I have no knowledge of any e-mail restrictions or orders to prohibit your electronic messaging." (See Enclosed Docs, p. 2).

      In July 2013, Mr. Purkey requested reinstatement of his e-mail access. As the new Unit Manager, you responded in August, 2013: "You were precluded due to your instant offense conduct and its relation to solicitation of a minor." (See Enclosed Docs, p. 3). The written notice issued to Mr. Purkey in January 2012 was the first notification of his exclusion from the TRULINCS program, despite the fact that Mr. Purkey has been housed at Terre Haute since 2003.

      Pursuant to the stated policy of the Bureau of Prisons, "[I]nmates are excluded from electronic messaging when it is determined that their use would threaten the safety, security, or orderly running of the institution or the protection of the public and staff." (See Federal Bureau of Prison Policy Statement, 3 (2009), available at http://www.bop.gov/policy/progstat/5265_013.) However, these concerns are not implicated if the prison, as it is permitted to do, grants Mr. Purkey e-mail access so that he can communicate with his adult daughter, Angela Genail. The TRULINCS system is highly restricted and enables the prison to wholly control who the prisoners write to. For example, the prison requires prior

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____ D11
PS000155

2

consent from the recipient before such person can be added to a prisoner's e-mail list. (See Federal Bureau of Prison Policy Statement, 2 (2009), available at http://www.bop.gov/policy/progstat/5265_013.pdf). By virtue of participating in TRULINCS, the parties consent to having all communications monitored and retained by Bureau Staff, who reserve the authority to reject individual messages that jeopardize penological interests. (Id. at 2). The very nature of the TRULINCS system makes it impossible for any prisoner to send unsolicited e-mails to others, or otherwise have the unfettered ability to communicate with any person the prisoner wants. The safeguards built into the system control who can receive prisoner communications and monitor the content in them. Thus, by design, the TRULINCS system achieves the Bureau of Prison's stated policy of preventing "behavior that could jeopardize the legitimate penological interests" such as, for example, soliciting minors for sexual activity. See Federal Bureau of Prison Policy Statement, 3 (2009), available at http://www.bop.gov/policy/progstat/5265_013.pdf) It would impose no security risk to the public and staff, and no administrative burden on the prison, to grant Mr. Purkey the ability to communicate with his adult daughter via e-mail.

The notice received by Mr. Purkey indicates that his exclusion is due to the instant offense conduct and its relation to solicitation of minor. Soliciting minors for sexual activity is a basis for excluding inmates from the e-mail system, See Federal Bureau of Prison Policy Statement, 3 (2009), available at http://www.bop.gov/policy/progstat/5265_013.pdf) (prohibiting e-mail access to those sex offenders whose "prior offense conduct involved soliciting minors for sexual activity or possession/distribution of child pornography."). However, Mr. Purkey's underlying conviction was for the crime of kidnapping resulting in death. Mr. Purkey was convicted under the following statutes: 18 U.S.C. §1201(a) (setting forth the crime of kidnapping). Mr. Purkey was not convicted of soliciting a minor, or for possession/distribution of child pornography.

Allowing Mr. Purkey to have e-mail communication with his daughter would promote the prison's penological interest in maintaining family relationships. The Bureau of Prisons recognizes as an important penological interest that prisoners maintain contact with their family. See, e.g., Federal Bureau of Prisons Program Statement 5267.08 ("Visiting Regulations") at 1 (2006) (encouraging visitation by "family, friends, and community groups to maintain the morale of the inmate and to develop closer relationships between the inmate and family members or others in the community") (available at http://www.bop.gov/policy/progstat/5267_008.pdf). Indeed, the Bureau values familial contact to such a degree that even when a prisoner is placed on restricted general correspondence status, BOP policy provides that prisoners may still continue to correspond with their immediate family, including their children. See BOP Program Statement 5265.14 ("Correspondence") at 12 (2011) (available at http://www.bop.gov/policy/progstat/5265_014.pdf)

It is our understanding that Mr. Purkey's daughter, Angela Genail, is already on his approved mailing and phone list. Having already approved Ms. Genail, it does not appear that any legitimate purpose is served here by prohibiting Mr. Purkey from communicating with her via e-mail. Mr. Purkey requests that he be allowed to communicate with his daughter in this fashion, which actually furthers, rather than threatens, the prison's penological interests.

PS000156

Ex_15-001365

Sp.Ex.(A)p.3 of 3

3

We appreciate your attention to this matter. Should you have any questions or concerns, please do not hesitate to contact our office.

Sincerely,                                            Sincerely,

Rebecca Woodman                                      Sonali Shahi
Attorney                                             Attorney

cc: Katherine Siereveld

PS000157

Ex_15-001366

**U.S. Department of Justice**

Federal Bureau of Prisons

_Federal Correctional Complex_
_Terre Haute, Indiana_

January 24, 2014

Rebecca Woodman
Sonali Shahi
Death Penalty Litigation Clinic
6155 Oak Street, Suite C
Kansas City, Missouri 64113

Dear Ms. Woodman and Ms. Shahi:

Thank you for your correspondence dated January 15, 2014, in regard to your client, Wesley Ira Purkey, currently housed in the Special Confinement Unit (SCU) at the Federal Correctional Complex (FCC), Terre Haute, Indiana. Specifically, you request his email privileges be reinstated.

A review of this matter reveals that this issue has been addressed with previous attorneys and with Mr. Purkey specifically, by J. F. Caraway, Complex Warden. As such, I will reiterate what has been previously stated; Program Statement 5265.13, <u>Trust Fund Limited Inmate Computer System (TRULINCS)-Electronic Messaging</u>, states, "The existence of a Public Safety Factor - Sex Offender indicates the inmate should be reviewed for underlying conduct that would exclude him/her from TRULINCS program participation." Additionally, "For example, inmates with a personal history of, or prior offense conduct or conviction for, soliciting minors for sexual activity." A review of his personal history, offense conduct and convictions was completed. Based on this review, he was precluded from participation based upon offense conduct.

I trust I have addressed your concerns. If you need any additional information, please do not hesitate to contact my office.

Sincerely,

Melissa J. Bayless
SCU Unit Manager

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D_____ D12____

PS000158

Ex_15-001367

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

---------------------------------------------------------------------------------------------

FROM: 14679045
TO: Trust Fund
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 01/16/2015 08:30:49 AM

To: K.Huebner
Inmate Work Assignment: ua

Thank you for your both your patience and clarifying these concerns for me and as you suggested I will address these matters with my capital habeas atorneys. Gassho!
-----Trust Fund on 1/16/2015 8:27 AM wrote:

>
As a Trust Fund staff member, I do not have access to any of your court documents. These assignments are determined by the courts and assigned to you in Sentry upon entering the BOP. Walsh Assignments pull from Sentry directly into Trulincs, restricting your access. Trust Fund has nothing to do with restricting your access to public messaging. Any request for court documentation regarding this assignment will need to be addressed with your attorney. Further questions regarding this issue should be submitted to Unit Team staff.

K.Huebner

>>> ~^!"PURKEY, ~^!WESLEY IRA" <14679045@inmatemessage.com> 1/15/2015 4:22 PM >>>
To: K.Huebner
Inmate Work Assignment: ua

On 12/29/14 you advised me via staff messaging that my WALSH Assessment was determined by the court, and that no written notification is provided to inmates' when such Walsh Assignments occur. I would appreciate your consideration and response to the foregoing conterminous issues regarding your response.
    I have a complete docket of my capital trial and sentencing proceedings and if you would be kind enough to identify the particular document that the court utilized in assessing my Walsh Designation I would deply appreciate it. As recent as 1/14/15 my capital habeas counsels' Ms. Woodman of K.C.MO and Ms. Law of Springfield, MO advised me that they have did a comprehensive review of my cpital filed, including my PSR and that no such Walsh Assignment to their knowledge was assessed by the court. Please advise me of the specific documented being utilized for assessing the ban on my electronic messaging I would truly appreciate it and then review such material myself, and/or have my habeas counsel do so.
    It is difficult to fathom my restrictions anent electronic messaging based on an alleged Walsh Assignment by the court which vould you of taken effect immediately when such program was implemented in Oct. 2009, whereas my restrictions were not mposed until almost a year later in Sept. 2010. Is there reasoning for reconciling this baffling consideration of the restrictions being imposed via the court upon my sentencing?
    Also under governing BOP P#5265.13[3} "Inmates excluded from using the electronic messaging program are to be notified n "writing" of the decision and reasons for such." Id. par.2. Contrary to your claim that inmates are not notified of such Walsh lesignations and/or reasons for precluding their electronic messaging under governing promulgation such written notification is o be given. I have never been afforded this process owed to me under policy. Why not?
    Thank you for your attention to these matters.+

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____D_____13_____

PS000159

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

---------------------------------------------------------------------------------------------------------------

FROM: USP SCU Unit
TO: 14679045
SUBJECT: RE:***Inmate to Staff Message***
DATE: 03/16/2015 10:02:02 AM

This is in response to your Inmate Request to Staff Member received on March 13, 2015, in which you state that you are being denied TRULINCS privileges, due to your Walsh Designation.

A review of your request reveals Program Statement 5265.13, Trust Fund Limited Inmate Computer System (TRULINCS) Electronic Messaging, states, " An inmate's exclusion from program participation must be based on his/her individual history of behavior that could jeopardize the legitimate penal interest..," A review of your personal history, prior offense conduct and convictions was completed. Based on your offense and conviction, you have been precluded from TRULINCS program participation.

I trust I have addressed your issues.

>>> ~^l"PURKEY, ~^lWESLEY IRA" <14679045@inmatemessage.com> 3/13/2015 12:48 PM >>>
To: Mr. Sample
Inmate Work Assignment: ua

This response to your subordinator's interferencing with the 3/11/15 electornic message I afforded to you regarding whether or not a 'Walsh Assignment' was designated via my Journal Of Entry is being reiterated here for your direct response unless you have delegated Mr. Edwards with the authority to act on your behalf and then of course you stand accountable for his actions of refusing to provide me with such information. Under governing BOP Policy the Unit Team is designated to review an inmate's file for a claimed 'Walsh Designation' when restrictions are implemented to their e/mail usage. Because litigation is being drafted for seeking redress of the specious email restrictions placed on me under the spurious contentions that the court assigned a 'Walsh Designation' to me via my sentencing order I am affording you and Mr. Daniels with an opportunity to verify that such Walsh Designation was assigned by the court. For clarification purposes "no such designation has ever been assigned to m by the Court" contrary to Trust Funds unsupported contentions otherwise. Based on your position and Mr. Daniels' you both will be named defendants in this action. Please provide me with a written response, whereas if no response is received I will assume that means that no such Walsh Designation can be found justifying the restrictions placed on my email usage! Thank you sir for "YOUR ATTENTION" to this matter.
----USP SCU Unit on 3/12/2015 8:57 AM wrote:

will have your Case Manager follow up with you regarding this inquiry.

>>> ~^l"PURKEY, ~^lWESLEY IRA" <14679045@inmatemessage.com> 3/11/2015 3:03 PM >>>
To: Mr. Sample
Inmate Work Assignment: ua

If I had a 'Walsh Designation' by the court would that be listed in my Journal entry? Or exactly where would such designation be listed? Thank you for your attention to this matter...

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____D_____14_____

PS000160

Ex_15-001369

Case No.
CLERK U. S. DISTRICT COURT

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

Exhibits:

P_____ D_____15_____

-----------------------------------------------------------------------------

FROM: 14679045
TO: USP SCU Unit
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 03/17/2015 03:00:31 PM

To: Mr. Sample
Inmate Work Assignment: ua

The response afforded speaks volumes of the deliberate evasiveness shown to this matter which was seen with perspicuity when you woke me up yesterday morning and advising in a vindictive and condescending matter that, "I have the written response you wanted regarding the "Walsh Assignment" question. You was holding up the warden's response given to a administrative remedy filed to collateral matters anent my email restriction - not based on whether or not the court designated a Walsh Designation' in my Journal of Entry which was the question posed to you - verbatim! When I assiduously tried to address his evavisness and equivocation of the issue presented to you - you became irate and stood at my cell door shaking that grievance response repeating that, "I have your written response right here." And then denying me any reply you walked away from my cell door which is your typical heavy handedness refusing prisoners' to respond to your indifference to issues presented. The question posed to you Mr. Sample is simple and clear cut - and that is - is a Walsh Designation listed in my Sentencing Journal Of entry. A simple "yes" or "No" would be quite sufficient, in-lieu of your palpable equivocation and evasiveness of the issue. Contrary to the "piling of conjectures" for my email restrictions no Walsh Designation has ever been assessed by the court and/or is any other tentatively valid reason exist for the email prohibitions. As I told Mr. Caraway sometime back that the definition of "integrity" is doing the right thing despite the consequences. Talk order is it to take corrective action despite the deep rooted animus that originally lead to these restrictions being placed and maintained.

By the way Mr. Sample I want to give you the recognition deserved for the goals achieved since assuming Ms. Bayless's position. You have set about causing us as much undue anguish as you possible could under the guise of security interest - where no security interest exist, let alone a legitimate ones. Do you think that those who held your position prior to you assuming such duties did not have the intelligence or ability to address legitimate security interest. I apologize Mr. Sample you and Mr. Daniels are of course 100% correct that strong security measure need to be implemented prohibiting one inmate from sharing a "burrito" with another inmate. Speak of significant security at stake in such basic amenties of being human. This is the most domicile unit in the BOP and you are concerned with allowing us to share in the most harmless activities there are! You and Mr. Daniels' are doing  stellar jobs - inflicting the most suffering you can on those that lay vulnerable to such abusive authority deserved recognition. Good job sir! Conclusionary security claims is always the name of prison officials game to justify their heavy handed tacits. Totally needless on this unit...
----USP SCU Unit on 3/16/2015 10:02 AM wrote:

This is in response to your Inmate Request to Staff Member received on March 13, 2015, in which you state that you are being denied TRULINCS privileges, due to your Walsh Designation.

A review of your request reveals Program Statement 5265.13, Trust Fund Limited Inmate Computer System (TRULINCS) Electronic Messaging, states, " An inmate's exclusion from program participation must be based on his/her individual history of behavior that could jeopardize the legitimate penal interest..," A review of your personal history, prior offense conduct and convictions was completed.  Based on your offense and conviction, you have been precluded from TRULINCS program participation.

I trust I have addressed your issues.

