Exhibit 42

**Woodman, Rebecca 11/22/2019**
**For Educational Use Only**

**Purkey v. U.S., Not Reported in F.Supp.2d (2009)**

2009 WL 3160774

2009 WL 3160774
Only the Westlaw citation is currently available.
United States District Court,
W.D. Missouri,
Western Division.

Wesley Ira PURKEY, Movant,

v.

UNITED STATES of America, Respondent.

Civil No. 06–8001–CV–W–FJG.
|
Criminal Case No. 01–00308–01–CR–W–FJG.
|
Sept. 29, 2009.

**Attorneys and Law Firms**

Matt Jeffrey Whitworth, United States Attorney's Office, Kansas City, MO, for Respondent.

### ORDER

FERNANDO J. GAITAN, JR., Chief Judge.

**\*1** Currently pending before the Court is movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 47); Motion to Strike Statement of Frederick A. Duchardt, Jr. (Doc. # 83); Motion to Set Matter for an Evidentiary Hearing (Doc. # 84) and Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. (Doc. # 87).

### I. BACKGROUND

Movant was indicted on October 10, 2001 for the kidnaping, rape and murder of Jennifer Long in violation of 18 U.S.C. § 1201(a), 1201(g) and 3559(d). On November 5, 2003, petitioner was convicted of these crimes. The penalty phase of the trial began on November 10, 2003 and concluded on November 19, 2003. The jury unanimously concluded that the aggravating factors outweighed the mitigating factors and determined that petitioner should be sentenced to death.

On January 23, 2004, petitioner was sentenced to death. On February 2, 2004, movant filed his notice of appeal with the Eighth Circuit Court of Appeals. On November 7, 2005, the Eighth Circuit issued an opinion affirming his conviction and sentence. See *United States v. Purkey,* 428 F.3d 738 (8th Cir.2005). Rehearing and rehearing en banc were denied on January 13, 2006. Movant's petition for certiorari was denied by the United States Supreme Court on October 16, 2006. *Purkey v. United States,* 549 U.S. 975, 127 S.Ct. 433, 166 L.Ed.2d 307 (2006).

### II. STANDARD

28 U.S.C. § 2255(a) provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States,* 24 F.3d 1040, 1043 (8th Cir.1994) (citing *Larson v. United States,* 905 F.2d 218, 220–21 (8th Cir.1990), *cert. denied,* 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

Ex_42-001646

**Woodman, Rebecca 11/22/2019**
**For Educational Use Only**

**Purkey v. U.S., Not Reported in F.Supp.2d (2009)**

2009 WL 3160774

## II. DISCUSSION

### A. Ineffectiveness of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065–66. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' *See Michel v. Louisiana,* 350 U.S. 91,101, 76 S .Ct.158,164, 100 L.Ed.2d 83 (1955)." *Id.* Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. "Although the two prongs of the 'ineffective assistance' analysis are described as sequential, courts 'do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice.' " *United States v. Vesey,* No. C06–0075–MWB, 2009 WL 1324076, *5 (N.D.Iowa May 12, 2009) (citing *Boysiewick v. Schriro,* 179 F.3d 616, 620 (8th Cir.1999), *cert. denied,* 528 U.S. 1141, 120 S.Ct. 989, 145 L.Ed.2d 938 (2000)).

**\*2** In his § 2255 motion, movant makes seventeen allegations regarding the ineffectiveness of his trial and appellate counsel, Mr. Frederick Duchardt, Jr. These allegations focus on Mr. Duchardt's failure to object to certain statements made during the trial, failure to obtain the services of a mitigation expert or to adequately prepare a mitigation case, failure to adequately present expert testimony, failure to call certain witnesses and failure to impeach certain witnesses. In response to these allegations, Mr. Duchardt filed a 117 page affidavit, in which he goes into extensive detail to refute movant's claims. The Government argues that Mr. Duchardt's affidavit provides significant insight into why he made certain strategical decisions before and during the trial. Additionally, the Government notes that

Mr. Duchardt called a total of twenty-two witnesses on movant's behalf. Eighteen of these witnesses testified as mitigation witnesses who testified concerning the sexual, physical and psychological abuse that movant suffered during his childhood and adolescence.

