# Exhibit 20

Case 1:19-cv-03570-TSC   Document 7-22   Filed 12/04/19   Page 2 of 5
PageID #: 9446

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **WESLEY IRA PURKEY**, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | Case No.: 2:19-cv-414 |
| **WARDEN OF USP TERRE HAUTE**, ) | |
| **UNITED STATES OF AMERICA** ) | DEATH PENALTY CASE |
| ) | EXECUTION SCHEDULED |
| ) | FOR DECEMBER 13, 2019 |
| Respondents. ) | |

---

## SEALED *EX PARTE* MOTION FOR BRAIN IMAGING

---

Petitioner Wesley Ira Purkey, through counsel undersigned, respectfully requests an Order from this Court for Mr. Purkey to undergo certain brain imaging tests, which have been determined by his defense experts to be medically necessary for a determination of Mr. Purkey's present brain functioning, specifically frontal lobe and executive functioning deficits. In support, counsel states as follows:

1. The results of the recommended brain image testing, which is an integral part of the evaluation of Mr. Purkey's mental state and deterioration observed by counsel, will also bear on the question of whether Mr. Purkey is competent to be executed, an issue that is ripe in his case for the reasons set forth in the *ex parte*

1

response to the Court's order. *See* Sealed *Ex Parte* Status Report filed October 25, 2019.

2. The medical order for brain imaging testing setting forth the need for such testing and the parameters of such testing by Mr. Purkey's medical expert are submitted herewith as Attachments 1 and 2.

3. Recognizing the various institutional issues associated with carrying out brain imaging testing, such as security and transportation issues, Counsel contacted Katherine Siereveld, Attorney Advisor, USP-Terre Haute regarding the logistics of carrying out the medical imaging. Ms. Siereveld advised counsel that the brain imaging testing can be carried out if: 1) the Court enters an order for the testing; 2) the testing is completed by a BOP medical vendor; and 3) Counsel assumes responsibility to pay the medical costs associated with each imaging test. Ms. Siereveld indicated that as long as these requirements are met, the BOP will provide transportation and security. Counsel provided Ms. Siereveld with a copy of Attachments 1 and 2, and she in turn indicated that she would collect more information in light of the Petitioner's expert's order for medical imaging testing. Ms. Siereveld has since informed Counsel that the MRI testing, and possibly the DTI testing, can be accomplished when a mobile MRI truck is scheduled to be at the prison. Ms. Siereveld also provided Counsel with the medical costs associated with the MRI and PET scan. Ms. Siereveld indicated off-site testing may be

2

required for the DTI and PET scan, but that two local hospitals can do the testing.

Counsel would therefore request that the Court's order include appropriate

transportation orders and directives to BOP to ensure Mr. Purkey's transportation

to any off-site facility for any part of testing should it be necessary.

4. Counsel informs the Court that the cost of the testing will be borne by

counsel Michelle Law's office, the Federal Public Defender for the Western

District of Missouri.

WHEREFORE, for the foregoing reasons, Petitioner requests that the Court

enter an order directing that the testing occur and ensuring any necessary

transportation for Mr. Purkey to effectuate such testing.

Respectfully submitted,

/s/Rebecca E. Woodman
Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone: (785) 979-3672
Email: rewlaw@outlook.com

/s/Michelle M. Law
Michelle M. Law
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile: (417) 873-9038
Email: michelle_law@fd.org

3

Case 1:19cv-03570-TSC   Document 50 (Ex Parte)   Filed 10/25/19   Page 4 of 4
PageID #: 9449

*Counsel for Petitioner*

Dated: October 25, 2019