Exhibit 23

Case 1:19-cv-03570-TSC   Document 7-25   Filed 12/04/19   Page 2 of 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **WESLEY IRA PURKEY**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No.: 2:19-cv-414 |
| **WARDEN OF USP TERRE HAUTE**, | ) | |
| **UNITED STATES OF AMERICA** | ) | DEATH PENALTY CASE |
| | ) | EXECUTION SCHEDULED |
| | ) | FOR DECEMBER 13, 2019 |
| Respondents. | ) | |

---

### SEALED *EX PARTE* STATUS REPORT

---

Counsel for Mr. Purkey responds to the Court's Order dated October 21, 2019, as follows:

1. On October 21, 2019, this Court issued an Order in this case, Dkt. 54, setting forth the following facts:

a. That on September 6, 2019, the Court had received a two-page "Motion to Withdraw Petition for Habeas Corpus" from Petitioner indicating that he "did not consent to certain actions taken by his counsel[,]" and that, "[i]n response, the Court issued an Order stating that "the document would not be accepted for filing because Mr. Purkey is represented by counsel" and ordering counsel "consistent with counsel's professional obligations, [to] review the document and decide what

1

action, if any, should be taken regarding the issues raised therein." Dkt. 54 (citing

Dkt. 22 (Order dated September 11, 2019)).

b. That "counsel did not file anything with the Court in response to Mr.

Purkey's allegations or the Court's order." Dkt. 54.

c. That "[o]n October 17, 2019, the Court received notification that Mr.

Purkey filed a writ of mandamus with the United States Court of Appeals for the

Seventh Circuit. *See* Dkt. 53. In this filing, Mr. Purkey reiterates the allegations

previously made against his counsel and his desire to represent himself. *See Purkey*

*v. Hanlon*, No. 19-3047 (7th Cir. Oct. 17, 2019), Dkt. 1." Dkt. 54.

2. The Court's Order directed that "counsel shall file a status report by

October 25, 2019 responding to the allegations in Mr. Purkey's 'Motion to

Withdraw Petition for Habeas Corpus' and his writ of mandamus filed with the

Seventh Circuit. The status report may be filed ex parte if deemed necessary by

counsel to preserve client confidences and attorney-client privileged

communications." *Id*.

3. This response is being filed ex parte, inasmuch as counsel do deem it

necessary to preserve client confidences and attorney-client privileged

communications.

4. Counsel did not feel the need to respond to the Court's Order of

September 11, 2019. First of all, the Court's Order did not require counsel to file

Case 2:19-cv-00414-JPH-DLP   Document 55 (Ex Parte)   Filed 10/25/19   Page 3 of 7
Case 1:19-cv-03570-TSC   Document 7-25   Filed 12/04/19   Page 4 of 8
PageID #: 9383

any document with the Court in response. The Court did require counsel to "review the document decide what action, if any, should be taken regarding the issues raised therein" consistent with their professional obligations. Dkt. 22. Second, at the time the Court issued its Order on September 11, counsel was aware that Mr. Purkey intended to file a motion to rescind his "Motion to Withdraw Petition for Habeas Corpus" and, in light of this knowledge, counsel determined that their professional obligations required them to vigorously pursue the relief requested in his Petition. Subsequently, this Court issued a separate Order on September 16, 2019, stating that it had in fact received the motion to rescind, which the Court also did not accept for filing. Dkt. 24.

5. Counsel has taken other action, however, consistent with their belief that Mr. Purkey's vacillation on the court filings is a symptom of serious mental illness. *See, e.g.*, *St. Pierre v. Cowan*, 217 F.3d 939 (7th Cir. 2000). Counsel, who have been representing Mr. Purkey since 2014, are aware of Mr. Purkey's significant mental impairments that have affected his decisionmaking abilities. Through continuous and time-consuming effort, counsel have struggled throughout their representation to navigate these difficulties in a manner where counsel has been able to continue zealous representation of Mr. Purkey and to act in his best interests with his consent. Aware of these issues, counsel have sought expert opinions concerning the status of Mr. Purkey's mental health consistent with their

3

Case 1:19-cv-03570-TSC   Document 7-25   Filed 12/04/19   Page 5 of 8
PageID #: 9384

professional duties toward Mr. Purkey, well before his execution date was set.

