Exhibit 28

Case 1:19-cv-03570-TSC   Document 7-30   Filed 12/04/19   Page 2 of 8 PageID #: 9534

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **WESLEY IRA PURKEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No.: 2:19-cv-414 |
| **WARDEN OF USP TERRE HAUTE,** | ) | |
| **UNITED STATES OF AMERICA** | ) | DEATH PENALTY CASE |
| | ) | EXECUTION SCHEDULED |
| | ) | FOR DECEMBER 13, 2019 |
| Respondents. | ) | |

---

## EX PARTE REQUEST FOR EXTENSION OF TIME TO REPLY TO ORDER DIRECTING SUPPLEMENTAL RESPONSE TO PETITIONER'S PRO SE FILING AND WRIT OF MANDAMUS AND REQUEST TO CONTINUE TELEPHONIC STATUS CONFERENCE

---

In response to the Court's Order Directing Supplemental Response to Petitioner's Pro Se Filing and Writ of Mandamus (Dkt. 57), counsel for Mr. Purkey respectfully request additional time to file their supplemental response to the Order. Counsel also request that the Court continue the telephonic status conference currently set on October 31, 2019. Counsel are filing this request ex parte as necessary to preserve attorney-client privileges. *See* Dkt. 57 at 2. In support of their request for additional time and for a continuance of the telephonic status conference, counsel state as follows:

1. On October 25, 2019, counsel filed an ex parte status report (Dkt. 55), per the Court's order of October 21, 2019 (Dkt. 54), requiring counsel to file a status report responding to the allegations made by Mr. Purkey in his *pro se* "Motion to Withdraw Petition for Habeas Corpus," which was sent to this Court, but ultimately was not filed by the Court because Mr. Purkey was represented by counsel, *see* Dkt. 22, and Mr. Purkey's writ of mandamus filed with the Seventh Circuit Court of Appeals. Counsel, in good faith, filed a response addressing the Court's Order in a manner they felt was consistent with their professional responsibilities to Mr. Purkey which, in the case of a client whom they believe to be incompetent to waive his legal claims or to proceed pro se, and whom they believe is also incompetent to be executed, require counsel to "as far as reasonably possible, maintain a normal client-lawyer relationship with the client," and to take reasonably necessary protective action if a client is at risk of substantial harm unless protective action is taken. Mo. Supreme Court Rule 4-1.14(a) and (b); Indiana Rule of Professional Conduct 1.14(a), (b), (c) and (d).

2. Consistent with counsel's obligation to maintain a normal client-lawyer relationship, which includes protecting client confidences, counsel made an effort to minimize the disclosure of privileged communications, and conveyed information related to the basis of their belief as to Mr. Purkey's incompetence, including details of his mental illness and dementia, to the extent necessary to

protect Mr. Purkey's interests.  Mo. Supreme Court Rule 4 – 1.14(c); Indiana Rule of Professional Conduct 1.14(c).

3.  On October 28, 2019, the Court issued an Order directing counsel to file a supplemental response to its October 21 Order to address specific allegations made by Mr. Purkey in his original document that was rejected by this Court, and in his mandamus filed with the Seventh Circuit. (Dkt. 57). Specifically, the Court has ordered Counsel to respond to the following factual allegations: 1) "Purkey did not give permission to either Rebecca Woodman or Michelle M. Law (attorneys) for filing either of the Petitions filed on August 27, 2019"; 2) "Purkey's capital habeas attorneys in deceiving him then rewrote the petition and filed it with the Court despite Purkey's being adamant that such issues were not to be sought via the petition being filed before the Court"; and 3) "Purkey's counsel was prohibited from filing with the district court the very petition that they did after Purkey repeatedly and adamantly told them not to file." Dkt. 57 at 2. Counsel has been requested to reply to these allegations even though the Court also received Mr. Purkey's request to rescind his *pro se* Motion to Withdraw Petition for Habeas Corpus, a document the Court also did not file because Mr. Purkey was represented by counsel, *see* Dkt. 24, and even though Mr. Purkey's writ of mandamus is not pending in the district court.

