Exhibit 30

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **WESLEY IRA PURKEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | Case No.: 2:19-cv-414 |
| **WARDEN OF USP TERRE HAUTE,** ) | |
| **UNITED STATES OF AMERICA** ) | DEATH PENALTY CASE |
| ) | EXECUTION SCHEDULED |
| ) | FOR DECEMBER 13, 2019 |
| Respondents. ) | |

---

### EX PARTE MOTION TO RECONSIDER THE COURT'S ORDER DENYING COUNSEL'S REQUEST TO CONTINUE TELEPHONIC STATUS CONFERENCE

---

On October 28, 2019 this Court ordered counsel to file a supplemental response to Petitioner's pro se filings and scheduled a telephonic conference for October 31. On October 29, counsel moved for an extension of time to consult with ethics counsel and confer with their client. On October 30, this Court granted counsel's request as to their supplemental filing, but denied it as to the telephonic status conference. For the reasons below, counsel respectfully object to the Court's denial of their request to continue the telephonic status conference and request the Court to reconsider that Order.

Case 1:19cv-03570-TSC   Document 32   Filed 12/04/19   Page 3 of 5
PageID #: 9544

1. Counsel have not had an opportunity to confer with Mr. Purkey about the Court's Order, and, before a telephonic conference can occur, counsel must be given an opportunity to confer with their client outside the presence of this Court. Further, as discussed in their extension motion, Dkt. 61, counsel need to make arrangements with the prison to be present for the hearing. After the Court's order was docketed (today at 3:59 p.m.) counsel immediately sought to make arrangements to travel from Kansas City, Missouri to Terre Haute, Indiana to be present for the call in order to advise their client. However, counsel have not been able to confirm that the prison will permit counsel to see their client, or to be present at the time of the hearing.

2. Though the October 30 Order addressed the ethical concerns counsel presented with regard to counsel's ethical obligations and the privilege, the Order failed to address the ethical concerns inherent in having this Court question Mr. Purkey without permitting counsel time to confer with their client or the ability to be present with their client to advise him confidentially during the call. As counsel informed the Court, counsel are scheduled to see Mr. Purkey next week, on November 6. Because of the prison's policies, counsel are not able to immediately speak with their client on the telephone or visit him without notice. Thus, counsel moved for an extension because the three days notice was not enough time to adequately prepare their client.

Case 1:19-cv-03570-TSC    Document 32    Filed 12/04/19    Page 4 of 5
PageID #: 9545

3. The October 30 Order also failed to address counsel's concerns about Mr. Purkey's competence. *See* Dkt. 55, 61. A heightened standard of care applies to counsel's duties to Mr. Purkey given his mental infirmities and, as counsel advised the Court in Dkt. 61, counsel need to confer with their mental health expert following the expert's evaluation of the client on November 7 and 8, 2019. This is especially so, given Mr. Purkey's worsening symptoms.

4. This is a death penalty case with 43 days until Mr. Purkey's currently-scheduled execution date of December 13, 2019. Death is different. *Woodson v. North Carolina*, 428 U.S. 280, 303-304 (1976) ("death is a punishment different from all other sanctions in kind rather than degree"). Under these circumstances, there is heightened need for reliability in adjudicating a capital case. *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) ("the qualitative difference between death and other punishments calls for a greater degree of reliability when the death sentence is imposed").

5. In light of these concerns, counsel respectfully object to the Court questioning their client at a telephonic status conference before counsel has had an opportunity to fully discuss the issues with Mr. Purkey.

Respectfully submitted,


/s/Rebecca E. Woodman
Rebecca E. Woodman
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone:  (785) 979-3672
Email: rewlaw@outlook.com

/s/Michelle M. Law
Michelle M. Law
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile:  (417) 873-9038
Email: michelle_law@fd.org

*Counsel for Petitioner*

Dated: October 30, 2019