**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESLEY I. PURKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil No. 19-03570 (TSC) |
| | ) |
| WILLIAM P. BARR, et al, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

More than fifteen years ago, a federal jury convicted Plaintiff Wesley Ira Purkey of

kidnapping, raping, and murdering a 16-year-old girl and returned a verdict of death, as authorized

by the Federal Death Penalty Act (18 U.S.C. §§ 3591-3599). Purkey's conviction and sentence

were affirmed on appeal, and he has exhausted his post-conviction remedies. In July 2019, the

Attorney General scheduled Purkey's execution for December 13, 2019. On November 20, 2019,

this Court, in a separate proceeding, issued a preliminary injunction barring that execution. Last

week, Purkey asked this Court to further preliminarily enjoin his execution based on his alleged

incompetency. Mot., ECF No. 7. But Purkey is not entitled to another preliminary injunction. He

cannot show a substantial likelihood of success on the merits of his claims because his suit is fatally

defective.

A claim challenging the execution of a sentence must be brought as a habeas petition

against the prisoner's immediate custodian in the district of his confinement. Indeed, Purkey

recently brought eight other claims in a habeas petition against the warden of his prison in the

district of his confinement. Six days after those claims were denied, he filed the present case in

this Court challenging his competency to be executed—what is referred to as a *Ford* claim—under

the Administrative Procedure Act ("APA"), naming as defendants the Attorney General and the Director of the Bureau of Prisons. This litigation tactic was improper because the two *Ford* claims in Purkey's complaint could be (and must be) brought through a habeas petition in the Southern District of Indiana, the district of his confinement, and therefore cannot be brought in this Court under the APA, which precludes judicial review when the plaintiff has an alternative adequate remedy in a court.

Having used the wrong procedural vehicle, in the wrong court, against the wrong defendants, Purkey is unlikely to succeed on the merits of his claims, and the balance of the equities tips against the grant of a preliminary injunction. Accordingly, this Court should deny Purkey's motion for another preliminary injunction barring his execution.

## BACKGROUND

In 2003, a federal jury in the Western District of Missouri convicted Purkey of the interstate kidnap, rape, and murder of 16-year-old Jennifer Long. *United States v. Purkey*, 428 F.3d 738, 744 (8th Cir. 2005). Purkey confessed to the crime against Ms. Long while awaiting prosecution for the murder of 80-year-old Mary Ruth Bales. *Id.* at 745. He disclosed the location where he had discarded Ms. Long's undergarments and jawbone, but the remainder of Ms. Long's body was unrecoverable because he had dismembered it with a chain saw and then burned the remains. *Id*. At the penalty phase of the trial in 2004, the jury found as an aggravating factor that Purkey had killed Ms. Bales by repeatedly striking her in the head with a hammer. *Id*. at 746. The jury determined that Purkey should be sentenced to death, *id*., and Purkey was confined in the United States Penitentiary in Terre Haute, Indiana, to await execution.

The Eighth Circuit affirmed Purkey's conviction and sentence on direct appeal. *Purkey*, 428 F.3d 738, *cert. denied*, 549 U.S. 975 (2006). He exhausted his post-conviction remedies in

2014. *Purkey v. United States*, 729 F.3d 860 (8th Cir. 2013), *cert. denied*, 135 S. Ct. 355 (2014). On July 25, 2019, the United States Department of Justice scheduled Purkey's execution for December 13, 2019.

On August 27, 2019, Purkey filed a petition under 28 U.S.C. § 2241 in the Southern District of Indiana, asserting eight claims, including contentions that his trial counsel ineffectively failed to investigate mitigation evidence related to his mental health and that his death sentence violated *Atkins v. Virginia*, 536 U.S. 304 (2002). Purkey did not raise the incompetent-to-be-executed *Ford* claim he raises now.

