IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESLEY IRA PURKEY, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> WILLIAM P. BARR, *et al.*, ) <br><br> Defendants. ) | No. 1:19-cv-03570-TSC |

**PLAINTIFF WESLEY PURKEY'S BRIEF FILED PURSUANT TO
THIS COURT'S ORDER OF DECEMBER 31, 2019**

Wesley Purkey is a 68-year old man suffering from Alzheimer's disease and

schizophrenia, who has endured multiple, extensive traumatic brain injuries over several

decades.  Last year, the Government scheduled Mr. Purkey's execution for the end of the year.

Mr. Purkey filed suit in this Court in November 2019, challenging his competency to be

executed under the Constitution and requesting a hearing regarding the same.  Under well-

established precedent discussed below, this Court clearly has jurisdiction to consider these

claims.  Defendants did not point to any authority to the contrary in their December 11, 2019

filing.[1]

**I.      Background**

The history of Mr. Purkey's case, including his counsel's extensive attempts to obtain

from the U.S. Bureau of Prisons critical medical, psychiatric, and behavioral information

---

[1] *See* Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj., ECF No. 10 ("Def.'s Opp'n").

relevant to his current mental state, are set out in the Complaint and the Memorandum in Support of the Motion for a Preliminary Injunction.  Thus, only a brief overview is provided here.

On July 25, 2019, Attorney General Barr, in his capacity as head of the U.S. Department of Justice, directed the U.S. Bureau of Prisons to schedule Mr. Purkey's execution.  The execution warrant set his date of execution for December 13, 2019.  Mr. Purkey filed the Complaint in this case on November 26, 2019, raising two constitutional claims:  first, that carrying out the execution while he remains incompetent to understand the basis for the execution violates the Eighth Amendment's bar against cruel and unusual punishment; and second, that carrying out the execution without following the full and appropriate process required under *Ford v. Wainwright*, 477 U.S. 399 (1986) and its progeny, including a fair hearing regarding his incompetence to be executed, violates his due process rights under the Fifth and Eighth Amendments.  Mr. Purkey thus sought equitable relief directly under the Constitution and declaratory relief under 28 U.S.C. § 2201(1) and 28 U.S.C. § 2202.  The Complaint also notes that judicial review of agency action by the U.S. Department of Justice and the U.S. Bureau of Prisons is authorized by the Administrative Procedure Act ("APA").

Mr. Purkey's Complaint does not seek to alter his sentence but rather seeks to enjoin Defendants from carrying out his execution for such time as he remains incompetent to be executed; in other words, he sought to postpone (but not alter) the sentence he was originally given until he is restored to competency.  Granting him relief on his claims would not alter the conviction or sentence in any way.

Mr. Purkey's execution was stayed on November 20, 2019, pursuant to an order issued in related litigation pending before this Court ("the November 20 Order").  *See* Order, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, Case No. 19-mc-145 (TSC), (D.D.C. Nov. 20,

2019).  The Government immediately appealed that order to the D.C. Circuit and that appeal remains pending.  At the same time, the Government sought to stay the November 20 Order pending appeal.  Following the D.C. Circuit's denial of its request on December 2, 2019, the Government appealed to the Supreme Court.

Given the accelerated posture of that related litigation and the approach of the scheduled execution date, on December 4, 2019, Mr. Purkey filed his protective motion for a preliminary injunction in the instant matter.  The Supreme Court denied the Government's request for a stay of the November 20 Order on December 6, 2019.  And on December 11, 2019, the Defendants in this case filed their opposition to Mr. Purkey's protective motion.  In that filing, Defendants did not address (much less challenge) this Court's jurisdiction to hear such a claim, nor did they contest the merits of Mr. Purkey's prima facie claim of incompetence; rather, Defendants simply argued that Mr. Purkey should have raised his claims through a different procedural vehicle, a habeas petition, and in a different venue, the Southern District of Indiana.

