# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESLEY I. PURKEY,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )    Civil No. 19-03570 (TSC)
                                           )
WILLIAM P. BARR, et al,                    )
                                           )
            Defendants.                    )

DEFENDANTS' RESPONSE TO PURKEY'S BRIEF
FILED PURSUANT TO THIS COURT'S ORDER OF DECEMBER 31, 2019

Defendants respectfully submit this brief to address certain issues and arguments raised in

Plaintiff Wesley Purkey's Brief Filed Pursuant to this Court's Order of December 31, 2019, ECF

No. 14 ("Purkey Brf").

INTRODUCTION

On December 11, 2019, Defendants opposed Purkey's motion for a preliminary injunction.

ECF No. 10. Defendants explained that Purkey is unlikely to succeed on the merits of his claims

because (1) he cannot bring his claims under the Administrative Procedure Act (APA) when the

relief he seeks is available through habeas proceedings, and (2) because he challenges the

execution of his sentence, his claims are core habeas claims that he must bring under 28 U.S.C.

§ 2241 in the Southern District of Indiana.

On December 31, 2019, this Court granted Purkey's unopposed motion to withdraw his

preliminary injunction motion but ordered him to respond to Defendants' arguments that

jurisdiction for his claims lies elsewhere. On January 14, 2020, Purkey responded.

Purkey makes two errors in his response. First, he incorrectly asserts that he may obtain

equitable relief directly under the Constitution. Because he (admittedly) may pursue habeas relief

under § 28 U.S.C § 2241, he must comply with that section's requirements—including the requirement that habeas petitions be brought in the district of confinement. Second, he draws a false distinction between his temporary challenge to the execution of his sentence and all other claims challenging the execution of a sentence. Because no such distinction exists, his claim falls within the core of habeas.

### DISCUSSION

First, Purkey may not circumvent the requirements of the habeas statute by asserting claims for equitable relief directly under the Constitution. Purkey's brief clarifies that he is not asserting claims under the APA. Purkey Brf. 2, 5, 6. Instead, Purkey asserts that he is seeking "equitable relief directly under the Constitution and declaratory relief under 28 U.S.C. § 2201(1) and 28 U.S.C. § 2202." Purkey Brf. 2. He acknowledges, however, that he could have brought his *Ford* claim through a habeas petition. Purkey Brf. 7. He also does not dispute that a habeas petition must be brought in the Southern District of Indiana and name his warden as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Given the conceded availability of habeas relief, Purkey must bring his *Ford* claim in the Southern District of Indiana through a habeas petition and may not imply an equitable cause of action from the Constitution. *See Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327-328 (2015) (observing that "[t]he power of federal courts of equity to enjoin unlawful executive action is subject to express and implied statutory limitations"). This restriction is not an issue of sovereign immunity, as Purkey seems to believe, but simply a straightforward application of the Supreme Court's admonition that "[w]here Congress has created a remedial scheme for the enforcement of a particular federal right, we have, in suits against federal officers, refused to supplement that scheme with one created by the judiciary," *Seminole Tribe of Florida v. Florida*,

517 U.S. 44, 74 (1996), such as "[t]he ability to sue to enjoin unconstitutional actions by state and federal officers," *Armstrong*, 575 U.S. at 327. Indeed, the Supreme Court recently has emphasized that judicially inferring a cause of action is a "significant step under separation-of-powers principles" because it intrudes upon "Congress, [which] has a substantial responsibility to determine" whether suit should lie against government officers and employees. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017). It is not surprising, then, that Purkey cites no case permitting a Constitutional claim in equity when there is an available statutory remedy.

