IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WESLEY IRA PURKEY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM P. BARR, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:19-cv-03570-TSC |

**PLAINTIFF WESLEY PURKEY'S REPLY TO DEFENDANTS'
RESPONSE TO MR. PURKEY'S BRIEF FILED PURSUANT TO
THIS COURT'S ORDER OF DECEMBER 31, 2019**

Pursuant to the Court's Order granting the parties' Joint Consent Motion for Leave to File Additional Briefing, Mr. Purkey respectfully submits this Reply to Defendants' Response to Mr. Purkey's Brief Filed Pursuant to this Court's December 31, 2019 Order ("Government's Response") (ECF No. 16).

Mr. Purkey's opening brief demonstrated that this Court has jurisdiction to hear a lawsuit seeking declaratory and injunctive relief for alleged constitutional violations as articulated by the Supreme Court in *Ford*. *See* Pl. Wesley Purkey's Br. Filed Pursuant to This Court's Order of Dec. 31, 2019 ("Plaintiff's Initial Brief"), ECF No. 14. Defendants' arguments in response boil down to (i) simply labeling, without analysis, Plaintiff's claims as "core" habeas claims that may only be brought in a habeas action filed in another venue, and (ii) asserting that the alleged infrequency of prior filings of constitutional claims pursuant to *Ford* undermines the claims' legitimacy and this Court's jurisdiction. Defendants' positions lack substantive support and fail to preclude this Court's jurisdiction, which is clear.

I.       **Mr. Purkey's constitutional claims are not at the "core" of habeas, and thus habeas is not an exclusive remedy.**

Defendants argue that because Mr. Purkey could have brought his constitutional *Ford* claims pursuant to habeas, he is therefore barred from seeking equitable relief directly under the Constitution. Gov.'s Resp. 2–3. This is untrue and unsupported. Defendants continue to ignore, let alone apply, the test for distinguishing between "core" habeas claims and other claims that may be pursued by means other than habeas. *See* Pl.'s Initial Br. 7–9.

As established in Plaintiff's Initial Brief, and unrebutted by Defendants in their Response, "core" habeas claims have been defined by the Supreme Court to include only those where granting relief would result in vacatur of the conviction or alteration of the sentence. Mr. Purkey's *Ford* claims do not meet this test, as they challenge only the constitutionality of executing him during his current period of incompetency and without sufficient due process. *See id.* If competency is restored, a judgment in his favor here would not prevent carrying out his sentence. Rather than grapple with this test, Defendants ask the Court to ignore it because Mr. Purkey's *Ford* challenge is supposedly *really* a challenge to his sentence (and thus "core" habeas) because he could remain incompetent indefinitely. But Defendants cite no authority that would allow this Court to ignore the established test for "core" habeas; the case law clearly requires an examination of the *relief* sought and does not permit a court to hypothesize about whether a sentence could eventually be carried out if relief were to be granted. *See Ford v. Wainwright*, 477 U.S. 399, 425 (1986) (Powell, J., concurring) ("[T]he only question raised is not *whether*, but *when*, his execution may take place. This question is important, but it is not comparable to the antecedent question whether petitioner should be executed at all."); *Van Tran v. State*, 6 S.W.3d 257, 264 (Tenn. 1999), *abrogated by State v. Irick,* 320 S.W.3d 284 (Tenn. 2010) ("[A] prisoner's allegation that present mental incompetence bars execution does not

2

render the conviction or sentence void."); *Ex parte Jordan*, 758 S.W.2d 250, 254 (Tex. Crim. App. 1988) ("An insanity finding just prior to execution has no impact on the validity of the underlying conviction and sentence. *Ford* only requires a stay of execution pending regained competency and the utilization of constitutionally valid and accurate fact-finding procedures."); *see also* Pl.'s Initial Br. 7–9. But in any event, the Defendants are wrong even under their own "practical effect" analysis since the nature of competency is that it is inherently transitory and can be restored. *See, e.g.*, *Davis v. Kelley*, 854 F.3d 967, 971 (8th Cir. 2017) (remarking that "competency can be lost or regained over time" in the context of *Ford* and its progeny); *Singleton v. Norris*, 319 F.3d 1018 (8th Cir. 2003) (State arguing that prisoner should be executed because he has regained competency through medical intervention); *Commonwealth v. Sam*, 952 A.2d 565 (Pa. 2008) (allowing involuntary medical intervention to restore an inmate to competency); *State v. Abdul Hamin Awkal*, No. CR-276801, 2012 WL 2277933, at ¶ 36 (Ohio Com. Pl. June 15, 2012) ("Abdul Awkal may not be executed unless and until he has been restored to competency."); *Billiot v. Epps*, No. 1:86CV659TSL, 2010 WL 1490298, at *2 (S.D. Miss. Apr. 13, 2010) (entering an indefinite stay of execution until plaintiff "has regained his competence.").[1]

---

[1]    Nearly all death penalty jurisdictions that have implemented procedures that govern *Ford* claims include provisions for restoring competency. Ala. Code § 15-16-23 (1995); Ariz. Rev. Stat. Ann. § 13-4022 (2001); Ark. Code Ann. § 16-90-506 (2006); Cal. Penal Code § 3704.5 (2000); Colo. Rev. Stat. Ann. § 18-1.3-1402-06 (2004); Fla. Stat. Ann. § 922.07 (2001); Ga. Code Ann. § 17-10-71 (2003); Kan. Stat. Ann. § 22-4006 (2007); Ky. Rev. Stat. Ann. § 431.240 (1999); La. Rev. Stat. Ann. § 15:567.1 (2005); Miss. Code Ann. § 99-19-57 (2006); Mo. Ann. Stat. § 552.060 (2002); Neb. Rev. Stat. Ann. § 29-2537 (1995); Nev. Rev. Stat. Ann. § 176.455 (2006); Ohio Rev. Code Ann. § 2949.29 (2006); Okla. Stat. Ann. tit. 22, § 1008 (2003); Or. Rev. Stat. Ann. § 137.463 (2005); S.D. Codified Laws § 23A-27A-24 (2006); Tex. Code Crim. Proc. Ann. art. 46.05 (2007); Utah Code Ann. § 77-19-205 (2007); Wyo. Stat. Ann. § 7-13-903 (2007).

