**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| WESLEY IRA PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03570-TSC |
| | ) | |
| WILLIAM P. BARR, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO
STRIKE DECLARATION OF T.J. WATSON (ECF No. 27-2)**

**INTRODUCTION**

In opposing Plaintiff's Motion for Expedited Discovery (ECF No. 24), Defendants

submit the Declaration of T.J. Watson, the Complex Warden of the Federal Correctional

Complex in Terre Haute, Indiana. *See* Declaration of T.J. Watson (June 29, 2020) (ECF No. 27-

2) (the "Watson Declaration"). The Watson Declaration is flawed in several respects and is

inadmissible under the Federal Rules of Evidence. The Watson Declaration should be stricken,

as Plaintiff Wesley Ira Purkey ("Plaintiff") requests in the accompanying Motion.

**ARGUMENT**

Under the Federal Rules of Evidence, a lay witness offering non-opinion testimony to the

Court, whether in person or by declaration, must be competent to render the testimony and must

have personal knowledge of the facts to which the witness is testifying. Fed. R. Evid. 601, 602.

A lay witness may not offer opinion testimony if, among other things, the proffered opinions

would require "scientific, technical, or other specialized knowledge within the scope of [Fed. R. Evid.] 702." Fed. R. Evid. 701(c).

A witness who "qualifie[s] as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony so long as certain requirements are satisfied, including that "the expert has reliably applied [reliable] principles and methods to the facts of the case." Fed. R. Evid. 702. Additionally, there must be a proper basis for the opinion testimony (Fed. R. Evid. 703), which typically must be disclosed to the opposing party. *See* Fed. R. Evid. 705; Fed. R. Civ. P. 26(a)(2); Fed. R. Civ. P. 26(b)(4). The admission and consideration of any proffered opinions from a purported expert witness is subject to the Court's gatekeeper scrutiny under the principles articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

A "hearsay" statement, as defined in Fed. R. Evid. 801(c), is inadmissible unless there is an exception under a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court." Fed. R. Evid. 802. Exceptions to the prohibition of hearsay statements are set forth in Fed. R. Evid. 803 and 804.

As demonstrated below, the Watson Declaration fails to comply with the foregoing rules in several respects and, thus, is inadmissible in this case for any purpose. It should be struck from the record in this case.

Mr. Watson states that he is "the Complex Warden at the Federal Correctional Complex located in Terre Haute, Indiana." Watson Decl. ¶ 1, ECF No. 27-2. Mr. Watson does not indicate that he holds any medical degrees, certification, or expertise.

He declares that the statements in his declaration "are made on the basis of [his] review of the official files and records of the BOP [Federal Bureau of Prisons], [his] own personal

knowledge, **or** on the basis of information acquired by me through the performance of my official duties." *Id.* ¶ 2 (emphasis added). That disjunctive assertion regarding the evidentiary basis for the declaration fails to comply with Fed. R. Evid. 602, particularly since it does not indicate the specific basis for any particular statement in the declaration. Moreover, Mr. Watson fails to identify the particular "official files and records of the BOP" that he allegedly reviewed, including whether the "official files and records" he reviewed are ones that have been repeatedly requested from the BOP by Plaintiff and have been wrongly withheld from Plaintiff by the BOP. On these bases alone, the Watson Declaration lacks the credibility, reliability, and basis required by Fed. R. Evid. 601 and 602 and should be stricken.

Mr. Watson further asserts that Plaintiff "is seen regularly by medical personnel, including a treating physician" (*id.* ¶ 3), but Mr. Watson fails to identify the medical personnel or treating physician or to indicate the nature, extent, or duration of the anonymous treating physician's knowledge of Plaintiff's medical condition. Mr. Watson also states that the anonymous treating physician "has reviewed [Plaintiff's] records" (*id.* ¶ 5) but does not indicate what "records" the anonymous treating physician reviewed, including whether those records encompass Plaintiff's most recent medical records which Plaintiff has repeatedly requested from the BOP but which the BOP has failed to produce. Despite these deficiencies, Mr. Watson then proffers an out-of-court oral or written statement of an allegedly expert "opinion" by the anonymous treating physician for the truth of the matter asserted in the statement: specifically, the anonymous treating physician's "belief" that the medical tests and imaging requested by Plaintiff are not "medically necessary or clinically indicated." *Id.* ¶ 5. Nowhere in the declaration does Mr. Watson indicate what the anonymous treating physician's qualifications, training, and expertise are; why he or she "believes" the requested medical tests and imaging are not

"medically necessary or clinically indicated"; or the basis for the alleged "belief" or "opinion." The Watson Declaration is devoid of any information regarding when if ever the anonymous treating physician allegedly examined Plaintiff, how many, if any, examinations were conducted, what tests and procedures, if any, were performed by the anonymous treating physician in reaching his or her "belief" and what the results, if any, of those examinations, tests, and procedures were. The purported "belief" or "opinion" of the anonymous treating physician is clearly hearsay, and no exception applies that would justify its admission. Fed. R. Evid. 801, 802. Even were the "belief" or "opinion" not inadmissible hearsay, the "belief" or "opinion" would not satisfy the requirements for admission under Fed. R. Evid. 702 and 703. It is precisely the type of baseless, vague, unqualified opinion that the Court should exclude in the exercise of its gatekeeper function under *Daubert*.

Certainly Mr. Watson lacks the competency (Fed. R. Evid. 601), the personal knowledge (Fed. R. Evid. 602), or the expertise (Fed. R. Evid. 701) to properly sponsor such a hearsay opinion from an anonymous alleged expert whose qualifications remain a mystery. *See also* Fed. R. Evid. 602 advisory committee's note to proposed rules (witness may not testify "to subject matter of [a] hearsay statement, as he has no personal knowledge of it"); Fed. R. Evid. 803 advisory committee's note to proposed rules ("In a hearsay situation, the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge."). Even if Mr. Watson had some level of knowledge regarding Mr. Purkey's medical condition and needs, he is not qualified to make a medical assessment, render a medical opinion, or attest to either. Mr. Watson lacks the expertise to make assertions regarding the necessity of medical testing. There has been no evidence offered that Mr. Watson studied or practiced within the medical field. He does not possess the knowledge, skill, experience, training, or education to

4

classify Plaintiff's requested medical tests as unnecessary or not clinically indicated. *See* Fed. R. Evid. 702.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Strike the Watson Declaration (ECF No. 27-2) and award Plaintiff the relief requested in the Proposed Order, filed herewith.

Dated: July 2, 2020                    Respectfully Submitted,

*/s/Charles F.B. McAleer, Jr.*
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5963
Email: CMcAleer@milchev.com

*/s/Brian Fleming*
Brian Fleming (DC Bar #974889)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5871
Email: bfleming@milchev.com

*/s/Rebecca E. Woodman*
Rebecca E. Woodman (*pro hac vice*)
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone: (785) 979-3672
Email: rewlaw@outlook.com

Michelle M. Law, MO Bar No. 45487
(appointment motion to be filed)
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile:  (417) 873-9038
Email: michelle_law@fd.org

**Counsel for Plaintiff**

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the 2nd day of July, 2020, I caused the foregoing Motion to Strike Declaration of T.J. Watson (ECF No. 27-2) to be filed electronically with the Clerk of the Court via CM/ECF, with all authorized parties being served electronically via CM/ECF.

> */s/Charles F.B. McAleer, Jr.*
> Charles F.B. McAleer, Jr. (DC Bar #388681)
> Miller & Chevalier Chartered
> 900 16th Street NW
> Washington, D.C. 20006
> Telephone: (202) 626-5963
> Email: CMcAleer@milchev.com