Appendix A to Plaintiff's Reply in Further Support of Motion for Expedited Discovery in *Wesley Ira Purkey v. William P. Barr, et al.*, 1:19-cv-03570-TSC (D.D.C.)

Chronology of Plaintiff's Requests to Bureau of Prisons and Defense Counsel For Information, Records, Testing, and Imaging Relating to Claims and Issues in the Case
During the Period August 29, 2019–Present[1]

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| Aug. 29, 2019 | Counsel for Mr. Purkey Michelle M. Law | **First Request** for Bureau of Prisons ("BOP") death watch protocol (R. Woodman Decl. ¶ 10, Ex. 3). | BOP Senior Attorney Katherine Siereveld | Aug. 29, 2019: "**I will have to do some further research** to see if we have anything that is releasable, but specific directives such as that are usually found in Post Orders which are Law Enforcement Sensitive and cannot be released." [2] (R. Woodman Decl. ¶ 10, Ex. 3). | **No** |
| Sept. 17, 2019 | Counsel for Mr. Purkey Michelle M. Law | **First Request** for preservation and weekly disclosure of A Range surveillance videos of Mr. Purkey's cell; offered storage device (R. Woodman Decl. ¶ 11, Ex. 4). | BOP Senior Attorney Katherine Siereveld | Sept. 19, 2019: "**We do not have a mechanism** with which to provide you ongoing footage. Additionally, the preservation alone is quite voluminous, **but can be accomplished if necessary.** Are there specific time frames or days even that you are looking for? **At that point we could preserve what you need and then evaluate our ability to provide it through a properly filed FOIA request, discovery request, or subpoena.**" (R. Woodman Decl. ¶ 11, Ex. 4). | **No** |
| Sept. 24, 2019 | Counsel for Mr. Purkey Michelle M. Law | **Second Request** for disclosure of A Range surveillance videos of Mr. Purkey's cell; offered storage device again (R. Woodman Decl. ¶ 11, Ex. 5). | BOP Senior Attorney Katherine Siereveld | Sept. 24, 2019: "I forwarded this on to the appropriate office to see how far back they can go preserving the evening watch." (R. Woodman Decl. ¶ 11, Ex. 5). | **No** |
| Sept. 26, 2019 – Oct. 4, 2019 | Counsel for Mr. Purkey Michelle M. Law | **First Request** for medically ordered brain imaging (ordered by Dr. Bhushan Agharkar) and inquired about testing logistics; offered to pay cost of testing. (R. Woodman Decl. ¶ 15, Exs. 16, 17). | BOP Senior Attorney Katherine Siereveld | Without citing any policy or other authority, Ms. Siereveld imposed three conditions for the testing: (1) it had to be done on-site with BOP contractors; (2) a court had to enter an order for the testing; and (3) Mr. Purkey's defense counsel had to pay for the testing. (R. Woodman Decl. ¶ 15). | **No** |

---

[1] This chart is based on evidence previously submitted in support of Plaintiff's Renewed Motion for Preliminary Injunction ("Renewed Motion") dated June 22, 2020, evidence of additional relevant communications with the Bureau of Prisons or Defense Counsel that occurred after the filing of the Renewed Motion that are the subject of and are attached to the Supplemental Declaration of Rebecca Woodman dated July 2, 2020, submitted with Plaintiff's Reply in Support of the Motion for Expedited Discovery, and evidence submitted through the Declaration of Katherine Siereveld dated June 29, 2020 submitted with Defendants' Opposition to Plaintiff's Motion for Expedited Discovery.

[2] All instances of emphasis in the quotations contained in this chart have been added.

