**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WESLEY I. PURKEY,                              )
                                               )
                        Plaintiff,             )
                                               )
            v.                                 )    Civil No. 19-03570 (TSC)
                                               )
WILLIAM P. BARR, et al,                        )
                                               )
                        Defendants.            )

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE**

Defendants respectfully oppose Purkey's motion to strike the declaration of T.J. Watson.

This Court may properly consider a declaration for purposes of ruling on a preliminary

injunction motion and related expedited discovery motion, even though it is hearsay. Watson's

declaration is not double hearsay, is based on his personal knowledge, and does not offer an

expert opinion. There is no basis to strike Watson's declaration, and Purkey's motion should be

denied.

**BACKGROUND**

Defendants attached the declaration of T.J. Watson, ECF No. 27-2, in support of their

opposition to Purkey's request for expedited discovery, which was filed in connection with his

motion for a renewed preliminary injunction. Watson is the warden of Purkey's prison, and his

declaration makes two simple points. First, Purkey's treating physician at the prison has

reviewed Purkey's records and does not believe the tests Purkey's attorneys have requested are

medically necessary or clinically indicated. *Id.* ¶ 4-5. Second, the Bureau of Prisons (BOP) will

not pay for tests that are not clinically indicated by Purkey's treating medical professionals. *Id.*

¶ 6.

Defendants submitted Watson's declaration because, in correspondence with the BOP, Purkey's attorneys had asserted that they were "not prepared to accept your denial of responsibility for the costs of testing, particularly your apparent justification that the requested testing is not 'clinically indicated.'" Ex. A to Siereveld Decl., ECF No. 27-1. More recently, in his reply in support of his motion for expedited discovery, Purkey has stated that while "[t]he Federal Public Defender will pay the costs for the tests and imaging," it will also "preserve for a later determination whether the BOP has the responsibility to reimburse those costs." ECF No. 30 at 13.

## ARGUMENT

"Motions to strike are generally strongly disfavored," and "[t]he moving party carries a formidable burden." *Gates v. District of Columbia*, 66 F. Supp. 3d 1, 27 (D.D.C. 2014) (quotations omitted). Purkey argues that Watson's declaration should be stricken because it does not comply with the Federal Rules of Evidence and specifically because it is hearsay, is not based on personal knowledge, and offers an expert opinion. None of these reasons provides a basis to strike.

As an initial matter, Purkey's arguments are misdirected because "the rules of evidence do not apply strictly to preliminary injunction proceedings." *Herb Reed Enters., LLC. v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013); *see also Kos Pharm., Inc. v. Andrx Xorp.*, 369 F.3d 700, 718 (3d Cir. 2004) ("It is well established that 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'" (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981))). By extension, neither do the rules of evidence apply to a motion for expedited discovery filed in connection with a preliminary injunction motion. Purkey discusses a long list

-2-

of evidentiary rules, but he identifies no case suggesting they apply to the current procedural posture of this case.

Because the rules of evidence do not apply, hearsay evidence may be considered for purposes of a preliminary injunction motion. *See Fed. Trade Comm'n v. CCC Holdings Inc.*, No. 08-2043, 2009 WL 10631282, at *1 (D.D.C. Jan. 30, 2009). This is not a summary judgment proceeding, so there is no requirement that a declaration be based upon personal knowledge. *See Cobell v. Norton*, 391 F.3d 251, 260-61 (D.C. Cir. 2004) (affidavits submitted in connection with a preliminary injunction proceeding need not comply with Federal Rule of Civil Procedure 56).

Even assuming there were some restriction on hearsay, Watson's declaration would still be appropriate for this Court's consideration. Watson's declaration is hearsay in the sense that all the declarations the parties have filed are. It is not, however, double hearsay. In particular, Watson's statement that his staff determined that certain medical testing was unnecessary explains why the BOP has not taken certain actions that Purkey suggested, in correspondence, that it should. Fed. R. Evid. 801(c)(2). Even if it were double hearsay, this Court could still consider it. *See Kos Pharm., Inc.*, 369 F.3d at 718-19 (no clear error to consider for purposes of a preliminary injunction motion a certification with multiple levels of hearsay and not based solely on personal knowledge). As the warden of Purkey's prison, Watson's statements about whether Purkey's physicians have determined testing to be medically necessary and the BOP's position regarding payment for testing not deemed medically necessary have strong indicia of reliability. Fed. R. Evid. 807.

Although there is no personal knowledge requirement, the substance of the declaration reflects that Watson's statements are made based on his personal knowledge as warden of the prison. His statements on their face indicate that he has personal knowledge of the conclusion

reached by Purkey's physician and of the BOP's policy regarding paying for medical tests. He unqualifiedly certified under penalty of perjury that the statements in his declaration are true and correct. *See Wye Oak Tech., Inc. v. Republic of Iraq*, No. 10-cv-01182, 2018 WL 5983385, at *7 (D.D.C. Nov. 14, 2018) (Declarations that did "not readily demonstrate that they [were] not based on personal knowledge . . . satisf[ied] the low bar set forth in Rule 56's personal knowledge requirement.").

Finally, Watson's declaration does not, as Purkey asserts, offer an expert opinion. He does not opine whether the tests Purkey seeks are or are not medically necessary. He merely states that Purkey's treating physician believes the tests to be unnecessary, and therefore the BOP will not pay for them. The point of the declaration is not to establish whether or not the tests Purkey seeks are medically necessary, but only to explain why the BOP has declined to pay for them.

## CONCLUSION

For the foregoing reasons, this Court should deny Purkey's motion to strike.

Dated:   July 6, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

By   /s/ *J. Benton Hurst*

BRIAN P. CASEY
KATHLEEN D. MAHONEY
J. BENTON HURST (D.D.C. Bar #MO009)
DAVID WAGNER
Special Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Fax: (816) 426-5186

-4-

-5-

E-mail: Brian.Casey@usdoj.gov
Kate.Mahoney@usdoj.gov
John.Hurst@usdoj.gov
David.Wagner@usdoj.gov

*Attorneys for Defendants*