### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WESLEY IRA PURKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03570-TSC |
| | ) | |
| WILLIAM P. BARR, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF FILING AND RULING

PLEASE TAKE NOTICE that, in compliance with the Court's request for timely notice of developments in other related litigation, plaintiff Wesley Purkey, by counsel, respectfully notifies this Court that, in the pending matter of *Wesley Ira Purkey v. William P. Barr, et al.*, No. 2:19-cv-00517-JMS-DLP (S.D. Ind.) ("*Bivens* Action"), the undersigned filed this morning a Motion to Preserve Jurisdiction and Stay Execution ("Motion to Preserve"), a copy of which for ease of this Court's reference is attached hereto as Exhibit A. PLEASE TAKE FURTHER NOTICE that the court in the *Bivens* Action subsequently denied the Motion to Preserve. A copy of that ruling is attached hereto as Exhibit B. With respect to the filing and the ruling, Plaintiff states as follows:

#### The Filing

1.      For the reasons Plaintiff has extensively briefed to this Court and based on the extensive evidence Plaintiff has submitted, Plaintiff strongly believes this Court has jurisdiction over the above-captioned action and Defendants and may properly award the relief Plaintiff has requested, including in his pending Motion for Preliminary Injunction. Plaintiff also believes

that Defendants' objections to the jurisdiction of this court are not well-founded and should be rejected by this Court and any appellate court.

2.      Nevertheless, the events of the past several hours, including certain appellate rulings, required counsel for Mr. Purkey to act out of an abundance of caution given Defendants' exuberance and determination to execute.  In the attached Motion to Preserve, Mr. Purkey noted his intent to file a protective petition for habeas corpus relief under 28 U.S.C. § 2241.  It is clear that the filing of such a protective petition would not affect this Court's jurisdiction over this civil rights case.  Courts can consider both actions at the same time.  *See Stanley v. Davis*, No. C-07-4727 EMC, 2015 WL 435077, at *4 (N.D. Cal. Feb. 2, 2015) (noting in habeas case that §1983 may be a proper vehicle for prisoner's *Ford* claim seeking declaratory relief because "it is difficult to discern a meaningful difference between a *Ford* challenge and a methods challenge"); *Stanley v. Martel*, No.3:14-cv-4108-EMC (Complaint for Declaratory Relief for *Ford* violations still pending in same court).

3.      The need for this sort of protective filing became apparent overnight, as Mr. Purkey became aware of the events that culminated in the execution by Defendants of Mr. Daniel Lee, despite the fact that his original execution warrant expired at midnight last night. Defendants' issuance of a new warrant for Mr. Lee's execution bearing today's date, despite the serious due process issues raised by the implementation of an execution warrant with no notice whatsoever, materially enhances the substantive and procedural risks Mr. Purkey faces.

4.      The lack of clear policies and protocols regarding executions, and specifically execution of the mentally incompetent, is the basis for one of the challenges Mr. Purkey initiated in this Court in November 2019.  Since that time, and for the past eight months, Mr. Purkey has diligently litigated that challenge in this Court while doggedly pursuing access to critical medical

records and information, access to counsel, and expert assistance.  However, Defendants have not only failed to cooperate in that process but actively undermined it.  Defendants have engaged in obstructive practices, seemingly designed to run out the clock and, as evidenced by last night, almost certainly for that purpose.  Defendants have withheld and are still withholding documents, have frustrated Mr. Purkey's access to counsel and his experts, and have even urged this Court to dismiss this claim for ripeness once a stay was issued in an unrelated matter, knowing very well that they intended to immediately issue another execution warrant.  The current exigencies are solely of Defendants' making.

5.      Mr. Purkey's claims are meritorious and deserving of judicial review and adjudication on the merits, and, as Defendants note, only just became ripe.  Some court must hear this *Ford* claim on the merits before Mr. Purkey is put to death.  It would be lawless for Defendants to proceed otherwise.  The filing of the attached Motion to Preserve and a protective habeas petition are simply additional means, in the face of Defendants' determination to execute, to ensure that Mr. Purkey will obtain the process and the merits adjudication to which he is constitutionally and statutorily entitled.

## The Ruling

6.      In its Order denying the Motion to Preserve, the court in the *Bivens* Action expressed its understanding of Plaintiff's counsel's "desire to avoid the frantic pace of recent related litigation."  ECF No. 83.  However, the court noted that "there is no *Ford* claim pending" in the *Bivens* Action and that Plaintiff "may not add a *Ford* claim onto" the *Bivens* Action.

3

7.      The court in the *Bivens* Action made clear that "if [Plaintiff] is directed to bring a *Ford* claim in a § 2241 petition in [that court]," then he must file such a claim in a § 2241 petition in that court, not as part of the *Bivens* Action.  *Id.*

Dated: July 14, 2020                   Respectfully Submitted,

*/s/Charles F.B. McAleer, Jr.*
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5963
Email: CMcAleer@milchev.com

*/s/Brian Fleming*
Brian Fleming (DC Bar #974889)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5871
Email: bfleming@milchev.com


*/s/Rebecca E. Woodman*
Rebecca E. Woodman (*pro hac vice*)
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone: (785) 979-3672
Email: rewlaw@outlook.com

Michelle M. Law, MO Bar No. 45487
(appointment motion to be filed)
Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile:  (417) 873-9038
Email: michelle_law@fd.org

**Counsel for Plaintiff**

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the 14th day of July, 2020, I caused the foregoing to be filed electronically with the Clerk of the Court via CM/ECF, with all authorized parties being served electronically via CM/ECF.

*/s/Charles F.B. McAleer, Jr.*
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5963
Email: CMcAleer@milchev.com
