IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WESLEY IRA PURKEY,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WILLIAM P. BARR, *et al.*,  )<br>  )<br>Defendants.  )  | No. 1:19-cv-03570-TSC |

**PLAINTIFF WESLEY PURKEY'S MOTION TO
DISMISS ON THE GROUND OF MOOTNESS**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the undersigned counsel for Plaintiff Wesley Ira Purkey moves this Court to dismiss this case on the ground of mootness. While Mr. Purkey's claims regrettably have become legally moot, the facts surrounding the circumstances of Mr. Purkey's execution cannot and must not be similarly extinguished. The reasons for this motion are therefore summarized below.[1]

**I.     The Government's Rush to Execution and Withholding of Evidence**

Having effectively rebuffed a previous request from Mr. Purkey's counsel for clarification regarding the possible issuance of a second execution warrant, particularly given the pendency of this litigation,[2] the United States Government suddenly and without forewarning

---

[1] On August 10, 2020, the D.C. Circuit issued its final order and mandate in the Defendants' appeal of this Court's order granting Mr. Purkey's renewed motion for a preliminary injunction. *See* Order, *Purkey v. Barr,* No. 20-5207 (D.C. Cir. Aug. 10, 2020); Mandate, *Purkey v. Barr*, No. 20-5207 (D.C. Cir. Aug. 10, 2020).

[2] *See* Rebecca Woodman Decl., Ex. 36 at 178–80, ECF No. 23-6 (Letter from Brian J. Fleming, Counsel for Plaintiff, Miller & Chevalier Chartered, to Brian Casey, Assistant U.S. Attorney, W. Dist. of Mo. (April 14, 2020)); *id.*, Ex. 37 at 182–84 (Email from Brian Casey, Assistant U.S. Attorney, W. Dist. of Mo., to Brian J. Fleming, Counsel for Plaintiff, Miller & Chevalier Chartered (April 22, 2020, 11:41 a.m.), stating "[f]inally, in response to your request that we provide information about the issuance of new

issued Mr. Purkey's second execution warrant on June 15, 2020, setting forth an accelerated execution date only 30 days away, with approximately twenty-minutes notice to his counsel, during a global pandemic, 16 years after Mr. Purkey was originally sentenced. *See* Defs.' Notice Regarding Execution Date, ECF No. 22. The warrant was issued on the very day that Mr. Purkey had reiterated his *third* request since September 2019 for medical records and testing among other long-awaited medical, psychiatric and prison surveillance records. *See* App. A to Pl.'s Reply in Further Supp. of Mot. for Exped. Disc. at 4, ECF No. 30-1. Rather than finally complying with these requests, the Government instead imposed an accelerated 30-day warrant period, despite its awareness that (a) Mr. Purkey would be filing a renewed preliminary injunction motion based on his incompetency claim as he had indicated he would when he withdrew his first motion for a preliminary injunction in December 2019 and (b) that sufficient time would be needed to fully brief a renewed preliminary injunction motion and for this Court to consider and adjudicate it. *See* Pl.'s Unopposed Mot. to Withdraw His Mot. for a Prelim. Inj., ECF No. 11. Indeed, just five days later, on June 22, 2020, Mr. Purkey filed a renewed motion for a preliminary injunction, along with a 44-page memorandum in support of that motion and letters and declarations from Mr. Purkey's expert witnesses and legal counsel providing substantial evidence of Mr. Purkey's incompetency to be executed. *See* Pl.'s Renewed Mot. for a Prelim. Inj., ECF No. 23. The very next day, Mr. Purkey also filed a Motion for Expedited Discovery due to the Government's continued failure and refusal to provide him with any evidence in the Government's sole possession that was relevant to his *Ford* claim, even though he had long sought such materials and the Government had deliberately scheduled his execution

---

execution warrants, we will let you know as soon as we learn of a new execution date, which will be when the Attorney General makes a decision.")).

date for mere weeks away. *See* Pl.'s Mot. for Exped. Disc., ECF No. 24. Those motions were ultimately briefed and awaited a decision.