>> ~^!"PURKEY, ~^IWESLEY IRA" <14679045@inmatemessage.com> 3/13/2015 12:48 PM >>>
To: Mr. Sample
Inmate Work Assignment: ua

This response to your subordinator's interferencing with the 3/11/15 electornic message I afforded to you regarding whether or not a 'Walsh Assignment' was designated via my Journal Of Entry is being reiterated here for your direct response unless you have delegated Mr. Edwards with the authority to act on your behalf and then of course you stand accountable for his actions of refusing to provide me with such information. Under governing BOP Policy the Unit Team is designated to review an inmate's file for a claimed 'Walsh Designation' when restrictions are implemented to their e/mail usage. Because litigation is being drafted for seeking redress of the specious email restrictions placed on me under the spurious contentions that the court assigned a 'Walsh Designation' to me via my sentencing order I am affording you and Mr. Daniels with an opportunity to verify that such Walsh Designation was assigned by the court. For clarification purposes "no such designation has ever been assigned to m by the Court" contrary to Trust Funds unsupported contentions otherwise. Based on your position and Mr.

PS000161

Ex_15-001370

TRULINCS 14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

--------------------------------------------------------------------------------------

FROM: 14679045
TO: USP Complex Warden
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 05/08/2015 08:31:26 AM

To: Mr. Daniels
Inmate Work Assignment: ua

My email restrictions were purportedly implemented by Trust Fund, i.e. Ms. Havens speciously contending that such restrictions were imposed based on my 'Sentencing Court' assigning me with a 'Walsh Designation' and further based on Ms. Hooper/Trust Fund Supervisor stating that such Walsh Designation was automatically entered in to Sentry by the court. Of course at that particular time which documentation in possession clarifies that SCU Unit Manager Stephens stated that, "no reason existed for any restrictions on my email." Further' such email restrictions were not implemented against me until well after a year of the email program being implemented. So the automatic Walsh Designation being claimed entered by the court up on my sentencing is hard o reconcile. Further' you claim that the BOP does not have a copy of my PSR and/or you contend that no such Walsh Designation was listed in such, whereas this claim is truly irreconcilable with the Former SCU Unit Manager Bayless who contended that she was maintaining the email restrictions based on such Walsh Designation found in my PSR. Last but not least sir' under your own contentions that "YOU ARE" maintaining my email restrictions based on a sex offense in my record. The applicable BOP Policy promugiation itself clarifies that an inmate with a sex offense by itself is not prohibited from utilizing the email program, and that other factors must be considered and found to exist before restrictions can be imposed. Your assessment based solely on me having a sex offense does not justify the email restrictions imposed a year after the program was implemented, whereas such restrictions contravene both BOP Policy strictures, as well as well established law prohibiting such restraints on my fundamental First Amendment rights. I request that you reconsider your initial finding based on the applicable BOP Policy promulgation and the facts germane to such. Thank you for your attention to this matter.
-----USP Complex Warden on 4/2/2015 4:02 PM wrote:

>

This is in response to your Electronic Inmate Request to a Staff Member.

A review of your request reveals you want to be informed as to if a "Walsh Assignment" is listed in an inmate's journal entry. The Bureau of Prisons does not maintain journal entries specific to inmates. However, we do maintain documentation regarding inmate criminal history and prison adjustment, to include Inmate Skills Development Plans and Inmate Profile. Your Inmate Skills Development Plan does not specifically address the Adam Walsh Act. However, it does note your criminal history which entails a sex offense conviction. Your Inmate Profile has been noted regarding your Categorization of the Adam Walsh Act.

I trust this response adequately addresses your concerns.

Charles A. Daniels
Complex Warden

>>> ~^I"PURKEY, ~^IWESLEY IRA" <14679045@inmatemessage.com> 3/12/2015 2:58 PM >>>
To: Mr. Daniels
Inmate Work Assignment: ua

Is a 'Walsh Assignment' listed in a inmate's Journal Entry? I have sought clarification anent this matter via SCU Unit Manager Sample as well without response to date. Please advise me whether such designation is documented via an inmate's Journal Entry? Thank You Sir!

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____D____D16_____
PS000162

Ex_15-001371

Case 2:15-cv-00310-JMS-WGH    Document 2-9    Filed 10/06/15    Page 5 of 6 PageID #: 53

TRULINCS  14679045 - PURKEY, WESLEY IRA - Unit: THP-X-A

---

FROM: 14679045
TO: USP Complex Warden
SUBJECT: ***Request to Staff*** PURKEY, WESLEY, Reg# 14679045, THP-X-A
DATE: 05/08/2015 08:31:26 AM

To: Mr. Daniels
Inmate Work Assignment: ua

My email restrictions were purportedly implemented by Trust Fund, i.e. Ms. Havens speciously contending that such restrictions were imposed based on my 'Sentencing Court' assigning me with a 'Walsh Designation' and further based on Ms. Hooper/Trust Fund Supervisor stating that such Walsh Designation was automatically entered in to Sentry by the court. Of course at that particular time which documentation in possession clarifies that SCU Unit Manager Stephens stated that, "no reason existed for any restrictions on my email." Further such email restrictions were not implemented against me until well after a year of the email program being implemented. So the automatic Walsh Designation being claimed entered by the court up on my sentencing is hard o reconcile. Further you claim that the BOP does not have a copy of my PSR and/or you contend that no such Walsh Designation was listed in such, whereas this claim is truly irreconcilable with the Former SCU Unit Manager Bayless who contended that she was maintaining the email restrictions based on such Walsh Designation found in my PSR. Last but not least sir under your own contentions that "YOU ARE" maintaining my email restrictions based on a sex offense in my record. The applicable BOP Policy promuglation itself clarifies that an inmate with a sex offense by itself is not prohibited from utilizing the email program, and that other factors must be considered and found to exist before restrictions can be imposed. Your assessment based solely on me having a sex offense does not justify the email restrictions imposed a year after the program was implemented, whereas such restrictions contravene both BOP Policy strictures, as well as well established law prohibiting such restraints on my fundamental First Amendment rights. I request that you reconsider your initial finding based on the applicable BOP Policy promulgation and the facts germane to such. Thank you for your attention to this matter.
-----USP Complex Warden on 4/2/2015 4:02 PM wrote:

>

This is in response to your Electronic Inmate Request to a Staff Member.

A review of your request reveals you want to be informed as to if a "Walsh Assignment" is listed in an inmate's journal entry. The Bureau of Prisons does not maintain journal entries specific to inmates. However, we do maintain documentation regarding inmate criminal history and prison adjustment, to include Inmate Skills Development Plans and Inmate Profile. Your Inmate Skills Development Plan does not specifically address the Adam Walsh Act. However, it does note your criminal history which entails a sex offense conviction. Your Inmate Profile has been noted regarding your Categorization of the Adam Walsh Act.

I trust this response adequately addresses your concerns.

Charles A. Daniels
Complex Warden

>>> ~^!"PURKEY, ~^!WESLEY IRA" <14679045@inmatemessage.com> 3/12/2015 2:58 PM >>>
To: Mr. Daniels
Inmate Work Assignment: ua

Is a 'Walsh Assignment' listed in a inmate's Journal Entry? I have sought clarification anent this matter via SCU Unit Manager Sample as well without response to date. Please advise me whether such designation is documented via an inmate's Journal Entry? Thank You Sir!

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____ D___D17
                   PS000163

Ex_15-001372

| BP-A0934 | **Inmate Agreement for Participation in TRULINCS** | |
|---|---|---|
| JUNE 10 | **Electronic Messaging Program** CDFRM | |
| **U.S. DEPARTMENT OF JUSTICE** | | **FEDERAL BUREAU OF PRISONS** |

| Inmate Name: | Reg. No.: | Institution: |
|---|---|---|
| | | |

1. **TRULINCS Program** - I am notified of and acknowledge that the Bureau of Prisons (Bureau) at the above-named institution is offering an opportunity for inmates to participate in the Trust Fund Limited Inmate Communication System (TRULINCS) program, whereby inmate-participants may send and receive electronic messages (e-mail) with members of the community.

2. **Conditions of Participation** - As a TRULINCS program participant, I am notified of, acknowledge, and voluntarily agree to the following conditions:

    a. **Compliance with Program Procedures** - I must abide by all terms prescribed in the TRULINCS Program Procedures (procedures), which I acknowledge having been notified of, received, read, and understood prior to signing this agreement.

    b. **Voluntary Participation** - My participation in the TRULINCS Electronic Messaging program is voluntary and I may decline participation, or withdraw at anytime, without penalty or cost, except as provided in the procedures related to fees which may have already been collected from me. In the absence of TRULINCS program participation, I may still maintain contact with persons in the community through written correspondence, telephone, and visiting, as provided in those relevant Bureau policies.

    c. **User Fee** - My TRULINCS program participation is conditioned on my payment of a fee for usage as prescribed in the procedures, and I authorize such fee(s) to be withdrawn directly from my inmate deposit fund account.

    d. **Consent to Monitoring** - I am notified of, acknowledge, and voluntarily consent to having my messages and transactional data (incoming and outgoing) monitored, read, retained by Bureau staff, and otherwise handled as described in the Inmate Electronic Message Record System, Justice/BOP-013 (70 FR 69594-01, November 16, 2005). I am notified of, acknowledge, and voluntarily consent that this provision applies to messages both to and from my attorney or other legal representative, and that such messages will not be treated as privileged communications.

    e. **Warden's Authority** - The Warden may discontinue my participation in the TRULINCS program, or reject incoming/outgoing messages, whenever it is determined that my participation violates the procedures or otherwise jeopardizes the safety, security, or good order of the institution, or protection of the public. Additionally, my participation may be limited or discontinued at anytime due to program unavailability resulting from system maintenance, modification, SHU assignment or other reasons unrelated to my participation conduct.

    f. **Inmate Discipline / Criminal Prosecution** - My use of the TRULINCS program in violation of the procedures may result in inmate disciplinary action and/or criminal prosecution.

    g. **Administrative Remedy Program** - Any grievance I may have related to the TRULINCS program may be raised through the Bureau's Administrative Remedy Program.

3. **ACKNOWLEDGMENT** - As indicated by my signature below, I am notified of, acknowledge, and voluntarily agree to all the above provisions.

_____
Inmate Name (printed/signed)

_____
Date

PDF                          Prescribed by P5265

Case No.
CLERK U. S. DISTRICT COURT
Exhibits:
P_____D____D18_____

PS000164

Ex_15-001373

UNITED STATES SUPREME COURT

WESLEY I. PURKEY,

Petitioner,

Case No. _____

vs.

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT,

PETITION FOR A WRIT OF MANDAMUS

The Petitioner Wesley I. Purkey acting pro se in this action respectfully request that the Court exercise its authority under 28 USC § 1651(a)[28 USCS § 1651(a)] to compel the United States Court of Appeals for the Eighth Circuit to grant "Purkey" most fundamental constitutional and statutory right to proceed pro se in his capital appellate proceedings as this Court has delineated and enunciated under Faretta v. Califorina, infra. Contrary to this Court's unequivocal precedental mandate in Faretta v. Califorina, the Court of Appeals for the Eighth Circuit without reason is denying Purkey his fundamental Sixth Amendment right to respresent himself in his own capital appellate proceedings mandating in-lieu of that appointed counsel will continue in their representation of Purkey. In support of Purkey's request that this Court grant him a Petition for A Writ of Mandamus he states the following:

JURISDICTION

The Supreme Court has the power to review virturally any decision of the federal court of appeals. See 28 U.S.C.S. § 1254(1). In exceptional circumstances amounting to a judicial 'usurpation of power," it may be challenged via a petition for a writ of mandamus. Will v. United States, 389 US 90, 95, 19 L.Ed.2d

**RECEIVED**

1.

OCT - 7 2013

**U.S. COURT OF APPEALS
EIGHTH CIRCUIT**

Ex_15-001374

305, 88 Sup.Ct. 269 (2010).

<u>CONCISE SUMMARY OF GERMANE FACTS</u>

Prior to the United States Court of Appeals For The Eighth Circuit September 6th, 2013 holding affirming Purkey's capital conviction and sentence in all respects, Case No. 10-3462 Purkey had prepared and filed a pro se motion before oral arguments to withdraw counsel because of protracted and ongoing conflicts of interest with court appointed counsel(s) Tersa Norris and Gary Brotherton, and requested to proceed pro se. The court denied such request by Purkey via its September 6th, 2013 ruling contending that Purkey's filing was untimely per se because it was filed after briefing was completed.

On September 18th, 2013 Purkey renewed his request to proceed pro se and for counsel to be withdrawn, and he as well requested additional time for preparing and filing a Peitition for Rehearing and/or Rehearing En Banc. The Court without explanation denied Purkey's request to proceed pro se, but granted his request for additional time for a Petition for Rehearing to be filed. A Copy of that Order is appendix to this pleading.

Both of Purkey's appointed capital habeas counsel has reiterated to him with perspicuity on several different occasions that the court(s) are not going to withdraw us from representing you; that the court appointed us; we do not work for you and we can do whatever we choose in your case whether you appreciate it or not. In fact counsel has clarified candidly that, "we get paid whether you live or not." Purkey clarified via the initial motion he filed with the Eighth Circuit reasons underscoring his request to proceed pro se and for counsel to be withdrawn, and these reasons were clear and unequivocally asserted, although ignored by the Court of Appeals.

<u>Purkey Has Both A Constitutional and Statutory Right To Proceed Pro Se</u>

2.

Ex_15-001375

A federal criminal defendant has both a constitutional and statutory right to proceed without counsel. Farette v. Califorina, 442 U.S. 806, 819, 96 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); 28 U.S.C. § 1654. It is beyond dispute under the plethora of this Court's case law that Purkey has a Sixth Amendment right to represent himself in all critical stages of his criminal proceedings. Iowa v. Tovar, 541 U.S. 77, 80-81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004); United States v. Cronic, 466 U.S. 648, 653-54, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Even though the above cases dealt with a defendant's rights to be represented with counsel at all critical stages of a criminal proceedings, it is just as well settled that a defendant also has the right to "proceed without counsel when he voluntarily and intelligently elects to do so." Faretta, 422 U.S. at 807, 95 S.Ct. 2525, 45 L.Ed.2d 562. The Court has emphasized that, "[t]he right to counsel embodied within the Sixth Amendment carries as its corollary the right to proceed pro se and cannot be denied a defendant who "knowingly and intelligently" invokes such right during any stages of their criminal proceedings. Faretta, 422 U.S. at 819-20. Here the Court of Appeals for the Eighth Circuit demonstrating acute indifference to this courts controlling authority mandating that Purkey be allowed to represent himself in his own capital habeas proceedings denied him this constitutional and statutory right without any explanation given for doing so. The "drastic and extraordinary" remedy for granting Purkey's Petition for a Writ of Mandamus is warranted under the egregious violations of law committed here.

Purkey Satisfies The Conditions For The Court To Grant His Petition

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usage and principles of law." This is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." Ex parte Fahey, 332 US

3.

Ex_15-001376

258, 259-260, 91 L.Ed. 2041, 67 S.Ct. 1558 (1947). Although courts have not confined themselves to an arbitrary and technical definition of 'jurisdiction', "only exceptional circumstances amounting to a judical 'usurpation of power', or a clear abuse of discretion will justify the invocation of this extraordinary remedy. Will v. U.S., 389 U.S. 90, 95, 19 L.Ed.2d 305, 88 S.Ct. 269 (1967).