The Court has reviewed Mr. Duchardt's affidavit, as well as the briefs and arguments presented by counsel and finds that movant has failed to overcome the presumption that Mr. Duchardt's actions were not sound trial strategy. The Court finds that Mr. Duchardt's actions did not fall below an objective standard of reasonableness. Additionally, even if Mr. Duchardt's actions were considered to fall below the standard of reasonableness, movant has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Movant filed a Motion to Strike the Affidavit of Mr. Duchardt alleging that he violated his duty of confidentiality and his duty of loyalty. Movant also argues that he failed to give adequate notice of the contents of the Affidavit or to allow movant to object to portions of the affidavit, before it was provided to the Government. Movant argues that Mr. Duchardt divulged confidential information that he acquired in the course of his investigation that was otherwise generally unknown. Movant argues that no attorney could conclude that such disclosure was necessary in order to answer the limited allegations of ineffectiveness.

In *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir.1974), *cert. denied,* 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975), the Court stated:

> It has long been the law that a client may waive protection of the [attorney-client] privilege, either expressly or impliedly.... One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep his conversations with his attorney confidential, but that

Ex_42-001647

Woodman, Rebecca 11/22/2019
For Educational Use Only

Purkey v. U.S., Not Reported in F.Supp.2d (2009)

2009 WL 3160774

privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence.... Surely, a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.

**\*3** *See also Stobaugh v. U.S.,* No. 06–3317–CV–S–RED, 2007 WL 628420, \*1, n. 1 (W.D.Mo. Feb.27, 2007)("Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel."). In the instant case, the Government requested that the Court order Mr. Duchardt to file an Affidavit so that the Government could adequately respond to movant's motion. Mr. Duchardt declined to provide an affidavit unless he had an attorney-client waiver from movant or unless the Court ordered him to provide evidence in response to the allegations. In an Order dated February 1, 2008, this Court found that movant had waived his attorney-client privilege as to his ineffective assistance of counsel claims and directed Mr. Duchardt to prepare an affidavit in response to movant's allegations. The Court finds that Mr. Duchardt did not act improperly in filing the Affidavit nor did he violate his duty or loyalty or his duty of confidentiality, as the attorney-client privilege had been waived. Accordingly, movant's Motion to Strike the Statement of Frederick A. Duchardt, Jr. (Doc. # 83) is hereby **DENIED.**

### B. Violation of Due Process

Movant argues that he was denied due process due to: 1) certain misconduct on the part of the Government; 2) because no reasonable juror could have found beyond a reasonable doubt that he kidnaped the victim and also because 3) he was sentenced based on arbitrary factors when the jury did not vote on mitigating evidence.

### 1. Alleged Government Misconduct

Movant claims that the Government created the false impression that movant referred to the federal penitentiary as "Club Fed" and that "Club Fed" had more lenient conditions than the Kansas Department of Corrections system. The Government argues that movant did not raise this claim either at trial or on appeal and that the claim is procedurally defaulted. In order to obtain relief, the Government argues that movant must show actual prejudice from this error. Additionally, the Government notes that the prosecution has the right to introduce evidence concerning a defendant's post-defense statements to members of law enforcement as admissions against interest. The Government argues that there was no attempt to mislead the jury that Purkey had used the term "Club Fed." The Court agrees and finds that there was no misconduct on the part of the Government by referencing the term "Club Fed."

Movant also argues that Government counsel created a false impression when he told the jury that movant had just walked into Court and recanted the kidnaping. Movant argues that this was false since he told Agent Tarpley and Detective Howard in December 1998 and told Michael Speakman and Dr. Peterson in 2003 that the victim had come with him voluntarily. However, on direct examination of Agent Tarpley, the Government asked if movant had just changed his story.