6. Mr. Purkey's longstanding mental impairments have been exacerbated by onerous "execution watch" conditions of confinement. Since July 25, 2019, when Mr. Purkey received notice that his execution date had been scheduled for December 13, 2019, the Bureau of Prisons ("BOP") has implemented special watch procedures for those prisoners at USP-Terre Haute with execution dates. Mr. Purkey was moved from Phase I[1] to Phase III level of confinement, a phase reserved for those with execution dates, who are house on a special range ("A Range") within the Secured Confinement Unit ("SCU") at USP-Terre Haute. Prisons cells on A Range are different from cells on other SCU ranges -- they are much smaller and more restrictive. In particular, an "execution watch" regime has been implemented on A Range that consists of, among other things, cell checks of the prisoners every 15 minutes, even at night. At night, guards utilize flashlights to conduct live-checks on the prisoners every 15 minutes, and shine the flashlight into the cell, and on the prisoner's face. Counsel have learned that Mr. Purkey, because of these conditions, has suffered severe sleep deprivation, increased stress and anxiety, and an exacerbation of his symptoms of mental illness and dementia. Counsel have attempted to mitigate the effects of Mr. Purkey's sleep deprivation by, for example, requesting that he be allowed to wear a sleep mask at night, but

---

[1] Phase I, though still consisting of solitary confinement, is the least restrictive phase of confinement in the SCU at USP-Terre Haute.

Case 2:19-cv-00414-JPH-DLP   Document 55 (Ex Parte)   Filed 10/25/19   Page 5 of 7
Case 1:19-cv-03570-TSC   Document 725   Filed 12/04/19   Page 6 of 8
PageID #: 9385

BOP denied the request. As a result, counsel have observed a marked deterioration of Mr. Purkey's mental health, which has raised serious issues of competency to engage in rational decisionmaking, as well as his competency to be executed. Counsel have attached the declaration of Dr. Craig Haney, a psychologist specializing in the effects of solitary confinement conditions on mental health generally and the exacerbating effects of such conditions on mentally ill prisoners in particular. *See* Exhibit A, Declaration of Craig Haney.

7.  Counsel have been diligently attempting to obtain information about the "execution watch" protocol at BOP and the stresses on Mr. Purkey that are exacerbating his mental impairments and his consequent behavior. They have requested that BOP-Terre Haute preserve the A Range surveillance videotapes that will demonstrate how the "execution watch" operates, and have submitted expedited FOIA requests for the videotapes. Counsel have also requested a copy of the written protocols governing Phase III and the "execution watch" from BOP, but have yet to receive them.

8. Counsel also have been seeking to conduct brain imaging of Mr. Purkey as recommended by their medical expert. Counsel have been communicating with BOP about the logistics of this testing for some time. In addition, BOP will not permit such imaging without a court order. Accordingly, an ex parte request to approve the imaging, which will be done at no cost to the Court, is being filed

concurrently with the filing of this brief. The results of this testing will bear on Mr. Purkey's competency to be executed, an issue that did not become ripe until his execution notice was issued. *See Panetti v. Quarterman*, 551 U.S. 930, 946-947 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-645 (1998); *Ford v. Wainwright*, 477 U.S. 399 (1986).

9. Counsel are attempting to represent Mr. Purkey consistently with their professional obligations. Given counsels' observations of Mr. Purkey's significant recent mental decline, which is evidenced by his vacillation reflected in the motions he has filed with this Court and with the Seventh Circuit Court of Appeals, counsel also face a difficult situation in light of Mr. Purkey's inability to engage in rational decisionmaking about his representation.

10. Counsel are diligently preparing their reply to the Government's response to Mr. Purkey's Petition for a Writ of Habeas Corpus due on Monday, October 28, 2019, in accordance with their ethical obligations to act in Mr. Purkey's best interests despite his deteriorating mental health. Unless the Court directs otherwise, counsel will continue to act in Mr. Purkey's best interests and file their reply with the Court on October 28.

6

Respectfully submitted,

/s/Rebecca E. Woodman
Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone: (785) 979-3672
Email: rewlaw@outlook.com

/s/Michelle M. Law
Michelle M. Law
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile: (417) 873-9038
Email: michelle_law@fd.org

*Counsel for Petitioner*

Dated: October 25, 2019