Case 1:19cm-03570-TSC   Document 60   Filed 12/04/19   Page 5 of 8

4.  Subsequently, on October 29, 2019, the Court issued an ex parte order setting a telephonic status conference on October 31, 2019, at 10:30 a.m., to include counsel and Mr. Purkey. Dkt. 59.,The Court ordered counsel to call in to the conference using a number provided by the Court, Dkt. 59, and separately ordered the Bureau of Prisons to make Mr. Purkey available for the telephonic conference. Critically, Mr. Purkey will be on the call without counsel present and without the means to provide confidential advice to Mr. Purkey . Dkt. 60.

5. There are several issues of ethical concern presented by the Court's orders, including the extent to which information protected by attorney-client privilege and attorney work product can be disclosed to the Court, the potential posed by the orders to create a conflict of interest between Counsel and their client, and the applicable standard of care to Mr. Purkey in light of his severe cognitive and mental health impairments, at a time when Mr. Purkey is facing an execution date scheduled for December 13, 2019. In order to ensure continued compliance with the Rules of Professional Responsibility, counsel have contacted an ethics expert for advice on how to proceed. The ethics expert informed them that he will need one week to review the facts of the case, and prepare an ethical opinion. Counsel respectfully argue that such advice is necessary before counsel can respond to the Court's Order, and before participating in the telephonic status conference.

Additionally, at least one of Mr. Purkey's counsel need to be physically present with him for the status conference.

6. Counsel also need time to consult with Mr. Purkey regarding the Court's supplemental order consistent with their obligation to the extent possible to maintain a normal lawyer-client relationship despite his incompetency. Counsel has a visit scheduled with Mr. Purkey on November 6, 2019.

8. Counsel outlined some of their concerns about Mr. Purkey's competency in their Ex Parte Status Report filed on October 25, 2019. *See* Dkt. 55 at 3-6. While counsel themselves have a significant basis for believing Mr. Purkey to be incompetent based on his mental impairments and onset of dementia, which have been exacerbated by the "execution watch" conditions at BOP-Terre Haute, counsel's mental health expert is scheduled to evaluate Mr. Purkey on November 7 and 8. In addition, counsel filed an ex parte motion for brain imaging with this Court on October 25, 2019, which remains pending. Counsel are diligently preparing a petition that Mr. Purkey is incompetent to be executed, a claim that did not become ripe until his execution date was set and has required additional investigation and updated mental health evaluations and testing. *See Panetti v. Quarterman*, 551 U.S. 930, 946-947 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-645 (1998); *Ford v. Wainwright*, 477 U.S. 399 (1986).

8.   An extension of time is consistent with the Indiana of Rules of Professional conduct that provide that when representing a client with impaired capacity, protective action includes "using a reconsideration period" to permit clarification of circumstances. Indiana Rule of Professional Conduct 1.14, Comment 5.

9.   This request is made in good faith, is not predicated on an intent to delay, and is being made because of the specific needs of this capital case and counsel's ethical duty to provide professionally appropriate representation to Mr. Purkey. Counsel respectfully request that their supplemental filing be due on November 8, after they have had time to review the expert's opinion and visit with their client on November 6. Counsel respectfully suggest that the teleconference be continued until after counsel have been able to brief these matters. Continuing the teleconference until after November 9, would also provide for counsel and the Court to hear from the mental health expert who will have just evaluated Mr. Purkey.

Respectfully submitted,

/s/Rebecca E. Woodman
Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone:  (785) 979-3672
Email: rewlaw@outlook.com

/s/Michelle M. Law
Michelle M. Law
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile:  (417) 873-9038
Email: michelle_law@fd.org

*Counsel for Petitioner*

Dated: October 29, 2019