During the pendency of that litigation, however, Purkey's counsel informed the court that they were "diligently preparing a petition that Mr. Purkey is incompetent to be executed, a claim that did not become ripe until his execution date was set and has required additional investigation and updated mental health evaluations and testing." Ex. 28 to Woodman Decl. at 5, ECF No. 7-30. They also sought an order directing that Purkey undergo certain brain imaging tests that "will also bear on the question of whether Mr. Purkey is competent to be executed, an issue that is ripe in his case." Ex. 20 to Woodman Decl. at 1, ECF 7-22.[1]

On November 20, 2019, the district court in the Southern District of Indiana denied Purkey's § 2241 petition, *see Purkey v. United States*, No. 2:19-cv-00414, 2019 WL 6170069 (S.D. Ind. Nov. 20, 2019), and Purkey's appeal is currently before the Seventh Circuit. Also on November 20, 2019, this Court granted Purkey's motion in *In re Matter of the Federal Bureau of*

---

[1]These documents were filed *ex parte*, so the defendant in that case did not learn of them until they were filed in this litigation as exhibits to the Woodman Declaration in support of Purkey's preliminary injunction motion. Although the Woodman Declaration states that the *ex parte* motion for brain imaging tests was denied, Woodman Decl. ¶ 12, ECF No. 7-2, the order is not attached to the declaration.

*Prisons' Execution Protocol Cases*, No. 19-mc-145, for a preliminary injunction staying his execution. The Government's appeal of that order is pending.

On November 26, 2019, Purkey filed the present civil action in this Court seeking a judgment that he is mentally incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986). Purkey's complaint does not explain why he did not raise his *Ford* claims under § 2241 in the Southern District of Indiana, although he filed his habeas petition there after the Attorney General had scheduled his execution date.

On December 4, 2019, Purkey moved this Court to preliminarily enjoin his execution, despite the fact that this Court has already stayed his execution in the consolidated cases concerning the Bureau of Prisons' ("BOP") execution protocol.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citation omitted). It is "never awarded as of right," *id.* at 690, and "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion," *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted); *accord Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009). The movant must satisfy a four-prong test, establishing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). The "most important factor" is whether the movant has "established a likelihood of success on the merits." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014). Where, as here, there are serious questions as to the Court's

-4-

jurisdiction, it is "more *unlikely*" that the plaintiff can establish a "likelihood of success on the merits." *Munaf*, 553 U.S. at 690. As discussed below, Purkey fails to make the requisite showing.

## ARGUMENT

Purkey is unlikely to succeed on the merits of his claims. Because he seeks to enjoin his execution, he could and should have raised his claims through a habeas petition under § 2241.[2] Because he may bring his claims using § 2241, he may not bring them under the APA. Even if this Court were inclined to consider Purkey's claims as a § 2241 petition, it could not do so because a § 2241 petition must be brought in the district of a prisoner's confinement (the Southern District of Indiana) against the immediate custodian (the warden of the Terre Haute penitentiary). Accordingly, Purkey's suit in this Court is improper.

**I.     Purkey is unlikely to succeed on the merits of his claims because they cannot be brought under the APA and this Court would lack jurisdiction were the claims properly brought under 28 U.S.C. § 2241.**

        **A.     Purkey's *Ford* claims can be brought under 28 U.S.C. § 2241 and therefore cannot be reviewed under the APA.**

Purkey brings his claims under the APA, alleging that "[j]udicial review of the agency action is authorized by the APA, 5 U.S.C. §§ 702, 704, and 706." Compl. ¶ 11, ECF No. 1. Review under the APA is unavailable, however, when an alternative adequate remedy exists in a court,

_____

[2]In *In re Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145, this Court issued a blanket injunction enjoining defendants from executing Purkey and three other inmates. Although that suit is not brought under § 2241, its posture is entirely different. The issue before the Court in that case was whether BOP properly could apply its new execution protocol to the plaintiffs there. Once the Court found that the plaintiffs were likely to succeed in arguing that the execution protocol is invalid, the Court had the proper authority to preliminarily enjoin the defendants from using the challenged execution protocol to execute the plaintiffs. However, the Court has no authority to issue a blanket stay of execution because only the validity of the protocol is in issue, not the plaintiffs' death sentences.

and here such an alternative remedy is available through a habeas petition under 28 U.S.C. § 2241. Purkey therefore has not stated a claim for relief, and his claims are unlikely to succeed on the merits. *See* Fed. R. Civ. P. 12(b)(6).

"Section 704 of the [APA] limits judicial review under that statute to agency actions 'for which there is no other adequate remedy in a court.'" *Citizens for Responsibility and Ethics in Washington v. United States Department of Justice* ("*CREW*"), 846 F.3d 1235, 1238 (D.C. Cir. 2017) (quoting § 704); *see also Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017) (explaining that the "no other adequate remedy" requirement is "an element of the cause of action created by the APA"). This provision "makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).