Following the expiration of the warrant setting Mr. Purkey's execution date for December 13, 2019, and without opposition by Defendants, Mr. Purkey sought to withdraw his protective motion for a preliminary injunction via consent motion.  This Court granted that motion on December 31, 2019 but further ordered, sua sponte, "that Plaintiff shall respond to Defendants' arguments raised in its [11] Opposition that jurisdiction for this claim lies elsewhere.  The response shall be in writing of no more than 20 pages and shall be filed no later than January 14, 2020 at 5PM."  Pursuant to that order, Mr. Purkey files this brief to address the Court's jurisdiction to hear his claims.

3

II.     **Argument**

       **a.  This Court unquestionably has jurisdiction over Mr. Purkey's claims.**

It is indisputable law that suits against federal officers seeking injunctive relief for federal

constitutional violations—suits like this one—fall squarely within the ambit of 28 U.S.C. § 1331.

Section 1331 states that federal district courts "have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Nor are

there limitations on a federal court's jurisdiction to hear such claims.  For example, it is well

established that sovereign immunity does not bar federal courts from hearing claims for equitable

relief brought against government officials to address constitutional violations.  *See Pollack v.

Hogan*, 703 F.3d 117, 120 (D.C. Cir. 2012) (explaining that "'suits for specific relief against

officers of the sovereign' allegedly acting 'beyond statutory authority or unconstitutionally' are

not barred by sovereign immunity" (quoting *Larson v. Domestic & Foreign Commerce Corp.*,

337 U.S. 682, 689, 693 (1949))); *Dalton v. Specter*, 511 U.S. 462, 472 (1994) (noting "that

sovereign immunity would not shield an executive officer from suit if the officer acted either

'unconstitutionally or beyond his statutory powers'" (quoting *Larson*, 337 U.S. at 691 n.11));

*Dugan v. Rank*, 372 U.S. 609, 621–22 (1963) (explaining that an action may be brought against

an executive officer based on their actions "even though within the scope of their authority, the

powers themselves or the manner in which they are exercised are constitutionally void"); *Shields

v. Utah Idaho Cent. R.R. Co.*, 305 U.S. 177, 183 (1938) (noting that "[e]quity jurisdiction may be

invoked when it is essential to the protection of the rights asserted . . . ."); *Phila. Co. v. Stimson*,

223 U.S. 605, 620 (1912) (explaining that neither state nor federal officers can claim sovereign

immunity from injunctive relief "in case of an injury threatened by his illegal action").

4

Mr. Purkey has filed this lawsuit seeking declaratory and injunctive relief based on alleged violations of his constitutional rights as articulated by the Supreme Court in *Ford*. Nowhere in their December 11 filing did Defendants question Mr. Purkey's right to assert claims under *Ford* or this Court's jurisdiction over civil actions arising under the Constitution.  Indeed, although Defendants frame their December 11 Opposition as addressing this Court's jurisdiction to hear Mr. Purkey's claims, their filing focuses on whether Mr. Purkey has brought his *Ford* claims via the appropriate procedural vehicle and only cursorily questions whether this Court is the appropriate venue to hear it.  Given that these issues are distinct from the jurisdictional question raised by the Court, they are addressed more fully below in section b.

In short, Defendants' December 11 filing focused on whether Mr. Purkey can bring a *Ford* claim under the APA or whether he must file such a claim as a habeas petition.  This argument assumes that Mr. Purkey seeks to address the alleged constitutional violations via a cause of action under the APA rather than directly under the Fifth and Eighth Amendments of the Constitution.

The APA does provide a waiver of sovereign immunity for actions against the United States "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority."  5 U.S.C. § 702.  This clause does not provide for a separate cause of action, but rather allows a plaintiff to seek equitable relief against the Government.