It is of no moment that, as Purkey points out, "Defendants have pointed to no cases foreclosing a prisoner in Mr. Purkey's position from seeking *Ford* relief through a civil complaint rather than through a habeas petition." Purkey Brf. 11. To the government's knowledge, Purkey is the first federal prisoner facing the death penalty to attempt to assert a *Ford* claim outside of habeas. The three federal prisoners executed since *Ford* was decided did not raise a *Ford* claim, and, in any event, the suggestion that Purkey's *Ford* claim falls outside of statutory habeas makes no sense when Congress clearly intends all such challenges be channeled through the habeas statutes. *See, e.g.*, 28 U.S.C. § 2241(c)(3) (a court may grant writ of habeas corpus when the inmate's custody is "in violation of the Constitution"). Were an implied equitable cause of action under the Constitution readily available, federal courts would see a proliferation of prisoner litigation in addition to the existing § 2241 petitions and § 2255 motions federal prisoners can already pursue. Congress could not have intended such a result.

Purkey's argument about sovereign immunity, Purkey Brf. 4, is a red herring. It is the availability of a statutory procedure for obtaining relief, not the lack of waiver of sovereign immunity, that bars Purkey from asserting his *Ford* claim in this Court through equity. Indeed, the

parties are in agreement that the APA waives the government's sovereign immunity for suits seeking equitable relief. Purkey Brf. 5-6.

Second, this Court should reject the false distinction that Purkey draws between his claim that he cannot be executed *now* and a hypothetical claim that he cannot be executed *ever*. Purkey's claims lie within the core of habeas because, if successful, this Court will enjoin the Defendants indefinitely—and perhaps forever—from executing his sentence. The correct temporal reference is the immediate impact of a successful claim, not the potential that Defendants might later successfully demonstrate Purkey's return to competence.

The Supreme Court instructs by necessary implication that, in contrast to challenges to the method of execution, challenges to the fact of execution must be brought in habeas. *See Hill v. McDonough*, 547 U.S. 573, 580-81 (2006) (concluding that Hill's action could proceed under § 1983 because the action "if successful would not necessarily prevent the State from executing him by lethal injection"); *Nelson v. Campbell*, 541 U.S. 637, 644 (2004). The "criterion" is "whether a grant of relief to the inmate would necessarily bar the execution." *Hill*, 547 U.S. at 583. In this case, the answer is yes.

Purkey contends that his *Ford* claim falls outside the core of habeas because he is "not seeking to reduce the duration of his confinement." Purkey's Brf. 7 (citing *Davis v. U.S. Sentencing Commission*, 716 F.3d 660, 665 (D.C. Cir. 2013)). But *Davis* involved prisoners sentenced to terms of imprisonment. When a prisoner is seeking to enjoin his death sentence, as Purkey is, there is no point to asking whether his claim "will necessarily imply the invalidity of confinement or shorten its duration." *Davis*, 716 F.3d at 666 (quotation omitted). As the Supreme Court has observed, "it makes little sense to talk of the 'duration' of a death sentence." *Nelson*, 541 U.S. at 644. The fact

that Purkey's *Ford* claim does not square with the *Davis* test, which was designed for prison terms

and not death sentences, by no means suggests that his claim lies outside of habeas.

That a present declaration of incompetence would leave open the possibility Purkey could

be later declared competent and executed in the future does not change the fact that if his *Ford*

claims is successful, his execution would be barred now. That is, Purkey's challenge lies within

the core of habeas and can only be heard in the Southern District of Indiana.

## CONCLUSION

For these reasons, Purkey must bring his claims through habeas, and jurisdiction for those

claims lies in the Southern District of Indiana.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

By    /s/ *J. Benton Hurst*

BRIAN P. CASEY
KATHLEEN D. MAHONEY
J. BENTON HURST (D.D.C. Bar #MO009)
DAVID WAGNER
Special Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri    64106
Telephone: (816) 426-3122
Fax: (816) 426-5186
E-mail:   Brian.Casey@usdoj.gov
             Kate.Mahoney@usdoj.gov
             John.Hurst@usdoj.gov
             David.Wagner@usdoj.gov

*Attorneys for Defendants*