As a result, Mr. Purkey's Complaint is accordingly not a "core" habeas claim as that term has been specifically defined by the Supreme Court.  This Court has jurisdiction to hear it.

**II.      Mr. Purkey May Bring an Equitable Claim for Relief Directly Under the Constitution for Violations Thereof.**

The Government also argues, without support, that Mr. Purkey may not seek equitable relief directly under the Constitution.  Gov.'s Resp. 1–3.  That argument is wrong.  As established in Plaintiff's Initial Brief (*see* Pl.'s Initial Br. 4–6), it is well settled that Mr. Purkey, and others similarly situated, may seek equitable relief for constitutional violations outside of habeas.  In fact, *Ford* claims have been brought under the civil rights laws by state prisoners facing execution.  *Ward v. Hutchinson*, 558 S.W. 3d 856 (Ark. 2018), *reh'g denied* (Dec. 20, 2018) (prisoner raised a *Ford* challenge for injunctive and declaratory relief outside of habeas under 42 U.S.C § 1983 and Ark. Code. Ann. §§ 16-123-101 and 16-123-105); *Stanley v. Davis*, No. C-07-4727 EMC, 2015 WL 435077, at *5 (N.D. Cal. Feb. 2, 2015) (noting that § 1983 may be a proper vehicle for prisoner's *Ford* claim seeking declaratory relief because "it is difficult to discern a meaningful difference between a *Ford* challenge and a methods challenge"); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–32 (10th Cir. 2005) ("Another possibility is a claim for an injunction, based on the federal courts' equity jurisdiction, to enforce the dictates of the Eighth Amendment.  Federal courts have long exercised the traditional powers of equity, in cases within their jurisdiction, to prevent violations of constitutional rights.").

Defendants attempt to undermine the legitimacy of this Court's jurisdiction by casting Mr. Purkey's claims as novel and complaining that "Purkey is the first federal prisoner facing the death penalty to attempt to assert a *Ford* claim outside of habeas."  Gov.'s Resp. 3.  But the infrequency of prior examples is reflective of the fact that only three federal prisoners have been

executed since *Ford* and none have raised *Ford* claims.[2]  Indeed, no federal prisoner has brought a *Ford* claim using *any* procedural vehicle, including collateral remedies, since *Ford* was decided in 1986.  Defendants' contention that allowing these types of stand-alone *Ford* claims would create a race to the courthouse is nothing more than a strawman.

Indeed, Mr. Purkey's *Ford* claims underscore why a constitutional remedy outside of habeas is critical and proper in this Court.  In a more common state death penalty case, the decisionmakers necessary for resolving a *Ford* incompetency claim and providing related process—the state Attorney General and state Bureau of Prison officials—are in the same state as the prisoner and where habeas relief would be sought.  Under those circumstances, the proper defendants would all be before the court whether the case is brought in habeas or as a civil rights claim (and still, as noted above, such claims have been brought as civil rights actions).  This is not Mr. Purkey's situation.  The decisionmakers responsible for providing Mr. Purkey due process to prosecute his *Ford* claims and responding to his claims are all in Washington D.C., not Indiana, which is why it is critical for this case to move forward as properly pled.

### CONCLUSION

Mr. Purkey's claims are appropriate for consideration on the merits in this jurisdiction.  Mr. Purkey remains ready to meet and confer with Defendants regarding an appropriate filing and briefing schedule regarding Defendants' initial response to the Complaint.

---

[2]     Timothy McVeigh (2001), Juan Garza (2001), and Louis Jones (2003).  *See* Gov.'s Resp. 3; *Executions Under the Federal Death Penalty*, Death Penalty Info. Ctr. (DPIC), https://deathpenaltyinfo.org/state-and-federal-info/federal-death-penalty/executions-under-the-federal-death-penalty (last visited Jan. 28, 2020).

DATED:  January 28, 2020

Respectfully Submitted,

/s/Charles F.B. McAleer, Jr.
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone:  (202) 626-5963
Email:  CMcAleer@milchev.com

/s/Brian Fleming
Brian Fleming (DC Bar #974889)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone:  (202) 626-5871
Email:  bfleming@milchev.com

/s/Rebecca E. Woodman
Rebecca E. Woodman (*pro hac vice*)
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone:  (785) 979-3672
Email:  rewlaw@outlook.com

*/s/Michelle M. Law*
Michelle M. Law, MO Bar No. 45487
(appointment motion to be filed)
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone:  (417) 873-9022
Facsimile:  (417) 873-9038
Email:  michelle_law@fd.org

**Counsel for Plaintiff**

6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2020, I electronically filed Plaintiff Wesley Purkey's Reply to Defendants' Response to Mr. Purkey's Brief Filed Pursuant to this Court's December 31, 2019 Order with the Clerk of the Court via CM/ECF to be served on the parties authorized to be noticed.

<u>/s/Charles F.B. McAleer, Jr.</u>