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| Oct. 9, 2019 | Counsel for Mr. Purkey Rebecca E. Woodman | **Third Request** for A Range surveillance videos of Mr. Purkey's cell; requested expedited processing (R. Woodman Decl. ¶ 12, Exs. 6–8). | FOIA Section, BOP Office of General Counsel | Oct. 10, 2019: "This acknowledges our receipt of your Freedom of Information Act (FOIA) request. . . . Your request meets the requirement to be processed on an expedited basis and **will be expedited** to the best of our ability. . . . Processing this request **may take up to six months**." (R. Woodman Decl. ¶ 13, Ex. 10). | **No** |
| Oct. 9, 2019 | Counsel for Mr. Purkey, Rebecca Woodman | **Second Request** for BOP death watch protocol; requested expedited processing (R. Woodman Decl. ¶ 12, Exs. 6–8). | FOIA Section, BOP Office of General Counsel | Oct. 10, 2019: "This acknowledges our receipt of your Freedom of Information Act (FOIA) request. . . . Your request meets the requirement to be processed on an expedited basis and **will be expedited** to the best of our ability. . . . Processing this request **may take up to six months**." (R. Woodman Decl. ¶ 13, Ex. 10). | **No** |
| Oct. 9, 2019 | Counsel for Mr. Purkey, Rebecca Woodman | **First Request** for Mr. Purkey's updated BOP medical and mental health records; requested expedited processing (R. Woodman Decl. ¶ 12, Exs. 6–8). | FOIA Section, BOP Office of General Counsel | Oct. 10, 2019: "This acknowledges our receipt of your Freedom of Information Act (FOIA) request. . . . Your request meets the requirement to be processed on an expedited basis and **will be expedited** to the best of our ability. . . . Processing this request **may take up to six months**."  (R. Woodman Decl. ¶ 13, Ex. 10). | **No** |
| Oct. 11, 2019 | Counsel for Mr. Purkey Rebecca E. Woodman | Request for timeline on disclosure of material requested through FOIA (R. Woodman Decl. ¶ 13, Ex. 12). | BOP Senior Attorney Katherine Siereveld | Oct. 16, 2019: "I understand your time constraints, but **I do not have the authority to circumvent the FOIA process. I will follow up with our FOIA folks and see if there is a more expedited time frame**." (R. Woodman Decl. ¶ 13, Ex. 12). | **No** |
| Oct. 25, 2019 | Counsel for Mr. Purkey Rebecca E. Woodman & Michelle M. Law | **Second Request** for medically ordered brain imaging (ordered by Dr. Bhushan Agharkar) (R. Woodman Decl. ¶ 15, Ex. 18). | *Ex parte* motion to District Court for S.D. Ind. | Motion **denied** November 20, 2019, stating the request for imaging was not made pursuant to a *Ford* claim. *Purkey v. United States*, No. 2:19-cv-00414, ECF No. 76 (S.D. Ind. Nov. 20, 2019). | **No** |
| Nov. 11, 2019 | Counsel for Mr. Purkey Rebecca E. Woodman | **Fourth Request** for A Range surveillance videos; requested expedited processing (R. Woodman Decl. ¶ 13, Ex. 13). | BOP Senior Attorney Katherine Siereveld | Nov. 13, 2019: "I **do not have the authority to circumvent the FOIA process**, but please be assured that everyone involved is cognizant that time is of the essence. **I will forward your concerns along to the folks directly involved in the FOIA process**." (R. Woodman Decl. ¶ 13, Ex. 13). | **No** |
| Feb. 3, 2020 | Counsel for Mr. Purkey Rebecca E. Woodman | **Fifth Request** for A Range surveillance videos of Mr. Purkey's cell in the form of new FOIA request; requested expedited processing (R. Woodman Decl. ¶ 26, Ex. 28–30). | FOIA Section, BOP Office of General Counsel | Feb. 3, 2020: Email #1 "We determined the information you request is maintained in a Privacy Act protected system of records and requires written authorization from the subject of the record before it can be released. . . . **Your authorization was** | **No** |