The Government's rush to execution came amid injunctive action in place in other matters as well. While the preliminary injunction and expedited discovery motions in this matter were pending, Mr. Purkey's execution was enjoined in a separate but related matter in front of this Court. Order, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (TSC) (D.D.C. July 13, 2020), ECF No. 136. Although that injunction was upheld by the D.C. Circuit, it was vacated by the Supreme Court only two days before Mr. Purkey's execution. *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 20-5199 (D.C. Cir. July 13, 2020); *Barr v. Lee*, No. 20A8, 2020 WL 3964985 (U.S. July 14, 2020) (per curiam). Meanwhile, a stay of Mr. Purkey's execution was issued in the Seventh Circuit. *See Purkey v. United States*, 964 F.3d 603 (7th Cir. 2020). That stay was still in place at the time of this Court's ruling on Mr. Purkey's renewed motion for a preliminary injunction on July 15, 2020.

After setting Mr. Purkey's second execution date and after Mr. Purkey's motions for a preliminary injunction and expedited discovery were filed, the Government continued to refuse to provide Mr. Purkey access to his own medical records and to the medical tests and imaging requested by several medical experts, materials directly relevant to Mr. Purkey's incompetency to be executed. *See* App. A to Pl.'s Reply in Further Supp. of Mot. for Exped. Disc., ECF No. 30-1. The Federal Bureau of Prisons ("BOP") failed to provide any of these medical records for almost a year. Shortly before Mr. Purkey's execution, the BOP represented to Mr. Purkey's counsel on July 2, 2020, that it had finally assembled and provided the long-requested medical records not to Mr. Purkey's counsel, but instead to defense counsel, purportedly for production "through discovery" in this matter. Defense counsel deliberately withheld that information from

production, failing entirely to produce it before the Government executed Mr. Purkey. *See* R. Woodman Suppl. Decl. ¶¶ 5, 7, *Purkey v. Barr*, No. 2:20-cv-00365-JRS-DLP (S.D. Ind. July 16, 2020), ECF No. 6-8, attached as Exhibit A. In fact, to this day, defendants have continued to withhold from the undersigned records and information that could further corroborate the Government's grievous error in executing Mr. Purkey before he could receive a merits adjudication of his claims in this case.

In response to multiple requests for testing by Mr. Purkey's experts, the BOP imposed unreasonable conditions, changed these conditions without explanation, created roadblocks, and otherwise prevented the testing from occurring in a timely manner as the Government raced against its self-imposed clock to execute Mr. Purkey. *See* R. Woodman Decl. ¶¶ 14–18, 24–25, 32–34, ECF No. 23-6; App. A to Pl.'s Reply in Further Supp. of Mot. for Exped. Disc., ECF No. 30-1; Ex. A ¶¶ 5, 7. On July 1, 2020, another of Mr. Purkey's experts, Dr. Thomas Hyde, issued medical testing orders. But the BOP rebuffed the emergency efforts of Mr. Purkey's legal team to schedule and facilitate the tests given the exigent circumstances, insisting that the scheduling and location of the testing must be arranged by the BOP and performed through a medical facility of BOP's choosing. The BOP then delayed administration of these tests until July 8 and 10, 2020, respectively, finishing just five days before Mr. Purkey's scheduled execution, using the same medical facility originally suggested by Mr. Purkey's team. *See* Appendix E—Second Declaration of Thomas M. Hyde, M.D., Ph.D. at ¶ 8, *Barr v. Purkey*, No. 20A-9 (U.S. July 15, 2020), attached as Exhibit B;[3] *see also* Ex. A ¶¶ 10–11. Dr. Hyde did not receive the first portion

---

[3] Dr. Hyde's second declaration was first filed at 5:19 p.m. on July 15, 2020 before the Supreme Court in support of Mr. Purkey's Opposition to the Government's Application for a Stay or Vacatur of the Injunction Issued by the United States District Court for the District of Columbia and again in the early morning of July 16, 2020 in support of Mr. Purkey's Motion to Stay His Execution Pending Final Disposition on the Merits in the Southern District of Indiana. Dr. Hyde had not yet made this declaration

of the medical scans and imaging until four days later, on July 14, 2020 at 11:30 a.m., just one day before the scheduled execution. *See* Ex. B ¶ 8. Further, the scans and imaging procured by the BOP were uploaded onto a CD and thumb drive which required software that Dr. Hyde did not have in his home office, a hindrance that was exacerbated by Dr. Hyde's lack of immediate access to his office's IT assistance during the COVID-19 pandemic. *See id.* The Government did not provide the second portion of the testing, an EEG report, to Mr. Purkey's counsel until July 15, 2020 at 10:24 a.m., the morning of the scheduled execution.