The writ is one of "the most potent weapons in the judical arsenal," id, at 107, 19 L.Ed.2d 305, 88 S.Ct. 269, three conditions must be satisfied before it may issue. Kerr v. United States Dist. Court for Northern Dist. of Cal., 426 US 394, 403, 48 L.Ed.2d 725, 96 S.Ct. 2119 (1976). First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires," ibid. - a condition designed to ensure that the writ will not be substituted for the regular appeal process, Fahey, supra, at 260, 91 L.Ed. 2041, 67 S.Ct. 1558. Second, the petitioner must satisfy "the burden of showing that [his] right to issuance of the writ is "clear and indisputable"." Kerr, supra, at 403, 48 L.Ed.2d 725, 96 S.Ct. 2119. These hurdles, however demanding, are not insuperable. In the case sub judice Purkey has with perspicuity satisfied each of the requisite conditions of this Court to issue his petition for a writ of mandamus.

No other adequate means exist for Purkey to obtain the relief he request, whereas no appeal process is tenable anent the Court of Appeals denying him the right to represent himself in his capital habeas proceedings. Second, Purkey has unequivocally demonstrated that he has a well established right under the Sixth Amendment and statutory law to represent himself in his capital habeas proceedings, as this Court has delineaed and enunciated through its controlling black-letter law. Faretta v. Califorina, 422 U.S. at 819-20. Third, the writ could not be more appropriate under the given circumstances, whereas Purkey is literally fighting for his life and is at the last stages of his capital habeas appeal processes, and if denied the right to represent himself in these proceedings then request an

4.

Ex_15-001377

order of this court to the Court of Appeals terminating the filing of any petition for a rehearing concluding these capital habeas proceedings.

WHEREFORE, Purkey respectfully request that the Court grant his Petition For A Writ Of Mandamus ordering the United States Court of Appeals for the Eighth Circuit to grant him pro se status in these capital habeas proceedings.

Date: October 3rd., 2013

RESPECTFULLY SUBMITTED,

_Wesley I. Purkey_

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/Pro Se

CERTIFICATE OF SERVICE

The undersigned Wesley I. Purkey does attest that he mailed a true and correct copy of the foregoing "Petition For A Writ of Mandamus' to: Michael Gans/U.S. Court of Appeals, 111 S. 10th St., St. Louis, MO 63102 via first class mail sufficient first class postage attached on this 3rd day of October, 2013.

_Wesley I. Purkey_

Wesley I. Purkey
declarant

5.

Ex_15-001378

# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

No: 10-3462

Wesley Ira Purkey

Appellant

v.

United States of America

Appellee

Appeal from U.S. District Court for the Western District of Missouri - Kansas City
(4:06-cv-08001-FJG)

## ORDER

The motion of Wesley Purkey for an extension of time to file a petition for rehearing is granted. Appellant's counsel may have until October 21, 2013, to file the petition for rehearing. Appellant's motion to proceed pro se has been considered by the court and is denied.

Electronically-filed petitions for rehearing <u>must</u> be received in the clerk's office on or before the due date.

The three-day mailing grace under Fed.R.App.P. 26(c) does not apply to petitions for rehearing.

September 23, 2013

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

/s/ Michael E. Gans

Ex_15-001379

Mr. Micheal Gans/Clerk
US Court of Appeals
111 S. 10th Street
St. Louis, MO 63102

RE: Purkey v. United States, No. 10-3462

October 3rd., 2013

Dear Mr. Gans,

Please find enclosed a copy of my pro se Petition For A Writ Of Mandamus filed with the United States Supreme Court on this date.

Thank you for your attention to this matter.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Defendant/Pro Se

RECEIVED

OCT - 7 2013

U.S. COURT OF APPEALS

Ex_15-001380

10-3462  Wesley Purkey v. United States

**Eighth Circuit Court of Appeals**

**PRO SE Notice of Docket Activity**

The following was filed on 10/08/2013

**Case Name:**   Wesley Purkey v. United States
**Case Number:**  10-3462

**Docket Text:**
DOCUMENT FILED - Copy of appellant's petition for writ of mandamus to the US Supreme
Court. filed by Mr. Wesley Ira Purkey. [4083736] [10-3462]

**The following document(s) are associated with this transaction:**
Document Description:  Petition for writ of mandamus to Supreme Court

**Notice will be mailed to:**

Mr. Wesley Ira Purkey
U.S. PENITENTIARY
14679-045
P.O. Box 33
Terre Haute, IN  47808-0033

**Notice will be electronically mailed to:**

Mr. Gary E. Brotherton: gebrotherton@legalwritesllc.com, garyebrotherton@aol.com
Mr. David M. Ketchmark: David.Ketchmark@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Kathleen D. Mahoney: Kate.Mahoney@usdoj.gov,
usamow.Appellate@usdoj.gov,usamow.ecfGeneralCrimes@usdoj.gov
Ms. Teresa L. Norris: teresa@blumelaw.com

Ex_15-001381

**IN THE**
**UNITED STATES COURT of APPEALS**
**EIGHTH CIRCUIT**

No. 10-3462

WESLEY IRA PURKEY,
Appellant,
v.
UNITED STATES OF AMERICA,
Appellee.

**Motion to Amend Appellant's Pro Se Motion**
**Filed May 16, 2012**

Appellant, Wesley I Purkey, hereby requests to amend his pro se motion filed May 16, 2012, which is still pending before this Court. Specifically, Appellant withdraws the request to relieve both counsel and to proceed pro se. Appellant DOES NOT desire to have Teresa L. Norris relieved as counsel. Appellant does, however, continue in his request that Gary E. Brotherton be relieved as counsel and requests that qualified counsel be appointed in his stead.

Respectfully submitted,

_____
Wesley I. Purkey

Date _9/18/12_

WP_PC000072073

Ex_15-001382

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this pro se motion was served upon the United States by appointed counsel filing via CM/ECF.


/s/ Teresa L. Norris

Dated:     September 24, 2012

WP_PC000072074

Ex_15-001383

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT


WESLEY I. PURKEY

                Plaintiff/Appellant,

vs.

H. J. Marberry, et al.,

                Defendants/Appellees.

Case No. 09-1843
D.C. 09-cv-00044-WTL-DML
(S.D.Ind.)

U.S.C.A.-7th Circuit
F I L E D

JAN 2 5 2010 EF

GINO J. AGNELLO
CLERK

MOTION FOR RECONSIDERATION OF JUDGE MANION'S ORDER
REVOKING PURKEY' IFP STATUS BECAUSE THE COURT USED AND RELIED ON
ERRONEOUS INFORMATION IN SUCH ASSESSMENT

The Plaintiff/Appellant Wesley I. Purkey (hereafter "Purkey") request that the Court, Judge Daniel A. Manion reconsider the Judgement Order issued January 15th, 2010 revoking Purkey's IFP status due to his assessment that Purkey had accumulated three or more strikes under the applicable PLRA provisions under 28 U.S.C. § 1915(g). In making this determination the court relied on the erroneous claim that Purkey has assessed a strike regarding the dismissal of a case from the Eastern District of Kansas, Purkey v. Green, #99-cv-03356-JAR (D.KanJune 23rd, 2000), although this dismissal by the district court in holding that Purkey's complaint failed to state a claim upon which relief could be granted and/or was frivolous was reversed by the Court of Appeals for the Tenth Circuit. See Appendix (A)(Order And Judgment by the Tenth Circuit Revering that Dismissal). That case on remand was consolidated with a supplement litigation that had been filed while the initial litigation was pending a decision by the Tenth Circuit. See Appendix (B)(the first page of the decision by the

1.

Ex_15-001384

district court presenting the "Procedural History" of the two consolidated cases.  In fact attached to Purkey's 'Appellant Brief (Appendix (3)) is an order denying the Plaintiff's Motion for Summary Judgment on the two consolidated cses.

The Court is correct in its January 15th, 2010 Order that the Purkey v. Green, 99-cv-03356 (E.D.Kan.June 23, 2000) had been dismissed  sua sponte by the district court, but it was then reversed by the Court of Appeals.  See Appendix (A).  The dismissal of this action which was later reversed by the Court of Appeals for the Tenth Circuit should count as a strike against Purkey.  See Boriboune v. Litscher, 2003 WL 23208940 (W.D.Wis., Feb. 24, 2003).  Further, partial dismissal of a case does not count as a strike.  See Barela v. Variz, 36 F.Supp.2d 1254, 1259 (S.D.Cal.1999).  Here the court has misapprended that the Purkey v. Green, Case 03356, although was sua sponte dismissed by the distict court which would of justified a strike under § 1915(g) was reversed on appeal which prohibits assessment of strike.  Boriboune v. Litscher, supra.  Thereby' Purkey request that the Court/Panel reconsider its Janaury 15th, 2010 Order revoking Purkey IFP status on appeal based on the erroneous assessment of Purkey v. Green, 99-cv-03356 (E.D.Kan June 23, 2000) warranting a strike after such dismissal was reversed by the court of appeals.

WHEREFORE' Purkey Prays the Panel to reconsider its January 15th, 2010 Order rescinding Purkey's IFP Status based on the erroneous asseement of the Purkey v. Green,  99-cv-03356 (E.D. June 23, 2000) after such dismissal was reversed by the Court of the Appeals for the Tenth Circuit, Case No. 00-3218, (Appendix (A)) hereto attached.

Dated: Janaury 20th, 2010

2.

Ex_15-001385

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/Appellant/Pro Se

3.

Ex_15-001386

MOTION/RECONSIDERATION    APPENDIX (A)

Ex_15-001387

*Appendix (A)*

**F I L E D**
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS    **AUG 17 2001**

FOR THE TENTH CIRCUIT    **PATRICK FISHER**
Clerk

---

WESLEY I. PURKEY,

    Plaintiff-Appellant,

v.

LEROY GREEN, Sheriff of
Wyandotte County, Kansas;
J.B. HOPKINS, Administrator of
Wyandotte County Jail; JONI
MUMMA, Program Director of
Wyandotte County Jail;
D.R. HERRING, Administrative
Capacity of Wyandotte County Jail;
PATTY JONES, Administrative
Capacity of Wyandotte County Jail ;
JOHN & JANE DOE, Employees of
Wyandotte County Jail; MICHAEL
DAILY, Wyandotte County Jail;
ADRIAN BARLOW, Wyandotte
County Jail; CARLA HARRIS;
CHARLES DUNLAY; (FNU)
GRIFFIN; MICHELE SESE,

    Defendants-Appellees.

No. 00-3218
(D.C. No. 99-CV-3356)
(D. Kan.)

---

**ORDER AND JUDGMENT**\*

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ex_15-001388

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Wesley I. Purkey, appearing pro se and in forma pauperis, appeals from the district court's dismissal of his civil rights complaints[1] brought under 42 U.S.C. § 1983. On the same day the district court granted plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), the court dismissed plaintiff's complaint sua sponte, apparently pursuant to either § 1915(e)(2)(B)(ii) or 28 U.S.C.§ 1915A(b)(1) (screening procedures for civil rights action in which prisoner seeks redress from governmental entity or its officers or employees). In dismissing the cause of action, the court held that plaintiff had failed to state a claim upon which relief may be granted. R. Doc.9 at 7. Our jurisdiction arises under 28 U.S.C. § 1291.

---

[1]    Plaintiff filed three complaints, with the second two supplementing the first complaint. *See* R. Doc. 1, 4, 5. The first was filed November 9, 1999, the second on December 22, 1999, and the third on January 24, 2000.

-2-

Ex_15-001389

Mr. Purkey raises fifteen issues in a distended brief that is difficult to follow. Mindful of our obligation to construe his pleadings liberally, we have regrouped the claims into (A) two claims alleging denial of access to courts, (B) three claims alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment, (C) an Eighth Amendment excessive force claim, (D) an Eighth Amendment inciting to violence claim , (E) a claim for unconstitutional retaliation by segregation, (F) a claim for retaliation for exercise of First Amendment rights, and (G) a claim that the court erred in requiring payment of partial filing fees.

Because under our standard of review, we must accept Mr. Purkey's well-pleaded facts as true, we conclude that the district court prematurely dismissed certain of plaintiff's claims. We therefore remand two of Mr. Purkey's claims that prison officials were deliberately indifferent to serious medical needs; his Eighth Amendment excessive force claim; and his incitement to violence claim. On remand the court should also consider the First Amendment retaliation claims, addressing all the alleged deprivations. We affirm the district court as to Mr. Purkey's claims that his right to access to courts was unconstitutionally violated; one of the Eighth Amendment claims alleging deliberate indifference to medical needs; and his claim regarding retaliatory segregation. We also reject his claim of error regarding the payment of fees.

-3-

Ex_15-001390

## I. Standard of review

A dismissal under § 1915(e)(2)(B)(ii) or § 1915A for failure to state a claim is subject to de novo review. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (applying de novo review to dismissals under § 1915(e)); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999) (noting the same standard of review for dismissal under § 1915A); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (determining that dismissals under either section should be reviewed de novo).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

*Perkins*, 165 F.3d at 806 (citation omitted).

## II. The complaint

Plaintiff was incarcerated as a pre-trial detainee at Wyandotte County Jail at the time the alleged incidents occurred. In his complaint, plaintiff alleges that in December 1998 defendant guard Davis threw a full carton of milk thirty feet across a "pod," striking plaintiff in the neck. The complaint states that the "act was unprovoked during breakfast," and that plaintiff later asked to be taken to the

-4-

Ex_15-001391

infirmary because he was suffering from "sharp/shooting pains and a burning sensation through the left side of [the] neck" and a "severe headache since being struck with the full carton of milk." R. Doc. 4 at 2, 7. He alleges that he reported to the nurse that his neck injury was caused by Davis. He further claims she would not let him see a doctor without paying a standard $5.00 fee and because she could see no red mark on his neck. Plaintiff states that he refused to pay the $5.00 fee and did not see the doctor that day. He alleges, however, that being struck by the milk carton caused a "pinched nerve" in his neck for which a doctor at a state hospital (where he was temporarily transferred for a psychiatric evaluation) later prescribed an analgesic. He claims that, without examining his "pinched nerve," defendant Dr. Gamble at Wyandotte discontinued the medication despite his remonstrations that he suffered without it.

The complaint further alleges that the day following the milk-carton incident, defendant Davis told four or five African-American inmates that plaintiff was trying to cause problems for him because he had hit plaintiff with the milk carton. The inmates purportedly replied that if Davis would let plaintiff out of his "room", they would "deal with" it. *Id.* at 7. Plaintiff alleges that the following night, the same inmates confronted him before "lockdown" in the presence of a sheriff's deputy, threatening his life, and an "assaultive confrontation" began to develop. *Id.* He alleges that the next day he was locked

-5-

Ex_15-001392

in disciplinary segregation for six weeks as punishment for reporting the incident, and he was later transferred to another pod.