The Government argues that neither movant nor the Government ever contended that Jennifer Long was grabbed off the street and kidnaped. The kidnaping crime occurred later when movant pulled a knife out of his glove box and placed it under his right thigh and refused to let Ms. Long out of his truck. This is consistent with what movant said in his statements to Tarpley and Howard and Speakman. The confusion comes when movant met with his psychiatrist, Dr. Peterson and in describing the events of January 22, 1998, he changed his story and claimed that he never kidnaped Ms. Long. In his report, Dr. Peterson wrote, "Ultimately, he killed her at home. He believes she came to his house willingly so it wasn't kidnaping. He told the kidnaping story 'for the FBI so he could get into the federal system .'" The Government did not come into possession of Dr. Peterson's report until August

Ex_42-001648

**Woodman, Rebecca 11/22/2019**
**For Educational Use Only**

Purkey v. U.S., Not Reported in F.Supp.2d (2009)
2009 WL 3160774

13, 2003, shortly before trial. Looking at the accounts from Tarpley, Howard and Speakman, it is apparent that movant did change his story when he spoke with Dr. Peterson. Therefore, the Court finds that there was no misconduct in Government counsel asking whether movant had changed his story.

### 2. Denied Due Process Because No Reasonable Juror Could Have Found Beyond A Reasonable Doubt That Movant Kidnaped Jennifer Long.

**\*4** Movant argues that the only evidence that he kidnaped Ms. Long came from his own mouth and he later repudiated the kidnaping. Movant argues that his confession to Tarpley and Howard was not trustworthy, and that less than a month after the indictment, the government knew from its star witness, Michael Speakman, that movant had denied kidnaping Ms. Long. Movant argues that the corroborating evidence led to the inference that Ms. Long voluntarily accompanied him to his home in Kansas, because there were multiple opportunities that she had to escape, but she did not. Movant argues that the Government relied on his confession because that is all it had. Movant argues that the Government mislead the jury by stating that he had repudiated the kidnaping not two years before trial, but right before trial. Without this misleading of the jury, movant argues that no reasonable juror could have found beyond a reasonable doubt that he kidnaped Ms. Long.

As discussed above, the Government did not know from Speakman's statements to the FBI that Purkey was recanting his claim that he kidnaped Ms. Long. The only thing that he told Speakman was that he had not snatched the girl from the street as Keith Nelson had done. Rather, Purkey described his initial contact with the girl as more like they were "partying" and that it was not forcible. This is consistent with what movant told Tarpley and Howard. The Court finds that the Government did not in any way mislead the jury. A reasonable juror could have disbelieved movant's argument and found beyond a reasonable doubt that he kidnaped Ms. Long.

### 3. Denied Due Process Because the Jury Did Not Vote On Mitigating Evidence.

Movant argues that the jury left blank the entire section of the verdict form related to findings upon mitigation evidence. He argues that it is one thing for a jury not to give much weight to mitigation evidence, but it quite another thing for a jury to decide not to acknowledge the evidence at all.

In *United States v. Paul,* 217 F.3d 989, 999–1000 (8th Cir.2000), the Court stated, "Neither the FDPA nor *Lockett [v. Ohio,* 438 U.S. 586, 605, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) ] and *Eddings [v. Oklahoma,* 455 U.S. 104, 115, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982) ] require a capital jury to give mitigating effect or weight to any particular evidence.... There is only a constitutional violation if there exists a reasonable likelihood that the jurors believed themselves precluded from considering relevant mitigating evidence." In that case, six jury members refused to find the defendant's age to be a mitigating factor, even thought it was undisputed that the defendant was eighteen at the time of his offense. The Court has reviewed the Verdict Form completed in this case and finds no error in the fact that the jury failed to find any mitigating evidence in this case. Movant has not shown that the jurors were precluded from considering any mitigating evidence, they simply chose not to give any weight to that evidence, which under the law they are entitled to do.