"When considering whether an alternative remedy is 'adequate' and therefore preclusive of APA review, [courts should] look for clear and convincing evidence of legislative intent to create a special, alternative remedy and thereby bar APA review." *CREW*, 846 F.3d at 1244. "[C]lear markers of legislative intent to preclude" APA review can be discerned "where Congress has provided an independent cause of action or an alternative review procedure in a purported alternative." *Id.* at 1245. "An alternative that provides for *de novo* district-court review of the challenged agency action offers further evidence of Congress' will, given the frequent incompatibility between *de novo* review and the APA's deferential standards." *Id.* (quotation omitted). "Because section 704 requires only an *adequate* alternative, . . . the alternative remedy need not provide relief *identical* to relief under the APA in order to have preclusive effect." *Id.* (quotation omitted).

This Court has repeatedly held that a prisoner cannot bring an APA claim when the relief sought is available through habeas or post-conviction proceedings. In *Stern v. Federal Bureau of Prisons*, 601 F. Supp. 2d 303, 304 (D.D.C. 2009), a prisoner sued the BOP under the APA challenging the BOP's use of the Inmate Financial Responsibility Program to set the prisoner's restitution payment schedule. This Court held that this claim could be brought through a habeas petition, and therefore the prisoner "may not bring his challenge under the APA because the habeas corpus proceedings provide an adequate remedy in court." *Id.* at 305. In *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012), this Court held that a prisoner's claim seeking return of restitution payments pursuant to a plea agreement was not cognizable under the APA in part because 28 U.S.C. § 2255 afforded an adequate alternative remedy. And in *United States v. Forrest*, 316 F. Supp. 3d 111, 115 (D.D.C. 2018), this Court held that a prisoner's request for removal of a detainer lodged as a result of an outstanding warrant could not be construed as a claim under the APA due to the availability of habeas relief under § 2241. Decisions from other jurisdictions agree.[3]

---

[3] *See, e.g.*, *Davis v. Dep't of Housing and Urban Dev.*, No. 4:17-CV-987, 2017 WL 4329715, at \*3 (E.D. Mo. Sept. 27, 2017) (holding that a prisoner alleging she had pled guilty under duress failed to state a claim under the APA because she had an adequate alternative remedy under § 2255); *United States v. Lester*, No. 06-20151, 2014 WL 644937, at \*1 (D. Kan. Feb. 19, 2014) (holding that a prisoner claiming his conviction should be overturned due to false statements by federal agents was not entitled to relief under the APA because there was an adequate alternative remedy under § 2255); *Myrland v. United States*, Civil No. 12-cr-2909, 2013 WL 4501047, at \*2 (D. Minn. Aug. 22, 2013) (holding that a prisoner's challenge to aspects of his residential reentry center placement could not be brought as a claim against the United States under the APA, because there was another adequate remedy available under § 2241); *Finley v. Hersh*, No. 1:12-CV-162, 2013 WL 3450270, at \*7 (D. Vt. July 9, 2013) (assuming former prisoner's constitutional claims were brought under the APA, relief would be unavailable because the habeas corpus statute provided an adequate remedy); *Floyd v. Wiley*, Civil Action No. 09-cv-01745, 2009 WL 2473625, at \*2 (D. Col. Aug. 12, 2009) (dismissing a prisoner's claim challenging denial of administrative grievances because habeas corpus provided an adequate remedy); *Coleman v. United States*, Civil Action No. 07-0594, 2007 WL 2350256, at \*3 (W.D. La. June 14, 2007) (explaining that a prisoner's APA claim against the BOP alleging his sentence was unconstitutional was precluded

Here, Purkey could seek through a habeas petition exactly the relief he seeks in this lawsuit. In this lawsuit, Purkey seeks (1) a declaration that he is currently incompetent to be executed, (2) an evidentiary hearing to determine whether he is incompetent, and (3) an injunction to prevent his execution during any period of incompetency. Compl. 57, ECF No. 1. The very decisions Purkey relies upon in his complaint, *see* Compl. ¶ 1, ECF No. 1, demonstrate that habeas provides an adequate remedy. *See Panetti v. Quarterman*, 551 U.S. 930, 938 (2007) (state prisoner filed habeas petition pursuant to § 2254 and motion for stay of execution); *Ford v. Wainwright*, 477 U.S. 399, 404 (1986) (state prisoner filed habeas petition).[4] Both *Panetti* and *Ford* involved habeas petitions filed by state prisoners under § 2254. These cases illustrate that Purkey could bring his *Ford* claims through habeas proceedings.[5]

As shown below, not only are habeas proceedings an available remedy, they are the sole proceedings through which Purkey can bring his claim.