As the D.C. Circuit has explained, "the 'APA's waiver of sovereign immunity applies to any suit *whether under the APA or not*.'  There is nothing in the language of the second sentence of section 702 of the APA that restricts its waiver to suits brought under the APA.  The sentence waives sovereign immunity for '[a]n action in a court of the United States seeking relief other

5

than money damages,' not for an action brought under the APA." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) (quoting *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996)) (emphasis added) (footnote omitted).  Thus, the APA's sovereign immunity waiver applies not only to causes of action brought pursuant to the APA, but to non-statutory and constitutional actions as well.  *See id.* at 187 (explaining that "our holding that the waiver is not limited to APA cases—and hence that it applies regardless of whether the elements of an APA cause of action are satisfied—removes the linchpin of the FTC's argument" that the waiver of sovereign immunity in § 702 is limited to review of final agency actions under § 704, and concluding that sovereign immunity was waived as to not only plaintiff's "APA cause of action, but his nonstatutory and First Amendment actions as well").

In the instant matter, Mr. Purkey filed his constitutional claims against two federal officials in a civil action seeking declaratory and injunctive relief.  In this context, the APA does not provide the cause of action and certainly not to the exclusion of Mr. Purkey's right to pursue constitutional claims.  Moreover, because Mr. Purkey has brought suit against federal officials, rather than against the United States itself, he need not rely on section 702's waiver of sovereign immunity for claims seeking nonmonetary relief.  And indeed, Defendants did not raise sovereign immunity as a defense in their December 11 filing.  Under these circumstances, and pursuant to the unambiguous authority cited above, the Court unquestionably has jurisdiction to hear Mr. Purkey's constitutional claims.  The rest of the issues raised by Defendants relate to whether he was required to bring his claims in a habeas petition and whether this Court is the appropriate venue for his claims.

**b.  Mr. Purkey's civil complaint is an appropriate vehicle for the relief he seeks.**

**i.  Habeas Corpus is not the exclusive remedy for a *Ford* claim.**

The case law is clear that a *Ford* claim may be brought pursuant to a habeas petition.  *See Panetti v. Quarterman*, 551 U.S. 930 (2007) (considering a petition for habeas corpus filed by a prisoner challenging his competency to be executed); *Ford v. Wainwright*, 477 U.S. 399 (1986) (same).  But at the same time, nothing in the case law mandates that the only avenue for relief of a *Ford* claim lies in habeas.  Nonetheless, Defendants argue that "Purkey's *Ford* claims are core habeas claims that must be brought in the Southern District of Indiana."  Def.'s Opp'n at 9–13.

Notably, although the Defendants repeatedly characterize Mr. Purkey's claim as a "core" habeas claim, they do so in disregard of the black-letter test for separating "core" habeas claims from other criminal-justice related claims that need not be exclusively brought as habeas cases.  This well-established test is simply stated:  "[c]laims that 'will not *necessarily* imply the invalidity of confinement or shorten its duration' are not at the 'core' of habeas and therefore may be pursued through other causes of action."  *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 665 (D.C. Cir. 2013) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  Put another way, "a federal prisoner need bring his claim in habeas only if success on the merits will 'necessarily imply the invalidity of confinement or shorten its duration.'"  *Id.* at 666 (quoting *Wilkinson*, 544 U.S. at 82).  Mr. Purkey is not challenging his conviction or seeking to invalidate or rescind his sentence.  He is not seeking to reduce the duration of his confinement.  Mr. Purkey is only seeking relief that would prevent Defendants from executing him during any period of incompetency.  Any injunction issued following adjudication of his claims would only last until Mr. Purkey's competency is restored, meaning that Mr. Purkey's claim falls squarely outside the realm of "core" habeas claims.