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| | | | | **incomplete** because the date on the authorization was more than three months old." (R. Woodman Decl. ¶ 26, Ex. 31).<br><br>Feb. 3, 2020: Email #2<br>"Please **disregard my previous message** about the outdated Certification of Identity. Upon further review it looks like this is a **duplicate request** of 2020-00234. As such, your request is **not considered perfected** and has not been logged in or assigned a request number. Additionally, your request was **previously granted expedited** processing on October 10, 2019. A copy of the letter is attached." (R. Woodman Decl. ¶ 26, Ex. 32).<br><br>Feb. 3, 2020: Email #3 (RE: FOIA Request 1)<br>Upon R. Woodman's clarification, **accepting the new expedited requests** and stating that "If a new Certification of Identity is needed they will let you know." (R. Woodman Decl. ¶ 26, Ex. 34). | |
| Feb. 3, 2020 | Counsel for Mr. Purkey, Rebecca Woodman | **Third Request** for BOP death watch protocol in the form of new FOIA request; requested expedited processing (R. Woodman Decl. ¶ 26, Exs. 28–30). | FOIA Section, BOP Office of General Counsel | Feb. 3, 2020: Email #1<br>"We determined the information you request is maintained in a Privacy Act protected system of records and requires written authorization from the subject of the record before it can be released. . . . **Your authorization was incomplete** because the date on the authorization was more than three months old."<br>(R. Woodman Decl. ¶ 26, Ex. 31).<br><br>Feb. 3, 2020: Email #2<br>"Please **disregard my previous message** about the outdated Certification of Identity. Upon further review it looks like this is a **duplicate request** of 2020-00234. As such, your request is **not considered perfected and has not been logged** in or assigned a request number. Additionally, your **request was previously granted expedited** processing on October 10, 2019. A copy of the letter is attached."<br>(R. Woodman Decl. ¶ 26, Ex. 32). | **No** |
| Feb. 3, 2020 | Counsel for Mr. Purkey, | **Second Request** for Mr. Purkey's updated BOP medical and mental health records in the form of a new | FOIA Section, BOP Office | Feb. 3, 2020: Email #1<br>"Upon review it looks like this is a **duplicate request** of 2020-00234. As such, your request **is not considered** | **No** |

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| | Rebecca Woodman | FOIA request; requested expedited processing (R. Woodman Decl. ¶ 26, Exs. 28–30). | of General Counsel | **perfected and has not been logged** in or assigned a request number. Additionally, your **request was previously granted expedited processing** on October 10, 2019. . ." (R. Woodman Decl. ¶ 26, Ex. 33). <br><br> Feb. 3, 2020: Email #2 <br> "I will **forward this message to the processor.** If a new Certification of Identity is needed they will let you know." (R. Woodman Decl. ¶ 26, Ex. 35). | |
| Feb. 27, 2020 | Counsel for Mr. Purkey Michelle M. Law | Request to schedule defense expert Dr. Agharkar visit for examination of Mr. Purkey (R. Woodman Decl. ¶ 34, Ex. 43). | BOP Senior Attorney Katherine Siereveld | Mar. 16, 2020 (From Andrew Sutton): "This was **never scheduled and is now not considered** under the circumstances." (citing the COVID-19 pandemic) (R. Woodman Decl. ¶ 34, Ex. 43). | **No** |
| April 14, 2020 | Counsel for Mr. Purkey Brian J. Fleming | **Sixth Request** for A Range surveillance videos of Mr. Purkey's cell sent in a letter responding to Defendant's reply to Mr. Purkey's opposition to the motion to dismiss: "If timeliness and delay are matters of concern to Defendants, the simple solution would be for Defendants to ensure that the relevant government officials immediately and fully provide the requested information and documentation, as well as access for testing." (R. Woodman Decl. ¶ 28, Ex. 36). | AUSA Brian Casey | April 22, 2020: "Responding to your accusations point-by-point does not seem productive, so suffice it to say that we have reviewed your letter carefully and disagree with your assertions and conclusions. . ." <br><br> "In response to your point that Ms. Woodman submitted an '**updated and renewed FOIA request'** dated February 3, 2020, we have specifically inquired about this request, and **the BOP has been unable to find any record of it**." (R. Woodman Decl. ¶ 29, Ex. 37). | **No** |
| June 15, 2020 | Counsel for Mr. Purkey, Rebecca Woodman | **Third Request** for Mr. Purkey's updated BOP medical and mental health records (R. Woodman Decl. ¶ 32, Ex. 39; R. Woodman Supp. Decl. ¶ 3). | BOP Senior Attorney Katherine Siereveld | No Response | **No** |
| June 15, 2020 | Counsel for Mr. Purkey, Rebecca Woodman | **Third Request** for medically ordered brain imaging (requested by Dr. Jonathan DeRight) (R. Woodman Decl. ¶ 32, Ex. 39; R. Woodman Supp. Decl. ¶ 3, Ex. 1). | BOP Senior Attorney Katherine Siereveld | June 23, 2020: "I know we discussed expert visits during our conversation, but **I don't recall if you have made arrangements for Dr. DeRight to come to the institution? I did not see any follow up information on these specific issues**." (R. Woodman Supp. Decl. ¶ 3, Ex. 1). | **No** |
| June 15, 2020 | Counsel for Mr. Purkey | Request to schedule defense expert Dr. DeRight visit for examination of Mr. Purkey (R. Woodman Decl. ¶ 32, | BOP Senior Attorney | June 23, 2020: "I know we discussed expert visits during our conversation, but **I don't recall if you have made arrangements for Dr. DeRight to come to the** | **No** |