Although Dr. Hyde did not have reasonable access to the scans that he ordered on July 1, 2020, he was nevertheless able to reach critical conclusions that were fully consistent with the evidence of incompetency that Mr. Purkey's counsel had submitted in support of his renewed preliminary injunction motion. *See* Ex. B ¶ 9. Based on a report prepared by certain hospital personnel regarding the MRI conducted on Mr. Purkey,[4] Dr. Hyde determined that Mr. Purkey had "significant structural abnormalities in the brain that are consistent with cognitive impairment such as vascular dementia and other conditions." *Id.* Even based on the limited and untimely information provided by the BOP, Dr. Hyde was able to reach critical conclusions about Mr. Purkey's incompetency. He documented those findings in his second declaration that was signed after this Court had issued its ruling but in time for Plaintiff's submission to the Supreme Court upon Defendants' application for a stay or vacatur of the injunction. *See* Ex. B.

---

at the time this Court issued its early morning ruling on July 15, 2020, and so Mr. Purkey is attaching it now to this motion as Exhibit B.

[4] The undisclosed circumstances surrounding the preparation of those reports, including whatever instructions the hospital personnel may have been given by the BOP or its agents and some of the opinions expressed in the reports, raise troubling issues.

**II.      Federal Court Proceedings, July 15, 2020–July 16, 2020**

At 5:09 a.m. on July 15, 2020, this Court granted Mr. Purkey's renewed request for a preliminary injunction and denied Defendants' motion to dismiss, adding to the 7th Circuit injunction already in place that also prevented Mr. Purkey's execution. *See* Order, ECF No. 36. This Court found that it had jurisdiction to hear Mr. Purkey's claims, rejecting Defendants' arguments that they were "core habeas." *See id.* at 7–9 ("Under *Ford*, when a plaintiff claims incompetence, 'the only question raised is not *whether*, but *when*, his execution may take place.'" (quoting *Ford v. Wainwright*, 477 U.S. 399, 425 (1986) (Powell, J., concurring)). This Court also found that Mr. Purkey had made the "substantial threshold showing of insanity" under *Panetti v. Quarterman*, 551 U.S. 930, 949 (2007) and *Madison v. Alabama*, 139 S. Ct. 718 (2019), and was therefore entitled to due process on his incompetency claim prior to execution, including through a fair hearing. *Id.* at 10–11.

Within hours, Defendants moved for the extraordinary relief of a stay or vacatur of the renewed preliminary injunction by filing simultaneous motions in both this Court and the D.C. Circuit and appealed this Court's July 15, 2020 Order to the D.C. Circuit. *See* Defs.' Mot. Stay Prelim. Inj. Pending Appeal, ECF No. 39; Emergency Motion to Stay or Vacate Preliminary Injunction, *Purkey v. Barr*, No. 20-5207 (D.C. Cir. July 15, 2020); Notice of Appeal, *Purkey v. Barr*, No. 20-5207 (D.C. Cir. July 15, 2020). Mr. Purkey's counsel filed oppositions to both requests. This Court properly denied the Government's request on July 15, 2020. At 7:44 p.m., a D.C. Circuit panel, comprised of Judges Rogers, Griffith, and Pillard, denied the Government's motion. *See* Order, *Purkey v. Barr,* No. 20-5207 (D.C. Cir. July 15, 2020). In doing so, the D.C. Circuit upheld this Court's finding that it had jurisdiction to hear Mr. Purkey's constitutional claims. *See id.* at 2 ("Because granting the relief that Purkey seeks will not alter his sentence or

permanently enjoin his execution, we cannot conclude that the Government has met its burden of showing a likelihood of success on its jurisdictional claim."). The D.C. Circuit found that

> Purkey's claim is analogous to a method-of-execution claim, which the Supreme Court has held may be brought outside of the federal habeas statute. Purkey does not seek to permanently bar his execution, rather he simply seeks a competency hearing under Ford. If he is found competent at such a hearing, the execution may go forward. And even if he is found incompetent, such a finding would only impose a temporary bar on his execution. When an inmate claims incompetence, "the only question raised is not whether, but when, his execution may take place." *Ford*, 477 U.S. at 425 (Powell, J., concurring); *see also Panetti v. Quarterman*, 551 U.S. 930, 949 (2007) (explaining that Justice Powell's concurring opinion is controlling under the Marks rule).