Plaintiff alleged that defendants "systematically and continuously denied me access to meaningful legal research material in reprisal for litigation plaintiff was preparing for filing in the U.S. District Court in redress of claimed-alleged violations." R. Doc. 1 at 6. He submitted a copy of a grievance challenging an alleged change in policy for allowing inmates access to legal materials. *Id.* Ex. AB(1). He alleged that defendants informed him that "his legal research rights have been terminated." *Id.* at 9. He also alleged that defendants (1) threatened disciplinary action if he persisted in requesting law books, (2) tore up his civil rights complaint and copies of grievances showing that he has exhausted administrative remedies, (3) denied him access to tape so that he could tape the documents back together, and (4) refused to photocopy his complaints or (5) to provide him with a copy of the prison's new policies and procedures for obtaining copies, thus denying him access to the courts. *See* R. Doc. 4 at 17. Plaintiff provided affidavits from other prisoners supporting his claim that defendants had torn up his complaint and supporting documents. He sued the various defendants in their official and individual capacities.

### III. Discussion

-6-

Ex_15-001393

The district court did not order a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978) (approving order requiring prison officials to investigate facts surrounding inmate's civil rights suit in order to construct an administrative record from which court may decide jurisdictional issues and make determination of frivolity under § 1915). We address each claim in the same order as the district court addressed those claims.[2]

**A. Denial of access to courts claims.**

Plaintiff alleges that defendants unconstitutionally denied him access to the courts by, among other things, tearing up the initial copy of his complaint and the supporting exhibits, refusing to provide him with tape to mend the torn items, refusing to photocopy legal documents, refusing to allow him to purchase large manila envelopes for mailing his complaints to the courts, and delaying or denying him access to legal research materials. The district court dismissed these claims pursuant to *Lewis v. Casey*, 518 U.S. 343, 351 (1996), concluding that plaintiff's allegations demonstrated "inconvenience but not actual injury." R. Doc. 9 at 3.

---

[2]     Because plaintiff was a pre-trial detainee at the time of the alleged incidents, his claims technically are for violation of his substantive due process rights under the Fourteenth Amendment. *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999). "In determining whether [a pretrial detainee's] rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Id.*

-7-

Ex_15-001394

In *Lewis*, the Supreme Court held that, to succeed on a claim of denial of access to the courts by restricting access to legal materials, an inmate must establish "actual injury," i.e., that "his efforts to pursue a legal claim" were "hindered" by the defendants' misconduct. 518 U.S. at 351. Notably, the Court offered two examples of when an inmate's efforts to pursue a legal claim would be "hindered." First, the Court noted that an inmate "might show . . . that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id.* at 351. Second, the Court noted that an inmate might show "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.*

Applying *Lewis* to the facts alleged by plaintiff, we agree with the district court that plaintiff failed to state a claim for denial of access to the courts. It is apparent that, notwithstanding the defendants' alleged misconduct, plaintiff was able to pursue his civil rights claims by filing three separate complaints in district court and an appellate brief in this court. At worst, defendants' misconduct

-8-

Ex_15-001395

temporarily, but not fatally, delayed, and did not unreasonably hinder, the filing of those claims.[3]

## B. Claims of deliberate indifference to serious medical needs

Plaintiff's complaints allege three separate incidents in which he claims constitutional violations for failure to address his medical needs. In his first claim, he alleges that he was given tennis shoes (which he later described as "orthopedic" shoes) to wear at a state hospital facility that were taken away from him upon his return to Wyandotte. Defendant Dr. Gamble then ordered that his shoes be returned at Wyandotte after plaintiff allegedly suffered multiple infected blisters on his feet caused by the shoes issued by the jail. R. Doc. 1 at 4. He claims the nurses at Wyandotte refused to comply with Dr. Gamble's order and also refused to give him bandages or treatment ordered by Dr. Gamble for the infected blisters. *Id.*

In his second claim, he alleges that Dr. Gamble showed deliberate indifference to serious medical needs when he (1) refused to comply with recommendations made by a physician (or physicians) at the state hospital to biopsy a tumor on plaintiff's shoulder, (2) refused to examine plaintiff's alleged

---

[3] As discussed below, however, many of these same allegations support plaintiff's valid First Amendment retaliation claim.

-9-

Ex_15-001396

"pinched nerve" neck injury, and (3) discontinued the Feldene[4] prescribed for plaintiff's alleged shoulder and neck problems. R. Doc. 4 at 14-15. Plaintiff avers that he continues to "suffer persistent pain in both shoulders and neck due to his medication being discontinued." *Id.* at 15.

In his third claim, he alleges that in December 1999 a nurse at Wyandotte apparently prescribed ear drops to soften wax buildup in his ears and scheduled him to have an ear irrigation five days later. He states that at the time the ear irrigation was scheduled, defendant Dr. Gamble examined his ears and throat, prescribed medication, and then stated there was no need to do the irrigation and left the room. Plaintiff states that he insisted that he needed the irrigation because his ears were "totally clogged, constant pressure and headache." R. Doc. 5 at 8. When he became adamant and refused to leave the examining room, he was issued a disciplinary "ticket" and returned to his pod. The complaint states that Dr. Gamble later denied telling staff not to perform the irrigation and that the irrigation was ultimately performed almost a month later. He claims that during this time he suffered pain when swallowing. Id. at 12.

The district court did not address these three claims individually, noting that it was apparent that plaintiff had access to medical care during the period of

---

[4] We take judicial notice that Feldene is a medication with anti-inflammatory and analgesic properties. PHYSICIANS' DESK REFERENCE 2383 (53d ed. 1999).

-10-

Ex_15-001397

incarceration at Wyandotte. R. Doc. 9 at 4. The court stated that "no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment," and concluded that the claims "present no more than a difference of opinion." *Id.* at 3-4.

To state a cognizable Eighth Amendment claim for failure to provide medical care, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The deliberate indifference requirement has two components: (1) an objective component requiring that the pain or deprivation be sufficiently serious, and (2) a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. *Perkins*, 165 F.3d at 809 (citing *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991)).

"A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). Contrary to the district court, we conclude that plaintiff's first claim amounts to more than a "difference of opinion" and is

-11-

Ex_15-001398

therefore cognizable under the Eighth Amendment. Liberally construing plaintiff's pleadings, he alleges that one or more nurses at Wyandotte intentionally refused to comply with Dr. Gamble's orders for treatment of infected blisters on his feet, and that, as a result, he experienced pain and suffering. These allegations, if true, would clearly demonstrate more than an "inadvertent failure to provide adequate medical care." *Estelle*, 429 U.S. at 105. They would, instead, establish deliberate indifference to plaintiff's serious medical needs.

Although a *Martinez* report might quickly reveal that Dr. Gamble did consider the pinched nerve complaint, on this record we have only the plaintiff's allegations of complete failure to examine to go by. Deliberate indifference may include intentionally interfering with treatment or medication that has been prescribed by a physician. *See Estelle*, 429 U.S. 97 at 104-05. Thus, by alleging that Dr. Gamble refused to examine his "pinched nerve" neck injury and discontinued the Feldene prescribed by another doctor for that injury such that he continues to suffer persistent pain in those areas because the discontinuation of his medication, Mr. Purkey has stated a cause of action instead of alleging only a difference of opinion. We therefore reverse the dismissal of these two claims and remand to the district court for further proceedings.

-12-

Ex_15-001399

As for the rest of plaintiff's indifference to medical needs claims, we conclude they were properly dismissed. It is apparent from plaintiff's pleadings that he was examined by Dr. Gamble regarding the shoulder tumor, and on at least one separate occasion for his ear/throat problems. It is further apparent that, on both occasions, plaintiff disagreed with Dr. Gamble's diagnoses and treatment. We are not persuaded, however, that these allegations are sufficient to establish that Dr. Gamble unnecessarily and wantonly inflicted pain on plaintiff. Rather, the allegations demonstrate, at worst, negligent diagnoses on the part of Dr. Gamble. As we have repeatedly indicated, such allegations do not give rise to a constitutional violation. *See Perkins*, 165 F.3d at 810 ("A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.").

### C. Cruel and unusual punishment.

The district court construed the pleadings as asserting a claim against defendant Davis for cruel and unusual punishment based upon his allegedly having struck plaintiff in the neck with a thrown milk carton. A prisoner alleging excessive force must state facts indicating that the prison official's use of force was objectively unreasonable and that the official's intent was for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). One alleging excessive force need not present facts of significant injury if he also presents

-13-

Ex_15-001400

facts showing that the official "maliciously and sadistically use[d] force to cause harm." *Id.* at 9. Of course, "*de minimis* uses of physical force . . . not of a sort repugnant to the conscience of mankind" are not actionable under the Eighth Amendment. *Id.* at 10 (quotations omitted). Thus, not "every malevolent touch by a prison guard" will give rise to a federal cause of action, but unnecessary blows causing bruises and swelling will, for example. *Id.* at 9-10.

Citing *Hudson,* 503 U.S. at 5, and *Whitley v. Albers*, 475 U.S. 312, 319 (1986), the district court dismissed this claim, apparently on a conclusion of *de minimis* injury as a matter of law. The court noted that "medical personnel found no markings or other signs of trauma when plaintiff was examined shortly afterward" and found "no reason to conclude this isolated event was a result of a 'wanton infliction of pain.'" R. Doc. 9 at 5.

Our review of the complaint indicates that the district court failed to take the plaintiff's well-pleaded allegations as true or to construe them in the light most favorable to plaintiff. *See Perkins*, 165 F.3d at 806. Plaintiff alleges that guard Davis's "attack" on him was unprovoked and unnecessary, giving rise to an inference that it was maliciously and sadistically intended to cause harm. *See Hudson*, 503 U.S. at 9. Although the complaint stated that medical personnel found no red marks on plaintiff's neck, it also stated that plaintiff experienced sharp and burning pain through the left side of his neck and shoulder area and a

-14-

Ex_15-001401

severe headache, and that the injury resulted in a pinched nerve for which a physician later prescribed Feldene. When a prisoner has been singled out for intentional punishment, he does not have to allege permanent or significant injury; the ultimate constitutional inquiry is whether an unnecessary and wanton infliction of *pain* has occurred. *See id.* at 6-7.

A *Martinez* report would shed more light on the incident and assist the court in discerning whether guard Davis intended to hit plaintiff or whether he accidently hit plaintiff while attempting to throw the milk carton to someone else, for example. At this stage of the proceedings, plaintiff has stated a cause of action against defendant Davis in his individual capacity for violation of his Fourteenth Amendment rights. We emphasize that, by arriving at that conclusion, we express no opinion on his ability to ultimately prevail on the merits or even on summary judgment.

**D. The inciting violence claim.**

Plaintiff's pleadings allege that, the day following the milk-carton incident, defendant Davis incited four or five inmates to harm plaintiff for complaining about the incident. The pleadings further allege that these inmates actually confronted plaintiff and threatened to kill him. The district court concluded these allegations were subject to summary dismissal "[b]ecause the record reflect[ed]

-15-

Ex_15-001402

the plaintiff was placed in segregation and not injured by [the] other inmates." R. Doc. 9 at 7.

A prisoner states an Eighth Amendment violation by alleging that a prison official intended to cause him serious harm by inciting other inmates to do violence against him. *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992). While an "idle threat" of impending physical harm that is not carried out will not suffice to state an Eighth Amendment claim, an imminent threat of serious harm, even though injury never actually occurs, will suffice. *See id.* at 1524; *Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir.1980); *see also Benefield v. McDowall*, 241 F.3d 1267, 1269-70 (10th Cir. 2001) (holding that an Eighth Amendment claim had been stated that survived a defense of qualified immunity when prisoner alleged he had been labeled a "snitch" by a correctional officer).

While the fact that other officials ultimately took steps to protect the plaintiff from violence by other inmates would bar a claim against them in their individual or official capacities for allowing unconstitutional prison conditions to continue, it would not shield guard Davis from liability for creating the serious condition that required that protection in the first place. Accepting plaintiff's allegations as true, plaintiff would be able to establish that guard Davis intended to seriously harm him by inciting inmates to beat him, thereby stating a violation of the Eighth Amendment. *See Northington*, 973 F.2d at 1525 & n.4 (stating that

-16-

Ex_15-001403

allegations may also support a substantive due process claim). The district

t erred in dismissing plaintiff's claim against guard Davis in his individual

city for inciting violence against plaintiff.

**E. Segregation/retaliation for filing internal grievances.**

Plaintiff alleged that, after the inmate confrontation, prison officials placed

n disciplinary segregation. R. Doc. 1 at 4, Doc. 4 at 8. Although plaintiff

ed that his placement in segregation constituted retaliation for filing

ances, the district court dismissed the claim, holding that "changes to an

e's housing status generally do not implicate a constitutional interest." *Id.*

9 at 6.

"The existence of an improper motive for disciplining a prisoner which

s in interference with a constitutional right" may give rise to a cause of

under § 1983. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).

se a prisoner must first file a grievance in order to ultimately gain access to

to state a claim for relief under 42 U.S.C. § 1997e, then punishing him for

y filing grievances by placing him in disciplinary segregation would state a

for a both an access to courts and a First Amendment violation. *See id.* ("It

one aspect of the First Amendment right to petition the government for

of grievances."); *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir.

holding that retaliation for filing lawsuits and administrative grievances

-17-

Ex_15-001404

"violates both the inmate's right of access to the courts and the inmate's First Amendment rights"); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (allegation that prison officials conspired to label prisoner a "snitch" in retaliation for petitioning prison and government for redress of grievances stated cognizable claim for violation of right of access to the courts).

However, because Mr. Purkey cannot show that filing a grievance was the "but for" cause of his segregation, *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998), we affirm dismissal of this claim. Certainly it was necessary to remove Mr. Purkey from the dangerous condition in which other inmates were threatening to beat him, and it was not unreasonable per se to place *him* in segregation instead of the four or five inmates who threatened him. Therefore, we affirm the district court's dismissal of this cause of action, albeit for a different reason. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (noting that appellate court may affirm district court on any ground for which there is record sufficient to permit conclusion of law).

**F. Claims of retaliation for filing suit against officers.**

Plaintiff points out that the district court did not address his First Amendment claims that county jail officials retaliated against him for attempting to file suit against jail employees by (1) denying law library privileges, (2) threatening discipline if he persisted in obtaining legal materials, (3) tearing up

-18-

Ex_15-001405

his first complaint, (4) screening his subsequent civil rights action and placing copies of it in his jail file, (5) refusing to sell him large manila envelopes for mailing legal actions, (6) refusing to promptly provide accounting statements required for his in forma pauperis application, and (7) calling him out of his cell late at night and threatening him because he continued to pursue his claims against officials. Of course, we are at a disadvantage without explicit findings to review. After reviewing the complaints, however, we conclude that plaintiff has stated a cause of action for First Amendment retaliation. *See Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996) ("prison officials may not harass or retaliate against an inmate for exercising his right of access to the courts.").