### 4. Denial of Due Process Due to Cumulative Effect of Government Counsel's Misconduct.

**\*5** Movant argues that the cumulative nature of the prosecutorial misconduct requires reversal. In *United States v. Hance,* 501 F.3d 900 (8th Cir.2007), the Court stated:

'To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial.' ...'If we reach the second step, we consider: (1) the cumulative effect of such misconduct (2) the strength of the properly admitted evidence of [defendant's] guilt; and (3) the curative actions taken by the trial court.'

*Id.* at 908, (citing *United States v. Cannon,* 88 F.3d 1495, 1502 (8th Cir.1996)). The Court has examined the alleged prosecutorial errors and does not find any of them to be improper. Even if the remarks and/or actions were considered to be improper, they did not prejudice the defendant's right to a fair trial.

Ex_42-001649

**Woodman, Rebecca 11/22/2019**
**For Educational Use Only**

Purkey v. U.S., Not Reported in F.Supp.2d (2009)
2009 WL 3160774

### C. Motion for An Evidentiary Hearing

Movant argues that he is entitled to a hearing because there are disputed issues of fact that cannot conclusively be resolved on the basis of the record alone and those facts if true, would entitle him to relief. Movant argues that many of the allegations of ineffectiveness relate to activity outside the courtroom and the record can shed no light on these allegations. Movant states that the Court cannot determine whether to believe his witnesses or Mr. Duchardt's denials without hearing from the witnesses themselves, as this is the only way to judge their credibility.

The Government argues that an evidentiary hearing is both unwarranted and unnecessary and that all of the issues raised by movant in his § 2255 motion are resolvable by reviewing the record. The Government states that Movant has not shown that Mr. Duchardt's representation fell below an objective standard of reasonableness. Nor has he demonstrated that there is a reasonable probability that but for Mr. Duchardt's errors, the result of the proceeding would have been different.

In reply, Movant cites to the Eighth Circuit decision in *Nelson v. United States,* No. 07–3071 (8th Cir. Oct. 27, 2008), in which the Court stated, "[o]ur cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record."

"A district court does not err in dismissing a movant's § 2255 Motion without a hearing if (1) the movant' 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Buster v. United States,* 447 F.3d 1130,1132 (8th Cir.2006) (citing *Sanders v. United States,* 341 F.3d 720, 722 (8th Cir.2003), *cert. denied,* 540 U.S. 1199, 124 S.Ct. 1460, 158 L.Ed.2d 116 (2004)). The Court finds that no hearing is necessary in this case, because even if movant's allegations are true, and Mr. Duchardt was ineffective for failing to call certain witnesses or to present a more complete mitigation case, movant would not be entitled to relief. As noted above, of the twenty-seven mitigating factors which were presented to the jury, no jurors voted for a single mitigating factor. So, even if movant's counsel had called different or additional witnesses or introduced more or additional mental health or evidence relating to his abuse as a child and young adult, it is unlikely that the jury would have considered this mitigating evidence or that they would have sentenced movant to life in prison. Accordingly, because the Court finds that the disputed issues would not entitle movant to relief, the Court hereby **DENIES** the Motion for an Evidentiary Hearing (Doc. # 84).

### IV. CONCLUSION

**\*6** For the reasons stated above, the Court hereby **DENIES** movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 47); **DENIES** the Motion to Strike the Statement of Frederick A. Duchardt, Jr. (Doc. # 83); **DENIES** the Motion to Set Matter for an Evidentiary Hearing (Doc. # 84) and **DENIES AS MOOT** the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. (Doc. # 87).

### All Citations

Not Reported in F.Supp.2d, 2009 WL 3160774

---

**End of Document**
© 2019 Thomson Reuters. No claim to original U.S. Government Works.

---

Ex_42-001650