---

by the adequate remedy in §§ 2241 and 2255). *Cf. Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 126, 140 (D.D.C. 2018) (alien detainees challenging nationwide immigration policy could pursue their claims under the APA because they were challenging a nationwide policy, and "[i]f Plaintiffs are successful and this Court enjoins Defendants from adhering to any such policy and requires that Plaintiffs be given bond hearings, that ruling would not necessarily imply that their confinement is invalid or otherwise should be shorter, because their parole could still be denied for other legitimate reasons").

[4]Another case Purkey relies on concerning a similar claim, *Madison v. Alabama*, 586 U.S. __, 139 S.Ct. 718, 725 (2019), involved a direct appeal from a petition filed in Alabama state court.

[5]Furthermore, Purkey's own filings demonstrate an awareness that a habeas petition is an adequate remedy. On October 29, 2019, Purkey's lawyers told the U.S. District Court for the Southern District of Indiana in an *ex parte* filing that they were "diligently preparing a *petition* that Mr. Purkey is incompetent to be executed." Ex. 28 to Woodman Decl. at 5, ECF No. 7-30 (emphasis added). After Purkey's then-pending § 2241 petition was denied by that court, Purkey instead brought his incompetent-to-be-executed claim through a *complaint* filed in this Court.

**B.** **Purkey's *Ford* claims are core habeas claims that must be brought in the Southern District of Indiana.**

Purkey is also unlikely to succeed on the merits of his *Ford* claims because they lie in the "core of habeas" and, therefore, may be brought only through a habeas petition. Had Purkey brought his claims in a habeas petition, this Court would be obliged to dismiss it because he failed to sue the proper party and because this Court lacks jurisdiction. Accordingly, this Court should deny Purkey's motion.

   *1.* *Purkey's* Ford *claims may be brought only through a habeas petition under 28 U.S.C. § 2241.*

A prisoner's claim that falls within the "core of habeas" must be brought as a habeas corpus petition, that is, under 28 U.S.C. § 2241. "The Supreme Court has held that Congress has channeled state prisoners' claims for relief—however styled—into habeas alone if the prisoners seek a remedy that is at the 'core of habeas.'" *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 662 (D.C. Cir. 2013) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)). Similarly, a federal prisoner must bring his claim as a habeas claim "if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'" *Id.* at 666 (quoting *Wilkinson*, 544 U.S. at 82). "This requirement is consonant with the 'explicit congressional intent' that prisoners whose claims fall within the 'core' of habeas corpus not be able to 'evade [its] requirement[s] by the simple expedient of putting a different label on their pleadings.'" *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 877 (11th Cir. 2017) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973)).

Shedding light on what kind of claims lie within the "core of habeas," the Supreme Court has twice held that challenges to the method, but not the fact, of execution need not be brought under habeas because successful resolution of the claims would not necessarily have barred the executions. *See Hill v. McDonough*, 547 U.S. 573, 583 (2006) (resolution of challenge to execution

procedure did not implicate core of habeas because it would not call into question the death sentence itself); *Nelson v. Campbell*, 541 U.S. 637, 643-47 (2004) (same).

This case, in contrast, directly challenges whether the United States can lawfully execute Purkey, and therefore lies within the core of habeas. Unlike the method-of-execution challenges in *Nelson* and *Hill*, Purkey's *Ford* claims would, if successful, "necessarily bar [his] execution." *Hill*, 547 U.S. at 583. The Court need look no further than Purkey's prayer for relief, which asks the Court to "[e]nter an injunction preventing his execution during any period of incompetency, and lasting until such time as his competency is restored." Compl. 57, ECF No. 1. He asks the Court to declare that "executing him in his present condition violates his rights as guaranteed by the Eighth Amendment to the United States Constitution," Compl. 57, ECF No. 1, but fails to acknowledge that "a core purpose of habeas corpus is to prevent a custodian from inflicting an unconstitutional sentence," *Webster v. Daniels*, 784 F.3d 1123, 1139 (7th Cir. 2015) (en banc). Unlike the prisoners in *Nelson* and *Hill*, Purkey does not challenge the means of his execution, but the Government's ability to execute him at all. Because habeas is the exclusive vehicle for his claim, he cannot show a likelihood of success under the APA.