Further, as Defendants acknowledge, prisoners may bring civil claims to enjoin executions outside of the habeas context. Specifically, challenges to the method of execution may be brought as civil rights claims. In *Hill v. McDonough*, 547 U.S. 573 (2006), the Supreme Court held that a plaintiff who challenged the drug combination the state was going to use in his execution properly brought a civil rights action under 42 U.S.C. § 1983. Analogizing to *Nelson v. Campbell*, 541 U.S. 637 (2004), where a plaintiff brought a 1983 action to challenge "a surgical procedure preliminary to the lethal injection," the Court explained that "as in *Nelson*, Hill's action if successful would not necessarily prevent the State from executing him by lethal injection. The complaint does not challenge the lethal injection sentence as a general matter but seeks instead only to enjoin respondents 'from executing [Hill] in the manner they currently intend.'" *Hill*, 547 U.S. at 580–81. The Court reasoned that "[i]f the relief sought would foreclose execution, recharacterizing a complaint as an action for habeas corpus might be proper." *Id.* at 582. As in *Hill*, the relief sought by Mr. Purkey does not foreclose the state's future ability to execute him. If he should become competent, the sentence remains in effect.

Nonetheless, Defendants contend that Mr. Purkey is challenging "the Government's ability to execute him at all." Def.'s Opp'n at 10. They point to case law holding that "a core purpose of habeas corpus is to prevent a custodian from inflicting an unconstitutional sentence." *Webster v. Daniels*, 784 F.3d 1123, 1139 (7th Cir. 2015) (en banc). But Defendants overstate the relief Mr. Purkey seeks. In comparison to *Webster*, which concerned a petition filed under 28 U.S.C. § 2241 seeking to present new evidence that an intellectually disabled prisoner was "categorically and constitutionally ineligible for the death penalty," the instant Complaint does not seek to unconditionally challenge Mr. Purkey's competency to be executed. Rather, the Complaint seeks relief that would prevent the Government from carrying out an unconstitutional

sentence only so long as Mr. Purkey remains incompetent.  And "[l]egal competency is not static."  *Whitmore v. Arkansas*, 495 U.S. 149, 177 n.5 (1990) (Marshall, J., dissenting); *United States v. Dahl*, 807 F.3d 900, 904 (8th Cir. 2015); *Diop v. Lynch*, 807 F.3d 70, 76 (4th Cir. 2015); *United States v. Grape*, 549 F.3d 591, 597 (3d Cir. 2008).  "It varies in degree.  It can vary over time.  It interferes with an individual's functioning at different times in different ways."  *Indiana v. Edwards*, 554 U.S. 164, 175 (2008).  The sentence, and his confinement, would otherwise remain viable.

Mr. Purkey has correctly characterized his case as a civil rights action, and this Court clearly has jurisdiction to hear it.  Defendants may not invalidate Mr. Purkey's right to assert, or this Court's jurisdiction to hear, his *Ford* claim by implicitly arguing that the nature and potential duration of Mr. Purkey's present incompetence somehow converts his claim into a request for invalidation of his sentence *ab initio*.

### ii.  Defendants' arguments regarding the Administrative Procedure Act are misplaced.

As discussed above, the APA both provides for a waiver of sovereign immunity and separately allows for a cause of action.  Defendants frame Mr. Purkey's claims as having been brought under the APA and then argue that because Mr. Purkey's claims could be raised in a habeas petition, they cannot be reviewed pursuant to the APA.  But the claims articulated in the Complaint are brought pursuant to the Fifth and Eighth Amendments of the Constitution.  Indeed, Defendants have pointed to no case law holding that a prisoner bringing a *Ford* claim under the Constitution is barred under the APA from filing a civil claim.

Defendants contend that "[t]his Court has repeatedly held that a prisoner cannot bring an APA claim when the relief sought is available through habeas or post-conviction proceedings."  Def.'s Opp'n at 7.  But none of the cases from this jurisdiction cited by Defendants involve a