4

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| | Rebecca E. Woodman | Ex. 39; R. Woodman Supp. Decl. ¶ 3, Ex. 1). | Katherine Siereveld | **institution?  I did not see any follow up information on these specific issues.**” (R. Woodman Suppl. Decl. ¶ 4, Ex. 1). | |
| June 16, 2020 | Counsel for Mr. Purkey Rebecca E. Woodman | **First Request** for official written COVID-19 visitation policies by close of business. (R. Woodman Decl. ¶ 37, Ex. 50). | BOP Senior Attorney Katherine Siereveld | June 16, 2020: Email #1 “**We do not have anything written yet but I am working on it.**” (R. Woodman Decl. ¶ 37, Ex. 51).<br><br>June 16, 2020: Phone call Promised written official COVID-19 visitation policies **within the next hour or two.** Safety measures include: temperature checks, questions about symptoms, a mask (either one’s own or provided by the facility), and a preference for non-contact visits.” (R. Woodman Decl. ¶ 38, Ex. 53).<br><br>June 16, 2020: Email # 2 “We are **still working on a plan** that will allow as much visitation as possible while still mitigating the risk of exposure to COVID19. I **will have something in writing for you by tomorrow**, but you can begin to schedule your legal visits as soon as you wish. The normal schedule will remain the same (M-F, 8-3), we are working on the additional precautions re: COVID.” (R. Woodman Decl. ¶ 38, Ex. 52). | **No** |
| June 19, 2020 | Counsel for Mr. Purkey Rebecca E. Woodman | **Second Request** for official written COVID visitation policies (R. Woodman Decl. ¶ 38, Ex. 54, at 2–3). | BOP Senior Attorney Katherine Siereveld | June 19, 2020: “As we discussed earlier, **I told you these would not be ‘policies’ and that we were working as quickly as possible** to work out a safe option to allow for as much of a contact visit possible under the circumstances.  **While I regret that we have not been able to send you more in writing as of yet**, I encouraged you to schedule your visits with the unit team so that your schedule would not be adversely impacted.” (K. Siereveld Decl., Ex. C). | **No** |
| June 20, 2020 | Counsel for Mr. Purkey Rebecca E. Woodman | **Third Request** for official written COVID visitation policies (R. Woodman Decl. ¶ 38, Ex. 54, at 1–2). | BOP Senior Attorney Katherine Siereveld | June 22, 2020: “As you are aware, the BOP website makes it clear that case-by-case exceptions for in-person legal visits are permitted, so long as the visiting attorney undergoes the same screening procedures as the staff. SCU staff have advised that you did not request an exception when your standing legal visit was canceled.” (K. Siereveld Decl., Ex. B). | **No** |