*Id.* The D.C. Circuit also agreed with this Court that Mr. Purkey had made a substantial threshold showing as to both his cruel and unusual punishment and due process claims and that the Government had failed to meet its heavy burden to stay the preliminary injunction on either jurisdictional grounds or the merits. *Id*. at 4. While this Court's affirmed preliminary injunction was in place, Mr. Purkey's July 15, 2020 execution warrant lapsed at 11:59 p.m. on July 15, 2020, with this Court's preliminary injunction order still in place.

Also on July 15, 2020, even before the D.C. Circuit had ruled on the Government's motion, the Government filed yet another motion to stay or vacate this Court's preliminary injunction, this time before the Supreme Court. *See* Application for a Stay or Vacatur of the Injunction Issued by D.D.C, *Barr v. Purkey*, No. 20A9 (U.S. July 15, 2020). These rushed motions left Mr. Purkey with fewer than five hours to file an opposition to the Government's motion in the D.C. Circuit and fewer than four hours to simultaneously file an opposition in the Supreme Court. Mr. Purkey's opposition in the Supreme Court included the second declaration from Dr. Hyde, including his critically-important preliminary conclusions regarding the recently-performed MRI on Mr. Purkey.

Between July 14, 2020 and the early morning of July 16, 2020, the Supreme Court vacated three federal court decisions staying or enjoining Mr. Purkey's execution, including this Court's preliminary injunction in the instant case. Specifically, in the early morning of July 14, 2020, the Supreme Court granted the Government's motion to stay or vacate the renewed preliminary injunction entered in parallel litigation before this Court, Order, *In re Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. July 13, 2020), ECF No. 136. Order, *Barr v. Lee*, No. 20A8 (U.S. July 14, 2020). Then, notwithstanding the fact that Mr. Purkey's July 15, 2020 execution warrant had already expired at 11:59 p.m. on July 15, 2020, at 2:36 a.m. on July 16, 2020, the Supreme Court vacated the Seventh Circuit's stay in a separate case, *Purkey v. United States*, 964 F.3d 603 (7th Cir. 2020), and this Court's preliminary in junction in the instant case without any explanation.  *See* Order, *United States v. Purkey*, No. 20A4 (U.S. July 15, 2020); Order, *Barr v. Purkey*, No. 20A9, 2020 WL 4006809 (U.S. July 16, 2020). As to the order vacating this Court's preliminary injunction, the Supreme Court majority granted this extraordinary relief sought by the Government, on which the Government carried the burden of proof, with no accompanying comment, explanation, or opinion. *See* Order, *Barr v. Purkey*, No. 20A9, 2020 WL 4006809 (U.S. July 16, 2020). With no opinion offered, there was no author of the majority decision. The Supreme Court majority did not address the question of this Court's jurisdiction (affirmed by this Court and the D.C. Circuit); nor did it address Mr. Purkey's threshold showing of incompetency, even despite the new declaration from Dr. Hyde concluding that the MRI report produced only a day prior showed "significant structural abnormalities in the brain that are consistent with cognitive impairment such as vascular dementia and other conditions." *Id.*; Ex. B ¶ 9. Nor did the majority offer any conclusions as to how the Government

8

had satisfied its burden on the standard for staying or vacating an injunction, including by demonstrating a likelihood of success on the merits.