**G. Claim that court erred in requiring payment of filing fees after dismissal.**

Plaintiff asserts that the district court erred in concurrently ordering filing fees to be paid and dismissing his claims as frivolous. Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. It states, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.

-19-

Ex_15-001406

**H. Plaintiff's motion for order mandating return of legal materials.**

On August 23, 2000, plaintiff filed a motion requesting this court direct the warden to provide him with his legal materials that were allegedly confiscated when plaintiff was placed in administrative segregation on August 1, 2000. The record indicates that plaintiff was transferred to another correctional facility in September and we assume that he recovered those materials upon transfer, thus mooting the request. If that assumption is erroneous, plaintiff may petition the district court for relief. Plaintiff's motion is therefore denied.

The judgment of the United States District Court for the District of Kansas is AFFIRMED in part and REVERSED in part and REMANDED for further proceedings.

ENTERED FOR THE COURT
PER CURIAM

-20-

Ex_15-001407

No. 00-3218, *Purkey v. Green*

**HENRY**, Circuit Judge, concurring and dissenting:

I respectfully dissent from that portion of the order affirming the dismissal of Mr. Purkey's claim that his access to courts was unconstitutionally violated by the intentional destruction of his complaint and supporting documents. Destruction of legal documents by prison officials can present serious constitutional problems. *See Green v. Johnson*, 977 F.2d 1383, 1389-90 (10th Cir. 1992). Tearing up an inmate's complaint and supporting documents asserting excessive force and allegedly unconstitutional conditions of confinement and refusing to photocopy complaints so that they can be properly filed clearly violates the mandate that prison officials not hinder an inmate's access to the courts. *See Lewis*, 518 U.S. at 351. The word "hinder" means "to hamper" or "to impede or delay the progress of," WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY at 583 (1988), and thus does not signify a conclusive impediment. It would appear that prison officials may unconstitutionally interfere with access to courts not only by fatally forestalling a required pleading, but also by unreasonably delaying a filing. *See Johnson v. Avery*, 393 U.S. 483, 485-86 (1969) ("access of prisoners to the courts . . . may not be denied *or* obstructed") (emphasis added). Indeed, otherwise, officials could simply continue tearing up pleadings with impunity as long as conclusive deadlines still lay in the future. Mr. Purkey alleged actual injury, and not simple delay, by stating that his original

Ex_15-001408

complaint and supporting documents were torn to pieces so that he could not file that complaint.

-2-

Ex_15-001409

No. 00-3218, <u>Purkey v. Green</u>

**BRISCOE**, Circuit Judge, concurring and dissenting:

I concur in part and dissent in part. Although I agree with the resolution of most of the claims at issue, I write separately to express my disagreement with the majority's decision to reverse and remand plaintiff's cruel and unusual punishment claim, and plaintiff's incitement to violence claim.

### Cruel and unusual punishment

Plaintiff alleges he was subjected to cruel and unusual punishment when he was struck in the neck with a milk carton thrown by defendant Davis. Although the district court dismissed this claim on the grounds that it was an "isolated event" that resulted in "no markings or other signs of trauma when plaintiff was examined [by medical personnel] shortly afterward," R. Doc. 9 at 5, the majority reverses that ruling and remands for further proceedings. According to the majority, the fact that plaintiff did not suffer any "permanent or significant injury" is irrelevant. Maj. Op. at 15. Instead, the majority states, "the ultimate constitutional inquiry is whether an unnecessary and wanton infliction of pain has occurred." <u>Id.</u> The majority directs the district court on remand to obtain a <u>Martinez</u> report to "discern[] whether guard Davis intended to hit plaintiff or whether he accidently hit plaintiff while attempting to throw the milk carton to someone else." <u>Id.</u>

Ex_15-001410

In my view, it is unnecessary to decide whether defendant Davis intended to hit plaintiff with the milk carton. Even assuming that he did (and I certainly do not condone Davis' conduct if that is the case), I agree with the district court that it was, at most, a "de minimis" application of force that does not rise to the level of an Eighth Amendment violation. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (emphasizing that the Eighth Amendment prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'") (citation and internal quotations omitted); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (same).

### Incitement to violence

Plaintiff alleged that four inmates, at the urging of defendant Davis, confronted and threatened to kill him for complaining about the milk carton incident. The district court dismissed the claim "[b]ecause the record reflected the plaintiff was placed in segregation and not injured by [the] other inmates." R. Doc. 9 at 7. The majority, however, reverses and remands the claim for further proceedings. In doing so, the majority states that if plaintiff's allegations are true he "would be able to establish that . . . Davis intended to

-2-

Ex_15-001411

seriously harm him by inciting inmates to beat him, thereby stating a violation

of the Eighth Amendment." Maj. Op. at 16.

I disagree. First and foremost, I am not convinced that plaintiff's

allegations, even if true, demonstrate that he was subjected to a "substantial

risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). As the

district court recognized, plaintiff's own pleadings allege that he was promptly

placed into segregation after notifying prison officials about the incident and

there is no indication he was thereafter subjected to threats of violence by the

four inmates. Second, it is unclear to me what type of relief plaintiff would be

entitled to even if he were allowed to proceed on the claim. Plaintiff is no

longer housed at the Wyandotte County Jail and therefore has no legitimate

claims for declaratory or injunctive relief. See Green v. Branson, 108 F.3d

1296, 1300 (10th Cir. 1997) (concluding that a prisoner's transfer or release

from a jail moots his claims for declaratory relief). Further, plaintiff has not

alleged any physical injury resulting from the confrontation with the four

inmates. In light of 42 U.S.C. § 1997e(e), that leaves him with little more than

a claim for nominal damages against defendant Davis. See Searles v. Van

Bebber, 251 F.3d 869, 876, 878 (10th Cir. 2001) (concluding that § 1997e(e)

limits an inmate's ability to recover for mental or emotional injuries, but does

not bar recovery of nominal damages ).

-3-

Ex_15-001412

MOTION FOR RECONSIDERATION APPENDIX (B)

Ex_15-001413

Case: Motion/Reconsideration/Appendix (B)

*Defendants' Exhibit 5*
*Page 1 of 25*

Only the Westlaw citation is currently available.

United States District Court,
D. Kansas.
Wesley I. PURKEY, Plaintiff,
v.
Leroy GREEN, et al., Defendants.
Nos. 01-3134-JAR, 99-3356-JAR.
Feb. 24, 2005.
Wesley I. Purkey, Pro Se, Terre Haute, IN.
Stephen W. Kessler, Topeka, KS, for Plaintiff.
Henry E. Couchman, Jr., Unified Government of Wyandotte County/KCK, Kansas City, KS, for
Defendants.

MEMORANDUM ORDER AND OPINION GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

ROBINSON, J.

*1      Plaintiff Wesley I. Purkey, who presently is in federal custody, filed two civil rights actions stemming from his incarceration at the Wyandotte County Detention Center ("WCDC"). Named as defendants are the former and present Sheriff of Wyandotte County, Kansas as well as a number of other officials and personnel who worked at the WCDC during the time plaintiff was incarcerated there. This matter is presently before the Court on defendants' Motion for Summary Judgment (Doc. 90). Plaintiff has responded and also moves for summary judgment (Doc. 101). For the reasons set forth in detail below, the Court grants defendants' motion and denies plaintiff's motion.

**Procedural Background**

These cases have a protracted history. Plaintiff, appearing pro se and in forma pauperis, filed his first civil rights complaint on November 9, 1999, Case No. 99-3356, brought under 42 U.S.C. § 1983. Judge VanBebber dismissed plaintiff's complaint sua sponte, pursuant to 28 U.S.C. § 1915. The Tenth Circuit partially affirmed the district court, but remanded several of plaintiff's claims that were prematurely dismissed. [FN1]

While the appeal was pending, plaintiff filed a second pro se action, Case No. 01-3134, raising additional civil rights issues stemming from a later time period. Defendants answered, and on June 19, 2002, filed a Martinez report to which plaintiff responded. Plaintiff filed a motion for summary judgment in the latter case, which this Court denied (Doc. 59). The cases were then consolidated (Doc. 68) and the Court appointed Stephen Kessler to represent plaintiff in the proceedings (Doc. 64). Discovery ensued and a Pretrial Order was entered on July 6, 2004 (Doc. 77). After defendants filed the pending Motion for Summary Judgment, Mr. Kessler was permitted to withdraw as counsel and plaintiff was given additional time to respond (Doc. 98).

**I. Summary Judgment Standards**

*Defendants' Exhibit 5*
*Page 1 of 25*

Ex_15-001414

O43C

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

WESLEY I. PURKEY,

      Plaintiff/appellant,

vs.

H. J. Marberry, Warden
United States Penitentiary
Terre Haute, IN 47808

      Et Al.,

      Defendants/Appellees.

U.S.C.A. – 7th Circuit
F I L E D

NOV 0 6 2009  DDS

GINO J. AGNELLO
CLERK

Case No. 309-1843
D.C. No. 09-cv-00440WTL-DML
(S.D.Ind).

---

MOTION FOR EXTENTION OF TIME TO FILE APPELLANT BRIEF BECAUSE PLAINTIFF

IS BEING DENIED ACCESS TO THE UNIT LAW LIBRARY

Comes Now the Plaintiff/Appellant Wesley I. Purkey (hereafter "Purkey")
requesting fourteen (14) days extension of time for filing hios appellant brief.
On October 23rd., 2009 the Panel granted Purkey' leave to proceed on appeal in
forma pauperis after receiving partial filing payment of the appellant fees.  In
that same order the Court mandated the brief filed by no later than November 23rd.,
2009.  For the following reasons Purkey request an additional fourteen days (14)
days until December 6th, 2009 for filing his appellate brief:

    1.  Because Purkey is housed on the Special Confinement Unit ("SCU") he
has extremely limited access under the ordinary special security circumstances
of the unit.

    2.  Based on the BOP transition of implementing E/Mail access to SCU prisoners
and such termials being utilized through the unit's law library security staff
and adsministrative staff alike have deemed E/Mail usage takes precedent over

1.

Ex_15-001415

death row inmates access to the law library facilities.  Since October 23rd., 2009 Purkey has requested under applicable SCU Policy for securing law library access scheduling on numerous different occasions and been advised one each and everyone of them that those inmates requesting E/Mail access has either preferable and/or the same right to utilizing the law library as those inmates with pending filing dates such as Purkey has with this Court.

3.   Purkey has spoken with Defendant Marberry about this denial of access to the law library and she has mandated to him that although difficulties are occurring anent the e/Mail termial being in the unit's law library that Purkey needed to work with it.  Working with it in this instance means being denied access to the very legal materials Purkey needs to file and present a meaningful appellate brief in the case sub judice.

Based on the foregoing reasons Purkey prays for a fourteen (14) day extention of time until December 6th, 2009 for filing his appellant brief.

Dated: November 2nd., 2009

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre haute, IN 47808
Appellant

2.

Ex_15-001416

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT


WESLEY I. PURKEY,

            Plaintiff/Appellant.

vs.                           Case No.# 09-1843

H. J. Marberry, Warden,      Dist.Co. # 09-cv-0044-WTL-DML
United States Penitentiary    Southern District of Indiana
Terre Haute, IN
          Et Al.,

            Defendants.

U.S.C.A.-7th Circuit
F I L E D

SEP - 3 2009    EF

GINO J. AGNELLO
CLERK

MOTION BEFORE THE PANEL TO COMPELL THE DISTRICT COURT
TO COMPLY WITH THIS APPELLATE COURT'S MANDATE TO ASSESS PARTIAL FILING FEES

    The Plaintiff/Appellant Wesley I. Purkey (hereafter "Purkey"), acting
pro se request this Honorable Court to compell the district court in the
Southern District of Indiana, the Horoanable Judge William T. Lawrence to
comply with this Court's mandate issues the 1st day of August, 2009 to
assess partial filing appellate fees and then to notify this court of such
assessment and collection.  Because of the imminent danger Purkey is under
based on the conditions of his confinement regarding the ongoing and protracted
denial of a religious diet, as well as being subject to spoiled and rotten food
items, retaliatory action taken against him for his redress of these issues through
administrative and other challenges of remedy, whereas he has became extremely
ill from being subject to the food spoilages, uncooked and/or undercooked food
items on the religious diet, and being subject to significant and ongoing reductions
of food item portions he request that this court compell the district court
into compliance with this court mandate issued to it.  In further support of
the imminet danger Purkey is being subjected to as described through both his
'Memorandum In Support of PLRA Motion For Leave To Proceed On Appeal In Forma
Pauperis' and his 'Supplemental Motion In Support of the PLRA Motion' Purkey does
offer the following:

    1.    Purkey continues to receive spoiled and rotten food items on the religious

1.

Ex_15-001417

diets, as well as stale old packaged food items two months or more beyond their expiration date. See Appendix (A)/Declaration by Purkey ¶ 1. Purkey has became gravely ill because of consuming such spoiled and rotten, uncooked or undercooked food items, as well as the packaged expired food items. Id. All of these issues had been voiced to all the defendants on numerous occasions through a protraced period without resolve. See Appendix (B)/Declaration by Carlos Caro ¶1. The defendants have ordered that no genuine investigation or response be given these dire conditions. Caro's Declaration ¶2. Purkey has been advised by medical that there is absolutely nothing that they can do about the pervasive food poisoning that he has fell prey to through the past year and half to two year period and that he should stop filing sick call request when he is subject to future food poisoning. See Appendix(A) ¶1.

2.    The defendants have clarified with perspicuity that the ongoing serving of packaged food items two months or more beyond their expiration date, as well as the significant reduction of ffod items and portions are based solely on budget reduction by the Central Office of the Bureau of Prison. See Appendix (A)¶ 2; Appendix (B) ¶ 3. The defendants claim that they are not required to adhere with designated certified religious diet menu as promulgated under applicable BOP Policy. Appendix (A) ¶ 2. In fact the defendants and their agents have reiterated many--many times that if Purkey does like being served spoiled and rotten food items, including the unbelievable stale pachaged food items, and/or the uncooked and/or undercooked food items then to "get the hell off the religious diets." See Affidavit (A) ¶ 1 & 3. Further the defendants have all advised Purkey that the significant downsizing of the food items and styrofoam trays that the religious diets are served on is the result of significant budget cuts, no other reason has been offered to response to such downsizing. See Purkey's declaration ¶ 2.

3.    Because of Purkey's vigorous redress of these issues permeating his religious diet staff has voice threats to tamper with his food telling him that, "you never know exactly what might be in your food." Since that time Purkey has been served styrofoam trays with him name written on the top of them, and/or the names of all inmates written on top of their religious diets absent Purkey's name left blank on his styrofoam tray. Whether Purkey become gravely ill after consuming tampered with religious diet food items and/or simply the food items being uncooked and/or undercooked or spoiled Purkey is not able to make such distinctions.