  2.  *This Court lacks jurisdiction over a § 2241 habeas claim brought by Purkey.*

Purkey cannot show a likelihood of success on the merits because, had he properly sought relief under 28 U.S.C. § 2241, this Court would lack jurisdiction to entertain his petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447; *accord Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238-39 (D.C. Cir. 2004). As the Seventh Circuit has held, the Southern District of Indiana is the "one and only proper venue"

-10-

for the § 2241 claim of a federal prisoner held at the U.S. Penitentiary at Terre Haute alleging that he is "categorically and constitutionally ineligible for the death penalty" under *Atkins v. Virginia*, 536 U.S. 304 (2002). *Webster*, 784 F.3d at 1125, 1144. Purkey has sued the wrong parties in the wrong court.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld*, 542 U.S. at 434 (quoting 28 U.S.C. § 2242). "[T]hese provisions contemplate a proceeding against some person who has *immediate custody* of the person detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.* at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). "In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.*; *accord Day*, 860 F.3d at 689; *Stokes*, 374 F.3d at 1238 ("As an initial matter, it is clear that the only proper respondent to Stokes's habeas petition was his 'immediate custodian,'—that is, the warden of the Ohio facility in which he was incarcerated at the time he filed the petition.").

Purkey is confined at the United States Penitentiary in Terre Haute, Indiana. Compl. ¶ 6, ECF No. 1. T.J. Watson is the warden of Purkey's prison and the only proper defendant to claims sounding in § 2241. Though Purkey named Attorney General Barr and Bureau of Prisons Director Sawyer in this action, he failed to name Warden Watson. His omission is notable in light of his ongoing habeas litigation against Watson, currently on appeal before Seventh Circuit. *See Purkey v. United States*, No. 2:19-cv-00414, 2019 WL 6170069 (S.D. Ind. Nov. 20, 2019), *appeal filed*,

-11-

No. 19-3318 (7th Cir. Nov. 22, 2019). Because Purkey has failed to sue his immediate custodian—and in fact cannot sue Warden Watson here in the District of Columbia—he has failed to show that he is likely to succeed on the merits. *Rumsfeld*, 542 U.S. at 442.

Purkey has also failed to show a likelihood of success on the merits because this Court lacks jurisdiction over the only vehicle available for his *Ford* claims. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* (quoting 28 U.S.C. § 2241(a)); *accord Day*, 860 F.3d at 689; *Stokes*, 374 F.3d at 1239. The general rule is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443; *accord Stokes*, 374 F.3d at 1239 ("Therefore, a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").

Section 2241's requirement that the petitioner sue his immediate custodian in his district of confinement "serves the important purpose of preventing forum shopping by habeas petitioners. Without it, a prisoner could name a high-level supervisory official as respondent and then sue that person wherever he is amenable to long-arm jurisdiction." *Rumsfeld*, 542 U.S. at 447.

Just over three months ago, Purkey filed an eight-claim, 221-page § 2241 petition against the warden of his prison in the Southern District of Indiana. Though his execution date had been set at the time, and though he acknowledged that a *Ford* claim was ripe in an *ex parte* filing with that court, he did not bring a *Ford* claim in that case.

On November 20, the district court in Indiana dismissed his putative § 2241 petition with prejudice as an unauthorized second or successive motion under 28 U.S.C. § 2255. *Purkey*, No. 2:19-cv-00414, 2019 WL 6170069, at *12. On the same day, this Court granted a preliminary injunction in favor of Purkey and other prisoners in litigation challenging the Government's

execution protocol. *In re Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (Nov. 20, 2019).

Six days later, Purkey filed in this Court this putative APA lawsuit against the Attorney General and the Director of the Bureau of Prisons (but not his warden). The *Ford* claims he now makes, unlike his prior eight, sound in § 2241. *See Purkey*, No. 2:19-cv-00414, 2019 WL 6170069, at \*3. Moreover, the jurisdictional restrictions on habeas petitions exist to prevent "rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation 137 years ago." *Rumsfeld*, 542 U.S. at 447. Purkey's artful pleading does not change that he has invoked the wrong cause of action against the wrong party in the wrong court, and for this reason has failed to demonstrate a likelihood of success on the merits.