9

prisoner challenging his competency under *Ford*.  Rather, they involve challenges to restitution payments and detainers.  The Court construed these complaints as attacking either the defendant's confinement or underlying convictions.  *See United States v. Forrest*, 316 F. Supp. 3d 111, 116–18 (D.D.C. 2018) (declining to resolve the question of whether the defendant's request for removal of detainer could only be raised in habeas and construing the complaint as a habeas action that challenged both the defendant's present and future confinement); *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012) (noting that "the habeas corpus statute, 28 U.S.C. § 2255, provides the appropriate remedy because it permits collateral attacks of federal convictions" and construing the claims as "thinly veiled and improper attempts to collaterally attack his conviction"); *Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303, 305–06 (D.D.C. 2009) (construing a challenge to the Bureau of Prisons' authority to regulate restitution payment schedules as challenging the conditions of confinement and concluding such a claim is properly brought under habeas corpus).  Likewise, as demonstrated in the parenthetical descriptions below, the unpublished cases Defendants cite from outside this jurisdiction are inapposite.[2]  By

---

[2] *See, e.g., Davis v. Dep't of Housing and Urban Dev.*, No. 4:17-CV-987 RLW, 2017 WL 4329715, at *3 (E.D. Mo. Sept. 27, 2017) (considering a challenge to a guilty plea to be a collateral attack on a conviction); *United States v. Lester*, No. 06-20151-JWL, 2014 WL 644937, at *1 (D. Kan. Feb. 19, 2014) (considering a suit to overturn and void a conviction and seeking discovery in the context of the same); *Myrland v. United States*, Civil No. 12-cv-2909 (PJS/TNL), 2013 WL 4501047, at *2 (D. Minn. Aug. 22, 2013) (where a prisoner filed a "[c]ivil action for writ of habeas corpus and other relief," rejecting plaintiff's argument that the United States was a proper party to the suit under the APA because his claim could be brought under § 2241); *Finley v. Hersh*, No. 1:12-CV-162-JGM, 2013 WL 3450270, at *7 (D. Vt. July 9, 2013) (where a plaintiff alleged he was denied a fair trial because of the actions of three government agents, the court concluded that even if the actions "constituted a final agency decision, the habeas corpus statute provided Finely with an adequate remedy"); *Floyd v. Wiley*, Civil Action No. 09-cv-01745-BNB, 2009 WL 2473625, at *1–2 (D. Col. Aug. 12, 2009) (considering a petition for a writ of habeas corpus filed to challenge the program requiring him to pay court-ordered restitution and concluding that to the extent any claim was sought under the APA, that claim should be dismissed because "the instant habeas corpus action provides an adequate

10

contrast to those cases, Mr. Purkey does not challenge his confinement or conviction but rather seeks an injunction for so long as he remains incompetent to be executed.

Further, Defendants note that under *Aracely v. Nielsen*, this Court allowed asylum seekers to pursue relief under the APA where they challenged a "de facto policy" and the relief sought "would not necessarily imply that their confinement is invalid or otherwise should be shorter, because their parole could still be denied for other legitimate reasons." 319 F. Supp. 3d 110, 126 (D.D.C. 2018). The Court explained that "Plaintiffs have not brought their claims by way of a habeas petition, nor are they required to do so." *Id.* Even where "many of the relevant cases challenging the government's treatment of asylum seekers lie in habeas, those cases do not stand for the proposition that they could *only* have been brought as habeas petitions." *Id.* at 126–27. Likewise, although prisoners have pursued *Ford* relief via habeas, those cases do not suggest, let alone mandate, the exclusivity of habeas as the vehicle for relief. Crucially, Defendants have pointed to no cases foreclosing a prisoner in Mr. Purkey's position from seeking *Ford* relief through a civil complaint rather than through a habeas petition, just as courts allow challenges to the method of execution to be pursued outside of habeas.

### c. Venue is proper in the District of Columbia.

Defendants state that Mr. "Purkey has sued the wrong parties in the wrong court" and contend that "the Southern District of Indiana is the 'one and only proper venue' for the § 2241 claim of a federal prisoner held at the U.S. Penitentiary at Terre Haute." Def.'s Opp'n at 10–11. But outside of arguing that Mr. Purkey's claim lies exclusively in habeas and that venue would be proper in Indiana, Defendants make no arguments challenging the propriety of venue in this

---

forum"); *Coleman v. United States*, Civil Action No. 07-0594, 2007 WL 2350256, at *1, *5 (W.D. La. June 14, 2007) (considering a prisoner's challenge to the term of his sentence).