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| June 20, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **First Request** for COVID testing data beyond what is available on BOP website (R. Woodman Decl. ¶ 38, Ex. 54, at 2). | BOP Senior Attorney Katherine Siereveld | June 24, 2020: "[T]he Terre Haute specific numbers you requested can be found here: https://www.bop.gov/coronavirus/." (R. Woodman Suppl. Decl. ¶ 5, Ex. 2). | **No** |
| June 20, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Fourth Request** for Mr. Purkey's updated BOP medical and mental health records (R. Woodman Decl. ¶ 38, Ex. 54, at 1–2). | BOP Senior Attorney Katherine Siereveld | June 26, 2020: "**I am unaware of any outstanding requests for medical and psychological records**, but if you can let me know when and how you requested them, that can help me track them down. As a general rule, the **two quickest ways to receive medical and psych files is for either your client to request a copy of his own records via a request to staff, which he can then forward to you; or, request those records through the discovery process**." (R. Woodman Suppl. Decl. ¶ 9, Ex. 4, at 1–2). | **No** |
| June 24, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Fourth Request** for official written COVID visitation policies (R. Woodman Suppl. Decl. ¶ 4, Ex. 2, at 1–2). | BOP Senior Attorney Katherine Siereveld | June 24, 2020: "[T]he BOP's plan for legal visits can be found on the BOP website, https://www.bop.gov/coronavirus/covid19_status.jsp. . . I also advised that masks are to be worn at all times in the facility. If you do not have a mask, one will be provided to you. Additionally, we have sanitizing stations available and plexiglass has been installed in the contact visitation booth. We have already begun successful visiting for the inmates who received execution dates. **It is unclear what additional protocols you are seeking**." (R. Woodman Suppl. Decl. ¶ 4, Ex. 2, at 1). | **No** |
| June 24, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Fourth Request** for medically ordered brain imaging (and initial request for blood tests) (R. Woodman Suppl. Decl. ¶ 4, Ex. 2, at 1–2). | BOP Senior Attorney Katherine Siereveld | June 24, 2020: "While **it is still our position that any medical or psychological testing which is not clinically indicated (such as this) requires a court order**, we recognize the urgency of the time frame and are willing to make an exception if you did not yet obtain a court order as indicated in the email from 10/4/2019 unless an order was issued denying your request for the outside testing. Did the Court deny your request or was an order not sought? BOP staff will not perform any of these tests. All of the requested tests would need to be performed by outside medical personnel. The only exception might be the blood tests." (R. Woodman Suppl. Decl. ¶ 6, Ex. 2, at 1). <br><br> June 25, 2020: "As a reminder, the **BOP cannot order or pay for testing which is not clinically indicated. I am** | **No** |

6

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| | | | | working to confirm that those costs are consistent with what they would be today." (R. Woodman Suppl. Decl. ¶ 6, Ex. 3, at 1). | |
| June 25, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Fifth Request** for official written COVID visitation policies (R. Woodman Suppl. Decl. ¶ 7 Ex. 4, at 2–4). | BOP Senior Attorney Katherine Siereveld | June 26, 2020: "As for the sanitation stations, yes, those include hand sanitizer and individual sanitizing wipes liberally available at points between the front entrance and the SCU. This is obviously in addition to the soap and water provided in the restrooms, and any additional sanitizer you wish to request from staff. The individual visiting rooms are wiped down before and after visits. "Additionally**,** to the extent possible, we are attempting to assign visiting spaces to each inmate. For example, we have 3 non-contact visiting rooms and have so far only had social visits requested for 3 inmates. Until we have more than those three, our intent is to assign one visiting room to a particular inmate to further reduce any possibility of cross-contamination." (R. Woodman Suppl. Decl. ¶ 8, Ex. 4, at 1–2). | **No** |
| June 25, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Second Request** for COVID testing data beyond what is available on BOP website (R. Woodman Suppl. Decl. ¶ 7, Ex. 4, at 2–4). | BOP Senior Attorney Katherine Siereveld | June 26, 2020: "I think there may be some confusion regarding the COVID-19 testing data you are seeking**. You are correct that the BOP webpage did not initially have detailed data about the testing, but that is no longer the case.** If you scroll to the section after the facility-by-facility breakdown of active cases, you will see a section which details the numbers of completed tests, pending tests, and positive tests. That data is shown both in the aggregate and for each facility. The data is further explained on the webpage under the heading 'About the Data.'" (R. Woodman Suppl. Decl. ¶ 8, Ex. 4, at 1–2). | **No** |
| June 25, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Fifth Request** for medically ordered brain imaging (R. Woodman Suppl. Decl. ¶ 7 Ex. 4, at 2–4). | BOP Senior Attorney Katherine Siereveld | June 26, 2020: "**With regard to the outside testing you are now requesting, we cannot provide you with specifics as to the logistics for security reasons. Once the tests are confirmed, we will be able to advise that one or more facilities will be able to conduct the testing you have requested within the diagnostic parameters you have outlined.** You will receive the results which will have the names of the facilities and medical personnel as part of the records. To that end, I will let you know if any additional information is required to successfully schedule those tests. **The BOP does not pay for unnecessary outside tests on inmates which are not** | **No** |