While five justices stood silently behind the two-sentence majority decision, Justice Breyer, joined by Justice Ginsberg, and Justice Sotomayor, joined by Justices Ginsberg, Breyer, and Kagan, provided dissenting opinions. Justice Breyer wrote that Mr. Purkey's execution came before the Court with "serious legal defects of a kind that have long plagued the administration of the death penalty in the United States." *Barr v. Purkey*, No. 20A9, 2020 WL 4006809, at *1 (U.S. July 16, 2020) (Breyer, J., dissenting) (citing *Glossip* v. *Gross,* 576 U. S. 863, 908–948 (2015) (Breyer, J., dissenting)). Justice Breyer reasoned that the serious legal defects that plagued Mr. Purkey's case are "less tolerable" than the generally acceptable risks of error that accompany the administration of justice because Mr. Purkey was facing an irreparable punishment: death. *Id.* at *3. Justice Sotomayor reasoned similarly, stating that "proceeding with Purkey's execution now, despite the grave questions and factual findings regarding his mental competency, casts a shroud of constitutional doubt over the most irrevocable of injuries." *Id.* at *5 (Sotomayor, J., dissenting).

**III.    The Government Issues A New Execution Warrant in the Middle of the Night and with Virtually No Pre-Execution Notice**

The Government, which had remained determined to execute Mr. Purkey despite the well-reasoned opinions by this Court and the D.C. Circuit and the extensive evidence of his incompetency, immediately took steps to accomplish its goal upon receiving the no-opinion majority Supreme Court decision. Twenty minutes after the Supreme Court lifted this Court's preliminary injunction, the DOJ purported to issue a new execution warrant, resetting Mr. Purkey's execution for that day, July 16, 2020. This effectively no-notice warrant was delivered to Mr. Purkey and emailed to his counsel at 3:03 a.m., less than 30 minutes after the decision by

9

the Supreme Court majority and fewer than two hours before the Defendants' new and undisclosed execution time: 4:30 a.m. that morning. *See* Email from Hashim Mooppan. Counselor to the Solicitor General, U.S. Dep't of Justice, to Alan Schoenfeld, Partner, Wilmer Hale (July 16, 2020 3:03 A.M.), attached as Exhibit C; *see also* Memorandum from M.D. Carvajal, Director, U.S. Dep't of Justice, to T.J. Watson, Warden, Fed. Corr. Complex (July 16, 2020), attached as Exhibit D; Letter from T.J. Watson, Warden, Fed. Corr. Complex, to Wesley Ira Purkey, Inmate, FCI Terre Haute (July 16, 2020), attached as Exhibit E.

### IV. Mr. Purkey Files § 2241 Petition and Motion to Stay in the United States District Court for the Southern District of Indiana

Although this Court had held (and the D.C. Circuit affirmed) that this Court had jurisdiction to hear Mr. Purkey's claims, in the absence of <u>any</u> explanation from the Supreme Court majority for why it vacated the preliminary injunction and with this Court's preliminary injunction having been vacated by the Supreme Court majority, Mr. Purkey had no choice but to initiate a § 2241 habeas proceeding and move to stay his execution in the United States District Court for the Southern District of Indiana.[5] Mr. Purkey alerted the United States Court of Appeals for the Seventh Circuit, the Southern District of Indiana, and the Government to

---

[5] A few days earlier, on July 14, 2020, Mr. Purkey filed a protective motion to stay his execution in the District Court for the Southern District of Indiana in a separate but related *Bivens* action pending before that court. *See* Mr. Wesley Purkey's Motion to Preserve This Court's Jurisdiction and to Stay Execution of Wesley Purkey Pending Final Disposition on the Merits, *Purkey v. Barr*, No. 2:19-cv-00517 (S.D. Ind. July 14, 2020), ECF No. 80. Mr. Purkey filed this motion as a purely protective measure given that the Government had made clear that it was going to use all available means to proceed with Mr. Purkey's execution at all costs. As the filing made clear, the fact that Mr. Purkey filed this motion in no way impacted this Court's jurisdiction to hear Mr. Purkey's *Ford* claims. *See id.* at 2–3. At the time of this filing, the Government's motion to dismiss was still pending in this Court. Given the unreasonable tactics utilized by the Government at that point, not limited to issuing Mr. Purkey's second execution warrant with only 30-days' notice, Mr. Purkey felt like he had no choice but to attempt to preserve jurisdiction in the Southern District of Indiana, especially given his scheduled execution date was only a day away. Put plainly and emphatically, neither that filing nor the subsequent § 2241 petition are evidence of forum shopping; they were clear-eyed, necessary actions taken in the knowledge that the Government would stop at nothing to execute Mr. Purkey unless ordered otherwise.

impending filings in the Southern District of Indiana and Seventh Circuit. In each instance, Government counsel indicated that the Government would not suspend the execution of Mr. Purkey in the absence of a pending order to do so.