2.

WHEREFORE' because of the continuing imminent danger that persist regarding the conditions of Purkey confinement anent the religious diets he request that this Court compell the Honorable Lawrence to comply with this Court's mandate to assess a partial filing fees for proceedings this these appellate procedures.

Dated: August 31st., 2009

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/Appellant/Pro Se

3.

Ex_15-001419

APPENDIX (A)/AFFIDAVIT UNDER PENALTY OF PERJURY
BY WESLEY I. PURKEY

Ex_15-001420

**Declaration under Penalty of Perjury of Wesley I. Purkey**

Wesley I. Purkey, being competent to make this declaration and having first hand knowledge of the matters stated therein, attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1.    In the protracted past year and a half to two years I have and continue to be denied a 'certified religious diet', whereas I have been and continue to be subject to imminent danger from the ongoing serving of spoiled and rotten food items pervasive on the religious/commonfare diet.  That in the past year and a half to two year period I have been become extremely ill from consuming spoiled, uncooked and rotten food items deliberately and knowingly served on the religious diet.  That I have become so gravely ill requiring medical attention on several different occasions, whereas to date health services, P.A. Klink has informed me to stop submitting sick call request when I suffer food poisoning from the ongoing spoiled, uncooked and rotten food items being served on the religious diet because there is nothing medical can do about the food poisoning and such food poisoning must run its course.  Thereby' I am being denied adequate medical for the ongoing food poisonings that result from the pervasive spoilage, uncooked and/or rotten food items deliberately and knowingly be served anent the relgious diet, whereas the defendants and their agents have repeatedly told me through the protracted year and a half to two year period that if I do not like the spoiled, uncooked and rotten food  items being served then "Get The Hell Off The Religious Diet."

2.    ·Based on budget cuts by the Bureau of Prisons (BOP), Warden Marberry, Assistant Warden Rhodes (who was recently assigned to oversee food service in placed of Assistant Warden David Young), Superintendent of Food Service Graig Coil and Assistant Food Service Manager A. Serrato have all advised me in the past several months that the reduction of food portions and food items on the religious diet are the result of such budget cuts.  In fact Defendant Coil and Mr. Serrato have clarified that such serving of spoiled and rotten food items are based on the significant BOP budget reduction, whereas throwing out other than good food items have become almost impossible.  Further' all of the foregoing have advised me that the reduction of food items and portions is the direct result of directives from the Central Officer in Washington.  When I asked each of the foregoing officials

page 1 of 3

Ex_15-001421

who at the Central Office issued such directives and what exactly did those directive promulgate each of them declined to respond in-lieu of continuing the general reference of such mandates being issued by Wqshinton.  When I asked Defendant Coil and Serrato if USP/TH was required to be in compliance with the mandates set forth through the 'Food Service Technical Manual' TRM #4701.02 8/21/98 in food items to be provided on the certified religious diets they both claimed that the Central Officer (unidentified mandate by the unidentified BOP Central Office Official) supreseded the directives established under the 'Food Service Technical Reference Manual' which was only advisory, not mandatory they told me.

3.     That in the past several months I have received continuously reduced food item portions being served on significant reduced sized styrofoam trays which all the officials listed through paragraph two readily admit is to conceal the food item reductions themselves by giving the appearance that they are the same portions as previously provided through the otherwise regular sized styrofoam trays.   Again after making verbal complaints to all the named individual officials named herein and to many other unnamed officials, as well as filing literally dozens of administrative remedies seeking redress of these issues prelavent to the religious diets I have and continue to be told the same thing, "Get The Hell Off The Religious Diets if you do not appreciate the shortages and spoiled food items being served!"  The defendants continue to reiterate during administrative rounds on the Special Confinement Unit (SCU) that they are not mandated to scrupously or so much as tentatively comply with the certified religious menu which is generally only arbitrarily complied with.

4.     The defendants continue to deliberately serve packaged food items well past their expiration dates, in some cases months past their expiration dates.  On several occasions including the most recent present I have confronted the defendants and other officials regarding package food items being served on the religious diets well past their expiration dates.  Most recently I saved and showed Warden Marberry, Defendant Coil and Asst. Warden Rhodes on August 12th, 09 during administrative rounds bags of chip that had been served the previous day with expiration dates of July 13th, 2009 clearly stamped on them.  Again on August 28th, 2009 I showed  Defendant Ryherd two more bags of chips served on August 25th and the 28th with expiration dates of July 13th, 2009 on them.  He told me that Coil serves the same stale food items at the Officer Kitchen.  I then asked Mr. Ryherd if he ate the stale bags of chips, whereas he advised me that he would

page 2 of 3

Ex_15-001422

never eat those stale chips being served.  On this same date I showed Mr. Ryherd the rotten fruit that I had received the day before for breakfast which was a spoiled bananna and he said that there was absolutely no need for serving such obvious rotten fruit.  In fact I had showed Asst. Warden this piece of fruit that same morning to bring his attention again to the pervasive serving of such through the protracted period.

5.    That per cooking instruction the religious entrees are to be keep frozen until cooked.  The instructions mandate cooking at 375 degrees for 25 to 30 minutes.  The defendants content that as along as the entrees are served at a 180 degrees that they need not be cooked for 25 to 30 minutes at 375 degrees. Because the entrees are not being cooked by the defendants own admissions at 375 degrees for thrity minutes the uncooked food items are at times causes extreme sickness and are not edible.

The undersigned does attest under pains of perjury that the foregoing is true and correct to the best of his knowledge and beliefs.  Executed this 31st day of August, 2009.

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Deponent

page 3 of 3

Ex_15-001423

APPENDIX (B)/AFFIDAVIT UNDER PENALTY OF PERJURY
CARLOS CARO

Ex_15-001424

<u>AFFIDAVIT UNDER PENALTY OF PERJURY BY CARLOS CARO</u>

Carlos Caro, being competent to make this declaration and having personal knowledge of the matter stated therein, declares under 28 U.S.C. § 1746:

1.     That on November 10th, 2008 while at the outside recreational area on the  Special Confinement Unit I witnessed a coversation between Inmate Wesley I Purkey (who was in the first recreational area pen next to me where I was at in the second pen) and Food Service Pensonnel Wheeler whom I had seen before discussing issues of the commonfare diet with Purkey in the past several weeks.  This conversation Purkey was sharing with Food Service Wheeler surrounded the same issues of the ongoing shortages anent the commonfare diets, serving of uncooked, spoiled and rotter food items, including fruits.  I had heard Purkey voice these concerns to not only Wheeler in the past several weeks, but as well to Warden Marberry during her administrative rounds on the Unit, as well as to Assistant Warden Young, Superintendent of Food Service Coil, as well as many of administrative and security personnel on the unit.

2.     On this particular date I heard F/S Wheeler asked Purkey how things were going with the commonfare diets and Purkey readily told him that things certainly had not improved.  In fact Purkey told Wheeler that he had recently filed more grievances regarding these claims of food shortages, uncooked and spoiled food items, and that further' he had a lsit in his cell setting out dates and exactly the shortages and spoilages that had occurred.  In response Wheeler told Purkey that food service received anywhere from 50 to a 150 grievance a week concerning food related issues, and that Coil had clarified to him that these grievances were merely a waste of time because food service, generally himself answered these grievances.  Purkey asked him then, "what you are saying is that Mr. Coil or A.W. Young has not mandated any meaningful investigation of allegations presented through these many, many administrative remedies?  "Mr. Coil has told me and other Food Service personnel just to provide some little response to these grievances, because no one (inmates) are going to do anything about the food issues anyway," Wheeler made clear.

3.     Purkey asked Mr. Wheeler why food service continued to serve the blatant rotten fruit that it has for well over a year, and Wheeler did not hesitate to clarify that Coil had mandated that the Special Security Units be served the less than

p. (1) of (2)

Ex_15-001425

good fruit because they were not going to waste it by throwing it out and because he (Coil) could not serve it to population. Wheeler clarified that Coil is wanting to given an Assistant Warden position and that he is going out of his way to achieve that at our (inmates) expense by saving money on the budget which entailed cutting back on food items served on the commonfare diets, as well as portion sizes and continuing to serve the rotten and spoiled food items.

4.      I heard Purkey ask Wheeler why Coil was not complying with a centralized certified religious diet menu which is to be handed down by the Central Office. It is obvious that he is trying to save money to impress those individuals that he needs to impress to achieve his self proclaimed goal of achieving Assistant Waden, to move up the ladder. Wheeler voluntaried telling Purkey that you guys know as well as everyone who works for Coil that he will lie at the drop of a hat depending on who he is talking with and what he is addressing.

5.      There was otherinmates in the recreational area pens during this same time period who as well heard most of the exchange between Purkey and Wheeler, whereas after Mr. Wheeler left the area we all discussed the conversation Purkey and he had just shared. As Mr. Wheeler stated that Coil totally lacked any measure of integrity was well recognized by everyone (inmates and staff alike) in the unit, who he has lied to time after time in the past year or more concerning food issues. As I personally have sought Mr. Coil out concerning spoiled and rotten food items being served on the regular trays, including rotten fruit which he said time after time that he would look into, but of course never did. The shortage continue not only on the commonfare meals as I continue to witness Purkey discussing with unit personnel on a daily basis, but as well with administrative personnel during administrative rounds on a weekly basis, but they continue on the regular trays as well.

Pursuant to 28 U.S.C. § 1746 I declare the foregoing to be true and correct to the best of knowledge and beliefs under pains of perjury. Executed on this 11th, day of November, 2008.

Carlos Caro #37786-079
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Declarant

p. (2) of (2)

Ex_15-001426

Office Of The Clerk
United States Court of Appeals
For the Seventh Circuit
219 S. Dearborn Street
Chicago, Ill   60604-1874

Motion to withdraw case

February 10th, 2009

Dear U.S. Appellate Court Clerk,

Please be advised that I wish to withdraw my Petition for Writ of Mandamus,

Case No. 09-1205/Dist.Court #08-cv-00170-RLY-WGH(S.D.Ind).

Thank you for your attention to this matter and if further documentation

is necessary to effectuate withdrawn of this Petition please advise.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Plaintiff/Petitioner

U.S.C.A. – 7th Circuit
FILED

FEB 1 3 2009  DDS

GINO J. AGNELLO
CLERK

cc: file

Ex_15-001427

IN THE UNITED STATES COURT OF APPEALS FOR THE

SEVENTH CIRCUIT

U.S.C.A.-7th Circuit
FILED

JAN 29 2009

GINO J. AGNELLO
CLERK

U.S.C.A. – 7th Circuit
RECEIVED

JAN 2 9 2009  JK

GINO J. AGNELLO
CLERK

In Re:    WESLEY I. Purkey,

                   Petitioner,

vs.

Case No. #  09-1204

Case No. #08-cv-0170-RLY-WGH

District Court Number

UNITED STATES DISTRICT JUDGE
RICHARD L. YOUNG,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA,

                  Respondent.

---

## PETITION FOR A WRIT OF MANDAMUS

The Petitioner Wesley I. Purkey, hereafter "Purkey", acting pro se in the instant matter does hereby request this Honorable Court to issue and Order compelling the Honorable Larry J. McKinney to 'direct' the United States Marshals in the case to serve and effectuate Summons, whereas the case sub judice was filed April 24th, 2008, summons issued for service October 8th, 2008 and since that time the United States Marshal's Service have refused for an inordinate amount of time to serve and effectuate summons, thereby denying Purkey his First, Fifth and Sixth Amendment Rights of Access To The Courts.  In respect with Purkey's request that this Court issue an Order compelling Judge Larry Young to 'direct' and/or "redirect" the United States Marshal's Service to severe and effectuate summons he does offer the following:

JURISDICTION

1.

Ex_15-001428

This Court has jursidiction of this matter under Rule 21; Fed.R.App.P.,

Powell v. McCormack, 395 U.S. 486, 499, 89 S.Ct. 1944 (1996).

### STATEMENT OF THE CASE

1.    This case was originally filed April 24th, 2008. [Doc. 1]. The Court granted Purkey leave to proceed informa pauperis and then ordered that Purkey amend his civil rights action under the mandates set forth in George v. Smith, 507 F.3d 605 (7th Cir.2007). [Doc. 5]. Thereafter' Purkey brought the complaint into compliance with the supposible George Requirements, [Doc. 11] and the Court then Issued Summons for the named defendants, October 8th, 2008. [Doc. 15]. Since October 8th, 2008 the United States Marshal's Service have shown ossify obstinacy to effectuating service, whereas almost five (5) months have passed without so much as a cursory effort to serve the named defendants.

2.    On November 3rd., 2008 Purkey filed a Motion Requesting that the Court "Redirect" the United States Marshals Service "USMS" to effectuate Summons. [Doc. 16]. The court summarily denied such request. [Doc. 17].

3.    After waiting sixty (60) days after the court summarily denied to redirect the USMS to effectuate summons Purkey again filed a Second Motion Requesting that the court "Redirect" the USMS to effectuate summons in this case. [Doc. 18]. Again the court summarily denied such request January 8th, 2009.

4.    Because the Defendants H. J. Marberry and Diana Quinones co/workers on the Special Confinement Unit, Case Worker Bruce Ryherd, Case Manager Brain English and Unit Manager Julian (first name unknown) continue to deny Purkey access to the unit law library facility since he initiated this litigation against the named defendants, and have aided other death row inmates with challenging the conditions of their confinement, i.e. Webster v. Marberry, Case No.

2.

Ex_15-001429

#08-cv-013-WIL(S.D.Ind); and Barrett v. Marberry, Case No. #08-cv-0240-WIL.

That is exactly what the premise of Purkey civil rights complaint is based on is the defendants and/or their agents continual denial of his access to the courts, whereas he has suffered extreme prejudice of other litigation being subject dismissal for his failure to comply with the applicable rules of procedures. In fact this very date, January 23rd., 2009 when Purkey requested law library access in full compliance with unit requirements the defendants through applicable security personnel i.e. Office In Charge Hatfield and Correctional Officer Brandenburg told Purkey that, inter alia, he could stick his litigation up his ass and f--- his law library request. These retaliatory action taken against Purkey by applicable SCU administrative personnel and security personnel have been thoroughly set out through administrative remedies, grievances procedures. In fact the majority of these retaliatory actions where forced out of the original complaint based on the George mandates. Because of this denial of access to the unit law library by OIC Hatfield and CO Brandenburg, which is condoned and mandated by the applicable administrative personnel Purkey was not able to meaningful prepare and draft this mandamus request.