## II. Because Purkey cannot succeed on his claims, this Court need not consider the remaining factors in denying his motion for a preliminary injunction.

Because Purkey has failed to establish a likelihood of success on the merits, this Court need not proceed further to consider the remaining preliminary injunction factors. *See Winter*, 555 U.S. at 20. Before *Winter*, the D.C. Circuit had adopted a sliding scale approach, under which "a strong showing on one factor could make up for a weaker showing on another." *Sherley*, 644 F.3d at 392. Purkey urges this Court to continue to apply that approach. Mot. 11-12, ECF No. 7. But the D.C. Circuit has construed *Winter* "at least to suggest if not to hold that a likelihood of success is an independent, free-standing requirement for a preliminary injunction." *Sherley*, 644 F.3d at 392 (citation omitted). Indeed, "[e]ven a narrow reading of the Court's holding in *Winter* supports the view that sliding-scale analysis is obsolete." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 100 n.5 (D.D.C. 2014); *see also Nken v. Holder,* 556 U.S. 418, 438 (2009) (Kennedy, J., concurring)

("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other.").

Should the Court proceed further, though, the equities tip against the issuance of an injunction. In balancing the factors required by *Winter*, it would be an abuse of discretion for this Court to stay execution on the basis of claims this Court does not have jurisdiction to hear. The Supreme Court has repeatedly recognized that "a stay of execution is an equitable remedy" and not a matter of right. *Hill*, 547 U.S. at 584. The Supreme Court also has recognized that "the victims of crime have an important interest in the timely enforcement of a [death] sentence." *Id.* The impact "upon the families of victims and their communities" will "only be compounded by a stay of the execution." *Rhoades v. Reinke*, 830 F. Supp. 2d 1046, 1048–49 (D. Idaho), *aff'd*, 671 F.3d 856 (9th Cir. 2011). Once the "lengthy [post-conviction proceedings] have run their course," "finality acquires an added moral dimension," and "[o]nly with real finality can the victims of crime move forward." *Calderon*, 523 U.S. at 556. "To unsettle these expectations," the Supreme Court said, "is to inflict a profound injury to the 'powerful and legitimate interest in punishing the guilty,' an interest shared by the [government] and the victims of crime alike." *Id*. For all these reasons, the balance of equities tip against granting a stay of execution.

### III.    Purkey is not entitled to expedited discovery.

Purkey seeks expedited discovery on several topics that he alleges relate to his competency. Mot. 28, ECF No. 7. However, as shown above, Purkey is unlikely to succeed on the merits of his claims as a legal matter, and none of the topics on which he seeks discovery are relevant to these legal bars to Purkey's claims. Furthermore, Purkey has not explained why he is entitled to an order for brain imaging from this Court when he previously sought, and was denied, such an order by the district court in the Southern District of Indiana. Woodman Decl. 8, ECF No. 7-2. This Court should therefore deny Purkey's request for expedited discovery as well.

-14-

## CONCLUSION

For the foregoing reasons, this Court should deny Purkey's motion for a preliminary injunction.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

By    /s/ *J. Benton Hurst*

BRIAN P. CASEY
KATHLEEN D. MAHONEY
J. BENTON HURST (D.D.C. Bar #MO009)
DAVID WAGNER
Special Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri   64106
Telephone: (816) 426-3122
Fax: (816) 426-5186
E-mail:  Brian.Casey@usdoj.gov
         Kate.Mahoney@usdoj.gov
         John.Hurst@usdoj.gov
         David.Wagner@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system.

Charles Francis Benedict McAleer , Jr.
Miller & Chevalier, Chartered
900 Sixteenth Street, NW
Washington, DC   20006
Telephone: (202) 626-5963
Fax: (202) 628-0858
Email: Cmcaleer@milchev.com

Brian J. Fleming
Miller & Chevalier, Chartered
900 Sixteenth Street, NW
Washington, DC   20006
Telephone: 202-626-5871
Fax: 202-626-5801
Email: Bfleming@milchev.com

*Attorneys for Plaintiff*

/s/ *J. Benton Hurst*
J. Benton Hurst
Special Assistant United States Attorney

-16-