Court.  Indeed, Defendants have not moved to transfer venue, answered the Complaint, or filed any other responsive pleading.  Defendants should be required to respond to the Complaint before Mr. Purkey must respond to any potential arguments Defendants might make regarding venue.[3]  In fact, when this Court ordered Plaintiff to file the instant brief, the undersigned were already in discussions with Defendants' counsel regarding setting a briefing schedule for their responsive pleading.  Plaintiff remains willing to meet and confer on a briefing schedule to address venue and any other issues more appropriately considered in the context of a responsive pleading.

In brief, however, venue is proper in the District of Columbia pursuant to 28 U.SC. § 1391(e).  Defendants oversee agencies headquartered in this district and have been sued in their official capacity with respect to the decisions they have made, and the actions they were scheduled to take, regarding Mr. Purkey.  Further, Defendant Barr issued the warrant setting Mr. Purkey's execution date and Defendant Sawyer oversees the Bureau of Prisons, the agency with custody of Mr. Purkey.  Venue is thus proper in the District of Columbia.  *See* 28 U.SC. § 1391(e) ("A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.").  Moreover, several key witnesses in this case, including Dr. Jonathan DeRight and

---

[3] Once Defendants file a responsive pleading, pursuant to regular court procedures, Mr. Purkey will fully respond to whatever arguments they make including, if necessary and appropriate, amending the Complaint to address any alleged insufficiencies.  *See* Fed. R. Civ. P. 15(a)(1).

mitigation specialists John Fox and Dr. Elizabeth Vartkessian, reside in close proximity to the District of Columbia.

In addition, as this Court is aware, Mr. Purkey is a plaintiff in a related pending matter against Defendant Barr, challenging the Government's execution protocol.  The instant matter resembles the protocol litigation in that Mr. Purkey seeks to address the Government's process in executing his death sentence.  Specifically, the second claim in the instant Complaint challenges the Government's ability to execute Mr. Purkey without allowing him the process he is owed under *Ford*, including a hearing.  This focus on agency procedure is more akin to the protocol litigation than to an attack on Mr. Purkey's conditions of confinement or sentence.  And where Defendants oversee U.S. government agencies headquartered in this District and a plaintiff challenges the process those agencies are required to provide, venue is appropriate in this District.

## CONCLUSION

For the foregoing reasons, the Court should find that it has jurisdiction to consider Mr. Purkey's claims.  Counsel for Mr. Purkey is prepared to meet and confer with counsel for Defendants on a briefing schedule for any responsive pleadings, particularly if the Court seeks to expedite review of the instant matter.

DATED:  January 14, 2020

Respectfully Submitted,

/s/Charles F.B. McAleer, Jr.
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone:  (202) 626-5963
Email:  CMcAleer@milchev.com

/s/Brian Fleming

13

Brian Fleming (DC Bar #974889)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone:  (202) 626-5871
Email:  bfleming@milchev.com

/s/Rebecca E. Woodman
Rebecca E. Woodman (*pro hac vice*)
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone:  (785) 979-3672
Email:  rewlaw@outlook.com

*/s/Michelle M. Law*
Michelle M. Law, MO Bar No. 45487
(appointment motion to be filed)
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone:  (417) 873-9022
Facsimile:  (417) 873-9038
Email:  michelle_law@fd.org

**Counsel for Plaintiff**

14

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2020, I electronically filed Plaintiff Wesley Purkey's Brief Filed Pursuant to this Court's Order of December 31, 2019 with the Clerk of the Court via CM/ECF to be served on the parties authorized to be noticed.

/s/Charles F.B. McAleer, Jr.