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| | | | | clinically indicated. Per our medical and psychology staff, a review of Mr. Purkey's records reveals no clinical indication for the testing you are requesting. Our medical and psychology staff simply cannot order testing which they do not believe is necessary to the care of that individual." (R. Woodman Suppl. Decl. ¶ 9, Ex. 4, at 1–2). | |
| June 25, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Fifth Request** for Mr. Purkey's updated BOP medical and mental health records (R. Woodman Suppl. Decl. ¶ 9, Ex. 4, at 2–4). | BOP Senior Attorney Katherine Siereveld | June 26, 2020: "**I am unaware of any outstanding requests for medical and psychological records, but if you can let me know when and how you requested them, that can help me track them down.** As a general rule, the **two quickest ways to receive medical and psych files is for either your client to request a copy of his own records via a request to staff, which he can then forward to you; or, request those records through the discovery process.**" R. Woodman Suppl. Decl. ¶ 9, Ex. 4, at 1–2). | No |
| June 25, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Seventh Request** for A Range surveillance videos of Mr. Purkey's cell (R. Woodman Suppl. Decl. ¶ 7, Ex. 4, at 3). | BOP Senior Attorney Katherine Siereveld | **No Response** | No |
| June 30, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Sixth Request** for medically ordered brain imaging; requested logistics of testing in light of COVID-19 (R. Woodman Suppl. Decl. ¶ 10, Ex. 5, at 1–2). | BOP Senior Attorney Katherine Siereveld | **No Response** | No |
| June 30, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Third Request** for COVID testing data beyond what is available on BOP website (R. Woodman Suppl. Decl. ¶ 10, Ex. 5, at 1–2). | BOP Senior Attorney Katherine Siereveld | **No Response** | No |
| June 30, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Sixth Request** for official written COVID visitation policies (R. Woodman Suppl. Decl. ¶ 10, Ex. 5, at 1–2). | BOP Senior Attorney Katherine Siereveld | **No Response** | No |
| June 30, 2020 | Counsel for Mr. Purkey Rebecca Woodman | **Sixth Request** for Mr. Purkey's updated BOP medical and mental health records (R. Woodman Suppl. Decl. ¶ 10, Ex. 5, at 1–2). | BOP Senior Attorney Katherine Siereveld | **No Response** | No |
| July 1, 2020 | Counsel for Mr. Purkey | **Seventh Request** for medically ordered brain imaging; (R. Woodman Suppl. Decl. ¶ 11, Ex. 6, at 1). | BOP Senior Attorney | **No Response** | No |

8

| Date of Request | Requestor | Requested Material | Addressee | Response | Requested Material Received? |
|---|---|---|---|---|---|
| | Rebecca Woodman | | Katherine Siereveld | | |

9