Upon receiving Mr. Purkey's § 2241 petition and motion to stay, Judge Sweeney, presiding over the case in the Southern District of Indiana, thereafter presented two jurisdictional questions to the parties that he asked them to brief and file in the span of approximately ten minutes, i.e., by 4:00 a.m. Judge Sweeney then at 4:45 a.m. issued a temporary stay of Mr. Purkey's execution while he reviewed the petition. Order Directing Stay of Execution, *Purkey v. Warden*, No. 2:20-cv-00365-JRS-DLP (S.D. Ind. July 16, 2020), ECF No. 13. Although this stay delayed Mr. Purkey's execution, it did not do so for long. Judge Sweeney vacated his temporary stay mere hours later, when he filed an "Order Denying Motion for Preliminary Injunction" at 7:13 a.m. *See* Order, *Purkey v. Warden*, No. 2:20-cv-00365-JRS-DLP (S.D. Ind. July 16, 2020), ECF No. 14. Notwithstanding the fact that this Court and a panel of the D.C. Circuit had determined that this Court had jurisdiction to hear Mr. Purkey's claims in the first instance as a civil rights action, and the fact that four justices on the Supreme Court would not have disturbed these decisions, Judge Sweeney claimed that because Mr. Purkey "should have filed this action as a § 2241 petition in this Court originally," "his calculated forum choice has disrupted the orderly proceedings of this case," which was "an abuse of the writ." *Id.* at 1–2. Furthermore, even though the Government scheduled Mr. Purkey's execution with only 30-days' notice, during a global pandemic and with knowledge of Mr. Purkey's pending incompetency claim, necessitating the litigation and consideration of a preliminary injunction or a motion to stay execution in a very tight timeframe, and even though Mr. Purkey has steadfastly litigated his claims since they were first ripe in November 2019, Judge Sweeney chastised Mr. Purkey's legal

counsel for "gamesmanship." *Id.* at 2. He allowed the execution to proceed, after finding that by failing to file the claim in Indiana, counsel "may have prevented a substantive review of Mr. Purkey's *Ford* claim as it should have been presented." *Id.* . Judge Sweeney did not cite to any specific case law supporting his decision. Rather, he simply pointed to "the Supreme Court's denial and a review of the applicable law," as justification for his decision, even though, as noted above, the Supreme Court's majority did not offer a single reason, basis, justification, explanation or excuse for their decision to vacate this Court's preliminary injunction order and reject a unanimous affirmance by the D.C. Circuit. *See id.* at 1. Indeed, there was no way for Judge Sweeney to know the reasoning behind the Supreme Court's decision. Judge Sweeney also failed entirely to address Mr. Purkey's threshold showing of incompetency, even though this Court, the D.C. Circuit panel, and four Supreme Court justices found that Mr. Purkey made this showing and was owed further due process under *Ford*. *See id.* Judge Sweeney concluded, without explanation, that Mr. Purkey had failed to meet his burden based on the preliminary injunction standard instead of the standard applicable to the stay motion before him. *See id*.

Further, the Government put Mr. Purkey in the impossible position wherein it argued that his incompetency claim was either not ripe and/or too late. Throughout this litigation, the Government has insisted that a *Ford* claim is only ripe with a pending execution warrant. The Government then manufactured the need for the extraordinary measure of a preliminary injunction or stay on a condensed timeframe by issuing Mr. Purkey's execution warrant with only 30-days' notice while continuing to withhold discovery. Thereafter, both the Government and Judge Sweeney took the position that Mr. Purkey's requests for relief were made at the eleventh hour. However, the same fire-drill would have occurred even if Mr. Purkey had filed his claims in the Southern District of Indiana in the first instance. Even if Mr. Purkey had filed a

*Ford* claim in an original § 2241 petition in Indiana, the Government would have argued that the *Ford* claim was moot after Mr. Purkey's original execution warrant came and went. And when a new execution warrant was issued on 30-days' notice, Mr. Purkey would have again found himself fighting to prove to both the Government and the Court that he had been diligent and timely in pursuing his Constitutional rights.