5.    A Pro Se Prisoner such as Purkey acting pro se and granted leave to proceed IFP can expect the USMS to effectuate service of summons. See 28 U.S.C. § 566(c); also see Graham v. Wilson, 51 F.3d 710, 712 (7th Cir. 1995). Under Federal Rules of Civil Procedures 4(m) Purkey was mandated within 120 days after the filing of the complaint to serve the defendants with summons and a copy of the complaint. See Antonelli v. Sheahan, 81 F.3d 1422, 1423 (7th Cir. 1996). Here the complaint was filed April 24th, 2008 and the USMS was provided summons for service October 8th, 2008. That after almost another 120 days the USMS still have not so much as attempted to issue service. This protracted inordinate dilatory period of the USMS ossify obstinacy to effectuate service has and is

3.

Ex_15-001430

subjecting Purkey to substantial prejudice denying him access to the courts, which his complaint is premised on, and as is identified and delineated here in as well through the defendants retaliatory practices of denying him access to the law library.  Under 28 U.S.C. § 566(c) the USMS owes Purkey the statutory duty to timely effectuate service as set out through Rule 4(m).

## CONCLUSION

WHEREFORE' Purkey respectfully request that this Honorable Court grant this Mandamus Petition compelling the Honorable Larry L. Young to "Redirect" and Order the USMS to effectuate suumons in this instant case.

Dated: January 23rd., 2009

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/Pro Se

## CERTIFICATE OF SERVICE

The undersigned Wesley I. Purkey does attest under pains of perjury that he did a true and correct copy of this Petition for a Writ of Mandamus on the Honorable Larry L. Young via U.S. Mail, first class postage prepaid and attached this 23rd day of January, 2009 addressed to: Honorable Larry L. Young. United States District Court for the Southern District of Indiana, 207 Federal Building, 30 North /7th Street, Terre Haute, IN 47808.

Wesley I. Purkey
Affiant

4.

Ex_15-001431

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

### United States District Court for the Western District of Missouri

**Notice of Electronic Filing**

The following transaction was entered on 2/16/2007 at 12:59 PM CST and filed on 2/14/2007
**Case Name:**        Purkey v. United States of America
**Case Number:**     4:06-cv-8001
**Filer:**                 Wesley Ira Purkey
**Document Number:** 7

**Docket Text:**
PRO SE MOTION to withdraw attorney and PRO SE MOTION for order *for execution date to be set* filed by Wesley Ira Purkey. Suggestions in opposition/response due by 3/1/2007 unless otherwise directed by the court. (Jones, Robin)

**4:06-cv-8001 Notice has been electronically mailed to:**

Gary E. Brotherton    gebrotherton@legalwritesllc.com

Frederick A Duchardt , Jr    fduchardt@hughes.net

Teresa L. Norris    teresa@blumelaw.com

Matt Jeffrey Whitworth    matt.whitworth@usdoj.gov, denise.cheatham@usdoj.gov

**4:06-cv-8001 It is the filer's responsibility for noticing the following parties by other means:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP MOWDStamp_ID=875559776 [Date=2/16/2007] [FileNumber=1980398-0]

[4d58d1719851d6dbdc670c731d48cebbf3a6d5e83bb2e2c4b764a6146c786e2190e7a
88c9aa5d5436044c8a2dfd02404f5ce81cbd008b5e28e46ee6f845e7289]]

2/16/2007

WP_PC000073241

Ex_15-001432

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

WESLEY I. PURKEY,

                Petitioner,

vs.                           · Case No. #_____

STATE OF KANSAS,

                Respondent.

## MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, Wesley I. Purkey the petitioner ("petitioner"), pro se and respectfully moves the Court for appointment of counsel to represent him in his petition for a writ of habeas corpus. In support of this request he does offer the following:

1. Petitioner is indigent and can not afford to hire counsel to represent him in these habea proceedings.

2. That petitioner is not trained in law, has only the most basic intermediate education, and the issues presented in the petition for a writ of habeas corpus present complex issues of law and will required competent counsel to argue and present such to the court.

3. That the ends of justice would best be served by the Court appointing counsel in this instance, particularly because the issues presented could play a significant role in petitioner's capital case. Because this case was used by the government as a statutory aggravator

1.

WP_PC000073153

Ex_15-001433

in petitioner's capital proceedings in the western District of Missouri.

WHEREFORE' petitioner respectfully request this Court to grant him appointment of counsel to represent him in his Petition For A Writ of Habeas Corpus.

Dated: December 20th, 2006

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14670-045
United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801
Petitioner/Pro Se

DECLARATION UNDER PENALTY OF PERJURY

The undersigned Wesley I. Purkey does attest under penalty of perjury that the foregoing information is true and correct to the best of his knowledge and beliefs, and does state the same pursuant to 28 U.S.C. § 1746.

Wesley I. Purkey
Declarant

CERTIFICATE OF MAILING

The undersigned Wesley I. Purkey certify that a copy of the above and foregoing Motion For Appointment of Counsel, Motion for Leave To Proceed In These § 2254 Proceedings In Forma Pauperis and

2.

WP_PC000073154

Ex_15-001434

Affidavit In Support Of Motion To Proceed In Forma Pauperis, as well as a true and correct copy of petitioner's instututional accounting statement for the previous six months has been mailed first class, postage prepaid, United States Mail to Kansas Attorney General Phill Kline, Kansas Attorney Office, 120 SW 10th Ave., 2nd Floor, Topeka, KS 66612-1597, on this 20th day of December, 2006.

Wesley I. Purkey @14670-045
United States Penitentiary
P.O. Box 12015
Terre Haute, IN 47801
Petitioner/Pro Se

3.

WP_PC000073155

Ex_15-001435

Purkey Exhibit ___C___

KS R DIST CT Rule 183
Sup.Ct.Rules, Rule 183

*Wesley Purkey
as
State of Kansas*

WEST'S KANSAS COURT RULES AND PROCEDURE
RULES OF THE SUPREME COURT OF KANSAS
RULES RELATING TO DISTRICT COURTS
POST-TRIAL MATTERS

Copr. © West Group 2002. All rights reserved.

Current through October 1, 2002

FILED

2003 JUN 24 AM 9:50

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
DEPUTY

RULE 183. PROCEDURE UNDER K.S.A. 60-1507

03C3497

   (a) **Nature of Remedy.** K.S.A. 60-1507 is intended to provide in a sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in district courts in whose jurisdiction the prisoner was confined. A motion challenging the validity of a sentence is an independent civil action which should be separately docketed, and the procedure before the trial court and on appeal to the Court of Appeals is governed by the Rules of Civil Procedure insofar as applicable. No cost deposit shall be required. When the motion is received and filed by the clerk, he shall forthwith deliver a copy thereof to the county attorney and make an entry of such fact in the appearance docket.

   (b) **Exclusiveness of Remedy.** The remedy afforded by K.S.A. 60-1507 dealing with motions to vacate, set aside or correct sentences is exclusive, if adequate and effective, and a prisoner cannot maintain habeas corpus proceedings before or after a motion for relief under the section.

   (c) **When Remedy May Be Invoked.** (1) The provisions of K.S.A. 60-1507 may be invoked only by one in custody claiming the right to be released, (2) a motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected, (3) a proceeding under K.S.A. 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal.

   (d) **Successive Motions.** The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

   (e) **Sufficiency of Motion.** A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto which shall be furnished by the court.

   (f) **Hearing.** Unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief, the court shall notify the county attorney and grant a prompt hearing. "Prompt" means as soon as reasonably possible considering other urgent business of the court. All proceedings on the motion shall

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073091

Ex_15-001436

be recorded by the official court reporter.

**(g) Burden of Proof.** The movant has the burden of establishing his grounds for relief by a preponderance of the evidence.

**(h) Presence of Prisoner.** The prisoner should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to events in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the prisoner to be present.

**(i) Right to Counsel.** If a motion presents substantial questions of law or triable issues of fact the court shall appoint counsel to assist the movant if he is an indigent person.

**(j) Judgment.** The court shall make findings of fact and conclusions of law on all issues presented.

**(k) Appeal.** An appeal may be taken to the Court of Appeals from the order entered on the motion as in a civil case.

**(l) Costs.** If the court finds that a movant desiring to appeal is an indigent person it shall authorize an appeal in forma pauperis and furnish him without cost such portions of the transcript of such proceeding as are necessary for appellate review.

**(m) Attorney.** If a movant desires to appeal and contends he is without means to employ counsel to perfect the appeal, the district court shall, if satisfied that the movant is an indigent person, appoint competent counsel to conduct such appeal. If for good cause shown appointed counsel is permitted to withdraw while the case is pending in either the district court or the supreme court, the district court shall appoint new counsel in his stead.

----------

Appendix

IN THE DISTRICT COURT OF *Wyandotte* COUNTY,
STATE OF KANSAS

-------

PERSONS IN CUSTODY

*Wesley L. Purkey*
Full name of Movant
*#14679-045*
Prison Number                     Case No. _____
            vs.                   (To be supplied by the Clerk of
State of Kansas, Respondent.      the District Court)

_____

INSTRUCTIONS--READ CAREFULLY

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073092

Ex_15-001437

In order for this motion to receive consideration by the District Court, it shall be in writing (legibly handwritten or typewritten), signed by the petitioner and verified (notarized), and it shall set forth in concise form the answers to each applicable question.  If necessary, petitioner may finish his answer to a particular question on the reverse side of the page or on an additional blank page.  Petitioner shall make it clear to which question any such continued answer refers.

Since every motion must be sworn to under oath, any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury.  Petitioners should therefore exercise care to assure that all answers are true and correct.

If the motion is taken in forma pauperis, it shall include an affidavit  (attached at the back of the form) setting forth information which establishes that petitioner will be unable to pay costs of the proceedings.  When the motion is completed, *the original and one copy* shall be mailed to the Clerk of the District Court from which he was sentenced.

MOTION

1. Place of detention *Correction Corporation of America / Leavenworth, KS*

2. Name and location of court which imposed sentence *29th Judicial District of Wyandotte County / Judge John McNally, 701 N. 7th Street, Kansas City, Kansas 66101*

3. The case number and the offense or offenses for which sentence was imposed:

(a) *No # 98CR02202*

(b) *First Degree Murder / K.S.A. 21-3401*

(c) *Aggravated Robbery / K.S.A. 21-3427*

4. The dateupon which sentence was imposed and the terms of the sentence:

(a) *April 28, 2000*

(b) *Count I, Life with 15 yr mandatory*

(c) *Count II, 206 months, Consecutive to Count I*

5. Check whether a finding of guilty was made after a plea:

(a) of guilty *Yes*        ; or

(b) of not guilty *—*

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

(a) a jury *N.A.*        ; or

(b) a judge without a jury *N.A.*

7. Did you appeal from the judgment of conviction or the imposition of sentence? *N.A.*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073093

Ex_15-001438

Page 4

8. If you answered "yes" to (7), list

(a) the name of each court to which you appealed:

i. _N.A._

ii. _N.A._

(b) the result in each such court to which you appealed and the date of such result:

i. _N.A._

ii. _N.A._

9. If you answered "no" to (7), state your reasons for not so appealing:

(a) _N.A._

(b) _N.A._

(c) _N.A._

10. State concisely all the grounds on which you base your allegation that you are being held in custody unlawfully:

(a) _Based on Petitioner being subjected to intoxicants, the ingestion of these involuntary intoxicants deprived him of the mental capacity of the ordinary use of the senses of reason._

(b) _The State violate its plea agreement with the petitioner, thereby nullifying petitioners Plea._

(c) _Petitioner's plea was not knowingly, voluntary and intelligent given._

11. State concisely and in the same order the facts which support each of the grounds set out in (10), and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts:

(a) _See attached Sheet (Page) (1)_

(b) _See attached Sheet (Page) (5)_

(c) _See attached Sheet (Page) (5)_

12. Prior to this motion have you filed with respect to this conviction:

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073094

Ex_15-001439

Page 5

(a) any petitions in state or federal courts for habeas corpus?

No

(b) any petitions in the United States Supreme Court for certiorari other than petitions, already specified in (8)?  No

(c) any other petitions, motions or applications in this or any other court?

No

13. If you answered "yes" to any part of (12), list with respect to each petition, motion or application

(a) the specific nature thereof:

i.  N.A.

ii.  N.A.

iii.  N.A.

(b) the name and location of the court in which each was filed:

i.  N.A.

ii.  N.A

iii.  N.A

(c) the disposition thereof and the date of such disposition:

i.  N.A.

ii.  N.A.

iii.  N.A.

(d) if known, citations of any written opinions or orders entered pursuant to each such disposition:

i.  N.A.

ii.  N.A.

iii.  N.A,

14. Has any ground set forth in (10) been previously presented to this or any other court, *state or federal,* in any petition, motion or application which you have filed?  No

15. If you answered "yes" to (14), identify

(a) which grounds have been previously presented:

i.  N.A.

ii.  N.R.

iii.  N.A.

(b) the proceedings in which each ground was raised:

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073095

Ex_15-001440

i. *N.A.*

ii. *N.A.*

iii. *N.A.*

16. If any ground set forth in (10) has not previously been presented to any court, *state or federal*, set forth the ground and state concisely the reasons why such ground has not previously been presented:

(a) *The Actual predicate for this claim could not have been discovered previously through the exercise of due diligence*

(b) *Counsel was to make sure the plea bargain was fully complied with - he failed to do it.*

(c) *Based on the Newly Discovered Evidence and Counsel's ineffectiveness.*

17. Were you represented by an attorney at any time during the course of

(a) your preliminary hearing? *Yes*

(b) your arraignment and plea? *Yes*

(c) your trial, if any? *N.A.*

(d) your sentencing? *Yes*

(e) your appeal, if any, from the judgment of conviction or the imposition of sentence? *No Appeal taken*

(f) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed?

*No Petitions filed in Respect to this conviction or Sentence.*

18. If you answered "yes" to one or more parts of (17), list

(a) the name and address of each attorney who represented you:

i. *Albert Grauberger, 819 N. 9th, K.C, KS 66101*

ii. *Aline Pryor, 6700 Antioch, Suite 120, Shawnee Mission, KS 66204*

iii. *John Duma, 881 Armstrong, K.C, KS 66101*

(b) the proceedings at which each such attorney represented you:

i. *Preliminary hearing / Arraignment*

ii. *Pretrial Motions*

iii. *Guilty Pleas and Sentencing*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073096

Ex_15-001441

(c) was said attorney

i. appointed by the court? _Yes_____ ; or

ii. of your own choosing? _____

19. If your motion is based upon the trial court's refusing you counsel, attach the transcript of the proceedings which supports your allegation.

20. If your motion is based upon the failure of counsel to adequately represent you, state concisely and in detail what counsel failed to do in representing your interests:

(a) _See attached Sheet (Page)(7)_____

_____

(b) _See attached Sheet (Page)(9)_____

_____

21. Are you now serving a sentence from any other court that you have not challenged? _No_____

22. If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information (see instructions, page 1 of this form)? _____

_____

Signature of Petitioner

State of _Kansas_____ )
                          ) ss.
County of _Leavenworth___ )

_Wesley Pursley_

I, _____, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing petition; that I know the contents thereof; and that the matters and allegations therein set forth are true.