### V.        Mr. Purkey Is Executed While Seventh Circuit Stay Motion and Appeal are Pending

While his case was pending before Judge Sweeney, Mr. Purkey's counsel filed a protective emergency stay motion in the Seventh Circuit at 4:35 a.m. having kept the Seventh Circuit and the Government fully and timely apprised of their efforts.

Immediately upon issuance of Judge Sweeney's dismissal decision, Mr. Purkey appealed that decision to the Seventh Circuit, which was noticed at 7:15 a.m. in the Southern District of Indiana and docketed in the Seventh Circuit, thereby activating Mr. Purkey's previously-filed motion to stay his execution pending in the Seventh Circuit. Mr. Purkey's counsel simultaneously informed the Government of the appeal and the pendency of the stay motion before the Seventh Circuit. Mr. Purkey's counsel also insisted that the Government not execute Mr. Purkey unless and until the Seventh Circuit could rule on the stay motion or appeal. In response, Government counsel refused to delay Mr. Mr. Purkey's execution in the absence of a court order to do so, effectively indicating that the Government intended to proceed with the execution at all costs. The Government executed Mr. Purkey at approximately 8:19 a.m. on July 16, 2020, while the requests in front of the Seventh Circuit remained pending.

Mr. Purkey was executed without ever having been afforded the full process to which he was due under the U.S. Constitution and the decisions in *Ford* and *Panetti*. He was executed without being afforded his rights to access relevant medical and prison records and to have expert witnesses receive and analyze necessary records and information and conduct

13

examinations consistent with professional medical and psychiatric standards. He was executed without being afforded his rights to due consideration of all evidence by this Court (including, if necessary, at an evidentiary hearing) and to a merits adjudication of his competency *vel non* to be executed. These are the reasons that the matter in front of this Court is—terribly and irreversibly—moot.

## CONCLUSION

Plaintiff's counsel respectfully and regretfully requests that this Court dismiss Mr. Purkey's claims as moot.

DATED:  August 10, 2020                                  Respectfully Submitted,

/s/Charles F.B. McAleer, Jr.
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone:  (202) 626-5963
Email:  CMcAleer@milchev.com

/s/Brian Fleming
Brian Fleming (DC Bar #974889)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone:  (202) 626-5871
Email:  bfleming@milchev.com

/s/Rebecca E. Woodman
Rebecca E. Woodman (*pro hac vice*)
Attorney at Law, L.C.
1263 W. 72nd Ter.
Kansas City, Missouri 64114
Telephone:  (785) 979-3672
Email:  rewlaw@outlook.com

/s/Michelle M. Law
Michelle M. Law, MO Bar No. 45487
(appointment motion to be filed)

Assistant Federal Public Defender
Western District of Missouri
901 Saint Louis Street, Suite 801
Springfield, Missouri 65806
Telephone: (417) 873-9022
Facsimile: (417) 873-9038
Email: michelle_law@fd.org

***Counsel for Plaintiff***

15

## LOCAL CIVIL RULE 7(m) CERTIFICATE

I HEREBY CERTIFY that, to the extent Local Civil Rule 7(m) is applicable to this motion, prior to filing this motion, counsel for Plaintiff corresponded with counsel for Defendants and requested Defendants' position on the relief requested in the instant motion. Defendants will inform the Court of their position after reviewing the as-filed motion.

/s/Charles F.B. McAleer, Jr.
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5963
Email: CMcAleer@milchev.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 10, 2020, I electronically filed the foregoing with the Clerk of the Court via CM/ECF to be served on the parties authorized to be noticed.

/s/Charles F.B. McAleer, Jr.
Charles F.B. McAleer, Jr. (DC Bar #388681)
Miller & Chevalier Chartered
900 16th Street NW
Washington, D.C. 20006
Telephone:  (202) 626-5963
Email:  CMcAleer@milchev.com