_Wesley J Pursley_

Signature of Affiant

SUBSCRIBED AND SWORN to before me this _30_ day of _May_, _2003_.

_Barbara Pitts_

Notary Public

My commission expires:
_9_   _17_   _06_
(month) (day) (year)

BARBRA PITTS
Notary Public - State of Kansas
My Appt. Expires _9-17-06_

FORMA PAUPERIS AFFIDAVIT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073097

Ex_15-001442

Page 8

(See instructions page 1 of this form)

I, Wesley T. Purkey, am the petitioner in the above entitled Case. In Support of my Request to proceed IFP, I state because of my poverty I am unable to pay the cost of this action or give security therefore that I believe I am entitled to holder Relief.

*Wesley T. Purkey*

Signature of Petitioner

State of Kansas )
                        )  ss.
County of Leavenworth )

Wesley Purkey, being first duly sworn upon my oath, depose and say that I have subscribed to the foregoing affidavit; that I know the contents thereof; and that the matters therein set forth are true.

*Wesley T. Purkey*

Signature of Affiant

SUBSCRIBED AND SWORN to before me this 30 day of May, 19 2003.

*Barbra Pitts*

Notary Public

My commission expires:

9     17     06
(month)  (day)  (year)

Sup. Ct. Rules, Rule 183

KS R DIST CT Rule 183

END OF DOCUMENT

> 🏛 **BARBRA PITTS**
> Notary Public - State of Kansas
> My Appt. Expires 9-17-06



Wesley T. Purkey
CCA # 14679645
168 Hickory Terrace
Leavenworth, KS 66048

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

WP_PC000073098

Ex_15-001443

ACCTSTMT

## LEAVENWORTH DETENTION CENTER
### Inmate Account Statement #53
### For Account 1 - From: 11/01/2002  To: 05/19/2003

05/19/2003

*Purkey, Wesley I*

Facility ID: 14679045

Location: L202B

| Type | Trans. Date | Deposit Source | Trans. Nbr | Beg. Balance | Trans. Total | Ending Balance |
|------|-------------|----------------|------------|--------------|--------------|----------------|
| M | 11/01/2002 | | 397626 | 39.18 | 0.20 | 38.98 |
| M | 11/01/2002 | | 397653 | 38.98 | 0.60 | 38.38 |
| D | 11/06/2002 | VISITATION | 398424 | 38.38 | 30.00 | 68.38 |
| P | 11/07/2002 | | 398682 | 68.38 | 34.05 | 34.33 |
| P | 11/07/2002 | | 398714 | 34.33 | 3.85 | 30.48 |
| R | 11/07/2002 | | 398717 | 30.48 | -0.60 | 31.08 |
| P | 11/14/2002 | | 399747 | 31.08 | 25.20 | 5.88 |
| P | 11/21/2002 | | 400987 | 5.88 | 5.60 | 0.28 |
| D | 11/27/2002 | VISITATION | 401644 | 0.28 | 25.00 | 25.28 |
| P | 12/05/2002 | | 402495 | 25.28 | 19.70 | 5.58 |
| D | 12/11/2002 | VISITATION | 403660 | 5.58 | 10.00 | 15.58 |
| P | 12/12/2002 | | 403862 | 15.58 | 14.95 | 0.63 |
| M | 12/13/2002 | | 404089 | 0.63 | 0.10 | 0.53 |
| M | 12/13/2002 | | 404122 | 0.53 | 0.10 | 0.43 |
| D | 12/23/2002 | VISITATION | 405461 | 0.43 | 35.00 | 35.43 |
| P | 01/02/2003 | | 406738 | 35.43 | 23.75 | 11.68 |
| M | 01/03/2003 | | 407056 | 11.68 | 0.10 | 11.58 |
| M | 01/03/2003 | | 407066 | 11.58 | 0.60 | 10.98 |
| M | 01/03/2003 | | 407072 | 10.98 | 0.60 | 10.38 |
| M | 01/03/2003 | | 407076 | 10.38 | 0.60 | 9.78 |
| P | 01/09/2003 | | 408037 | 9.78 | 9.53 | 0.25 |
| R | 01/09/2003 | | 408121 | 0.25 | -2.30 | 2.55 |
| P | 01/09/2003 | | 408126 | 2.55 | 2.50 | 0.05 |
| D | 01/31/2003 | A-MAIL ROOM | 411582 | 0.05 | 50.00 | 50.05 |
| M | 01/31/2003 | | 411642 | 50.05 | 0.60 | 49.45 |
| M | 01/31/2003 | | 411654 | 49.45 | 0.40 | 49.05 |
| M | 01/31/2003 | | 411657 | 49.05 | 0.20 | 48.85 |
| P | 02/06/2003 | | 412701 | 48.85 | 23.20 | 25.65 |
| R | 02/06/2003 | | 412706 | 25.65 | -11.25 | 36.90 |
| P | 02/06/2003 | | 412707 | 36.90 | 14.00 | 22.90 |
| P | 02/13/2003 | | 413958 | 22.90 | 22.60 | 0.30 |
| D | 03/05/2003 | A-MAIL ROOM | 417205 | 0.30 | 25.00 | 25.30 |
| P | 03/06/2003 | | 417540 | 25.30 | 25.00 | 0.30 |
| D | 03/14/2003 | A-MAIL ROOM | 419073 | 0.30 | 30.00 | 30.30 |
| P | 03/20/2003 | | 420221 | 30.30 | 29.35 | 0.95 |
| M | 03/28/2003 | | 422034 | 0.95 | 0.30 | 0.65 |
| M | 04/17/2003 | | 425586 | 0.65 | 0.20 | 0.45 |

Beginning Balance For Date Range :        39.18
Total Net Transactions For Date Range :   -38.73
Calculated Ending Balance For Date Range :  0.45

Total Records Printed :        37

WP_PC000073099

Ex_15-001444

Wesley I. Purkey
eep #14679-045
100 Highway Terrace
Leavenworth KS 66048

Continuation of K.S.A 60-1507 Motion

Question (14)(e):

1. From the onset of petitioner's arrest he persistent claimed that his wife and ex wife had been subjecting him to a literal campaign of mind altering drugs for numerous months. When questioned by the Wyandotte County Detectives he almost immediately explained this to them, and they told petitioner that they would thoroughly investigate these claims if he told them about Ms. Bales murder. Petitioner did tell the Detectives that he had killed Ms. Bales, but he did not remember committing the murder, nor why he killed her. "All we want to know is that you did kill her," they said. Due to petitioners mental condition at the time of his arrest he was placed on suicide watch for several days.

2. Petitioner's first attorney after hearing of the alleged poisonings motion for an evaluation at Larned State Hospital. The psychiatrist, nor other mental health personnel would even discuss the alleged poisonings with

(1)

WP_PC000073100

Ex_15-001445

the petitioner. Counsel learning of this Refusal by Larned to consider petitioner's claims motion the Court for a "Re-Evaluation" at Larned State Hospital. See Appendix (2). The State file a motion in opposition. See (3). The court sustained the states motion denying Re-evaluation. See App. (4).

3. MR. Grauberger, petitioner's first attorney motion the court for both a toxicologist to determine the effect of the poison on the petitioner and for appointment for a private psychiatrist to deter petitioner's state of mind at the alleged crime. See exhibit (5). The Court approved both request and granted of petitioner's co-defendants. App. (6).

4. MR. Grauberger withdrew from petitioner's case and Cline Pryor was appointed, but prior to withdrawing MR. Grauberger filed for a Jackson v. Denno Hearing to suppress petitioner's statement based on his mental capacity it was given under.

5. MS. Pryor hired MR. Stephen E. Peterson, M.D to conduct a psychiatric evaluation pretaining to petitioner's mental state at the time of the crime. She also stipulated to Dr. Peterson that he not consider the claims by the petitioner that he was subjected to intoxicants by

(2)

WP_PC000073101

Ex_15-001446

his wife, ex-wife and other persons included as well.

6. Petitioner's co-defendant his wife, disposition was taken by Ms. Pryor in December, 1999. See attached, (1). Mrs. Turkey adamantly denied ever poisoning her husband, but conceded without supporting evidence that others may of. Ms. Pryor did not seek the court approved dispositions of the other co-defendant without reason given. In fact based on petitioner's unyielding claims of poisoning by his wife and others that lead to Ms. Boles murder she withdrew from the case.

7. The court appointed Mr. John Duma who advised the petitioner that the poisoning was not a significant issue even if we could substantiate it, which we can't. So we are not going to hire a toxicologist as approved by the court, nor argue the motion to suppress.

8. After viewing a video taping of the crime scene with Mr. Duma, and him advising the petitioner that going to trial would be futile. He said the state would accept my plea but I would have to plea to the robbery also. Even though petitioner unrelentently told Mr. Duma that he had not committed the robbery he said it didn't matter because of the length of sentence that would be imposed on the murder. Coached by counsel petitioner plead guilty to the murder and robbery even

/ ~

WP_PC000073102

Ex_15-001447

though he was not guilty of such.

9. On October 28, 2002 petitioner's wife, his co-defendant gave a statement to Mic Armstrong, Armstrong Investigative Services, P.O. Box 453, Liberty, Mo. 64069 (816)792-0998 stating inter alia, that she had been giving the petitioner 'Rat Poison' prior to the Boles murder. Appendix (7). She also indicated that others were involved in poisoning the petitioner for a lengthly period of time, although does not clearly specific what toxicants were being used. On November 28, 2002 petitioner's wife clarifies the brand of Rat poison she used on the petitioner just prior to the Boles murder. See exhibit (8). Since the Boles murder she has told other people that she was poisoning her husband. These people will be called to testify at a evidentiary hearing, as Mr. Armstrong has also spoken with them.

10. The petitioner contends that if this evidence was available during his criminal proceedings that he would not of plead guilty as his mental capacity was extremely diminished when he murdered Ms. Boles and gave a statement to the Wyandotte Detectives confessing to such. This evidence creates a real, substantial, and legitimate doubt as to petitioner's mental capacity during the

(4)

WP_PC000073103

Ex_15-001448

murder of Ms. Mary Bales.

Question (11)(b):

11.    Before entering his pleas of guilty petitioner signed a "Petition To Enter Plea of Guilty." See (9). The negotiated plea, which represents a bargained-for quid pro quo was violated by the state, as they failed to comply with paragraph (12) of this contractual agreement. The state has a contractual obligation to full adhesion to validate petitioner's plea, and strictly speaking they the state have failed to fulfill their obligations under contract-thereby invalidating petitioner's plea.

Question (11)(c):

12.    Counsel(s) failed to make any reasonable investigation to the overall circumstances of petitioner's case. First Mr. Groulenger waived petitioner's preliminary hearing without viewing any of the states evidence beyond the testimony of co-defendant T. S. Sanders, who's testimony was secured based on probability of her plight and not showing up for trial. No other witnesses were questioned.

13.    A motion to suppress petitioner's confession was filed but never argued - even through petitioner told all three attorneys that he had hallucinations and delusions during the murder, afterwords which were prevalent during his arrest, that he tried to commit

(5)

WP_PC000073104

Ex_15-001449

suicide after the murder and that he was placed on suicide watch for several days after being interrogated. The motion to suppress was never argued without any reason why being provided.

14. Even through the court approved hiring of a Toxicologist pretaining to petitioners claims that he had been poisoned by his wife and other for a significant period, more specifically just prior to the Roles Murder, Counsel did hire a toxicologist without reason given.

15. The petitioner had witnesses which he wanted questioned pretaining to the most recent poisoning - but all he could afford counsel(s) were first names and addresses. Counsel(s) refused to petition the court for funds to hire a private indestigator.

16. Based on the total lack of indestigation by counsel beyond reviewing police reports and the findings by Larned State Hospital that petitioner was competent, "Mr. Duma persuaded petitioner to abandon the insanity defense and accept the plea." This was petitioner's sole defense and he was force to abandon it because of counsel's refusal to accept that I was telling the truth. Counsel was petitioner's sole hope to ascertain the truth and bring that truth to the

( 6 )

WP_PC000073105

Ex_15-001450

20. Counsel filed no pre-trial motions such as motions of in-limine to prohibit evidence that would severely prejudice petitioner's right to a fair trial. Such as photos of Ms. Boles autopsy as well as other pictures of the crime scene the state plan to use which were unnecessary and used to arouse the jurys emotions. Although Mr. Duma said such motions were futile I told him I needed to preserve these issues for appeal and perhaps the court may grant the suppression.

21. Mr. Duma did show petitioner a video of the crime scene which included the decomposing body of Ms. Boles whereas Rigor mortis had clearly become prevalent. The video included the autopsy of Ms. Boles. The petitioner again reiterated to counsel that he did not remember killing Ms. Boles, although he remembered feeling that he was being attacked. That further he knows that the poisoning his wife and others had subject him to for months played a significant role in the murder. Since we have no way to prove your wife or anyone else was poisoning you we can use that as a defense. No one does what you did if there isn't a significant mental problem, but after the jury see's the appalling and hideous way Ms. Boles was murdered they will not consider why you murdered anyway.

( 8 )

WP_PC000073106

Ex_15-001451

attention of the Court.

17. Further Mr. Duma went beyond his failed duty to reasonable investigate circumstances and evidence surrounding Ms. Boles's murder, but he then encourages and coaches petitioner to plea guilty to a Robbery he never committed, to appease the state, whereas there was no factual basis for the charge.

Question 20(a):

18. Although Mr. Duma Motion the court for an extension of time to interview the numerous witnesses to testify – he never interviewed any of the witnesses.

19. Petitioner gave Mr. Duma a list of witnesses which he felt had exculpatory evidence which included but not limited to a Doctor who treated petitioner at Providence Hospital who may of had evidence of petitioner's poisoning allegations, as well as a Jo Ann (last name unknown) who lived next door to petitioner at the time Ms. Boler was murder. She also may of provided evidence petitioner's poisoning. Counsel questioned no witnesses, neither under took any investigative measures beyond police reports and statements given to the Detectives by the states witnesses.

( 7 )

WP_PC000073107

Ex_15-001452

22. Based on Counsel's adamant declaration that petitioner could not pursue an insanity defense based on mental disease or defect, because he had no evidence of the poisoning. Petitioner plead guilty. Petitioner contends it was the duty of his counsel to explore all avenues leading to the facts relevant to the degree of his guilt. He explored nothing beyond the police reports.

Question (20)(6)

Petitioner had told counsel his confession was not voluntarily made due to his state of mind and the detectives threats that if he did not confess to Ms. Bales murder that his wife would also be charged and held for it. Counsel was ineffective for not challenging the voluntariness of petitioner's confession, although a motion to suppress was filed but never argued, without reason given.

(9)

WP_PC000073108

Ex_15-001453